# EXHIBIT F



# Demand for Arbitration Before JAMS

**TO RESPONDENT:** Hashfast Technologies, LLC
(Name of the Party on whom Demand for Arbitration is made)

Address: 100 Bush Street, Suite 650

City: San Francisco    State/Province: CA    Zip: 94104

Telephone: 800-609-3445    Fax:    Email: sales@hashfast.com

Representative/Attorney (if known):
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address:

City:    State/Province:    Zip:

Telephone:    Fax:    Email:

[Add more respondents on page 5.]

**FROM CLAIMANT (name):** Antoine Alary, Jason Bond, Jeffrey Bradian, and 12 others; see attached list

Address: see attached list of claimants

City: see attached list of claimants    State/Province:    Zip:

Telephone: see attached list of claimants    Fax:    Email: see attached list of claimants

Representative/Attorney of Claimant (if known): Ray E. Gallo
(Name of the Representative/Attorney of the Party Demanding Arbitration)

Address: 1299 Fourth St., Suite 505

City: San Rafael    State/Province: CA    Zip: 94901

Telephone: 415-257-8800    Fax: 415-257-8844    Email: rgallo@gallo-law.com

[Add more claimants on page 6.]

**Nature of Dispute:** Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached).

Dispute: See attached Arbitration Demand letter dated February 3, 2014.

Copyright 2014 JAMS. All rights reserved.
Case: 14-30725    Doc# 12-6    Filed: 05/21/14    Entered: 05/21/14 14:16:41    Page 2 of 10



THE RESOLUTION EXPERTS®

# Demand for Arbitration Before JAMS

**Arbitration Agreement:** This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision and attach two (2) copies of entire agreement)

Arbitration Provision Location | Order Confirmation Additional Terms and Conditions, Page 4, Paragraph 15 (b) (attached)

**Claim & Relief Sought By Claimant:** Claimant asserts the following claim and seeks the following relief (including amount in controversy, if applicable)

Claim | See attached Arbitration Demand letter

**Response:** Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS

**Request for Hearing:**
JAMS is requested to set this matter for hearing at | San Francisco
(Preferred Hearing Location)

**Election For Expedited Procedures (Comprehensive Rule 16.1)**

☑ By checking the box to the left, Claimant requests that the Expedited Procedures described in JAMS Comprehensive Rules 16 1 and 16 2 be applied in this matter Respondent shall indicate not later than seven (7) days from the date this Demand is served whether it agrees to the Expedited Procedures

Signed (Claimant) (may be signed by an attorney)

Date | 2/3/2014

Type / Print Name | Ray E Gallo

**Please include a check payable to JAMS for the required initial, non-refundable $400 per party deposit to be applied toward your Case Management Fee and submit to your local JAMS Resolution Center.**



# Demand for Arbitration Before JAMS

**COMPLETION OF THIS SECTION IS REQUIRED FOR CLAIMS INITIATED IN CALIFORNIA**

A. **Please indicate if this** ☒ IS or ☐ IS NOT a CONSUMER ARBITRATION as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e):

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

   1) The contract is with a consumer party, as defined in these standards;

   2) The contract was drafted by or on behalf of the non-consumer party; and

   3) The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

   1) An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;

   2) An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;

   3) An individual with a medical malpractice claim that is subject to the arbitration agreement; or

   4) An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

**If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.**

B. **If this is an EMPLOYMENT matter, Claimant must complete the following information:**

Effective January 1, 2003, private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

Annual Salary:  ☐ Less than $100,000    ☐ More than $250,000
                ☐ $100,000 to $250,000   ☐ Decline to State

C. **In California, consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees.** In those cases, the respondent must pay 100% of the fees. Consumers must submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information.

