BINGHAM McCUTCHEN LLP
DAVID M. BALABANIAN (SBN 37368)
david.balabanian@bingham.com
KRISTEN A. PALUMBO (SBN 215857)
kristen.palumbo@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Attorneys for Creditor
LIQUIDBITS CORP.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES, LLC,<br><br>    Debtor. | Case No. 14-30725 DM<br><br>Chapter 7 |

*EX PARTE* **MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTION OF LIQUIDBITS CORP. FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 7 TRUSTEE PURSUANT TO SECTION 303(G) OF THE BANKRUPTCY CODE, OR FOR ALTERNATIVE RELIEF**

Creditor Liquidbits Corp. ("Liquidbits"), through its undersigned attorneys, hereby moves, pursuant to Fed. R. Bankr. P. 9006 and Bankruptcy Local Rule 90061-1, for an order (1) shortening the time for notice on the hearing on the *Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief* (the "Emergency Motion"), filed concurrently herewith, (2) setting the Emergency Motion for hearing on May 23, 2014, at 11:00 a.m., or as soon thereafter as possible, and (3) directing that any opposition or response to the Emergency Motion be filed and served on or before 5:00 p.m. on May 22, 2014. In support of this Motion to Shorten Time,

Liquidbits submits the accompanying *Declaration of Kristen A. Palumbo in Support of the Motion to Shorten Time for Hearing on Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief* (the "Palumbo Declaration"), and respectfully states as follows:

## BACKGROUND

1. On April 14, 2014, Liquidbits initiated an arbitration against alleged debtor Hashfast Technologies LLC ("Hashfast") by filing a Demand for Arbitration with the American Arbitration Association ("AAA") (the "Arbitration"). Palumbo Decl., ¶ 3. In the Arbitration, Liquidbits sought emergency injunctive relief to prevent Hashfast's sale, transfer or delivery of the Golden Nonce Chips (the "Chips") and wafers (from which the Chips are cut) in Hashfast's inventory to any third party. *Id.*

2. On May 9, 2014, an emergency arbitrator issued *Emergency Interim Order No. 1* (the "Emergency Order"). Palumbo Decl., ¶ 5 & Ex. A. The Emergency Order unequivocally restrains and enjoins Hashfast "from (i) selling or otherwise transferring ownership of, (ii) giving possession, custody or control of, and/or (iii) granting any security interest in, all or any portion of Hashfast's current inventory of Golden Nonce Chips (and wafers from which the Chips are cut) up to and including the sum of 28,000 Golden Nonce Chips … until further Order of the Emergency Arbitrator or the Arbitration Panel after same is convened and approved." Palumbo Decl., Ex. A at 9.

3. On May 9, 2014 (the "Petition Date"), an involuntary petition seeking relief under Chapter 7 of the Bankruptcy Code was filed against Hashfast by certain of its other creditors.

4. On May 12, 2014, Hashfast filed Hashfast Technology LLC's Notice and Suggestion of Bankruptcy in the Arbitration, notifying the AAA that the Arbitration was automatically stayed pending further order of this Bankruptcy Court pursuant to section 362 of the Bankruptcy Code. Palumbo Decl., ¶ 6 & Ex. B.

5. As set forth in more detail in the Emergency Motion and Memorandum of Points and Authorities in Support of the Emergency Motion, despite the clear language of the
2

A/76178040.6

Emergency Order, since the Petition Date, Hashfast is currently seeking to transfer all or substantially all of its assets, including the Chips, out of the reach of its creditors, for little or no value.

**BASIS FOR RELIEF**

6. Pursuant to Fed. R. Bankr. P. 9006(c), the Court may, for cause, shorten the time for notice of a hearing. Liquidbits's request to shorten time is also proper under Bankruptcy Local Rule 9006-1 ("Local Rule 9006-1").

7. Cause exists in this case to shorten the time for notice of the hearing on the Emergency Motion. Despite the clear, valid and binding terms of the Emergency Order, which remains in force regardless of the filing of the involuntary petition, Hashfast is currently seeking to transfer all or substantially all of its assets, including the Chips, out of the reach of its creditors, for little or no value. *See* Declaration of Willem van Rooyen in Support of Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief at ¶¶ 10-11; Declaration of Gregory Bachrach in Support of Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief at ¶¶ 14-15.

