

Signed and Filed: May 28, 2014

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
2  craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
3  Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822
4
Jessica M. Mickelsen (SBN 277581)
5  jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
6  Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
7  Facsimile: (310) 788-4471

8  Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
9  525 W. Monroe Street
Chicago, IL 60661-3693
10  Telephone: (312) 902-5455
Facsimile: (312) 902-1061
11
Counsel for Alleged Debtor
12  HashFast Technologies LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | Involuntary Chapter 7 |
| Alleged Debtor. | **STIPULATED AND FURTHER ORDER WITH RESPECT TO EMERGENCY MOTION OF LIQUIDBITS CORP. FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 7 TRUSTEE PURSUANT TO SECTION 303(G) OF THE BANKRUPTCY CODE OR FOR ALTERNATIVE RELIEF** |

This matter having come before this Court on Liquidbits Corp.'s motion for appointment of an interim trustee under 11 U.S.C. § 303(g) (the "Motion"); the Court having reviewed the Motion, having heard the arguments of HashFast Technologies LLC ("HashFast"), Liquidbits Corp., and certain other creditors of the HashFast, including, without limitation, Liquidbits Corp., Koi Systems, Hamilton Hee, and certain other individuals represented by attorney Ray Gallo (collectively, the "Appearing Creditors"); the Court having entered its order on May 23, 2014; the

Court being advised that HashFast and the certain creditors having met, conferred, and reached a stipulation they have requested be incorporated into an order; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is entered and continued based on HashFast's representation to the Court that HashFast intends to consent to an order for relief with a view of converting its case to a chapter 11 case, but with the interim relief contained in this Order being granted.

2. HashFast will be subject to the Interim Order No. 1 dated May 8, 2014, entered by arbitrator Paul E. Burns, Esq. in the American Arbitration Association arbitration captioned *Liquidbits Corp. v. HashFast Technologies LLC*, AAA Case No. 01-14-0000-1357 (filed in this case at Docket No. 12-1), and as further supplemented by the Court's order on May 23, 2014, with the following modifications:

    (a) Subject to the other provisions of this Paragraph 2, HashFast may operate only in the ordinary course of its business;

    (b) Until an order for relief is entered, HashFast may make payments to its bankruptcy counsel and to any chief restructuring office contemplated by Paragraph 5;

    (c) HashFast will not pay or otherwise dispose of its assets to insiders other than payment to employees of customary wages and expense reimbursements for current pay periods; and

    (d) HashFast may sell inventory consisting of (a) up to a total of 1000 chips (or such larger total number as the Appearing Creditors may approve in writing), and (b) for up to an aggregate price of $100,000, hashing boards, with or without imbedded chips (excluding, in the computing the $100,000 limit (or such larger dollar amount as the Appearing Creditors may approve in writing), the price of chips in chip imbedded hashing boards), and other non-chip inventory (including chasses, power supplies, coolers, fans), in each case for cash and otherwise in the ordinary course at prices not below those market prices established by HashFast and that have been previously and confidentially shared in writing by HashFast with the Appearing Creditors and that have not been objected to. HashFast may not otherwise sell or otherwise dispose of any

2

Case: 14-30725    Doc# 31    Filed: 05/28/14    Entered: 05/29/14 13:24:04    Page 2 of 3
US_100580587v4_385402-00001 5/28/2014 4:09 PM

of its inventory or equipment, provided, however, that HashFast may sell up to $100,000 of its non-chip inventory at prices not below the prices shared with the Appearing Creditors. HashFast's use of any proceeds from inventory sales conforming with this Paragraph 2 shall be approved by further order of the Court.

3. HashFast will periodically and, in any event, on May 29 and June 2, update the Appearing Creditors as to what inventory sales, if any, HashFast intends to close prior to any entry of an order for relief and what receipts and disbursements it has received and made since the last report and cumulatively since the commencement of this involuntary case.

4. The Appearing Creditors will hold in strict confidence the pricing and other information referred to in Paragraph 2(d) and may not share or use such information in any manner except that the information may be shared with the Appearing Creditors' respective advisors and professionals on a confidential basis and the information may be disclosed by the Appearing Creditors to the Court, under such safeguards as the Court may determine, in order to enforce the provisions of Paragraph 2. The Appearing Creditors will otherwise take reasonable steps to protect the confidentiality of the information from disclosure to third parties.

5. HashFast shall immediately pursue retaining a "chief restructuring officer" or such other similarly-titled officer. The selection and retention of the chief restructuring officer shall be with the input of and feedback from the Appearing Creditors.

6. This Order shall be binding on HashFast and, with respect to Paragraph 4, on each of the Appearing Creditors.

7. If an order for relief is entered, the Court will entertain a motion from HashFast or any party in interest as to what provisions of this Order should be modified to take into account the entry of the order for relief.

*END OF ORDER*

3