KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtor
HashFast Technologies LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Chapter 7<br><br>**DEBTOR'S MOTION FOR ORDER LIMITING SERVICE OF NOTICE OF CERTAIN MATTERS**<br><br>[Notice and Opportunity for Hearing Pursuant to Local Rule 9014-1] |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** the above-captioned debtor (the "Debtor") hereby moves (this "Motion") this Court for an order limiting service of notice of certain matters, and provides this notice and opportunity for hearing pursuant to Bankruptcy Local Rule ("Local Rule") 9014-1 of the United States Bankruptcy Court for the Northern District of California

("Northern District"). Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing of this notice. A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position. If there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default. If there is a timely objection, the initiating party will give at least 7 days written notice of hearing, or the tentative hearing date, to the objecting or requesting party, and to any trustee or committee appointed in the case.

This Motion is made pursuant to sections 105(a) and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and applicable provisions of the Local Bankruptcy Rules (the "Local Rules") of the Northern District, and is based on the Memorandum of Points and Authorities below, other papers of record, and upon such further papers and evidence as may be filed in connection with the Motion and such oral argument as may be presented.

Dated: June 3, 2014

KATTEN MUCHIN ROSENMAN LLP
Jessica M. Mickelsen
Peter A. Siddiqui


By:/s/ Jessica M. Mickelson
[Proposed] Counsel for Debtor
Hashfast Technologies LLC

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

The above-captioned debtor (the "Debtor") hereby moves (this "Motion") this Court for entry of an order, retroactive to the filing of this Motion, limiting service of certain notices of hearings, applications, motions, stipulations, and other matters, including the Debtor's concurrently filed non-hearing Motion to Convert To Chapter 11 and all subsequently filed First Day Motions, on the following parties, as applicable: (1) the Debtor; (2) counsel for the Debtor; (3) the United States Trustee; (4) the Debtor's twenty (20) largest unsecured creditors; (5) the creditors listed on the petitioning creditors' matrix who do not receive ecf notifications; (6) the creditors who receive ecf notifications; (7) California Franchise Tax Board; (8) Chief Tax Collection Section; (9) California Employment Development Dept; (10) if or when appointed, counsel for an official committee of unsecured creditors; (11) any party directly affected by a particular motion; and (12) all other counsel, creditors, and parties-in-interest who have filed a request for special notice and service of papers with the clerk of this Court.

## I.
## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.
## LEGAL BASIS AND RELIEF SOUGHT

The statutory predicates for relief sought herein are sections 105(a) and 1107 of the Bankruptcy Code, Rule 2002 of the Bankruptcy Rules, and Local Rules 2002-1, 9013-1, and 9014-1. Bankruptcy Rule 2002 requires that certain notices be given to all creditors and equity security holders in bankruptcy cases. Pursuant to Bankruptcy Code Section 105(a), this is an order that is necessary or appropriate for the efficient administration of the bankruptcy estate.

3

Case: 14-30725    Doc# 38    Filed: 06/03/14    Entered: 06/03/14 18:15:36    Page 3 of 10
US_100593387v1_385402-00001 6/3/2014 6:03 PM

# III.

# ARGUMENT AND LIMITED NOTICE PROCEDURES

## A. Limited Notice Procedures.

As of the Petition Date, the Debtor had over 1,000 parties to be served in this case. Providing notice of all matters to all creditors and interested parties in this case would be extremely costly, inefficient and time-consuming. Serving all parties in interest in this case with all of the notices contemplated under Bankruptcy Rule 2002 will result in substantial expense to the estate without any apparent attendant benefits. By contrast, an order limiting notice will facilitate the service of notice to those parties who wish to be active participants in this case.

Additionally, as this case initially was filed by the petitioning creditors, with notice provided, the most interested and active parties have received notice already, along with many of the Debtor's creditors. And, the Debtor believes that the proposed limited notice still protects the parties' right to be heard.

