KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtors and Debtors-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Lead Case No. 14-30725 |
| | ) |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | ) (Proposed to be) Jointly Administered with: |
| | ) |
| | ) Case No.  14-30866 |
| Debtor and Debtor-In-Possession | ) |
| | ) Chapter 11 |
| | ) |
| □ Affects HASHFAST LLC, a Delaware limited liability company, | ) **APPLICATION FOR ORDER UNDER 28 U.S.C. § 327(a) AUTHORIZING RETENTION OF KATTEN MUCHIN ROSENMAN LLP AS GENERAL BANKRUPTCY COUNSEL** |
| Debtor and Debtor-In-Possession | ) |
| | ) [*Declaration of Disinterestedness filed concurrently herewith*] |
| | ) |
| | ) Hearing |
| | ) Date: June 27, 2014 |
| | ) Time: 10:00 a.m. |
| | ) Place: 235 Pine St. |
| | )          San Francisco, CA 94104 |
| | ) Judge: Honorable Dennis Montali. |

The debtors and debtors-in-possession, HashFast Technologies LLC, a California limited

liability company ("HashFast Technologies"), and HashFast LLC, a Delaware limited liability

1

US 100540369v2 385402-00001 6/6/2014 5:47 PM

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

company ("HashFast", collectively, the "Debtors"), hereby submit this Application for Order Under 28 U.S.C. § 327(a) Authorizing Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel (the "Application"). This Application is brought pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Guidelines of the Office of the United States Trustee (the "UST Guidelines").

## I.

### JURISDICTION

This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is section 327 of the Bankruptcy Code.

## II.

### STATEMENT OF THE CASE

On May 9, 2014, certain petitioning creditors filed a chapter 7 Involuntary Petition against Hashfast Technologies under the Bankruptcy Code [Doc No. 1]. On June 3, 2014, HashFast Technologies consented to the petition and filed a motion to convert the case from chapter 7 to chapter 11 (the "Motion to Convert") [Doc Nos. 35, 36]. The Court granted the Motion to Convert on June 5, 2014 [Doc No. 40]. On June 6, 2014 (the "Petition Date"), HashFast filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtors likewise filed a motion to jointly administer the chapter 11 case of HashFast with the case of its wholly-owned subsidiary HashFast Technologies (collectively, these "Chapter 11 Cases"), which is pending. While pending, Debtors continue to operate their business and manage their properties as debtors-in-possession.

A chapter 7 trustee has not been appointed, nor has a request been made for the appointment of a chapter 11 trustee or examiner. No official committee(s) have been appointed in these cases.

## III.

US 100540369v2 385402-00001 6/6/2014 5:47 PM

Case: 14-30725    Doc# 45    Filed: 06/06/14    Entered: 06/06/14 17:32:10    Page 2 of 25

By this Application, Debtors respectfully request entry of an order, pursuant to sections 327(a) and 329 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and Local Rule 2014-1, authorizing them to employ and retain the law firm of Katten Muchin Rosenman LLP (the "Firm"), as of the Petition Date, in connection with the administration of these proposed jointly consolidated and converted Chapter 11 Cases.

IV.

**BASIS FOR RELIEF REQUESTED**

### A. The Firm's Qualifications and Expertise.

Debtors seek approval to retain the Firm, at the expense of the estate, to provide the services that will be required to guide and prosecute these chapter 11 cases. Debtors desire to retain the Firm because of its expertise in the areas of insolvency, business reorganizations and other debtor/creditor matters. The Firm and its partners (including at prior firms) have served as general bankruptcy counsel to a wide range of debtors in various industries across the nation, including but not limited to representation of debtors in: (a) the technology sector in the chapter 11 case of *Hartford Computer Group, Inc./Nexicore Services, Inc.* to facilitate cross-border transactions and coordinate with Canadian co-counsel on Canadian insolvency matters and proceedings, successfully confirming a plan of reorganization; (b) the manufacturing sector (manufacturers of medical and X-ray equipment) in the chapter 11 case of *In re Xonics, Inc.*, successfully confirming a plan of reorganization; (c) the health care sector in the chapter 11 cases *In re BMJ Medical Management, Inc., In re Apple Orthodontix, Inc., In re Physician Health Corporation*, and *In re OMNA Medical Partners, Inc.*, confirming plans in all cases; and (d) the real estate/construction sector in the chapter 11 case of *In re Regus Business Centre Corp, Regus PLC and Regus BV*, representing the largest worldwide provider of "executive suite" business accommodations in chapter 11 and successfully renegotiating and restructuring debts exceeding $300 million.

