KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtor and Debtor-In-Possession
HashFast LLC Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><hr>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. 14-30725<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**DEBTOR'S FIRST DAY MOTION FOR AN ORDER (I) APPROVING CONTINUED USE OF EXISTING BANK ACCOUNTS, BUSINESS FORMS, AND CASH MANAGEMENT SYSTEM, AND (II) TO OBTAIN LIMITED WAIVER OF THE REQUIREMENTS OF 11 U.S.C. § 345(B)**<br><br><u>Hearing</u><br>Date: June 27, 2014<br>Time: 10:00 a.m.<br> Place: 235 Pine St.<br>      San Francisco, CA 94104<br>Judge: Honorable Dennis Montali. |

1

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS, AND OTHER PARTIES IDENTIFIED ON THE ATTACHED SERVICE LIST:**

The above-captioned debtors and debtors in possession (the "Debtors") submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a), 345(b), 363, 364, 1107 and 1108 of title 11 of the United Stated Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (i) approving the Debtors' continued use in the ordinary course of their business of existing bank accounts (as well as authorizing the Debtors to open and close bank accounts), existing business forms and checks, and existing cash management system, as may be modified pursuant to an order of the Court authorizing the Debtors to use cash collateral or obtain debtor in possession financing; and (ii) waiving requirements of section 345 of the Bankruptcy Code on an interim basis with respect to the Debtors' deposit practices. The Debtors request that the Court enter an order on this Motion in substantially the same form and substance as the proposed form of order attached hereto as **Exhibit 1**. In support of this motion, the Debtors submit the *Declaration of Monica Hushen in Support of Chapter 11 Petition and First Day Motions* (the "Declaration in Support of First Day Relief"), which the Debtors are filing contemporaneously herewith.

**WHEREFORE**, the Debtors respectfully request that the Court grant this Motion and enter an order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: June 6, 2014           KATTEN MUCHIN ROSENMAN LLP

Peter A. Siddiqui
Jessica M. Mickelsen

By:/s/ Jessica M. Mickelsen

2

US_100561955v3_385402-00001 6/6/2014 5:15 PM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

1. On May 9, 2014 (the "<u>Petition Date</u>"), certain petitioning creditors filed a chapter 7 Involuntary Petition against Hashfast Technologies LLC under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") [Doc. No. 1].

2. On June 3, 2014, HashFast Technologies LLC filed its Conditional Consent to an Order for Relief [Doc. No. 36] and its Motion to Convert to Chapter 11 [Doc. No. 35]. The Court entered its order converting HashFast Technologies LLC's case to one under chapter 11 on June 5, 2014 [Doc. No. 40].

3. On June 6, 2014 (the "<u>Petition Date</u>"), HashFast LLC filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

4. Debtors likewise filed various motions and applications seeking certain typical "first day" orders regarding both of the Debtors, including a motion to jointly administer the chapter 11 case of HashFast LLC with the case of its wholly-owned subsidiary HashFast Technologies LLC. These motions are pending. While pending, Debtors continue to operate their business and manage their properties as debtors-in-possession.

5. A chapter 7 trustee has not been appointed, nor has a request been made for the appointment of a chapter 11 trustee or examiner. No official committee(s) have been appointed in these cases.

6. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' chapter 11 cases and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

US_100561955v3_385402-00001 6/6/2014 5:15 PM

Case: 14-30725    Doc# 51    Filed: 06/06/14    Entered: 06/06/14 19:03:46    Page 3 of 19

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

7. The statutory predicate for the relief requested herein is section 366 of the Bankruptcy Code.

## II.

### BACKGROUND

8. The Debtors are an industry leader in Bitcoin mining technology, focusing on Bitcoin ASIC technology. Bitcoin is a peer-to-peer system that enables a new payment system of completely digital currency. Users, which include brick and mortar businesses, online services and individuals, send and receive Bitcoins to facilitate transactions for goods or services. Bitcoin mining generates new Bitcoins by processing transaction and securing the Bitcoin network using specialized hardware to earn Bitcoins. The Debtors produce, distribute and sell computer hardware used in Bitcoin mining.

9. A more detailed explanation of the Debtors' businesses and operations, and the events leading to the commencement of these cases, is provided in the Declaration filed in Support of First Day Relief contemporaneously herewith and which is incorporated herein by reference.

