KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor and Debtor-In-Possession<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**DEBTORS' MOTION TO AMEND STIPULATION AND FURTHER ORDER WITH RESPECT TO EMERGENCY MOTION OF LIQUIDBITS CORP. FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 7 TRUSTEE PURSUANT TO SECTION 303(G) OF THE BANKRUPTCY CODE OR FOR ALTERNATIVE RELIEF**<br><br>[*Application to Shorten Time and Decl. of Monica Hushen, filed concurrently herewith*]<br><br>[Proposed] Hearing<br>Date: June 27, 2014<br>Time: 10:00 a.m.<br>Place: 235 Pine St., 19th Floor<br>       San Francisco, CA 94104<br>Judge: Honorable Dennis Montali. |

1

The above-captioned debtors and debtors in possession (the "Debtors") submit this motion (the "Motion") to amend the *Stipulated and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief* (the "Stipulated Order") [Doc. No. 31] in order to clarify that the Debtors may sell their inventory in their own judgment, in the ordinary course of business without being subject to the strictures of the Stipulated Order. The Debtors request that the Court enter an order on this Motion in substantially the same form and substance as the proposed form of order attached hereto as **Exhibit 1**.

**WHEREFORE**, the Debtors respectfully request that the Court grant this Motion and enter an order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: June 18, 2014

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By: /s/ Jessica M. Mickelsen

[Proposed] Counsel for Debtor and Debtor-In-Possession HashFast Technologies LLC and HashFast LLC

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION

1. On May 9, 2014 (the "Petition Date"), certain petitioning creditors filed a chapter 7 Involuntary Petition against Hashfast Technologies LLC ("HashFast Technologies") under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") [Doc. No. 1].

2. On May 21, 2014, creditor Liquidbits Corp. ("Liquidbits") filed its Emergency Motion for Entry of an Order Appointing a Chapter 7 Trustee pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief (the "Motion for Chapter 7 Trustee") [Doc No. 8]. The Motion for Chapter 7 Trustee relied on an unsubstantiated allegation that HashFast Technologies sought "to transfer all or substantially all of its assets out of the reach of creditor for little or no value." (*Id.* 2.)

3. But HashFast Technologies has never transferred or sought to transfer its assets beyond the reach of its creditors. (*See* Declaration of Monica Hushen ¶ 2, a copy of which is attached hereto as **Exhibit 2**.)

4. On May 23, 2014, the Court held a hearing regarding the Motion in which it orally ordered "that the debtor is not to engage in transactions outside the normal course of business." [Doc. May 23, 2014.]

5. On May 29, 2014, the Court approved the Stipulated Order, by which, without limitation:

   (a) HashFast Technologies represented that it would consent to an order for relief with a view of converting its case to a chapter 11 case but with the interim relief contained in the Stipulated Order being granted (Stipulated Order ¶ 1);

3

(b) Allowed HashFast Technologies to operate only in the ordinary course of business during this interim period (*Id.* ¶ 2(a));

(c) Barred HashFast Technologies from paying or disposing its assets to insiders, other than payment of customary wages and expense reimbursements for current pay periods (*Id.* ¶ 2(c)); and

(d) Allowed HashFast Technologies to sell inventory under certain pricing and quantity restrictions, while updating the Appearing Creditors (as defined in the Stipulated Order) regarding the same prior to any entry of an order for relief (*Id.* ¶¶ 2(d), 3).

6. HashFast Technologies complied with all of the requirements in the Stipulated Order during its involuntary case. (*See* Declaration of Monica Hushen ¶ 3.)

7. On June 3, 2014, HashFast Technologies filed its Conditional Consent to an Order for Relief Regarding Involuntary Petition [Doc. No. 36].

8. On June 3, 2014, HashFast Technologies filed its Motion to Convert to Chapter 11 [Doc. No. 35].

9. On June 5, 2014, the Court entered its order converting HashFast Technologies case to one under chapter 11 of the Bankruptcy Code [Doc. No. 40].

10. On June 6, 2014, HashFast LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Contemporaneously, the Debtors likewise filed various motions and applications seeking certain typical "first day" orders regarding both of the Debtors, including a motion to jointly administer the chapter 11 case of HashFast LLC with the case of its wholly-owned subsidiary HashFast Technologies. These motions are pending. While pending, Debtors continue to operate their business and manage their properties as debtors-in-possession.

11. No request been made for the appointment of a chapter 11 trustee or examiner.

4

## II.

## BACKGROUND

12. The Debtors design, develop, manufacture, and sell certain computer chips and equipment, including Application Specific Integrated Circuit, or ASIC, semiconductors, for the sole purpose of auditing transaction data for the Bitcoin networks, also known as "Bitcoin mining." [Doc. No. 54 ¶ 9.]

13. The Debtors' current inventory consists mainly of ASIC chips (in wafer form or in various stages of completion), mining boards, as well as various other system components used in the Bicoin mining business. (*Id.*)

14. Unless the Debtors are able to sell their inventory and deliver their finalized products, their business operations will be severely disrupted, the Debtors' ability to generate revenue will be impaired, the Debtors' sale or reorganization efforts may be hampered and all of the Debtors' creditors will be injured. (Declaration of Monica Hushen ¶ 4.)

## III.

## RELIEF REQUESTED

15. By this Motion, the Debtors respectfully request the entry of an order modifying the Stipulated Order in order to clarify that the Debtors may sell their inventory in their own judgment, in the ordinary course of business without being subject to additional restrictions.

## IV.

## BASIS FOR RELIEF

16. "If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a

5

hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

17. The Debtors hereby seek the authority to sell their inventory pursuant to their own judgment, in the ordinary course of business and without being constrained by the Stipulated Order.

18. The Motion for a Chapter 7 Trustee was brought on the faulty basis that the Debtors were planning to transfer their assets beyond the reach of their creditors. These allegations have proven to be unfounded. The Debtors also complied with all aspects of the Stipulated Order during HashFast Technology's involuntary case. Accordingly, the suspicions and innuendo with which the moving creditors attempted to tarnish the Debtors during the involuntary bankruptcy have proven to be groundless.

19. Moreover, HashFast Technologies has since converted its case to one under chapter 11 of the Bankruptcy Code and complied with all aspects of the Bankruptcy Code.

20. There is no reason to burden the Debtors with any restrictions that might apply regarding the Stipulated Order. Nor have any of the moving creditors offered one. Section 363(c)(1) allows debtors the right to operate and proceed in the ordinary course of business. This includes the right to sell the Debtors' inventory pursuant to their own judgment, in the ordinary course of business.

21. To the extent that the Debtors would need to sell their inventory, or any other property, outside of the ordinary course, the Debtors will fully comply with the notice and hearing requirements of Section 363.

6

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: June 18, 2014

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By: /s/ Jessica M. Mickelsen

[Proposed] Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

7