BINGHAM McCUTCHEN LLP
DAVID M. BALABANIAN (SBN 37368)
david.balabanian@bingham.com
KRISTEN A. PALUMBO (SBN 215857)
kristen.palumbo@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Attorneys for Creditor
LIQUIDBITS CORP.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br>_____<br><br>Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Case No. 14-30725 DM<br><br>[Proposed to be] Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**LIQUIDBITS CORP.'S OBJECTION TO DEBTOR'S MOTION TO AMEND STIPULATION AND FURTHER ORDER WITH RESPECT TO EMERGENCY MOTION OF LIQUIDBITS CORP. FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 7 TRUSTEE PURSUANT TO SECTION 303(G) OF THE BANKRUPTCY CODE FOR ALTERNATIVE RELIEF**<br><br>Date: May 27, 2014<br>Time: 10:00 a.m.<br>Place: 235 Pine Street, 19th Floor, Room 22, San Francisco, CA 94104<br>Judge: Honorable Dennis Montali |

    Creditor Liquidbits Corp. ("Liquidbits") hereby objects to the *Debtors' Motion to Amend Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code*

*or for Alternative Relief* [Docket No. 68] (the "Motion"), and respectfully states as follows:

While typically in a chapter 11 case a debtor in possession is free to operate its business in the ordinary course without approval of the bankruptcy court, including selling its assets in the ordinary course, this is no typical chapter 11 case for several reasons.

**I.     Where the Debtor is Liquidating, a Higher Level of Scrutiny on Asset Sales is Called for.**

This is a liquidating case. On information and belief, HashFast is no longer conducting any new business, but is instead liquidating its inventory and other assets. Where there is no going concern business to preserve and assets may be sold, a much higher level of scrutiny for asset sales is appropriate. In particular, sales of HashFast's chips inventory, the primary source of value to the bankruptcy estate, need to be subject to greater oversight -- through the terms of the Stipulated Order or through a Bankruptcy Court approval process -- to ensure that pricing is fair and the proceeds are preserved. While Liquidbits recognizes that HashFast cannot realize maximum value on its current inventory and other assets unless it is able to sell its inventory and other assets expeditiously, and that creditor recoveries are dependent on HashFast's ability to maximize the value of its inventory and other assets, the terms of the Stipulated Order permit HashFast to do so, while also providing necessary creditor and Bankruptcy Court oversight.

**II.    The Concerns of Creditors Addressed in the Stipulated Order are Still Relevant**

The Debtor is already subject to the conditions set forth in the *Stipulated and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief* [Docket No. 31] (the "Stipulated Order"). The Stipulated Order was put in place in response to serious concerns of HashFast's creditors during the pendency of an involuntary bankruptcy petition filed against HashFast. By its terms, the Stipulated Order survives the conversion of this case to one under chapter 11. The burden should fall on HashFast to explain why the restrictions on asset sales contained in the terms of the Stipulated Order, critical during the gap period, should no longer apply merely because HashFast is now a chapter 11 debtor. In particular,

2

HashFast should be called upon to explain why one-off additional sales of chips or other inventory or assets are required or even desirable absent an overall strategy for HashFast to maximize the value of its assets as whole.

Despite the entry of the order for relief and the conversion of this case to chapter 11, Liquidbits continues to have many of the same concerns that it had upon filing the emergency motion[1] that precipitated the Stipulated Order. Namely, Liquidbits is concerned that, absent the supervision of this Court, or a Chapter 7 trustee, HashFast may attempt to sell its inventory and other assets at sub-optimal prices and, in doing so, foreclose other opportunities to maximize the value of those assets for the benefit of HashFast's creditors. These other opportunities include the opportunity to realize on enhanced values for the chips through arrangements with a third party for processing of the chips and mining operations.

### III. The Stipulated Order Already Provides Flexibility to the Debtor on Asset Sales

The Stipulated Order, the terms of which HashFast approved before it was submitted to this Court, already permits variances from the restrictions at which HashFast now balks. Paragraph 2(d) of the Stipulated Order expressly states:

> HashFast may sell inventory consisting of (a) up to a total of 1000 chips (***or such larger total number as the Appearing Creditors may approve in writing***), and (b) for up to an aggregate price of $100,000, hashing boards, with or without imbedded chips (excluding, in computing the $100,000 limit (***or such larger dollar amount as the Appearing Creditors may approve in writing***), the price of chips in chip imbedded hashing boards), and other non-chip inventory (including chasses, power supplies, coolers, fans), in each case for cash and otherwise in the ordinary course at prices not below those market prices established by HashFast and that have been previously and confidentially shared in writing by HashFast with the Appearing Creditors and that have not been objected to.

Stipulated Order at ¶ 2(d) (emphasis added).

---

[1] *Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code, or for Alternative Relief* [Docket No. 9].

3

Even though HashFast has made no requests to Liquidbits, or, on information and belief, any of the other Appearing Creditors[2], to increase the amount of inventory or other assets that it may sell, Liquidbits and, on information and belief, the other Appearing Creditors are willing to consider such requests. The fact that no such requests have been made suggests that the sales that HashFast is contemplating will not be acceptable to its creditors.

WHEREFORE, Liquidbits respectfully requests that this Court deny the Motion and grant such other relief as is just and proper.

DATED: June 26, 2014				BINGHAM McCUTCHEN LLP


By: /s/ Kristen A. Palumbo
David M. Balabanian
Kristen A. Palumbo
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
T: 415.393.2000
F: 415.393.2286
david.balabanian@bingham.com
kristen.palumbo@bingham.com

---

[2] "Appearing Creditors" means "Liquidbits Corp., and certain other creditors of HashFast, including, without limitation, Liquidbits Corp., Koi Systems, Hamilton Hee, and certain other individuals represented by attorney Ray Gallo."  Stipulated Order at introductory paragraph.

4

Case: 14-30725    Doc# 98    Filed: 06/26/14    Entered: 06/26/14 14:34:32    Page 4 of 4
A/76222549.4