KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

[Proposed] Counsel for Debtors and Debtors-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**AMENDED APPLICATION FOR ORDER UNDER 28 U.S.C. § 327(a) AUTHORIZING RETENTION OF KATTEN MUCHIN ROSENMAN LLP AS GENERAL BANKRUPTCY COUNSEL**<br><br>[*Declaration of Disinterestedness filed on June 6, 2014, Docket No. 45*]<br><br>Hearing<br>Date: June 27, 2014<br>Time: 10:00 a.m.<br>Place: 235 Pine St.<br>       San Francisco, CA 94104<br>Judge: Honorable Dennis Montali. |

The debtors and debtors-in-possession, HashFast Technologies LLC, a California limited liability company ("HashFast Technologies"), and HashFast LLC, a Delaware limited liability company ("HashFast", collectively, the "Debtors"), hereby submit this Application for Order Under 28 U.S.C. § 327(a) Authorizing Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel (the "Application"). This Application is brought pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Guidelines of the Office of the United States Trustee (the "UST Guidelines").

## I.

### JURISDICTION

This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is section 327 of the Bankruptcy Code.

## II.

### STATEMENT OF THE CASE

On May 9, 2014, certain petitioning creditors filed a chapter 7 Involuntary Petition against Hashfast Technologies under the Bankruptcy Code [Doc No. 1]. On June 3, 2014, HashFast Technologies consented to the petition and filed a motion to convert the case from chapter 7 to chapter 11 (the "Motion to Convert") [Doc Nos. 35, 36]. The Court granted the Motion to Convert on June 5, 2014 [Doc No. 40]. On June 6, 2014 (the "Petition Date"), HashFast filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtors likewise filed a motion to jointly administer the chapter 11 case of HashFast with the case of its wholly-owned subsidiary HashFast Technologies (collectively, these "Chapter 11 Cases"), which is pending. While pending, Debtors continue to operate their business and manage their properties as debtors-in-possession.

A chapter 7 trustee has not been appointed, nor has a request been made for the appointment of a chapter 11 trustee or examiner. No official committee(s) have been appointed in these cases.

### III.

### RELIEF REQUESTED

By this Application, Debtors respectfully request entry of an order, pursuant to sections 327(a) and 329 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and Local Rule 2014-1, authorizing them to employ and retain the law firm of Katten Muchin Rosenman LLP (the "Firm"), as of the Petition Date, in connection with the administration of these proposed jointly consolidated and converted Chapter 11 Cases.

### IV.

### BASIS FOR RELIEF REQUESTED

**A. The Firm's Qualifications and Expertise.**

Debtors seek approval to retain the Firm, at the expense of the estate, to provide the services that will be required to guide and prosecute these chapter 11 cases. Debtors desire to retain the Firm because of its expertise in the areas of insolvency, business reorganizations and other debtor/creditor matters. The Firm and its partners (including at prior firms) have served as general bankruptcy counsel to a wide range of debtors in various industries across the nation, including but not limited to representation of debtors in: (a) the technology sector in the chapter 11 case of *Hartford Computer Group, Inc./Nexicore Services, Inc.* to facilitate cross-border transactions and coordinate with Canadian co-counsel on Canadian insolvency matters and proceedings, successfully confirming a plan of reorganization; (b) the manufacturing sector (manufacturers of medical and X-ray equipment) in the chapter 11 case of *In re Xonics, Inc.*, successfully confirming a plan of reorganization; (c) the health care sector in the chapter 11 cases *In re BMJ Medical Management, Inc., In re Apple Orthodontix, Inc., In re Physician Health Corporation,* and *In re OMNA Medical Partners, Inc.*, confirming plans in all cases; and (d) the real estate/construction sector in the chapter 11 case of *In re Regus Business Centre Corp, Regus PLC and Regus BV,* representing the largest worldwide provider of "executive suite" business

3

accommodations in chapter 11 and successfully renegotiating and restructuring debts exceeding $300 million.

In addition, the Firm and its partners (including at prior firms) have served as counsel to official committees in numerous chapter 11 cases, including the Official Committee of Equity Security Holders in the chapter 11 case of *Solutia, Inc.*, involving over $2 billion in reported consolidated liabilities as of the petition date; the Official Committee of Equity Security Holders in the chapter 11 case of *Tronox, Inc.*, involving over $850 million in funded debt; and Official Bondholders' Committee in the chapter 11 case of *In re TransTexas Gas Corporation* (NYSE: TTG), involving $115 million in senior subordinated notes and affiliated debtors and the restructure of over $2 billion in debt.

The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers and investors in both in and out-of-court restructurings. The Firm's depth of experience in the areas of insolvency, business reorganizations and debtor/creditor matters makes it qualified to represent Debtors. Therefore, Debtors believe that the Firm's retention is in the best interest of its bankruptcy estate.

The firm's services are necessary to enable Debtors faithfully to execute their duties as debtors in possession.

