Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

[Proposed] Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 3:14-bk-30725-DM<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No.: 3:14-bk-30866-DM<br><br>Chapter 11<br><br>**LIMITED OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPLICATION AUTHORIZING THE RETENTION OF KATTEN MUCHIN ROSENMAN LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a)**<br><br>Hearing:<br>Date: June 27, 2014<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>235 Pine Street<br>San Francisco, CA 94104<br>Judge: Hon. Dennis Montali |

The Official Committee of Unsecured Creditors (the "Committee") hereby submits the within limited opposition (the "Opposition") to the *Application for Order Under 28 U.S.C. § 327(a) [sic] Authorizing Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel* [Docket Entry ("D.E.") 45] (the "Application").[1] In support thereof, the Committee respectfully submits as follows:

## I. THE FIRM'S QUALIFICATIONS ARE UNCERTAIN

Section 327(a) authorizes a debtor to employ counsel provided that counsel qualifies as a "disinterested person…." 11 U.S.C. § 327(a). To qualify as a disinterested person, the proposed counsel must not hold any interest materially adverse to the estate or any class of creditors. *See* 11 U.S.C. § 101(14).

At present, it is uncertain whether Katten Muchin Rosenman LLP (the "Firm" or "Katten") possesses a materially adverse interest to or conflict of interest with the estate or creditors. Specifically, the *Declaration of Disinterestedness Application for Order Under 28 U.S.C. § 327(a) [sic] Authorizing Retention of Katten Muchin Rosenman LLP as General Bankruptcy Counsel* [D.E. 45, pp. 15-21] appended to the Application states that Katten has conducted "an extensive conflict of interest search" while subsequently stating that the "Firm is conducting further inquiries regarding its retention by any of Debtors' creditors"—the *sine qua non* of a conflict in bankruptcy. Katten bears the burden of proving its disinterested status. *See In re Lotus Properties LP*, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) ("All facts pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed. The disclosure must be made in the Application for Order Approving Employment, and the burden is on the person to be employed to come forward and make full, candid and complete disclosure in applications for employment."), *citing Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880-882 (9th Cir. 1995).

---

[1] The Committee reserves the right to submit further or additional arguments or objections orally during the hearing on the Application.

The Committee submits that employment of Katten without first resolving the question of whether the Firm possesses any conflicts of interest with creditors of the bankruptcy estates is improper as it cannot be determined to any degree of certainty that Katten qualifies as a "disinterested person." Accordingly, the Committee requests that the Court deny the Application unless and until Katten provides competent evidence of their disinterestedness.

## II. EXPENSES BORNE BY THE ESTATES ARE UNCLEAR

The Application fails to adequately describe the terms of employment. As a result, it remains uncertain what expenses the bankruptcy estates must bear. For instance, it is unclear whether the bankruptcy estates must pay for travel time for the Firm's attorneys at the full billable rate (in some instances in excess of $1,100 per hour)—an expense that could ultimately prove quite significant given that Katten's lead bankruptcy counsel is located in Chicago.

Additionally, although Katten seeks employment as counsel for HashFast Technologies LLC and HashFast LLC (collectively, the "Debtors") by and through the Application, Katten fails to identify how the attorneys' fees and expenses will be divided between the two bankruptcy estates. Unless a plan is in place, the Committee is concerned that the dual representation of procedurally consolidated but substantively independent estates poses a substantial risk for duplicative billing or the disproportionate allocation of attorneys' fees and expenses between the Debtors' respective bankruptcy estates.

The Committee requests that further clarification is provided regarding the expenses associated with the administration of the case, including, specifically, travel costs and the allocation of attorneys' fees and costs between the two bankruptcy estates. The Committee further requests that the Court reduce or cap the billing rates for travel or, as the Committee's counsel has agreed, that the Firm agree that it will not bill the bankruptcy estates for travel time. Reducing or eliminating unnecessary administrative expenses will ensure a greater return to the bankruptcy estates and, ultimately, general unsecured creditors.[2]

---

[2] The Committee expressly reserves all rights to object to or dispute reasonableness or necessity of the Firm's billing rates and the services provided.

- 3 -

## III. CONCLUSION

The Committee respectfully requests that the Court enter an order denying the Application without prejudice to allow the Firm to submit further evidence demonstrating it is disinterested or, in the alternative, granting the Application subject to the provision of further information regarding potential conflicts, allocation of fees and expenses between the bankruptcy estates, and the expenses associated with the administration.

Dated: June 26, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Ashley M. McDow*
Ashley M. McDow
Michael T. Delaney

[Proposed] Attorneys for OFFICIAL COMMITTEE OF UNSECURED CREDITORS