Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

[Proposed] Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 3:14-bk-30725-DM<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No.: 3:14-bk-30866-DM<br><br>Chapter 11 |
| ☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | **OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO AMEND STIPULATION AND FURTHER ORDER WITH RESPECT TO EMERGENCY MOTION OF LIQUIDBITS CORP. FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 7 TRUSTEE PURSUANT TO SECTION 303(g) OF THE BANKRUPTCY CODE OR FOR ALTERNATIVE RELIEF**<br><br>Hearing:<br>Date: June 27, 2014<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>       235 Pine Street<br>       San Francisco, CA 94104<br>Judge: Hon. Dennis Montali |

The Official Committee of Unsecured Creditors (the "Committee") hereby submits the within opposition (the "Opposition") to the *Debtors' Motion to Amend Stipulation and Further Order with Respect to Emergency Motion for Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief* [Docket Entry ("D.E.") 68] (the "Motion").[1] In support thereof, the Committee respectfully submits as follows:

## I. INTRODUCTION

HashFast Technologies LLC ("HFT") and HashFast LLC (collectively, the "Debtors") request that the Court amend the *Stipulated and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief* [D.E. 31] (the "Stipulated Order) on the grounds that the Debtors have converted to Chapter 11 and, thus, should be entitled to sell its inventory in the ordinary course without any limitation. For the reasons set forth hereinafter, the Committee respectfully requests that the Court deny the Motion and only revise the Stipulated Order to substitute the Committee in any provision requiring approval from the "Appearing Creditors."

## II. DISCUSSION

### A. THE REQUESTED RELIEF IS UNCERTAIN

The Debtors request authority "to sell their inventory pursuant to their own judgment, in the ordinary course of business and without being constrained by the Stipulated Order." Motion, D.E. 68, at p. 6. The Committee is deeply concerned that if the Debtors regain unfettered control of the operations of the business without the imposition of any meaningful restrictions on the manner in which they conduct those operations, the potential for a meaningful return to creditors will be diminished (if not eliminated), due primarily to the ambiguity of what constitutes the "ordinary course of business" for the Debtors.

---

[1] The Committee reserves the right to submit further or additional arguments or objections orally during the hearing on the Application.

- 2 -

Prepetition HFT was essentially a computer manufacturer and HashFast LLC was its parent company, which owned the intellectual property utilized and developed by HFT. HFT designed a computer chip known as the Golden Nonce, which is a special purpose computer chip designed solely for mining Bitcoin. HFT installed these computer chips into custom computers, also designed solely for mining Bitcoin, and sold these computers to individuals and small companies engaged in Bitcoin mining. HFT was unable to meet the delivery obligations for the assembled computers. Accordingly, just prior to the commencement of the involuntary bankruptcy, HFT announced that it was retooling its company from one that sold computers to one that sold computer chips. HFT did not engage in the business of selling computer chips for any substantial amount of time prior to the commencement of the involuntary proceeding. As a result, it is uncertain what the Debtors' "ordinary course of business" entails or whether the Debtors are capable of maintaining a business that manufactures and sells computer chips.

Based on historical performance, the Debtors are not engaged in the sale of computer chips and wafers (partially finished goods ready for packaging into computer chips). The Debtors are engaged in the sale of completed computers. The Committee is concerned that the Debtors are incapable of sustaining a going concern involved in the manufacture and sale of computer chips, and that the Debtors will quickly liquidate all or a large portion of its current inventory—a concern that the Stipulated Order was specifically designed to address—without the ability to restock inventory and continue its operations. If the Debtors sell the entire inventory without restocking, the Debtors' value will decrease substantially as they lose the ability to obtain value for the intangible "going concern" portions of the company's value.

The Committee respectfully submits that the Stipulated Order must stay in place to ensure that the sole tangible assets of the bankruptcy estates—the computer chips and wafers—are not liquidated under the guise of an ordinary course transaction without the knowledge or authorization of the Court or the creditors, or liquidated too quickly without the ability to replace this inventory. The need for oversight in this regard is even more acute now that the Debtors'

business and reorganization have been returned to the exclusive control of the Debtors' management.

**B. THE COMMITTEE REQUESTS THAT THE COURT AMEND THE STIPULATED ORDER TO VEST THE COMMITTEE WITH THE AUTHORITY PREVIOUSLY VESTED IN THE "APPEARING CREDITORS"**

The Stipulated Order was entered into early in the HFT bankruptcy case between HFT and a group of creditors then active in the HFT bankruptcy case, including the petitioning creditors. Pursuant to the Stipulated Order, the "Appearing Creditors" were vested with certain supervisory rights. Since the execution and approval of the Stipulated Order, the United States Trustee has appointed the Committee, which is charged with representing the interests of all unsecured creditors, including the "Appearing Creditors." Accordingly, the Committee respectfully submits that any authorities vesting in the "Appearing Creditors" should be vested in the Committee so the Committee can fully perform its duty of protecting the interests of all unsecured creditors.

## III. CONCLUSION

The Committee respectfully requests that the Court deny the Motion in its entirety and order that the references in the Stipulated Order to the "Appearing Creditors" be revised in light of the appointment of the Committee.

Dated: June 26, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ Ashley M. McDow
Ashley M. McDow
Michael T. Delaney

[Proposed] Attorneys for OFFICIAL COMMITTEE OF UNSECURED CREDITORS