Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

[Proposed] Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession.<br><br>---<br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>**[NO HEARING REQUIRED]** |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS BANKRUPTCY COUNSEL

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case of *In re HashFast Technologies, LLC*, case no. 14-30725 DM (the "Bankruptcy Case"), respectfully submits the within application (the "Application") seeking approval to employ the law firm of Baker & Hostetler LLP ("Baker" or the "Firm") as bankruptcy counsel for the Committee. In support of this Application, the Committee represents as follows:

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## JURISDICTION

1.    This Application is made pursuant to 11 U.S.C. §§ 328 and 1103,[1] Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2014, 2016, and 5002, and the Guidelines of the Office of the United States Trustee (the "UST Guidelines").

## BACKGROUND

2.    On or about May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against HashFast Technologies, LLC (the "Debtor" or "HFT").

3.    On or about June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* [Docket Entry ("D.E.") 36] and *Debtor's Motion to Convert to Chapter 11* [D.E. 35]. On or about June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. Thereafter, HFT has acted as a debtor in possession pursuant to §§ 1107 and 1108.

4.    On or about June 23, 2014, the Office of the United States Trustee (the "UST") appointed the following creditors of the Debtor to serve on the Committee:

        a.    Hamilton Hee;

        b.    Sistemas Operativos Sanitarios ca;

        c.    Uniquify, Inc.;

        d.    Antony Vo;

        e.    Koi Systems Ltd.;

        f.    Digimex Ltd.; and

        g.    Peter Morici.

5.    After formally interviewing 6 law firms on or about June 25, 2014, the members of the Committee selected Baker to act as general bankruptcy counsel for the Committee, subject to Court approval.

///

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

APPLICATION TO EMPLOY BAKER & HOSTETLER AS COUNSEL FOR CREDITORS COMMITTEE
603699116.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## REASON FOR SELECTION

6.      The Committee selected Baker due to its expertise in the areas of insolvency, reorganization, and other debtor and creditor rights.  A summary of the Firm's qualifications in these areas is attached to the Declaration of Ashley M. McDow (the "McDow Declaration") as **Exhibit A**.

## SCOPE OF EMPLOYMENT

7.      The Committee seeks to retain the Firm to provide any and all insolvency services that may become necessary during the course of the Bankruptcy Case, including, but not limited to, the following:

a.      To advise and represent the Committee with respect to matters and proceedings in the Bankruptcy Case that may impact or alter the rights, treatment and/or recovery of general unsecured creditors;

b.      To provide the Committee with legal advice regarding its powers and duties under § 1103;

c.      To assist the Committee with the retention and employment of any and all professionals retained by or on behalf of the Committee;

d.      To advise the Committee members with respect to their duties to the bankruptcy estate and other creditors;

e.      To advise and represent the Committee with regard to motions and other developments in the Bankruptcy Case and other related matters;

f.      To advise and, if selected,[2] represent the Committee with respect to recovery of preferential payments and/or fraudulent transfers;

g.      To advise the Committee with respect to potential actions and/or claims against the Debtor, third parties and/or insiders of the Debtor and to prosecute such actions and/or claims as appropriate and necessary; and

---

[2] Although the present scope of Baker's proposed retention includes the representation of the Committee in avoidance actions, the Committee has retained the right to consider and, if deemed appropriate, retain alternate counsel for the prosecution of any or all avoidance actions.  If alternate counsel is selected, the Committee shall seek to employ the selected counsel as special litigation counsel.

APPLICATION TO EMPLOY BAKER & HOSTETLER AS COUNSEL FOR CREDITORS COMMITTEE
603699116.1

h.      To advise and represent the Committee with regard to the negotiation and confirmation of any plan of reorganization.

8.      Baker shall represent only the Committee.  Baker shall not represent any individual member of the Committee or any other creditor or interested party in the Bankruptcy Case.

## DISINTERESTEDNESS

9.      Except as set forth in the McDow Declaration and to the best of Ms. McDow's knowledge, information and belief, (a) Baker does not have any connection with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the Office of the United States Trustee, or with any personal employed in the Office of the United States Trustee, and (b) does not now hold or represent any interest materially adverse to the interests of the bankruptcy estate or of any class of creditors or equity interest holders.  Baker previously represented Koi Systems Ltd. ("Koi"), one of the Petitioning Creditors.  Despite § 1103(b) permitting an attorney to simultaneously represent an unsecured creditors' committee and a constituent member or other unsecured creditor, Baker formally terminated its representation of Koi in this matter prior to its selection as general bankruptcy counsel for the Committee to avoid even the appearance of a conflict of interest.  Neither this nor any of the other connections set forth in the McDow Declaration are disqualifying connections.

## COMPENSATION

10.      Baker has agreed to undertake this matter at the standard hourly rates for its attorneys and paraprofessionals, which as of the date of this Application are as follows:

| Name | Title | Rate |
|------|-------|------|
| Elizabeth Green | Partner | $515.00 per hour |
| Ashley M. McDow | Counsel | $500.00 per hour |
| Lars H. Fuller | Counsel | $420.00 per hour |
| Michael T. Delaney | Associate | $350.00 per hour |
| Andrew Layden | Associate | $280.00 per hour |

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE COMMITTEE
603699116.1

| Harry Garner | Staff Attorney | $350.00 per hour |
| Michael M. Rawles | Paralegal | $215.00 per hour |

These rates are subject to periodic adjustment. If the Firm adjusts its billing rates during its representation of the Committee, the adjusted rate shall apply to all services after the date the rate adjustment goes into effect. The Firm reserves the right to assign tasks to attorneys and paraprofessionals not identified above as necessary and appropriate.

