KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for the Debtors
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, et al.,[1]<br><br>Debtors. | Case No. 14-30725<br><br>(Jointly Administered with HashFast LLC, Case No. 14-30866)<br><br>Chapter 11<br><br>**SUPPLEMENTAL BRIEF WITH RESPECT TO DEBTORS' MOTION TO AMEND GAP PERIOD STIPULATION** |

The Debtors file this supplemental brief in support of their Motion to Amend Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief (the "Motion") [Docket No. 68], which seeks to amend the *Stipulated and*

---

[1] The Debtors are HashFast LLC (FEIN 46-2943354) and HashFast Technologies LLC (FEIN 38-3913245).

*Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order* [Docket No. 31]. This supplemental brief is intended to inform the Court of developments since the last hearing on this Motion that occurred on Monday, July 7, 2014.

Since the Monday hearing, the Debtors and The Official Committee of Unsecured Creditors (the "Committee") have been heavily engaged in trying to settle and resolve disagreements concerning the Motion. Debtors have listened to the Committee's concerns, and have tried to address them through the terms set forth in a revised Stipulated Order, attached hereto as Exhibit "A." The Stipulated Order limits inventory that can be sold to a marginal amount of total inventory, reduces executive compensation, and creates a 10% net cash reserve from sales proceeds, at the request of the Committee. Debtors also listened to the Committee's requests for documentation, and provided the Committee with all of the documentation that it requested, despite very tight time constraints in gathering and producing the documents. This documentation includes:

- Revenues as of May 10, 2014, showing a net cash flow of $80,856 that plummeted in the negative in June 2014 due to the constraint on sales, as well as cash flow projections through the end of August 2014 that show an estimated projected net cash flow of $536,491 by the end of August 2014, assuming the ability to sell;

- A schedule of current cash on hand of $10,315, plus 3.84731488 in current Bitcoins, as of Monday, July 7, 2014. Since Monday, this cash on hand has depreciated due to payments on employee medical insurance, of which Debtors are still short by over $8,000. Just yesterday, Debtors received a notice that their insurance provider was going to terminate their medical insurance for employees at midnight unless Debtors paid the current portion of the bill due. Debtors did not, and do not, have the funds to pay that insurance and their employees' medical insurance is now at risk of immediate termination, if it did not terminate already at midnight;

- A summary of employee roles and job descriptions delineating the tasks of each of the seven (7) employees and three (3) contractors that already have been cut from approximately

2

Case: 14-30725   Doc# 125   Filed: 07/11/14   Entered: 07/11/14 11:28:10   Page 2 of 10
US_100835313v1_385402-00007 7/11/2014 11:01 AM

thirty-five (35), including contractors, as of April, with additional reductions of approximately four (4) to five (5) service type contracts;

- Operating expense forecasts for July 2014, specifying in detail operational expenses, payroll, manufacturing costs, payments to suppliers for sales, and shipping costs;

- A liability status chart showing remaining obligations of HashFast Technologies of $3,017,677.97 in refund requested, $3,709,977.21 in unfilled orders, and $6,046,763 for Liquid Bits' claim. The Debtor and Liquid Bits plan to seek approval of a transaction that will compromise Liquid Bits' claim against the estates;

- An extensively detailed list of all inventory since the involuntary petition date;

- An outline of a reorganization plan; and

- Terms of the proposed sale.

Due to confidentiality concerns, this documentation is not being submitted as an exhibit hereto, but can be provided upon request of the Court, with reasonable protective measures in place.

In response to the Stipulated Order and the documentation provided to the Committee, the Committee raised further issues with the Stipulated Order, primarily surrounding compensation of employees and a further cash reserve of funds from sales. More specifically, the Committee has requested that three (3) employees defer compensation, to work for free until a sale or plan is confirmed, without, what Debtors believe to be, meaningful business or legal justification. These employees, who hold the roles of President-Chief Technology Officer, sales manager, and Chief Marketing Officer-Vice President of Operations, are the major drivers of the value and sales, and without them such value and sales cannot be realized, expenses cannot be paid, and value to the estate will be minimized. Two of these salaries have been voluntarily reduced in the Stipulated Order, and Debtors have agreed to reduce two (2) more engineering staff who are working on next generation chips, at the Committee's request, as further set forth in the Stipulated Order. Retaining the individuals with the relationships and know how to facilitate sales in this market will greatly impair the Debtors' ability to maximize value for the estate, and requesting that these

employees defer compensation, without the ability to pay monthly personal expenses,[2] poses a great challenge to retention.

