Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:       amcdow@bakerlaw.com
             mdelaney@bakerlaw.com

[Proposed] Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Case No.: 14-30725<br><br>(Jointly Administered with HashFast, LLC, Case No. 14-30866)<br><br>Chapter 11<br><br>[No Hearing Required]<br><br>[Proposed Order Filed Concurrently] |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER AUTHORIZING EXAMINATION OF MONICA HUSHEN PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned proposed counsel[1], and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "FRBP" or "Bankruptcy Rules") and B.L.R. 2004-1, files this motion seeking entry of an order authorizing the examination of Monica Hushen (the "Motion") and

---

[1] On July 3, 2014, the Committee filed its Application to Employ Baker & Hostetler LLP as Bankruptcy Counsel (D.E. 114). As of the date of this Motion, no order has been entered on the application.

- 1 -

MOTION FOR ORDER AUTHORIZING EXAMINATION OF MONICA HUSHEN PURSUANT TO FRCP 2004

memorandum of law in support of the Motion (the "Memorandum"). In support of this Motion, the Committee states as follows:

## BACKGROUND

1. On or about May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against HashFast Technologies, LLC ("HFT").

2. On or about June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* [D.E. 36] and *Debtor's Motion to Convert to Chapter 11* [D.E. 35]. On or about June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. Thereafter, HFT has acted as a debtor in possession pursuant to §§ 1107 and 1108.

3. On June 6, 2014, HashFast, LLC ("HF," and collectively with HFT, the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4. On or about June 23, 2014, the Office of the United States Trustee (the "UST") appointed the following creditors of HFT to serve on the Committee:

   a. Hamilton Hee;
   b. Sistemas Operativos Sanitarios ca;
   c. Uniquify, Inc.;
   d. Antony Vo;
   e. Koi Systems Ltd.;
   f. Digimex Ltd.; and
   g. Peter Morici.

On June 25, 2014, the members of the Committee selected Baker & Hostetler, LLP to act as general bankruptcy counsel for the Committee, subject to Court approval. On July 3, 2014, the Committee filed its *Application to Employ Baker & Hostetler LLP as Bankruptcy Counsel* [D.E. 114].

///

- 2 -

MOTION FOR ORDER AUTHORIZING EXAMINATION OF MONICA HUSHEN PURSUANT TO FRCP 2004

5. On July 8, 2014, this Court granted the Debtors' motion to jointly administer the case of Hashfast, LLC with the case of its wholly-owned subsidiary HashFast Technologies, LLC [D.E. 121].

6. On July 10, 2014, after a request by the Debtors, the Court entered an order designating Ms. Hushen as the individual responsible for each of the Debtors' respective duties and obligations during these Chapter 11 cases [D.E. 122].

7. The Committee is in the process of gathering information regarding the Debtors, and believes the examination of Ms. Hushen is necessary for the Committee to obtain a comprehensive understanding of the Debtors' financial condition and operations. Ms. Hushen is the current Chief Financial Officer for both of the Debtors, and has significant knowledge regarding the Debtors' financial condition and operations.

8. The Committee's proposed counsel has discussed the proposed Rule 2004 examination of Ms. Hushen with Debtors' counsel. After conferring with Debtors' counsel, the parties were able to tentatively coordinate a mutually agreeable time and place to take the examination as well as discuss the scope of the examination and document production. The examination of Ms. Hushen is tentatively scheduled to take place at the offices of Baker & Hostetler, LLP, which is located at 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025, on **July 17, 2014, at 10:00 a.m. PST.** Additionally, on or before the examination, the Debtors have agreed to make a good faith effort to produce the documents listed on **Exhibit A** attached hereto.

### RELIEF REQUESTED

The Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**: (i) granting this Motion; (ii) requiring Ms. Hushen to appear for her Rule 2004 examination on July 17, 2014 at the above-listed time and location; and (iii) granting all other relief that is appropriate under the circumstances.

///

///

///

- 3 -
MOTION FOR ORDER AUTHORIZING EXAMINATION OF MONICA HUSHEN PURSUANT TO FRCP 2004

Case: 14-30725    Doc# 129    Filed: 07/14/14    Entered: 07/14/14 20:32:11    Page 3 of 18
603774333.1

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION

Pursuant to Bankruptcy Rule 2004(a) and (b), on motion of any party in interest, the court may order the examination of any entity in connection with the acts, conduct or property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate. The subject matter of this proposed examination will relate to the Debtors' financial condition and the Debtors' day-to-day operations, as permitted by F.R.B.P. 2004. In addition, the documents that the Committee seeks will assist the Committee in conducting the examination.

