Signed and Filed: July 15, 2014

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for the Debtors
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, et al.,[1]<br><br>Debtors. | Case No. 14-30725<br><br>(Jointly Administered with HashFast LLC, Case No. 14-30866)<br><br>Chapter 11<br><br>**STIPULATED ORDER BY AND AMONG THE DEBTORS AND THE CREDITORS' COMMITTEE WITH RESPECT TO DEBTORS' MOTION TO AMEND GAP PERIOD STIPULATION** |

This matter having come before this Court on the Debtors' Motion to Amend Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order Appointing a Chapter 7 Trustee Pursuant to Section 303(g) of the Bankruptcy Code or for Alternative Relief (the "Motion"); the Court having reviewed the Motion, having heard the

---

[1] The Debtors are HashFast LLC (FEIN 46-2943354) and HashFast Technologies LLC (FEIN 38-3913245).

arguments of the Debtors and The Official Committee of Unsecured Creditors (the "Committee"), and certain other creditors of the Debtors at the hearing on June 27, 2014; the Court being advised that the Debtors and the Committee have met, conferred, and reached a stipulation they have requested be incorporated into an order; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted only as set forth herein.

2. The Stipulation and Further Order with Respect to Emergency Motion of Liquidbits Corp. for Entry of an Order [Docket No. 31] is vacated and replaced by the terms of this Stipulated Order.

3. Subject to the other provisions of this Paragraph 3, the Debtors may operate only in the ordinary course of its business and solely within the parameters of the proposed budget confidentially disclosed to the Committee ("Budget"), provided, however;

(a) The Debtors will not pay or otherwise dispose of its assets to insiders other than payment to employees of customary wages and expense reimbursements for current pay periods;

(b) The Debtors may sell: (a) chip[2] and wafer inventory consisting of up to a total of 3,000 chips and 5,000 chips' worth of wafers during the pendency of this case (or such larger total number as the Committee may approve in writing or is approved by order of the Court), and (b) any non-chip inventory (including chasses, power supplies, coolers, fans) that are system components of the chips or chips' worth of wafers to maximize the value in the market of those sales, or $200,000 per month (gross) of non-chip inventory sold independently of the chips and chips' worth of wafers (or such larger total number as the Committee may approve in writing or is approved by order of the Court). Any and all sales shall be in cash and/or bitcoins at prices not below those prices set forth on the most recent price list previously shared with the Committee (and, by this stipulated order, the Committee shall have deemed to approved) or such other price

---

[2] "Chips" are assembled units that include 4 die, mounted on a substrate.

Case: 14-30725    Doc# 132    Filed: 07/15/14    Entered: 07/16/14 09:17:06    Page 2 of 6
US_100818343v8_385402-00007 7/14/2014 3:58 PM

list confidentially provided by the Debtors to the Committee showing prices reflecting market changes and approved by the Committee (collectively, the "Ordinary Course Sales"), except that the Committee herein agrees immediately to approve the pricing previously proposed as an exception for the sale of up to 600 chips <u>to reflect the difficulty increase in the market, without further Committee approval</u>  For purposes of the preceding sentence, the Committee shall be deemed to have approved any revised price list served via email upon all previously approved Committee members, which list shall be immediately provided to Debtors' counsel upon execution of this Stipulated Order, and Committee counsel unless the Committee objects to the price change within 24 hours.  If the Committee objects to any price change, the new prices shall not go into effect until the objection is resolved.  The Committee consents to resolution of any objection to a price change by the Court on an emergency basis in accordance with all applicable rules;

   (c) The Debtors are specifically authorized and directed to pay Uniquify, Inc. the sum of $33.60 per chip sold, payable by cash on delivery or wire transfer, prior to or contemporaneously with delivery, which payment shall reduce Uniquify's claim against the Debtors and lien rights against the chips and any other collateral it may have;

  4. The Debtors shall set aside a 15% reserve of net proceeds remaining from the Ordinary Course Sales after payment of all budgeted expenses, and those reserves shall be set aside in a non-fee accruing account by mutual agreement of the parties, or the debtor in possession account dependent on signatories to the account, to be held during the course of the Debtors' bankruptcy cases (the "Case");

