KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for the Debtors
HashFast Technologies LLC and HashFast LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, et al.,[1]<br><br>Debtors. | Case No. 14-30725<br><br>(Jointly Administered with HashFast LLC, Case No. 14-30866)<br><br>Chapter 11<br><br>**NOTICE OF ASSUMPTION AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES POTENTIALLY TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF DEBTORS' ASSETS** |

**PLEASE TAKE NOTICE THAT:**

---

[1] The Debtors are HashFast LLC (FEIN 46-2943354) and HashFast Technologies LLC (FEIN 38-3913245).

1. On July 18, 2014, the above-captioned debtors and debtors-in-possession (the "Debtors") filed their motion for entry of an order (i) authorizing and approving the sale (the "Sale") of certain of the Debtors' assets (the "Acquired Assets") to a newly-created affiliate of Liquidbits Corp. ("Purchaser") in accordance with that certain Term Sheet for Emergency Section 363 Sale dated July 18, 2014 (the "Term Sheet"), (ii) authorizing and approving the Sale of the Acquired Assets to Purchaser free and clear of liens, claims, encumbrances and interests and (iii) authorizing the (a) assumption and assignment of certain prepetition executory contracts and unexpired leases identified by Purhcaser (the "Assumed Contracts") to Purchaser (b) the assumption of certain liabilities (the "Assumed Liabilities") by Purchaser, and (c) granting certain related relief. Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Motion or the Term Sheet.

2. Pursuant to the terms of the Term Sheet, the Debtors will seek to assume and assign the Assumed Contracts hereto to the Purchaser, as the case may be, subject to approval at the proposed hearing to be held at 2:00 p.m. (prevailing Pacific time) on **July 28, 2014** (the "Sale Hearing") before the Bankruptcy Court. On the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Purchaser will pay the amount the Debtors' records reflect is owing for prepetition arrearages, if any, as set forth on **Exhibit 1** hereto (the "Cure Amount"). The Debtors' records reflect that all post-petition amounts owing under the Assumed Contracts have been paid and will continue to be paid until the assumption and assignment of the Assumed Contracts and that, other than the Cure Amount, there are no other defaults under the Assumed Contracts.

3. Objections, if any, to the assumption and assignment of an Assumed Contract and/or to the proposed Cure Amount shall be raised orally at the Sale Hearing, or, if made in writing, must (a) state with specificity the cure amount asserted to be required, (c) include appropriate documentation thereof, (d) be filed with the Bankruptcy Court by July 24, 2014 and served on the following parties: (i) counsel to the Debtors, Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, California (Attn: Jessica M. Mickelsen), jessica.mickelsen@kattenlaw.com, (ii) counsel for Purchaser, Bingham McCutchen LLP, One

2

Federal Street, Boston, MA 02110 (Attn: Edwin E. Smith), edwin.smith@bingham.com, (iii) counsel for the official committee of unsecured creditors, Baker Hostetler LLP, 11601 Wilshire Blvd., Suite 1400, Los Angeles, CA 60602 (Attn: Ashley M. McDow), amcdow@baker.com, and (iv) the Office of the United States Trustee for the Northern District of California, 235 Pine Street, Suite 700, San Francisco, CA 94104 (Attn: Julie M. Glosson), julie.m.glosson@usdoj.gov.

4. If an objection to the assumption and assignment of an Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Bankruptcy Court at the Sale Hearing or such date and time as the Bankruptcy Court may schedule. If no objection is timely received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims, including but not limited to the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Debtors or the Purchaser, or the property of either of them in respect of the Assumed Contract.

5. Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale Order. Further, there is adequate assurance of the Purchaser's future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Purchaser.

6. If an objection to the Cure Amount is timely filed and received and the parties are unable to resolve the dispute consensually, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors or by the objecting counterparty. At the Purchaser's discretion, and provided the Purchaser escrow the disputed portion of the Cure Amount, the hearing regarding the Cure Amount may be continued until after the Closing Date and the Assumed Contract(s) subjected to such Cure Amount shall be assumed and assigned to the Purchaser at the closing of the Sale.

7. If no objection is timely received, the Cure Amount set forth in **Exhibit 1** hereto will be controlling, notwithstanding anything to the contrary in any Assumed Contract or any

3

Case: 14-30725  Doc# 146  Filed: 07/23/14  Entered: 07/23/14 17:41:22  Page 3 of 5
US_100844821v1_385402-00003 7/23/2014 5:30 PM

other document, and the non-Debtor party to the Assumed Contract will be deemed to have consented to the Cure Amount and will be forever barred from asserting any other claims in respect of such Assumed Contract against the Debtors, the Purchaser, or the Successful Bidder (as appropriate), or the property of any of them. The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Debtors' consummation of and performance under the Agreement (including the transfer of the Acquired Assets and the Assumed Contracts free and clear of all claims, liens and interests), if authorized by the Court.

8. Prior to the date of the closing of the Sale, the Debtors may amend their decision with respect to the assumption and assignment of the Assumed Contract, including amending the Cure Amount, and provide a new notice amending the information provided in this notice, including, without limitation, a determination not to assume certain contracts.

Dated: July 23, 2014  
KATTEN MUCHIN ROSENMAN LLP  
Peter A. Siddiqui  
Jessica M. Mickelsen  

By: /s/ Jessica M. Mickelsen  
Counsel for Debtors  
HashFast Technologies LLC and HashFast LLC

4

Case: 14-30725   Doc# 146   Filed: 07/23/14   Entered: 07/23/14 17:41:22   Page 4 of 5
US_100844821v1_385402-00003 7/23/2014 5:30 PM

# Exhibit 1

| Contract Counterparty | Name of Contract | Cure Amount[2] |
|---|---|---|
| AQS<br>401 Kato Terrace<br>Fremont, CA 94539 | Electronics manufacturing and engineering solutions | $0.00 |
| Ciara Technologies<br>9300 Transcanada Highway<br>Saint-Laurent, Montreal, Quebec<br>H4S 1K5 Canada | Manufacturing, Sale and Distribution Agreement | $98,500 |
| Sandgate Technologies<br>595 Fellowship Road<br>Chester Springs, PA 19425 | Manufacturing Support Agreement | $44,688.50 |
| Sonic Manufacturing Technologies<br>P.O. Box 225<br>Santa Clara, CA 95052-0225 | Hardware Manufacturing Agreements | $74,656.05 |
| Uniquify, Inc.<br>2030 Fortune Drive, #200<br>San Jose, CA 95131 | Master Design, Manufacturing, Operations Services & Consulting Agreement and Manufacturing Services TSMC 28HPM ASIC Project: G1 | $212,213.05 |
| 100 Bush Corporation, as Landlord, located at 100 Bush Street, Suite 218, San Francisco, CA 94104, and San Francisco Court Appointed Special Advocates, as Tenant, located at 2535 Mission Street, San Francisco, CA 94110 | The Shell Building Office Lease, dated June 23, 2004 | $0.00 |
| 100 Bush Corporation, as Landlord, San Francisco Court Appointed Special Advocates, as Tenant, and HashFast Technologies LLC, as Assignee | Lease Assumption and Assignment Agreement, dated as of October, 2013 | |

---

[2] Liquidbits reserves the right not to require the assumption or assignment of any of the contracts set forth above if the contract counterparty objects to the cure amounts set forth above.