KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>Auction Date:<br>Date:   July 28, 2014<br>Time:   2:00 p.m.<br>Place:  [TBD] |

**MOTION TO APPROVE NOTICE OF SALE OF
CERTAIN ASSETS AT AUCTION AND AUCTION PROCEDURES**

The Official Committee of Unsecured Creditors (the "Committee"), Hashfast Technologies, LLC ("HFT"), and Hashfast LLC ("HF" and, collectively with HFT, the "Debtors") hereby jointly move for entry of an order approving the *Notice of Sale of Certain*

MOTION TO APPROVE NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION
605313907.3
US_101689472v2_385402-00003 10/28/2014 5:43 PM

Case: 14-30725   Doc# 220   Filed: 10/28/14   Entered: 10/28/14 18:43:40   Page 1 of 12

*Assets at Auction* (the "Notice") pursuant to 11 U.S.C. §§ 105(a), 363, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, and 9014, and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of California ("BLR") 2002-1 and 6004-1 (the "Motion"). A true and correct copy of the Notice is attached hereto as **Exhibit A**. In support of the Motion, the Committee and Debtors (collectively, the "Movants") state as follows:

## JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

1. On May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson commenced an involuntary bankruptcy under chapter 7 against HFT.

2. On June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* and *Debtor's Motion to Convert to Chapter 11*.[1] On June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.[2] Thereafter, HFT has acted as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On June 6, 2014, HF filed a voluntary petition under chapter 11 of the United States Code (the "Bankruptcy Code").

4. On or about June 23, 2014, the Office of the United States Trustee appointed the Committee to represent the interests of all unsecured creditors for HFT pursuant to section 1102 of the Bankruptcy Code.

---
[1] Case No. 14-30725, D.E. 35 and 36.
[2] All references herein to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et seq.*

- 2 -

5. On July 8, 2014, this Court granted the Debtors' motion to jointly administer the Debtors' bankruptcy cases.[3]

6. HFT is the wholly-owned subsidiary of HF. HFT was engaged in the business of manufacturing and selling special purpose computers and computer chips designed for the processing of Bitcoin transactional information or "Bitcoin mining." HF owns all intellectual property rights utilized by HFT in the course of its business.

7. On July 18, 2014, the Debtors' filed the first sale motion entitled *Motion Pursuant to 11 U.S.C. §§ 105(A), 363, 365 and Fed. R. Bankr. P. 2002, 6004, 6006, 9014 and 9019 for Entry of Orders (I) Authorizing the Sale of Estate Property, (II) Authorizing the Sale of Estate Property Free and Clear of Liens, Claims, Encumbrances and Interests, and (III) Authorizing the (A) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B) Assumption of Certain Liabilities, and (c) Granting Certain Related Relief* (the "First Sale Motion").[4]

8. On or about July 24, 2014, the Committee filed the *Opposition of the Official committee of Unsecured Creditors to the Debtors' Motion for Entry of Orders (1) Authorizing the Sale of Estate Property, (2) Authorizing the Sale of Estate Property Free and Clear of Liens, Claims, Encumbrances and Interests, and (3) Authorizing the (a) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (b) Assumption of Certain Liabilities, and (c) Granting Certain Related Relief* (the "First Sale Opposition").[5]

9. On or about July 26, 2014, the Court issued a tentative ruling denying the First Sale Motion.[6] Although the Court treated the initial hearing as a status conference on the First Sale Motion, no further action has been taken to seek Court approval of the proposed sale to Liquidbits.

---

[3] Case No. 14-30725, D.E. 121.
[4] Case No. 14-30725, D.E. 134.
[5] Case No. 14-30725, D.E. 156.
[6] Although entered on the docket in Case No. 14-30725, the tentative ruling was not assigned a docket entry number.

- 3 -

10. On or about July 23, 2014, the Committee filed its motion to substantively consolidated the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 105(a) (the "Substantive Consolidation Motion").[7]

11. On or about August 8, 2014, the United States Trustee filed its motion to appoint a chapter 11 trustee or convert the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code (the "Trustee Motion").[8]

12. The Substantive Consolidation Motion and Trustee Motion came before the Court for hearing on September 10, 2014. After considering the pleadings and the arguments presented, the Court denied the Trustee Motion[9] and granted the Substantive Consolidation Motion.[10]

13. Following the denial of the First Sale Motion, the Movants commenced joint efforts to formulate a globally beneficial exit strategy for the Debtors. Due to the resignation of several top officers and employees within the Debtors and the retention of certain estate assets off-shore by a Korean hardware manufacturer, the Debtors determined that the controlled liquidation of Debtors' assets served the best interests of the bankruptcy estates and creditors.

14. On or about October 23, 2014, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§105(a) and 363 and Fed. R. Bankr. P. 2002, 6004, 6006, 9014 and 9019 for Entry of Order (1) Authorizing the Jointly Conducted Auction of Estate Property by the Debtors and the Committee, and (2) Authorizing the Sale of Estate Property Free and Clear of Liens, Encumbrances and Interests, with any Disputed Liens, Encumbrances, and Interests to Attach to the Sale Proceeds Pending Further Order of the Court* (the "Second Sale Motion").[11]

15. On or about October 24, 2014, the Court held a hearing during which it requested additional information relating to the proposed auction and bidding procedures relating thereto. The Court set the Second Sale Motion for hearing and instructed the Movants to file a proposed

---

[7] Case No. 14-30725, D.E. 148.
[8] Case No. 14-30725, D.E. 168.
[9] Case No. 14-30725, D.E. 200.
[10] Case No. 14-30725, D.E. 202.
[11] Case No. 14-30725, D.E. 216.

notice for the auction sale that set forth the proposed auction procedure and expressly identified which items of estate property will be subject to the auction.

### PROPOSED NOTICE

The Movants hereby submit the attached Notice per the Court's instructions. In sum, the auction procedures described therein provide as follows:

1. <u>Bidder Qualification</u>. Any person or entity that wishes to participate in the bidding process must become a "<u>Qualified Bidder</u>." To qualify, a person or entity must: (a) submit a bid identifying the specific assets for which such bid is made and the price offered for such assets; (b) demonstrate the ability to consummate proposed transaction to the Movants' satisfaction; (c) waive any right or request for bid protection or a break-up fee; (d) certify that the bidder has not engaged in any form of bid collusion; (e) certify that the bidder will close on any bid deemed by the Movants to be the winning bid within five (5) days of the sale hearing; and (f) certify that the bidder is willing to serve as a back-up bidder in the event that the winning bidder at the auction fails to close within five (5) days of the sale hearing.

2. <u>Bid Submission</u>. All qualified, pre-auction bids must be submitted in writing and delivered by email to (a) the Debtors (c/o Victor Delalgio to victor@hashfast.com), (b) counsel for the Debtors (c/o Peter Siddiqui to peter.siddiqui@kattenlaw.com), and (c) counsel for the Committee (c/o Ashley McDow to amcdow@bakerlaw.com). All bids must be submitted on or before November 17, 2014.

3. <u>Bid Deposit</u>. A Qualified Bidder must deliver a deposit equal to 10% of the bid on or before November 17, 2014. If deemed the winning bidder, a bidder's deposit shall be applied towards the ultimate purchase price for the assets. The deposits of non-winning bidders shall be returned to such bidder no later than three (3) business days after the sale hearing.

4. <u>Bids Irrevocable</u>. Each bid shall constitute an irrevocable offer to purchase the assets identified in the bid and shall be binding on the bidder from time the bid is submitted until 48 hours after the conclusion of the auction.

- 5 -
MOTION TO APPROVE NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

5. <u>Auction</u>. In the event the Movants timely receive one or more qualified bids, the Movants will conduct an auction at a yet to be designated location on December 4, 2014, commencing at 10:00 a.m. (PST). The Movants may, in their joint discretion, adjourn the date, time and place of the auction. The auction shall be governed by the following procedures: (a) representatives of the Movants, any Qualified Bidder, and any party the Movants believe in their joint discretion likely will submit a qualified bid or overbid for any assets shall be entitled to attend the auction; (b) Qualified Bidders must appear in person at the auction or through a duly authorized representative; (c) bidding shall commence at the amount of the highest qualified bid submitted prior to the auction; (d) bidding increments shall be determined by the Movants and shall be announced during the auction; (e) all Qualified Bidders shall have the right to submit additional bids at the auction, including bids on items not identified in their initial bid; (f) the Movants will commence the auction with any qualified bids for all of the assets of the Debtors and then proceed to qualified bids for certain pre-determined lots of assets; and (g) the auction shall continue until there are one or more qualified bids that are deemed by the Movants as the highest and best bid(s) for the subject assets (each a "<u>Prevailing Bid</u>").

6. <u>Court Approval/Sale Hearing</u>. The Prevailing Bid(s) shall be subject to Court approval. The hearing to approve the Prevailing Bid(s) shall take place on December 5, 2014, if the Court is available, or, if not, the next available business day. If the sale hearing will take place later than December 5, 2014, the Movants shall announce the date and time of the sale hearing at the auction.

**ARGUMENT**

Pursuant to 11 U.S.C. §§ 105(a) and 363(b), the Court may issue an order approving the proposed notice of the auction and the proposed bidding procedures as such an order will carry-out the provisions of § 363(b), which authorizes the Court to grant the Debtors authority to sell estate assets outside the ordinary course of the Debtors' business if such decision is supported by a sound business justification. The Movants respectfully submit that the proposed notice and auction procedures serve the best interests of the creditors and the estate, and are designed to

MOTION TO APPROVE NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

maximize the value of estate assets, and, thus, the return to the estate, while balancing such interests against the need to ensure that the auction is not impaired by the involvement of casual bidders or individuals or entities unable to consummate a sale on the terms of any qualified bid. The Movants further submit that the proposed Notice provides ample information about the auction and the assets subject to the auction such that any interested party may determine whether and how to qualify to participate in the auction.

WHEREFORE, the Movants request that the Court approve the Notice and the proposed procedures for the auction.

Dated: October 28, 2014          KATTEN MUCHIN ROSENMAN LLP
                                 Peter A. Siddiqui
                                 Jessica M. Mickelsen


                                 By: /s/ Jessica M. Mickelsen
                                 Counsel for Debtor and Debtor-In-Possession
                                 HashFast Technologies LLC and HashFast LLC


Dated: October 28, 2014          BAKER HOSTETLER LLP
                                 Ashley M. McDow


                                 By: *Ashley M. McDow* – signed by Jessica
                                 Counsel for the Official Committee of      Michele
                                 Unsecured Creditors                     with express
                                                                         permission

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION**<br><br>Auction Date<br>Date: November 19, 2014<br>Time: 10:00 a.m.<br>Place: [TBD] |

PLEASE TAKE NOTICE THAT:

Pursuant to the Order Authorizing the Jointly Conducted Auction of Estate Property by the Debtors and the Committee and Establishing Bidding Procedures (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") on October 30, 2014, the above captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") will conduct an auction (the "Auction") for the sale of any or all of the assets of the Debtors (the "Assets"), including the following (a) all of the assets previously or currently used in or useful to, necessary to, or related to the conduct of all of the businesses of the Debtors, including chips, wafers, system components, board components, hashing boards, and other inventory and equipment, and (b) the Debtors' intellectual property. A list of the Assets that will be made available for sale is attached as **Exhibit 1** hereto.[1]

The Debtors and the Committee will conduct the Auction on **November 19, 2014** at **10:00 a.m.** (Pacific time). All interested parties are invited to make an offer to purchase the some or all of the Assets in accordance with the terms and conditions approved by the Bankruptcy Court (the "Bidding Procedures") by **5:00 p.m.** (Pacific time) on **November 17, 2014**, subject to the following requirements and procedures

      (a)    Participation Requirements. Any person or entity that wishes to participate in the bidding process must become a "Qualified Bidder". A Qualified Bidder must (i) submit a bid identifying the specific Assets for which such bid is made and the price offered for such Assets; (ii) demonstrate to the satisfaction of the Debtors and the Committee, the ability to consummate a transaction involving some or all of the Assets; (iii) not include any request for bid protection or a break-up fee; (iv) certify that such bidder has not engaged in any form of bid collusion with any other person or entity; (v) certify that such bidder will close on any bid deemed by the Debtors and the Committee to a winning bid within five (5) days of the Sale Hearing; (vi) certify that such bidder is willing to serve as back-up bidder (a "Back-up Bidder") in the event a

---

[1] The Debtors intend to continue selling their Assets in the ordinary course of business, with the consent of the Committee. Accordingly, only those Assets not previously sold will be available for sale at the Auction.

Prevailing Bid (as hereinafter defined) fails to close within five (5) days of the Sale Hearing. A bid complying with the foregoing shall be a "Qualified Bid".

   (b) <u>Bid Deposit</u>. No later than **November 17, 2014**, a Qualified Bidder must deliver a deposit equal to 10% of the Qualified Bid.

   (c) <u>Bid Deadline</u>. Qualified Bids must be received by **November 17. 2014**.

   (d) <u>Bid Delivery</u>. Qualified Bids shall be made in writing and delivered by email to (i) the Debtors (attention: Victor Delalgio, victor@hashfast.com); (ii) counsel to the Debtors (attention: Peter Siddiqui, Katten Muchin Rosenman LLP, peter.siddiqui@kattenlaw.com); and (iii) counsel to the Committee (attention: Ashley McDow, Baker Hostetler LLP, amcdow@bakerlaw.com).

   (e) <u>Auction</u>. In the event the Debtors and Committee timely receive one or more Qualified Bids, the Debtors and the Committee will conduct the Auction at a yet to be designated location on December 4, 2014, commencing at 10:00 a.m. (PST). The Debtors and the Committee may, in their joint discretion, adjourn the date, time, and place of the Auction.

   (f) <u>Auction Procedures</u>. The Auction shall be governed by the following procedures: (i) Representatives from the Debtors, the Committee, Qualified Bidders, and any party the Debtor and the Committee believe in their joint discretion likely will submit a Qualified Bid shall be entitled to attend the Auction; (ii) Qualified Bidders must appear in person at the Auction or through a duly authorized representative; (iii) bidding shall commence at the amount of the highest Qualified Bid submitted by the Qualified Bidders prior to the Auction; (iv) bidding increments shall be determined by the Debtors and the Committee and shall be announced during the Auction; (v) all Qualified Bidders shall have the right to submit additional bids at the Auction; (vi) the Debtors and the Committee will commence the Auction with any Qualified Bids for all of the Assets and then proceed to Qualified Bids by Lot; and (vii) the Auction shall continue until there are one or more Qualified Bids that are deemed by the Debtors and the Committee as the highest and best bids for the Assets covered by such Qualified Bid (each, a "<u>Prevailing Bid</u>").

3

Case 14-30725  Doc# 220  Filed: 10/28/14  Entered: 10/28/14 18:43:40  Page 10 of 12
US_101677275v1

(g) <u>Qualified Bids Irrevocable</u>. Each Qualified Bid, including any bid submitted at the Auction and any Prevailing Bid, shall be an irrevocable offer and shall be binding on the Qualified Bidder from the time it is submitted until 48 hours after the Auction concludes.

(h) <u>Sale Hearing</u>. The Prevailing Bid(s) will be subject to approval by this Court. The hearing to approve the Prevailing Bid(s) shall take place on December 5, 2014, if the Court is available, or, if not, the next available business day. If the sale hearing will take place later than December 5, 2014, the Committee and the Debtors shall announce the date and time of the sale hearing at the auction.

(i) <u>Return of Deposits</u>. All deposits shall be returned to each bidder not selected by the Debtors and the Committee as the Prevailing Bid no later than three (3) business days following the sale hearing

Dated: October 28, 2014

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By: /s/ Jessica M. Mickelsen
Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

Dated: October 28, 2014

BAKER HOSTETLER LLP
Ashley M. McDow

By: *Ashley M. McDow* – Signed by Jessica Mickelsen with express permission
Counsel for the Committee

# EXHIBIT 1

## Assets to be Sold

(a) Intellectual Property: including patents, patent applications, and masks

(b) Chips:

1. Golden Nonce ASIC – 15,578
2. Golden Nonce ASIC (Assembly in Progress) – 2,850
3. Golden Nonce ASIC Substrate – 2,396

(c) Wafers – 80.84

(d) Non-chip inventory (including power supplies, fans, chassis, boards, and long lead parts)

1. Rev 1 boards (tested) – 424
2. Rev 2 boards (tested) – 150
3. Rev 3 boards Yoli Evo Mining Boards – 59
4. ECO III-120FB HASHFAST LIQUID COOLING SIERRA 430 – 4,922
5. AXIAL FAN, 120MM, 12VDC, 3A, 224 CFM – 13,850
6. IR3550 PQFN 6x6mm – 178,800
7. FP1007R3-R17-R (IND,SMT,10x7mm, 60A, 150-170nH) – 178,800
8. IR3566B Digital PWM Controller 1C – 29,800
9. ICE40HX1K-VQ100 FPGA 72 I/O - 100TQFP – 7,450
10. IR3823MTRPBF PQFN 4x5mm – 7,450
11. Bolster Plates – 173
12. Heatsinks – 558
13. LTC3855 Dual, Multiphase Synchronous DC/DC Controller – 25,000
14. Indium Foil Squares – 1,886

(e) Claims and causes of action against Simon Barber, including preference, fraudulent transfer, and breach of fiduciary duty claims.