Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | Case No.: 14-30725<br><br>(Jointly Administered with HashFast, LLC, Case No. 14-30866)<br><br>Chapter 11 |
| ☐ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor in Possession. | [No Hearing Required]<br><br>[Proposed Order Filed Concurrently] |

## STIPULATION TO SET EXAMINATION OF TIM WONG PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Baker & Hostetler LLP ("Baker"), on the one hand, and Tim Wong ("Mr. Wong"), by and through his counsel, SCHWARTZ & CERA LLP ("Schwartz"), on the other hand (hereinafter, the Committee and Mr. Wong shall be collectively referred to as the "Parties") enter into this stipulation ("Stipulation") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "FRBP" or "Bankruptcy Rules") and B.L.R. 2004-1, as follows:

**BACKGROUND**

1. On or about May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against HashFast Technologies, LLC ("HFT").

2. On or about June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* [D.E. 36] and *Debtor's Motion to Convert to Chapter 11* [D.E. 35]. On or about June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. Thereafter, HFT has acted as a debtor in possession pursuant to §§ 1107 and 1108.

3. On June 6, 2014, HashFast, LLC ("HF," and collectively with HFT, the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4. On or about June 23, 2014, the Office of the United States Trustee (the "UST") appointed the following creditors of HFT to serve on the Committee: Hamilton Hee; Sistemas Operativos Sanitarios ca; Uniquify, Inc.; Antony Vo; Koi Systems Ltd.; Digimex Ltd.; and Peter Morici.

5. On June 25, 2014, the members of the Committee selected Baker & Hostetler, LLP to act as general bankruptcy counsel for the Committee, subject to Court approval. On July 3, 2014, the Committee filed its *Application to Employ Baker & Hostetler LLP as Bankruptcy Counsel* ["Application", D.E. 114]. On July 24, 2014, the Court entered the order granting the Application [D.E. 153].

6. On July 8, 2014, this Court granted the Debtors' motion to jointly administer the case of Hashfast, LLC with the case of its wholly-owned subsidiary HashFast Technologies, LLC [D.E. 121].

7. The Committee is in the process of gathering information regarding the Debtors, and believes the examination of Mr. Wong is necessary for the Committee to obtain a comprehensive understanding of the Debtors' financial condition and operations. The Committee believes that Mr. Wong is one of the Debtors' officers and has acted in the capacity of the Chief Marketing Officer for the Debtors. The Committee is also informed and believes that Mr. Wong has

significant knowledge regarding the Debtors' financial condition and operations. Additionally, upon information and belief, there may have been a significant number of transfers between the Debtors and Mr. Wong, and the Committee believes the examination of Mr. Wong will aid the Committee in discovering the existence, extent and purpose of those transfers.

## STIPULATION

WHEREFORE, in consideration of the foregoing recitals which are fully incorporated herein by this reference, the Parties, through their counsel stipulate as follows:

A. Mr. Wong shall produce the information and documents described in **Exhibit "A"** attached hereto no later than 10:00 a.m. on **November 12, 2014**, to Ashley McDow of Baker & Hostetler LLP, located at 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509;

B. Mr. Wong will appear for his Rule 2004 examination on **November 17, 2014, at 10:00 a.m.** to take place at the offices of SCHWARTZ & CERA LLP, located at 44 Montgomery Street, Suite 3850, San Francisco, CA 94104;

C. The Stipulation does not waive or intends to waive (1) any objections as to the competency, relevancy, privilege or admissibility of evidence for any other purpose, and/or (2) Mr. Wong's right to refuse to produce certain documents if legally appropriate (i.e., Mr. Wong produces a privilege log if the basis for withholding document(s) is privilege), of any of the documents referred to in **Exhibit "A"** attached hereto**;**

D. The Stipulation does not waive or intends to waive (1) the Committee's rights, defenses, and/or remedies to respond to any objections raised by Mr. Wong, and/or (2) to compel production of documents for Mr. Wong's failure to produce documents referred to in **Exhibit "A"** attached hereto; and

E. This Stipulation may be executed in counterparts, which shall be considered together as a single document. Furthermore, this stipulation may be executed by a facsimile copy and facsimile signatures that will be treated as original signatures.

**IT IS SO STIPULATED,** through Counsel.

Date: October 28, 2014                **BAKER & HOSTETLER LLP**

By: */s/ Ashley M. McDow*
    Ashley M. McDow
    Michael T. Delaney

Attorneys for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS


Date: 10/28/2014                      **SCHWARTZ & CERA LLP**

By: _____
    Douglas Schwartz
    Attorneys for Tim Wong

- 4 -
STIPULATION FOR EXAMINATION OF TIM WONG PURSUANT TO FRBP 2004

# EXHIBIT A

# RULE 2004 DOCUMENT REQUEST – TIM WONG

## DEFINITIONS AND INSTRUCTIONS

A. "COMMUNICATIONS" shall mean and refer to any transmission of information orally, by DOCUMENT(S), or by any other medium, including, but not limited to any of the following: conversations, discussions, interviews, meetings, and conferences, whether in person, by telephone, or by some other medium, correspondence, letters, memoranda, telegrams, telexes, mailgrams, e-mail, instant communication, text message, or any other transmission of information by computer or word processing system, or any other medium.

B. "COMPANY" and "COMPANIES" shall mean and refer to individually and/or collectively the DEBTORS and HASHFAST.

C. "DEBTOR", "DEBTORS", and "HFT" shall mean and refer to individually and/or collectively Hashfast Technologies, LLC, a California limited liability company, Hashfast, LLC, a Delaware limited liability company, and any subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

D. "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest sense possible and mean and/or refer to any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things for which information can be processed, transcribed or retrieved, whether originals, copies of drafts (including, without limitation, non-identical copies), however produced or reproduced. This shall include, but not be limited to, all retrievable information in computer storage, metadata, photographs, videotapes, letters, telegrams, correspondence, contracts, agreements, invoices, teletype message, notes, reports, mechanical sound recordings, or transcripts thereof, calendars and calendar entries, memoranda or minutes of telephone or personal conversations or minutes of conferences. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. A draft or non-identical copy is a separate document within the meaning of the term.

E. "EMPLOYEE" and/or "EMPLOYEES" shall mean and refer to members, shareholders, owners, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf of the DEBTORS or either of them.

F.  "YOU " or "YOUR", shall mean and refer to Tim Wong individually and in his capacity acting or purporting to act on behalf of the DEBTORS or either of them as Chief Marketing Officer or otherwise.  "YOU " or "YOUR", shall also include Tim Wong's agents, representatives, partners, employees, attorneys, consultants, accountants, insurance companies and their agents and employees, and each and every person or entity acting on Tim Wong's behalf or at its direction or on whose behalf or at whose direction it is or was acting with regard to the matters referred to herein.

G.  "FINANCIAL STATEMENT" or "FINANCIAL STATEMENTS" shall mean and refer to any DOCUMENT that RELATES to the finances, monetary holding, investments, and/or financial performance, of the DEBTORS or either of them, including, but not limited to, any bank account statements, brokerage accounts, tax returns, cash flow statements, income statements, expense reports, profit and loss reports, records of monetary transactions or holdings, securities portfolios, or any other investments, whether such reports, statements or accounts dealing in national currencies, Bitcoin, or any other currency or money equivalent, whether or not such statement is audited or the information contained therein otherwise verified.

H.  "HASHFAST" shall mean and refer to individually and/or collectively Hashfast, LLC, a Delaware limited liability company that on or about June 6, 2014 filed a voluntary petition for relied under Chapter 11 of the Bankruptcy Code (Case No. 14-30866), and any of its subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

I.  "HASHFAST TECHNOLOGIES" shall mean and refer to individually and/or collectively Hashfast Technologies, LLC, a California limited liability company that on or about May 9, 2014 filed an involuntary petition for relied under Chapter 7 of the Bankruptcy Code (Case No. 14-30866) and that on or about June 5, 2014 was converted to Chapter 11 (Case No. 14-30866)[1], and any of its subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

J.  "LIQUIDBITS" shall mean and refer to individually and/or collectively Liquidbits Corp., a Florida corporation with its principal address of 20201E. Country Club Drive, No. 1502, Aventura, Florida 33180 and any of its subsidiaries, parent company(ies), members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents,

---

[1] Hashfast Technologies, LLC has been substantively consolidated with Hashfast, LLC with lead Case No. 14-30866.

605097794.1

employees, independent contractors, representatives, attorneys, accountants, brokers, consultants and/or anyone else acting or purporting to act on its behalf.

K. "INTELLECTUAL PROPERTY" or "IP" shall mean and refer to any trademarks (whether protected under federal or common law), trademark applications, mask works, trade names, service marks, copyrights, patents, patent applications, trade secrets, physical representation of designs such as masks for manufacture of silicon wafers, substrates and circuit boards, and/or any other intangible item, asset, idea, or concept that may be protected by any of the aforementioned means, whether under laws of the United State or any other jurisdiction.

L. "INVENTORY" shall mean and refer to any existing, tangible item the DEBTORS may sell or advertise for sale in the ordinary course of its business, including, but not limited to, computers, computer chips, wafers, and/or the components of any of the preceding, as well as any hardware associated with or potentially used in the mining of Bitcoins.

M. "RELATE," when used with reference to any particular subject matter, shall mean to embody, pertain to, consist, constitute, contain, reflect, identify, state, refer or relate to, deal with, comprise, discuss, summarize, describe, or be in any way pertinent to the subject matter.

N. DOCUMENTS from any single file should be produced in the same order as they were found in such file. If copies of DOCUMENTS are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the originals. Labels or other file designations should be produced and copied.

O. If, after conducting a reasonable investigation, a complete answer cannot be provided for a request for production, state that such is the case, and answer to the fullest extent possible, stating what responsive DOCUMENTS or information are available, what DOCUMENTS or information cannot be provided, why the DOCUMENTS or information are unavailable, what efforts were made to obtain the unavailable DOCUMENTS or information, and the name and address of the last known custodian of the unavailable DOCUMENTS or information.

P. With respect to those Documents or portions of Documents withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that Documents are produced, which list shall identify each document withheld and with respect to each such document, (a) identify the privilege claimed, the nature (e.g. letter, memorandum, etc.), (b) set forth its (i) date, (ii) author(s), (iii) the names of all persons to whom such document was directed or by whom it has been received, (iv) its sender(s) and indicated or blind copy recipient(s), (c) identify its subject matter and set forth the number of its pages, (d) identify the paragraph(s) of this document request to which it relates, and (e) identify by name and address of its present custodian(s). If a portion of an otherwise responsive document

contains information subject to a claim or privilege, those portions of the document subject to the claim or privilege shall be deleted or redacted from the document (and such deletion or redaction noted on the document) and the rest of the document shall be produced.

Q. If not otherwise specified, the relevant time period shall be from the creation of the DEBTORS and/or HASHFAST to the present. In the event a request references the DEBTORS collectively, the applicable time period shall be from the creation of the DEBTORS or HASHFAST, which ever date is earlier, to the present. As used in this paragraph, the term "creation" refers to the initial inception of the applicable entity(ies) or any predecessor entity.

R. The use of the singular form of any word includes the plural and vice versa.

S. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the information requested all responses that might otherwise be construed to be outside of its scope.

T. The Documents produced in response to this Request shall be: (1) organized and designated to correspond to the categories in the requests; or (2) produced in a form that accurately reflects how they are maintained in the ordinary course of business.

U. In responding to these document requests, you are required to furnish all Documents that are available to you or subject to your reasonable inquiry, including Documents in the possession of your agents, representatives, advisors, attorneys (unless privileged), or other persons directly or indirectly employed by or connected with Plaintiff or his attorneys, and anyone else otherwise subject to your control.

V. All Documents are to be produced in their entirety in the original form, without abbreviation or expurgation, including both front and back thereof, and all attachments or other matters affixed thereto.

W. In the event that a document called for by this document request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reasons for disposal; person(s) authorizing the disposal; persons having knowledge of the disposal; and person disposing of the document.

X. Where an objection is made to any request, the objection shall state with specificity all grounds therefore. Any ground not stated in an objection shall be waived.

Y.  These are continuing requests, and the Committee reserves its right to further request for documents without further order of the Court.

Z.  Unless otherwise specified herein, the relevant time period shall be from January 1, 2012 to present.

## DOCUMENTS REQUESTED

1. Any and all DOCUMENTS that RELATE to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE, including but not limited to YOU.

2. Any and all DOCUMENTS that RELATE to any change or alteration to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE, including but not limited to YOU.

3. Any and all COMMUNICATIONS that RELATE to any change or alteration to the wages, compensation, salary, remuneration or other monetary or non-monetary consideration or benefits paid or provided to any EMPLOYEE, including but not limited to YOU.

4. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

5. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

6. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY relating to any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

7. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY relating to any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

8. Any and all DOCUMENTS that RELATE to any INTELLECTUAL PROPERTY relating to any service provided by the DEBTORS, or either of them.

9. Any and all COMMUNICATIONS that RELATE to any INTELLECTUAL PROPERTY relating to any service provided by the DEBTORS, or either of them.

10. Any and all DOCUMENTS that RELATE to any transfers, licenses, or transactions that involve or relate to INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

11. Any and all COMMUNICATIONS that RELATE to any transfers, licenses, or transactions that involve or relate to INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

12. Any and all DOCUMENTS that RELATE to the formation of the DEBTORS.

13. Any and all COMMUNICATIONS that RELATE to the formation of the DEBTORS.

14. Any and all DOCUMENTS that RELATE to the ownership of the DEBTORS.

15. Any and all COMMUNICATIONS that RELATE to the ownership of the DEBTORS.

16. Any and all DOCUMENTS that RELATE to any insurance policy offering coverage to the DEBTORS, or either of them or any EMPLOYEE, including, but not limited to, any policy offering coverage for directors and/or officers of the DEBTORS, or either of them and/or errors or omissions of any EMPLOYEE, including but not limited to YOU.

17. Any and all COMMUNICATIONS that RELATE to any insurance policy offering coverage to the DEBTORS, or either of them or any EMPLOYEE, including, but not limited to, any policy offering coverage for directors and/or officers of the DEBTORS, or either of them and/or errors or omissions of any EMPLOYEE, including but not limited to YOU.

18. Any and all FINANCIAL STATEMENTS prepared by, on behalf of, or relating to the DEBTORS or either of them.

19. Any and all DOCUMENTS that RELATE to the acquisition, transfer, or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent.

20. Any and all COMMUNICATIONS that RELATE to the acquisition, transfer, or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent.

21. Any and all DOCUMENTS that RELATE to or describe any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them, including, but not limited to, marketing materials, internal report, customer order fulfillment records, and product development timelime(s).

22. Any and all COMMUNICATIONS that RELATE to or describe any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them, including, but not limited to, marketing materials, internal report, customer order fulfillment records, and product development timelime(s).

23. Any and all DOCUMENTS that RELATE to any sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

24. Any and all COMMUNICATIONS that RELATE to any sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

25. Any and all DOCUMENTS that RELATE to any request to cancel or obtain a refund of any monies or monetary equivalents advanced as part of a sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS or either of them.

26. Any and all COMMUNICATIONS that RELATE to any request to cancel or obtain a refund of any monies or monetary equivalents advanced as part of a sale or transaction involving any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTOR.

27. Any and all DOCUMENTS that RELATE to the development of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

28. Any and all COMMUNICATIONS that RELATE to the development of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

29. Any and all DOCUMENTS that RELATE to the manufacture of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

30. Any and all COMMUNICATIONS that RELATE to the manufacture of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

31. Any and all DOCUMENTS that RELATE to the value of the DEBTORS' INVENTORY.

32. Any and all COMMUNICATIONS that RELATE to the value of the DEBTORS' INVENTORY.

33. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase all or substantially all of the DEBTORS' INVENTORY.

34. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase all or substantially all of the DEBTORS' INVENTORY.

35. Any and all DOCUMENTS that RELATE to the value of any INTELLECTUAL PROPERTY asset currently or previously owned by the DEBTORS, or either of them.

36. Any and all COMMUNICATIONS that RELATE to the value of any INTELLECTUAL PROPERTY asset currently or previously owned by the DEBTORS, or either of them.

37. Any and all DOCUMENTS that RELATE to the ownership of the INTELLECTUAL PROPERTY asset(s) currently or previously owned by the DEBTORS, or either of them.

38. Any and all COMMUNICATIONS that RELATE to the ownership of the INTELLECTUAL PROPERTY asset(s) currently or previously owned by the DEBTORS, or either of them.

39. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase any or all of the INTELLECTUAL PROPERTY currently or previously owned by the DEBTORS, or either of them.

40. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase any or all of the INTELLECTUAL PROPERTY currently or previously owned by the DEBTORS, or either of them.

41. Any and all DOCUMENTS that RELATE to the value of the DEBTORS or either of them, including, but not limited to, business valuations and appraisals.

42. Any and all COMMUNICATIONS that RELATE to the value of the DEBTORS or either of them, including, but not limited to, business valuations and appraisals.

43. Any and all DOCUMENTS that RELATE to any offer or expression of interest to purchase the DEBTORS or either of them.

44. Any and all COMMUNICATIONS that RELATE to any offer or expression of interest to purchase the DEBTORS or either of them.

45. Any and all DOCUMENTS that RELATE to the hiring or termination of any EMPLOYEE of the Debtors.

46. Any and all COMMUNICATIONS that RELATE to the hiring or termination of any EMPLOYEE of the Debtors.

47. Any and all DOCUMENTS that RELATE to the shift of HF's primary business operation from the sale of assembled computers to computer chips and other components, including INVENTORY.

48. Any and all COMMUNICATIONS that RELATE to the shift of HF's primary business objective from the sale of assembled computers to computer chips and other components, including INVENTORY.

49. Any and all DOCUMENTS that RELATE to the DEBTORS' business objectives, performance, and prospects, including, but not limited to, business plans and sales, growth or financial projections.

50. Any and all COMMUNICATIONS that RELATE to the DEBTORS' business objectives, performance, and prospects, including, but not limited to, business plans and sales, growth or financial projections.

51. Any and all DOCUMENTS that RELATE to any sale, transaction or disposition of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them, including, but not limited to, any contracts, purchase orders, and receipts.

52. Any and all COMMUNICATIONS that RELATE to any sale, transaction or disposition of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them, including, but not limited to, any contracts, purchase orders, and receipts.

53. Any and all DOCUMENTS that RELATE to the supplier or manufacturer of any product, tangible item, component or other good, or any component of any of the preceding, sold, offered for sale, or distributed by the DEBTORS, or either of them.

54. Any and all COMMUNICATIONS that RELATE to the supplier or manufacturer of any product, tangible item, component or other good, or any component of any of the preceding, sold, offered for sale, or distributed by the DEBTORS, or either of them.

55. Any and all DOCUMENTS that RELATE to the marketing of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

56. Any and all COMMUNICATIONS that RELATE to the marketing of any product, tangible item, component or other good sold, offered for sale, or distributed by the DEBTORS, or either of them.

57. Any and all DOCUMENTS that RELATE to any analysis of the market for any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by the DEBTORS, or either of them.

58. Any and all COMMUNICATIONS that RELATE to any analysis of the market for any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by the DEBTORS, or either of them.

59. Any and all DOCUMENTS that RELATE to the performance of any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by the DEBTORS, or either of them, including, but not limited to, any comparison with competing products, components or goods.

60. Any and all COMMUNICATIONS that RELATE to the performance of any product, tangible item, component or other good sold, offered for sale, distributed or considered for sale or production by the DEBTORS, or either of them, including, but not limited to, any comparison with competing products, components or goods.

61. Any and all DOCUMENTS that RELATE to the DEBTORS' or either of their bankruptcy estate.

62. Any and all COMMUNICATIONS that RELATE to the DEBTORS' or either of their bankruptcy estate.

63. Any and all DOCUMENTS that RELATE to any assets of the DEBTORS' or either of their bankruptcy estate.

64. Any and all COMMUNICATIONS that RELATE to any asset of the DEBTORS' or either of their bankruptcy estate.

65. Any and all DOCUMENTS that RELATE to any transaction or proposed transaction by and between the DEBTORS, or either of them and LIQUIDBITS.

66. Any and all COMMUNICATIONS that RELATE to any transaction or proposed transaction by and between the DEBTORS, or either of them and LIQUIDBITS.

67. Any and all DOCUMENTS that RELATE to any transaction or proposed transaction regarding the sale or acquisition of all or substantially of the INVENTORY, INTELLECTUAL PROPERTY, of the DEBTORS, or either of them.

68. Any and all COMMUNICATIONS that RELATE to any transaction or proposed transaction regarding the sale or acquisition of all or substantially of the INVENTORY, INTELLECTUAL PROPERTY, of the DEBTORS, or either of them.

69. Any and all DOCUMENTS that RELATE to any COMMUNICATIONS between Eduardo de Castro, on the one hand, and Guido Ochoa, on the other hand.

70. Any and all DOCUMENTS that RELATE to any transfers to YOU of the INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

71. Any and all DOCUMENTS that RELATE to any transfers of the INTELLECTUAL PROPERTY created, developed, registered, owned, licensed, or utilized by the DEBTORS, or either of them.

72. Any and all DOCUMENTS that RELATE to any transfers to YOU of INVENTORY owned by the DEBTORS, or either of them, including but not limited to boards, Rev3 boards, sierras, and machines.

73. Any and all COMMUNICATIONS that RELATE to any transfers to YOU of INVENTORY owned by the DEBTORS, or either of them, including but not limited to boards, Rev3 boards, sierras, and machines.

74. Any and all DOCUMENTS that RELATE to the transfer, distribution, and/or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent from the Debtors or either of them, to YOU or on YOUR behalf.

75. Any and all COMMUNICATIONS that RELATE to the transfer, distribution, and/or disposition of any funds, whether such funds were held as national currencies, Bitcoin, or any other currency or money equivalent from the Debtors or either of them, to YOU or on YOUR behalf.

76. Any and all DOCUMENTS that RELATE to any scripts designed or created by YOU or on YOUR behalf, including but not limited to the Wong Mine Script.

77. Any and all COMMUNICATIONS that RELATE to any scripts designed or created by YOU or on YOUR behalf, including but not limited to the Wong Mine Script.

78. Any and all DOCUMENTS that relate to mining equipment (which was owned by the DEBTORS or either of them) stored in your personal residence.

79. Any and all COMMUNICATIONS that relate to mining equipment (which was owned by the DEBTORS or either of them) stored in your personal residence.

80. Any and all DOCUMENTS that RELATE to HASHFAST's or HASHFAST TECHNOLOGIES' records of bitcoin transactions.

81. Any and all COMMUNICATIONS that RELATE to HASHFAST's or HASHFAST TECHNOLOGIES' records of bitcoin transactions.

82. Any and all DOCUMENTS that RELATE to the management, maintenance, transfer, distribution, and/or disposition of the HASHFAST's or HASHFAST TECHNOLOGIES' bitcoin wallets and/or bitcoin accounts.

83. Any and all COMMUNICATIONS that RELATE to the management, maintenance, transfer, distribution, and/or disposition of HASHFAST's or HASHFAST TECHNOLOGIES' bitcoin wallets and/or bitcoin accounts.

84. Any and all DOCUMENTS that RELATE to preparation and/or compilation of reconciliation report(s) prepared by, on behalf of, or relating to the DEBTORS or either of them.

85. Any and all COMMUNICATIONS that RELATE to preparation and/or compilation of reconciliation report(s) prepared by, on behalf of, or relating to the DEBTORS or either of them.

86. Any and all DOCUMENTS that RELATE to HASHFAST's or HASHFAST TECHNOLOGIES' mining policy or policies.

87. Any and all DOCUMENTS that RELATE to any of HASHFAST's or HASHFAST TECHNOLOGIES' assets, including but not limited to equipment in YOUR possession.

88. Any and all COMMUNICATIONS that RELATE to any of HASHFAST's or HASHFAST TECHNOLOGIES' assets, including but not limited to equipment or sierra in YOUR possession.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO SET EXAMINATION OF TIM WONG PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 29, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 29, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via Regular U.S. Mail*
Hon. Dennis Montali
U.S. Bankruptcy Court Northern Division of California
PO Box 7341
San Francisco, CA 94120-7341

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 29, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2014 | Sonia Gaeta | */s/ Sonia Gaeta* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Venkat Balasubramani     venkat@focallaw.com, pete.morici@alumni.purdue.edu
Greg P. Campbell     ecfcanb@piteduncan.com, gc@ecf.inforuptcy.com
Patrick Chesney     pchesney@gallo-law.com, mvananda@gallo-law.com
Michael Delaney     mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
Caroline R. Djang     cdjang@rutan.com
W. Keith Fendrick     keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com
Julie M. Glosson     julie.m.glosson@usdoj.gov
Elizabeth A. Green     egreen@bakerlaw.com, jdriggers@bakerlaw.com
Robert G. Harris     rob@bindermalter.com
Ori Katz     okatz@sheppardmullin.com
Ashley McDow     amcdow@bakerlaw.com, SGaeta@bakerlaw.com
Jessica M. Mickelsen     jessica.mickelsen@kattenlaw.com
Office of the U.S. Trustee / SF     USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
Kristen A. Palumbo     kristen.palumbo@bingham.com
Craig Stuppi     craig@stuppilaw.com
Sarah M. Stuppi     sarah@stuppilaw.com
Christopher D. Sullivan     csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com
Nancy Weng     nweng@trinhlawfirm.com, kim@trinhlawfirm.com

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Tim Wong<br>195 Tenby Terrace<br>Danville, CA 94506 | Douglas R. Schwartz<br>SCHWARTZ & CERA LLP<br>44 Montgomery Street, Suite 3850<br>San Francisco, CA 94104 | David M. Balabanian<br>Law Offices of Bingham<br>McCutchen<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067 |
| Craig A. Barbarosh<br>Katten Muchin Rosenman LLP<br>650 Town Center Dr. 7th Fl.<br>Costa Mesa, CA 92626-7122 | Eric W. Benisek<br>Vasquez Benisek and Lindgren LLP<br>3685 Mt. Diablo Blvd., Suite 300<br>Lafayette, CA 94549 | Eduardo De Castro<br>340 11th Street<br>San Francisco, CA 94103 |
| Edward Hammond<br>3103 Powell Cir.<br>Austin, TX 78704 | Timothy Lam<br>6156 Temple City Blvd.<br>Temple City, CA 91780 | Grant Pederson<br>12538 Botanical Ln.<br>Frisco, TX 75035 |
| Peter A. Siddiqui<br>Katten Muchin Rosenman LLP<br>525 W. Monroe St.<br>Chicago, IL 60661-3693 | Edwin E. Smith<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY 10022-4689 | |

3. **SERVED BY EMAIL**:

| Recipient Name | Email |
|---|---|
| Tim Wong | tim@timwong.com |
| Graham Adams | gadams@takelap.com |
| Servaas Tilkin | servaas.tilkin@gmail.com |
| Ray E. Gallo | rgallo@gallo-law.com |
| Process General c/o Victor Delaglio | NEF@Processgeneral.com |
| William R. Gougér | bill.gouger@summitcapitalllc.com |
| Craig Beech | craigbeech@gmail.com |
| Michael Gao | Urazexo378@gmail.com |
| Scott Gray | elphenom@yahoo.com |
| Wy Gost | wygost@yahoo.com |