1  KATTEN MUCHIN ROSENMAN LLP
   Craig A. Barbarosh (SBN 160224)
2  craig.barbarosh@kattenlaw.com
   650 Town Center Drive, Suite 700
3  Costa Mesa, CA 92626-7122
   Telephone: (714) 966-6822
4
   Jessica M. Mickelsen (SBN 277581)
5  jessica.mickelsen@kattenlaw.com
   2029 Century Park East, Suite 2600
6  Los Angeles, CA 90067-3012
   Telephone: (310) 788-4425
7  Facsimile: (310) 788-4471
8  Peter A. Siddiqui (*pro hac vice*)
   peter.siddiqui@kattenlaw.com
9  525 W. Monroe Street
   Chicago, IL 60661-3693
10 Telephone: (312) 902-5455
   Facsimile: (312) 902-1061
11
   Counsel for Debtor and Debtor-In-Possession
12 HashFast Technologies LLC and HashFast LLC

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| Debtor and Debtor-In-Possession | Case No. 14-30866 |
| | Chapter 11 |
| Affects HASHFAST LLC, a Delaware limited liability company, | **[NO HEARING REQUIRED]** |
| Debtor and Debtor-In-Possession | |

APPLICATION TO EMPLOY PROVINCE, INC. AS DEBTORS' CHIEF RESTRUCTURING OFFICER

1 _____ )

2 **DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE**
**CONTINUED EMPLOYMENT AND RETENTION OF PETER KRAVITZ AND**
3 **OTHERS AT PROVINCE, INC., AS CHIEF RESTRUCTURING OFFICER OF THE**
**DEBTORS, *NUNC PRO TUNC* TO AUGUST 15, 2014**

4

5      HashFast Technologies LLC ("HFT") and HashFast LLC ("HashFast" collectively with

6 HFT, the "Debtors" and each a "Debtor"), respectfully submit this application (the "Application")

7 for entry of an order authorizing the Debtors' continued retention and employment of Peter

8 Kravitz and others at Province, Inc., ("Province" or the "Firm"), as chief restructuring officer

9 for the Debtors effective August 15, 2014 in accordance with the engagement letter (the

10 "Engagement Letter"), a copy of which is attached to the Declaration of Peter Kravitz (the

11 "Kravitz Declaration") as **Exhibit 1** and is incorporated herein by reference.  The Committee

12 submits the Kravitz Declaration in support of this Application and incorporates it herein by

13 reference.  In further support of the Application, the Committee represents as follows:

14                                              **JURISDICTION**

15      1.      This Application is brought pursuant to 11 U.S.C. §§ 105(a) and 363(b),[1] and the

16 Guidelines of the Office of the United States Trustee (the "UST Guidelines").

17                                              **BACKGROUND**

18      2.      On May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward

19 Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an

20 involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy

21 Code") against HashFast Technologies, LLC ("HFT").

22      3.      On June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order*

23 *for Relief Regarding Involuntary Petition* [Docket No. 36] and *Debtor's Motion to Convert*

24 *to Chapter 11* [Docket No. 35].  On June 4, 2014, the Court entered an order converting the

25 Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.  Thereafter, HFT has acted as

26 debtor in possession pursuant to §§ 1107 and 1108.

27

28 _____
[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

- 2 -

4.      On June 6, 2014, HashFast filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, the Debtors' bankruptcy cases were jointly administered and substantively consolidated by the Court.

5.      On or about August 15, 2014, the Debtors retained the services of Peter Kravitz as their Chief Restructuring Officer. The Court had advised the Debtors that a retention application was not necessary under the circumstances. Since Mr. Kravitz's retention, however, nearly all of the Debtors' employees have resigned. As a result, the amount of work Mr. Kravitz was required to perform increased dramatically. To perform his expanded tasks in a way that best served the Debtors and their estates, Mr. Kravitz has sought the assistance of certain of his colleagues at Province, including Victor Delaglio and Amanda Demby. Given the expanded personnel, the Debtors again sought the Court's guidance as to whether a retention application was necessary. The Court directed the Debtors to consult with the United States Trustee (the "UST"). The UST advised that a retention application would be appropriate under the circumstances.

## BASIS FOR RELIEF REQUESTED AND QUALIFICATIONS OF PROVINCE

### A.      Qualifications of Province and Mr. Kravitz

6.      The Debtors seek to retain and employ Province, Mr. Kravitz and Mr. Kravitz's colleagues because, among other things, they have extensive experience and excellent reputations in providing high-quality financial and restructuring advice. Their knowledge, resources, capabilities and experience are crucial to assisting in the Debtors' chapter 11 strategy to achieve the best possible outcome for all constituencies.

7.      Province is a nationally-recognized consulting firm that specializes in corporate restructurings, operations improvements, litigation analytics, and bankruptcy case management services. Province maintains offices in Las Vegas, NV and Agoura Hills, CA. Founded in 2008, Province has successfully restructured billions of dollars in corporate and asset-backed loans across a wide range of industries and has worked with both debtors and creditors to navigate complex business issues and maximize value. Province is comprised of a seasoned team of senior financial and consulting professionals who add value by delivering a variety of intellectual,

- 3 -

functional, and process skills to support its clients.

8. Mr. Kravitz has over 20 years of experience in financial restructuring, and he is a principal at Province. He has provided a full range of crisis management services throughout the country to distressed companies, including interim management and debtor advisory work, bankruptcy preparation and management. Mr. Kravitz has managed numerous liquidations that have ranged in size from very small to very large. He has also acted as a Chapter 11 trustee and Plan Trustee.

9. Mr. Kravitz team, including Victor Delaglio and Amanda Demby, are experienced restructuring personnel with years of experience in all types of restructuring matters.

**B. Services to be Rendered.**

10. Pursuant to the terms of the Engagement Letter, Province has agreed, among other things, to provide the services of Mr. Kravitz, as chief restructuring officer and responsible individual to act, along with his colleagues, as temporary employees of the Debtors.

11. Mr. Kravitz and Province will assist the Debtors in consummating the sales of their assets, operating on a day-to-day basis, and to wind-down and close the Debtors' bankruptcy estates, including, but in no way limited to, the following duties:

A. direct the operation of the Debtors' business, including, without limitation, being designated as the responsible person pursuant to the Local Bankruptcy Rules for Northern District of California;

B. direct the preparation of all financial information;

C. approve all material cash disbursements, including capital expenditures, as and if needed, in order to maximize, protect and preserve the Debtors' assets;

D. approve sale of assets in ordinary course and authorize motions and/or applications for the sale of assets outside of ordinary course needing Court approval;

E. supervise and direct management of vendor, supplier, lender, employee and customer communications, receivables, payables and relationships as needed to maintain the Debtors' value;

- 4 -

F. retain or terminate employees, contractors and non-legal professionals employed by the Debtors;

G. investigate the value and possible monetization of the Debtors' intellectual property;

H. direct the preparation of information, including any reports and schedules pursuant to the these Chapter 11 cases, and have access to all of the Debtors' controlled materials necessary for such preparation;

I. participate in meetings with third parties and their respective representatives on all material matters related to the Debtors' business operations and the administration of Chapter 11 proceedings;

J. communicate with counsel in any pending or future legal matters with the Debtors as a party in interest and negotiate resolution of any and all such matters specifically including affirmative claims for recovery (including avoidance claims) and objections to proofs of claim filed by claimants;

K. negotiate, structure and authorize the filing of a disclosure statement and/or chapter 11 plan of reorganization or liquidation; and

L. take any and all actions necessary to fulfill the responsibilities set forth above, including executing all necessary documentation on behalf of the Debtors' to effectuate same.

**C.     Professional Compensation.**

12.     The Engagement Letter provides that Province shall be compensated for the services provided thereunder by a fixed fee of $40,000 per month. This monthly fee is at or below what Province charges for similar services to other clients.

13.     Province also shall be paid a One Hundred Thousand Dollars ($100,000) incentive bonus (the "Incentive Bonus") upon confirmation of a Chapter 11 Plan pursuant to which all allowed administrative expenses and priority claims are paid in full, without giving effect to the Incentive Bonus. This Incentive Bonus shall survive the termination of Peter Kravitz's

and Province's services. The Debtors and Province have also agreed that Province will be reimbursed for reasonable expenses incurred by Province and Mr. Kravitz on the Debtors' behalf, including, but not limited to, reasonable and customary out-of-pocket expenses that are billed directly to the engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement.

14.     The overall compensation structure described herein and as set forth in detail in the Engagement Letter is comparable to , if not less than, compensation generally charged by restructuring advisory firms of similar stature as Province for similar engagements, both in and out of court, and is straightforward and economical. None of Province's employees are entitled to direct compensation or bonuses from the Debtors; rather, they will continue to draw their salaries and receive benefits from Province, thus relieving the Debtors of any related payroll expenses for employees of Province.

15.     Because Province is not being employed as a professional under section 327 of the Bankruptcy Code, it will not submit fee applications pursuant to Bankruptcy Code sections 330 and 331.

16.     Province and its affiliates shall also:

A.      not act in any other capacity beyond those articulated in this application and the Engagement Letter (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases;

B.      in the event the Debtors seek to have Province personnel assume executive officer positions that are different than the positions disclosed in this application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

Case: 14-30725    Doc# 232    Filed: 11/21/14    Entered: 11/21/14 17:36:30    Page 6 of 23

C.      no principal, employee or independent contractor of Province and its affiliates shall serve as a director of any of the Debtors during the pendency of these Chapter 11 Cases; and

D.      the Debtors are permitted to indemnify Province and those persons serving as officers and temporary employees, except to the extent finally determined to have resulted from the negligence or willful misconduct of those individuals.

**D.      Retention and Employment of Province Is Proper Under Section 363 of the Bankruptcy Code.**

17.                     Section 363(b) of the Bankruptcy Code provides, in part, that a debtor-in-possession "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to Section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. *See, e.g., Comm. of Equity Sec. Holders v. Lionel Co. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to Section 363(b)); *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtor's conduct").

18.      The retention of corporate officers is proper under Section 363 of the Bankruptcy Code. The Debtors submit that the employment of Province, Mr. Kravitz, and Mr. Kravtiz's colleagues under the terms contained in the Engagement Letter and the attached proposed order would greatly benefit the Debtors' estates and creditors. Such employment is a sound exercise of

APPLICATION TO EMPLOY PROVINCE, INC. AS DEBTORS' CHIEF RESTRUCTURING OFFICER

Case: 14-30725   Doc# 232   Filed: 11/21/14   Entered: 11/21/14 17:36:30   Page 7 of 23

the Debtors' business judgment and satisfies section 363 of the Bankruptcy Code as Province's, Mr. Kravitz's, and his colleagues' services are necessary and essential to the Debtors' sale efforts and overall prosecution of these bankruptcy cases.

## DISINTERESTEDNESS

19.     To the best of the Debtors' knowledge and based upon the Kravitz Declaration, neither Province nor any of its principals, associates or staff has any connection with the Debtor, any creditors of the estate, any party in interest, the UST, or any person employed in the UST, except to the extent set forth in the Kravitz Declaration.

20.     To the best of the Debtors' knowledge and based upon the attached Kravitz Declaration, neither Province nor any of its principals, associates or staff is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

21.     To the best of the Debtors' knowledge and based upon the attached Kravitz Declaration, neither Province nor any of its principals, associates or staff is or was, within two years before the date of the filing of the petitions, a director, officer, or employee of the Debtors.

22.     Province represented, represents, and in the future will likely represent many creditors or parties in interest in matters unrelated to the Debtors and these bankruptcy cases. Province, however, is not representing any of those entities in these bankruptcy cases and will not represent any of those entities in any claims that they may have collectively or individually against the Debtors.

23.     Province acts as financial advisor to other committees in other bankruptcy cases, the members of which may be creditors of the Debtors. However, Province will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

24.     Similarly, Province may provide, or may have provided, services to debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these bankruptcy cases.

25. To the best of the Debtors' and Province's knowledge, Province has no interest adverse to the estate.

26. The Debtors are informed and believe that Province has conducted a conflict check and thus far has not encountered any creditors of the Debtors with which an actual conflict exists between Province and such creditors. If, at any subsequent time during the course of these proceedings, Province learns of any other representation which may give rise to a conflict, Province will promptly file with the Court an amended declaration identifying and specifying such involvement

## **CONCLUSION**

27. The Debtors believe it is necessary to continue the retention and employment of Mr. Kravitz and Province as chief restructuring officer of the Debtors.

28. The Debtors request that the Court authorize the employment of Province effective August 15, 2014, the day the Debtors retained Mr. Kravitz and Province.

WHEREFORE, the Debtors respectfully request entry of an order authorizing the Debtors to employ and retain Province, and certain employees of Province, including but not limited to Mr. Kravitz as chief restructuring officer on the terms set forth in the Engagement Letter and granting such other and further relief as is just and proper based upon the foregoing.

Dated: November 21 , 2014                     Respectfully submitted,

                                              HASHFAST LLC
                                              HASHFAST TECHNOLOGIES LLC

                                              By:    /s/ Simon Barber    11/21/2014
                                                     Simon Barber

                                              Submitted by:
                                              Katten Muchin Rosenman LLP
                                              Peter A. Siddiqui
                                              Jessica M. Mickelsen

                                              By:/s/ Jessica M. Mickelsen

- 9 -

1     Counsel for Debtor and Debtor-In-Possession
2     HashFast Technologies LLC and HashFast LLC
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 10 -

## DECLARATION OF PETER KRAVITZ

I, Peter Kravitz, hereby declare:

1.     I am a Principal of Province, Inc. ("Province").

2.     I make this declaration in support of the application (the "Application") filed by the Debtors to employ me as chief restructuring officer and my colleagues at Province as its financial advisor. Capitalized terms not otherwise defined herein shall have the meaning given them in the Application.

3.     Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (my own or that gathered from others that work under my supervision), and my review of relevant documents. If called upon to testify, I would testify to the facts set forth in this Declaration.

4.     A copy of Province's Engagement Letter with the Debtors is attached hereto as **Exhibit A**.

5.     Province is a nationally-recognized consulting firm that specializes in corporate restructurings, operations improvements, litigation analytics and bankruptcy case management services. Province specializes in financial advisory, corporate reorganization and strategic consultation services for mid-market companies and maintains offices in Las Vegas, NV and Agoura Hills, CA. Founded in 2008, Province has successfully restructured billions of dollars in corporate and asset-backed loans across a wide range of industries and has worked with both debtors and creditors to navigate complex business issues and maximize value.

6.     Province is comprised of a seasoned team of senior financial and consulting professionals who add value by delivering a diversity of intellectual, functional and process skills to support our clients. I have over 20 years of experience in financial restructuring, and I am a principal at Province. I have provided a full range of crisis management services throughout the country to distressed companies, including interim management and debtor advisory work, bankruptcy preparation and management. I have managed numerous liquidations that have ranged in size from very small to very large. I have also acted as a Chapter 11 trustee and Plan Trustee.

1

US_101677275v1

7. My team, including Victor Delaglio and Amanda Demby, are experienced restructuring personnel with years of experience in all types of restructuring matters.

8. Pursuant to the terms of the Engagement Letter, Province has agreed, among other things, to provide the services of myself, as chief restructuring officer and responsible individual to act, along with my colleagues, as temporary employees of the Debtors.

9. Province and I will assist the Debtors in consummating the sales of their assets, operating on a day-to-day basis, and to wind-down and close the Debtors' bankruptcy estates, including, but in no way limited to, the following duties:

    A. direct the operation of the Debtors' business, including, without limitation, being designated as the responsible person pursuant to the Local Bankruptcy Rules for Northern District of California;

    B. direct the preparation of all financial information;

    C. approve all material cash disbursements, including capital expenditures, as and if needed, in order to maximize, protect and preserve the Debtors' assets;

    D. approve sale of assets in ordinary course and authorize motions and/or applications for the sale of assets outside of ordinary course needing Court approval;

    E. supervise and direct management of vendor, supplier, lender, employee and customer communications, receivables, payables and relationships as needed to maintain the Debtors' value;

    F. retain or terminate employees, contractors and non-legal professionals employed by the Debtors;

    G. investigate the value and possible monetization of the Debtors' intellectual property;

    H. direct the preparation of information, including any reports and schedules pursuant to the these Chapter 11 cases, and have access to all of the Debtors' controlled materials necessary for such preparation;

Katten

I. participate in meetings with third parties and their respective representatives on all material matters related to the Debtors' business operations and the administration of Chapter 11 proceedings;

J. communicate with counsel in any pending or future legal matters with the Debtors as a party in interest and negotiate resolution of any and all such matters specifically including affirmative claims for recovery (including avoidance claims) and objections to proofs of claim filed by claimants;

K. negotiate, structure, and authorize the filing of a disclosure statement and/or chapter 11 plan of reorganization or liquidation; and

L. take any and all actions necessary to fulfill the responsibilities set forth above, including executing all necessary documentation on behalf of the Debtors' to effectuate same.

10. The Engagement Letter provides that Province shall be compensated for the services provided thereunder by a fixed fee of $40,000 per month. This monthly fee is at or below what Province charges for similar services to other clients.

11. Province also shall be paid a One Hundred Thousand Dollars ($100,000) incentive bonus (the "Incentive Bonus") upon confirmation of a Chapter 11 Plan pursuant to which all allowed administrative expenses and priority claims are paid in full, without giving effect to the Incentive Bonus. This Incentive Bonus shall survive the termination of Province and my services. The Debtors and Province have also agreed that Province will be reimbursed for reasonable expenses incurred by Province and I on the Debtors' behalf, including, but not limited to, reasonable and customary out-of-pocket expenses that are billed directly to the engagement such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement.

12. The overall compensation structure described herein and as set forth in detail in the Engagement Letter is comparable to, if not less than, compensation generally charged by restructuring advisory firms of similar stature as Province for similar engagements, both in and out of court, and is straightforward and economical.

3

13. Because Province is not being employed as a professional under section 327 of the Bankruptcy Code, it will not submit fee applications pursuant to Bankruptcy Code sections 330 and 331.

14. Province and its affiliates shall also:

A. not act in any other capacity beyond those articulated in this application and the Engagement Letter (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases;

B. in the event the Debtors seek to have Province personnel assume executive officer positions that are different than the positions disclosed in this application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

C. no principal, employee, or independent contractor of Province and its affiliates shall serve as a director of any of the Debtors during the pendency of these Chapter 11 Cases; and

D. the Debtors are permitted to indemnify Province and those persons serving as officers and temporary employees, except to the extent finally determined to have resulted from the negligence or willful misconduct of those individuals.

15. There are no arrangements between Province and any other entity for the sharing of compensation received or to be received in connection with this Bankruptcy Case, except insofar as such compensation may be shared among principals and associates of Province.

16. Province has made the following investigation of disinterestedness prior to submitting this declaration. Province has undertaken a full and thorough review of its computer data base which contains the names of clients and other parties interested in particular matters. Province requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Province data base and to enter into that data base conflict information regarding new clients or

4

new matters. Thus, a review of said computerized data base should reveal any and all actual or potential conflicts of interest with respect to any given representation. Province has conducted an extensive conflict check within Province's database and thus far Province has not encountered any creditors of the Debtors' in which an actual conflict exists between Province and such creditors. If, at any subsequent time during the course of this proceeding, Province learns of any other representation which may give rise to a conflict, Province will promptly file with the Court and the UST an amended declaration identifying and specifying such involvement.

17.     Province represented, represents, and in the future will likely represent many creditors or parties in interest in matters unrelated to the Debtors and these bankruptcy cases. Province, however, is not representing any of those entities in these bankruptcy cases, and will not represent any of those entities in any claims that they may have collectively or individually against the Debtors.

18.     Province has represented or represents committees, debtors, or other entities in chapter 11 matters unrelated to the Debtors in which the other professionals retained in these bankruptcy cases, are involved.

19.     Province has represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these bankruptcy cases. At this time, Province is not aware of any such representations. If Province identifies any such representations, Province shall make disclosures as may be appropriate at that time.

20.     Province is not, and has never been, a creditor, an equity security holder or an insider of the Debtors.

21.     Province is not, and has never been, an investment banker for any outstanding security of the Debtors.

22.     Province is not, and was not, within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors.

US_101677275v1

23.     Province is not, and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

24.     Province neither holds nor represents an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason. I believe that Province is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

25.     Province is familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 21, 2014

Peter Kravitz

6

US_101677275v1

**Katten**

## <u>Exhibit A</u>

### Engagement Letter

7

US_101677275v1



**PROVINCE**

October 8, 2014

HashFast Technologies, LLC
C/O Peter Siddiqui
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
By Email to: peter.siddiqui@kattenlaw.com
Attention: Simon Barber

Dear Simon:

We are pleased that you have selected us to assist HashFast Technologies LLC and HashFast LLC (together, "HashFast", "Company" or "you") and want to advise you that we are formally referred to as Province, Inc. ("Province" or "we"). This amended letter agreement ("Agreement") amends the previous Agreement executed on August 15, 2014 and confirms that you have retained Peter Kravitz, who is a principal at Province, as HashFast's Chief Restructuring Officer ("CRO").

As HashFast's CRO, Peter Kravitz will perform all duties traditionally associated with the role of CEO and CFO, including but not limited to:

A.       direct the operation of the business of HashFast, including, without limitation, being designated as the responsible person pursuant to the Local Bankruptcy Rules for Northern District of California;

B.       direct the preparation of all financial information;

C.       approve all material cash disbursements, including capital expenditures, as and if needed, in order to maximize, protect and preserve the assets of HashFast;

D.       approve sale of assets in ordinary course and authorize motions and/or applications for the sale of assets outside of ordinary course needing Court approval;

E.       supervise and direct management of vendor, supplier, lender, employee and customer communications, receivables, payables and relationships as needed to maintain HashFast's value;

F.       retain or terminate employees, contractors and non-legal professionals employed by HashFast;

5915 Edmond Street, Suite 102
Las Vegas, Nevada 89118
(702) 685.5555

100992946

G.      investigate the value and possible monetization of HashFast's intellectual property;

H.      direct the preparation of information, including any reports and schedules pursuant to the filing of Chapter 11, and have access to all HashFast controlled materials necessary for such preparation;

I.      participate in meetings with third parties and their respective representatives on all material matters related to HashFast's business operations and the administration of Chapter 11 proceedings;

J.      communicate with counsel in any pending or future legal matters with HashFast as a party in interest and negotiate resolution of any and all such matters specifically including affirmative claims for recovery (including avoidance claims) and objections to proofs of claim filed by claimants;

K.      negotiate, structure, and authorize the filing of a disclosure statement and/or chapter 11 plan of reorganization or liquidation; and

L.      take any and all actions necessary to fulfill the responsibilities set forth above, including executing all necessary documentation on behalf of HashFast to effectuate same.

This Agreement outlines the basis upon which we will render these services, and confirms our understanding with respect to the determination and payment of fees and the reimbursement of costs and expenses.

1.      Scope of Services and Client Duties:  You are retaining Peter Kravitz, as Chief Restructuring Officer.  His responsibilities will be to provide you with the services outlined in this Agreement, and shall report to HashFast's Board of Directors and work collaboratively with the senior management team and Company's professionals. We will keep you informed of the progress of the matters we are handling and respond to your inquiries. You understand the need for truthful, complete and accurate information. You also understand the need to cooperate and to keep us informed on a timely basis of any developments that may impact the services that we are to provide.

2.      Fees and Billing Practices:  For this engagement, Peter Kravitz shall receive a fixed fee for his services and any Province employees assisting Peter Kravitz in the duties described in this Agreement of $40,000 per month . Fees for any partial month shall be prorated. For this engagement, Peter Kravitz and the Company anticipate that Peter Kravitz and any Province employee assisting him will spend no more than 20 hours per week.

3.    Incentive Bonus: Peter Kravitz shall be paid a One Hundred Thousand Dollars ($100,000) Incentive Bonus upon confirmation of a Chapter 11 Plan pursuant to which all allowed administrative expenses and priority claims are paid in full, without giving effect to the Incentive Bonus. This incentive bonus shall survive the termination of Peter Kravitz's services if discharged under paragraph 7 or otherwise unless we are affirmatively adjudicated to have been terminated for cause or if we withdraw without cause, the burden in such as a proceeding shall be on HashFast or its successors or assigns.

4.    Costs and Other Charges: In general, we will incur various costs and expenses in the normal course of performing under this Agreement. Costs and expenses commonly include, but are not limited to: reasonable lodging, postage, parking, legal fees, photocopying and other reproduction and binding costs, messenger and other delivery fees, express mail, information retrieval services, temporary clerical assistance and other similar items. All costs and expenses will be itemized and charged to you at actual cost. Any air travel shall be reimbursed for economy class only. There shall be no costs passed along to HashFast for Mr. Kravitz' traveling, transportation or lodging from Las Vegas to Los Angeles, CA.

5.    Billing Statements: Peter Kravitz will regularly send you invoices indicating fees and costs incurred. Payment is due upon receipt of each invoice.

6.    Discharge, Withdrawal, Termination: Peter Kravitz has the right to withdraw from this engagement with thirty (30) days written notice unless Peter Kravitz feels that his scope is limited, his effectiveness impaired, or HashFast is withholding information. In that case he will terminate this engagement. Reasons for Peter Kravitz's withdrawal may also include, but are not limited to, your breach of this Agreement, your failure to pay invoices when due, your refusal to cooperate with or to follow advice or a representation of you that is unlawful or unethical. HashFast shall have the right to terminate this engagement at any time by written notice Peter Kravitz via email at pkravitz@provincefirm.com.

7.    Disclaimer of Guarantee: Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any of our efforts. Our comments about the outcome or likely results of any effort are expressions of personal opinion only and are not representations or warranties and do not otherwise bind us.

8.    Indemnification: HashFast shall indemnify and hold harmless Peter Kravitz from and against any claims, liabilities, costs and expenses (including without limitation, attorneys; fees and the time of Province's personnel involved) brought against, paid or incurred by Province at any time and in any way arising out of or relating to our services under this Agreement, except to the extent finally determined to have resulted from the negligence or willful misconduct of Peter Kravitz. HashFast will maintain all existing Director and Officer insurance policies during the pendency of this engagement. This provision shall survive the termination of this Agreement for any reason. We shall not be liable for consequential damages resulting from any management decisions by HashFast.

9.    Information: HashFast's management shall be responsible for providing the information necessary for our review and analysis. The accuracy and completeness of such information, upon which we rely and which will form the basis of any plan that we help prepare, are the responsibility of the HashFast.

10.    Fees and Disputes: It is agreed and understood that any legal action, arbitration or proceeding related to this agreement and or engagement shall be brought in California, whose laws and procedures shall apply, or shall be determined by the Bankruptcy Court during the period in which the Bankruptcy is pending.

11.    This is Not an Audit. HashFast acknowledges and agrees that Peter Kravitz is not being requested to perform an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of the AICPA, SEC or other state or national professional or regulatory body.

12.    No Third Party Beneficiary. HashFast acknowledges that all advice (written or oral) provided by Peter Kravitz in connection with this engagement is intended solely for the benefit and use of the HashFast in considering the matters to which this engagement relates. No such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without Peter Kravitz's prior approval (which shall not be unreasonably withheld), except as required by law. Peter Kravitz, however, is authorized to share the Company's financial analysis with the Official Committee of Unsecured Creditors in a timely fashion.

13.    Confidentiality. Peter Kravitz agree to keep confidential all information obtained from the Company and not to disclose to any other person or entity (other than Province employees assisting him on this engagement), or use for any purpose other than specified herein, any information pertaining to the Company or any affiliate thereof which is either non-public, confidential or proprietary in nature ("Information") that it obtains or is given access to during the performance of the services provided hereunder. The foregoing is not intended to nor shall be construed as prohibiting Peter Kravitz from disclosure pursuant to a valid subpoena or court order. Furthermore, Peter Kravitz may make reasonable disclosures of Information in connection with the responsibilities of the CRO. In addition, Peter Kravitz will have the right to disclose to others in the normal course of business its involvement with the Company.

Information includes data, plans, reports, schedules, drawings, accounts, records, calculations, specifications, flow sheets, computer programs, source or object codes, results, models, or any work product relating to the business of the Company, its subsidiaries, distributors, affiliates, vendors, customers, employees, contractors and consultants.

The Company acknowledges that all information (written or oral) generated by Peter Kravitz in connection herewith is intended solely for the benefit and use of the Company. The Company agrees that no such information shall be used for any other purpose or reproduced, disseminated, quoted or referred to with attribution to Peter Kravitz at any time in any manner or

for any purpose other than accomplishing the tasks referred to herein, without Peter Kravitz's prior approval (which shall not be unreasonably withheld) except as required by law.

14.    Entire Agreement: Unless otherwise agreed in writing between us, all other matters referred to us for representation shall be governed by the terms of this letter, and any other attached scheduled or amendments. This Agreement contains all terms of the agreement between and may not be modified except in writing signed by both of us.

If this letter accurately reflects our agreement, please sign and return it to us.

If you have any questions concerning the provisions of this Agreement, we invite your inquiries. We look forward to working with you.

Very truly yours,

Peter S. Kravitz

Accepted and agreed on
behalf of HashFast Technologies LLC:

By:_____

Name:_____
        Its Authorized Representative

Accepted and agreed on
behalf of HashFast LLC:

By:_____

Name:_____
        Its Authorized Representative

100992946
US_101880301v1

October 8, 2014
Page 5

for any purpose other than accomplishing the tasks referred to herein, without Peter Kravitz's prior approval (which shall not be unreasonably withheld) except as required by law.

    14.    Entire Agreement: Unless otherwise agreed in writing between us, all other matters referred to us for representation shall be governed by the terms of this letter, and any other attached scheduled or amendments. This Agreement contains all terms of the agreement between and may not be modified except in writing signed by both of us.

    If this letter accurately reflects our agreement, please sign and return it to us.

    If you have any questions concerning the provisions of this Agreement, we invite your inquiries. We look forward to working with you.

Very truly yours,

Peter S. Kravitz

Accepted and agreed on
behalf of HashFast Technologies LLC:

By: _____

Name: _____SIMON___BARBER_____   11/21/2014

Its Authorized Representative

Accepted and agreed on
behalf of HashFast LLC:

By: _____

Name: _____SIMON___BARBER_____   11/21/2014

Its Authorized Representative

100992946
US_101880301v1