KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><br>---<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>Hearing:<br>Date: December 19, 2014<br>Time: 9:30 a.m.<br>Ctrm: Hon. Dennis Montali<br>      235 Pine Street, Courtroom 22<br>      San Francisco, CA 94104<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION (KATTEN MUCHIN ROSENMAN LLP)** |

TO THE HONORABLE DENNIS MONTALI AND THE OFFICE OF THE UNITED STATES TRUSTEE:

This is the First Interim Application (the "First Application") for allowance of compensation and reimbursement of expenses of Katten Muchin Rosenman LLP (the "Firm" or "Applicant"), counsel for HashFast Technologies LLC and HashFast LLC (collectively, "HashFast" or the "Debtor") in the above-captioned case. The Firm seeks approval of compensation for professional legal services rendered and reimbursement of expenses incurred as counsel for the Debtor for the time period of June 6, 2014, through October 31, 2014 (the "Application Period"). The First Application requests Court approval of compensation for professional legal services rendered and expenses incurred by the Firm as counsel to the Debtor during the Application Period totaling $354,347.98. This amount consists of professional fees of $329,896.00 and reimbursement of expenses of $24,451.98 incurred during the Application Period.

The Debtor provided the Firm with a retainer of $130,000 ("Retainer"), paid as follows: $40,000 on May 5, 2014; $35,000 on May 8, 2014; $5,000 on May 22, 2014; and $50,000 on May 28, 2014. As of June 2, 2014, the Firm has drawn down the sum of $100,000 to cover all fees and expenses incurred on behalf of Debtor prior to the filing of the entry of the order for relief. The balance of the Retainer continues to be held by the Firm. The amount of outstanding fees and unreimbursed expenses is $354,347.98, representing $329,896.00 in fees and $24,451.98 in unreimbursed expenses.

Applicant's request for relief is based on the First Application and separately filed Exhibits thereto, the notice (the "Notice") of the hearing on the First Application, the Declaration of Peter A. Siddiqui filed in support of the First Application.

The First Application is made pursuant to the provisions of 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016. The First Application conforms to the United States Trustee's Guidelines (the "Trustee's Guidelines") for the compensation of professional persons.

In support of the First Application, Applicant respectfully represents as follows:

## I. STATEMENT OF THE CASE

On May 9, 2014, certain petitioning creditors filed a chapter 7 involuntary petition against Hashfast Technologies LLC [Doc No. 1]. On June 3, 2014, HashFast Technologies LLC consented to the petition and filed a motion to convert the case from chapter 7 to chapter 11 (the "Motion to Convert") [Doc Nos. 35, 36]. The Court granted the Motion to Convert on June 5, 2014 [Doc No. 40]. On June 6, 2014, HashFast LLC filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtors filed a motion to jointly administer the chapter 11 case of HashFast LLC with the case of its wholly-owned subsidiary HashFast Technologies LLC (collectively, these "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors-in-possession. On or about July 23, 2014, the Committee filed its motion to substantively consolidated the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 105(a) (the "Substantive Consolidation Motion"). This Court granted the Substantive Consolidation Motion on September 28, 2014 [Docket No. 202].

## II. GENERAL BACKGROUND OF THE FIRM'S SERVICES

On June 6, 2014, the Firm filed its *Application for Order Under 28 U.S.C. § 327(a) Authorizing Retention of Katten Muchin Rosenman LLP* (Docket No.45) requesting that it

be appointed counsel to the Debtor effective as of the Petition Date. The *Order Authorizing Debtors to Retain and Employ Katten Muchin Rosenman LLP as Counsel* was entered on the docket on July 9, 2014 [Docket No. 120].

By this First Application, the Firm seeks approval of compensation for professional legal services rendered and reimbursement of expenses incurred as counsel for the Debtor for the Application Period. The First Application requests Court approval of compensation for professional legal services rendered and expenses incurred by Applicant as counsel to the Debtors during the Application Period totaling $354,347.98. This amount consists of professional fees of $329,896.00 and reimbursement of expenses of $24,451.98 incurred during the Application Period.

I. **EXHIBIT TO FIRST FEE APPLICATION**

The following exhibit is attached to the First Application:

A detailed statement (the "Statement") of the services the Firm performed and the out-of-pocket expenses incurred during this Application Period is set forth on Exhibit A. The Statement sets forth the time and expense records as kept in the ordinary course of business, and contains the following information: the name of each attorney performing services, a description of the services, and the amount of time incurred for the services. The time entries are in chronological order by Project Billing Category.

II. **SUMMARY OF PROFESSIONAL SERVICES RENDERED**

The Firm spent 564.60 hours in performing the services described in the First Application, at an average hourly billing rate of $550.00. A summary of the hours spent by individual attorneys during the Application Period, along with each individual's hourly rate, is as follows:

| Name of Professional | Position | Date of Bar Admission | Hourly Rate 2014 | Total Billed Hours 2014 | Total Compensation |
|---|---|---|---|---|---|
| Craig A. Barbarosh | Partner | CA 1992 | $810 | 18.70 | $15,147 |
| Peter A. Siddiqui | Partner | IL 2002 | $630 | 295.90 | $186,417 |
| Karin H. Berg | Partners | IL 2003 | $615 | 1.1 | $676.50 |
| Jessica M. Mickelsen | Associate | CA 2011 | $575 | 150.10 | $86,307.50 |
| Paul T. Musser | Associate | IL 2011 | $460 | 82.40 | $37,904 |
| Vickie Hayden Lee | Paraprofessional | -- | $210 | 16.4 | $3,444 |
| Total | | | | | $329,896 |

## III. SUMMARY BY PROJECT BILLING CODE

A. Use Of Project Categories

The work the Firm performed services in the following categories:

| Project Type | Amount Sought June 2014 | Amount Sought July 2014 | Amount Sought August 2014 | Amount Sought September 2014 | Amount Sought October 2014 | Total: |
|---|---|---|---|---|---|---|
| First Day Motions | $9,800.50 | $630.00 | $0.00 | $0.00 | $0.00 | $10,430.50 |
| Asset Sales/Bidding Procedures | $10,155.50 | $57,493.50 | $8,046.00 | $7,056.00 | $13,963.50 | $96,714.50 |
| Litigation/Adversary Proceedings | $0.00 | $15,675.00 | $18,630.00 | $8,769.00 | $1,800.00 | $44,874.00 |
| Claims Analysis and Objections | $613.50 | $0.00 | $945.00 | $630.00 | $945.00 | $3,133.50 |
| Executory Contracts and Leases | $928.50 | $1,386.00 | $4,347.00 | $6,237.00 | $2,898.00 | $15,796.50 |
| Case Administration | $8,730.50 | $45,559.50 | $17,187.00 | $8,525.50 | $1,400.00 | $81,402.50 |
| Professional Retention and Compensation | $315.00 | $126.00 | $2,331.00 | $0.00 | $315.00 | $3,087.00 |
| Plan and Disclosure Statement | $0.00 | $0.00 | $0.00 | $2,709.00 | $378.00 | $3,087.00 |
| Employee Matters | $0.00 | $2,655.00 | $3,132.00 | $0.00 | $0.00 | $5,787.00 |
| Non-Working Travel | $2,520.00 | $0.00 | $2,520.00 | $2,520.00 | $0.00 | $7,560.00 |
| Hearings and Court Matters | $5,040.00 | $10,968.50 | $630.00 | $0.00 | $1,764.00 | $18,402.50 |
| Schedules/Statements of Financial Affairs | $28,097.00 | $6,207.00 | $4,561.00 | $0.00 | $0.00 | $38,865.00 |
| Automatic Stay Matters | $126.00 | $0.00 | $0.00 | $0.00 | $0.00 | $126.00 |
| Insurance Matters | $0.00 | $0.00 | $630.00 | $0.00 | $0.00 | $630.00 |

| Total | $329,896 |
|---|---|

1. **First Day Motions (Matter 2)**

The Applicant filed and prosecuted various first day motions during the Application Period, including motions for joint administration and to retain its cash management system, as well as address various matters arising out of the order for relief.

The Firm spent a total of 17.80 hours and incurred fees totaling $10,430.50 during the Application Period on this category.

2. **Asset Sales/Bidding Procedures (Matter 3)**

The Applicant negotiated, drafted pleadings, and, in certain instances, orchestrated the closing of the sale of the Debtors' inventory, including the drafting and negotiation of documents related thereto. The Firm expended 159.40 hours and fees of $96,714.50 in this category.

3. **Litigation/Adversary Proceedings (Matter 4)**

The bulk of the Applicant's time in this category relates to the Committee's 2004 exam subpoenas, including the coordination and gathering of documents for production, and the review of the documents for privilege and responsiveness. The Applicant also commenced an adversary proceeding seeking turnover of critical inventory that the Debtors are in the process of selling. The Applicant also prepared to bring other litigation against vendors holding inventory and customers failing to pay agreed-upon purchase prices, though no litigation was ultimately required. Finally, the Applicant responded to the United States Trustee's motion to appoint a trustee.

The Firm spent 75.60 hours and incurred $44,874.00 in fees in this category.

### 4. Claims Analysis and Objections (Matter 5)

The Applicant reviewed and examined claims filed against the Debtors and evaluated what, if any, objections would be appropriate.

The Firm spent a total of 5.0 hours and incurred fees totaling $3,133.50 during the Application Period on this category.

### 5. Executory Contracts and Leases (Matter 6)

The Applicant addressed issues related to the assumption and assignment of executory contracts and the cure amounts and notices associated therewith and the resolution of cure amounts with creditors. In addition, the Application addressed issues arising from executory contracts and leases raised by counterparties thereto, including the termination of the Debtors' office lease, and fees, claims, and charges attempted to be assessed in connection with significant vendor leases.

The Firm spent a total of 25.10 hours and incurred fees of $15,796.50 in this category.

### 6. Case Administration (Matter 7)

The bulk of the Applicant's time in this category relates to the Debtors' interaction with the Committee and its counsel, including responding to document and information inquires and attending meetings. In addition, the Applicant prepared for and participated in the Debtors' lengthy 341 meeting, as well as addressed subsequent information requests, document requests, and interviews in connection therewith. Finally, the Applicant assisted the Debtors in their preparation and filing of monthly operating reports and other information requests from the United States Trustee.

The Firm expended 148.10 hours and incurred $81,402.50 in fees in this category.

7. **Professional Retention and Compensation Matters (Matter 8)**

The Applicant prepared applications to retain professionals, including the Debtors' counsel and chief restructuring officer, as well as reviewed documents related to the Committee's retention of professionals.

The Firm spent a total of 4.90 hours and incurred fees totaling $3,087.00 in this category.

8. **Plan and Disclosure Statement (Matter 9)**

The Applicant addressed issues related to and drafted a plan term sheet and disclosure statement, including negotiations with the Committee. The Debtors anticipate filing a plan and disclosure statement prior to the end of the year.

The Firm spent 4.90 hours and incurred fees of $3,087.00 in this category.

9. **Employee Matters (Matter 10)**

The Applicant addressed issues regarding the Debtors' employees, including resignation issues, compensation issues, indemnification issues, and California labor law issues. The Applicant will continue to address any post-sale employee matters in the month of May. The Applicant spent 8.90 hours of attorney time on the foregoing services, which have a value of $5,787.00 for which the Applicant is seeking compensation

The Firm spent 8.90 hours and incurred $5,787.00 in fees in this category.

10. **Non-Working Travel (Matter 12)**

The Firm traveled to many hearings and meetings during the Application Period.

8
FIRST INTERIM APPLICATION FOR COMPENSATION FOR ATTORNEYS FOR THE DEBTOR
US_101891682v1

Case: 14-30725   Doc# 234   Filed: 11/26/14   Entered: 11/26/14 10:44:05   Page 8 of 11

The Firm spent 12.00 hours and incurred fees of $7,560.00 in this category.

11. **Hearings and Court Matters (Matter 13)**

The Applicant attended numerous hearings, including the first day hearing, hearings on the Debtors' motion to sell assets in the ordinary course as well as in bulk, and on the United States Trustee's motion to appoint a trustee.

The Firm spent a total of 30.30 hours and incurred fees totaling $18,402.50 in this category.

12. **Schedules/Statement of Financial Affairs (Matter 14)**

The Applicant spent significant time assisting the Debtors in compiling information and completing the Debtors' schedules of assets and liabilities and statements of financial affairs.

The Firm spent a total of 71.40 hours and incurred fees totaling $38,865.00 in this category.

13. **Automatic Stay Matters (Matter 15)**

The Application filed certain notices of bankruptcy and suggestions of stay in connection with prepetition litigation pending against the Debtors.

The Firm spent a total of .20 hours and incurred fees totaling $126.00 in this category.

14. **Insurance Matters (Matter 16)**

The Application addressed certain issues related to insurance coverage for the Debtors assets, as well as reviewed E&O insurance policies in effect.

The Firm spent a total of 1.00 hour and incurred fees of $630.00 in this category.

B. Summary of Expenses

The Firm seeks expense reimbursement for costs totaling $24,451.98. A summary of expenses advanced is set forth below:

| Expense | Amount Sought June 2014 | Amount Sought July 2014 | Amount Sought August 2014 | Amount Sought September 2014 | Amount Sought October 2014 | Total: |
|---|---|---|---|---|---|---|
| Local Courier | $230.50 | $250.50 | $493.25 | $129.00 | $75.00 | $1,178.25 |
| Courier | $0.00 | $0.00 | $591.75 | $355.20 | $126.92 | $1,073.87 |
| Postage | $1,440.28 | $757.73 | $809.59 | $77.13 | $140.24 | $3,224.97 |
| Employee Overtime | $200.00 | $250.50 | $0.00 | $0.00 | $0.00 | $450.50 |
| Airfare | $1,206.62 | $4,926.84 | -$395.96 | $1,668.50 | $0.00 | $7,406.00 |
| Court Costs | $110.20 | $2,795.80 | $248.70 | $151.70 | $14.50 | $3,320.90 |
| Out of Town Travel | $473.31 | $853.54 | $259.50 | $1,158.99 | $0.00 | $2,745.34 |
| Legal Research | $0.00 | $53.43 | $247.88 | $156.95 | $0.00 | $458.26 |
| Telephone Charges | $16.29 | $0.00 | $0.00 | $36.42 | $0.00 | $52.71 |
| Court Reporter Fees | $0.00 | $1,612.85 | $0.00 | $0.00 | $0.00 | $1,612.85 |
| Service Fees | $0.00 | $30.00 | $0.00 | $0.00 | $0.00 | $30.00 |
| Photocopy Costs | $0.00 | $2,386.60 | $0.00 | $0.00 | $397.20 | $2,783.80 |
| Document Imaging - Outside Service | $0.00 | $0.00 | $114.53 | $0.00 | $0.00 | $114.53 |
| Total | | | | | | $24,451.98 |

IV. COMPLIANCE WITH GUIDELINES

The Firm has prepared the First Application in compliance with all applicable guidelines. The Firm has not entered into any agreement, written or oral,

express or implied, with any other party-in-interest or any attorney for any party-in-interest in the cases for the purpose of fixing the amount of any fee or compensation to be paid from the assets of the Debtor's estate.

All compensation and expense reimbursements requested by the Firm have been billed at rates in accordance with practices no less favorable than those customarily employed by the Firm and generally accepted by the firm's clients.

WHEREFORE, the Firm prays that the Court enter its order:

(1) Granting approval of aggregate compensation sought in the First Application totaling $329,896.00 and aggregate expenses of $24,451.98 during the Application Period by the Firm on behalf of the Debtor;

(2) Granting such other and further relief as the Court may deem just and proper.

Dated: November 26, 2014    KATTEN MUCHIN ROSENMAN LLP
                            Peter A. Siddiqui
                            Jessica M. Mickelsen


                            By:/s/ Jessica M. Mickelsen
                            Counsel for Debtor and Debtor-In-Possession
                            HashFast Technologies LLC and HashFast LLC