TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:    JULIE M. GLOSSON
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC,<br><br>                Debtor-In Possession<br>_____<br>Affects HASHFAST LLC,<br><br>                Debtor-In Possession. | Lead Case No. 14-30725 DM<br><br>Substantively consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>Hearing Requested |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE CONTINUED EMPLOYMENT AND RETENTION OF PETER KRAVITZ AND OTHERS AT PROVINCE, INC., AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO AUGUST 15, 2014**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned counsel, objects to *Debtors' Application For Order Authorizing And Approving The Continued Employment And Retention Of Peter Kravitz And Others At Province, Inc., As Chief Restructuring Officer Of The Debtors, Nunc Pro Tunc To August 15, 2014* ("Application") [dkt. # 232]. For the reasons set forth below, the United States Trustee objects to the Debtors' employment of Province, Inc. ("Province"). In accordance with Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure, the United States Trustee requests a hearing on the Application.

## I. Introduction

The Court should deny the Application because Debtors have not satisfied their burden under 11 U.S.C. § 327(a), whereas here, Province is an insider under 11 U.S.C. § 101(14) and (31) and applicable case law. Further, the Application to pay an incentive bonus to an insider should and cannot be approved because Debtors have not and cannot meet their burden under 11 U.S.C. § 503(c).

Because Debtors cannot satisfy the requirements of section 327, Debtors have applied for relief under 11 U.S.C. §§ 105 and 363(b). Debtors appear to be attempting to employ Province via the continued employment of the Debtors' current Chief Restructuring Officer ("CRO"); however, the precise relief sought is not entirely clear. The prayer for relief, for example, is not consistent with statements made elsewhere in the Application suggesting that only employees of Province are being retained.[1] For purposes of this Objection, the United States Trustee believes Debtors are seeking to retain Province *nunc pro tunc* to August 15, 2014.

## II. Jurisdiction, Venue, and Statutory Predicate

This Court has jurisdiction to hear and determine the Application and this Objection pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b)(2). The statutory predicates are sections 327 and 503 of title 11, United States Code (the "Bankruptcy Code").

## III. The United States Trustee Has Standing to Object to Application

Under 28 U.S.C. § 586(a)(3)(I), the United States Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3rd Cir. 1994).

Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the Application and the issues identified in this Objection.

---

[1] See Application ¶ 27 and 28. Compare Application at introductory paragraph "order authorizing Debtors' continued retention and employment of Peter Kravitz and others at Province."

UNITED STATES TRUSTEE OBJECTION TO EMPLOYMENT – PROVINCE: 14-30725          -2-

## IV. Statement of Facts

### Procedural History and Background

1. The case of In re HashFast Technologies LLC, case no. 14-30725, was commenced as an involuntary petition on May 9, 2014. On June 4, 2014, it consented to the order for relief and the case converted to chapter 11.

2. The case of In re HashFast LLC, case no. 14-30866, the parent of HashFast Technologies LLC, was commenced as a voluntary petition for relief under chapter 11 on June 6, 2014 (collectively hereinafter referred to as "Debtors").

3. Debtors design, develop, and manufacture "certain chips and equipment" used to mine Bitcoin transactions. See Motion to Sell, ¶ 8 [dkt. #134].

4. These cases were commenced after HashFast Technologies was unable to deliver on orders which it had pre-sold resulting in customer refund demands and decline in sales.

5. The cases were substantively consolidated on September 28, 2014. See Order [dkt. #202].

6. The United States Trustee appointed an official committee of unsecured creditors ("Committee") on June 23, 2014 in HashFast Technologies, LLC. See Notice of Appointment [dkt. #82].

7. On August 8, 2014, the United States Trustee moved for appointment of a chapter 11 trustee. See Motion [dkt. #168]. The United States Trustee's Motion was denied on September 16, 2014. See Order [dkt. #200].

8. Debtors have not filed the operating report for October, 2014. See PACER.

9. At the status conference on October 24, 2014, Debtors jointly with the Committee advised the Court of their intention to first, sell substantially all assets, and second, "imminently file a joint plan". See Status Conf. Statement ¶ 3 and 4 [dkt. #214].

10. Debtors intend to liquidate certain specified assets at an auction sale scheduled for December 4, 2014. See Order [dkt. #228].

11. To date, a plan of reorganization or liquidation has not been filed.

UNITED STATES TRUSTEE OBJECTION TO EMPLOYMENT – PROVINCE: 14-30725                    -3-

### Debtors Retained Kravitz as CRO

12. Since August 15, 2014, Peter Kravitz ("Kravitz") has acted as the CRO for the Debtors. See Kravitz Decl. ¶ 3 [dkt. #191]. See also Application For Order Appointing Peter Kravitz as the Successor Responsible Individual ¶ 7 [dkt. #181]; Amended Engagement Letter ¶ 1 [Application, Ex. A – dkt. #232].

13. Mr. Kravitz is one of three principals of Province and its General Counsel. See Biography [dkt. #133, p. 25].

14. As CRO, Mr. Kravitz is responsible for operational and financial management of the Debtors' business, including performance of "all duties traditionally associated with the role of CEO and CFO." See Amended Engagement Letter, p.1 [Application, Ex. A – dkt. #232]. In addition to the traditional roles, Mr. Kravitz agreed to "negotiate, structure, and authorize the filing of a disclosure statement and/or chapter 11 plan of reorganization or liquidation." Id.

15. For these services, Mr. Kravitz is to receive a fixed fee of $40,000 per month. See Amended Engagement Letter ¶ 2 [Application, Ex. A – dkt. #232]. This flat fee includes the services of "any Province employees assisting Peter Kravitz." Id.

16. In addition, Mr. Kravitz "shall be paid" an "Incentive Bonus" of $100,000 upon confirmation of a chapter 11 plan regardless of whether Mr. Kravitz is responsible for confirmation of that plan or a proponent of the confirmed plan. Id. at ¶ 3.

**V.   Legal Argument**

   **A. Application Should Be Denied Because Debtors Have Failed to Satisfy the Requirements for Employment Under 11 U.S.C. § 327(a)**

Under 11 U.S.C. § 327(a), a trustee may, subject to court approval, employ "one or more attorneys, accountants . . . or other professional persons," that (1) do not hold or represent an interest adverse to the estate and (2) that are disinterested persons. 11 U.S.C. § 327(a); Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney (In re Tevis) 341 B.R. 679, 687 (B.A.P. 9th Cir. 2006) ("Section 327(a) requires the application of a two-pronged test for employment of professional persons."). The same standards that apply to trustees for the retention of professionals also apply to debtors-in-possession. 11 U.S.C. §1107(a); In re Pillowtex, Inc., 304 F.3d 246, 251 (3rd Cir. 2002).

As discussed in detail below, the Application must be denied because Province cannot be employed under section 327(a) because they are not disinterested.

### 1. Province is Not Disinterested

A person who is not disinterested, as defined under section 101(14), cannot be employed under section 327(a). See In re Capitol Metals Co., Inc., 228 B.R. 724, 726-7 (B.A.P. 9th Cir. 1998). Section 101(14) defines "disinterested person" to include an "insider." 11 U.S.C. § 101(14)(A). In the case of a corporation, the term "insider" includes officer. 11 U.S.C. § 101(31)(B). The statutory definition of "insider" is not exhaustive and may include individuals who have a certain degree of control over the debtor regardless of the title. See In re Longview Aluminum, L.L.C., 657 F.3d 507, 509-10 (7th Cir. 2011). The term corporation, in evaluating insider status, may include limited liability companies as the Debtors are here. Id.

Although Debtors, through the Declaration of Mr. Kravitz, contend that both Province and Mr. Kravitz are not "insiders," as that term is defined under section 101(31), see Application ¶ 20; see also Declaration Kravitz ¶ 20, Mr. Kravitz is an officer of the Debtors. This is evidenced by his engagement as a Chief Restructuring Officer to fulfill the "duties traditionally associated with the role of CEO and CFO." See Amended Engagement Letter, p.1 [Application, Ex. A – dkt. #232]. As an officer of the Debtors, Mr. Kravitz is an insider thereby rendering his firm, Province, not disinterested under section 101(14) and (31). Therefore, Debtors cannot satisfy the disinterestedness prong of section 327(a), and thus, the Application must be denied[2].

### 2. Debtors Improperly Seek Relief Under 11 U.S.C. §§ 105 and 363(b) When 11 U.S.C. § 327 Specifically Governs Employment

Under the rules of statutory construction, where a specific and general statute address the same subject matter, the specific one must be applied first. See Law v. Siegel, 134 S.Ct. 1188 (2014); Neary

---

[2] If the Court finds that Debtors have satisfied section 327(a), which they have not, the United States Trustee objects to the *nunc pro tunc* request because Debtors have not satisfied the elements required for *nunc pro tunc* employment under Atkins v. Wain, Samuel & Co. (In re Atkins), 69 F.3d 970, 973-4 (9th Cir. 1995) (*nunc pro tunc* employment may be authorized upon a showing of exceptional circumstances. To establish "exceptional circumstances" professional must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the estate in a significant manner.) Further, the United States Trustee reserves the right to object on this basis should the employment be authorized.

v. Padilla (In re Padilla), 222 F.3d 1184, 1192 (9th Cir. 2000); American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.), 885 F.2d 621, 625 (9th Cir. 1989) (section 105 does not authorize relief inconsistent with more specific law). Here, Debtors seek to employ Province and Mr. Kravitz under section 105 and 363(b) when section 327 is the specific statute that governs employment. Debtors' reliance on sections 105 and 363 is misplaced and improper.

### B. The Court Should Deny Approval of Payments to Kravitz Because Debtors Have Not Satisfied Their Burden Under 11 U.S.C. § 503 and the Notice Requirements of Rule 2002

Section 503(b) governs the allowance of administrative expenses "for actual, necessary costs and expenses of preserving a debtor's bankruptcy estate." 11 U.S.C. § 503(b)(1)(A). The two general overriding policies of section 503 of the Bankruptcy Code are: (i) to preserve the value of the estate for the benefit of its creditors and (ii) to prevent the unjust enrichment of the estate at the expense of its creditors. In re Journal Register Co., 407 B.R. 520, 535 (Bankr. S.D.N.Y. 2009) (citing Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2nd Cir. 1986)) (additional citations omitted). Insider transactions are subject to higher scrutiny. Stoumbos v. Kilimnik, 988 F.2d 949, 959 (9th Cir. 1993), *cert. denied*, 510 U.S. 867 (1993).

A transfer to an insider to induce the insider to remain with the debtor's business must satisfy the requirements under subdivisions (A), (B), and (C) of section 503(c)(1) of the Bankruptcy Code to be subject to this subdivision's exception. 4 Collier on Bankruptcy ¶ 503.17 (16th ed. 2012); see also, In re Dana Corp., 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2007) (summarizing the requirements under Section 503(c)(1) of the Bankruptcy Code).

The $100,000 incentive payment for which Debtors seek approval also violates section 503(c)(3). See Davis v. Elliot Management Corp.(In re Lehman Bros. Holdings, Inc.), 508 B.R. 283 (S.D.N.Y. 2014) (district court rejected negotiated plan provision that allowed payment of individual committee members' professional fees which were expressly prohibited by the Code), vacating In re Lehman Bros. Holdings, Inc., 487 B.R. 181 (Bankr. S.D.N.Y. 2013); In re AMR Corp., 497 B.R. 690 (Bankr. S.D.N.Y. 2013) (court rejected negotiated plan provision that provided for CEO bonus that exceeded statutory limits); and RadLAX Gateway Hotel v. Amalgamated Bank, 132 S.Ct. 2065, 182

UNITED STATES TRUSTEE OBJECTION TO EMPLOYMENT – PROVINCE: 14-30725        -6-

L.Ed. 2nd 967 (2012) (Supreme Court rejected plan provision that directly contravened the express and specific language of Code).  Section 503(c)(3) expressly prohibits "other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers or consultants hired after the date of the filing of the petition."  11 U.S.C. § 503(c)(3).  Under the facts and circumstances of this case, Debtors have not satisfied the requirements for payment of the $100,000 bonus.  Thus, the Court should deny approval of the incentive payment.

In addition, Debtors have failed to properly notice the request for payment of both the incentive payment and the monthly fixed fee as required by Bankruptcy Rule 2002.  Under Rule 2002, all creditors are entitled to a minimum of 21-days' notice for any entity's request for compensation in excess of $1,000.  Fed.R.Bankr.P. 2002(a)(6).  Furthermore, a hearing or opportunity for a hearing is required under Rule 2002; Debtors have done neither.  Because, Debtors have not satisfied the notice and hearing requirements of Rule 2002, the Application should be denied.

## VI. **Conclusion**

Wherefore, the United States Trustee respectfully requests the Court deny the Application, and any other further relief as the Court deems necessary.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

Dated: December 3, 2014     /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379