1  Ashley M. McDow (245114)
   Michael T. Delaney (261714)
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90025-0509
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:        amcdow@bakerlaw.com
5                mdelaney@bakerlaw.com

6  Attorneys for OFFICIAL COMMITTEE OF
   UNSECURED CREDITORS

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  In re | Lead Case No.: 14-30725 DM |
| 13  HASHFAST TECHNOLOGIES, LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| 14 | |
| 15         Debtor and Debtor in Possession. | Case No.: 14-30866 DM |
| 16  x Affects HASHFAST LLC, a Delaware limited liability company, | Chapter 11 |
| 17 | Hearing Date: |
| 18         Debtor and Debtor in Possession. | Date:    December 19, 2014 |
| 19 | Time:    9:30 a.m. |
| 20 | Place:   Courtroom 22 |
| | U.S. Bankruptcy Court |
| | 235 Pine Street |
| | San Francisco, CA 94104 |

21      **RESPONSE TO CREDITORS' OBJECTION TO APPLICATION FOR
22   COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL TO
        OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

23          The OFFICIAL COMMITTEE OF UNSECURED CREDITORS (the "Committee") duly

24  appointed in the above-captioned, substantively consolidated bankruptcy cases (collectively, the

25  "Bankruptcy Cases") of HASHFAST TECHNOLOGIES, LLC ("HF Tech") and HASHFAST

26  LLC ("HF" and, collectively with HF Tech, the "Debtors") hereby respectfully submits the within

27  response (the "Response") to the *Creditors' Objection to Application for Compensation and*

28  *Reimbursement of Expenses by Counsel to Official Committee of Unsecured Creditors* (the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"Objection") [Docket Entry ("D.E.") 247]. In support of the Response, the Committee respectfully submits as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Ray Gallo ("Mr. Gallo") and (ostensibly)[1] his clients[2] (the "Gallo Creditors") object to the allowance of the fees and expenses incurred by Baker & Hostetler LLP ("Baker" or "Committee Counsel") as counsel for the Committee. The sole basis for the Objection is that Committee Counsel purportedly failed to provide any benefit to the estate because the Committee (a notably different entity from Committee Counsel) opposing the proposed sale of substantially all (if not all) of the Debtors' assets to Liquidbits Corporation ("Liquidbits")—a sale so illusory and onerous that the Court expressed serious reservations about the sale even independently of the Committee's objection. The Committee's refusal to support to the Liquidbits sale, however, is not a valid, legal basis to deny approval of Baker's fees and expenses—costs incurred for the benefit of the Committee and its constituency. Additionally, the suggestion that Committee Counsel refused to negotiate with Liquidbits or the Debtors in the course of the proposed Liquidbits sale and/or failed to provide benefit to the creditors is simply false.[3]

The preceding, however, is merely a contrived pretext for the Objection. From even a cursory review, it is clear that the Objection is not motivated by any good faith arguments; rather, it is motived by a more personal agenda. Mr. Gallo's efforts to advance a personal agenda (at times contrary to the interests and desire of the creditor body and the Gallo Creditors) are not new

---

[1] Mr. Gallo has not presented any evidence that his clients support the objection. Based on his prior conduct and communications with persons Mr. Gallo "represents," Committee Counsel and various members of the Committee believe that the "position" set forth in the Objection may reflect Mr. Gallo's personal position, rather than that of his clients.

[2] In the Objection, Mr. Gallo contends that he represents the "Petitioning Creditors," including, Hamilton Hee. First, Mr. Gallo does not and has never represented the "Petitioning Creditors." Additionally, Hamilton Hee was not a petitioning creditor. Accordingly, from the out, Mr. Gallo's Objection proves less than truthful. Regrettably, this misstatement is only the tip of the proverbial iceberg.

[3] True and correct copies of correspondence evidencing Committee Counsel's involvement in the Liquidbits negotiations are attached to the Declaration of Ashley M. McDow (the "McDow Declaration") collectively as **Exhibit A** and are incorporated herein by reference. The correspondence provided is an example of the Committee Counsel's involvement in the negotiations of the proposed Liquidbits sale. Committee Counsel has not provided a complete set of correspondence as it is voluminous and unnecessary as the sample aptly demonstrates that the Gallo Creditors manufactured this contrived complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  to the Bankruptcy Cases.  Indeed, since the inception of the HF Tech bankruptcy, Mr. Gallo has

2  sought to usurp the authority of the Committee and subvert the efforts of Committee Counsel to

3  negotiate a reasonable and amicable resolution to the Bankruptcy Cases—a resolution that

4  benefits all creditors, not just those represented by Mr. Gallo.

5  The hostility from Mr. Gallo has been a constant through the Bankruptcy Cases.  Mr.

6  Gallo initially took issue with Committee Counsel because Mr. Gallo wanted the Committee to

7  select an acquaintance as Committee counsel.[4]  Mr. Gallo attempted to influence the selection of

8  Committee counsel through his client, Hamilton Hee ("Mr. Hee"),[5] by discounting the expertise

9  of Baker & Hostetler LLP ("Baker") and making misogynistic allusions about Ms. McDow's

10  physical appearance and suggesting that the only reason Ms. McDow was considered as

11  Committee Counsel was because of "personal" relationships with other male attorneys' involved

12  in the selection process.[6]

13  After failing to persuade the Committee (including Mr. Hee) to select alternate counsel,

14  Mr. Gallo continued to undermine the Committee's efforts.  More precisely, Mr. Gallo secretly

15  negotiated with Liquidbits and other potential purchasers without notifying the Committee or

16  Committee Counsel.  Mr. Gallo then attempted to convince the Committee to accept the proposed

17  sale to Liquidbits.  The Committee, however, was able to identify the illusory nature of the deal

18  and, thus, voted to oppose the Liquidbits sale—a determination that was not for Committee

19  Counsel to make in any event.[7]

[4] Committee Counsel believes that the vendetta may actually trace its roots to prior to the appointment of Baker as counsel for the Committee due to Baker's ability to thwart the efforts of Mr. Gallo's clients to collect outside of bankruptcy through the commencement of the involuntary bankruptcy of HF Tech.

[5] True and correct copies of correspondence evidencing Mr. Gallo's efforts to override the decisions of Mr. Hee in his capacity as a Committee member and subvert the efforts of Committee Counsel are attached to the McDow Declaration collectively as **Exhibit B** and are incorporated herein by reference.  Committee counsel would submit a declaration to this effect; however, Mr. Hee has gone missing since the commencement of the Bankruptcy Cases. Committee Counsel attempted to report Mr. Hee's disappearance to authorities but was unable to do so due to the lack of a familial relationship.

[6] True and correct copies of correspondence evidencing Mr. Gallo's demeaning and unprofessional comments regarding Committee Counsel, and improper utilization of Mr. Hee's position as a Committee member to benefit his other clients are attached to the McDow Declaration collectively as **Exhibit C** and are incorporated herein by reference.  For the record, Ms. McDow has professional relationships with many practitioners in the relatively insular bankruptcy community in California.  The fact that two practitioners attest to her professionalism and competency does not demonstrate anything untoward.

[7] In the Objection, the Gallo Creditors contend that in defeating the Liquidbits sale, Committee Counsel "cost the creditors at least $2,000,000." Objection, D.E. 247, at p. 2.  As the Court is well aware, the proposed "$2,000,000"

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   The Objection to Committee Counsel's fees and expenses appears to be little more than a

2   continuation of Mr. Gallo's petulant and deleterious behavior—behavior that has and continues to

3   harm the reorganization of the Debtors and the Committee's ability to carry-out its charge. The

4   absence of a single citation or cognizable legal argument and the clear misstatement of the history

5   of the Bankruptcy Case throughout the Objection make this point all too clear. *See, generally,*

6   Objection, D.E. 247 (the Objection does not contain a single statutory or precedential citation).

7   The undeniable truth is quite contrary to the contentions of the Gallo Creditors (or at least

8   the contentions of Mr. Gallo). Committee Counsel has zealously advocated for the interests of the

9   Committee and the creditor body throughout the Bankruptcy Cases and has provided substantial

10  benefit to the creditors (and the bankruptcy estates for that matter). The fact that Mr. Gallo takes

11  issue with Committee Counsel's representation is neither surprising (given Mr. Gallo's patent

12  vendetta against Committee Counsel) nor material to the questions the Court must address in

13  ruling on an application for interim compensation under 11 U.S.C. §§ 330 and 331. Accordingly,

14  Committee Counsel respectfully requests that the Court overrule the Objection and grant the *First*

15  *Interim Application for Compensation and Reimbursement of Expenses of Baker & Hostetler LLP*

16  *for the Period of June 25, 2014 through and including November 10, 2014* (the "Application")

17  [D.E. 237].

18  **II.    ARGUMENT**

19  The "Gallo Creditors" advance one argument in the Objection—namely, that the Court

20  must disallow all fees and expenses requested by and through the Application because the

21  Committee opposed the Liquidbits sale and, as a result, has "accomplished nothing of any value

22  to the estate" during the Interim Period (June 25, 2014 to November 10, 2014). Objection, D.E.

23  247, at p. 2. In addition to the fact that the contention is merely Mr. Gallo's unsupported (and

24  extremely tainted) conjecture, the argument is false and immaterial.

25  First and foremost, the position adopted by the Gallo Creditors is legally unsubstantiated.

26  The Gallo Creditors contend (quite erroneously) that Committee Counsel is not entitled to

27

28  payment component of the Liquidbits sale was a maximum and, more importantly, was limited to the amount necessary to pay administrative and priority claims. As such, contrary to the Gallo Creditors' assertion, the "$2,000,000" payment would not have provided any benefit whatsoever to general unsecured creditors.

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

compensation because *in hindsight* the *Committee's* decision to oppose the Liquidbits sale was, in the estimation of the Gallo Creditors, the incorrect course of conduct. Objection, D.E. 247, at p. 2. At the outset, it is well settled that professional fees are not evaluated on an after-the-fact basis. Indeed, this maxim was so widely recognized in case law (*see, e.g., In re Xebec*, 147 B.R. 518 (B.A.P. 9th Cir. 1992)) that Congress codified the concept at 11 U.S.C. § 330(a)(3)(C), stating that in considering fee applications courts must consider, among other factors, "whether the services were necessary … or beneficial at the time at which the service was rendered…." *See* 3 Collier on Bankruptcy ¶ 330.03[1][b][iii]. Thus, the contention that objecting to the Liquidbits sale may have disadvantaged the estate is immaterial because such an argument is premised on hindsight. The only question is whether the objection was merited based upon the information available at the time. Based on the information then available, it was clear that the Liquidbits sale was plagued with a variety of problems that more than warranted the objection filed by the Committee.[8] Indeed, the Court provided a scathing review of both the proposed sale and the manner in which the sale was presented in a docket text order issued on or about July 26, 2014.

The "value to the estate" argument is equally irrelevant. Throughout the Objection, the Gallo Creditors argue that Committee Counsel "accomplished nothing of any *value to the estate*" and that thwarting the Liquidbits sale "did not maximize the *value of the Estate*…."[9] Objection, D.E. 247, at p. 2. The Committee, however, is not charged with acting for the benefit of the bankruptcy estate (although defeating the Liquidbits sale and substantially advancing the reorganization has provided substantial value to the bankruptcy estates). *See In re SPM Mfg. Corp.*, 984 F.2d 1305, 1315-16 (1st Cir. 1993) ("While a creditors' committee and its members must act in accordance with the provisions of the Bankruptcy Code and with proper regard for the bankruptcy court, the committee is a fiduciary for those whom it represents, not for the debtor or

---

[8] The Committee provided a detailed analysis of the myriad issues with the Liquidbits sale proposal in its opposition. *See* D.E. 156.

[9] As a side note, it was not Committee Counsel's role or responsibility to negotiate a sale of the Debtors' assets with any third party. Indeed, the Committee does not have the authority to sell assets of the estate. To the extent able, the Committee and Committee Counsel attempted to work with the Debtors and Liquidbits towards an acceptable sale. These efforts, however, were ultimately unsuccessful and the Debtors then took unilateral action to consummate a transaction deemed unacceptable by the Committee members.

the estate generally."), *citing In re Microboard Processing, Inc.*, 95 B.R. 283, 285 (Bankr.

D.Conn. 1989), and *In re Johns-Manville Corp.*, 60 B.R. 842, 853 (S.D.N.Y.), *rev'd on other*

*grounds*, 801 F.2d 60 (2d. Cir. 1986). Thus, assuming, *arguendo*, that the sole argument

advanced by the Gallo Creditors has any factual merit (which it does not), the failure to provide a

benefit to the Debtors or the estate is simply immaterial.

Indeed, even assuming, *arguendo*, that the Committee acted improperly in opposing the

Liquidbits sale (which is clearly is did not), the fact that the fees and expenses incurred in opposing

the Liquidbits sale in the hypothetical world proposed by Mr. Gallo may have not benefitted the

estate does not warrant denying the other fees and expenses incurred by Committee Counsel (as

the Gallo Creditors seem to suggest). Rather, it would only warrant denying the fees and

expenses associated with opposing the Liquidbits sale as only those fees and expenses would not

be "reasonable" or "necessary," as required under 11 U.S.C. § 330(a)(1). The Gallo Creditors

have not identified which fees and expenses they believe fall into this category and, thus, even in

this flight of fancy, the Objection must be denied as irreparably vague.

In addition to the litany of legal deficiencies, the argument presented by the Gallo

Creditors is patently false. Indeed, the Committee (by and through Committee Counsel) has

provided substantial benefit to the estate and its constituents. The Committee successfully

opposed the Liquidbits sale, which, contrary to the rosy (i.e., inaccurate) portrayal in the

Objection, provided nothing to the creditors except promises of payments from a mining

operation (either as a partner therein or on account of a note securing indebtedness on rapidly

depreciating assets) that would start at some undefined point in the future in exchange for most if

not all of the Debtors' assets—a truly illusory and unlikely promise.[10] The Committee also

succeeded in substantively consolidating the bankruptcy estates—an effort that made additional

valuable assets available to creditors of the BH Tech estate and would have been impossible but

---

[10] True and correct copies of the Court's Docket Text Order and declarations from Mr. Gallo's clients that opposed the Liquidbits sale are attached to the McDow Declaration collectively as **Exhibit D** and are incorporated herein by reference.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  for the detailed discovery conducted by the Committee into the conduct of several key

2  employees[11] and the interrelatedness of the Debtors' operations.

3      The Debtors and the Committee have also worked cooperatively to resolve several major

4  issues facing the bankruptcy estates. The Debtors and the Committee (through counsel) worked

5  together to select and employ a Chief Restructuring Officer after several potentially-liable

6  officers and executives abandoned their position with the HF Tech and/or HF. The Debtors and

7  the Committee (again through counsel) worked cooperatively to defeat the motion of the United

8  States Trustee (the "UST") to convert the Bankruptcy Cases or appoint a chapter 11 trustee. The

9  Committee has also worked closely with the Debtors to create a viable plan of reorganization for

10  the Debtors and, indeed, has begun preparing the plan and associated disclosure statement—a

11  substantial step towards confirmation and distributions to creditors. The Debtors and the

12  Committee (once again through counsel) have worked together to begin implementing a

13  controlled liquidation of some assets and preparing to prosecute certain claims belonging to the

14  bankruptcy estates. In sum, the position advanced by the Gallo Creditors is quite simply

15  unbelievable (on many levels).

16      In sum, Committee Counsel has rendered necessary services to the benefit of the creditors

17  and the estate by, among other things, preventing a hasty liquidation and, subsequently, working

18  with the Debtors to devise a viable plan to maximize the value of the estates' assets for the benefit

19  of the creditors, including the Gallo Creditors.

20  **III.**    **CONCLUSION**

21      Committee Counsel and the Committee have worked to protect the interests and rights of

22  the creditors throughout the Bankruptcy Cases by rendering sound legal advice and preventing

23  those (including Mr. Gallo) with self-interested or subversive agendas from visiting harm upon

24  the creditors due to avarice or simple ineptitude. The services rendered to this end were

25  reasonable and necessary and conferred a substantial benefit upon the Committee and its

26  constituents.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[11] The discovery conducted also uncovered potential officer and director liability—liability which has already resulted in benefit to the estate through the sale of some of the causes of action.

Accordingly, Committee Counsel respectfully requests that the Court enter an order: (1) granting the Application in its entirety; (2) overruling the Objection; (3) approving the fees and expenses incurred by Committee Counsel in the course of the Bankruptcy Case in full; (4) authorizing the payment of the approved fees and expenses *pro rata* with other professionals of the bankruptcy estates from available funds; and (5) granting such further and additional relief deemed warranted by the Court.

Dated:     December 17, 2014                    Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
        Ashley M. McDow
        Michael T. Delaney

Attorneys for OFFICIAL COMMITTEE OF UNSECURED CREDITORS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

# DECLARATION OF ASHLEY M. McDOW

I, Ashley M. McDow, hereby declare:

1.     I am counsel at the law firm of Baker & Hostetler LLP ("Baker" or "Committee Counsel"), general bankruptcy counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of HashFast Technologies, LLC ("HFT"). I am duly admitted to practice before the United States Bankruptcy Court for the Northern District of California.[12]

2.     Except as otherwise provided, I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify to the veracity of the same.

3.     Several months ago, Committee members and I started experiencing difficulty contacting Hamilton Hee. At present, it is unknown where Mr. Hee is located. I have discussed Mr. Hee's unavailability and/or disappearance with the office of the United States Trustee on several occasions. Members of my firm contacted authorities and attempted to file a missing person report with Clark County officials; however, my firm was unable to do so due to the lack of a familial relationship with Mr. Hee.

4.     True and correct copies of correspondence evidencing my involvement in the Liquidbits negotiations are attached hereto collectively as **Exhibit A**. The correspondence provided is an example of my involvement in the negotiations of the proposed Liquidbits sale. I have not appended a complete set of correspondence as it is voluminous and unnecessary.

5.     True and correct copies of correspondence evidencing Mr. Gallo's efforts to override the decisions of Mr. Hee in his capacity as a Committee member and subvert my efforts to represent the interests of the Committee and its constituents are attached hereto collectively as **Exhibit B**.

6.     True and correct copies of correspondence evidencing Mr. Gallo's demeaning and unprofessional comments regarding me and my firm and improperly utilizing Mr. Hee's position as a Committee member to benefit his other clients are attached hereto collectively as **Exhibit C**. For the record, I have professional relationships with many practitioners in the relatively insular

---

[12] All terms defined in the Response shall have the same definition herein.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725   Doc# 252   RESPONSE TO OBJECTION TO BAKER & HOSTETLER'S APPLICATION FOR COMPENSATION
Filed: 12/17/14   Entered: 12/17/14 11:19:04   Page 9 of
46
605604364.1

bankruptcy community in California. The fact that two practitioners attest to my professionalism and competency does not demonstrate anything untoward. I deeply resent any insinuation or suggestion to the contrary and find such conduct repugnant.

7.     True and correct copies of the Court's Docket Text Order and declarations from Mr. Gallo's clients that opposed the Liquidbits sale are attached hereto collectively as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of December 2014, at Los Angeles, California.

_____
Ashley M. McDow

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

## McDow, Ashley M.

| | |
|---|---|
| **From:** | McDow, Ashley M. |
| **Sent:** | Wednesday, September 03, 2014 8:02 AM |
| **To:** | Smith, Edwin E. |
| **Cc:** | Siddiqui, Peter A. |
| **Subject:** | Re: HashFast - Cash purchase term sheet; CONFIDENTIAL |

A "formal" counter-offer is current with the committee for final vote - should have something to you before the close of business today.

On Aug 27, 2014, at 2:29 PM, "Smith, Edwin E." <edwin.smith@bingham.com> wrote:

> Thanks. Ed
>
> **Edwin E. Smith**
> *Partner*
> T 212.705.7044 (New York)
> T 617.951.8615 (Boston)
> F 617.951.8736
> edwin.smith@bingham.com
>
> B I N G H A M
> Bingham McCutchen LLP
> 399 Park Avenue
> New York, NY 10022-4689
>
> One Federal Street
> Boston, MA 02110-1726

**From:** McDow, Ashley M. [mailto:amcdow@bakerlaw.com]
**Sent:** Wednesday, August 27, 2014 3:45 PM
**To:** Smith, Edwin E.; 'Siddiqui, Peter A.'
**Cc:** Balabanian, David M.; Moloney, Ainsley G.; Peter Kravitz (pkravitz@provincefirm.com); vdelaglio@provincefirm.com; Simon Barber (simon@hashfast.com)
**Subject:** RE: HashFast - Cash purchase term sheet; CONFIDENTIAL

Ed,

Victor is currently putting together an inventory list in order to enable us to assess the value of the assets of the Debtors (and thus engage in meaningful discussions with respect to the most recent term sheet submitted by Liquidbits). We expect that this will be done tomorrow, so we should have a substantive response to you by the end of this week.

Just wanted to keep you in the loop.

Ashley

**Ashley McDow | BakerHostetler**
11601 Wilshire Boulevard | Suite 1400 | Los Angeles, CA 90025-0509
T 310.442.8846 | F 310.820.8859
amcdow@bakerlaw.com

| | |
|---|---|
| **From:** | Ray E. Gallo <rgallo@gallo-law.com> |
| **Sent:** | Thursday, July 10, 2014 2:54 PM |
| **To:** | McDow, Ashley M. |
| **Subject:** | RE: solving problems |

Rob must be in there twice, because I definitely deleted him.

Enough. Call me.

**Ray E. Gallo** | Attorney
rgallo@gallo-law.com



415.257.8800 x 11 • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

**From:** McDow, Ashley M. [mailto:amcdow@bakerlaw.com]
**Sent:** Thursday, July 10, 2014 2:52 PM
**To:** Ray E. Gallo
**Cc:** rob@edgeworth.org; hamiltonhee@gmail.com; Bob Smith (bsmith@uniquify.com) (bsmith@uniquify.com); Willem van Rooyen (willem@petamex.com) (willem@petamex.com); Keith.Fendrick@hklaw.com; Rob Harris (rob@bindermalter.com); Jeff Golden; cdjang@rutan.com; Steven T. Gubner (sgubner@ebg-law.com); Raul.Cosio@hklaw.com; Green, Elizabeth A.; Sean M. McChesney; Venkat Balasubramani; Antony Vo; guido.ochoa@siosca.net; pete.morici@alumni.purdue.edu; Patrick Chesney; Smith, Edwin E.; Greg Bachrach (gbachrach@coinware.io); monica@hashfast.com; Mickelsen, Jessica M.; Peter A. Siddiqui (peter.siddiqui@kattenlaw.com)
**Subject:** Re: solving problems

Once again, you don't have your facts straight and your inflammatory accusations are unproductive. I'm out of the office (and have been all week), which is why you have been unable to reach me in my office. The fact that you aren't involved in the committees' communications, discussions and/or negotiations with the Debtors and Liquidbits does not mean they are not occurring - in fact they are. Rather, it means that we do not think you are a necessary or appropriate participant.

I actually don't represent Rob or Koi with respect to this matter (who you actually copied with this email despite your statement to the contrary), and your incessant personal attacks about the manner in which he is conducting himself as chair are not founded in reality, and are not well taken by anyone on the committee. They have chosen Rob as their chair, and there are internal remedies available to the committee if they think he is not discharging his duties in that regard. Moreover, even assuming your rhetoric about who I represent was accurate (which it is absolutely not when it comes to committee business), do you have permission from counsel for each committee member to speak directly to their respective client(s)? I'm sure you are aware that it is still a

violation of California Rule of Professional Conduct 2-100 to communicate directly with a client without express authorization from their lawyer - the fact that you also copy their lawyer is completely irrelevant.

If you would quit barraging me with pointless emails that I am forced to respond to in order to avoid the inevitable "silence is an admission" tactic that I fully expect to receive from you, I could focus on negotiating with the Debtors and Liquidbits about real issues.

On Jul 10, 2014, at 2:31 PM, "Ray E. Gallo" <rgallo@gallo-law.com> wrote:

Ashley,

I just called you again but no answer. Let's talk. We disagree so much less when we actually try to communicate and achieve things as opposed to exchanging emails.

That said, your email requires a response. This is not a confidential email. I am copying Edwin Smith, Greg Bachrach, Peter Siddiqui, and Jessica Michelson to make a record here. I have deleted your email to me below out of respect for you.

Ashley, I speak for 50+ creditors (approaching 60). You aren't listening. You aren't returning calls---we could speak and avoid these emails.

ANY DEAL IS SUBJECT TO DUE DILIGENCE, CHANGES, AND IMPROVEMENTS. I want that too. You don't do the due diligence first. You do the deal first, and make it conditional on due diligence. That's how we get chips deployed faster, while still doing our homework.

I don't approve the deal as it is. I want changes too, like those identified to you in my preceding email. I just believe we can get the deal where we need it to be, with a day or two of work, and that it's foolish not to try. I believe the kinds of terms I had identified in my (omitted) email below, or many of them, are possible and that LB will agree to reasonable versions of them because I have suggested and/or specifically discussed almost all of them with LB or its attorneys. If you had talked to them, you would know that. Not talking to them is crazy. How do you know this can't be negotiated into the best deal for the creditors, all things considered, if you don't talk and negotiate? Have you told the committee not to negotiate or try? Just saying no is unproductive and prejudicial.

Regarding your attempt to prevent me from communicating with members of the committee:

You represent the committee Ashley, not the individual members of the committee. I copied (and again copy) their individual lawyers, as I understand the rule requires, and will do so. I'll gladly leave your client Rob Edgeworth off future communications (as I have left him off this email) since I know you represent him and his company individually, as well as representing the committee (and for now I leave it to the committee to

decide whether that conflict of interest is ok with it).  Leaving Rob off makes sense anyway because it's fairly clear (based on his notable unpleasantness to Simon and me at Tuesday's hearing) that there's no point in talking to him.  He's not listening either.

That said, if you contend that I cannot communicate with the committee members with their own individual lawyers present (e.g., copied on the emails), please provide authority.  I also note that my clients have a right to communicate with committee members, and that committee members are entitled to hear additional viewpoints.  If you dispute that, let me know the legal basis for your view.  To me, this appears to be an effort by you and Rob to control the committee's access to information, since I am the person speaking up for other viewpoints.

**Ray E. Gallo** | Attorney
**rgallo@gallo-law.com**

<image001.png>

415.257.8800 x 11 • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

## McDow, Ashley M.

| | |
|---|---|
| **From:** | Rob Edgeworth <rob@koisystems.com> |
| **Sent:** | Friday, July 18, 2014 2:16 PM |
| **To:** | Antony Vo; Bob Smith (bsmith@uniquify.com); guido.ochoa@siosca.net; Hamilton Hee; Maria Nunez; McDow, Ashley M.; Pete Morici; Willem van Rooyen (willem@petamex.com) |
| **Subject:** | Fwd: Term Sheet |
| **Attachments:** | ATT00001.htm; ORIGINAL - MODIFIED.PDF |

---------- Forwarded message ----------
From: **Robert Edgeworth** <rob@edgeworth.org>
Date: Fri, Jul 18, 2014 at 2:14 PM
Subject: Fwd: Term Sheet
To: Rob Edgeworth <rob@koisystems.com>

Here is a new term sheet for the Liquidbits sale. We were led to believe that Hashfast might file this proposal with the court today.

-rob

Begin forwarded message:

> **From:** "Siddiqui, Peter A." <peter.siddiqui@kattenlaw.com>
> **Date:** July 18, 2014 at 10:58:17 AM PDT
>
> **To:** "Green, Elizabeth A." <egreen@bakerlaw.com>, "McDow, Ashley M." <amcdow@bakerlaw.com>, "Ray E. Gallo Esq. (rgallo@gallo-law.com)" <rgallo@gallo-law.com>
> **Cc:** "Smith, Edwin E." <edwin.smith@bingham.com>, "Mickelsen, Jessica M." <jessica.mickelsen@kattenlaw.com>, Monica Hushen <monica@hashfast.com>
> **Subject: RE: Term Sheet**
>
> Here is the redline. Sorry for the delay.

**PETER A. SIDDIQUI**
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693
p / (312) 902-5455

f / (312) 902-1061
peter.siddiqui@kattenlaw.com / www.kattenlaw.com

All:  Here is a revised version of the term sheet incorporating negotiations and changes discussed between the debtors and Liquidbits and, I'm told, the committee and Liquidbits.

My computer is not letting me send redlines right now.  I will follow with a redline to the draft I circulated on July 4 ASAP.

**PETER A. SIDDIQUI**
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / (312) 902-5455

f / (312) 902-1061
[peter.siddiqui@kattenlaw.com](mailto:peter.siddiqui@kattenlaw.com) / [www.kattenlaw.com](http://www.kattenlaw.com)

```
============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the
exclusive
use of the individual or entity to whom it is addressed and may contain information that
is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law
If you
are not the intended recipient, you are hereby notified that any viewing, copying,
disclosure or
distribution of this information may be subject to legal restriction or sanction.  Pleas
notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the
original
message without making any copies.
============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnership
that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
============================================================
```

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying

or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT B

**McDow, Ashley M.**

---

| | |
|---|---|
| **From:** | Rob Edgeworth <rob@koisystems.com> |
| **Sent:** | Wednesday, July 02, 2014 8:44 AM |
| **To:** | McDow, Ashley M. |
| **Subject:** | Fwd: hey |

---------- Forwarded message ----------
From: **Hamilton Hee** <hamiltonhee@gmail.com>
Date: Wed, Jul 2, 2014 at 7:04 AM
Subject: Fwd: hey
To: Rob Edgeworth <rob@koisystems.com>

# Forwarded conversation
Subject: **hey**
------------------------

From: **Ray E. Gallo** <rgallo@gallo-law.com>
Date: Tue, Jul 1, 2014 at 6:30 AM
To: Hamilton Hee <hamiltonhee@gmail.com>

What are you doing disagreeing with me before you talk to me? And doing it to Rob? You have no expertise I this area, Hamilton. That's why you're paying me.

**Ray E. Gallo** | Attorney
rgallo@gallo-law.com



**415.257.8800 x 11** • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**
Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

----------
From: **Hamilton Hee** <hamiltonhee@gmail.com>
Date: Tue, Jul 1, 2014 at 8:41 AM
To: "Ray E. Gallo" <rgallo@gallo-law.com>

Hi,

I'm just waking up to all this, I have odd hours due to Shift Work Disorder which is quite common in Vegas due to it being a 24hr town. So I don't always have the same time schedule I may be up for a few hours in the middle of the night and fall asleep again until morning.

In any case this is something that we should talk about, Rob suggested this afternoon, that would work for me. If you like we could discuss the matter before a conference. Just let me know what time would work for you.

Regards,
Hamilton

----------
From: **Ray E. Gallo** <rgallo@gallo-law.com>
Date: Tue, Jul 1, 2014 at 8:43 AM
To: Hamilton Hee <hamiltonhee@gmail.com>

Can you call me now?

**Ray E. Gallo** | Attorney
rgallo@gallo-law.com



415.257.8800 x 11 • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

**From:** Hamilton Hee [mailto:hamiltonhee@gmail.com]
**Sent:** Tuesday, July 01, 2014 8:42 AM
**To:** Ray E. Gallo
**Subject:** Re: hey

**McDow, Ashley M.**

| | |
|---|---|
| **From:** | Hamilton Hee <hamiltonhee@gmail.com> |
| **Sent:** | Thursday, July 03, 2014 10:00 PM |
| **To:** | Ray E. Gallo |
| **Cc:** | Rob Edgeworth; McDow, Ashley M. |
| **Subject:** | Re: forwards |

Hi Ray,

Is there more specific information on this deal? Setting up a mining operation takes time and hard work so even though the hardware is there and Liquidbits is willing to run the mining farm what would be the details? How much are they going to keep to set this up, pay for tech time assemble the parts setup and manage each miner? How long will they mine? How much hardware is there that can be set up to mine right away? I have been told the inventory list is not correct and HF has not been sharing all the information necessary for a good decision for the committee to make regarding just some sales so with this deal with Liquidbits it would be good to know and have full disclosure on everything they propose. Like what happens to the hardware after it is used to mine? Who gets to decide how long they mine?

Why is there a committee is a deal like this can be made seemly without the approval of the committee?

These are just a few questions that I have...

Thanks,
Hamilton


On Thu, Jul 3, 2014 at 9:25 PM, Ray E. Gallo <rgallo@gallo-law.com> wrote:
i am (and for a month have been) trying to support and facilitate a deal between HF and Liquidbits to put a mine together using HF's chips for the benefit of creditors----or some similar type of deal.

I believe that since you all paid for the value-added of finished boxes there is no chance to maximize your recovery if HF just sells its chips. I think we need to put them to work.

Also, there are people on the committee who would vote to change lawyers if there were enough votes. there may be at some point soon. We'll see.

Ashley has Liz Green (senior partner at Baker Hostetler) helping her because she is too young. She talked about collaboration, but she is clashing with me, with Peter, and doesn't know how to make a deal. Ashley spent hour preparing oppositions to motions she could have resolved the way with Peter on the phone last Thursday. Etc. Etc. Ashley has no plan to get a deal to maximize your recovery. She's focused on small things. She's now pissed of Peter, HF's lawyer, making a deal hard. He will do a deal with my support. I may have one in a few days. I will keep you informed.

Please do not repeat this to the committee.

Best,

Case: 14-30725   Doc# 252   Filed: 12/17/14   Entered: 12/17/14 19:37:04   Page 22 of 46

Ray E. Gallo
415.257.8800 x 11
Sent from my iPad

On Jul 3, 2014, at 19:39, "Hamilton Hee" <hamiltonhee@gmail.com> wrote:

> Hi Ray,
>
> I'll see if I can set something like a direct forward up with gmail, I would also like to know what kind of other things you are speaking of going on as if I don't know on my end I would also not have the kind of knowledge to make informed decisions during the meetings.
>
> As of now the emails are quite scattered and more than not are just about conferences than anything else...
>
> I'll do my best to send them over to you as I see them although I'll also CC Rob and Ashley so that they know that I would like them to include you on relevant emails. This way it is more direct and won't just be going through me 2nd hand as that is just more to do along with my other work.
>
> Regards,
> Hamilton

On Thu, Jul 3, 2014 at 7:04 PM, Ray E. Gallo <rgallo@gallo-law.com> wrote:

> Could you please forward me whatever you receive so that I can advise you concerning it?
>
> I got you on this committee Hamilton for your benefit and the benefit of all of my clients so that you and I could work for their benefit. 20 of them asked that you be appointed. Ashley is too young, can't make a deal, is focused on the wrong things. Our success in getting you on the committee meaningless if you do not share information with me that I can use for the benefit of all creditors, subject of course to the confidentiality, it can inform my actions and make me effective in getting a deal done. I am close (Ashley is not).
>
> There are thing going on you do not know about. I talk to other players: Liquidbits counsel. Others on the committee and their lawyers. HF's attorneys. This is more complex than you know.
>
> Will you please share all information with me so that I can help you and all creditors? Just set up a forward so I get all emails to, from, or copied to Ashley or Rob. I am your lawyer. Let me get this done. I am great at this stuff. That's why you hired me.
>
> **Ray E. Gallo** | Attorney
> rgallo@gallo-law.com
> <5D344581-17C4-475D-9884-10541B97C4EF|275].png>
>
> **415.257.8800 x 11** • **Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901** • **Skype: rayegallo** • **www.gallo-law.com**
>
> Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

**From:** Hamilton Hee <hamiltonhee@gmail.com>
**Date:** Thursday, July 3, 2014 at 6:49 PM
**To:** Ray Gallo <rgallo@gallo-law.com>
**Subject:** Re: forwards

Hi,

What do you mean by stipulation and changing demands?

This is the most recent email that I've received from you. The only emails that have been sent are a price list and a quick order or something that over how many sales can be made.

Thanks,
Hamilton


On Thu, Jul 3, 2014 at 4:45 PM, Ray E. Gallo <rgallo@gallo-law.com> wrote:

Hamilton, please forward the committee emails to me. Will you do that? Has Ashley informed you of anything?


I just learned from Peter that there is no deal on the stipulation. He claims Ashley has made changing demands. I need to know if that's true, etc.


Are you getting my emails?


**Ray E. Gallo|** Attorney
**rgallo@gallo-law.com**


415.257.8800 x 11 • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**
Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

# EXHIBIT C

**McDow, Ashley M.**

| | |
|---|---|
| **From:** | Antony Vo <voan@umail.iu.edu> |
| **Sent:** | Monday, December 15, 2014 4:56 PM |
| **To:** | McDow, Ashley M. |
| **Subject:** | Fwd: Why diamond over Baker? |

On Jun 24, 2014, at 6:36 PM, "Antony Vo" <voan@umail.iu.edu> wrote:

> Also one more question. Do attorneys on the committee vote on counsel? The language in the previous message indicates this.
>
> Sent from my xylophone ♫
>
> On Jun 24, 2014, at 8:52 PM, "Ray E. Gallo" <rgallo@gallo-law.com> wrote:
>
>> Antony, you sent this to me. First, I only answered your questions, so it's not very fair to suggest "shots fired." My only interest is this: I am on contingency. So I want who I think is most likely to get the most money for you. I know Chris because he was a former opponent of mine, and a worthy adversary.
>>
>> Second, I am not bashing Ashley. I like her. But she's only 8 years out of law school—8 years isn't enough for a big gig like this one. She does not have anything like the same experience, educational credentials, or achievements as, e.g., Sullivan (closer to 20 or 25 years out of school, tens of millions of dollars in recoveries in front of this judge, better academics, etc.). There are other good choices. Ashley is not the one. She's pretty. But not comparable. Just do your homework. I don't know any of these people that well. But I think if you do the research you'll come to the same conclusion I have. I will vote for any of the others first—if they'll work on at least a partial contingency.
>>
>> **Ray E. Gallo** | Attorney
>> rgallo@gallo-law.com
>>
>> <5D344581-17C4-475D-9884-10541B97C4EF[156].png>

415.257.8800 x 11 • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • **www.gallo-law.com**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the in recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discu your tax advisor only.



**Steven T. Gubner, Esq.**
Managing Partner
sgubner@ebg-law.com
www.ebg-law.com

Ezra Brutzkus Gubner LLP

Warner Center
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
818-827-9000 Main
818-827-9118 Direct
818-571-4444 Cell
818-827-9090 Fax

Nevada Office
4475 S. Pecos Road
Las Vegas, NV 89121
866-324-4529 Toll Free
866-995-0215 Fax

The preceding e-mail message is subject to Ezra Brutzkus Gubner LLP's e-mail policies, which can be found at:
http://www.ebg-law.com/disclaimer

---

**From:** Antony Vo <voan@umail.iu.edu>
**Date:** Tuesday, June 24, 2014 at 5:43 PM
**To:** Ray Gallo <rgallo@gallo-law.com>
**Subject:** Re: Why diamond over Baker?

Just got this. Yeah basically I sent this email in the efforts of uncovering and identifying his biases. His group is really the only other serious contender in the running. Any idea why he wants Sullivan so much to the point of bashing Ashley like that? Shots fired

Sent from my xylophone ♫

On Jun 24, 2014, at 8:30 PM, "Ray E. Gallo" <rgallo@gallo-law.com> wrote:

     Antony,

I like Ashley but these guys are both smarter and more experienced, and probably more able to work on contingency,.  They're also regulars in this courtroom and well respected and liked by this judge.  Ashley cannot say that.  Check out the presentation I attached.

You should also ask them all tomorrow.

(I am copying Steve as I am not supposed to talk to you outside the presence of your counsel.)

Best,

**Ray E. Gallo** | Attorney
**rgallo@gallo-law.com**

<5D344581-17C4-475D-9884-10541B97C4EF[152].png>

415.257.8800 x 11  •  Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901  •  Skype: rayegallo  •  **www.gallo-law**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email a your tax advisor only.

---

**From:** Antony Vo <voan@umail.iu.edu>
**Date:** Tuesday, June 24, 2014 at 3:50 PM
**To:** Ray Gallo <rgallo@gallo-law.com>
**Subject:** Why diamond over Baker?

Hey Ray, just wanted to chat with you one on one before we decide tomorrow. In terms of a balance between cost and expediency in getting the job done, can you tell me why the firm you back is better for creditors than the firm others may be backing? Thanks. Trying to get a perspective from more than one source

Sent from my xylophone ♫

| | |
|---|---|
| **From:** | Ray E. Gallo <rgallo@gallo-law.com> |
| **Sent:** | Wednesday, July 02, 2014 12:23 PM |
| **To:** | Steven T. Gubner; Green, Elizabeth A.; Rob Edgeworth |
| **Cc:** | McDow, Ashley M.; Delaney, Michael T.; rob@edgeworth.org; hamiltonhee@gmail.com; Bob Smith (bsmith@uniquify.com) (bsmith@uniquify.com); Willem van Rooyen (willem@petamex.com) (willem@petamex.com); pete.morici@alumni.purdue.edu; Keith.Fendrick@hklaw.com; Rob Harris (rob@bindermalter.com); Jeff Golden; cdjang@rutan.com; Raul.Cosio@hklaw.com; Sean M. McChesney; Venkat Balasubramani; Antony Vo; guido.ochoa@siosca.net; bryan@rnlawfirm.com |
| **Subject:** | RE: Hearings on various first day motions |

Steven,

I welcome any investigation you folks wish the UST to initiate.

I suggest you focus on the material facts you failed to disclose to the committee before advocating so forcefully for Ms. McDow.

Based on the facts I have learned, I believe you had a serious conflict of interest relating to Ms. McDow, whether personal or professional I do not yet know, but I am confident that it's one you should have disclosed to the committee. I invite you to disclose to the committee the full extent of your business, financial, professional, and personal connections to Ms. McDow.

My record is clear. I have disclosed my clients and their interests. I am a big proponent of the truth and disclosures. *I asked for stronger conflict disclosure requirements in the bylaws*. Rob and Ashley were first dismissive and then got aggressive in squashing my effort to get those changes. I pushed back for the benefit of all creditors, including my clients, but I was ineffective. So be it. But I then got further attacks on other issues to day. Things have escalated to here, with me simply responding to increasing attacks (which I will do).

Yes, I have looked into how it is that we hired arguably the least qualified of 5 applicants as committee counsel—not because Ashley is a bad lawyer (I have never said that) but because it's so very strange that it begged inquiry. Your very significant role in that is an interesting and questionable one.

I'll ignore your newest attempt to slander me and other lawyers who frequently only get paid for results, etc. I can tell you that the most successful business clients I have love to hire lawyers on contingency, so that they pay only for results.

Finally, as a guy who does a lot of class and mass case work, I deal with the complexities of conflicts of interest in multi-party cases all the time. They can be challenging, but I don't see a problem at this point. My other clients don't have to hear what is confidential to the committee. I can and will tell them what they need to know

about what is happening in the case.  But note: Much of what is said in the committee is just repeating non-confidential information (e.g., me reporting a conversation I personally had with debtor's counsel, etc.). That doesn't make my conversation with Mr. Siddiqui confidential—another amendment I suggested should be in the bylaws to avoid anybody being improperly accused of sharing confidential information.

**Ray E. Gallo** | Attorney
rgallo@gallo-law.com



415.257.8800 x 11  •  Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901  •  Skype: rayegallo  •  **www.gallo-law.com**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

---

**From:** Steven T. Gubner [mailto:sgubner@ebg-law.com]
**Sent:** Wednesday, July 02, 2014 11:23 AM
**To:** 'Green, Elizabeth A.'; Rob Edgeworth
**Cc:** Ray E. Gallo; McDow, Ashley M.; Delaney, Michael T.; rob@edgeworth.org; hamiltonhee@gmail.com; Bob Smith (bsmith@uniquify.com) (bsmith@uniquify.com); Willem van Rooyen (willem@petamex.com) (willem@petamex.com); pete.morici@alumni.purdue.edu; Keith.Fendrick@hklaw.com; Rob Harris (rob@bindermalter.com); Jeff Golden; cdjang@rutan.com; Raul.Cosio@hklaw.com; Sean M. McChesney; Venkat Balasubramani; Antony Vo; guido.ochoa@siosca.net; Glosson, Julie M. (USTP)
**Subject:** RE: Hearings on various first day motions

Ray,

I have not ventured into the mud with you on these personal attacks since I got upset with the last time you embarrassed yourself by attacking Ashley personally.  But unfortunately and I am sure this will become part of some record as I am sure you/and or your client will be removed from this committee at some point.  The facts and the realities are as follows:

1) Committee's are constantly receiving information that cannot be shared with the creditor body as whole.  That is why they have by-laws that require confidentiality.  By your own admission, if you believe you are ethically or "constitutionally" required to share this information with your other 40 some clients (which by the way legally I may not disagree with you)  I suggest you resign because you are subjecting yourself and your clients to liability.  You never should have been involved for that very reason.  That is why lawyers that focus in the area of multiple client representation never sit on committees because the conflict generally exposes the lawyer and its law firm to tremendous liability.  I would have thought you would have known that.   However, I am not your counsel and nothing in this statement should be considered legal advice.  But you're a bright lawyer, you already know the answer to this question.

2) Class counsel, Multi plaintiff and PI lawyers routinely do not sit on Committee's for the very reason I  mention above.  If you feel you have an ethical duty and cannot contract around it with your clients you must resign immediately.  If you do not, the chair should seek your clients immediate removal from the committee as confidentiality must be maintained or he should terminate services.

3) I am sorry you choose to start swinging in the mud and suggesting that certain lawyers :you didn't like" were "less smart" than other lawyers. Mr. Gallo you wrote those words in an email to my client about Ashley. They have been given to the chair in order that he may consider your conduct to date and what if any action should be taken with the OUST and State Bar..

4) Your representation to the committee that you would "reach out to me" after our call is also a LIE. You never called nor wrote to discuss your behavior after that call which I find reprehensible.

5) Maybe in your practice he who screams the loudest but without any thought or intelligence wins. But in the insolvency and restructuring game, the biggest brain wins. I thought you would have figured that out by now.

I suggest you confirm these with someone you know who understands something about insolvency law. I am sure you proposed one or two of them as counsel to this committee they can confirm everything above is accurate and correct.

STG



Steven T. Gubner, Esq.
Managing Partner
sgubner@ebg-law.com
www.ebg-law.com

Ezra Brutzkus Gubner LLP

Warner Center
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
818-827-9000 Main
818-827-9118 Direct
818-571-4444 Cell
818-827-9090 Fax

Nevada Office
4475 S. Pecos Road
Las Vegas, NV 89121
866-324-4529 Toll Free
866-995-0215 Fax

The preceding e-mail message is subject to Ezra Brutzkus Gubner LLP's e-mail policies, which can be found at: http://www.ebg-law.com/disclaimer

**From:** Green, Elizabeth A. [mailto:egreen@bakerlaw.com]
**Sent:** Wednesday, July 02, 2014 10:32 AM
**To:** Rob Edgeworth
**Cc:** Ray E. Gallo; McDow, Ashley M.; Delaney, Michael T.; rob@edgeworth.org; hamiltonhee@gmail.com; Bob Smith (bsmith@uniquify.com) (bsmith@uniquify.com); Willem van Rooyen (willem@petamex.com) (willem@petamex.com); pete.morici@alumni.purdue.edu; Keith.Fendrick@hklaw.com; Rob Harris (rob@bindermalter.com); Jeff Golden; cdjang@rutan.com; Steven T. Gubner; Raul.Cosio@hklaw.com; Sean M. McChesney; Venkat Balasubramani; Antony Vo;

Dear Ray,

I think it is time to drop any comments regarding Baker's representation of the Committee in this case. Ashley is a well qualified and successful bankruptcy lawyer. She heads Baker's LA practice because we sought her out and know that she is an extremely competent bankruptcy lawyer. Baker has a national practice of eminently qualified bankruptcy lawyers including Ashley, As Ashley told the Committee on its first call , I am working on this matter with her. I head our Florida practice, have appeared in courts across the country and am a fellow in the American College of Bankruptcy. I have worked on the largest case ever filed in Florida as a Committee Counsel, and I have filed some of the largest Debtor cases in Florida. You may also be aware that our firm serves as counsel to Mr. Picard , the SIPC Trustee in the Bernard Madoff Securities matter which is the largest insolvency case in the world.

Your website states : "Mr. Gallo avoids needless disagreements and the associated expense by being reasonable and likeable." Your continued bashing of the Committee's choice of counsel is not reasonable. I think it is time that the Committee focus on the issue at hand, obtaining a maximum recovery for the creditors in this case . As to your concern regarding the investigation of claims, I am sure you know that one of the ways a Committee maximizes recovery is to investigate the claims of all creditors, including those of creditors on the Committee so that only legitimate creditors of the debtor receive a distribution.

Regards,

Elizabeth Green
Partner
BakerHostetler LLP
200 S. Orange Ave.
Suite 2300

Orlando, Florida 32801
P: 407-649-4036

Sent from my ipad to avoid delay
Please excuse any misspellings or typos

On Jul 2, 2014, at 7:05 PM, "Rob Edgeworth" <rob@koisystems.com> wrote:

> I wasn't aware that there is a constitutional right to violate confidentiality, which you have done
> for the second time today.  I'm looking forward to learning the relevant case law.
>
> Regards,
> Rob

On Wed, Jul 2, 2014 at 9:33 AM, Ray E. Gallo <rgallo@gallo-law.com> wrote:

I think I am not the one with the vendetta here folks.

It is widely known that I opposed Ms. McDow's selection.  I have discussed the odd lack of qualifications with folks on the committee and their lawyers.  Any purported confidentiality breach must arise from my investigation as to what went on behind the scenes.  Even that involved only me asking questions about how it is that one of the least qualified applicants got the job, and was forcefully advocated for by committee members and attorneys by statements most lawyers would never, ever make.

Regardless, Rob, I have a constitutional right to speak.  And I will do so on behalf of my clients and their interests.  You chose to be adversary rather than collaborative, oddly, given that collaboration was Ashley's pitch.  I continue to invite you to talk to me and act collaboratively.  You will do as you wish.

**Ray E. Gallo** | Attorney
rgallo@gallo-law.com
<5D344581-17C4-475D-9884-10541B97C4EF[257].png>

**415.257.8800 x 11** • **Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901** • **Skype:**
**rayegallo** • **www.gallo-law.com**

Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in this email are for discussion with your tax advisor only.

From: Robert Edgeworth <rob@koisystems.com>
Date: Wednesday, July 2, 2014 at 8:40 AM
To: Ray Gallo <rgallo@gallo-law.com>
Cc: Ashley McDow <amcdow@bakerlaw.com>, Michael Delaney <mdelaney@bakerlaw.com>, "rob@edgeworth.org" <rob@edgeworth.org>, Hamilton Hee <hamiltonhee@gmail.com>, Robert Smith <bsmith@uniquify.com>, Willem van Rooyen <willem@petamex.com>, Peter Morici <pete.morici@alumni.purdue.edu>, William Fendrick <keith.fendrick@hklaw.com>, Robert Harris <rob@bindermalter.com>, Jeffrey Golden <jgolden@wgllp.com>, Caroline Djang <cdjang@rutan.com>, Steven Gubner <sgubner@ebg-law.com>, "J. Cosio" <raul.cosio@hklaw.com>, Elizabeth Green <egreen@bakerlaw.com>, Sean McChesney <sean@focallaw.com>, Venkat Balasubramani

<venkat@focallaw.com>, Antony Vo <voan@umail.iu.edu>, Guido Ochoa <guido.ochoa@siosca.net>,
Julie Glosson <julie.m.glosson@usdoj.gov>
**Subject:** Re: Hearings on various first day motions

Ray,

You have disclosed confidential discussion related to the hiring process of Ms. McDow. This is a direct violation of the confidentiality clause in our bylaws, unethical, and I would be surprised if it is not also a violation of California law. I will be following up with the US Trustee on appropriate actions.

I will ignore all of the falsehoods included in your previous message, and only note that the bylaws you are still wasting counsel's time debating were ratified 6-0 which included support by your client. You are accomplishing nothing but wasting the committee's time.

In the meantime please cease your harassing messages to committee counsel. We have no interest in wasting the estate's funds on your childish vendetta.

Regards,
Rob


On Wed, Jul 2, 2014 at 7:54 AM, Ray E. Gallo <rgallo@gallo-law.com> wrote:
Ashley,

The value of a committee is in crowd wisdom, not just agreeing with each other. I sought to do this politely, and was rudely rebuffed/ignored by you.

If members' lawyers shouldn't be addressing the committee, then the process by which you were selected was deeply flawed. Mr. Gubner made a big impact. Several members were headed for choosing a lawyer with two or three times your experience and other superior credentials before whatever lobbying went on from Mr. Gubner and behind the scenes.

The issue here: I politely gave you bylaws revisions that were totally appropriate. You dismissed them without the courtesy of even discussing them with me and now call me obstreperous because I have persisted in advocating, on behalf of my client and for the good of the committee and all creditors, for disclosure of conflicts information, a members' right to participate in meetings by phone, and a clarification that information does not become confidential just because it's discussed by the committee (all changes that are needed here, particularly given your just-expressed concerns about conflicts of interest).

You may dislike any questioning of your authority or judgment. But it is all of our responsibility here to think independently. Members and by proxy their lawyers each owe a fiduciary duty to the creditors.

A committee is useless if it's really just folks agreeing with each other. The benefit of a group like this is crowd wisdom. EVERYBODY needs to speak up when they're right, or think they may be, to ensure the committee reaches the right conclusions. Going along is not for this situation.

CONFLICTS ISSUES EVERYONE NEEDS TO BE CLEAR ABOUT:

My clients' interests are coincident with the committee's as you know. My clients are all HF customers. Some are Batch 1 like Anthony Vo is. These facts are on file with the court under oath (any committee member who has not seen my 2019 declaration can get it from PACER or just ask and I will provide it). My input is my client's input, is for his benefit, the committee's, and all unsecured creditors'. Mr. Hee was selected to the committee in part based on the support of 20 other clients of mine, which I arranged for him, and perhaps my own participation may have influenced his selection (a member bringing an

experienced, able, and well credentialed lawyer does offer the committee more than someone without one, though of course I cannot say what really motivated the UST's decisions).

Finally, since you acknowledge your fiduciary obligations to the entire committee, please confirm in writing that you will stop encouraging parties to object to the claims of one or more members, as I know you have done. If you are doing that on behalf of your client (Koi/Rob) then you seem to have a conflict of interest as committee counsel and the committee needs disclosure and to discuss these serious matters. Which gets us back too the needed revisions to the bylaws.

I am sure you can appreciate my position.

Ray E. Gallo
415.257.8800 x 11
Sent from my iPad

On Jul 1, 2014, at 23:20, "McDow, Ashley M." <amcdow@bakerlaw.com> wrote:

> Although I don't necessarily disagree with you, as was made clear at the last hearing, the Debtors' budget is not mine to share - it is theirs. As you acknowledge that you have direct communication with Peter, I would suggest you try to obtain the budget from him. If he is comfortable providing it to you on behalf of his client, that is great. Unfortunately, I do not feel at liberty to do so based upon - among other things - my communications with Peter.
>
> Moreover, although I appreciate that you think "this" is becoming "unproductive," my primary concern is ensuring that I protect my client - which is the committee as a whole (not any individual member thereof), and which itself has a fiduciary obligation to each and every general unsecured creditor in this case. In addition to this obligation, given the dynamics and recent developments in this case, as I stated in my previous email, I will not be copying you with any of my future communications to my client, nor will I be providing you with information or documentation obtained by or on behalf of my client.
>
> You represent approximately 52 creditors, 50 or 51 of which are not on the committee and whose respective interests you have an independent duty to protect. While I do not pretend to understand the extent to which the nature of those representations are aligned, what I cannot and will not permit you to do is act as a de facto eighth member of the committee so that you can obtain information and/or documentation at the expense of the estate for the benefit of your clients alone. Your actions over the past few days have been disruptive and obstreperous (including but not limited to your recent "instruction" to the members of the committee to withdraw votes they had cast until things were done in the manner you desired), and are accomplishing nothing more than forcing the estate to incur unnecessary administrative expenses.
>
> I take my obligation to each and every creditor of this estate very seriously (your clients included) - as I believe each member of the committee does - and we will continue to work in the best interest of all creditors as we have thus-far. In contrast, as you are not employed by the estate, you do not have a fiduciary obligation to anyone other than your client creditors, and I would fully expect that you would zealously advocate for those creditors in that capacity. Unfortunately, not all of your clients are on the committee, and for that reason, I do not believe our interests are aligned. As counsel for creditor(s) of the estate, the bankruptcy process affords you a number of vehicles to obtain a variety of information and/or documentation from the Debtors - however, those efforts will have to be made on your dime (or the dime of your clients), not the "dime" of the estate.
>
> I am sure you can appreciate my position.

7

Regards,

Ashley

On Jul 1, 2014, at 11:35 PM, "Ray E. Gallo" <rgallo@gallo-law.com> wrote:

> I have heard the same rumors and it concerns me greatly. To confirm, I consider myself bound to my client's obligations (as his agent) but will be glad to confirm and separately agree to maintain confidentiality of confidential information. Of course, information that is not confidential (e.g., I myself communicate with Peter Siddiqui as you know and get information that way) is not. Please keep me on the distribution list. This is getting unproductive.
>
> Notably, there is nothing secret about the proposed budget. It should be part of the court record really.
>
> **Ray E. Gallo** | Attorney
> **rgallo@gallo-law.com**
>
> <5D344581-17C4-475D-9884-10541B97C4EF[253].png>
>
> **415.257.8800 x 11** • Gallo LLP, 1299 Fourth St., Suite 505, San Rafael, CA 94901 • Skype: rayegallo • www
> Please consider the environment before printing this e-mail. This email is confidential and may be attorney-client privileged
> recipient, please delete it and notify me. We do not give tax advice or opinions. Any tax ideas or information contained in th
> your tax advisor only.
>
> ---
>
> **From:** <McDow>, Ashley McDow <amcdow@bakerlaw.com>
> **Date:** Tuesday, July 1, 2014 at 8:11 PM
> **To:** Ray Gallo <rgallo@gallo-law.com>
> **Cc:** Michael Delaney <mdelaney@bakerlaw.com>, Robert Edgeworth <rob@koisystems.com>, "rob@edgeworth.org" <rob@edgeworth.org>, Hamilton Hee <hamiltonhee@gmail.com>, Robert Smith <bsmith@uniquify.com>, Antony Vo <voan@umail.iu.edu>, Willem van Rooyen <willem@petamex.com>, Peter Morici <pete.morici@alumni.purdue.edu>, William Fendrick <keith.fendrick@hklaw.com>, Robert Harris <rob@bindermalter.com>, Jeffrey Golden <jgolden@wgllp.com>, Caroline Djang <cdjang@rutan.com>, Steven Gubner <sgubner@ebg-law.com>, "J. Cosio" <raul.cosio@hklaw.com>, Elizabeth Green <egreen@bakerlaw.com>, Sean McChesney <sean@focallaw.com>, Venkat Balasubramani <venkat@focallaw.com>
> **Subject:** RE: Hearings on various first day motions
>
> Ray,

I did receive a budget from Peter, and to say I didn't like it would be an understatement. As such, the hearing will be moving forward tomorrow and we have advised the court of the same. However, in addition to the "request" from the Debtors that the budget be kept confidential among committee members, we have had reports that internal committee information is being "leaked" to representatives of the debtors (among others). As such, I have made a decision to include only committee members on my communications from this point forward (barring this email of course), as they are the only persons bounds by the confidentiality provisions in the by-laws and I need to ensure that I am doing everything I can to protect the integrity of the committee, which means eliminating as many exigent factors as I can. To this end, I need to remind the individual committee members that each of you are bound by the confidentiality provision contained in the recently approved by-laws, which includes (among other things) a prohibition on sharing confidential matters relating solely to committee matters with anyone, including your counsel (with the exception of information provided by the Debtor in certain situations – paragraph XX). Given all of the "holes," it is even more imperative that we maintain inviolate the privilege(s) which attach to the communications between my firm and the committee as a whole.

Regards,

Ashley

**Ashley McDow | BakerHostetler**
11601 Wilshire Boulevard | Suite 1400 | Los Angeles, CA 90025-0509
T 310.442.8846 | F 310.820.8859
amcdow@bakerlaw.com

&lt;image001.png&gt;

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# EXHIBIT D

**From:** "BKECF_CANB@canb.uscourts.gov" <BKECF_CANB@canb.uscourts.gov>
**Date:** July 26, 2014 at 3:34:56 PM PDT
**To:** "CourtMail@canb.uscourts.gov" <CourtMail@canb.uscourts.gov>
**Subject: 14-30725 Judge Docket Order**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

<div align="center">

**U.S. Bankruptcy Court**

**Northern District of California**

</div>

Notice of Electronic Filing

The following transaction was received from Montali, Dennis entered on 7/26/2014 at 3:34 PM PDT and filed on 7/26/2014

| | |
|---|---|
| **Case Name:** | Hashfast Technologies LLC |
| **Case Number:** | 14-30725 |
| **Document Number:** | |

**Docket Text:**
**DOCKET TEXT ORDER** (no separate order issued:) The court has read the sale and assumption motion (Dkt. No. 134) and the opposition by the Committee (Dkt. No. 159). Even before considering the opposition, the court identified numerous problems with the motions; the opposition confirms most of those problems and identifies some the court did not. The debtors filed an Asset Purchase Agreement FIVE minutes before the Committee filed its opposition, but even if the APA cures some of the defects presented by the motions and the term sheet, the Committee and other parties cannot be expected to review and respond to a document filed less than one business day before the hearing. Unless the Committee has a complete change of heart before July 28, 2104, at 2:00 and decides to withdraw its opposition and support the motions, the court intends to deny them. And even if there is a withdrawal, debtors should not assume the

motions will be granted. Assuming no change of position by the Committee, its counsel and debtors counsel should meet and confer before the July 28 hearing and attempt to agree on a schedule for matters including the motion to consolidate, any renewed motion to sell and assume, and any other motions either party expects to file in the near future. (Montali, Dennis)

The following document(s) are associated with this transaction:

## 14-30725 Notice will be electronically mailed to:

Venkat Balasubramani on behalf of Interested Party Pete Morici
venkat@focallaw.com, pete.morici@alumni.purdue.edu

Greg P. Campbell on behalf of Creditor Nationstar Mortgage LLC
ecfcanb@piteduncan.com

Patrick Chesney on behalf of Interested Party Gallo LLP
pchesney@gallo-law.com, mvananda@gallo-law.com

Michael Delaney on behalf of Creditor Committee Official Committee Of Unsecured Creditors
mdelaney@bakerlaw.com, SGaeta@bakerlaw.com

Michael Delaney on behalf of Petitioning Creditor Koi Systems
mdelaney@bakerlaw.com, SGaeta@bakerlaw.com

Caroline R. Djang on behalf of Creditor DigiMex Ltd
cdjang@rutan.com

W. Keith Fendrick on behalf of Creditor Sistemas Operativos Sanitarios C.A.
keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com

Julie M. Glosson on behalf of U.S. Trustee Office of the U.S. Trustee / SF
julie.m.glosson@usdoj.gov

Robert G. Harris on behalf of Creditor Uniquify, Inc.
rob@bindermalter.com

Ori Katz on behalf of Interested Party Simon Barber
okatz@sheppardmullin.com

Ashley McDow on behalf of Creditor Committee Official Committee Of Unsecured Creditors
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Petitioning Creditor Koi Systems
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Petitioning Creditor UBE Enterprises
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Jessica M. Mickelsen on behalf of Debtor HashFast LLC
jessica.mickelsen@kattenlaw.com

Jessica M. Mickelsen on behalf of Debtor Hashfast Technologies LLC
jessica.mickelsen@kattenlaw.com

Office of the U.S. Trustee / SF
USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com

Kristen A. Palumbo on behalf of Creditor Liquidbits Corp.
kristen.palumbo@bingham.com

Craig Stuppi on behalf of Interested Party Eduardo DeCastro
craig@stuppilaw.com

Sarah M. Stuppi on behalf of Interested Party Eduardo DeCastro
sarah@stuppilaw.com

Christopher D. Sullivan on behalf of Interested Party Diamond McCarthy
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com

Nancy Weng on behalf of Creditor Looksmart Ltd.
nweng@trinhlawfirm.com, kim@trinhlawfirm.com

**14-30725 Notice will not be electronically mailed to:**

David M. Balabanian on behalf of Creditor Liquidbits Corp.
Law Offices of Bingham McCutchen
Three Embarcadero Center
San Francisco, CA 94111-4067

Craig A. Barbarosh on behalf of Debtor Hashfast Technologies LLC
Katten Muchin Rosenman LLP
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626-7122

Eric W. Benisek on behalf of Interested Party Timefire, Inc
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Eric W. Benisek on behalf of Interested Party Satish Ambarti
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Ray E. Gallo on behalf of Interested Party Gallo LLP
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

Edward Hammond
3103 Powell Cir.

Austin, TX 78704

Monica Hushen
,

Timothy Lam
6156 Temple City Blvd.
Temple City, CA 91780

Grant Pederson
12538 Botanical Ln.
Frisco, TX 75035

Peter A. Siddiqui on behalf of Debtor Hashfast Technologies LLC
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661-3693

Edwin E. Smith on behalf of Creditor Liquidbits Corp.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

# DECLARATION OF DEREK PIPER

I, Derek Piper hereby declare:

I am at least 18 years of age and of sound mind. I am a employed by Indiana University. I am a creditor of the Hashfast Technologies, LLC, bankruptcy estate and I am represented by Gallo LLP. I make this declaration in support of the unsecured creditors committee's objection to the sale of Hashfast Technologies LLC assets to Liquidbits.

Except as otherwise stated, all facts contained within this declaration are based upon personal knowledge (my own or that gathered from others that work under my supervision), and my review of relevant documents. If called upon to testify, I would testify to the facts set forth in this declaration.

I have reviewed the sale motion submitted to the court on July 18th 2014 and I do not believe that it is in the best interests of the creditors of the estate. I ask that the court reject the sale motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of July, 2014, at Bloomington, Indiana.


/s Derek Piper

Derek Piper

- 1 -

DECLARATION OF DEREK PIPER

# DECLARATION OF MATTHEW MCCORMICK

I, Matthew McCormick, hereby declare:

I am at least 18 years of age and of sound mind. I am a R&D Software Engineer at Kitware, Inc. I am a creditor of the Hashfast Technologies, LLC, bankruptcy estate and I am represented by Gallo LLP. I make this declaration in support of the unsecured creditors committee's objection to the sale of Hashfast Technologies LLC assets to Liquidbits.

Except as otherwise stated, all facts contained within this declaration are based upon personal knowledge (my own or that gathered from others that work under my supervision), and my review of relevant documents. If called upon to testify, I would testify to the facts set forth in this declaration.

I have reviewed the sale motion submitted to the court on July 18th 2014 and I do not believe that it is in the best interests of the creditors of the estate. I ask that the court reject the sale motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of July, 2014, at Clifton Park, New York.

Matthew McCormick

- 1 -

[INSERT TITLE OF THE DECLARATION (E.G., DECLARATION OF JOHN SMITH)]