KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>Hearing:<br>Date: December 19, 2014<br>Time: 9:30 a.m.<br>Ctrm: Hon. Dennis Montali<br>      235 Pine Street, Courtroom 22<br>      San Francisco, CA 94104 |

**DEBTORS' REPLY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE CONTINUED EMPLOYMENT AND RETENTION OF PETER KRAVITZ AND OTHERS AT PROVINCE, INC., AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO AUGUST 15, 2014**

HashFast Technologies LLC ("HFT") and HashFast LLC ("HashFast" collectively with HFT, the "Debtors" and each a "Debtor"), respectfully submit this reply in support of its application (the "Application") for entry of an order authorizing the Debtors' continued retention and employment of Peter Kravitz and others at Province, Inc. ("Province" or the "Firm") as chief restructuring officer for the Debtors effective August 15, 2014 in accordance with the engagement letter (the "Engagement Letter"). In further support of the Application, the Debtors state as follows.

1. The United States Trustee's (the "Trustee") entire objection to the Application is premised on a faulty assumption: that the Debtors are seeking to retain Mr. Kravitz as a professional person under section 327 of the Bankruptcy Code. That is not the case, and the Application clearly laid that out.

2. As is set out in the Application, Mr. Kravitz and his colleagues at Province are being retained under section 363(b) of the Bankruptcy Code as officers and employees of the Debtors. Their retention is required because the original premise of Mr. Kravitz's retention, to lead the Debtors' then existing management team, through the Debtors' reorganization, had changed. The Debtors' lost nearly their entire employee base since August. As such, the amount of work required by Mr. Kravitz exponentially increased. Mr. Kravitz, with the Debtors' estates and creditors in mind, added members of his Firm to assist him. Those members did not come at any additional cost; rather, the monthly fees in the Engagement Letter were not increased to accommodate the additional amount of labor required.

3. The Trustee makes no attempt to dispute that section 363(b) is an acceptable form of retaining employees for the Debtors. Nor does the Trustee rebut or even reference the many cases that hold as much. *See, e.g., Comm. of Equity Sec. Holders v. Lionel Co. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to Section 363(b)); *Committee of Asbestos-*

*Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). That precedent makes clear that the retention of a chief restructuring officer and other interim management is subject only to the standard the that debtor has exercised reasonable business judgment. Here, the retention of Mr. Kravitz and his colleagues is a sound exercise of the Debtors' business judgment. The Debtors believe, and, after consultation with the Committee, the Debtors' assert the Committee supports, that Mr. Kravtiz and his colleagues will provide valuable and crucial services that benefit the Debtors' estates and creditors.

4. Instead of addressing the appropriate standard and legal authority raised in the Application, the Trustee confines the objection to the fact that Mr. Kravitz, as an officer of the company, cannot be retained under section 327. Given the completely inapposite nature of that argument, the Trustee's objection should be overruled and the Application should be granted.

5. Similarly, the Trustee's section 503(c) argument is off base. The compensation set out in the Engagement Letter is not at all the type of insider retention (or a so-called "key employee retention plan") that section 503(c) is designed to prohibit. Mr. Kravitz, just like any officer, requires compensation. And the fees set out in the Engagement Letter reflect a negotiated compensation structure designed to adequately and fairly compensate Mr. Kravitz without depleting the estate of its resources.

6. The Trustee's objection should be overruled, and the Application should be granted.

Dated: December 18, 2014          Respectfully submitted,

                                                  Katten Muchin Rosenman LLP
                                                  Peter A. Siddiqui
                                                  Jessica M. Mickelsen

                                                  By:/s/ Jessica M. Mickelsen
                                                  Counsel for Debtor and Debtor-In-Possession
                                                  HashFast Technologies LLC and HashFast LLC