KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| Debtor and Debtor-In-Possession | Case No. 14-30866 |
| | Chapter 11 |
| ☒ Affects HASHFAST LLC, a Delaware limited liability company, | **DECLARATION OF PETER KRAVITZ IN FURTHER SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE CONTINUED EMPLOYMENT AND RETENTION OF PETER KRAVITZ AND OTHERS AT PROVINCE, INC., AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO AUGUST 15, 2014** |
| Debtor and Debtor-In-Possession | |

I, Peter Kravitz, hereby declare under penalty of perjury,

1. I am the Chief Restructuring Officer ("CRO") of HashFast Technologies LLC ("HashFast Technologies") and HashFast LLC ("HashFast" and, together with HashFast Technologies, the "Debtors").

2. This Declaration is submitted in connection with the Debtors' Application For Order Authorizing And Approving The Continued Employment and Retention of Peter Kravitz and Others at Province, Inc., as Chief Restructuring Officer of the Debtors, *Nunc Pro Tunc* to August 15, 2014 and in response to the Court's inquiry at the hearing on December 19, 2014. I make this declaration based on my own personal knowledge of the facts. If called upon, I would testify as set forth herein.

3. I was retained as the Debtors' CRO on or about August 14, 2014. The original engagement anticipated that my work commitment would not exceed 20 hours a week and only specified myself as the sole officer. With the changing nature of the engagement and growing demands of the case, I have since brought on a number of salaried employees of my firm to assist in this matter, namely Victor Delaglio, Amanda Demby, and Maribel Chang. The monthly compensation structure has not increased from the original $40,000 flat fee a month plus costs and expenses (e.g., reasonable lodging, economy travel at actual cost). The additional hours (more than doubling our original time commitments) dedicated to this case and increased number of working professionals have brought added benefits to the estate. The tasks that my staff and I have undertaken include, but are not limited to the following

(a) acted as manager for all day to day operations and approved all activities;

(b) went through thousands of emails and dozens of laptops to obtain access to all company records, accounts, and databases after all but two employees resigned;

(c) attended bitcoin conferences and meet-ups in San Francisco and Las Vegas to gauge market appetite for the Debtors' assets and acquire sense of market

direction;

(d) reviewed contracts and intellectual property filings to suggest motions to be filed and recoveries to pursue;

(e) constructed an accurate list of salable assets along with potential buyers;

(f) negotiated a 50% reduction in chip testing costs;

(g) prepared comparables to accurately price existing inventory;

(h) marketed inventory through hours of phone calls with potential buyers, thousands of emails to previous customers, suppliers, and general industry participants, meetings at conferences, group buy product offerings, and postings on bitcoin forums;

(i) sold all inventory except for roughly 10,000 chips at a time when bitcoin price has plummeted and difficulty has skyrocketed;

(j) assisted in drafting all purchase confirmations and independent contractor / partnership agreements;

(k) coordinated all shipping and customs arrangements (assets are stored in various locations all over the world);

(l) built a reconciliation of bitcoin accounts to show inflows and outflows overtime and ensure no significant gaps exist;

(m) developed plan to monetize remaining chip inventory and intellectual property through partnership with manufacturers on upcoming technological revisions;

(n) prepared MORs and kept accurate accounting records;

(o) communicate frequently with Creditors' Committee and its counsel to ensure all parties agree on next steps; and

(p) assisted with preference analysis through data collection and interfacing with counsel.

4. Pursuant to the terms of Province, Inc.'s engagement letter with the Debtors, Province has been paid the following amounts on the following dates:

| Invoice Period | Payment Date | Payment Amount |
|---|---|---|
| August 15-September 14 | October 8, 2014 | $42,129.50 |
| September 15-October 14 | November 21, 2014 | $44,158.90 |
| October 15-November 14 | November 26, 2014 | $41,851.79 |

5. As shown by the listed payment dates, I have often times delayed payment when the estates cash position was low, in order to continue the flow of resources and product, and to ultimately generate a greater return for the creditors.

6. As of the December 19, 2014, the Debtors owe $82,092.91 to Province under the terms of the engagement letter.

7. As of December 19, 2014, the Debtors have $168,030.25 in cash.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: December 23, 2014

_____
Peter Kravitz
Chief Restructuring Officer of HashFast
Technologies LLC and HashFast LLC