Signed and Filed: December 23, 2014

_(signature)_

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 14-30725 |
| HASHFAST TECHNOLOGIES, LLC, a California limited liability company, | (Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866) |
| Debtor and Debtor-in-Possession | Chapter 11 |
| ☒Affects HASHFAST LLC, a Delaware limited liability company, | **ORDER APPROVING SALE OF ESTATE PROPERTY TO SIMON BARBER** |
| Debtor and Debtor-in-Possession | Hearing information:<br>Date:     December 5, 2014<br>Time:     1:00 p.m.<br>Judge:   Hon. Dennis Montali<br>Crtrm.:  235 Pine Street, Courtroom 22<br>              San Francisco, CA 94104 |

A hearing was held on December 5, 2014 at 1:00 p.m. before the Honorable Dennis Montali, United States Bankruptcy Judge for the Northern District of California, at the United States Bankruptcy Courthouse located at 235 Pine Street, San Francisco, California, in Courtroom 22 (the "Hearing"), for the Court to consider the *Motion Pursuant To 11 U.S.C. §§ 105(a) And 363 And Fed. R. Bankr. P. 2002, 6004, 6006, 9014 And 9019 For Entry Of Order (I) Authorizing The Jointly Conducted Auction Of Estate Property By The Debtors And The Committee, And (II) Authorizing The Sale Of Estate Property Free And Clear Of Liens, Encumbrances And Interests, With Any Disputed Liens, Encumbrances, And Interests To Attach To Sale Proceeds Pending Further Order Of The Court* [Dkt. No. 216] (the "Motion") filed by the above-captioned debtors and debtors-in-possession (the "Debtors") in the above-captioned substantively consolidated bankruptcy case (the "Case"). Appearances were noted on the record.

Upon consideration of the Motion, the *Joint Statement of the Debtors and Official Committee of Unsecured Creditors in Support of Auction and Sale Motion* [Dkt. No. 242] (the "Statement"), and the representations and arguments of counsel at the hearing, the Court hereby finds and orders as follows:

1. The Motion is granted as provided herein.

2. Notice of the Motion was appropriate under the circumstances.

3. The agreement to sell and assign to Simon Barber the estate's causes of action against him (the "Compromise") between the Debtors, the Committee, and Simon Barber is approved as set forth in the Statement and as discussed on the record at the Hearing.

4. The Debtors are authorized to enter into and execute a settlement agreement and mutual release ("Release") with Mr. Barber in order to document the Compromise; provided, however, that the Release granted to Mr. Barber is contingent on the accuracy, completeness, and truthfulness of his personal financial statement (the "Statement") he provided to the Committee and the Debtors' chief restructuring officers, and, to the extent the Statement is false in any material respect, the Release shall be null and void. In addition, Mr. Barber

-1-

1     has asserted that since the founding of the Debtors, and with the exception of

2     transfers for which Mr. Barber received reasonably equivalent value,

3     Mr. Barber has made no transfers in excess of $25,000 to third parties.  In the

4     event the Committee, the Debtors, and/or the Liquidating Trustee subsequently

5     learns that a material misrepresentation and/or an omission was made by Mr.

6     Barber, the existence (or non-existence) of which the Committee, the Debtors

7     and/or the Liquidating Trustee (as applicable) can demonstrate they reasonably

8     relied on in entering into the Settlement Agreement, the Release is null and

9     void.

10    5. This order shall survive the conversion of these cases to ones under chapter 7

11      and, if this Court enters an order dismissing these cases, this order shall remain

12      in full force and effect and shall not be vacated.

14                    **END OF ORDER**

SMRH:434367254.2
US_101936479v1

ORDER APPROVING SALE