Signed and Filed: December 23, 2014



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>   Debtor and Debtor-In-Possession.<br><br>HASHFAST LLC, a Delaware limited liability company,<br><br>   Debtor and Debtor-In-Possession. | Bankruptcy Case<br>No. 24-30725DM<br><br>Chapter 11<br><br>(Substantially consolidated With *In re HashFast LLC*, Case No. 14-30866) |

### ORDER DENYING APPLICATION FOR ORDER AUTHORIZING AND APPROVING CONTINUED EMPLOYMENT

The court has reviewed the declaration of Peter Kravitz filed December 23, 2014 (Dkt. No. 258). Mr. Kravitz confirms that his company, Province, Inc., has been paid, although somewhat late, for the first three months (August 15 - November 14) of its service pursuant to the terms of the October 8, 2014, letter agreement between Debtors and Province. It also appears that Debtors have sufficient cash on hand to pay for the next month (November 15 - December 14) although it is not clear how Mr. Kravitz calculates that as of December 19, 2014, Province could be owed $82,092.91.

-1-

By the present application debtors seek an order that would approve the arrangement with Province as of the beginning date of service, but since those services have been rendered and mostly Paid for, it is not clear why an order is necessary. Debtors and Province repeatedly stress that employment is not sought under section 327 of the Bankruptcy Code. They acknowledge that the court said no such order was necessary. But now they ask for the order under sections 105 and 363(b) of the Bankruptcy Code without convincingly saying why such an order is necessary. Indeed, were it necessary, it should have been obtained before the rendition of services and the payment for those services.

Mr. Kravitz states that the circumstances of the debtors have changed such that he has had to bring on more staff from Province, yet there is no proposed change in the compensation for Province, either the monthly retainer amount of the confirmation bonus of $100,000. Again, that forces the question of why the order is necessary.

The court repeats what the United States Trustee has argued, namely, that the debtors have exercised their business judgment. The court should neither second-guess nor validate that judgment by an advisory order. If any creditor or the United States Trustee believe the payments compensation arrangements with Province are inappropriate, they may seek appropriate relief from the court. If any creditor believes the confirmation bonus is inappropriate, its remedies include voting against the plan and urging others to do so, or if grounds exist, to object to confirmation.

For the foregoing reason, the Application For Order

Case: 14-30725   Doc# 261   Filed: 12/23/14   Entered: 12/23/14 14:40:37   Page 2 of 3

1 | Authorizing and Approving the Continued Employment and Retention
 2 | of Peter Kravitz and Others At Province, Inc, as Chief
 3 | Restructuring Officer of the Debtors, *Nunc Pro Tunc* to August 15,
 4 | 2014 (Dkt. No. 232)is DENIED without prejudice.
 5 |
 6 |                    * * * END OF ORDER * * *

Case: 14-30725   Doc# 261   Filed: 12/23/14   Entered: 12/23/14 14:40:37   Page 3 of 3