KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| Debtor and Debtor-In-Possession | Case No. 14-30866 |
| | Chapter 11 |
| ☒ Affects HASHFAST LLC, a Delaware limited liability company, | **MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| Debtor and Debtor-In-Possession | |

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit their Motion for Stipulated Order Regarding Standing of the Official Committee of Unsecured Creditors ("Motion"), and respectfully represents:

## JURISDICTION

1. The Court has jurisdiction to grant the relief sought in this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Motion is proper under 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief sought in this Motion are sections 105(a), 1103(c)(5), and 1107 of the Bankruptcy Code.

## BACKGROUND

3. On May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson commenced an involuntary bankruptcy under chapter 7 against HashFast Technologies LLC ("HFT").

4. On June 3, 2014, HFT filed the *Debtor's Conditional Consent to an Order for Relief Regarding Involuntary Petition* and *Debtor's Motion to Convert to Chapter 11*.[1] On June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.[2] Thereafter, HFT has acted as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On June 6, 2014, HashFast LLC ("HF") filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On or about June 23, 2014, the Office of the United States Trustee appointed the Committee to represent the interests of all unsecured creditors for HFT pursuant to section 1102 of the Bankruptcy Code.

7. On July 8, 2014, this Court granted the Debtors' motion to jointly administer the Debtors' bankruptcy cases.[3]

8. On or about July 23, 2014, the Committee filed its motion to substantively consolidated the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 105(a) (the "Substantive Consolidation Motion").[4]

---

[1] Case No. 14-30725, D.E. 35 and 36.

[2] All references herein to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et seq.*

[3] Case No. 14-30725, D.E. 121.

9.  The Substantive Consolidation Motion was before the Court for hearing on September 10, 2014. After considering the pleadings and the arguments presented, the Court granted the Substantive Consolidation Motion.[5]

10. The Debtors and the Committee anticipate filing a joint plan of liquidation pursuant to which all remaining assets of the Debtors, including avoidance actions under chapter 5 of the Bankruptcy Code and other litigation that constitutes property of the Debtors' bankruptcy estates, will be transferred to a liquidating trust and liquidated for the benefit of the Debtors' creditors. As those litigation assets represent a substantial avenue for recovery, the Debtors and the Committee believe that such litigation should be commenced as soon as possible.

11. The Committee, with the assistance of the Debtors' personnel, has over the last few months been reviewing potential avoidance actions and other litigation that may provide value to the Debtors' estates.

12. Because it appears that many of the potential avoidance actions and other litigation identified by the Committee would involve claims against insiders of the Debtors, and because the joint plan contemplates that the Committee will elect and monitor the liquidating trustee, the Debtor believes it would be in the best interest of the Debtors' estates, and necessary and beneficial to the fair and efficient resolution of such litigation for the Committee to be granted standing to pursue such claim prior to the assignment of those claims to the liquidating trust.

13. The Stipulated Order with the Official Committee of Unsecured Creditors Regarding Standing attached hereto as **Exhibit A** sets forth the Debtors' consent to the Committee's standing to pursue such litigation on behalf of the Debtors' estates.

## RELIEF REQUESTED

14. The Debtors respectfully request the Court approve entry of an order substantially in the form of Exhibit A hereto, granting standing to the Committee, pursuant to its duties under 11 U.S.C. § 1103(c)(5), to pursue any and all avoidance actions of the Debtors under chapter 5 of

---

[4] Case No. 14-30725, D.E. 148.
[5] Case No. 14-30725, D.E. 202.

the Bankruptcy Code and certain other litigation that constitutes property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code.

## BASIS FOR RELIEF

15. Section 105(a) of the Bankruptcy Code empowers this Court to "issue any order, process, or judgment that is necessary to carry out the provisions o [the Bankruptcy Code.]"

16. Section 1103(c)(5) provides, "[a] committee appointed under section 1102 of this title may . . . perform such other services are in the interest of those represented."

17. Courts have routinely granted relief similar to that sought in this Motion. *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1031 (9th Cir. 1999); *Liberty Mutual Ins. Co. v. Official Unsecured Creditors' Committee of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997).

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the order attached to this Motion as Exhibit A granting standing to the Committee and grant such further relief as may be just under the circumstances

Dated: January 9, 2015
                                        KATTEN MUCHIN ROSENMAN LLP
                                        Peter A. Siddiqui
                                        Jessica M. Mickelsen

                                        By:/s/ Jessica M. Mickelsen
                                        Counsel for Debtor and Debtor-In-Possession
                                        HashFast Technologies LLC and HashFast LLC

# EXHIBIT A

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (SBN 6278445)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for the Debtors
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**STIPULATED ORDER BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING STANDING** |

This matter having come before this Court on the Debtors' Motion for Stipulated Order Regarding Standing of the Official Committee of Unsecured Creditors (the "Motion"); the Court having reviewed the Motion, having heard the arguments of the Debtors and The Official Committee of Unsecured Creditors (the "Committee"); the Court being advised that the Debtors

and the Committee have met, conferred, and reached a stipulation they have requested be incorporated into an order; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtors and the Committee stipulate and agree that the Debtors' estates include certain avoidance actions under chapter 5 of the Bankruptcy Code and other certain litigation against insiders of the Debtors (the "<u>Estate Litigation</u>").

2. The Debtors and the Committee stipulate and agree that the Committee shall have standing to pursue the Estate Litigation.

**IT IS ORDERED** that the forgoing agreement is approved in its entirety.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 9, 2015

/s/ Jessica Mickelsen
Jessica Mickelsen, Counsel for the Debtors HashFast Technologies LLC and HashFast LLC

Dated: January 9, 2015

/s/ Ashley McDow — signed by Jessica Mickelsen with Ashley McDow's express authorization
Ashley McDow, Counsel for The Official Committee of Unsecured Creditors

**END OF ORDER**