Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    amcdow@bakerlaw.com
          mdelaney@bakerlaw.com

Attorneys for the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Lead Case No.: 14-30725 DM |
| HASHFAST TECHNOLOGIES, LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| Debtor and Debtor in Possession. | Case No.: 14-30866 DM |
| | Chapter 11 |
| x  Affects HASHFAST LLC, a Delaware limited liability company, | Hearing: |
| | Date:    [TBD] |
| | Time:    [TBD] |
| Debtor and Debtor in Possession. | Place:    Courtroom 22 |
| | 235 Pine Street |
| | San Francisco, CA 94104 |

**PLAN OF LIQUIDATION SUBMITTED BY THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR HASHFAST TECHNOLOGIES, LLC**

| | | | |
|---|---|---|---|
| I. | | Classification of Claims and Interests | 1 |
| II. | | Treatment of Administrative and Priority Claims | 1 |
| | A. | Non-ordinary Course Administrative Claims | 1 |
| | B. | Administrative Claims | 1 |
| | C. | Priority Claims | 2 |
| III. | | Treatment of Unimpaired Classes | 2 |
| IV. | | Treatment of Impaired Classes of Claims | 2 |
| | A. | Determination of Allowed Amounts | 2 |
| | B. | Class 1 – General Unsecured Claims | 2 |
| V. | | Treatment of Classes of Interests | 3 |
| | A. | Class 2 – Equity Interests | 3 |
| VI. | | Unexpired Leases and Executory Contracts | 3 |
| VII. | | Means of Implementation | 3 |
| | A. | Means of Implementation | 3 |
| | B. | Dissolution of the Debtors | 4 |
| | C. | Causes of Action | 4 |
| | D. | Selection of Hashfast Trustee | 5 |
| | E. | Dissolution of Committee | 5 |
| | F. | Professional Fees and Expenses | 5 |
| | G. | Funds Generated During Bankruptcy Cases | 6 |
| | H. | Additional Provisions | 6 |
| | | 1. Procedures for Resolving and Treatment of Disputed Claims | 6 |
| VIII. | | Miscellaneous Provisions | 8 |
| | A. | Effects of Confirmation | 8 |
| | | 1. Amendments to the Plan | 8 |
| | | 2. Authority to Effectuate the Plan | 8 |
| | | 3. Post-Confirmation Status Report | 9 |
| | | 4. Retention of Professionals | 9 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725    Doc# 285    Filed: 01/22/15    Entered: 01/22/15 23:18:23    Page 2 of 28

| 5. | United States Trustee Fees | 9 |
| 6. | Governing Law | 9 |
| 7. | Binding Effect of the Plan | 9 |
| 8. | Successors and Assigns | 9 |
| 9. | Inconsistencies | 10 |
| 10. | Rules of Construction | 10 |
| 11. | Rules of Interpretation | 10 |
| B. | Conditions to Effectiveness of Plan | 11 |
| C. | Retention of Jurisdiction | 12 |
| D. | Headings | 13 |
| E. | Regulatory Approval | 13 |
| F. | Notices | 13 |
| G. | Manner of Payment | 14 |
| H. | Compliance with Tax Requirements | 14 |
| I. | Transmittal of Distributions | 14 |
| J. | Distribution of Unclaimed Property | 15 |
| K. | Fractional Cents; Multiple Distributions | 15 |
| L. | Saturday, Sunday or Legal Holiday | 15 |
| M. | Tax Treatment | 15 |
| 1. | Section 1146 Exemption | 15 |
| 2. | Determination of Taxes | 16 |
| N. | Severability | 16 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

## DEFINITIONS

For the purpose of the Plan, the following terms will have the meanings set forth below:

1.     **Administrative Claim** shall mean a Claim for payment of an administrative expense of a kind specified in Section 503(b) of the Code and of a kind referred to in Section 507(a)(1) of the Code, including without limitation, the actual, necessary costs, and expenses incurred after the commencement of the Bankruptcy Case, of preserving Debtors' estates and operating the business of the Debtors, including wages, salaries or commissions for services, compensation for legal and other services and reimbursement of expenses awarded under Sections 330(a) or 331 of the Code and all fees and charges assessed against the Bankruptcy Estate under Chapter 123 of Title 28, United States Code.

2.     **Administrative Claims Bar Date** shall mean the date by which all Administrative Claims must be filed with the Bankruptcy Court to be allowed. The Administrative Claims Bar Date will be established by the Bankruptcy Court as a specific date prior to the Confirmation Date.

3.     **Affiliates** shall mean a person or entity that directly or indirectly, through one or more intermediaries, controls or is controlled by, or is under the common control with, the person or entity specified.  For the purposes of this definition "control" shall mean (a) a fifty percent (50%) or more common equity ownership or (b) the possession, directly or indirectly, of the power to direct or cause the direction of the management of policies of a Person, whether through the ownership of voting securities, by contract or otherwise.

4.     **Allowed Administrative Claim** shall mean all or that portion of any Administrative Claim, which has been or becomes allowed by Order of the Bankruptcy Court**.**

5.     **Allowed Amount** shall mean the amount of an Allowed Claim.

6.     **Allowed Claim** shall mean a Claim: (a) with respect to which a proof of Claim that has been filed with the Bankruptcy Court in accordance with the provisions of Section 501 of the Code and Rule 3001 and within any applicable period of limitation fixed by Rule 3003 or any notice or Order of the Bankruptcy Court; or (b) deemed an Allowed Claim (including Allowed Secured Claims and Allowed Unsecured Claims) pursuant to the provisions of the Plan or any

605722316.4

Order of the Bankruptcy Court. Unless otherwise provided in the Plan or unless deemed or adjudicated an Allowed Claim, pursuant to the provisions of the Plan or any Order of the Bankruptcy Court, an Allowed Claim shall not include any Claim as to which an objection to or proceeding challenging the allowance thereof has been interposed, within any applicable period of limitation fixed pursuant to the Plan, by Rule 3003, or any Order of the Bankruptcy Court until such objection or proceeding has been overruled, dismissed, or settled by entry of a Final Order. Notwithstanding the filing of any such objection or the commencement of any such proceeding, a Claim may be temporarily allowed for voting purposes pursuant to the provisions of Rule 3018(a). Unless otherwise specified in the Plan or any Order of the Bankruptcy Court, an Allowed Claim shall not include or accrue interest on the amount of such Claim maturing, incurred otherwise, or arising subsequent to the Petition Date.

7. **Allowed Interest** shall mean an Interest: (a) with respect to which a proof of Interest has been filed with the Bankruptcy Court within the applicable period of limitation fixed by Rule 3003 or a Final Order; and (b) as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3007 or any Order of the Bankruptcy Court.

8. **Allowed Priority Tax Claim** shall mean a Priority Claim, pursuant to Code Section 507(a)(8), to the extent such Priority Claim is or becomes an Allowed Claim.

9. **Allowed Unsecured Claim** shall mean an Unsecured Claim to the extent such Unsecured Claim is or becomes an Allowed Claim.

10. **Baker** shall mean Baker & Hostetler, LLP, general insolvency counsel for the Official Committee of Unsecured Creditors.

11. **Ballot** shall mean the form(s) distributed to each Creditor holding a Claim in an impaired Class, on which is to be indicated the acceptance or rejection of the Plan.

12. **Ballot Date** shall mean the date set by the Bankruptcy Court by which all votes for acceptance or rejection of the Plan must be received by the Bankruptcy Court or the balloting agent, as the case may be.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725    Doc# 285    Filed: 01/22/15    Entered: 01/22/15 23:18:23    Page 5 of 28

13.    **Bankruptcy Cases** shall mean these jointly administered and substantively consolidated bankruptcy cases of *In re Hashfast Technology, LLC*, case no. 14-30725 DM, and *In re Hashfast, LLC*, case no. 14-30866 DM, which are pending before the United States Bankruptcy Court for the Northern District of California, San Francisco Division pursuant to Chapter 11 of the Code.

14.    **Bankruptcy Court** shall mean the United States Bankruptcy Court for the Northern District of California, San Francisco Division, in which Debtors' Bankruptcy Cases are pending, and any Bankruptcy Court having jurisdiction to hear appeals or certiorari proceedings therefrom.

15.    **Bankruptcy Estate** shall mean the substantively consolidated estates in the Bankruptcy Cases, created pursuant to Section 541 of the Code, by the commencement of the Debtors' Bankruptcy Cases and shall include all property of the estates as defined in Section 541 of the Code.

16.    **Bar Date** shall mean October 6, 2014—the date fixed by Order of the Bankruptcy Court as the last date for the filing of Claims, other than Administrative Claims, in the Bankruptcy Cases.

17.    **Business Day** shall mean a day other than a Saturday or a Sunday or any other day on which the Bankruptcy Court is closed.

18.    **Cash** shall mean cash or cash equivalents, including but not limited to, checks, bank deposits, Bitcoin, or other similar items.

19.    **Causes of Action** shall mean any and all actions and causes of action (and the proceeds thereof) belonging to the Debtors, whether or not commenced as of the date hereof, including, but not limited to, all proceedings, commenced or to be commenced pursuant to Bankruptcy Code Sections 105, 502, and/or 544-554 (or equivalent provisions of applicable non-bankruptcy laws), as well as other state and federal causes of action, such as negligence, breach of fiduciary duty, errors, omissions, fraud, misleading statements, and neglect, among others

20.    **Claim** shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

21.     **Class** shall mean any class into which Claims or Interests are classified pursuant to the Plan.

22.     **Class "__" Claim** shall mean the specific Class into which Claims or Interests are classified pursuant to the Plan.

23.     **Chief Restructuring Officer** or **CRO** shall mean Peter Kravitz of Province, Inc.

24.     **Code** shall mean the United States Bankruptcy Code, 11 U.S.C. 101, *et seq.*, and any amendments thereof as in effect on the Confirmation Date.

25.     **Committee** shall mean the Official Committee of Unsecured Creditors appointed in the bankruptcy case styled *In re HashFast Technologies, LLC*, case no. 14-30725 DM.

26.     **Confirmation** shall mean the process leading to and including the entry of the Confirmation Order, pursuant to Section 1129 of the Code.

27.     **Confirmation Date** shall mean the date of entry of the Confirmation Order on the official docket by the Bankruptcy Court.

28.     **Confirmation Hearing** means the hearing before the Bankruptcy Court in connection with Confirmation of the Plan.

29.     **Confirmation Order** shall mean the Order entered by the Bankruptcy Court confirming the Plan in accordance with the provisions of the Code.

30.     **Creditor** shall have the same meaning as set forth in Section 101(10) of the Code.

31.     **Debt** shall have the same meaning as set forth in Section 101(12) of the Code.

32.     **Debtors** shall mean Hashfast Technologies, LLC and Hashfast, LLC, collectively.

33.     **Disclosure Statement** shall mean the disclosure statement approved for distribution by the Bankruptcy Court, pursuant to Section 1125 of the Code, together with any amendments or modifications thereto.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

34. **Disallowed Claim** shall mean a Claim which has been disallowed by a Final Order of the Bankruptcy Court.

35. **Disputed Claim** shall mean a Claim against either of the Debtors which is subject to a pending objection but has not been disallowed by a Final Order of the Bankruptcy Court.

36. **Disputed Unsecured Claim** shall mean any Unsecured Claim against either of the Debtors which is subject to a pending objection but has not been disallowed by a Final Order of eth Bankruptcy Court.

37. **Distribution** shall mean the distribution to the Holders of Allowed Claims in accordance with the terms of the Plan.

38. **Effective Date** shall mean a date not later than sixty (60) days after the Confirmation Date, provided that, in no event shall the Effective Date occur until all the preconditions to the occurrence of the Effective Date set forth in the Plan have been met or otherwise waived as provided herein. In the event that an appeal of the Confirmation Order is pending, the Effective Date may still be deemed to have occurred provided that all other conditions to effectiveness as set forth in the Plan have been met or otherwise waived as provided herein.

39. **Equity Interests** shall mean any and all issued or authorized membership interests in the Debtors.

40. **Equity Interest Holder** shall mean the holder of any Equity Interest.

41. **Equipment** shall mean all equipment owned by the Debtors.

42. **Estate** shall mean the substantively consolidated bankruptcy estates in the HFT Bankruptcy and HF Bankruptcy, jointly or individually, as applicable.

43. **Estate Assets** shall mean all the assets, property, and cash of the Debtors (excluding assets previously distributed, expended, or otherwise disposed of by the Debtors prior to the Confirmation Date not otherwise subject to recovery), wherever located or of whatever type or nature, existing as of the Confirmation Date, including without limitation, the Causes of Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725    Doc# 285    Filed: 01/22/15    Entered: 01/22/15 23:18:23    Page 8 of 28

44.    **Excess Cash** shall mean excess Cash received from the liquidation of assets by the Hashfast Creditors Trust after payment of Allowed Administrative Claims, Allowed Priority Claims, and administrative expenses of the Hashfast Creditor Trust, including a reserve of no greater than $50,000, which may, at the discretion of the Hashfast Trustee, be set aside to be distributed as an Unsecured Creditor Distribution as provided for in the Plan.

45.    **Final Order** shall mean an Order or judgment of the Bankruptcy Court, which is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceeding is pending or, in the discretion of the Hashfast Trustee, if a notice of appeal is filed timely and no stay pending appeal has been entered.

46.    **Hashfast Creditor Trust** shall mean a trust created under the Plan for the benefit of Holders of Allowed Claims in Class 1.

47.    **Hashfast Trust Agreement** shall mean that certain trust agreement pursuant to which the Hashfast Creditor Trust shall be created and governed.

48.    **Hashfast Trustee** shall mean Michael G. Kasolas or such other person as the Committee may designate prior to the Effective Date, who shall be appointed to serve as trustee under the Hashfast Trust Agreement and in accordance with the Plan.  The Committee shall provide notice to all parties in interest in the event an alternate trustee is selected.

49.    **HF** shall mean Hashfast, LLC, a Delaware limited liability company and debtor and debtor in possession in Case No. 14-30866 DM.

50.    **HF Bankruptcy** shall mean *In re Hashfast, LLC*, case no. 14-30866 DM, pending in the United States Bankruptcy Court for the Northern District of California.

51.    **HFT** shall mean Hashfast Technologies, LLC, a California limited liability company and debtor and debtor in possession in Case No. 14-30725 DM.

52.    **HFT Bankruptcy** shall mean *In re Hashfast Technologies, LLC*, case no. 14-30725 DM, pending in the United States Bankruptcy Court for the Northern District of California.

53.    **Holder** shall mean the legal or beneficial holder of a Claim or Interest and, when used in conjunction with a class or type of Claim or Interest, means a holder of a Claim or Interest in such Class or of such type.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725    Doc# 285    Filed: 01/22/15    Entered: 01/22/15 23:18:23    Page 9 of 28

54.     **Impaired Class** shall mean any Class whose members are Holders of Claims or Interests, which are impaired within the meaning of Section 1124 of the Code.

55.     **Insider** shall have the same meaning as set forth in Section 101(31) of the Code.

56.     **Katten** shall mean Katten Muchin Rosenman, LLP, general insolvency counsel for Hashfast Technologies, LLC, and Hashfast, LLC.

57.     **Lien** shall mean any mortgage, lien, charge, security interest, encumbrance, or other security device of any kind affecting any asset or property of the Debtors but only to the extent that such interest is recognized as valid by a court of competent jurisdiction if the validity or scope of such interest is challenged by the Committee, the Debtors, or any other party with standing to bring such a challenge.

58.     **Non-ordinary Course Administrative Claim** shall mean an Administrative Claim other than an Ordinary Course Administrative Claim.

59.     **Order** shall mean a determination, decree, adjudication, or judgment issued or entered by the Bankruptcy Court.

60.     **Ordinary Course Administrative Claim** shall mean an Administrative Claim incurred post-petition in the ordinary course of business of the Debtors; provided, however, that any due and unpaid post-petition payment with respect to rejected, or to be rejected, executory contracts or unexpired leases shall not be an Ordinary Course Administrative Claim.

61.     **Person** shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof.

62.     **Petition Date** shall mean May 9, 2014—the date on which the petitioning creditors commenced the involuntary bankruptcy case against Hashfast Technologies, LLC.

63.     **Plan** shall mean this Joint Chapter 11 Plan of Reorganization, as amended or modified in accordance with the terms hereof or in accordance with the Code.

64.     **Plan Payments** shall mean payments made by the Hashfast Creditor Trust pursuant to the terms of the Plan including the payment of Non-ordinary Course Administrative Claims.

65.     **Prepetition** shall mean the period of time preceding the Petition Date and concluding on the Petition Date.

66.     **Priority Claim** shall mean a Claim, other than an Administrative Claim, to the extent such Claim is entitled to priority in payment under Section 507 of the Code.

67.     **Priority Tax Claim** shall mean an unsecured Claim for taxes entitled to priority under Section 507(a)(8) of the Code.

68.     **Professional** shall mean: (i) any professional retained in the Bankruptcy Cases pursuant to an Order of the Bankruptcy Court in accordance with Sections 327 or 1103 of the Code; (ii) any attorney or accountant seeking compensation or reimbursement of expenses pursuant to Section 503(b) of the Code; and (iii) any entity whose fees and expenses are subject to approval by the Bankruptcy Court as reasonable, pursuant to Section 1129(a)(4) of the Code.

69.     **Property** shall have the same meaning as the term "property of the estate" delineated in Section 541 of the Code.

70.     **Pro Rata** shall mean with respect to an Allowed Claim in a given class, that each Allowed Claim shall receive the same proportionate distribution as other Allowed Claims in the same Class.

71.     **Representative** shall mean with respect to a particular person, its Affiliates, and any director, officer, member, equity holder, owner, manager, employee, agent, consultant, advisor, or other representative of that person or its Affiliates, including, but not limited to, legal counsel, accountants and financial advisors.

72.     **Rule** or **Rules** shall mean the Federal Rules of Bankruptcy Procedure. as supplemented by the Local Bankruptcy Rules as adopted by the Bankruptcy Court.

73.     **Secured Claim** shall mean a Claim secured by a Lien which is perfected and enforceable under applicable law, and which is not subject to avoidance under the Code or other applicable non-bankruptcy laws. A Secured Claim which is challenged by the Debtors shall only be an Allowed Secured Claim to the extent that such Claim is deemed to be an Allowed Secured Claim in the Plan or the underlying Security Interest is recognized as valid by the Bankruptcy

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Court and the difference in amount between such Creditor's Allowed Claim and its Allowed Secured Claim shall be an Allowed Unsecured Claim.

74.     **Unclaimed Property** shall mean any Cash or any other Property of the Debtors and/or the Hashfast Creditor Trust unclaimed for a period of six (6) months after any Distribution.

75.     **Unimpaired Class** shall mean any Class the members of which are the Holders of Claims or Interests, which are not impaired within the meaning of Section 1124 of the Code.

76.     **Unsecured Claim** shall mean a Claim that arose or is deemed to have arisen prior to the Petition Date and is not a Secured Claim, Administrative Claim or Priority Claim.

77.     **Unsecured Creditor** shall mean a Creditor holding an Allowed Unsecured Claim.

78.     **Unsecured Creditor Distribution** shall mean the distributions to Holders of Allowed Unsecured Claims as provided for in the Plan.

79.     **United States Trustee** shall have the same meaning ascribed to it in 28 U.S.C. § 581, *et seq.* and, as used in the Plan, refers to the office of the United States Trustee for Region 17 located in the Northern District of California, San Francisco, California.

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**PLAN OF LIQUIDATION**

**I.**    **CLASSIFICATION OF CLAIMS AND INTERESTS**

All Claims and Interests treated under Articles III-VI of the Plan are divided into the following classes, which shall be mutually exclusive:

Class 1 — General Unsecured Claims

Class 1 consists of the Allowed Unsecured Claims against the Debtors.

Class 2 – Equity Interests

Class 2 consists of the Allowed Equity Interests in the Debtors.

**II.**    **TREATMENT OF ADMINISTRATIVE AND PRIORITY CLAIMS**

     A.    Non-ordinary Course Administrative Claims

Any Person, including any Professional who has rendered services to Debtors or the Committee during the course of the Bankruptcy Cases and/or that asserts an Administrative Claim arising before the Confirmation Date, including Claims under Section 503(b) of the Code, but excluding Ordinary Course Administrative Claims as discussed below, shall, on or before the Administrative Claims Bar Date or other date as set by Bankruptcy Court Order, file an application, motion, or request, as called for by the Rules, with the Bankruptcy Court for allowance of such Claim as an Administrative Claim, specifying the amount of and basis for such Claim; *provided, however,* that applicants or movants who have previously filed applications, motions, or requests with the Bankruptcy Court need not file another such paper for the same Claim. Failure to file a timely application, motion, or request for allowance pursuant to this section by any Holder of a Non-ordinary Course Administrative Claim, other than such a Holder, if any, engaged or employed by the Hashfast Creditor Trust, shall bar such a claimant from seeking recovery on such Claim.

     B.    Administrative Claims

Holders of all Allowed Administrative Claims against the Debtors shall be paid in full on the Effective Date from available Cash on hand unless the Holders of Allowed Administrative Claims agree to alternate treatment.

- 1 -

C. Priority Claims

The Debtors are not aware of any bona fide Priority Claims. To the extent any Allowed Priority Claims do exist, such Claims will be paid (in accordance with their priority under Section 507 of the Code) on the Effective Date from available Cash on hand after payment in full of the Allowed Administrative Claims unless the Holders of Allowed Priority Claims agree to alternate treatment under the Plan.

III. **TREATMENT OF UNIMPAIRED CLASSES**

There are no unimpaired classes under the Plan.

IV. **TREATMENT OF IMPAIRED CLASSES OF CLAIMS**

A. Determination of Allowed Amounts

Treatment prescribed for Claims and Interests in the following sections shall in all events refer exclusively to the Allowed Amount of each respective Claim. In the event the Allowed Amount of any Claim is not determined by agreement or otherwise prior to the Effective Date, then the treatment prescribed shall be deemed effective as of the date of the determination of such Claim by agreement or Final Order or as otherwise provided under the Plan. Notwithstanding Confirmation of the Plan, except as may otherwise be provided by Order of the Bankruptcy Court, the Hashfast Creditor Trust reserves (a) the right to object to any Claim for any reason authorized by applicable bankruptcy and/or non-bankruptcy law as well as (b) the right to assert that any Claim includes amounts subject to equitable subordination or other equitable relief.

B. Class 1 – General Unsecured Claims

Class 1 consists of all Allowed Unsecured Claims against the Debtors.

The Holders of Allowed Class 1 Claims shall be entitled to receive their Pro Rata share of any and all Unsecured Creditor Distributions of Excess Cash made by the Hashfast Creditor Trust after payment in full of: (i) all Allowed Administrative Claims; (ii) all Allowed Priority Claims; and (iii) all administrative expenses of the Hashfast Creditor Trust. Unsecured Creditor Distributions shall be made at the sole discretion of the Hashfast Trustee; provided, however, the Hashfast Trustee shall make Unsecured Creditor Distributions anytime the Excess Cash reaches an amount greater than $100,000. Moreover, absent approval by the Bankruptcy Court, the

- 2 -

Case: 14-30725   Doc# 285   Filed: 01/22/15   Entered: 01/22/15 23:18:23   Page 14 of 28
605722316.4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Hashfast Trustee shall make a final Unsecured Creditor Distribution of the existing Excess Cash no later than the five (5) year anniversary of the Effective Date.

The Class 1 Claims are impaired and entitled to vote to accept or reject the Plan.

## V. TREATMENT OF CLASSES OF INTERESTS

A. Class 2 – Equity Interests

Class 2 consists of the Allowed Equity Interests of Hashfast, LLC and Hashfast Technologies, LLC. The Class 2 Equity Interests are impaired.

On the Effective Date all of the authorized, issued and outstanding Equity Interests in Hashfast and Hashfast Technologies shall be cancelled and extinguished. Moreover, the Holders of the Equity Interests shall receive no Distribution under the Plan, and are deemed to reject the Plan.

## VI. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

To the extent the Debtors assume any executory contract or unexpired lease prior to the Confirmation Date, any party asserting a Claim, pursuant to Section 365 of the Code, arising from the rejection of an executory contract or lease shall file a proof of such Claim within thirty (30) days after the entry of an Order rejecting such contract or lease, and any Allowed Claim resulting from rejection shall be a Class 1 Claim. The Debtors shall have through and including the hearing on Confirmation within which to assume or reject any unexpired lease or executory contract; and, further, that in the event any such unexpired lease or executory contract is not assumed (or subject to a pending motion to assume) by such date, then such unexpired lease or executory contract shall be deemed rejected as of the Confirmation Date.

## VII. MEANS OF IMPLEMENTATION

A. Means of Implementation

Prior to the Effective Date, the Debtors will continue to sell assets and inventory in the ordinary course of business (or outside the ordinary course with approval of the Bankruptcy Court). On the Effective Date, after payment of all Allowed Administrative Claims and Allowed Priority Claims, as required, remaining Cash on hand, if any, and all other assets, including the Causes of Action will be transferred to the Hashfast Creditor Trust free and clear of all liens,

- 3 -

claims and encumbrances except as specifically provided in the Plan. The Hashfast Trustee will liquidate the assets transferred to the Hashfast Creditor Trust as soon as practicable. As assets are liquidated, the Hashfast Trustee shall pay any remaining Allowed Administrative Claims and/or Allowed Priority Claims as provided in the Plan along with administrative expenses of the Hashfast Creditor Trust, including reasonable compensation of the Hashfast Trustee not to exceed $50,000 annually without separate application and approval from the Bankruptcy Court. Any excess funds received after payment of Allowed Administrative Claims, Allowed Priority Claims, and administrative expenses of the Hashfast Creditor Trust, including a reserve no greater than $50,000 at the discretion of the Hashfast Trustee, shall be set aside as Excess Cash annually which shall be distributed as an Unsecured Creditor Distribution as provided for in the Plan.

B.     Dissolution of the Debtors

As soon as practicable after the Effective Date, the Debtors shall be dissolved. The process of dissolving the Debtors will be overseen by the Hashfast Trustee and all costs associated with dissolving the Debtors shall be charged as an administrative cost to the Hashfast Creditor Trust.

C.     Causes of Action

All Causes of Action, including any right, claim or cause of action, belonging to the Debtors or their estates against any Person or Entity, including without limitation, any claim to avoid a transfer under Section 544, 547, 548, 549 or 553(b) of the Code, and/or other state and federal causes of action, such as negligence, breach of fiduciary duty, errors, omissions, fraud, misleading statements, and neglect, among others, shall be transferred to the Hashfast Creditor Trust and all expenses associated with prosecuting the Causes of Action and any objections to Claims will be charged as administrative costs to the Hashfast Creditor Trust. The Hashfast Creditor Trust, in its reasonable discretion, shall pursue, settle or release all such rights of action, as appropriate, in accordance with the best interest of and for the benefit of the Holders of unpaid Allowed Claims. As present, the Committee lacks adequate access to pertinent documents and/or information to fully evaluate all potential Causes of Action; accordingly, such Causes of Action are not described herein in further detail. The Committee expressly reserves the right to identify

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

further Causes of Action and/or further identify or describe those Causes of Action reference herein, and shall do so at least ten (10) days before the Effective Date.

####    D.    Selection of Hashfast Trustee

The Committee has selected Michael G. Kasolas as the trustee for the Hashfast Creditor Trust. The Committee reserves the right to select an alternate Hashfast Trustee. In the event an alternate trustee is selected, the Committee shall notify all interested parties of the selection as soon as practicable but no later than ten (10) days prior to the Effective Date. The Hashfast Trustee shall continue to serve until he/she resigns or is removed for cause by order of the Bankruptcy Court. In the event the Hashfast Trustee resigns or is removed for cause, the Bankruptcy Court will select a replacement Hashfast Trustee from nominations made by Holders of unpaid Allowed Claims.

####    E.    Dissolution of Committee

Upon the occurrence of the Effective Date, the Committee shall be dissolved, and each individual member and any retained Professional shall be discharged from any further activities in the Bankruptcy Cases. The professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for services rendered or expenses incurred after the Effective Date, except for reasonable fees for (i) services rendered, and actual and necessary expenses incurred, in connection with any applications for allowance of compensation and reimbursement of expenses pending on the Effective Date or filed and served after the Effective Date as provided for in this Plan.

####    F.    Professional Fees and Expenses

Notwithstanding the 120-day limitation of section 331, each Professional retained or requesting a compensation in the Bankruptcy Cases, pursuant to sections 327, 328, 330, 331 and/or 503(b) of the Code, in connection with fees incurred prior to the Effective Date shall file an application for allowance of final compensation and reimbursement of expenses in the Bankruptcy Cases on or before the thirtieth (30th) day after the Effective Date. Objections, if any, to such applications may be filed on or before the forty-fifth (45th) day after Effective Date.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725    Doc# 285    Filed: 01/22/15    Entered: 01/22/15 23:18:23    Page 17 of 28

G.     Funds Generated During Bankruptcy Cases

Funds generated up to and including the Effective Date will be distributed in accordance with the priorities set forth in the Code and this Plan.

H.     Additional Provisions

1.     *Procedures for Resolving and Treatment of Disputed Claims*

a.     *Prosecution of Objections to Claims*

Unless otherwise ordered by the Bankruptcy Court, after the Effective Date and after notice and a hearing, and except as otherwise provided in the Plan, the Hashfast Creditor Trust shall have the exclusive right to make and file objections to all Claims.  The costs and expenses associated with the filing and prosecution of Objections to Claims shall be borne as an administrative expense by the Hashfast Creditor Trust.

Pursuant to the Plan, unless another time is set by order of the Bankruptcy Court, all objections to Claims and Equity Interests shall be filed with the Bankruptcy Court and served upon the Holders of each of the Claims and Equity Interests to which objections are made within 90 days after the Effective Date.

Except as may be specifically set forth in the Plan, nothing in the Plan, the Disclosure Statement, the Confirmation Order or any Order in aid of Confirmation shall constitute, or be deemed to constitute, a waiver or release of any Claim, Cause of Action, right of setoff, or other legal or equitable defense that the Debtors had immediately prior to the commencement of the Bankruptcy Case, against or with respect to any Claim or Equity Interest. Except as set forth in the Plan, upon Confirmation, the Hashfast Creditor Trust shall have, retain, reserve and be entitled to assert all such Claims, Causes of Action, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the commencement of the Bankruptcy Cases as if the Bankruptcy Cases had not been commenced.

b.     *Estimation of Claims*

Pursuant to the Plan, the Committee (or Hashfast Creditor Trust following the Effective Date) may, at any time, request that the Bankruptcy Court estimate any contingent, disputed, or unliquidated Claim, pursuant to Section 502(c) of the Code, regardless of whether the Committee

(or Hashfast Creditor Trust following the Effective Date) have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any contingent, disputed, or unliquidated Claim, that estimated amount will constitute either the Allowed Amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Committee (or Hashfast Creditor Trust following the Effective Date) may elect to pursue any supplemental proceedings to object to any ultimate payment on such Claim.

c. *Cumulative Remedies*

In accordance with the Plan, all of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court. Until such time as an Administrative Claim, Claim, or Equity Interest becomes or is otherwise deemed in this Plan to be an Allowed Claim, such Claim shall be treated as a Disputed Administrative Claim, Disputed Claim, or Disputed Equity Interest for purposes related to allocations, Distributions, and voting under the Plan.

d. *Disallowance of Certain Claims and Interests*

According to the Plan, all Claims held by Persons against whom the Debtors, the Committee or the Hashfast Creditor Trust has obtained a Final Order establishing liability for a cause of action under Sections 542, 543, 522(f), 522(h), 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code shall be deemed disallowed, pursuant to Section 502(d) of the Bankruptcy Code, and Holders of such Claims may not vote to accept or reject the Plan. Both consequences to be in effect until such time as such causes of action against that Person have been settled or resolved by a Final Order and all sums due the Debtors by that Person are turned over to the Hashfast Creditor Trust.

e. *Distributions on Disputed Claims*

- 7 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

605722316.4

Distributions with respect to and on account of Claims to which objections have been filed will be made as soon as practicable after an order, judgment, decree or settlement agreement with respect to such Claim becomes a Final Order provided that the applicable Creditor shall not receive interest on its Allowed Claim, despite anything contained herein to the contrary, from the date the objection is filed and served to the date of allowance of such Claim.

f.      *Disputed Claim Reserves*

After the Effective Date, the HashFast Trustee shall establish and maintain reserves for all Disputed Class 1 Unsecured Claims. For purposes of establishing a reserve, Cash will be set aside equal to the amount that would have been distributed to the holders of Disputed Claims in such Class(es) had their Disputed Claims been deemed Allowed Claims on the Effective Date or such other amount as may be approved by the Bankruptcy Court upon motion of the Hashfast Creditor Trust. If, when, and to the extent any such Disputed Claim becomes an Allowed Claim by Final Order, the relevant portion of the Cash held in reserve therefore shall be distributed by the Hashfast Trustee to the Creditor. The balance of such Cash, if any remaining after all Disputed Claims have been resolved, shall be distributed Pro Rata to all holders of Allowed Claims entitled to receive distributions from the Hashfast Creditor Trust in accordance with the Plan.

## VIII.    MISCELLANEOUS PROVISIONS

A.      Effects of Confirmation

1.      *Amendments to the Plan*

The Committee reserves all rights to amend, alter, or withdraw this Plan before conclusion of the Confirmation Hearing and to amend, modify, or alter this Plan after the Confirmation Date, in accordance with the applicable provisions of the Code.

2.      *Authority to Effectuate the Plan*

Upon the entry of the Confirmation Order by the Bankruptcy Court, all matters provided under the Plan will be deemed to be authorized and approved without further approval from the Bankruptcy Court. The Hashfast Creditor Trust shall be authorized, without further application to or Order of the Bankruptcy Court to take whatever action is necessary to achieve consummation and carry out the Plan in accordance with this Plan and the Code.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

### 3. _Post-Confirmation Status Report_

Within 120 days of the entry of the Confirmation Order, the Hashfast Creditor Trust will file status reports with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan. The status report will be served on the United States Trustee and those parties who have requested special notice post-confirmation. The Bankruptcy Court may schedule subsequent status conferences in its discretion.

### 4. _Retention of Professionals_

After the Effective Date, the Hashfast Creditor Trust may retain professionals on such terms as the Hashfast Trustee deems reasonable without Bankruptcy Court approval. Persons who served as professionals to the Committee prior to the Effective Date may also serve as professionals to the Hashfast Creditor Trust after the Effective Date.

### 5. _United States Trustee Fees_

On the Effective Date and thereafter until entry of a Final Decree, the Hashfast Creditor Trust shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code ("U.S. Trustee Fees").

### 6. _Governing Law_

Except to the extent that the Code or other federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of California, without giving effect to the principles of conflicts of laws thereof.

### 7. _Binding Effect of the Plan_

Pursuant to 11 U.S.C. 1141, the Plan shall be binding upon the Debtors, the Holders of Claims, Equity Interest Holders, Interests in the Debtors, all creditors and all other parties in interest, and their respective successors and assigns.

### 8. _Successors and Assigns_

The rights, benefits, and obligations of any entity named or referred to in the Plan will be binding on, and will inure to the benefit of, the heirs, executors, administrators, successors, and assigns of each entity.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725   Doc# 285   Filed: 01/22/15   Entered: 01/22/15 23:18:23   Page 21 of 28

9.    *Inconsistencies*

To the extent the Plan is inconsistent with the Disclosure Statement or other Plan Documents, the provisions of the Plan shall be controlling.  To the extent the Plan is inconsistent with the Confirmation Order, the provisions of the Confirmation Order shall be controlling.

10.    *Rules of Construction*

For the purpose of this Plan, unless otherwise provided in this Plan, (i) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (ii) each pronoun stated in the masculine, feminine or neuter shall include the masculine, feminine and neuter; (iii) any reference in this Plan to an existing document, exhibit or schedule filed or to be filed means such document, exhibit or schedule as it may have been or may be amended, modified or supplemented pursuant to this Plan; (iv) any reference to a person or entity as a holder of a Claim or Interest includes that person or entity's successors and assigns; (v) except as otherwise stated herein, all references in this Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to this Plan; (vi) the words "herein," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (vii) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release, indenture, agreement, or other document being in a particular form or on particular terms and conditions means that such document shall be substantially and materially in such form or substantially and materially on such terms and conditions or as amended or as modified; and (viii) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply to the extent such rules are not inconsistent with the express terms of this Plan or any other provision in this Section.

11.    *Rules of Interpretation*

1.    Except as otherwise provided in the Plan, Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.

2.    Any term used in the Plan that is not a defined term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable.

- 10 -

3.      Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

B.      Conditions to Effectiveness of Plan

The Effective Date shall not occur until all of the following conditions have been satisfied:

1.      The Confirmation Order in form and substance reasonably satisfactory to the Committee shall have been entered by the Bankruptcy Court and shall have become a final, non-appealable order, and not subject to any stay; provided, however, that, if an appeal of the Confirmation Order is filed but no stay is granted in connection with the appeal, the Committee may permit the Effective Date to occur notwithstanding the pendency of the appeal.

2.      Inclusion in the Confirmation Order of an injunctive provision staying, restraining, and enjoining all Persons, except as set forth in Article V, from commencing, enforcing, perfecting, or setting off any Claim, judgment, or Interest against the Debtors, or any property thereof, or against the Hashfast Creditor Trust for the purposes of, directly or indirectly, collecting, recovering, or receiving payment of, on, or with respect to, any Claim or Equity Interest; provided, that such injunctive provision shall not prevent any governmental unit from enforcing such governmental unit's police or regulatory power.

3.      Execution of the Hashfast Creditor Trust Agreement in a form acceptable to the Committee.

4.      All ancillary documents necessary to implement and confirm the Plan have been approved by the Committee and affected or executed by the parties, unless the Committee has waived this requirement in writing.

5.      Upon the satisfaction or waiver of each of the foregoing conditions, the Committee shall so notify the Bankruptcy Court, and upon the filing of such notice the Plan shall become effective without further Order of the Bankruptcy Court provided that all of the conditions to effectiveness of the Plan set forth herein, including those set forth below, have been met or waived.

- 11 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

C.     Retention of Jurisdiction

After the Effective Date, the Hashfast Creditor Trust will be free to perform all functions assigned to it under the Plan without approval of the Bankruptcy Court, except as specifically set forth herein. However, the Bankruptcy Court will continue to retain jurisdiction in these Bankruptcy Cases with respect to the following matters:

1.     All objections to the allowance of Claims and Interests and the compromise of Claims;

2.     All applications for allowance of compensation and reimbursement of out-of-pocket expenses of professionals retained in the Debtors' Bankruptcy Cases by Order of the Bankruptcy Court to the extent that such compensation and out-of-pocket expenses relate to services performed before the Confirmation Date; *provided, however,* that fees of professionals for services rendered after the Effective Date may be paid by the Hashfast Creditor Trust in the ordinary course of business without a Bankruptcy Court Order;

3.     Any adversary proceedings or contested matters brought by the Committee or the Hashfast Creditor Trust, including but not limited to the Causes of Action;

4.     All controversies and disputes arising under or in connection with the Plan;

5.     The enforcement and interpretation of the provisions of the Plan;

6.     The issuance of such orders in aid of execution and consummation of the Plan as may be necessary and appropriate;

7.     The removal of the Hashfast Trustee and the election of any successor Hashfast Trustee;

8.     Any motion to modify the Plan in accordance with Section 1127 of the Code, or to correct any defect, cure any omission, or reconcile any inconsistency in the Plan, Disclosure Statement, or any Confirmation Order as may be necessary to carry out the purposes of the Plan;

9.     All objections to the allowance of any all Claims arising from the rejection of any executory contract or lease;

10.    Such other matters as may be provided for in the Code or the Plan;

605722316.4

PLAN OF LIQUIDATION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11. The protection of property of the estate from adverse claims or interference inconsistent with the Plan; and

12. Ensuring that Distributions are accomplished, as provided herein, and resolving any dispute concerning the right of any Person to a Distribution hereunder, under applicable law, or under a contract or agreement.

D. Headings

Article, section, and paragraph headings used herein are for convenience only and shall not affect the interpretation or construction of any provision of this Plan.

E. Regulatory Approval

It will not be necessary for the Debtors to await any required regulatory approvals from agencies or departments of the United States to consummate the Plan. The Plan will be implemented pursuant to its provisions and the provisions of the Code.

F. Notices

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally, by facsimile transmission, or mailed by United States mail to the following:

**To Debtors:**

Peter Kravitz, CRO
Hashfast, LLC and Hashfast Technologies, LLC:
29209 Canwood St., Suite 210
Agoura Hills, CA 91301

With copies to:

Peter Siddiqui, Esquire
Katten Muchin Rosenman, LLP
525 W. Monroe St.
Chicago, IL 60661-3693
Email: peter.siddiqui@kattenlaw.com
Fax: (312) 902-1061

**Official Committee of Unsecured Creditors of Hashfast Technologies, LLC**

Ashley McDow, Esq.
Baker & Hostetler LLP
11601 Wilshire Blvd., 14th Fl.
Los Angeles, CA 90025-0509

Email: amcdow@bakerlaw.com
Fax: (310) 820-8859

### G. Manner of Payment

Any payment of Cash made under this Plan may be made either by check drawn on an account of the Hashfast Creditor Trust, by wire transfer, by automated clearing house transfer from a domestic bank, or transfer of Bitcoin from a Bitcoin wallet belonging to the Hashfast Creditor Trust, at the option of the Hashfast Creditor Trust.

### H. Compliance with Tax Requirements

In connection with this Plan, to the extent applicable, the Hashfast Creditor Trust in making distributions under this Plan shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit and all Distributions, pursuant to this Plan, shall be subject to such withholding and reporting requirements. The Hashfast Creditor Trust may withhold the entire Distribution due to any Holder of an Allowed Claim until such time as such Holder provides to the Hashfast Creditor Trust, the necessary information to comply with any withholding requirements of any governmental unit. Any property so withheld will then be paid by the Hashfast Creditor Trust to the appropriate authority. If the Holder of an Allowed Claim fails to provide to the Hashfast Creditor Trust the information necessary to comply with any withholding requirements of any governmental unit within six (6) months after the date of first notification by the Hashfast Creditor Trust to the Holder of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then the Holder's distribution shall be treated as an undeliverable distribution in accordance with the below. The payment of all taxes on all Distributions shall be the sole responsibility of the distributee.

### I. Transmittal of Distributions

All Distributions by check shall be deemed made at the time such check is duly deposited in the United States mail, postage prepaid. All Distributions by wire transfer shall be deemed made as of the date the Federal Reserve or other wire transfer is made. Except as otherwise agreed with the Holder of an Allowed Claim or as provided in this Plan, any property to be distributed on account of an Allowed Claim shall be distributed by mail upon compliance by the

- 14 -

Holder with the provisions of this Plan to: (i) its address set forth in its Proof of Claim; (ii) the latest mailing address filed for the Holder of an Allowed Claim entitled to a Distribution; (iii) the latest mailing address filed for a Holder of a filed power of attorney designated by the Holder of such Allowed Claim to receive Distributions; (iv) the latest mailing address filed for the Holder's transferee as identified in a filed notice served on the Hashfast Creditor Trust pursuant to Bankruptcy Rule 3001(e); or (iv) if no such mailing address has been filed, the mailing address reflected on the Schedules not defined or in the Debtors' books and records.

   J.  <u>Distribution of Unclaimed Property</u>

   Except as otherwise provided in this Plan, any Unclaimed Property distributed under this Plan, shall be forfeited and such Distribution together with all interest earned thereon shall become an asset of the Hashfast Creditor Trust.

   K.  <u>Fractional Cents; Multiple Distributions</u>

   Notwithstanding any other provisions of this Plan to the contrary, no payment of fractional cents will be made under this Plan. Cash will be issued to Holders entitled to receive a Distribution of Cash in whole cents (rounded to the nearest whole cent). To the extent that Cash remains undistributed as a result of rounding of such fractions, such Cash shall be treated as Unclaimed Property under the Plan.

   L.  <u>Saturday, Sunday or Legal Holiday</u>

   If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

   M.  <u>Tax Treatment</u>

    *1.*  *<u>Section 1146 Exemption</u>*

   Pursuant to Section 1146(a) of the Code, the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by, the Plan or the re-vesting, transfer or sale of any real or personal property of the Debtors or subsequent transfer of the HashFast Creditor Trust pursuant

- 15 -

to, in implementation of, or as contemplated by, the Plan shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

### 2. *Determination of Taxes*

The Committee and the Hashfast Creditor Trust are authorized to request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for any and all tax returns filed for, or on behalf of, the Debtors for any and all taxable period (or portions thereof) through the Effective Date.

### N. Severability

If any term or provision of the Plan is held by the Bankruptcy Court prior to or at the time of Confirmation to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as so altered or interpreted. In the event of any such holding, alteration, or interpretation, the remainder of the term and provisions of the Plan may, at the Committee's option remain in full force and effect and not be deemed affected. However, the Committee reserves the right not to proceed to Confirmation or consummation of the Plan if any such ruling occurs. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

Dated:     January 22, 2015          Respectfully submitted,

BAKER & HOSTETLER LLP

By:
Ashley M. McDow
Michael T. Delaney

Attorneys for OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

- 16 -