

**Signed and Filed: January 25, 2015**

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                        )
                                             ) Bankruptcy Case
HASHFAST TECHNOLOGIES LLC,                   ) No. 14-30725DM
                                             )
                      Debtor(s)              ) Chapter 11
_____)

### ORDER ESTABLISHING PROCEDURES FOR DISCLOSURE STATEMENT HEARING AND CONFIRMATION HEARING

Unless otherwise ordered, the plan proponent shall comply with the following procedures.  Section A governs all disclosure statements, regardless of form.  For most cases involving individuals or small businesses (as defined in 11 U.S.C. § 101(51C) and (51D)) ("Small Business"), Section B of this order provides abbreviated procedures for hearings in which the plan proponent seeks tentative approval of a disclosure statement and has utilized either the court's Standard-Form Combined Plan and Disclosure Statement (in individual and certain business cases) (the "NDBC Plan/DS") or the national form of a small business plan and disclosure statement (Official Form Nos. 25A and 25B)(in either case, the "Form DS/Plan").  The NDBC Plan/DS and its Instructions, as well as the national forms, are available on the court's website (www.canb.uscourts.gov).

Section C sets forth procedures for hearings in more complex chapter 11 cases in which the plan proponent is seeking final approval of a separate disclosure statement in accordance with Fed. R. Bankr. P. 3017. (Such plans and disclosure statements are referred to as a "Traditional DS" or a "Traditional Plan.")

## I. **DISCLOSURE STATEMENT**

A. GENERAL PROCEDURES FOR ALL DISCLOSURE STATEMENT HEARINGS

    1. Upon filing a Traditional DS and a Traditional Plan or a Form DS/Plan, the filer must forward to the court at the same time a hard-copy version marked "Judge's Copy." The face of the document should reflect the date and time of any scheduled hearing for approval of the Traditional DS or for tentative approval of the Form DS/Plan.

    2. Disclosure statement hearings should not be scheduled on the court's regular law and motion calendar. To schedule a hearing for approval of a Traditional DS, or for tentative approval of a Form DS, the proponent should contact Ms. Lorena Parada at 415-268-2323 or Lorena_Parada@canb.uscourts.gov. A court order is not necessary for scheduling a disclosure statement hearing, notwithstanding Official Form No. 12.

    3. **Three (3) business days prior to the hearing (and any continued hearing), the plan proponent shall advise the law clerk by e-mail (Peggy_Brister@canb.uscourts.gov) whether the proponent intends to go forward with the hearing. Failure to make this 3-day notification may result in a continuance of the hearing, or a delay in obtaining court review and approval.**

B.  PROCEDURES FOR HEARINGS ON FOR TENTATIVE APPROVAL OF DISCLOSURE STATEMENT

   1.  Unless otherwise ordered by the court: (a) individual debtors seeking tentative approval of a disclosure statement must utilize the NDBC Plan/DS and follow the Instructions posted on the court's website; and (b) Small Business debtors seeking tentative approval of a disclosure statement under Fed. R. Bankr. P. 3017.1 must use the Official Form 25A, revised December 2011 and Official Form 25B, revised December 2008.  The court may permit some businesses to utilize the NDBC Plan/DS (with modifications).

   2.  The plan proponent may set a hearing for tentative approval of the Form DS/Plan on at least 14 days' notice (filed electronically) and mailed to all non-ECF parties who have appeared in the case and who have requested special notice.  Notice need not be served on all creditors.  The Form DS/Plan should be filed before or at the same time the notice of hearing is filed.

   3.  After a hearing at which the court tentatively approves the Form Plan/DS, the plan proponent should upload a form of order that is consistent with the Order Tentatively Approving Disclosures in Combined Plan and Disclosure Statement, Fixing Time for Submitting Ballots and Filing Objections to Confirmation of Plan and/or to Final Approval of Disclosure Statement and Setting Hearing (available in Judge Montali's forms on the court's website).

C.  PROCEDURES FOR TRADITIONAL DS HEARINGS

   1.  In cases where a proponent is seeking a final approval of a Traditional DS as adequate under 11 U.S.C. § 1125, the proponent

shall provide notice of the hearing to the debtor, creditors, equity security holders, United States Trustee, Securities and Exchange Commission and other parties in interest as provided in Fed. R. Bankr. P. 3017(a) and B.L.R. 3017-1.  The notice shall contain the information required by Official Form No. 12 and shall state that the deadline for the filing of objections is seven days prior to the hearing.  The Traditional Plan and the Traditional DS shall be served, with the notice, only on the United States Trustee and the persons mentioned in the second sentence of Fed. R. Bankr. P. 3017(a).  Proof of service of the foregoing documents must be filed at least three (3) business days prior to the hearing.

    2.  The plan proponent may establish that the disclosure statement meets the applicable requirements of 11 U.S.C. §§ 1125(a) and (b) by offer of proof, declaration or, if the court so permits or requires, live testimony.  **In all cases, the debtor and a competent witness must be present.**  Briefs are not required.

    3.  At the conclusion of the disclosure statement hearing, counsel for the plan proponent shall be prepared to advise the court of the amount of court time the confirmation hearing will require.  If a contested confirmation hearing is anticipated, the court will set an evidentiary hearing and will establish procedures for the filing of briefs, exchange and marking of exhibits, disclosure of witnesses and discovery.

    4.  A proponent seeking a continuance of a disclosure statement hearing should appear at the scheduled hearing to make that request, as the hearing will have been noticed out to all

creditors.  For that reason, the court will not grant advance telephonic requests for continuances.  Nonetheless, if a proponent does not anticipate seeking court approval of the disclosure statement at the hearing, the proponent should notify the court as soon as possible.

    5.  The court will not approve a disclosure statement for a plan which, on its face, does not conform to the requirements of the Bankruptcy Code.  Accordingly, counsel for the plan proponent who attends the hearing must be familiar with the disclosure statement, the plan, the debtor and chapter 11 of the Bankruptcy Code.  In particular, plans should not classify expenses of administration (11 U.S.C. § 503(b)) or unsecured priority tax claims (11 U.S.C. § 507(a)(8)) as those claims are to remain unclassified and are to be treated under 11 U.S.C. § 1129(a)(9)(A) and (C).  Further, real property tax claims should normally be classified as senior secured claims.  Disclosure statements should contain correct statements of the voting requirements of 11 U.S.C. § 1126(c) with respect to impaired classes of claims and interests.  If the plan proponent desires to include a discussion of the operation of 11 U.S.C. § 1129(b) as to non-accepting impaired classes of claims, the court expects such a discussion to be accurate, concise and clear.

    6.  Upon approval of the Traditional DS, the plan proponent shall submit to the court a proposed Order Approving Disclosure Statement and Fixing Time conforming to Official Form No. 13, with any modifications required by the court.

## II. CONFIRMATION HEARING[*]

1. The plan proponent should comply with Fed. R. Bankr. P. 9020 and B.L.R. 9020-1.

2. All ballots must be filed at least three (3) business days prior to the confirmation hearing.

3. A ballot tabulation showing the percentages of acceptances and rejections for each impaired class, in number and dollar amount, must be filed at least three (3) business days prior to the confirmation hearing. The tabulation should demonstrate, by number of ballots submitted and by amounts of claims represented, how the requisite majorities (see 11 U.S.C. § 1126(c)) have been calculated, and should also identify any unimpaired classes and state the reason that each such class is unimpaired under 11 U.S.C. § 1124. A copy of the ballot tabulation should be served on the United States Trustee, counsel for the Official Creditors' Committee, or if no such committee has been appointed, the creditors included on the list filed pursuant to Fed. R. Bankr. P. 1007(b), and any parties objecting to confirmation.

4. Proof of service of the Traditional Plan and Traditional DS, or the Form Plan/DS, official ballot, and Order Approving or Tentatively Approving Disclosure Statement must be filed at least three (3) business days prior to the confirmation hearing.

5. **Three (3) business days prior to the hearing (and any continued hearing), the plan proponent shall advise the law clerk**

---

[*]The hearing will also be for final approval of the Form DS/Plan when the court has previously tentatively approved it.

Judge Montali Plan & Disclosure
Statement Order - July 2012    -6-

**by e-mail (Peggy_Brister@canb.uscourts.gov) whether the proponent intends to go forward with the hearing.**

6. <u>**Uncontested Hearings.**</u> If the plan has been accepted by the requisite majorities and no objections to confirmation have been filed, the plan proponent may establish that the plan meets the applicable requirements of chapter 11 by offer of proof, declaration or, if the court so permits or requires, live testimony. **In all cases, a competent witness must be present.** Unless covered by the proponent's presentation and confirmation brief, the proponent can expect the court to inquire, <u>inter</u> <u>alia</u>, as to the ability of the plan proponent to meet any Effective Date funding requirements, the status of any unpaid trade debt, taxes or other obligations which arose after the filing of the petition (see 11 U.S.C. § 1129(a)(9)(A)), the continued accuracy of any projections or liquidation analyses previously included in the disclosure statement, and how those factors bear upon the feasibility of the plan under 11 U.S.C. § 1129(a)(11) and the chapter 7 equivalency requirements of 11 U.S.C. § 1129(a)(7). Confirmation briefs are not required, but may be filed at least three (3) days before the hearing (with copies served on the United States Trustee, counsel for the Official Creditors' Committee, or if no such committee has been appointed, the creditors included on the list filed pursuant to Fed. R. Bankr. P. 1007(b), and any parties objecting to confirmation, with a hard-copy version marked "Judge's Copy" submitted to chambers.)

7. <u>**Contested Hearings.**</u> In the event the plan proponent receives an unanticipated objection to confirmation or an

unanticipated plan rejection by a class of impaired claimants, and the proponent nevertheless intends to request confirmation, the proponent will be expected by the court to make a good faith effort to meet and confer with the objecting claimant (or the claimant's counsel, if represented) prior to the confirmation hearing to identify all disputed legal and factual issues and to discuss the conduct of the confirmation hearing. The plan proponent should advise the court concerning the existence of unresolved disputes when notifying the court in accordance with paragraph C(5). Unless scheduling procedures were previously established at the disclosure statement hearing, the court will determine at the confirmation hearing whether the hearing should proceed with respect to the disputed matters, the undisputed matters, neither or both. If necessary, the court will establish appropriate scheduling procedures.

8. A proponent seeking a continuance of a confirmation hearing should appear at the scheduled hearing to make that request, as the hearing will have been noticed out to all creditors. For that reason, the court will not grant advance telephonic requests for continuances. Nonetheless, if a proponent does not anticipate seeking confirmation at the hearing, it should notify the court as soon as possible.

9. **Final Decree.** The plan proponent should comply with B.L.R. 3022-1. At the confirmation hearing, the proponent of the plan shall advise the court when the proponent anticipates that the plan will be substantially consummated and all post-confirmation activity completed. The court may set deadlines for

filing reports pursuant to Fed. R. Bankr. P. 3022, filing an application for a final decree pursuant to Fed. R. Bankr. P. 3022 and B.L.R. 3022-1, and closing the case.

The court may schedule a post-confirmation status conference at the confirmation hearing. That conference will normally be set approximately six (6) months after confirmation. Counsel should be prepared to include any such deadlines in the Order Confirming the Plan. The debtor and counsel are reminded that United States Trustee fees established in 28 U.S.C. § 1930 will be payable after confirmation, until entry of a final decree. After the case has been closed, a party seeking relief must move to have the case reopened before or concurrent with filing its application for relief.

**END OF ORDER**