CHRISTOPHER D. SULLIVAN (148083)
GREGORY A. ROUGEAU (194437)
DIAMOND McCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Telephone: (415) 692-5200
Facsimile: (415) 263-9200
e-mail: csullivan@diamondmccarthy.com
grougeau@diamondmccarthy.com

Counsel for Creditor
LIQUIDBITS CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor and Debtor-In-Possession.<br>_____<br>☒Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-In-Possession. | Case No. 14-30725<br><br>(Substantively consolidated with *In re HashFast LLC*, Case No. 14-30866)<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR HEARING** |

LIQUIDBITS CORPORATION ("Liquidbits"), a creditor in the above-captioned Chapter 11 cases, hereby respectfully objects to the "Motion for Stipulated Order Regarding Standing of the Official Committee of Unsecured Creditors," and requests a hearing on the Motion.

## **INTRODUCTION**

Days before the Committee is due to file a Combined Disclosure Statement and Plan of Liquidation, the Debtor and the Committee request, in their Motion, that the Court confer standing

-1-

OPPOSITION TO MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR HEARING

Case: 14-30725   Doc# 289   Filed: 01/30/15   Entered: 01/30/15 11:26:20   Page 1 of 6

upon the Committee "to pursue any and all avoidance actions of the Debtors under Chapter 5 of the Bankruptcy Code and certain other litigation that constitutes property of the Debtors' estates." The Motion is devoid of any details at all regarding what litigation is contemplated, whether such litigation is indeed necessary or would be beneficial, or any of the terms under which the Creditors Committee would undertake any further investigation or prosecution of the unidentified claims. Given the posture of this case, the Motion makes no sense, and should be denied.

## STATEMENT OF FACTS

On or about May 9, 2014, Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against HashFast Technologies, LLC ("HashFast Technologies").

HashFast Technologies subsequently consented to entry of an order for relief, and moved to convert the case to Chapter 11. Its case was converted to Chapter 11 on June 4, 2014, by Order of the Court.

On June 6, 2014, HashFast, LLC ("HF," and collectively with Hashfast Technologies, the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

The Debtors were in the business of designing, developing, manufacturing and selling certain computer chips and equipment, including Application Specific Integrated Circuit, or ASIC, semiconductors, for the sole purpose of auditing transaction data for the Bitcoin networks, also known as "Bitcoin mining."

On or about June 23, 2014, the Office of the United States Trustee appointed the Committee, and, on June 25, 2014, the Committee selected Baker to act as general bankruptcy counsel. Its employment application was filed on July 3, 2014, and the Court granted that application on July 24, 2014.

On July 8, 2014, the Debtors' Chapter 11 cases were ordered jointly administered, and the Debtors have since acted as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, no Trustee having been appointed in the cases.

According to the Debtor and the Committee in their professionals' most recent interim fee applications, the Debtors have now ceased ordinary course operations and are apparently engaged in the process of selling their remaining assets. The Debtors have liquidated their entire inventory other than approximately 15,000 chips, which will be sold to a member of the Committee, Guido Ochoa. There remains only $168,030.25 in cash on hand in the estates.

On January 22, 2015, the Committee filed its Plan of Liquidation (the "Plan") (Docket No. 285). Without detailing the deficiencies of the Plan (and there are many), it proposes to create a "Hashfast Creditor Trust," to which all unidentified avoidance actions and other litigation claims will be transferred and, if necessary, prosecuted. In describing what avoidance actions are available, the Disclosure Statement describing the Plan (Docket No. 286) states only that the "Committee lacks adequate access to pertinent documents and/or information to fully evaluate all potential (avoidance actions)" (Disclosure Statement, p. 17, ll. 5-6).

The Committee's plan also will allow unfettered discretion to the Hashfast Creditor Trust to hire counsel to litigate such claims: "After the Effective Date, the Hashfast Creditor Trust may retain professionals on such terms as the Hashfast Trustee deems reasonable without Bankruptcy Court approval." (Disclosure Statement, p. 26, XIV. 26-27.)

The Committee is due to file a revised, Combined Disclosure Statement and Plan of Liquidation on February 2, 2015, which, presumably, will also provide for the creation of a "Hashfast Creditor Trust" to pursue avoidance actions and other unspecified claims. A hearing to consider the adequacy of the disclosure portion of that combined pleading has been set for February 17, 2015.

## LEGAL ARGUMENT

"It is well settled that in *appropriate* situations the bankruptcy court may allow a party other that the trustee or debtor-in-possession to pursue the estate's litigation." *In re Spaulding Composites Company, Inc.*, 207 B.R. 899 (9th Cir. BAP 1997) (emphasis added). In determining whether an appropriate situation is presented, the Court is not simply to rubber stamp an effort by the Creditors' Committee to bring litigation. Instead, there should be an "impartial judicial

-3-
OPPOSITION TO MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR HEARING
Case: 14-30725   Doc# 289   Filed: 01/30/15   Entered: 01/30/15 11:26:20   Page 3 of 6

balancing of the benefits of a committee's representation [to insure it] better serves the bankruptcy estate. So long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial, allowing a creditors committee to represent the estate presents no undue concerns." *Id*. (citation omitted).

Given the present posture of this case, the Motion makes no sense, for multiple reasons. It should be denied.

First and foremost, the Motion is completely devoid of any description of the terms pursuant to which the Committee would undertake prosecution of avoidance actions and other litigation, and whether prosecution by the Committee, as opposed to the Debtors through special counsel, is in the best interests of the estates. It is unclear whether counsel would begin working on such claims now on an hourly or other basis in advance of presenting a plan to the creditor body. Absent some disclosure as to the terms pursuant to which counsel for the Committee will be taking on the litigation, neither the Court nor any creditors can determine whether the relief sought in the Motion is appropriate.

Second, the Motion fails to describe in any detail the nature of the potential avoidance actions and other litigation the Committee could pursue upon obtaining standing. The Motion states that the "Committee, with the assistance of Debtor's personnel, has over the last few months been reviewing potential avoidance actions and other litigation that may provide value to the Debtors' estates." (Motion, p. 3, ¶ 11). In its subsequently filed Disclosure Statement, however, the Committee states essentially the opposite. (Disclosure Statement, p. 17, ll. 5-6) (the "Committee lacks adequate access to pertinent documents and/or information to fully evaluate all potential (avoidance actions)" (Disclosure Statement, p. 17, ll. 5-6). There is no showing, or even any real hint, that such litigation will, in fact, benefit creditors. If neither the Committee nor the Debtor can specify, either in the Motion or the Disclosure Statement, the nature of existing

-4-

avoidance actions and other claims, it is premature to consider conferring standing upon the Committee to pursue those claims.[1]

Finally, the very posture of these cases militates against granting the Motion at the present time. As stated *supra*, the Debtors have ceased ordinary course operations, and have been liquidating their remaining inventory. The result of what the Debtors and the Committee have, over the past several months, termed a "controlled liquidation" is now administratively insolvency for the estates, with $168,030.25 in cash on hand and multiples of that sought for professionals' fees and costs alone.

The Committee is due to file a Combined Disclosure Statement and Plan of Liquidation on February 2, 2015. If, as the Motion states, the Committee "will elect and monitor the liquidating trustee" under the new liquidating plan, and creditors will support such a plan, then the elected liquidating trustee will have authority to prosecute litigation if the liquidating trustee (presumably) concludes that such litigation is necessary and will be beneficial. Alternatively, if the cases are converted to Chapter 7, then the disposition of avoidance actions will properly rest with the Chapter 7 trustee. Permitting the Committee standing to pursue claims, now, in advance of plan confirmation or conversion, is thus premature and pointless.

## **CONCLUSION**

These cases do not present an "appropriate situation" to confer standing upon the Committee to pursue estate litigation at the present time. The Motion is completely devoid of any terms upon which the Committee would pursue the litigation, or, for that matter, any description

---

[1] The failure of the existing Disclosure Statement to describe contemplated litigation is troubling given what is said in the Motion, and violates the requirements of Section 1125(a)(1) of the Bankruptcy Code. That section requires disclosure of "adequate information," that is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan." With respect to contemplated litigation, it is almost a matter of hornbook law that any pending or contemplated litigation be fully, and completely described, in detail, in a disclosure statement. *See In re Old South Transportation Co., Inc.*, 134 B.R. 660, Fn. 17 (Bankr. M.D. Ala. 1991) and *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir. 1989).

-5-

OPPOSITION TO MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR HEARING

Case: 14-30725   Doc# 289   Filed: 01/30/15   Entered: 01/30/15 11:26:20   Page 5 of 6

of the litigation itself.  Further, presumably, either a liquidating plan will be confirmed in these cases, or they will be converted to Chapter 7, within the next several weeks.  It makes little sense for the Court to confer upon the Committee standing to pursue estate litigation, when the Committee, under either scenario, will be dissolved.

The Court should deny the Motion summarily.  Alternatively, Liquidbits requests that the Court schedule a hearing on the matter, so that the parties may address the propriety of the requested relief, given the absence of information in the Motion, and given the present posture of these cases.

Dated:  January 29, 2015                    DIAMOND McCARTHY LLP


                                            By:  */s/ Gregory A. Rougeau*
                                                 Gregory A. Rougeau
                                                 Attorneys for
                                                 LIQUIDBITS CORPORATION

-6-

OPPOSITION TO MOTION FOR STIPULATED ORDER REGARDING STANDING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR HEARING

Case: 14-30725    Doc# 289    Filed: 01/30/15    Entered: 01/30/15 11:26:20    Page 6 of 6