TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:     JULIE M. GLOSSON
        Trial Attorney (#230709)
        Email: Julie.m.glosson@usdoj.gov

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re <br><br> HASHFAST TECHNOLOGIES LLC, <br><br><br>     Debtor-In Possession <br><br>―――――――――――――――――― <br> HASHFAST LLC, <br><br>     Debtor-In Possession. | Lead Case No. 14-30725 DM <br><br> Substantively Consolidated with: <br><br> Case No. 14-30866 <br><br> Chapter 11 |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR STIPULATED ORDER REGARDING STANDING OF COMMITTEE**

Tracy Hope Davis, the United States Trustee for Region 17, by and through her undersigned counsel, hereby objects to the Debtors' *Motion for Stipulated Order Regarding Standing of the Official Committee of Unsecured Creditors* ("Standing Motion") [dkt. #269]. For the reasons set forth below, the United States Trustee objects and requests an order denying the Standing Motion.

UST'S OBJECTION TO DEBTORS' MOTION RE STIPULATED ORDER: 14-30725         1

## I. INTRODUCTION

The Court should deny the Standing Motion because it is factually and legally deficient. Debtors have not fully and adequately disclosed with specificity the claims and actions that the Debtors are giving standing to pursue to the Official Committee of Unsecured Creditors ("Committee") and have not articulated the legal authority upon which to do so. If the relief sought is granted, any subsequent fiduciary would be deprived of the opportunity to evaluate and recover from a pool of assets that the Debtors and Committee agree have value for creditors. This Standing Motion does not cure the actual conflicts that render Debtors' current management and the Committee incapable of investigating and litigating the unspecified insider transactions. For these reasons and as set forth in more detail below, the Standing Motion should be denied.

## II. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine the Standing Motion and this Objection pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b)(2).

## III. THE UNITED STATES TRUSTEE HAS STANDING TO OBJECT TO STANDING MOTION

Under 28 U.S.C. § 586(a)(3)(G), the United States Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See U.S. Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3rd Cir. 1994).

Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the Standing Motion and the issues identified in this Objection.

## IV. STATEMENT OF FACTS

### Procedural History and Background

1. The case of In re HashFast Technologies LLC, case no. 14-30725, was commenced as an involuntary petition on May 9, 2014. On June 4, 2014, it consented to the order for relief and the case converted to chapter 11.

2. The case of In re HashFast LLC, case no. 14-30866, the parent of HashFast Technologies LLC, was commenced as a voluntary petition for relief under chapter 11 on June 6, 2014 (collectively hereinafter referred to as "Debtors"). The cases were substantively consolidated on September 28, 2014. See Order [dkt. #202].

3. Debtors design, develop, and manufacture "certain chips and equipment" used to mine Bitcoin transactions. See Motion to Sell, ¶ 8 [dkt. #134].

4. These cases were commenced after HashFast Technologies was unable to deliver on orders which it had pre-sold resulting in customer refund demands and decline in sales.

5. The United States Trustee appointed an official committee of unsecured creditors ("Committee") on June 23, 2014 in HashFast Technologies, LLC. See Notice of Appointment [dkt. #82].

6. On August 8, 2014, the United States Trustee moved for appointment of a chapter 11 trustee. See Motion [dkt. #168]. The United States Trustee's Motion was denied on September 16, 2014. See Order [dkt. #200].

7. The Committee filed a disclosure statement and liquidating plan ("Committee's Plan") on January 22, 2015. See dkt. #285 and 286. A revised plan and disclosure statement is due February 2, 2015. See dkt. entry January 23, 2015.

### Current Management Structure

8. Since, August 15, 2014, Debtors have been managed by Chief Restructuring Officer Peter Kravitz ("Kravitz"). See Kravitz Decl. ¶ 3 [dkt. #191]. See also Application For Order Appointing Peter Kravitz as the Successor Responsible Individual ¶ 7 [dkt. #181]; Amended Engagement Letter ¶ 1 [Application, Ex. A – dkt. #232].

9. Mr. Kravitz is a one of three principals and general counsel at Province, Inc. ("Province").

10. As compensation for serving as the Debtors' CRO, Mr. Kravitz receives a fixed fee of $40,000 per month. See Amended Engagement Letter ¶ 2 [Application, Ex. A – dkt. #232]. This flat fee includes the services of "any Province employees assisting Peter Kravitz." Id.

11. In addition, Mr. Kravitz "shall be paid" an "Incentive Bonus" of $100,000 upon confirmation of a chapter 11 plan regardless of whether Mr. Kravitz is responsible for confirmation of that plan or a proponent of the confirmed plan. Id. at ¶ 3.

12. Before Mr. Kravitz's retention by the Debtors as its CRO, the Committee applied to employ Province as its financial advisor. See Application [dkt. #133]. That Application was withdrawn after Debtors retained Mr. Kravitz as CRO. See Withdrawal [dkt. #185].

13. Except for the two founders and Mr. Kravitz, Debtors have no employees. See Kravitz Decl. at ¶ 3 [dkt. #191].

## V. LEGAL ARGUMENT

### A. Standing Motion Should Be Denied Because It is Factually and Legally Deficient

The Standing Motion is materially deficient because it makes only vague reference to the nature and type of claims for which standing is being granted to the Committee and offers no legal authority granting derivative standing for all chapter 5 remedies.

#### 1. Standing Motion Does Not Identify the Causes of Action.

Under Bankruptcy Rule 9013, when relief is sought by motion, the motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." While there may be a strategic reason for withholding specific details, the Standing Motion refers only generically to "potential avoidance actions and other litigation that may provide value to the Debtors' estates" and "claims against insiders of the Debtors." See Standing Motion ¶ 11 and 12, respectively. A review of Schedule B and the Statement of Financial Affairs, both as originally filed and as amended, do not illuminate which actions are contemplated to be transferred to the Committee and which ones will go to the liquidating trust as contemplated by the Committee's Plan. In addition, none of the factual assertions, including the efforts of the Committee and the Debtor to evaluate the potential claims, are supported by a declaration.

To the extent the relief sought constitutes a settlement of a controversy, as a stipulation would suggest, or use of estate property, notice should be given to all creditors in accordance with a broad interpretation of Bankruptcy Rule 2002(a)(2) and (3).

UST'S OBJECTION TO DEBTORS' MOTION RE STIPULATED ORDER: 14-30725       4

Case: 14-30725    Doc# 290    Filed: 01/30/15    Entered: 01/30/15 13:12:40    Page 4 of 6

## 2. Debtors Fails To Recognize the Legal Standard for Derivative Standing.

Debtors rely upon sections 105, 1103(c)(5) and 1107; however, those sections refer to general powers and duties of a committee and debtor-in-possession. Although the Bankruptcy Code does not expressly confer authority upon a committee for standing and the Ninth Circuit has not definitively addressed the issue, both the Second and Sixth Circuits have held that creditors' committees have standing only when certain factors have been satisfied. Unsecured Creditors Comm. v. Noyes (In re STN Enters.), 779 F.2d 901, 904 (2nd Cir. 1985). See Canadian Pac. Forest Prod. Ltd. V. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1446 (6th Cir. 1995). Those factors include:

(1) A demand has been made upon the statutorily authorized party to take action;
(2) The demand is declined;
(3) A colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court, and
(4) The inaction is an abuse of discretion ("unjustified") in light of the debtor-in-possession's duties in a Chapter 11 case.

Id.[1]

Consistent with the Second and Sixth Circuits, the Bankruptcy Appellate Panel of the Ninth Circuit has adopted a similar approach requiring a showing that the debtor-in-possession failed to fulfill its fiduciary duty and court approval before a committee can assert derivative standing. See Hansen v. Finn (In re Curry and Sorensen, Inc.), 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986); see also Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. Of Spaulding Composites Co. (In re Spaulding Composites Co. Inc.), 207 B.R. 899 (B.A.P. 9th Cir. 1997) (creditors committee had standing assert derivative standing for stay violations).

The Standing Motion has failed to address these standards. Simply put, the Standing Motion is vague, materially and substantively deficient, and should be denied as such.

---

[1] The Supreme Court in the case of Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 13 n.5 (2000), considered the issue of derivative standing but in the context of section 506(c) and expressly stated that the practice of derivative standing in other contexts, such as in The Gibson Group, Inc. case was not analogous.

### B. Standing Motion Should Be Denied Because it Improperly Binds A Future Fiduciary

The Standing Motion and proposed stipulated order do not contain any reservation of rights for a chapter 7 or 11 trustee to evaluate the very same actions which, if granted, would be conferred to the Committee to pursue. Without such a reservation, a trustee appointed under either chapter 7 or chapter 11 would be bound by the terms of the stipulated order.

The Standing Motion does not cure the irreconcilable conflicts of interest of current management to evaluate insider claims. Debtors have nearly conceded this much by virtue of the relief sought in the Standing Motion. Similar conflicts plague the Committee because it retained Province but only withdrew the application after the Debtors agreed to retain Mr. Kravitz as the CRO. The appropriate remedy for such conflicts is not achieved by granting the Standing Motion but by appointment of a trustee. See Lowenschuss v. Selnick (In re Lowenschuss), 171 F.3d 673, 685 (9th Cir. 1999); In re Products Intern. Co. 395 B.R. 101 (Bankr. D. Ariz. 2008); In re SunCruz Casinos, LLC, 298 B.R. 821, 830 (Bankr. S.D. Fla. 2003) (internal citations omitted).

## VI. PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests the Court enter an Order denying the Standing Motion, sustaining this objection, and for other relief as is just and appropriate under the circumstances.

Respectfully submitted,

Dated: January 30, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

 /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379