TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:    JULIE M. GLOSSON
       Trial Attorney (#230709)
       Email: julie.m.glosson@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC,<br><br>               Debtor-In Possession<br><br>HASHFAST LLC,<br><br>               Debtor-In Possession. | Lead Case No. 14-30725 DM<br><br>Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>Date: February 17, 2015<br>Time: 9:30 a.m.<br>Ctrm: Hon. Dennis Montali<br>       235 Pine Street, Courtroom 22<br>       San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO COMMITTEE'S CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

      Tracy Hope Davis, the United States Trustee for Region 17, by and through her undersigned counsel, objects to approval of the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC and Hashfast LLC* [dkt. #293] filed by the Official Committee of Unsecured Creditors pursuant to sections 105, 1125, 1126, 1128, and 1129 of title 11 United States Code. In support, the United States Trustee respectfully states:

## I. Introduction

The United States Trustee objects to approval of the Disclosure Statement because it does not provide adequate information to enable a hypothetical investor to make an informed judgment about the Plan, as required by 11 U.S.C. § 1125. In addition to the deficiencies identified below, the sheer volume of the Plan is enormous because it is supported by a multitude of exhibits, many of which are not necessary, including the filing of each operating report filed by the Debtors. This type of disclosure is not meaningful.

The United States Trustee has identified the following deficiencies:

- The Disclosure Statement is inadequate because the liquidation analysis does not sufficiently explain the value of Debtors' intellectual property, and the nature, extent, and cost of the avoidance actions;

- The Disclosure Statement is insufficient as to implementation because it fails provide adequate information regarding administrative expenses and executory contracts; and

- The Disclosure Statement is inadequate because it fails to identify the material terms of the Plan, which may or may not be contained in a trust agreement.

To the extent these issues are relevant to confirmation of the Plan, the United States Trustee expressly reserves the right to object to those matters at confirmation.

## II. Summary of Facts

The Official Committee of Unsecured Creditors, appointed by the United States Trustee on June 23, 2014, filed a combined plan of liquidation and disclosure statement on February 2, 2014 ("Committee's Plan" or "Plan"), revising a previous version filed on January 22, 2014. See dkt. #285, 286, and 293.

The Debtors are currently managed by Peter Kravitz who serves as the Chief Restructuring Officer, and has since his retention on August 15, 2014. See Kravitz Decl. ¶ 3 [dkt. #191]. See also Application For Order Appointing Peter Kravitz as the Successor Responsible Individual ¶ 7 [dkt. #181]; Amended Engagement Letter ¶ 1 [Application, Ex. A – dkt. #232].

Prior to filing Debtors designed, developed, and manufactured "certain chips and equipment" used to mine Bitcoin transactions, see Motion to Sell, ¶ 8 [dkt. #134]; however, such operations have ceased and Debtors have been liquidating inventory, see Plan [dkt. #293].

### III. The Disclosure Statement Is Inadequate.

A debtor-in-possession may not solicit creditors to vote on a plan, unless, at the time of such solicitation, the debtor-in-possession provides creditors with a "written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." See 11 U.S.C. § 1125(b); In re Kelley, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996). "Adequate information" is defined as information that is in sufficient detail to enable "a hypothetical reasonable investor" to make an informed judgment about the Plan. See 11 U.S.C. § 1125(a); In re Commercial Western Finance Corp., 761 F.2d 1329, 1331 n.1 (9th Cir. 1985). To satisfy the requirements of adequate information under 11 U.S.C. § 1125, a disclosure statement "must contain the necessary financial information, data, and projections relevant to the creditor's decision to accept or reject the Chapter 11 plan." In re Ferguson, 474 B.R. 466, 476 (Bankr. D.S.C. 2012). The Committee's Plan does not provide adequate information concerning the following:

#### A. The Liquidation Analysis is Insufficient.

The liquidation analysis fails to provide an adequate explanation of the value of the intellectual property and the cost of pursuing the avoidance actions.

The Disclosure Statement only makes passing reference to Debtors' intellectual property by generally referring to the Debtors' Schedule B. Although Debtors scheduled the value of its intellectual property as "unknown," the Disclosure Statement should explain whether the Committee's opinion of value of the intellectual property is included in the $750,000 of intangibles.

The Disclosure Statement also fails to identify the nature, extent, and cost of pursuing avoidance actions. To evaluate whether to accept the Plan, creditors should have sufficient information concerning the associated transaction costs. See In re Oxford Homes, Inc., 204 B.R.

UST'S OBJECTION COMMITTEE'S DISCLOSURE STATEMENT AND PLAN: 14-30725    3
Case: 14-30725   Doc# 302   Filed: 02/10/15   Entered: 02/10/15 16:51:36   Page 3 of 5

264, 269 (Bankr. D.Me. 1997) (Creditors deserve to be fairly informed of the transaction costs entailed in the reorganization plan they are being asked to back.)

In addition, to the extent a demand has been made to the insurance company on the Debtors' directors and officers insurance policy, the Disclosure Statement should identify the estimated amount of recovery and to what extent, if any, the claims purchased by Mr. Simon Barber in December, 2014, have any effect on the insurance claims.

### B. The Disclosure Statement Fails to Identify Material Terms of the Plan

The Plan contemplates that all Estate Assets, as defined by the Plan, will be transferred on the effective date to the Hashfast Creditor Trust, but the Disclosure Statement fails to identify the material terms of the Plan by omitting the trust agreement. Without either the agreement or an affirmative statement that the Plan and trust agreement are consistent, the Disclosure Statement is inadequate.

### C. The Disclosure Statement Does Not Fully Disclose Administrative Fees and Executory Contracts

Administrative Fees. The Disclosure Statement estimates administrative fees to be $1.2 million upon confirmation; however, there is no allocation between the professionals. See In re Cardinal Congregate I, 121 B.R. 760, 767 (Bankr. S.D.Ohio 1990). In addition, this estimated amount differs significantly from the $0 as shown in the Debtors' monthly operating reports for accrued professional fees and $668,509 in combined accrued professional fees reflected in the fee applications for Debtors' counsel and the Committee's counsel.

Executory Contracts. The Plan states that the Committee will file a notice of intent to assume or reject, and other than referring to generally to Debtors' schedules, the Plan fails to identify those contracts or leases that will be assumed. To the extent that there is an assumption, there is no mention of whether the Debtors have the ability to cure any defaults that may exist, especially, when Debtors' reported bank account balance is less than $168,000. 11 U.S.C. § 365.

///

///

///

## IV. Conclusion

WHEREFORE, the United States Trustee respectfully requests the Court deny approval of the Disclosure Statement and for any other relief as is appropriate. As set forth above, the United States Trustee reserves the right to object to the Plan at the proper time.

Respectfully submitted,

Dated: February 10, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

 /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379