Copyright 2014 JAMS. All rights reserved.
Case: 14-30725   Doc# 12-6   Filed: 05/21/14   Entered: 05/21/14 14:16:41   Page 4 of 10



# Demand for Arbitration Before JAMS

**Add additional respondents below.**

**TO RESPONDENT 2:** Hashfast LLC
(Name of the Party on whom Demand for Arbitration is made)

Address: c/o Corporation Trust Company

City: Wilmington  State/Province: DE  Zip: 19801

Telephone: 800-609-3445  Fax:  Email: sales@hashfast.com

Representative/Attorney (if known):
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:

**TO RESPONDENT 3:** Hashfast Technologies, Inc.
(Name of the Party on whom Demand for Arbitration is made)

Address: 97 South Second St. #175

City: San Francisco  State/Province: CA  Zip: 94104

Telephone: 800-609-3445  Fax:  Email: sales@hashfast.com

Representative/Attorney (if known):
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:



**Please reply to:**
Direct Dial:. 415.423.3572
rgallo@gallo-law.com

**VIA UNITED STATES MAIL and EMAIL**

February 3, 2014

Hashfast Technologies LLC (California)
100 Bush Street, Suite 650
San Francisco, CA 94104
sales@hashfast.com

Hashfast Technologies, Inc.
97 South Second Street, #175
San Jose, CA 95113

Hashfast LLC (Delaware)
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Hashfast Technologies LLC (California)
c/o CT Corporation System
818 West Seventh Street, 2nd Floor
Los Angeles, CA 90017

Hashfast Technologies LLC (California)
649 Mission St., 5th Floor
San Francisco, CA 94105

Re:   Arbitration Demand

To whom it concerns:

We represent the following customers of Hashfast, each of whom hereby demands arbitration before JAMS and pursuant to its applicable rules in San Francisco, California:

>   Antoine Alary, Jason Bond, Jeffrey Bradian, Royce Bui, Ryan Casey, Mike Deming, Joshua Dorman, Edgar Godoy, Luis Guerrero, David Henson, Harmacolindor Informatikai Kft., Jeremy Jones, Frank Lachmann, Andy Lo, and Sebastian Schmidt.

Each of these customers ("Claimants") purchased one or more Bitcoin mining machines (special purpose computers) from Hashfast. The attached documents reflect the equipment purchased by each Claimant, when it was purchased, and the purchase price paid in Bitcoin ("BTC"). Hashfast promised the public, including all Claimants, that it would deliver these early-ordered machines in October 2013 and guaranteed delivery to Claimants no later than December 31, 2013. Hashfast failed to deliver Claimants' orders by December 31, 2013.

Northern California
1299 Fourth Street, Suite 505
San Rafael, CA 94901
415.257.8800 | 415.257.8844 fax

Southern California
801 South Figueroa Street, Suite 2170
Los Angeles, CA 90017
213.516.8050 | 213.516.8058 fax

www.gallo-law.com
A Limited Liability Partnership

Each of these customers paid in bitcoins, the currency and payment vehicle through which Hashfast accepted payment. Many payments were made directly from the customer's Bitcoin "wallet" to Hashfast's Bitcoin "wallet." Some payments were made through BitPay, a service that Hashfast arranged to receive a customer's Bitcoin payment and then provide Hashfast with Bitcoin or dollars, at Hashfast's election, subject to a service fee.

Per the express written terms of those purchases, as dictated by Hashfast and appearing on Hashfast's order confirmation emailed to customers and elsewhere, any failure of Hashfast to deliver by December 31, 2013 would entitle the purchaser to liquidated damages of a full refund of his or her (Bitcoin) payment. This liquidated damages provision proscribes the potential damages otherwise payable.

Time was of the essence in the value of the machines. Each machine was worth more the sooner it was delivered. Each machine was expected to pay for itself by mining more bitcoins than it cost within three months of its purchase date. Each machine could mine bitcoins quickly if delivered in October, more slowly if delivered in December, and far more slowly if delivered after December because, over time, network capacity and computational difficulty predictably increased such that, as time passed, more and more processing power and/or time was required to "mine" a single bitcoin. Delivery in late January, as Hashfast later claimed it was prepared to do, rendered the purchase of the machines uneconomical. Accordingly, each Claimant requested his, her, or its Bitcoin refund.

In response to Claimants demands that Hashfast refund their bitcoins, Hashfast has offered (if anything) only to refund only the dollar value of Claimants' Bitcoin payments, computed at the Bitcoin/U.S. dollar exchange rate existing when the bitcoins were paid to Hashfast. This is not what the contract provides. It is not what Hashfast represented in public statements. And it is not acceptable to Claimants, or any of them.

Why? As expected by all parties, bitcoins dramatically have increased in value since Claimants' purchase dates. Claimants all hold their bitcoins as an investment. But for their interactions with Hashfast, they would continue to hold today those bitcoins paid to Hashfast. Claimants, Hashfast, and Hashfast's shareholders and managers all expected and expect the value of bitcoins to increase. Hashfast expected this increase when it accepted payments in Bitcoin and promised refunds in Bitcoin. Hashfast and its principals have themselves, when they could, held their own bitcoins believing they would continue to increase in value, and have enjoyed substantial gains by doing so.

Claimants further are informed and believe that Hashfast at no time had any reasonable expectation of delivering on the promised dates, but promised them anyway so as to obtain orders that otherwise would have gone to competitors who were not making false promises of unrealistic delivery dates, or that otherwise would not have been placed at all given the mathematics of Bitcoin mining (later-delivered machines being less valuable). Claimants expect that Hashfast's own procurement process documents will show that, given the

expected delivery dates of computer parts, there was never any real likelihood that Hashfast could meet the promised delivery deadlines.

Based on these facts, Claimants seek a full refund of all bitcoins paid per their agreements with Hashfast. Alternatively, if for any reason Hashfast's own liquidated damages provision is not enforced against Hashfast as it is understood by Claimants, then Claimants seek contract damages according to applicable law, including but not limited to loss of the benefit of the bargain, including the specifically understood consequential damages of lost Bitcoin mining time and lost bitcoins, all resulting from Hashfast's late delivery.

In addition, Claimants seek damages for Hashfast's false promises and false representations of fact under all applicable legal theories, including but not limited to the California Unfair Competition Law, the Consumer Legal Remedies Act, Business & Professions Code §17500, and common law fraud and deceit (including, without limitation, as defined by applicable case law and Civil Code Section 1572). Claimants seek their attorneys' fees and costs in prosecuting this proceeding pursuant to the Consumer Legal Remedies Act.

Finally, Claimants are concerned about Hashfast's solvency given its wholesale failure to deliver its first product on time and its obligation to provide Bitcoin refunds when, we believe, it used those bitcoins to finance the manufacture of the now-far-less-valuable Bitcoin mining machines it failed to timely deliver. Claimants therefore respectfully demand an expedited selection and arbitration hearing process.

Sincerely,

Ray E. Gallo

Ray E. Gallo (State Bar No. 158903)
Patrick V. Chesney (SBN 267587)
Dominic Valerian (SBN 240001)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Claimants*

**JUDICIAL ARBITRATION AND MEDIATION SERVICES**

**SAN FRANCISCO, CALIF.**

| | |
|---|---|
| ANTOINE ALARY, JASON BOND, JEFFREY BRADIAN, et al., <br><br> Claimants, <br><br> vs. <br><br> HASHFAST TECHNOLOGIES LLC; HASHFAST, LLC; and HASHFAST TECHNOLOGIES, INC., <br><br> Respondents. | **PROOF OF SERVICE (DEMAND FOR ARBITRATION BEFORE JAMS)** |

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF MARIN        )

I am over the age of 18 years and not a party to the within action. My business address is 1299 Fourth St., Suite 505, San Rafael, California 94901. My address for electronic service is mvananda@gallo-law.com.

On February 4, 2014, I served true and correct copies of the following document(s):

**DEMAND FOR ARBITRATION BEFORE JAMS**

By the following means of service:

| X | **By First Class Mail,** by enclosing the documents in an envelope and depositing the sealed envelopes with the United States Postal Service at San Rafael, California, with the postage fully prepaid. |
|---|---|

On the recipients and addressed as follows:

| | |
|---|---|
| Hashfast Technologies LLC<br>100 Bush Street, Suite 650<br>San Francisco, CA 94104 | *Respondents* |
| Hashfast Technologies, Inc.<br>97 South Second Street, #175<br>San Jose, CA 95113 | *Respondents* |
| Hashfast LLC<br>c/o Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | *Respondents* |
| Hashfast Technologies LLC<br>c/o CT Corporation System<br>818 West Seventh Street, 2nd Floor<br>Los Angeles, CA 90017 | *Respondents* |
| Hashfast Technologies LLC<br>649 Mission St., 5th Floor<br>San Francisco, CA 94105 | *Respondents* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 4, 2014, at San Rafael, California.

*/s/ Marc van Anda*
Marc van Anda

Page 2

PROOF OF SERVICE