8. By its Emergency Motion, Liquidbits requests entry of an Order, pursuant to section 303(g) of the Bankruptcy Code, directing the United States trustee to appoint an interim Chapter 7 trustee to take all appropriate steps to realize the value of the Chips as expeditiously as possible in order to maximize their value to the estate and Hashfast's creditors.

9. In the alternative, or until such time as an interim Chapter 7 trustee may be appointed, Liquidbits requests in the Emergency Motion that the Court (i) confirm that the Emergency Order is still binding on Hashfast, or (ii) issue a like order as permitted by section 303(f) of the Bankruptcy Code enjoining Hashfast from (x) selling or otherwise transferring ownership of, (y) giving possession, custody or control of, and/or (z) granting any security interest in, all or any portions of the Chips and wafers from which the Chips are cut, until further

order of the Bankruptcy Court, and (iii) direct Hashfast to provide an accounting of all of its receipts and disbursements since the Petition Date to determine whether all proceeds and other assets have been used to support its business and were not diverted to third parties.

10. To prevent Hashfast's estate from suffering further harm, and to ensure that creditors are not subjected to greater losses than necessary, it is crucial that this Court order the appointment of a Chapter 7 trustee as expeditiously as possible. Absent the immediate appointment of a trustee to realize the value of the Chips, there may be nothing left in the estate to liquidate by the time an order for relief is entered.

11. As set forth in the Palumbo Declaration, the following is provided in compliance with Local Rule 9006-1(c):

 a. <u>The reason for the requested shortened time</u>: To prevent Hashfast's estate from suffering further harm, and to ensure that creditors are not subjected to greater losses than necessary, Liquidbits seeks entry of an order appointing a Chapter 7 trustee on an expedited basis.

 b. <u>Previous time modifications relating to the subject matter of this request</u>. There have been no prior time modifications related to the Emergency Motion.

 c. <u>The effect of the request for shortened time</u>. This time modification will have no effect on the schedule for this case or proceeding. A status conference with regard to the involuntary petition is scheduled for June 27, 2014 at 1:30p.m. (PST).

 d. <u>Efforts to speak with responding parties</u>. Liquidbits has not contacted counsel to Hashfast regarding the Motion to Shorten Time because Liquidbits believes that doing so would further jeopardize the value of Hashfast's estate. In light of Hashfast's current activity -- attempting to dispose of its inventory for little or no consideration so that it is out of the reach of creditors -- Liquidbits is concerned that any advance warning about the Emergency Motion will cause Hashfast to redouble its efforts to dispose of its remaining inventory and/or transfer its assets out of the United States, to the detriment of its creditors.

 e. <u>Proposed Schedule for Filing Opposition Papers</u>. Liquidbits proposes that a

4

A/76178040.6

*EX PARTE* MOTION TO SHORTEN TIME

Case: 14-30725 Doc# 13 Filed: 05/21/14 Entered: 05/21/14 14:24:35 Page 4 of 6

hearing on the Emergency Motion be held on Friday, May 23, 2014 at 11:00 a.m. Liqudibits further proposes that any opposition or response to the Emergency Motion be filed with the Court and served in time to be received by undersigned counsel on Thursday, May 22, 2014 at 5:00 p.m.

      f.     <u>Notice</u>. To maximize the extent of notice, concurrent with the filing of the Motion to Shorten Time, on May 21, 2014, Liquidbits will serve the Motion to Shorten Time and its supporting papers, and the Emergency Motion and its supporting papers, by U.S. mail, overnight delivery or by hand delivery upon the Debtor, each non-debtor party, and the United States Trustee.

      g.     Promptly after the Court considers the Motion to Shorten Time, Liquidbits will serve the same parties, by overnight delivery or by U.S. mail (for parties unable to accept overnight delivery), with notice of the Court's decision.

## CONCLUSION

For the foregoing reasons, Liquidbits respectfully requests that the Court enter an Order (i) granting Liquidbits' Motion to Shorten Time, (ii) setting a hearing on the Emergency Motion to be held on May 23, 2014 at 11:00 a.m., with any opposition or response to the Emergency Motion due on May 22, 2014 at 5:00 p.m., and (iii) granting such other relief as the Court deems appropriate.

| | | |
|---|---|---|
| 1 | DATED: May 21, 2014 | BINGHAM McCUTCHEN LLP |
| 2 | | |

By: /s/ Kristen A. Palumbo
David M. Balabanian
Kristen A. Palumbo
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
T: 415.393.2000
F: 415.393.2286
david.balabanian@bingham.com
kristen.palumbo@bingham.com