The Debtor, therefore, submits that in light of the large number of creditors and interested parties in this case, an order limiting service of notice of certain matters is necessary or appropriate to carry out the efficient administration of this estate. The Debtor respectfully requests the Court to limit service of certain notices of hearings, applications, motions, stipulations, and other matters to the parties (the "Notice Parties"), including the Debtor's non-hearing Motion to Convert To Chapter 11 and all First Day Motions, to the following Notice Parties, as applicable:

1. The Debtor;
2. Counsel for the Debtor;
3. The United States Trustee;
4. The Debtor's twenty (20) largest unsecured creditors;
5. The creditors listed on the petitioning creditors' matrix who do not receive ecf notifications;
6. The creditors who receive ecf notifications;
7. California Franchise Tax Board;

4

8. Chief Tax Collection Section;

9. California Employment Development Dept;

10. If or when appointed, counsel for an official committee of unsecured creditors;

11. Any party directly affected by a particular motion; and

12. All other counsel, creditors, and parties-in-interest who have filed a request for special notice and service of papers with the clerk of this Court.

The matters to be specifically excepted from this limitation of service of notice are the following:

a. Any continued or additional meetings of creditors pursuant to Bankruptcy Code Section 341(a);

b. The time for filing proofs of claim;

c. The time fixed for filing objections to, and the hearing to consider, approval of any proposed disclosure statement;

d. The time fixed for filing objections to, and the hearing to consider, confirmation of any proposed plan of reorganization;

e. The time fixed for accepting or rejecting a proposed modification of a plan of reorganization; and

f. any other proceedings for which the Court orders further notice.

Granting such relief is an acceptable use of the power bestowed upon the Court.

**B.** **Order Granting Motion; Special Notice Requests**

The order shall explain that the Debtor shall serve all papers filed in this case on any party who requests to be included on the Debtor's service lists in this case. Such a request may be made by filing a request for special notice with the Court and properly serving said request on the Debtor's bankruptcy counsel. (See Proposed Order as Exhibit A hereto.)

**C.** **Email Service.**

For additional savings to the estate (in the form of, among other things, reduced postage and copying costs) and for expediency, given the time it takes for regular mail to arrive at its destination, the Debtor further seeks authorization to serve all documents, via email, on those

entitled to receive service under the above notice procedures or otherwise. The Debtor makes this request as it is a technology company that deals in most transactions with its company by email and, thus, has its creditors' email addresses readily on hand.

## IV.
## CONCLUSION

Based on the foregoing, the Debtor respectfully requests the Court to grant this Motion, retroactive to the filing of it, and enter an order limiting the service required as requested herein and permitting service by email.

Dated: June 3, 2014

KATTEN MUCHIN ROSENMAN LLP
Jessica M. Mickelsen
Peter A. Siddiqui

By: /s/ Jessica M. Mickelson
[Proposed] Counsel for Debtor
Hashfast Technologies LLC

# EXHIBIT A

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtor
HashFast LLC Technologies LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

In re:

HASHFAST TECHNOLOGIES LLC, a California limited liability company,

Debtor.

Case No. 14-30725

Chapter 7

**[PROPOSED] ORDER GRANTING DEBTOR'S MOTION FOR ORDER LIMITING SERVICE OF NOTICE OF CERTAIN MATTERS**

This matter having come before this Court on the debtor HashFast Technologies LLC's ("Debtor") motion for an order limiting service of notice of certain matters (the "Motion"); and the Court having reviewed the Motion; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED;

2. Service of certain notices of hearings, applications, motions, stipulations, and other matters is hereby limited to the following creditors and interested parties (the "<u>Notice Parties</u>"), including the Debtor's non-hearing Motion to Convert To Chapter 11 and all First Day Motions:

   a. The Debtor;

   b. Counsel for the Debtor;

   c. The United States Trustee;

   d. The Debtor's twenty (20) largest unsecured creditors;

   e. The creditors listed on the petitioning creditors' matrix who do not receive ecf notifications;

   f. The creditors who receive ecf notifications;

   g. California Franchise Tax Board;

   h. Chief Tax Collection Section;

   i. California Employment Development Dept;

   j. If or when appointed, counsel for an official committee of unsecured creditors;

   k. Any party directly affected by a particular motion; and

   l. All other counsel, creditors, and parties-in-interest who have filed a request for special notice and service of papers with the clerk of this Court.

3. This Order is retroactive to the date of filing of the Motion;

4. Any further party who so desires to be included on the Debtor's service lists in this case may file a request for special notice with the Court and properly serve said request on the Debtor's bankruptcy counsel. Upon filing and receipt of service, the Debtor shall serve all papers filed in this case on any such party who filed and served such a request;

5. The Debtor may service all documents, via email, on those entitled to receive service under this Order; and

6. This Court shall retain jurisdiction over all matters relating to this Order.

*END OF ORDER*

3