In addition, the Firm and its partners (including at prior firms) have served as counsel to official committees in numerous chapter 11 cases, including the Official Committee of Equity

3

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Security Holders in the chapter 11 case of *Solutia, Inc.*, involving over $2 billion in reported consolidated liabilities as of the petition date; the Official Committee of Equity Security Holders in the chapter 11 case of *Tronox, Inc.*, involving over $850 million in funded debt; and Official Bondholders' Committee in the chapter 11 case of *In re TransTexas Gas Corporation* (NYSE: TTG), involving $115 million in senior subordinated notes and affiliated debtors and the restructure of over $2 billion in debt.

The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers and investors in both in and out-of-court restructurings. The Firm's depth of experience in the areas of insolvency, business reorganizations and debtor/creditor matters makes it qualified to represent Debtors. Therefore, Debtors believe that the Firm's retention is in the best interest of its bankruptcy estate.

The firm's services are necessary to enable Debtors faithfully to execute their duties as debtors in possession.

**B. Legal Services To Be Provided.**

Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to Debtors:

a) assist Debtors with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders, statement of executory contracts and unexpired leases;

b) assist, advise and represent Debtors in their consultations with creditors regarding the administration of these cases;

c) assist, advise and represent Debtors in any manner relevant to a review of any of Debtors' leases and other contractual obligations, and asset collection and dispositions;

d) prepare documents relating to the disposition of assets;

e) advise Debtors on finance and finance-related matters and transactions and matters relating to the sale of Debtors' assets;

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

4

f)　　assist, advise and represent Debtors in any issues associated with the acts, conduct, assets, liabilities and financial condition of Debtors, and any other matters relevant to this case or to the formulation of plan(s) of reorganization;

g)　　assist, advise and represent Debtors in the negotiation, formulation, preparation and submission of any plan(s) of reorganization and disclosure statement(s);

h)　　assist, advise and represent Debtors in the performance of their duties as debtors-in-possession, the exercise of their powers under the Bankruptcy Code and the Bankruptcy Rules, and in the performance of such other services as are in the interest of Debtors;

i)　　assist, advise and represent Debtors on litigation matters, as requested; and

j)　　provide such other necessary advice and services as Debtors may require in connection with this case, including advising and assisting Debtors with respect to resolving disputes with any creditor constituency that may arise, debt restructurings, stock or asset dispositions, mergers, or other strategic transactions, legal issues involving corporate, labor, employee benefits, intellectual property, securities, finance, real estate, and regulatory matters.

## C. **The Firm's Compensation and Pre-Petition Retainer.**

The Firm commenced prepetition services to Debtors on or about May 9, 2014. A copy of the engagement agreement, dated May 8, 2014, between the Firm and Debtors is attached to this Application as **Exhibit A**. In connection therewith, Debtors provided the Firm with a retainer of $130,000 ("Retainer"), paid as follows: $40,000 on May 5, 2014; $35,000 on May 8, 2014, $5,000 on May 22, 2014, and $50,000 on May 28, 2014. As of June 2, 2014, the Firm has drawn down the sum of $100,000 to cover all fees and expenses incurred on behalf of Debtors prior to the filing of the entry of the order for relief. Debtors' funds are the source of the Retainer.

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among the members and associates of the Firm.

Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, Debtors propose to pay the Firm its standard hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The

5

US 100540369v2 385402-00001 6/6/2014 5:47 PM

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Firm's current standard fee rates range between $330 to $1,130 per hour for attorneys and $160 to $435 per hour for paralegals and project assistants. The current standard rates of the primary attorneys working on this matter are as follows: Craig A. Barbarosh (Partner) - $810/hour; Peter A. Siddiqui (Partner) – $630/hour; Paul T. Musser (Associate) – $460/hour; Jessica Mickelson (Associate) – $575/hour. Rates may be adjusted from time to time to reflect economic and other conditions. Katten will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Federal Rules of Civil Procedure, the Local Bankruptcy Rules, and orders of this Court.

The Firm categorizes its billing into subject matter categories in compliance with the UST Guidelines. The Firm understands that its compensation is subject to prior approval of this Court, after notice and a hearing, in accordance with 11 U.S.C. §§ 326-331 (as applicable); Bankruptcy Rules 2016(a), 2002(a), (c), and (k); Local Rule 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees. The Firm may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

**D. The Firm's Disinterestedness.**

To the best of Debtors' knowledge, and based upon, and except as set forth in, the *Declaration of Peter A. Siddiqui in Support of Application of Debtors For Order Under 28 U.S.C. § 327(a) Authorizing The Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel* ("Declaration of Disinterestedness") filed concurrently herewith, neither the Firm, nor any of its partners, of counsel or associates have any connection with Debtors, any creditors of the estate, any party-in-interest, their attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee, except as described therein.

To the best of Debtors' knowledge and based on the Declaration of Disinterestedness, neither the Firm, nor any of its shareholders, of counsel or associates represent any interest adverse to Debtors or the estate, except as described in the Declaration of Disinterestedness.

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

US 100540369v2 385402-00001 6/6/2014 5:47 PM

1    To the best of Debtors' knowledge and based on the Declaration of Disinterestedness, the

2    Firm is a disinterested person under applicable sections of the Bankruptcy Code.

### V.

#### ORDER REQUESTED

5    Debtors respectfully request that this Court approve the employment of Katten Muchin

6    Rosenman LLP as their general bankruptcy counsel, effective as of the Petition Date, pursuant to

7    Bankruptcy Code section 327(a), to render the services described above, and with compensation to

8    be paid in accordance with Bankruptcy Code section 330(a) as an expense of administration

9    pursuant to Bankruptcy Code sections 507(a) and 503(b) in such amounts and at such times as this

10   Court may hereafter determine and allow.

11   Dated: June 6, 2014                    KATTEN MUCHIN ROSENMAN LLP
                                            Peter A. Siddiqui
12                                          Jessica M. Mickelsen

13

14                                          By:/s/  Jessica M. Mickelsen
                                            _____
15                                          [Proposed] Counsel for Debtors and Debtors-In-
                                            Possession Hashfast Technologies LLC and Hashfast
                                            LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

# EXHIBIT A



KattenMuchinRosenman LLP

650 Town Center Drive
Suite 700
Costa Mesa, CA 92626-7122
714.966.6819 tel
714.966.6821 fax
www.kattenlaw.com

CRAIG A. BARBAROSH
craig.barbarosh@kattenlaw.com
(714) 966-6822 direct
(714) 464-4453 fax

May 7, 2014

Monica Hushen
Chief Financial Officer
HashFast Technologies, LLC
100 Bush Street
Suite 650
San Francisco, California 94103

Re:     Engagement of Katten Muchin Rosenman LLP as Counsel

Dear Monica:

Thank you for selecting Katten Muchin Rosenman LLP (the "Firm") to serve as restructuring counsel to HashFast LLC and HashFash Technologies, LLC (together, the "Companies"). The Firm's policy at the outset of an engagement with a client is to outline in writing the nature of the engagement and the basis on which the Firm will provide legal services and be paid for them.

1.      Nature and Scope of the Engagement: The Firm's client will be the Companies. The Firm agrees to represent and advise the Companies with respect to business and legal alternatives currently being considered by the Companies in connection with its financial condition, including the disposition of certain business units, facilities or other assets, the restructuring of the Companies' debt, and, as an alternative, the commencement of Chapter 11 cases and the bringing or defense of related litigation, subject to the limitations and conditions set forth below. We will not be representing any portion of the Companies in connection with any disputes between the Companies without a further written agreement memorializing such engagement. Our agreement to represent the Companies is contingent upon the Companies' payment to us of an advance fee as hereinafter provided, the agreement of the Companies to promptly pay additional advance fees if and when requested and to promptly pay fees and costs as billed hereafter, and to maintain a credit balance with us at all times in the future.

The Companies each acknowledge that the Firm is not the Companies' general counsel, that this engagement does not involve representation of the Companies in any matter, case or proceeding, other than as set forth herein, and that the Firm has not been retained to appear in any pending matter, case or proceeding, or to initiate any legal action on behalf of the Companies. This engagement is limited to advising and consulting with the duly authorized representatives of the Companies regarding their financial restructuring alternatives and related legal matters. The Companies have or agree that they will arrange for other legal counsel to advise and represent



the Companies with respect to ordinary business activities and non-bankruptcy litigation matters except to the extent that the Firm expressly agrees to undertake such activities or matters.

2. Fees: Where feasible, we will utilize the resources available to the Firm to reduce the total cost of legal services in this matter. Although I will be the attorney leading this engagement, portions of the work will be performed by other firm attorneys and legal assistants, as necessary. Our standard hourly rates for partners range from $665 to $1,135, for associates, from $350 to $700; and for legal assistants, from $170 to $450. My current standard hourly rate is $875. My partner, Peter Siddiqui, will be assisting me in this representation, and his standard hourly rate is $695. Our billing rates are subject to adjustment from time to time, usually in January of each year. Unless you request otherwise, all billings in this matter will be directed to your attention, and any questions or comments regarding billing practices or amounts should be directed to me.

_Lyft predisweren_

3. Costs. In addition to our fees, our bills will include allocable charges for costs and expenses incurred in performing our services, such as printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), telephone, facsimile or data transmissions, secretarial and support staff overtime (when necessitated by the client's work), court costs and filing fees and other litigation support services, such as document scanning, coding and printing. Unless other arrangements are made, certain expenses (such as expert witnesses' fees and court reporters' charges) will be billed directly to you and will not be our responsibility.

4. Advance Payment. Our agreement to represent the Companies is contingent upon the Companies' payment to us of an advance fee of $75,000, and the agreement of the Companies to promptly pay additional advance fee payments as and when requested by the Firm, to promptly pay fees and costs as billed hereafter and to maintain a credit balance with us at all times in the future by replenishing the advance fee as necessary and as requested by the Firm. With your consent by signing below, we will treat the advance fee as the Firm's property and will apply the advance fee to our fees and costs as generated. If a legal action or bankruptcy case becomes appropriate, a separate, and perhaps substantial, additional advance fee will be necessary. Prior to any chapter 11 filing, the Companies shall increase the retainer to an amount equal to at least $125,000.

The advance fee does not represent an estimate of the total fees that will be incurred in this matter and this letter will confirm that no such estimate has been provided. Notwithstanding payment of the advance fee, the Companies shall remain liable to the Firm for all amounts owed to the Firm pursuant to the terms of this engagement letter. Upon the termination of the Firm's representation of the Companies, any excess advance fee held by the Firm will be refunded to the Companies after the payment of all outstanding fees and the reimbursement of all expenses.



5.     Communications. To enable the Firm to render services effectively, the Companies agree to disclose all relevant facts and keep the Firm apprised of significant developments relating to this representation, to cooperate with our attorneys, and to be available to attend meetings and other conferences as necessary. If you become dissatisfied with our charges or services we urge you to advise us immediately, since most problems of that nature can be resolved in a prompt, good faith discussion. It is in the Companies' best interest to preserve the confidentiality of all communications with the Firm. However, the Companies should also be aware that, under applicable law, in the event a trustee or examiner is appointed in any Chapter 11 case or a trustee is appointed in a superseding Chapter 7 case, the trustee or examiner may waive the attorney-client privilege as to otherwise privileged communications between the Firm and the representatives of the Companies.

6.     Client Documents. The Firm will maintain any necessary documents (including any electronic copies) relating to this matter in our client files.     At the conclusion of our representation of the Companies (or earlier, if appropriate), it will be the Companies' obligation to identify those documents in the Firm's client files that the Companies desire to have made available to it. These documents will be delivered to the Companies within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of attorney conduct. The Firm will retain any remaining documents in our files for a certain period of time, after which the Firm will destroy them in accordance with its record retention program then in effect.

7.     Affiliates. Each one of the Companies acknowledges and agrees that it is a separate entity from its affiliates for conflict of interest purposes and that, unless specifically agreed, our representation of the Companies does not give rise to an attorney-client relationship for conflicts of interest purposes with any other affiliate of the Companies.     The Companies further acknowledge that the Firm may have in the past represented, may currently represent, or may in the future represent other clients whose interests are adverse to affiliates of the Companies and that such representations by the Firm will not give rise to a conflict of interest with the Companies.

8.     Waivers. The Firm may represent persons or entities that hold claims against or which have obligations to the Companies that have not yet been identified. When and if such persons or entities are identified, we will not represent them in matters directly affecting the Companies. Our acceptance of this representation of the Companies is conditioned upon your agreement that, in any other matter not related to our representation of the Companies, the Firm may accept representations of other clients that may be creditors or equity security holders of the Companies, or that may be indebted to, or otherwise have an involvement with, the Companies, without further notice to or consent by the Companies.   This engagement letter constitutes a written



confirmation of this agreement. We agree that, in the event of such representation, sensitive, proprietary, privileged or confidential information will not be disclosed to such other client.

If there is a dispute or other conflict (including negotiation of a transaction) between the Companies and any other client of the Firm, the Firm may not be able to represent the Companies against its other client without a conflicts waiver from the other client. The Companies understands that, absent such a waiver, the Companies may need to retain another law firm as special counsel with respect to the matter in question and that, in such event, the following procedures will be utilized: (a) the Firm will promptly determine whether it is unable to represent the Companies in such matter and (b) if the Firm determines it cannot represent the Companies in such matter: (i) it will notify the Companies in writing, (ii) the Companies will use separate counsel for the matter in question, (iii) the Firm will cooperate to the best of its ability within ethical and legal bounds to inform separate counsel of the facts and circumstances necessary for it to perform its duties, and (iv) the Firm will not participate in those matters.

9.      Termination of Representation. The Companies have the right at any time to terminate our services and representation upon written notice to us. Such termination shall not, however, relieve the Companies of the obligation to pay for all services already rendered, including work in progress and work remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the Companies through the date of termination.

The Firm reserves the right to withdraw from the Companies' representation, if, among other things, the Companies fail to honor the terms of this engagement letter (including, without limitation, the failure to pay additional advance fees if and when requested by the Firm), the Companies fail to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to applicable rules of professional conduct. In the event that the Firm terminates the engagement, the Firm will take such steps as are reasonably practicable to protect the Companies' interests, and the Companies agree that it will take all steps necessary to free the Firm of any obligation to perform further, including the execution of any documents necessary to perfect the Firm's withdrawal and further that we will be entitled to be paid for all services rendered and costs or expenses paid or incurred on behalf of the Companies through the date of withdrawal, subject to allowance by the Bankruptcy Court or under a confirmed plan. If the Companies so request, the Firm will suggest to the Companies possible successor counsel and provide successor counsel with whatever documents the Companies have provided to the Firm. If permission for withdrawal is required by a court, the Firm will promptly apply for such permission, and the Companies agree to engage successor counsel to represent it. Termination of the representation shall not affect the validity of the waivers set forth above concerning the Firm's existing or future representation of other clients.



**Katten**
Katten Muchin Rosenman LLP

This letter sets forth the terms of engagement of Katten Muchin Rosenman LLP by the Companies. Please indicate your acceptance of the terms of this agreement by signing this letter on the line below and returning it to me along with the agreed advance fee, at which time this letter agreement shall become effective. If you have any comments or questions about this agreement or the terms of this engagement, please contact me as soon as possible.

Very truly yours,

Craig A. Barbarosh

**ACCEPTED AND AGREED** to this
_____ day of May, 2014

**HASHFAST LLC**

By: _____

EDUARDO R DE CASTRO
Authorized Signatory

Date: November 8, 2014

**HASHFAST TECHNOLOGIES LLC**

By: _____

Monica Hushen,
Chief Financial Officer

Date: 5/7/14

# EXHIBIT B

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtors and Debtors-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Lead Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | ) (Proposed to be) Jointly Administered with: |
| Debtor and Debtor-In-Possession | ) Case No. 14-30866 |
| | ) Chapter 11 |
| Affects HASHFAST LLC, a Delaware limited liability company, | ) **DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION FOR ORDER UNDER 28 U.S.C. § 327(a) AUTHORIZING RETENTION OF KATTEN MUCHIN ROSENMAN LLP AS GENERAL BANKRUPTCY COUNSEL** |
| Debtor and Debtor-In-Possession | ) [No Hearing Required] |

I, Peter A. Siddiqui, declare under penalty of perjury:

1.     I am a partner of the firm of Katten Muchin Rosenman LLP ("Katten").  I am

admitted to practice and a member in good standing of the bars of the State of California and the

US_100561916v2_385402-00001 6/6/2014 4:56 PM

1

United States District Court for the Northern District of California, and the Court of Appeals for the Ninth Circuit.

2. I make this declaration (the "Declaration") in support of Debtors' Application for Order Under 28 U.S.C. § 327(a) Authorizing Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel ("Application"), which is made in accordance with section 327 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Debtors have retained and employed Katten as their counsel, pursuant to the engagement letter attached hereto as **Exhibit A**, under a general retainer to represent the Debtors in all phases of these cases, pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rule 2014. Katten is well-suited for the type of representation required by the Debtors. Katten is a national law firm with a broad-based practice including substantial expertise in the areas of law that may give rise to issues in these cases, including, but not limited to, bankruptcy, securities, corporate, real estate, finance, litigation, labor, and tax law. Katten's bankruptcy group employs 19 full-time attorneys practicing nationwide. In addition, Katten is familiar with the business of the Debtors and has experience in numerous large chapter 11 cases. Accordingly, Katten possesses the requisite expertise and background to handle matters that are likely to arise in these chapter 11 cases.

4. Katten contemplates that it will render the following general legal services:

A. advising the Debtors of their rights, powers and duties as Debtors and debtors-in-possession;

B. advising the Debtors concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructurings, cash collateral arrangements, asset sales, and related transactions;

C. reviewing the nature and validity of liens asserted against the property of the Debtors and advising the Debtors concerning the enforceability of such liens;

2

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

D.  preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these chapter 11 cases;

E.  advising and drafting such necessary documents and pleadings with respect to dispositions of the Debtors' assets;

F.  advising the Debtors concerning, and preparing responses to, applications, motions, pleadings, notices and other papers that may be filed and served in these chapter 11 cases;

G.  counseling the Debtors in connection with the formulation, negotiation, and promulgation of plans of reorganization or liquidation and related documents; and

H.  performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of these chapter 11 cases, including advising and assisting the Debtors with respect to resolving disputes with any creditor constituencies that may arise, debt restructurings, stock or asset dispositions, mergers, or other strategic transactions, and legal issues involving general corporate, bankruptcy, labor, employee benefits, securities, tax, finance, real estate, and litigation matters.

5.  Katten intends to record its time for the foregoing general services into sixteen specific categories, and such other additional categories as may prove necessary:

1.  First Day Motions;
2.  Asset Sales/ Bidding Procedures;
3.  Litigation/Adversary Proceedings;
4.  Plan and Disclosure Statement;
5.  Case Administration;
6.  Claims Analysis and Objections;
7.  Executory Contracts and Leases;
8.  Professional Retention and Compensation Matters;
9.  Employee Matters;
10. Tax Matters;
11. Non-Working Travel;
12. Hearings and Court Matters;
13. Schedules/Statement of Financial Affairs;
14. Automatic Stay Matters; and
15. Insurance Matters.

6.  Katten is willing to serve as counsel for the Debtors in these chapter 11 cases and to accept compensation for professional services rendered (on an hourly basis) and reimbursement of expenses incurred in accordance with sections 328, 330, and 331 of the Bankruptcy Code and applicable provisions of both the Bankruptcy Rules and the Local Rules.  Katten intends to charge

3

US_100561916v2_385402-00001 6/6/2014 4:56 PM

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

for its legal services in these chapter 11 cases in accordance with its normal billing rates and practices. Katten's hourly rates for its professionals and paraprofessionals employed in its offices are set forth below:[1]

| Billing Category | Range |
|---|---|
| Partners | $1,130 - $585 |
| Of Counsel | $910 - $715 |
| Associates | $700 - $335 |
| Paraprofessionals | $435 - $160 |

7.  The names, positions, and current hourly rates of the Katten professionals presently expected to have primary responsibility for providing services to Debtors are as follows: Craig A. Barbarosh (Partner) - $810/hour; Peter A. Siddiqui (Partner) – $630/hour; Paul T. Musser (Associate) – $460/hour; Jessica Mickelson (Associate) – $575/hour. In addition, from time to time, it may be necessary for other Katten professionals to provide services to the Debtors.

8.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Katten will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services.

9.  It is Katten's policy to charge its clients, in all areas of practice, for disbursements and expenses incurred in connection with its client's cases. These disbursements and expenses include, among other things, costs for long distance telephone and faxes, photocopying, working meals, traveling expenses, computerized research (which are billed to the Debtors on an as-used basis and are not a part of Katten's overhead), messengers, couriers, postage, witness fees and other fees related to the proposed engagement. Katten will charge for these expenses in a manner and at rates consistent with charges made to Katten's other clients and also consistent with the rules and practices of the Court.

---

[1]  The rates charged by each Katten professional differ based on, among other things, such professional's level of experience and the rates normally charged in the location of the office in which such professional is resident.

4

US_100561916v2_385402-00001 6/6/2014 4:56 PM

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

10. Katten intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, but, pending such applications, Katten requests payment of its monthly fees and expenses as more fully set forth herein and in the "Motion for Administrative Order under Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members" filed herewith.

11. The Debtors have agreed, subject to approval of the Court, to pay Katten, upon such terms and conditions.

12. Katten has conducted an extensive conflict of interest search using its computerized conflict of interest database to determine whether it has any connections or relations to (a) the Debtors; (b) more than 500 of the Debtors' largest unsecured creditors as of the Petition Date, and (c) the Debtors' shareholders. Neither Katten, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, creditors, equity or security holders. Further, insofar as I have been able to ascertain, other than in connection with these chapter 11 cases and except as set forth herein, Katten has no connection (connection being defined as a professional relationship) with the Debtors, their creditors, any of the Judges for the United States Bankruptcy Court for the Northern District of California, the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth below. Accordingly, Katten is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

13. As to other parties-in-interest, from time to time, Katten has in the past represented, may at present represent, and may in the future represent certain creditors and other parties-in-interest, or interests adverse to such creditors or parties-in-interest, in matters wholly unrelated to

5

the Debtors' chapter 11 cases. For example, Katten has in the past represented, and may at present represent, CT Corporate Services, Inc., an unsecured creditor of the Debtors, or certain of its affiliates, in matters not related to the Debtors' chapter 11 cases. Katten's representation of CT Corporate Services, Inc. will not affect Katten's representation of the Debtors in these cases. Katten does not represent the above entities in any matters adverse or related to the Debtors in their chapter 11 cases.

14. In addition, Craig A. Barbarosh and certain other Katten attorneys not working on this matter, formerly worked at the law firm of Pillsbury Winthrop Shaw Pittman ("Pillsbury") when the Honorable Dennis Montali was a partner at Pillsbury before his appointment to the bench in 1993. That fact does not affect Katten's status as a "disinterested" person.

15. The Firm is conducting further inquiries regarding its retention by any of Debtors' creditors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

16. Neither I nor any principal, partner, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from Debtors with any other person other than the principal and regular employees of the Firm.

17. For the reasons set forth above, I and the other attorneys employed by Katten are well qualified to act as counsel for the Debtors, and neither I, Katten, nor any partner or associate of Katten will, while employed by the Debtors, represent in connection with these chapter 11 cases, any entity holding an interest adverse to the Debtors or their estates.

6

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this Declaration was executed on June **6** , 2014, at

3    Chicago, Illinois.

4

5                                         PETER A. SIDDIQUI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US_100561916v2_385402-00001 6/6/2014 9:03 AM

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# EXHIBIT C

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtors and Debtors-In-Possession
Hashfast Technologies LLC and Hashfast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor and Debtor-In-Possession<br><br>_____<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-In-Possession<br>_____ | Lead Case No. 14-30725<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY KATTEN MUCHIN ROSENMAN LLP AS COUNSEL** |

This matter coming before the Court on the Debtors' Application to Retain and Employ Katten Muchin Rosenman LLP as counsel (the "Application")[1]; the Court having reviewed the Application, the Declaration of Craig A. Barbarosh in accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014, the Disclosure of Compensation of Katten Muchin

_____
[1] Capitalized terms not defined herein shall have the meaning given to them in the Application.

100588396v1

Rosenman LLP in accordance with Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b) and the Declaration in Support of First Day Relief; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) notice of the Application having been sufficient under the circumstances; and the Court having determined that the legal and factual basis set forth in the Application establish just cause for the relief granted herein;

IT IS HEREBY ORDERED as follows:

1. The Application is GRANTED.

2. All objections to the Application or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. Notice of the Application was proper, timely, adequate and sufficient under the particular circumstances.

4. The Debtors shall be, and hereby are, authorized to retain and employ Katten Muchin Rosenman LLP as their counsel in these chapter 11 cases, under a general retainer and in accordance with applicable Case Orders (as defined in the Application) pertaining to the deposit and payment of compensation to professionals.

5. Katten Muchin Rosenman LLP shall be, and hereby is, authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with these chapter 11 cases.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6. Katten Muchin Rosenman LLP shall be compensated for such services and reimbursed for all actual, necessary and reasonable expenses or other disbursements incurred in connection with such services in accordance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules, the provisions of the Application, the Case Orders and any future orders of the Court.

7. This Order is effective as of the Petition Date.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

*END OF ORDER*

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

3