10. The Debtors utilize a cash management system (as it may be modified, the "Cash Management System") in the day-to-day operations of their business. In connection with the Cash Management System, prior to the Petition Date, the Debtors maintained four bank accounts in the ordinary course of their business, including one merchant account, one operating account and one collateral account (collectively, and as they may be modified, the "Bank Accounts"). The Bank Accounts are maintained at Silicon Valley Bank ("Silicon Valley") and Bridge Bank ("Bridge", collectively with Silicon Valley, the "Banks").

11. The Bank Accounts and the Cash Management System are listed and demonstratively described on **Exhibit 2** to this motion.

US_100561955v3_385402-00001 6/6/2014 5:15 PM

12.     The Debtors fund their operations through the merchant and operating accounts, both of which are held at Silicon Valley. Each of the Silicon Valley depository accounts receive electronic transfers and credit card payments in U.S. dollars from the Debtors' customers. Payroll for the Debtors' employees is funded through an account at Bridge, which is funded by one of the Silicon Valley depository accounts.

13.     The Debtors also hold two Bitcoin wallets that in the aggregate, as of June 3, 2014, hold 0.062052 Bitcoins.

### III.

### RELIEF REQUESTED

14.     By this motion, the Debtors respectfully request the entry of an order (i) approving the Debtors' continued use in the ordinary course of their business of their existing bank accounts (as well as authorizing the Debtors to open and close bank accounts), existing business forms and checks, and existing cash management system, as such system may be modified pursuant to an order of the Court authorizing the Debtors to use cash collateral or obtain debtor in possession financing; and (ii) waiving requirements of section 345 of the Bankruptcy Code.

### IV.

### BASIS FOR RELIEF

A.     **Continued Use of a Cash Management System Is Warranted.**

15.     The Debtors hereby seek authority to maintain the Cash Management System. The Cash Management System constitutes a customary and essential business practice. The Debtors' Cash Management System is similar to those commonly employed by corporate enterprises comparable to the Debtors in size and complexity. The widespread use of such systems, moreover, is attributable to the numerous benefits they provide, including the ability to (a) control and

5

Case: 14-30725    Doc# 51    Filed: 06/06/14    Entered: 06/06/14 19:03:46    Page 5 of 19

monitor corporate funds, (b) ensure cash availability, and (c) reduce administrative expenses by facilitating the movement of funds.

16.     In light of the substantial size and complexity of the Debtors' operations, the Debtors' efforts to preserve and enhance the value of their estates will be hampered if their cash management procedures are disrupted. Accordingly, the Court should authorize the Debtors' continued use of the Cash Management System described herein.

17.     For much the same reasons, the Debtors further seek the authority to implement ordinary course changes to their Cash Management System, without further order of the Court, in the event that the Debtors conclude that changes in the Cash Management System are beneficial to their estates. In addition, the Debtors request authority to open and close bank accounts. The Debtors request that the Banks be authorized to honor the Debtors' requests to open or close any bank accounts.

18.     Bankruptcy courts routinely permit chapter 11 debtors to continue using their existing cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also Official Comm. of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061 (3d Cir. 1993) (noting with approval the bankruptcy court's finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985).

19.     The continued use of a cash management system employed in the ordinary course of a debtor's prepetition business has been approved as a routine matter in a number of other cases in this district. *See, e.g., In re Heller Ehrman LLP*, Case No. 08-32514 (Bankr. N.D. Cal. Dec. 30, 2008); *In re Arriva Pharmaceuticals, Inc.*, Case No. 07-42767 (Bankr. N.D. Cal. Aug. 29, 2007).

6

US_100561955v3_385402-00001 6/6/2014 5:15 PM

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

20.     Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estates in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in those transactions that make up the bulk of their day-to-day operations without incurring the excessive monitoring costs that would result from the need to provide notice of, and obtain approval for, such ordinary course activities. *See, e.g., Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997); *In re Enron Corp.*, No. 01-16034 (ALG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003). Within the purview of section 363(c) of the Bankruptcy Code, a debtor in possession is authorized to continue the "routine transactions" associated with its cash management system.

21.     The Debtors respectfully submit that under the circumstances, the maintenance of the Cash Management System is in the best interests of the Debtors' estates and creditors. Accordingly, the Debtors seek authority under section 363(c)(1) of the Bankruptcy Code to continue the collection, concentration, disbursement and investment of cash pursuant to their Cash Management System, as described above.

**B.      Continued Use of the Existing Bank Accounts Is Warranted.**

22.     The United States Trustee for this region has established certain operating guidelines for debtor in possession in order to supervise the administration of chapter 11 cases. Among other things, these guidelines require a chapter 11 debtor to close all existing bank accounts and open debtor in possession accounts at authorized depositories (or obtain a bond or deposit of securities from a non-authorized depository) and obtain checks for all such debtor in possession accounts that bear the designation "debtor-in-possession" and the bankruptcy cases

7

US_100561955v3_385402-00001 6/6/2014 5:15 PM

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

number. These requirements are designed, in part, to provide a clear line of demarcation between prepetition and post-petition transactions and operations and prevent the inadvertent post-petition payment of prepetition claims.

23. As set forth above, within their Cash Management System, the Debtors maintain four Bank Accounts. To avoid substantial disruption to the normal operation of their business and to preserve a "business as usual" atmosphere with respect to cash management function, as part of their request to maintain their Cash Management System, the Debtors hereby also request permission to continue to use their Bank Accounts. The Debtors request further that the Banks be authorized to continue to follow the instructions of all parties authorized to issue instructions with respect to the Bank Accounts. Allowing these accounts to be maintained with the same account numbers will assist the Debtors in accomplishing a smooth transition to operating as debtors in possession.

24. As part of the requested relief, the Debtors also seek a waiver of the requirement to establish specific bank accounts for tax payments. The Debtors believe that tax obligations can be paid most efficiently out of the existing Bank Accounts, that the U.S. Trustee can adequately monitor the flow of funds into, among and out of the Bank Accounts, and that the creation of new debtor in possession accounts designated solely for tax obligations would be unnecessary and inefficient.

25. To protect against the possible inadvertent payment of prepetition claims, the Debtors will immediately advise their Banks not to honor checks issued prior to the Petition Date, except as otherwise expressly permitted by an order of the Court and directed by the Debtors.

**C.  Continued Use of Business Forms Is Warranted.**

26. In the ordinary course of their business, the Debtors use a variety of checks and other business forms (collectively, and as they may be modified, the "Business Forms"). By

8

US_100561955v3_385402-00001 6/6/2014 5:15 PM

virtue of the nature and scope of the Debtors' business operations and the large number of suppliers of goods and services with whom the Debtors deal on a regular basis, it is important that the Debtors be permitted to continue to use their Business Forms without alteration or change. To avoid disruption to the Cash Management System and unnecessary expense, the Debtors request authorization to continue to use their Business Forms substantially as such forms exist immediately before the Petition Date, without reference to their status as debtors in possession and the bankruptcy cases number.

27.     The Debtors also request authorization to use their existing check stock, provided, however, that upon depletion of the Debtors' check stock, the Debtors will obtain new check stock reflecting their status as debtors in possession.

28.     In the absence of such relief, the Debtors' estates will be required to bear a potentially significant expense, which the Debtors respectfully submit is unwarranted.

**D.     Authorization of (i) Banks to Charge Back Returned Items and (ii) the Debtors to Pay Bank Fees Is Warranted.**

29.     Concurrently with the filing of this motion, the Debtors have filed motions requesting authority to pay, in their sole discretion and in the ordinary course of their business, certain prepetition obligations to customers, taxing authorities, employees, essential shippers, and other entities. With respect to some of that debt, prior to the Petition Date, the Debtors may have issued checks that have yet to clear the banking system. In other cases, the Debtors would issue the relevant checks post-petition on account of such prepetition debt once the Court entered an order permitting the Debtors to do so. The Debtors intend to inform their Banks which prepetition checks should be honored pursuant to orders of the Court authorizing such payment.

30.     As a result of the foregoing, the Debtors request that their Banks be authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or Automated Clearing House ("ACH") transfers should be honored or dishonored consistent with

9

any order(s) of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to the Petition Date. Pursuant to the relief requested in this motion, the Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures. Such relief is reasonable and appropriate because the Banks are not in a position to independently verify or audit whether a particular item may be paid in accordance with the Court's order or otherwise.

31.     Finally, the Debtors request authority for the Banks to charge and the Debtors to pay or honor both prepetition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees"). The Debtors also request that the Banks be authorized to charge back returned items, whether such items are dated prior to, on or subsequent to the Petition Date, to the Bank Accounts in the normal course of business.

**E.      Waiver of Section 345 Requirements.**

32.     The Debtors seek a waiver of section 345(b) of the Bankruptcy Code permitting the Debtors to maintain their Bank Accounts without the need to post a bond or other security to the extent that, at any given time, funds are deposited in their Bank Accounts in excess of the limits of section 345. Pursuant to section 345(b) of the Bankruptcy Code, any deposit or other investment made by a debtor, except those insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, must be secured by a bond in favor of the United States that is secured by the undertaking of a corporate surety approved by the United States Trustee for the relevant district or the deposit

10

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

of securities of the kind specified in 31 U.S.C. § 9303. *See* 11 U.S.C. § 345(b). Section 345(b) provides further, however, that a bankruptcy court may allow alternatives to these approved investment practices "for cause." *Id.*

33.    As shown on <u>Exhibit 2</u>, the Debtors maintain their Bank Accounts at Silicon Valley and Bridge. Silicon Valley and Bridge are on the list of depositories for Chapter 11 debtor funds authorized by the United States Trustee for the Northern District of California. Local Rule 2015-1(b) provides that "[t]here shall be a rebuttable presumption that funds which are deposited with an entity which is included on the United States Trustee's most recent list of 'cooperating depositaries' have been deposited in accordance with 11 U.S.C. § 345(b)." Because the Debtors' funds are only with banks that are on the U.S. Trustee's list, it is presumed that the Debtors are in compliance with Section 345(b) of the Bankruptcy Code.

34.    In determining whether the "for cause" standard has been met, the Court should consider a "totality of the circumstances," utilizing the following factors:

a.    The sophistication of the debtor's business;

b.    The size of the debtor's business operations;

c.    The amount of the investments involved;

d.    The ratings (Moody's and Standard and Poor) of the financial institutions where the debtor in possession funds are held;

e.    The complexity of the cases;

f.    The safeguards in place within the debtor's own business of insuring the safety of the funds;

g.    The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

h.    The benefit to the debtor;

i.    The harm, if any, to the estates; and

j.    The reasonableness of the debtor's request for relief from section 345(b) requirements in light of the overall circumstances of the cases.

11

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Case: 14-30725    Doc# 51    Filed: 06/06/14    Entered: 06/06/14 19:03:46    Page 11 of 19

*In re Service Merchandise Company, Inc.,* 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

35.     In light of the amount of funds that will flow through the estates, the regular deposits, and the minimal or zero balances of certain of the Bank Accounts, it would be unnecessary and wasteful for the Debtors to be forced to incur the expense of obtaining a bond given the safeguards embedded in the Debtors' Cash Management System for the preservation of the funds therein. The Debtors submit that their current practices provide sufficient protection for their cash and that it would be in the estates' best interests for the Debtors to continue to follow these practices. Moreover, Silicon Valley and Bridge (where the Debtors maintain their operating Accounts) are well-known and fiscally strong institutions, which provide services critical to the Debtors' operations.  For these reasons, the Debtors request that this Court's order provide a waiver of the provisions of section 345 of the Bankruptcy Code.

<u>**NOTICE**</u>

36.     The Debtors will provide notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' secured lenders; (c) the creditors holding the twenty (20) largest unsecured claims on a consolidated basis; and (d) all known taxing authorities that have claims against the Debtors.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

<u>**NO PRIOR REQUEST**</u>

37.     No prior motion for the relief requested herein has been made to this or any other court.

Dated: June 6, 2014                              KATTEN MUCHIN ROSENMAN LLP
                                                 Peter A. Siddiqui
                                                 Jessica M. Mickelsen

                                                 By:/s/ Jessica M. Mickelsen _____

12

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# EXHIBIT 1

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtor and Debtor-In-Possession
HashFast LLC Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | (Proposed to be) Jointly Administered with: |
| Debtor and Debtor-In-Possession | Case No. 14-30866 |
| | Chapter 11 |
| □ Affects HASHFAST LLC, a Delaware limited liability company, | **ORDER (I) APPROVING CONTINUED USE OF EXISTING BANK ACCOUNTS, BUSINESS FORMS, AND CASH MANAGEMENT SYSTEM, AND (II) TO OBTAIN LIMITED WAIVER OF THE REQUIREMENTS OF 11 U.S.C. § 345(B)** |
| Debtor and Debtor-In-Possession | |

This matter coming before the Court on the Motion for An Order (i) Approving Continued Use of Existing Bank Accounts, Business Forms, and Cash Management System, and (ii) to Obtain Limited Waiver the Requirements of 11 U.S.C. § 345(B) (the "Motion");[1] the Court having reviewed the Motion and the Affidavit in Support of First Day Relief; the Court having found that

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

1

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) notice of the Motion having been sufficient under the circumstances; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis for a period of thirty (30) days.

2.      If the Office of the United States Trustee or any other party in interest does not file or serve on counsel to the Debtors an objection to the relief requested in the Motion with in thirty (30) days from the date this Order is signed, or such later date as is agreed to by the Debtors, the Office of the United States Trustee, or party in interest as otherwise ordered by the Court, then this Order will become a final order.

3.      The Debtors are authorized to: (a) maintain the Cash Management System in the ordinary course of their business, in substantially the same form as the Cash Management System described in the Motion; (b) implement ordinary course changes to their Cash Management System; and (c) open and close bank accounts and continue to use their Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the above captioned bankruptcy cases.

4.      The Debtors are authorized to continue to use their Business Forms substantially in the forms existing immediately before the Petition Date.  The Debtors are authorized to utilize their current business forms without reference to their status as debtors in possession and the corresponding bankruptcy cases number; provided, however, that any checks ordered post-petition shall contain the designation of "Debtors in Possession" with the corresponding bankruptcy number.

2

5.     The Banks are authorized to continue to follow the instructions of all parties authorized to issue instruction with respect to the Bank Accounts and to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order(s) of this Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated prior to, on or subsequent to the Petition Date. The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

6.     The Banks are authorized to charge and the Debtors are authorized to pay or honor, in their sole discretion, the Bank Fees. The Banks also are authorized to charge back returned items, whether such items are dated prior to, on or subsequent to the Petition Date, to the Bank Accounts in the normal course of business.

7.     Sufficient cause existing under section 345(b) of the Bankruptcy Code, the Debtors are authorized to invest and deposit the estates' money in accordance with the Debtors' existing investment practices or commercially comparable practices, notwithstanding that such practices may not strictly comply in all instances with the requirements of section 345 of the Bankruptcy Code or the U.S. Trustee's Guidelines; provided however, that such authorization shall be on an interim basis only; provided further that the Debtors shall serve a copy of this Order on (a) the Office of the United States Trustee; (b) those creditors listed on the Debtors' List of Creditors Holding the 20 Largest Unsecured Claims; (c) the Office of the United States Attorney General for the Northern District of California; (d) the Internal Revenue Services; and (e) the Banks at which the Debtors maintain their Bank Accounts (as defined in the Motion) (collectively, the "Notice Parties"), and if no objection is filed and served on Debtors' counsel by the Notice Parties within

3

Case: 14-30725   Doc# 51   Filed: 06/06/14   Entered: 06/06/14 19:03:46   Page 16 of 19

thirty (30) days of such service, the Debtors shall file a certification of counsel so stating and this provision of the Order shall become final without any further order and notice.

8.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9.    The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

*END OF ORDER*

# EXHIBIT 2

**Bank Accounts**

**Silicon Valley Bank**
**3003 Tasman Drive**
**Santa Clara, CA 95054**
**Contact:**      **Bob D'Acquisto, Senior Vice President**
                **415-508-2507**
**Fax:**          **415-882-4622**

Merchant Account:           XXXXXX8576
Operating Account:          XXXXXX2418
Collateral MMA:             XXXXXX9535

**Bridge Bank**
**55 Almaden Boulevard**
**San Jose, CA 95113**
**Contact:**      **Calvert Wong, Account Rep**
                **408-654-7754**
**Fax:**          **650-362-6498**

Payroll Account:            XXXXXX2083

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

US_100562427v1_385402-00001 6/5/2014 3:10 PM