**B. Legal Services To Be Provided.**

Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to Debtors:

a) assist Debtors with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders, statement of executory contracts and unexpired leases;

b) assist, advise and represent Debtors in their consultations with creditors regarding the administration of these cases;

c) assist, advise and represent Debtors in any manner relevant to a review of any of Debtors' leases and other contractual obligations, and asset collection and dispositions;

d) prepare documents relating to the disposition of assets;

Case: 14-30725   Doc# 100   Filed: 06/26/14   Entered: 06/26/14 16:12:43   Page 4 of 7

e) advise Debtors on finance and finance-related matters and transactions and matters relating to the sale of Debtors' assets;

f) assist, advise and represent Debtors in any issues associated with the acts, conduct, assets, liabilities and financial condition of Debtors, and any other matters relevant to this case or to the formulation of plan(s) of reorganization;

g) assist, advise and represent Debtors in the negotiation, formulation, preparation and submission of any plan(s) of reorganization and disclosure statement(s);

h) assist, advise and represent Debtors in the performance of their duties as debtors-in-possession, the exercise of their powers under the Bankruptcy Code and the Bankruptcy Rules, and in the performance of such other services as are in the interest of Debtors;

i) assist, advise and represent Debtors on litigation matters, as requested; and

j) provide such other necessary advice and services as Debtors may require in connection with this case, including advising and assisting Debtors with respect to resolving disputes with any creditor constituency that may arise, debt restructurings, stock or asset dispositions, mergers, or other strategic transactions, legal issues involving corporate, labor, employee benefits, intellectual property, securities, finance, real estate, and regulatory matters.

### C. The Firm's Compensation and Pre-Petition Retainer.

The Firm commenced prepetition services to Debtors on or about May 9, 2014. A copy of the engagement agreement, dated May 8, 2014, between the Firm and Debtors is attached to this Application as **Exhibit A**. In connection therewith, Debtors provided the Firm with a retainer of $130,000 ("Retainer"), paid as follows: $40,000 on May 5, 2014; $35,000 on May 8, 2014, $5,000 on May 22, 2014, and $50,000 on May 28, 2014. As of June 2, 2014, the Firm has drawn down the sum of $100,000 to cover all fees and expenses incurred on behalf of Debtors prior to the filing of the entry of the order for relief. Debtors' funds are the source of the Retainer.

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among the members and associates of the Firm.

Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, Debtors propose to pay the Firm its standard hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The Firm's current standard fee rates range between $330 to $1,130 per hour for attorneys and $160 to $435 per hour for paralegals and project assistants. The current standard rates of the primary attorneys working on this matter are as follows: Craig A. Barbarosh (Partner) - $810/hour; Peter A. Siddiqui (Partner) – $630/hour; Paul T. Musser (Associate) – $460/hour; Jessica Mickelson (Associate) – $575/hour. Rates may be adjusted from time to time to reflect economic and other conditions. Katten will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Federal Rules of Civil Procedure, the Local Bankruptcy Rules, and orders of this Court.

The Firm categorizes its billing into subject matter categories in compliance with the UST Guidelines. The Firm understands that its compensation is subject to prior approval of this Court, after notice and a hearing, in accordance with 11 U.S.C. §§ 326-331 (as applicable); Bankruptcy Rules 2016(a), 2002(a), (c), and (k); Local Rule 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees. The Firm may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

**D. The Firm's Disinterestedness.**

To the best of Debtors' knowledge, and based upon, and except as set forth in, the *Declaration of Peter A. Siddiqui in Support of Application of Debtors For Order Under 28 U.S.C. § 327(a) Authorizing The Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel* ("Declaration of Disinterestedness") filed concurrently herewith, neither the Firm, nor any of its partners, of counsel or associates have any connection with Debtors, any creditors of the estate, any party-in-interest, their attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee, except as described therein.

6

To the best of Debtors' knowledge and based on the Declaration of Disinterestedness, the Firm is a disinterested person under applicable sections of the Bankruptcy Code.

## V.

### ORDER REQUESTED

Debtors respectfully request that this Court approve the employment of Katten Muchin Rosenman LLP as their general bankruptcy counsel, effective as of the Petition Date, pursuant to Bankruptcy Code section 327(a), to render the services described above, and with compensation to be paid in accordance with Bankruptcy Code section 330(a) as an expense of administration pursuant to Bankruptcy Code sections 507(a) and 503(b) in such amounts and at such times as this Court may hereafter determine and allow.

Dated: June 24, 2014

**HASHFAST LLC**

By: _/s/ Monica Hushen_
Monica Hushen
Authorized Signatory

**HASHFAST TECHNOLOGIES LLC**

By: _/s/ Monica Hushen_
Monica Hushen
Chief Financial Officer

Case: 14-30725    Doc# 100    Filed: 06/26/14    Entered: 06/26/14 16:12:43    Page 7 of 7