11.     Baker shall bill the bankruptcy estate for all services rendered to the Committee in increment of one-tenth of an hour. Baker shall retain records in the ordinary course of business for time billed to the bankruptcy estate in accordance with all applicable guidelines.

12.     Except as otherwise provided herein, Baker shall also bill the bankruptcy estate for all reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and UST Guidelines. Baker shall retain records in the ordinary course of business for all expenses incurred on behalf of the Committee for which reimbursement may be sought in accordance with applicable law.

13.     Baker has agreed not to bill the bankruptcy estate for any travel time incurred in its representation of the Committee. Baker, however, shall bill the bankruptcy estate for any reasonable and necessary out-of-pocket expenses associated with any travel relating to its representation of the Committee in the course of this Bankruptcy Case.

14.     Baker understands that the approval of any and all compensation in favor of Baker in its capacity as counsel for the Committee that is payable from the bankruptcy estate is subject to §§ 330 and 331.

15.     Baker has not received a retainer to serve as counsel for the Committee.

## **CONCLUSION**

16.     The Committee believes it is necessary to employ Baker as counsel for the Committee to provide the services described above. The Committee believes that the rates charged by Baker are reasonable and commensurate with the services the Firm may be called upon to provide.

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE
603699116.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

17.     The Committee requests that the Court authorize the employment of Baker effective June 25, 2014, the day the Committee selected Baker as counsel.

WHEREFORE, based upon the foregoing, the Committee requests that the Court enter an order authorizing:

1.     The Committee to employ Baker & Hostetler LLP as bankruptcy counsel for the Committee on the terms and conditions set forth herein effective June 25, 2014;

2.     Baker to seek approval of compensation and the reimbursement of expenses as often as permitted under the Bankruptcy Code and/or Bankruptcy Rules or pursuant to any fee procedure order entered in the Bankruptcy Case;

3.     Baker to seek payment of fees and expenses approved by the Court from the bankruptcy estate; and

4.     Such further and additional relief as the Court deems proper.


Dated:    July 3, 2014                    Respectfully submitted,



                                          By:    /s/ Rob Edgeworth
                                                 Rob Edgeworth

                                                 Chairman for the Official Committee of
                                                 Unsecured Creditors

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE
603699116.1

Case: 14-30725    Doc# 114    Filed: 07/03/14    Entered: 07/03/14 12:57:53    Page 6 of 25

## DECLARATION OF ASHLEY M. McDOW

I, Ashley M. McDow, hereby declare:

1. I am an attorney duly admitted to practice before this court and am of counsel at the law firm of Baker & Hostetler LLP, proposed bankruptcy counsel to the Official Committee of Unsecured Creditors in the above-captioned bankruptcy case of *In re HashFast Technologies, LLC*, case no. 14-30725 DM.[3]

2. I have personal knowledge of the matters stated herein and/or have been informed and, based on such information, believe the following to be true. If called as a witness, I could and would testify competently to the same.

3. On or about May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of the Bankruptcy Code against HashFast Technologies, LLC (the "Debtor" or "HFT").

4. On or about June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* [Docket Entry ("D.E.") 36] and *Debtor's Motion to Convert to Chapter 11* [D.E. 35]. On or about June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of Title 11 of the Bankruptcy Code. I am informed and believe that HFT has acted as a debtor in possession pursuant to §§ 1107 and 1108 since conversion of the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.

5. On or about June 23, 2014, the Office of the United States Trustee (the "UST") appointed the following creditors of the Debtor to serve on the Committee:

    a.    Hamilton Hee;

    b.    Sistemas Operativos Sanitarios ca;

    c.    Uniquify, Inc.;

    d.    Antony Vo;

    e.    Koi Systems Ltd.;

    f.    Digimex Ltd.; and

---

[3] All terms defined in the Application shall have the same meaning in this declaration.

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE
603699116.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

g.      Peter Morici.

6.      After formally interviewing multiple law firms on or about June 25, 2014, the members of the Committee selected Baker to act as general bankruptcy counsel for the Committee, subject to Court approval.

7.      I am informed and believe that the Committee selected Baker due to its expertise in the areas of insolvency, reorganization, and other debtor and creditor rights.  A summary of the Firm's qualifications in these areas is attached hereto as **Exhibit A**.

8.      The Committee has proposed that the Firm provide any and all insolvency services the Committee may require during the course of the Bankruptcy Case, including, but not limited to, the following:

a.      To advise and represent the Committee with respect to matters and proceedings in the Bankruptcy Case that may impact or alter the rights, treatment and/or recovery of general unsecured creditors;

b.      To provide the Committee with legal advice regarding its powers and duties under § 1103;

c.      To assist the Committee with the retention and employment of any and all professionals retained by or on behalf of the Committee;

d.      To advise the Committee members with respect to their duties to the bankruptcy estate and other creditors;

e.      To advise and represent the Committee with regard to motions and other developments in the Bankruptcy Case and other related matters;

f.      To advise and, if selected,[4] represent the Committee with respect to recovery of preferential payments and/or fraudulent transfers;

---

[4] Although the present scope of Baker's proposed retention includes the representation of the Committee in avoidance actions, the Committee has retained the right to consider and, if deemed appropriate, retain alternate counsel for the prosecution of any or all avoidance actions. If alternate counsel is selected, the Committee shall seek to employ the selected counsel as special litigation counsel.

g.      To advise the Committee with respect to potential actions and/or claims against the Debtor, third parties and/or insiders of the Debtor and to prosecute such actions and/or claims as appropriate and necessary; and

h.      To advise and represent the Committee with regard to the negotiation and confirmation of any plan of reorganization.

9.      Baker shall represent only the Committee.  Baker shall not represent any individual member of the Committee or any other creditor or interested party in the Bankruptcy Case.

10.      Following the Committee's selection of the Firm as proposed counsel, Baker conducted a comprehensive computerize conflicts check to ensure the Firm was not precluded from representing the Committee.  Based on my review of the results of the conflicts check, I am confident that (a) Baker does not have any connection with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the Office of the United States Trustee, or with any personal employed in the Office of the United States Trustee that would disqualify the Firm, and (b) the Firm does not now hold or represent any interest materially adverse to the interests of the bankruptcy estate or of any class of creditors or equity interest holders.  Notwithstanding the foregoing, and in the abundance of caution, Baker discloses the following relationships:

a.      Baker represented Koi Systems Ltd. ("Koi") as a petitioning creditor at the time the Petitioning Creditors filed the involuntary petition against HFT.  Koi subsequently terminated Baker as counsel with respect to the Bankruptcy Case prior to Baker's selection as counsel for the Committee.  At present, Baker does not represent Koi in any active matters.

b.      Baker represents Jeffrey I. Golden in his capacity as chapter 7 trustee, chapter 11 trustee, receiver, and assignee for the benefit of creditors in unrelated matters.  Jeffrey I. Golden is presently acting as bankruptcy counsel to Koi in the Bankruptcy Case.

c.      I have professional relationships with other attorneys involved in the Bankruptcy Case, including attorneys representing creditors and members of the Committee.

Baker & Hostetler LLP
ATTORNEYS AT LAW
Los Angeles

- 9 -

Although I am acquainted with these attorneys, such social relationship will have no bearing or effect on Baker's representation of the Committee in this Bankruptcy Case.

11.     Baker has agreed to undertake this matter at the standard hourly rates for its attorneys and paraprofessionals, which as of the date of this Application are as follows:

| Name | Title | Rate |
| --- | --- | --- |
| Elizabeth Green | Partner | $515.00 per hour |
| Ashley M. McDow | Counsel | $500.00 per hour |
| Lars H. Fuller | Counsel | $420.00 per hour |
| Michael T. Delaney | Associate | $350.00 per hour |
| Andrew Layden | Associate | $280.00 per hour |
| Harry Garner | Staff Attorney | $350.00 per hour |
| Michael M. Rawles | Paralegal | $215.00 per hour |

These rates are subject to periodic adjustment. If the Firm adjusts its billing rates during its representation of the Committee, the adjusted rate shall apply to all services after the date the rate adjustment goes into effect. The Firm reserves the right to assign tasks to attorneys and paraprofessionals not identified above as necessary and appropriate.

12.     Baker shall bill the bankruptcy estate for all services rendered to the Committee in increment of one-tenth of an hour. Baker shall retain records in the ordinary course of business for time billed to the bankruptcy estate in accordance with all applicable guidelines.

13.     Except as expressly provided herein, Baker shall also bill the bankruptcy estate for all reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and UST Guidelines. Baker shall retain records in the ordinary course of business for all expenses incurred on behalf of the Committee for which reimbursement may be sought in accordance with applicable law.

14.     Baker has agreed to waive attorneys' fees for any travel time incurred in its representation of the Committee. Baker, however, shall bill the bankruptcy estate for any

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

APPLICATION TO EMPLOY BAKER & HOSTETLER AS COUNSEL FOR CREDITORS COMMITTEE

603699116.1

reasonable and necessary out-of-pocket expenses associated with any travel relating to its representation of the Committee in this Bankruptcy Case.

15.    Baker understands that the approval of any and all compensation in favor of Baker in its capacity as counsel for the Committee that is payable from the bankruptcy estate is subject to §§ 330 and 331.

16.    Baker has not received a retainer to serve as counsel for the Committee.


I declare under penalty of perjury that the foregoing is true and correct.  Executed at Los Angeles, California, this 3rd day of July, 2014.


/s/ Ashley M. McDow
Ashley M. McDow

APPLICATION TO EMPLOY BAKER & HOSTETLER AS COUNSEL FOR CREDITORS' COMMITTEE

603699116.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

# BakerHostetler

## Bankruptcy, Restructuring, and Creditors' Rights

**"BakerHostetler is a go-to firm on bankruptcy matters. They are skilled and knowledgeable lawyers who examine all sides of any issue, provide careful analysis and valuable guidance, and forcefully advocate their client's positions."**

— This comment appears on the U.S. News & Best Lawyers "Best Law Firms" website at
bestlawfirms.usnews.com

BakerHostetler's national Bankruptcy, Restructuring and Creditors' Rights team brings rich experience and creativity to the representation of clients across industries and to the full spectrum of issues that arise in stressed and distressed situations.

Drawing on the firm's tradition of deep client relationships and our extensive experience as counsel to companies in major commercial sectors, we bring business advisory skills and strong advocacy to every representation, tailoring solutions to meet each client's unique business needs. In an interview with Chambers & Partners, we were described as, "Excellent from a strategic standpoint, and 'outside-the-box' thinkers who find non-traditional ways to get to the end result." The work of our team is complemented by the strength of our litigation, hospitality, employment, healthcare, tax, corporate, intellectual property, and real estate attorneys across the country.

As tireless advocates for our clients, we have been actively involved in cases that range from the largest and most complex insolvency cases nationally and globally, most notably as counsel to Irving H. Picard, the SIPA Trustee overseeing the liquidation of Bernard L. Madoff Investment Securities LLC (BLMIS), to more modestly-sized cases in which we are equipped to be highly attuned to cost sensitivities. As out-of-court workouts and pre-packaged bankruptcies have become increasingly common in recent years, we have excelled at representing distressed clients of all sizes and restoring them to viability quickly and cost-effectively.

Our team—nearly 50 attorneys strong—includes the first U.S. Trustee for the Southern District of New York; a former senior trial attorney for the U.S. Department of Justice's Office of the U.S. Trustee; former judicial law clerks; and attorneys who have represented the complete array of interests and constituents in out-of-court restructurings, bankruptcy proceedings, and litigation matters.

## Experience

**"I'd give them five out of five. They're the leading experts in this field."**

— Chambers & Partners interviewee

### BakerHostetler as Counsel for Trustees, Receivers and Fiduciaries

- Court-appointed counsel to the Securities Investor Protection Act (SIPA) Trustee Irving H. Picard for the liquidation of Bernard L. Madoff Investment Securities LLC (BLMIS). The SIPA liquidation requires thorough investigation of global banking practices, the feeder fund industry, and financial instruments, among countless other issues surrounding this unprecedented financial fraud. More than 1,000 lawsuits seeking the return of fictitious profits and fraudulent transfers have been filed on behalf of the SIPA Trustee, as part of the ongoing liquidation efforts to marshal assets for ultimate distribution to BLMIS customers with allowed claims. Venues include the U.S. Bankruptcy Court and District Court for the Southern District of New York, the Second Circuit Court of Appeals, and the U.S. Supreme Court, as well as state and several foreign court systems. In the fifth year of the recovery initiative in 2013, the

Customer Fund stands at more than $9.35 billion and over $5 billion has been distributed pro rata to BLMIS customers with allowed claims.

- Counsel to the Trustee in the Fair Finance Company Chapter 7 case pending in U.S. Bankruptcy Court for the Northern District of Ohio. This ongoing matter involves efforts to unravel a $250 million Ponzi scheme and collect funds for distribution to defrauded investors. The case, which entails a national investigation and multimillion-dollar claims against individuals and entities in multiple states, presents novel legal issues due to the unusual circumstances and business practices involved, the complex insider transactions, and parallel state and federal criminal investigations.
- Counsel to the Court-appointed Receiver for Michael Kenwood Group and affiliates pending in the U.S. District Court for the District of Connecticut. This ongoing international Ponzi scheme case involves the largest financial fraud in Connecticut history with investor losses of more than $500 million. Numerous lawsuits have been commenced to recoup investor losses, one of which resulted in a settlement that yielded $250 million for the Ponzi scheme victims.
- Served as counsel for the FDIC as Receiver in four recent bank failures, including complex litigation over unique issues relating to capital commitments made by bank holding companies to their regulators, as well as disputed ownership of hundreds of millions of dollars of tax refunds and fraud and preference claims.
- Represented Jeffrey I. Golden, the Chapter 7 Trustee for the liquidation proceedings of Aletheia Research and Management, Inc., a one-time industry leading asset manager with over $8 billion in assets under management.
- Represented assignees for the Benefit of Creditors in the states of Florida and California, including assignments for developers In re Wetherington Development, LLC, In re Manasota, LLC, and In re RDR Communities, LLC.
- Served as counsel to the Patient Care Ombudsman in the Chapter 11 cases of Daytop Village and affiliates, which was pending in the U.S. Bankruptcy Court for the Southern District of New York. The Patient Care Ombudsman was responsible for monitoring patient care at Daytop's 14 facilities throughout New York City and other parts of New York State, and regularly reporting to the Bankruptcy Court.

## BakerHostetler as Counsel for Debtors

- Served as lead debtors' counsel in the separate Chapter 11 bankruptcy cases of two timeshare developers, Island One Resorts, Inc. and Tempus Resorts International LTD, in which the firm led the successful confirmation of reorganization plans for each of the companies, restructuring over $200 million in debt in each case.
- Served as lead debtors' counsel in numerous hospitality-industry cases, including F.F. Station, LLC d/b/a Church Street Station, a five-acre entertainment complex in downtown Orlando, and numerous other hotels, golf courses, and condo hotels.
- Served as debtor's counsel to the Plaza, LLC, a multi-building office condominium project in downtown Orlando, in which the firm led a successful reorganization.
- Served as lead debtor's counsel for Legacy Healthcare, Inc., successfully reorganizing three nursing homes in upstate New York, and currently representing the buyer of several nursing homes from bankruptcy estates.
- Represented Sarkis Investments Company LLC, a commercial shopping center debtor, in Chapter 11 reorganization efforts worth more than $20 million.
- Served as counsel to a debtor of a multimillion dollar internet company, Specialties West, Inc., a Chapter 11 case which was preceded by a state court receivership, involving a dual-track sale process and reorganization.
- Served as counsel to aerospace supplier Swift-Cor Aerospace, Inc. when it was days away from missing payroll and being forced to shut down operations. Swift-Cor engaged BakerHostetler as counsel for its successful restructuring and sale to Impressa Aerospace.
- Represented Veritrans Specialty Vehicles, a bus and ambulance manufacturer, in its successful sale as part of its Chapter 11 proceeding. The company was sold as a going-concern 21 days after the filing of the case.
- Represented Creative Engineered Polymer Products, an engineered plastic and rubber automotive parts supplier, in the successful sale of its assets as a going-concern through the Chapter 11 process.
- Represented Excello Automotive, a Tier 2 automotive parts supplier, in the sale of its assets through the Chapter 11 process.
- Represented a waste hauling company and a wall coverings manufacturer in the successful sales of their respective assets going-concerns through separate receivership proceedings.
- Represented a diagnostic imaging company in its successful plan confirmation and sale through the Chapter 11 process.

- Represented a distressed pharmaceutical distribution company is its successful out-of-court sale.

**BakerHostetler as Counsel for Creditors, Purchasers of Assets and Other Interested Parties**

- Served as lead counsel for the largest unsecured trade creditor in the Eastman Kodak bankruptcy case filed in the Southern District of New York. BakerHostetler negotiated the resolution of a six-year dispute between the creditor and Kodak.
- Served as counsel to an international baking company in the MF Global Inc. SIPA liquidation pending in U.S. Bankruptcy Court for the Southern District of New York in connection with the clients' customer commodities accounts.
- Represented a telecommunications company that served on the Official Committee of Unsecured Creditors in the Chapter 11 case of Fairport Communications, Inc. and related entities, which successfully confirmed its plan of reorganization.
- Represented a national factoring company in the telecommunication case of In Re Cordia Communications Corporation, et. al.
- Represented Marubeni Specialty Chemicals, Inc. in assignment estate litigation.
- Represented a former investment bank in connection with multiple retention and banking claims matters.
- Represented bondholders in several large Chapter 11 cases.
- Represented the Official Committee of Administrative Claimants in matters relating to the LTV Steel Company, Inc. Chapter 11 bankruptcy. At the outset, the client's constituents expected to receive an approximately 20 percent pay out on more than $165 million in claims, but we were able to secure settlement of a significant lawsuit against former directors and officers of LTV Steel for $85 million.
- Represented a German entity in the purchase of Cardinal Fasteners, Inc., a specialty fastener company, through a bankruptcy sale.
- Represented a large engineered products manufacturing company in the purchase of the secured debt of an insolvent aluminum casting company and the subsequent purchase of the aluminum casting company through a managed receivership proceeding.
- Represented a large, international commercial vehicle manufacturer in multiple workouts with its distressed suppliers.
- Represented a secured creditor in successful out-of-court restructuring of manufacturer of alternative energy products.
- Represented multiple large financial institutions in connection with their derivative exposure arising out of a number of large Chapter 11 cases, including Lehman Brothers, AbitibiBowater, and General Motors.
- Represented a large investment bank in connection with litigation regarding its success fee in a chapter 11 case.

# Recognition

## "I have the highest regard for them. They are working on matters all across the globe."

### — Chambers & Partners interviewee

- Chambers 2014 ranks BakerHostetler's Bankruptcy practice among the leading practices in Florida and Ohio.
- Chambers USA 2014 ranks 10 BakerHostetler bankruptcy partners among our Florida, New York, and Ohio offices.
- BakerHostetler received 2014 "Best Law Firms" National Tier 1 Rankings in the area of Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law from *U.S. News – Best Lawyers®*.
  - Regional Tier 1 rankings were earned in Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law in Cleveland, New York City and Orlando.
  - Regional Tier 1 rankings were earned for Litigation – Bankruptcy in Cleveland and Orlando.
- Eleven lawyers were selected by their peers for inclusion in The Best Lawyers in America© 2014 in bankruptcy-related fields.

Copyright 2013 by Woodward/White, Inc., of Aiken, SC.

# BakerHostetler

## Elizabeth A. Green

**Partner**

**Orlando**
T 407.649.4036 | F 407.841.0168

egreen@bakerlaw.com



### Services

- Bankruptcy, Restructuring, and Creditors' Rights

### Admissions

- U.S. Court of Appeals, Second Circuit
- U.S. Court of Appeals, Eleventh Circuit, 1986
- Florida, 1986

### Education

- J.D., University of Florida Levin College of Law, 1986, with honors, top 5% of class, Order of the Coif
- B.A., New College of Florida, 1984

**"Elizabeth Green...is known as an 'exceptional' bankruptcy attorney. 'She has a practical business sense and she's an effective advocate.'"**

— Chambers USA 2014

Elizabeth Green practices primarily in the areas of bankruptcy and creditors' rights and has represented corporate debtors and secured creditors, unsecured creditors, committees, bondholders and trustees in bankruptcy cases of corporate and individual debtors. Elizabeth also has experience with out-of-court workouts, assignments for the benefit of creditors and in the representation of receivers.

Elizabeth is a member of the Firmwide Policy Committee, the Firm's governing body. She was recently inducted as a Fellow in the prestigious American College of Bankruptcy. She is also an adjunct professor at the University of Florida, Levin College of Law, and is teaching Advanced Bankruptcy in the spring of 2014.

### Experience

- Counsel to ATLC, LTD. Largest unsecured creditor, *In Re Eastman Kodak Company*, pending in the Southern District of New York.
- Debtor's Counsel in the chapter 11 case of Orange County Environmental LLC.
- Lead counsel in the chapter 11 cases of *Island One Resorts, Inc., et al.*: Successfully confirmed the reorganization plan for time share developer debtors with mroe than $200 million in debt.
- Lead counsel in the Chapter 11 cases of *Tempus Resorts International LTD., et al.*: Successfully confirmed the reorganization plan for time share developer debtors with more than $200 million in debt.
- Currently represents timeshare developer with 39 timeshare resorts across the country.
- Debtor's attorney in the successful restructuring and reorganization of Legacy Healthcare, LLC's three nursing homes and its related entities in the Western District of New York.
- Debtor's attorney in the case of Ace Electric LLC, an after market auto parts supplier located in Columbus, Kansas. There was a significant dividend paid to unsecured creditors and bondholders.

- Debtor's attorney for Church Mortgage and Loan Corporation, Inc., a church bond company.
- Debtor's attorney for Clarklift of Orlando, Inc., related to its dealerships across Florida.
- Successfully represented the receiver excused from turnover in the Chapter 11 case of Big Oaks Buick, Inc.
- Extensive experience in both business and residential condominium reorganization cases including Studio Parc, LLC, Cornerstone Orlando, LLC and The Plaza, LLC.
- Extensive experience in hotel reorganizations, including Orlando Hyatt, Hotel Royal Plaza and The Resort at Lake Eve.
- Extensive experience as Debtor's attorney in the manufacturing cases of: Tube Tec, Inc. (steel); Designer's Choice Cabinetry, Inc. (nationwide manufacturer of cabinets) and Ideal Aluminum Products, LLC (Aluminum Fencing Manufacturer).
- Debtor's attorney for AP Military Group, Inc., a $60 million/year produce broker adversely affected by e-coli spinach outbreak.
- Representation of Pringle Holdings, LLC, and affiliates, the second largest developer of retirement housing in Florida.
- Debtor's attorney for F.F. Station, LLC d/b/a Church Street Station, a five acre entertainment complex in downtown Orlando, Florida.
- Successfully defended a Motion to Appoint a Receiver for Church Street Station, LLC, and related entities.

## Recognitions

- Chambers USA: Bankruptcy/Restructuring in Florida (2012 to 2014)
- The Best Lawyers in America© (2006 to present)
  Copyright 2013 by Woodward/White, Inc., of Aiken, SC
  - Orlando: Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law
  - Litigation – Bankruptcy
- Florida "Super Lawyer" (2007 to 2014)
- *Florida Trend* "Legal Elite" (2006 to present)
- *Orlando Magazine* "Top Lawyers" (2006 to present)
- Martindale-Hubbell: AV Preeminent

## Memberships

- American College of Bankruptcy: Fellow
- Central Florida Bankruptcy Bar Association
  - Director (2008 to present)
  - Former President
  - Annual Seminar: former Chair (2009 to 2011, 2013, 2014)
- American Bankruptcy Institute
  - Southeast Advisory Board Member
  - Paskay Seminar: Advisory Board Member
- The Florida Bar
  - Business Law Section
  - 2013 amendments to Assignment for Benefit of Creditors Statute: Ad-Hoc Committee Co-Chair

## Community

- Central Florida Credit Abuse Resistance Education Program (C.A.R.E.) (for high school and college students)
  - Founder
  - Co-Chair

# BakerHostetler

## Ashley M. McDow

**Counsel**

**Los Angeles**
T 310.442.8846 | F 310.820.8859

amcdow@bakerlaw.com



**Services**

- Bankruptcy, Restructuring, and Creditors' Rights

**Prior Positions**

- Boutique insolvency and commercial litigation firm

**Admissions**

- Washington, 2007
- California, 2006

**Education**

- J.D., Loyola Law School, 2006
- B.A., University of Washington, 2003

Ashley McDow practices in bankruptcy and commercial law, focusing on the representation of debtors-in-possession, Chapter 7 and 11 trustees and other entities in bankruptcy proceedings. With experience representing clients on both sides of bankruptcy matters, Ashley has a holistic understanding of bankruptcy proceedings.

Ashley serves as the editor on the editorial board of the *California Bankruptcy Journal*. She has authored a number of publications on bankruptcy topics, including perfection of security interests in intellectual property and the enforcement of state court judgments in bankruptcy, and is a guest lecturer at the University of California, Irvine School of Law on insolvency and restructuring matters.

## Experience

- Ashley represented a receiver in a complex Ponzi scheme, in which she prosecuted more than 300 fraudulent conveyance issues and recovered approximately $10 million for the benefit of hundreds of investors involved. Additionally, her team worked closely with local and national criminal authorities in order to facilitate the extradition of the defendant.
- Ashley has represented numerous creditors holding millions of dollars in claims being pursued for fraudulent conveyance issues in Ponzi schemes.
- A major international bank was sued for nearly $10 million in connection with a large Ponzi scheme. Ashley defended the bank, and her ability to anticipate the actions and work of the opposing counsel, and advise her client on the best ways to counteract the opposition, allowed her client to settle the case for $20,000.
- With experience representing debtors-in-possession, Ashley most recently served as counsel for a multimillion-dollar Internet company. In the course of that representation, Ashley litigated issues of first impression in the Ninth Circuit, and orchestrated a dual track exit strategy for her client, which centered around an intricate sale process, as well as a complex reorganization. At the outset of the case, Ashley was involved in extensive litigation with the former receiver of the company with respect to unique matters regarding the intersection between receivership and bankruptcy law.

## Recognitions

- Southern California Super Lawyers "Rising Star" (2011 to 2014)

## Memberships

- Los Angeles County Bar Association
  - Commercial Law Executive Committee: co-chair
- Commercial Law League of America
- Financial Lawyers Conference

# BakerHostetler

## Lars H. Fuller

**Counsel**

**Denver**
T 303.764.4114  | F 303.861.7805

lfuller@bakerlaw.com

### Services

- Bankruptcy, Restructuring, and Creditors' Rights
- Debt Finance
- Private Equity and Venture Capital
- Complex Commercial Litigation

### Prior Positions

- Jessop & Company, P.C.: Associate
- Rothgerber Johnson & Lyons LLP: Associate
- Connolly, Halloran & Lofstedt, P.C.: Associate
- Law Clerk for the Honorable Patricia Clark in the U.S. Bankruptcy Court for the District of Colorado
- Law Clerk for the Honorable A. Bruce Campbell in the U.S. Bankruptcy Court for the District of Colorado

### Admissions

- U.S. District Court, District of Colorado, 1995
- U.S. District Court, District of Nebraska, 2006
- Colorado, 1995

### Education

- J.D., University of Colorado Law School, 1995
- B.A., English and Philosophy, University of Southern California, 1990

Lars Fuller is a commercial attorney with particular experience in bankruptcy and distressed circumstances. He focuses his practice on transactions, restructurings, and litigation related to troubled company situations. Lars draws from a depth of knowledge to design unique solutions to complicated problems, ensuring long-term success for his clients.

### Experience

- Represents Irving H. Picard, Trustee for the SIPA liquidation of Bernard L. Madoff Investment Securities LLC, in connection with BakerHostetler's role as counsel.
- Represented privately held entity with excess of $30 million in debt resolution and windup outside of bankruptcy.
- Represented oil and gas developer in recovery of more than $1 million from executory contract in chapter 11 bankruptcy pending in the Northern District of Texas.
- Represented landlord in recovery of post-petition rents in chapter 11 bankruptcy of national retailer penning in Delaware.
- Represented international preference defendant in bankruptcy litigation defending claim in excess of $900,000.
- Representing Committee of Unsecured Creditors holding claims in excess of $30 million in bankruptcy of title insurance agent and subsidiaries.
- Represented oil and gas supplier as creditor in chapter 11 bankruptcies involving secured and unsecured claims.
- Represented minerals producer in start-up, development, and litigation.
- Represented Chair of Unsecured Creditors Committee in chapter 11 bankruptcy of Debtor having debts in excess of $20 million.
- Represented secured creditor holding $8 million claim in condominium complex owned by chapter 11 debtor. Evaluated and advised creditor on cash collateral issues, relief from stay, disclosure statement, and plan issues.
- Represented bank holding $16 million claim secured by real estate and cattle held by individual and entities and located in multiple states. Coordinated Article 9 foreclosure and advisement of bank following involuntary bankruptcy filed against debtor.

- Represented commercial debtor with excess of $3 million debt in wind-up outside of bankruptcy.
- Represented aircraft lessor holding claims in excess of $10 million in chapter 11 bankruptcies.
- Represented reorganization chapter 11 commercial debtor with more than $3 million in gross annual revenues. Drafted statement of financial affairs, schedules, monthly operating reports, disclosure statement, and plan.
- Represented bank holding claim in excess of $400,000 secured by cattle and personalty. Evaluated Article 9 rights and remedies, title issues, and estate claims and negotiated resolution with chapter 7 bankruptcy trustee.
- Represented commercial landlord of 185,000 square foot building and $9 million future rent claim with tenant in chapter 11, advising client of bankruptcy rights and remedies.
- Represented bankruptcy trustee of estate having claims one excess of $30 million and assets valued between $5 and $10 million in avoidance suits.
- Represented international company in sale of assets, liquidation litigation, and wind-up.
- Represented borrower in refinancing of $3 million plus debt for apartment complex.
- Represented secured lender with claim in excess of $300,000 in chapter 11 bankruptcy, evaluating disputed lien priority issues, cash collateral issues, and default remedies.

## Memberships

- American Bankruptcy Institute (ABI Volo Project Editor)
- Colorado Bar Association
- Denver Bar Association
- Faculty of Federal Advocates

# BakerHostetler

## Michael T. Delaney

**Associate**

**Los Angeles**
T 310.442.8858  | F 310.820.8859

mdelaney@bakerlaw.com

### Services

- Bankruptcy, Restructuring, and Creditors' Rights

### Prior Positions

- Large National Law Firm: Bankruptcy Associate
- The Honorable Ernest M. Robles of the United States Bankruptcy Court for the Central District of California: Law Clerk
- Washington, D.C. boutique intellectual property and Internet law firm: Litigation Associate

### Admissions

- California

### Education

- LL.M., Intellectual Property Law, The George Washington University Law School, 2009
- J.D., Chapman University School of Law, 2008
- B.A., University of Southern California, 2005

Michael Delaney practices in the area of insolvency and business litigation with a focus in bankruptcy, commercial law, and intellectual property law. Michael utilizes his broad experience and insights gained while serving as a federal law clerk to offer clients a balanced approach to protecting tangible and intangible business assets and reorganizing business operations. He has experience representing corporations reorganizing under chapter 11, chapter 7 and 11 trustees, secured creditors in chapter 11 bankruptcy cases, and receivers.

Michael serves in leadership positions in several professional organizations, including the California Bankruptcy Forum, and has published numerous articles on insolvency and intellectual property related matters.

### Experience

- Michael represented a Korean bank holding a multimillion-dollar claim secured upon a car wash and its tangible and intangible assets in the course of the car wash owner's individual chapter 11 reorganization. Through valuation proceedings and objecting to the proposed plan, Michael was able to obtain a higher value for the secured claim and significantly more beneficial terms for the treatment of the claim during the course of the plan.
- Michael represented a bank holding a multi-million dollar claim secured upon prime real estate in Beverly Hills during the chapter 11 reorganization of the owner. Ultimately, the representation resulted in the sale of the collateral and payment of the bank's claim in full.
- During his clerkship, Michael was involved in a variety of chapter 11 cases, including the reorganization of a bank holding company, the controlled liquidation of a hardware retail company, the reorganization of an entertainment company, the reorganization of a national scaffolding company, and the reorganization of multiple commercial and residential real estate investment ventures.
- In the realm of intellectual property, Michael represented a Brazilian energy drink company in multinational intellectual property litigation regarding the ownership of certain trademarks and copyrights resulting from the breakdown of a joint venture to facilitate the manufacture and sale of the energy drink in the United States market. Michael also

represented multiple international non-profit organizations and multi-national companies in litigation and administrative proceedings to enforce his clients' trademarks and copyrights against domain name cybersquatters and vendors of counterfeit goods.

### Memberships

- California Bankruptcy Forum
  - 2014 Annual Conference, Young Insolvency Professionals Program: Co-Chair
  - 2013 Annual Conference, Mediation Panel of the Young Insolvency Professionals Program: Producer
- Los Angeles Bankruptcy Inn of Court

# BakerHostetler

## Andrew V. Layden

**Associate**

**Orlando**
T 407.649.4070  | F 407.841.0168

alayden@bakerlaw.com

### Services

- Bankruptcy, Restructuring, and Creditors' Rights

### Prior Positions

- Law Clerk to the Honorable Caryl E. Delano of the United States Bankruptcy Court for the Middle District of Florida

### Admissions

- U.S. District Court, Northern District of Florida
- U.S. District Court, Middle District of Florida
- U.S. District Court, Southern District of Florida
- Florida

### Education

- J.D., University of Florida Levin College of Law, 2010; *cum laude*; Articles Editor, *Florida Law Review*; Book Awards: Tort Litigation, Law & Economics, Employment Law
- B.S., Finance, The Florida State University, 2007, *cum laude*

Andrew Layden practices primarily in the areas of bankruptcy and creditor rights. Andrew has represented corporate debtors, secured creditors, unsecured creditors and trustees in corporate and individual bankruptcy cases. Andrew also represents parties to commercial litigation, including contract disputes, commercial foreclosures and collection matters.

### Experience

- Team member in the representation of ATLC, Ltd., one of the largest unsecured creditors in the bankruptcy case of *In re Eastman Kodak*.
- Team member in the Chapter 11 bankruptcy cases of Orange County Environmental, LLC *et al.*
- Team member in the Chapter 11 bankruptcy case of Church Mortgage and Loan Corporation, a church bond company.
- Successfully represented unsecured creditors in prosecution of motion to dismiss or convert individual Chapter 11 case to Chapter 7.
- Successfully represented assignee in the assignment for the benefit of creditors proceeding of Lake Mary Logistics, Inc., a postal contractor.

### Memberships

- American Bankruptcy Institute
- Business Law Section of Florida Bar
- Central Florida Bankruptcy Bar Association
- Orange County Bar Association

### Pro Bono

- Works for Middle District of Florida Bankruptcy Pro Se Clinic, offering information and guidance to individuals who choose to represent themselves in U.S. Bankruptcy Court.