As a result of these issues, Debtors and the Committee have engaged in extensive negotiations to try to resolve the Committee's issues, including during the course of last night and continuing into today. Although headway was made, the ability to reach a consensual resolution regarding the Motion presently is unclear, though still being worked towards. What is clear, however, is that without the ability to proceed with the sale of inventory, the Debtors have no chance of success.

Since Monday, the Debtors have lost a sale that was on the table for 600 chips, which, Debtors were informed, was the direct result of their inability to sell inventory after Monday's hearing. That sale would have resulted in $105,000 to pay expenses, including the employee medical insurance that was not able to be paid in full. Debtors are out of cash to pay basic expenses, including employee salaries and medical costs, and the sales-less future is dire. In addition, the marketable value of the equipment used in Bitcoin mining (including Sierra units, Golden Nonce Chips and wafers) has declined approximately 13% every ten (10) days over the past two months, and took a rapid decline of 20% at the end of June (most likely due to large mining capacity being brought on line).[3]

The inability to sell chips and chips' worth of wafers, along with non-chip inventory, negatively affects, and will continue to negatively affect, Debtors' ability to operate, to innovate in a constantly evolving market, and to invest in current and future technology, and Debtors will be forced to shut down. Although the Committee previously indicated that it might want this, Debtors believe that that notion is short sighted and incorrect. Debtors have put together a term

---

[2] There appears to be controversy concerning payment of Mr. Simon Barber's salary, which the Committee seeks to defer. Unfortunately, Mr. Barber cannot meet his expenses for him and his family, including wife and two young children, if his salary were deferred for reasons that can be stated on the record, and he has earned his accrued vacation time which is set forth in his signed offer letter and allowed by law. He simply will not have enough resources to sustain him and his family until a sale is approved or plan is confirmed, particularly if delay occurs. He is a lifeblood of the company, and the inability to retain him will negatively affect the Debtors' ability to maximize value for the estate.

[3] See Declaration of Monica Hushen in support of this Supplemental Brief, which provides necessary information to explain this depreciation and reasons for it.

4

Case: 14-30725   Doc# 125   Filed: 07/11/14   Entered: 07/11/14 11:28:10   Page 4 of 10
US_100835313v1_385402-00007 7/11/2014 11:01 AM

sheet that would maximize the most value for the estate, but that involves being able to operate until the sale motion can be filed, heard, and hopefully approved. A premature shutdown, without giving Debtors the opportunity to reorganize, is not a result that creditors would want if they truly understood the consequences. Thus, Debtors respectfully request the Court to grant their Motion on the limited basis contained in the Stipulated Order, or on such other terms as Debtors and the Committee may agree.

Dated: July 11, 2014

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By: /s/ Jessica M. Mickelsen
Counsel for Debtors
HashFast Technologies LLC and HashFast LLC

5

Case: 14-30725    Doc# 125    Filed: 07/11/14    Entered: 07/11/14 11:28:10    Page 5 of 10
US_100835313v1_385402-00007 7/11/2014 11:01 AM

# EXHIBIT A

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for the Debtors
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, et al.,[1]<br><br>Debtors. | Case No. 14-30725<br><br>(Jointly Administered with HashFast LLC, Case No. 14-30866)<br><br>Chapter 11<br><br>**STIPULATED ORDER BY AND AMONG THE DEBTORS AND THE CREDITORS' COMMITTEE WITH RESPECT TO DEBTORS' MOTION TO AMEND GAP PERIOD STIPULATION** |

This matter having come before this Court on the Debtors' Motion to Amend Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief (the "Motion"); the Court having reviewed the Motion, having heard the

---

[1] The Debtors are HashFast LLC (FEIN 46-2943354) and HashFast Technologies LLC (FEIN 38-3913245).

arguments of the Debtors and The Official Committee of Unsecured Creditors (the "Committee"), and certain other creditors of the Debtors at the hearing on June 27, 2014; the Court being advised that the Debtors and the Committee have met, conferred, and reached a stipulation they have requested be incorporated into an order; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted only as set forth herein.

2. The Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order [Docket No. 31] is vacated and replaced by the terms of this Stipulated Order.

3. Subject to the other provisions of this Paragraph 3, the Debtors may operate only in the ordinary course of its business, provided, however;

   (a) The Debtors will not pay or otherwise dispose of its assets to insiders other than payment to employees of customary wages and expense reimbursements for current pay periods;

   (b) The Debtors may sell: (a) chip and wafer inventory consisting of up to a total of 3,000 chips and 5,000 chips' worth of wafers during the pendency of this case (or such larger total number as the Committee may approve in writing or approved by order of the Court), and (b) any non-chip inventory (including chasses, power supplies, coolers, fans) that are system components of the chips or chips' worth of wafers to maximize the value in the market of those sales, or $200,000 per month (gross) of non-chip inventory sold independently of the chips and chips' worth of wafers (or such larger total number as the Committee may approve in writing or approved by order of the Court), in each case for cash and otherwise in the ordinary course at prices not below those market prices established by the Debtors and that have been or will be confidentially shared in writing with counsel to the Committee, who has agreed only to share such confidential information with members of the Committee reasonably agreed by and among the Debtors and counsel to the Committee (collectively, the "Ordinary Course Sales"). The Debtors will set aside 10% of the net cash proceeds from the Ordinary Course Sales after payment of all

2

Case: 14-30725    Doc# 125    Filed: 07/11/14    Entered: 07/11/14 11:28:10    Page 8 of 10
US_100818343v4_385402-00007 7/9/2014 6:38 PM

related expenses on the submitted budget into a segregated, non-fee accruing account by mutual agreement of the parties that will be held during the course of the Debtors' bankruptcy cases (the "Case").

4. The Debtors shall provide to the Committee a schedule of anticipated disbursements projected over the next 2 weeks, and shall update such schedule every second week.

5. The Debtors shall reduce executive compensation that was submitted as part of the Operating Expense Forecast through the end of July 2014 as follows: (a) Eduardo DeCastro will be moved to a commission only structure effective July 16, 2014, following payment of pending payroll on July 15, 2014, which shall be capped at 5% of gross margin on sales that Eduardo generates; (b) Simon Barber will take a temporary pay cut of $25,000, reducing his annual salary from $220,000 to $195,000 effective July 16, 2014, following payment of pending payroll on July 15, 2014, and lasting until the next payroll cycle on August 16, 2014, subject to further comments from the Committee and Debtors before that time; and (c) two engineering staff reductions, subject to comments of the Committee on whether to retain these staff to assist with the development and design of the next generation chip.

6. Any further sales of inventory and equipment outside of this Stipulated Order shall require written approval of the Committee, which shall not be unreasonably withheld. Upon receipt of any proposal from Debtors to sell further inventory or equipment, the Committee shall respond within 48 hours, on the next business day, with any comments, concerns, or questions, to which Debtors shall timely respond. The Committee and the Debtors further agree to resolve, within reason, any such comments, concerns or questions to the mutual satisfaction of all parties without resort to Court action, unless necessary.

7. Counsel to the Committee and each member of the Committee who receive any price lists associated with this Stipulated Order shall hold such lists in strict confidence and may not share or use such information in any manner. Counsel to the Committee and each member of the Committee will otherwise take reasonable steps to protect the confidentiality of the information from disclosure to third parties.

3

8. This Stipulated Order may be modified by a further Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____
Counsel for the Debtors HashFast Technologies LLC and HashFast LLC

Dated: _____
Counsel for The Official Committee of Unsecured Creditors

**IT IS ORDERED** that the forgoing agreement is approved in its entirety.

*END OF ORDER*

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

4

Case: 14-30725    Doc# 125    Filed: 07/11/14    Entered: 07/11/14 11:28:10    Page 10 of 10
US_100818343v4_385402-00007 7/9/2014 6:38 PM