This examination cannot proceed under Bankruptcy Rules 7030 or 9014, because the Committee has not commenced any adversary proceedings or contested matters in this bankruptcy case. The scope of examinations pursuant to Federal Rule of Bankruptcy Procedure 2004 is broad and far reaching. *In re Sunridge Associates* (Bankr. E.D. Cal. 1996) 202 B.R. 761, 762. In addressing the scope of discovery under Rule 2004, the United States Bankruptcy Court for the Southern District of New York stated:

> The purpose of a rule 2004 examination is to allow the court to gain a clear picture on the condition and whereabouts of the bankrupt's estate. See *Cameron v. United States*, 231 U.S. 710, 34 Supreme Ct. 244, 58 L.Ed. 448 (1914). The examination of witnesses having knowledge of the Debtor's acts, conduct, liabilities, assets, etc., is therefore proper. See *In re GHR Energy Corp.*, 35 B.R. 534, 11 B.C.D. 312 (Bankr. D.Mass. 1983), and the inquiry may 'cut a broad swath through the Debtor's affairs, those associated with him, and those who might have business dealings with him.' *In re Mantolesky,* 14 B.R. 973, 976 (Bankr. D.Mass. 1981). *In re Johns Mannville Corp.*, 42 B.R. 362, 364 (D.C.S.D. N.Y. 1984).

The testimony and documentation that the Committee seeks from Ms. Hushen will enable Committee to gain a comprehensive understanding of the Debtors' financial condition and operations. As such, the Committee's request to conduct this examination of Ms. Hushen clearly falls within the scope of FRBP 2004.

///
///
///
///
///

- 4 -

| | |
|---|---|
| 1 | Based upon the foregoing, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B**: (i) granting this Motion; (ii) requiring Ms. Hushen to appear for her Rule 2004 examination on July 17, 2014 at the above-listed time and location; and (iii) granting all other relief that is appropriate under the circumstances. |

Dated: July 7, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
Ashley M. McDow
Michael T. Delaney

[Proposed] Attorneys for OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# EXHIBIT A

# OMNIBUS RULE 2004 DOCUMENT REQUEST

## DEFINITIONS AND INSTRUCTIONS

A. "COMMUNICATIONS" shall mean and refer to any transmission of information orally, by DOCUMENT(S), or by any other medium, including, but not limited to any of the following: conversations, discussions, interviews, meetings, and conferences, whether in person, by telephone, or by some other medium, correspondence, letters, memoranda, telegrams, telexes, mailgrams, e-mail, instant communication, text message, or any other transmission of information by computer or word processing system, or any other medium.

B. "COMPANY" and "COMPANIES" shall mean and refer to individually and/or collectively the DEBTOR and HASHFAST.

C. "DEBTOR" and "HFT" shall mean and refer to individually and/or collectively Hashfast Technologies, LLC, a California limited liability company, and any subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

D. "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest sense possible and mean and/or refer to any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things for which information can be processed, transcribed or retrieved, whether originals, copies of drafts (including, without limitation, non-identical copies), however produced or reproduced. This shall include, but not be limited to, all retrievable information in computer storage, metadata, photographs, videotapes, letters, telegrams, correspondence, contracts, agreements, invoices, teletype message, notes, reports, mechanical sound recordings, or transcripts thereof, calendars and calendar entries, memoranda or minutes of telephone or personal conversations or minutes of conferences. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. A draft or non-identical copy is a separate document within the meaning of the term.

E. "EMPLOYEE" and/or "EMPLOYEES" shall mean and refer to members, shareholders, owners, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf of the COMPANIES or either COMPANY.

F. "FINANCIAL STATEMENT" or "FINANCIAL STATEMENTS" shall mean and refer to any DOCUMENT that RELATES to the finances, monetary holding, investments, and/or financial

performance, of the COMPANIES or either COMPANY, including, but not limited to, any bank account statements, brokerage accounts, tax returns, cash flow statements, income statements, expense reports, profit and loss reports, records of monetary transactions or holdings, securities portfolios, or any other investments, whether such reports, statements or accounts dealing in national currencies, Bitcoin, or any other currency or money equivalent, whether or not such statement is audited or the information contained therein otherwise verified.

G. "HASHFAST" shall mean and refer to individually and/or collectively Hashfast, LLC, a Delaware limited liability company, and any subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

H. "INTELLECTUAL PROPERTY" or "IP" shall mean and refer to any trademarks (whether protected under federal or common law), trademark applications, trade names, service marks, copyrights, patents, patent applications, trade secrets, physical representation of designs such as masks for manufacture of silicon wafers, substrates and circuit boards, and/or any other intangible item, asset, idea, or concept that may be protected by any of the aforementioned means, whether under laws of the United State or any other jurisdiction.

I. "INVENTORY" shall mean and refer to any existing, tangible item the DEBTOR may sell or advertise for sale in the ordinary course of its business, including, but not limited to, computers, computer chips, wafers, and/or the components of any of the preceding, as well as any hardware associated with or potentially used in the mining of Bitcoins.

J. "RELATE," when used with reference to any particular subject matter, shall mean to embody, pertain to, consist, constitute, contain, reflect, identify, state, refer or relate to, deal with, comprise, discuss, summarize, describe, or be in any way pertinent to the subject matter.

K. DOCUMENTS from any single file should be produced in the same order as they were found in such file. If copies of DOCUMENTS are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the originals. Labels or other file designations should be produced and copied.

L. If, after conducting a reasonable investigation, a complete answer cannot be provided for a request for production, state that such is the case, and answer to the fullest extent possible, stating what responsive DOCUMENTS or information are available, what DOCUMENTS or information cannot be provided, why the DOCUMENTS or information are unavailable, what efforts were made to obtain the unavailable DOCUMENTS or information, and the name and address of the last known custodian of the unavailable DOCUMENTS or information.

M. With respect to those Documents or portions of Documents withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that Documents are produced, which list shall identify each document withheld and with respect to each such document, (a) identify the privilege claimed, the nature (e.g. letter, memorandum, etc.), (b) set forth its (i) date, (ii) author(s), (iii) the names of all persons to whom such document was directed or by whom it has been received, (iv) its sender(s) and indicated or blind copy recipient(s), (c) identify its subject matter and set forth the number of its pages, (d) identify the paragraph(s) of this document request to which it relates, and (e) identify by name and address of its present custodian(s). If a portion of an otherwise responsive document contains information subject to a claim or privilege, those portions of the document subject to the claim or privilege shall be deleted or redacted from the document (and such deletion or redaction noted on the document) and the rest of the document shall be produced.

N. If not otherwise specified, the relevant time period shall be from the creation of the DEBTOR and/or HASHFAST to the present. In the event a request references the COMPANIES collectively, the applicable time period shall be from the creation of the DEBTOR or HASHFAST, which ever date is earlier, to the present. As used in this paragraph, the term "creation" refers to the initial inception of the applicable entity(ies) or any predecessor entity.

O. The use of the singular form of any word includes the plural and vice versa.

P. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the information requested all responses that might otherwise be construed to be outside of its scope.

Q. The Documents produced in response to this Request shall be: (1) organized and designated to correspond to the categories in the requests; or (2) produced in a form that accurately reflects how they are maintained in the ordinary course of business.

R. In responding to these document requests, you are required to furnish all Documents that are available to you or subject to your reasonable inquiry, including Documents in the possession of your agents, representatives, advisors, attorneys (unless privileged), or other persons directly or indirectly employed by or connected with Plaintiff or his attorneys, and anyone else otherwise subject to your control.

S. All Documents are to be produced in their entirety in the original form, without abbreviation or expurgation, including both front and back thereof, and all attachments or other matters affixed thereto.

T. In the event that a document called for by this document request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as

603761191.2

Case: 14-30725    Doc# 129    Filed: 07/14/14    Entered: 07/14/14 20:32:11    Page 9 of 18

possible, including without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reasons for disposal; person(s) authorizing the disposal; persons having knowledge of the disposal; and person disposing of the document.

U. Where an objection is made to any request, the objection shall state with specificity all grounds therefore. Any ground not stated in an objection shall be waived.

## DOCUMENTS REQUESTED

1. Any and all DOCUMENTS that RELATE to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE.

2. Any and all DOCUMENTS that RELATE to any change or alteration to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE.

3. Any and all COMMUNICATIONS that RELATE to any change or alteration to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE.

4. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by either COMPANY.

5. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by either COMPANY.

6. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY relating to any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

7. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY relating to any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

8. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY relating to any service provided by either COMPANY.

9. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY relating to any service provided by either COMPANY.

10. Any and all DOCUMENTS that RELATE to any transfers, licenses, or transactions that involve or relate to INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by either COMPANY.

11. Any and all COMMUNICATIONS that RELATE to any transfers, licenses, or transactions that involve or relate to INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by either COMPANY.

12. Any and all DOCUMENTS that RELATE to the formation of the COMPANIES.

13. Any and all COMMUNICATIONS that RELATE to the formation of the COMPANIES.

14. Any and all DOCUMENTS that RELATE to the ownership of the COMPANIES.

15. Any and all COMMUNICATIONS that RELATE to the ownership of the COMPANIES.

16. Any and all DOCUMENTS that RELATE to any insurance policy offering coverage to either COMPANY or any EMPLOYEE, including, but not limited to, any policy offering coverage for directors and/or officers of either COMPANY and/or errors or omissions of any EMPLOYEE.

17. Any and all COMMUNICATIONS that RELATE to any insurance policy offering coverage to either COMPANY or any EMPLOYEE, including, but not limited to, any policy offering coverage for directors and/or officers of either COMPANY and/or errors or omissions of any EMPLOYEE.

18. Any and all FINANCIAL STATEMENTS prepared by, on behalf of, or relating to the COMPANIES or either COMPANY.

19. Any and all DOCUMENTS that RELATE to the acquisition, transfer, or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent.

20. Any and all COMMUNICATIONS that RELATE to the acquisition, transfer, or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent.

21. Any and all DOCUMENTS that RELATE to or describe any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY, including, but not limited to, marketing materials, internal report, customer order fulfillment records, and product development timelime(s).

22. Any and all COMMUNICATIONS that RELATE to or describe any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY, including, but not limited to, marketing materials, internal report, customer order fulfillment records, and product development timelime(s).

23. Any and all DOCUMENTS that RELATE to any sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

24. Any and all COMMUNICATIONS that RELATE to any sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

25. Any and all DOCUMENTS that RELATE to any request to cancel or obtain a refund of any monies or monetary equivalents advanced as part of a sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTOR.

26. Any and all COMMUNICATIONS that RELATE to any request to cancel or obtain a refund of any monies or monetary equivalents advanced as part of a sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTOR.

27. Any and all DOCUMENTS that RELATE to the development of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

28. Any and all COMMUNICATIONS that RELATE to the development of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

29. Any and all DOCUMENTS that RELATE to the manufacture of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

30. Any and all COMMUNICATIONS that RELATE to the manufacture of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

31. Any and all DOCUMENTS that RELATE to the value of the DEBTOR's INVENTORY.

32. Any and all COMMUNICATIONS that RELATE to the value of the DEBTOR's INVENTORY.

33. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase all or substantially all of the DEBTOR's INVENTORY.

34. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase all or substantially all of the DEBTOR's INVENTORY.

35. Any and all DOCUMENTS that RELATE to the value of any INTELLECTUAL PROPERTY asset currently or previously owned by either COMPANY.

36. Any and all COMMUNICATIONS that RELATE to the value of any INTELLECTUAL PROPERTY asset currently or previously owned by either COMPANY.

37. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase any or all of the INTELLECTUAL PROPERTY currently or previously owned by either COMPANY.

38. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase any or all of the INTELLECTUAL PROPERTY currently or previously owned by either COMPANY.

39. Any and all DOCUMENTS that RELATE to the value of the COMPANIES or either COMPANY, including, but not limited to, business valuations and appraisals.

40. Any and all COMMUNICATIONS that RELATE to the value of the COMPANIES or either COMPANY, including, but not limited to, business valuations and appraisals.

41. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase the COMPANIES or either COMPANY.

42. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase the COMPANIES or either COMPANY.

43. Any and all DOCUMENTS that RELATE to the hiring or termination of any EMPLOYEE to reduce expenses or improve the profitability of either COMPANY.

44. Any and all COMMUNICATIONS that RELATE to the hiring or termination of any EMPLOYEE to reduce expenses or improve the profitability of either COMPANY.

45. Any and all DOCUMENTS that RELATE to the shift of the DEBTOR's primary business objective from the sale of assembled computers to computer chips and other components, including the INVENTORY.

46. Any and all COMMUNICATIONS that RELATE to the shift of the DEBTOR's primary business objective from the sale of assembled computers to computer chips and other components, including the INVENTORY.

47. Any and all DOCUMENTS that RELATE to the DEBTOR's business objectives, performance, and prospects, including, but not limited to, business plan and sales, growth or financial projections.

48. Any and all COMMUNICATIONS that RELATE to the DEBTOR's business objectives, performance, and prospects, including, but not limited to, business plan and sales, growth or financial projections.

49. Any and all DOCUMENTS that RELATE to any sale, transaction or disposition of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY, including, but not limited to, any contracts, purchase orders, and receipts.

50. Any and all COMMUNICATIONS that RELATE to any sale, transaction or disposition of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY, including, but not limited to, any contracts, purchase orders, and receipts.

51. Any and all DOCUMENTS that RELATE to the supplier or manufacturer of any product, tangible item, component or other good, or any component of any of the preceding, sold, offered for sale, or distributed by either COMPANY.

52. Any and all COMMUNICATIONS that RELATE to the supplier or manufacturer of any product, tangible item, component or other good, or any component of any of the preceding, sold, offered for sale, or distributed by either COMPANY.

53. Any and all DOCUMENTS that RELATE to any security interests in any or all of the INVENTORY or any asset of the DEBTOR's bankruptcy estate.

54. Any and all COMMUNICATIONS that RELATE to any security interests in any or all of the INVENTORY or any asset of the DEBTOR's bankruptcy estate.

55. Any and all DOCUMENTS that RELATE to any security interests in any or all of the INVENTORY or any asset of HASHFAST's bankruptcy estate.

56. Any and all COMMUNICATIONS that RELATE to any security interests in any or all of the INVENTORY or any asset of HASHFAST's bankruptcy estate.

57. Any and all DOCUMENTS that RELATE to the marketing of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

58. Any and all COMMUNICATIONS that RELATE to the marketing of any product, tangible item, component or other good sold, offered for sale, or distributed by either COMPANY.

59. Any and all DOCUMENTS that RELATE to any analysis of the market for any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by either COMPANY.

60. Any and all COMMUNICATIONS that RELATE to any analysis of the market for any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by either COMPANY.

61. Any and all DOCUMENTS that RELATE to the performance of any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by either COMPANY, including, but not limited to, any comparison with competing products, components or goods.

62. Any and all COMMUNICATIONS that RELATE to the performance of any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by either COMPANY, including, but not limited to, any comparison with competing products, components or goods.

63. Any and all DOCUMENTS that RELATE to the DEBTOR or any asset of the DEBTOR's bankruptcy estate.

64. Any and all COMMUNICATIONS that RELATE to the DEBTOR or any asset of the DEBTOR's bankruptcy estate.

65. Any and all DOCUMENTS that RELATE to HASHFAST or any asset of the HASHFAST's bankruptcy estate.

66. Any and all COMMUNICATIONS that RELATE to HASHFAST or any asset of the HASHFAST's bankruptcy estate.

67. Any and all DOCUMENTS that RELATE to any transaction or proposed transaction by and between either COMPANY and Liquidbits, Inc.

68. Any and all COMMUNICATIONS that RELATE to any transaction or proposed transaction by and between either COMPANY and Liquidbits, Inc.

**EXHIBIT B**

Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

[Proposed] Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>(Proposed to be) Jointly Administered with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>**ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER AUTHORIZING EXAMINATION OF MONICA HUSHEN PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** |

This matter came before the Court on the Official Committee of Unsecured Creditors' Motion for Order Authorizing Examination of Monica Hushen Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Incorporated Memorandum of Law in Support [D.E. ___] (the "Motion"). After considering the record in this case and the Motion, the Court finds it appropriate to grant the Motion. Accordingly, it is

ORDERED:

1. The Motion is granted;

2. Monica Hushen shall appear for her Rule 2004 examination on July 17, 2014 at the time and location identified in the Motion, unless the parties mutually agree to change the time and/or location; and

3. The Official Committee of Unsecured Creditors shall serve notice of entry of this order by U.S. Mail or e-mail on the Debtor, Monica Hushen, each non-debtor party, and the United States Trustee.

IT IS SO ORDERED.

**END OF ORDER**