  5. The Debtors shall provide to the Committee a schedule of anticipated disbursements in accordance with the Budget projected over the next 2 weeks, and shall update such schedule every second week;

  6. The Debtors shall reduce executive compensation that was submitted as part of the Operating Expense Forecast through the end of July 2014 as follows: (a) Eduardo De Castro will be moved to a commission only structure effective July 16, 2014, following payment of pending payroll on July 15, 2014, which shall be capped at 5% of gross margin on sales that Mr. Castro

3

generates, not to exceed $12,000.00 in any month; and (b) Simon Barber will take a pay cut of $25,000, reducing his annual salary from $220,000 to $195,000 effective July 16, 2014, following payment of pending payroll on July 15, 2014, and ending on the date of termination of this Stipulated Order of August 31, 2014. Notwithstanding the foregoing, the Debtors shall continue to pay medical and other benefits to Mr. Castro and Mr. Barber in line with past practices. Mr. Barber shall be entitled to payment from the Debtors for any accrued vacation during the post-petition period, and shall receive his pro-rated base compensation for any work performed during vacation based upon a 40-hour work week. Mr. Barber shall keep track of his time in a manner sufficient to allow Monica Hushen, on behalf of the Debtors, to assess the tasks that he performed during his vacation for compensation. Mr. Barber may file a proof of claim for any accrued but unused pre-petition vacation. The Committee expressly reserves its rights to object to any such claim;

7. Any further sales of inventory and equipment outside of this Stipulated Order shall require written approval of the Committee, which shall not be unreasonably withheld. Upon receipt of any proposal from Debtors to sell further inventory or equipment, the Committee shall respond with any comments, concerns, or questions regarding such request within 48 hours, or, if the 48-hour period terminates after regular business hours, on a weekend day or Court holiday, by 10:00 a.m. (PST) on the next business day, to which Debtors shall promptly respond;

8. Debtors' engineers shall produce a delivery schedule, meaning a board/chip roadmap and timing of deliverables, within ten (10) business days of execution of the Stipulated Order, and the Committee reserves its rights to seek a Court order on issues arising from the delivery schedule within ten (10) business days from receipt of the schedule;

9. The Debtors and/or the Committee shall consult with Liquidbits Corp. and clients of Gallo LLP who are not members of the Committee in advance before any further agreement between the Debtors and the Committee, as contemplated by paragraph 3(b) or 7, is reached and shall inform them promptly of any such agreement. This Stipulation does not preclude Liquidbits Corp. or the clients of Gallo LLP who are not members of the Committee from seeking such relief from the Court as may be appropriate if any of them objects to any such agreement;

4

10. The Debtors shall not be allowed to make any disbursement that is not contemplated by the Budget without the prior written consent of the Committee or further order of the Court and shall not use post-petition funds to pay any pre-petition debts, claims or liabilities without further order of the Court;

11. Counsel to the Committee and each member of the Committee who receive any price lists associated with this Stipulated Order shall hold such lists in strict confidence and may not share with any individual or entity except the other professionals retained by the Committee or its members or use such information in any manner unrelated to Committee business. Counsel to the Committee and each member of the Committee will otherwise take reasonable steps to protect the confidentiality of the information from disclosure to third parties;

12. This Stipulated Order may be modified by a further Stipulated Order of the parties or by the Court for good cause shown; and

13. In the event of a conversion to chapter 7, or appointment of a chapter 11 trustee, this Stipulated Order will automatically terminate;

14. This Stipulation shall terminate on August 31, 2014, unless extended or modified by written agreement of the parties or further order of the Court.

**IT IS ORDERED** that the forgoing agreement is approved in its entirety.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 14, 2014

Counsel for the Debtors HashFast Technologies LLC and HashFast LLC

Dated: July 14, 2014

Ashley McDow, Counsel for The Official Committee of Unsecured Creditors

Dated: July 14, 2014

Edwin E. Smith, Counsel for Liquid Bits

Dated: July 14, 2014

Ray Gallo as counsel on behalf of not less than 62 creditors

5

**END OF ORDER**

US_100818343v8_385402-00007 7/14/2014 3:58 PM

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax