TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:    JULIE M. GLOSSON
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov

        LYNETTE KELLY
        Trial Attorney (#120799)
        Email: lynette.c.kelly@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC,<br><br>                Debtor-In Possession<br><br>Affects HASHFAST LLC,<br><br>                Debtor-In Possession. | Lead Case No. 14-30725 DM<br><br>Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11 |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b), OR IN THE ALTERNATIVE, <u>TO APPOINT A CHAPTER 11 TRUSTEE</u>**

Tracy Hope Davis, the United States Trustee for Region 17, by and through her undersigned counsel, respectfully moves the Court for an order converting this case to chapter 7 under 11 U.S.C. § 1112(b). In the alternative, if the Court finds that cause exists under section 1112(b) but determines that conversion of the case to chapter 7 or dismissal is not in the best

interests of creditors, then the United States Trustee requests the appointment of a chapter 11 trustee under sections 1104(a) and 1112(b)(1).

I. **INTRODUCTION**

Cause exists to convert this case to chapter 7 under 11 U.S.C. § 1112(b) for the following reasons:

- Debtors are administratively insolvent, continue to sustain losses, and are not likely to rehabilitate, which constitutes cause under 11 U.S.C. § 1112(b)(4)(A);

- Debtors have breached their fiduciary duty by failing to evaluate and investigate insider claims, which they concede exist. Such failure constitutes gross mismanagement and cause to convert under 11 U.S.C. § 1112(b)(4)(B); and

- Debtors have, without excuse, not timely filed accurate and complete operating reports, which constitutes cause under 11 U.S.C. § 1112(b)(4)(F).

In support of this motion, the United States Trustee requests that the Court consider the following documents filed concurrently herewith:

- Memorandum of Points and Authorities In Support of the United States Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) ), Or In The Alternative, To Appoint A Chapter 11 Trustee; and

- Declaration of Patricia A. Martin In Support of the United States Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Or In The Alternative, To Appoint A Chapter 11 Trustee, and Exhibits referenced therein.

In addition, the United States Trustee requests the Court consider the United States Trustee's Objection Committee's Consolidated Plan of Liquidation and Disclosure Statement filed on February 10, 2014, and appearing as docket #302.

II. **STATEMENT OF FACTS**

**Procedural History and Background**

1. The case of In re HashFast Technologies LLC, case no. 14-30725, was commenced as an involuntary petition on May 9, 2014. On June 4, 2014, it consented to the order for relief and the case converted to chapter 11.

2. The case of In re HashFast LLC, case no. 14-30866, the parent of HashFast Technologies LLC, was commenced as a voluntary petition for relief under chapter 11 on June 6,

2014 (collectively hereinafter referred to as "Debtors"). The cases were substantively consolidated on September 28, 2014. See Order [dkt. #202].

3. Prior to filing Debtors designed, developed, and manufactured "certain chips and equipment" used to mine Bitcoin transactions, see Motion to Sell, ¶ 8 [dkt. #134]; however, such operations have ceased and Debtors are liquidating inventory, see Plan, defined *infra,* IV, I [dkt. #293].

4. These cases were commenced after HashFast Technologies was unable to deliver on orders which it had pre-sold resulting in customer refund demands and decline in sales.

5. The United States Trustee appointed an official committee of unsecured creditors ("Committee") on June 23, 2014 in HashFast Technologies, LLC. See Notice of Appointment [dkt. #82].

6. On August 8, 2014, the United States Trustee moved for appointment of a chapter 11 trustee, or in the alternative for conversion to chapter 7. See Motion [dkt. #168]. That motion was denied on September 16, 2014. See Order [dkt. #200].

7. Since August 15, 2014, Debtors have been managed by Chief Restructuring Officer Peter Kravitz ("Kravitz"). See Kravitz Decl. ¶ 3 [dkt. #191]. See also Application For Order Appointing Peter Kravitz as the Successor Responsible Individual ¶ 7 [dkt. #181]; Amended Engagement Letter ¶ 1 [Application, Ex. A – dkt. #232]. Mr. Kravitz is a one of three principals and general counsel at Province, Inc. ("Province").[1]

8. The Committee initially proposed a liquidating plan on January 22, 2015, see dkt. #285 and 286, which it revised on February 2, 2015 ("Committee's Plan" or "Plan"). See Combined Plan and Disclosure Statement [dkt. #293]. The United States Trustee objects to approval of the disclosure statement because it does not contain adequate information.

---

[1] The Committee applied to employ Province as its financial advisor, but later withdrew its application when Debtors retained Mr. Kravitz as CRO. See Application [dkt. #133]; Withdrawal [dkt. #185]. Approximately three months later, Debtors moved to employ Mr. Kravitz and Province under 11 U.S.C. §§ 105 and 363; however, that motion was denied as unnecessary but without prejudice. See Order Denying Application for Order Authorizing and Approving Continued Employment [dkt. #261].

## The Case is Administratively Insolvent and Sustaining Losses

9. Debtors' monthly operating reports do not accurately reflect the Debtors' true financial condition. In summary, the operating reports show a cumulative profit of $91,791; however, that figure is misleading because the reports fail to account for accrued, unpaid expenses, including professional fees, and fail to account for losses generated from the sale of inventory. If properly prepared, and as discussed in more detail below and in the Declaration of Patricia Martin, the operating reports would show that the estate is administratively insolvent and sustaining losses. See Martin Decl. ¶ 16.

10. Accrued Professional Fees Not Reflected In Operating Reports. The monthly operating reports fail to accrue professional fees of court-appointed estate professionals, which totaled $668,509 as of mid-November, and other unpaid expenses, including the $82,092.91 purportedly owed to Province for Mr. Kravitz's work as CRO. See Kravitz Decl. [dkt. #258].

11. With an accrual of $40,000 per month[2] for Mr. Kravitz as compensation for serving as the Debtors' CRO, see Amended Engagement Letter ¶ 2 [Application, Ex. A – dkt. #232], and the accrual of fees of Debtors' counsel and the Committee's counsel since interim applications were filed, the accrual of fees and expenses is substantial.

12. Cumulative Profit is Overstated. Upon closer examination the cumulative profit is misleading. The Balance Sheet reports the value of inventory at $7,412,819 for every month when bank statements show receipts and Mr. Kravitz has declared[3] that inventory sales have occurred. This should result in a decrease in inventory, but the Balance Sheet for each month shows the value of inventory as unchanged. In addition, because the reported cost of goods sold shows only payments to subcontractors and does not account for the cost of inventory, the declared cumulative profit of $91,791 is overstated.

13. Cash Receipts and Disbursements Are Overstated. The cumulative figures reported for cash receipts and disbursements do not add up to the amounts shown on the

---

[2] This flat fee includes the services of "any Province employees assisting Peter Kravitz." See Amended Engagement Letter ¶ 2 [Application, Ex. A – dkt. #232]. Mr. Kravitz is also entitled to an "Incentive Bonus" of $100,000 upon confirmation of a chapter 11 plan regardless of whether Mr. Kravitz is a proponent of the confirmed plan. Id. at ¶ 3.

[3] See Declaration of Peter Kravitz, ¶ 3(i) [dkt. #258].

operating reports. Debtors reported the accumulated receipts at $1,245,723, but simply adding the receipts reported in prior months, the amount should be $935,362. See Marin Decl. ¶ 17. This is also true for disbursements. This overstatement creates the impression that the Debtors have sold more inventory when in fact that has not occurred.

14. <u>Bank Balance as of December 31, 2014 was $167,902</u>. Debtors reported total funds on hand of just under $168,000 for the month ending December 31, 2014. See Martin Decl., Ex. 1.

15. <u>Unexplained Transfers</u>. Bank statements attached to Debtors' operating reports show that while under Mr. Kravitz's management, Debtors have (a) paid $4,800 to Davis Wright Tremaine LLP, a law firm, which is not employed by an order of this Court and no order exists authorizing compensation, and (b) transferred $120,789 to ADP Payroll in October ($39,479) and December ($63,310) when Debtors have only two employees (co-founders Simon Barber and Eduard de Castro), see Kravitz Decl. at ¶ 3 [dkt. #191]. See Martin Decl. ¶ 19 and 21.

### No Reorganization is in Prospect

16. In October, 2014, Debtors first acknowledged that reorganization was not likely and expressed their intention to liquidate through a liquidation trust. See Status Conference Statement, ¶ 3 and 4 [dkt. #214].

17. The Committee's Plan provides for liquidation with all assets at the time of confirmation vesting in a liquidating trust. See Plan [dkt. #293].

18. Therefore, Debtors' business will not be rehabilitated or reorganized as a going concern.

### Debtors Acknowledge Existence of Insider Claims

19. Debtors admitted, as recently as January 9, 2015, that claims against insiders are expected to be a potential source of recovery for creditors. See Motion for Stipulated Order Regarding Standing of the Official Committee of Unsecured Creditors, ¶ 12 ("Standing Motion") [dkt. #269].

20. To cure this conflict, the Debtors agreed to give standing to prosecute such claims on behalf of the estate to the Committee, but withdrew the Standing Motion after objections by

the United States Trustee and creditor Liquidbits, Corp. See Objection [dkt. #290, 291, respectively]; Withdrawal [dkt. #300].

**Without Justification Debtors Have Consistently Filed Operating Reports Late**

21. Although Debtors are current in the filing of monthly operating reports, each report has been filed late, with at least four having been filed more than fifteen days after the deadline: July, 2014, August, 2014, October, 2014, and November, 2014. See PACER.

22. Debtors have not explained the late filings.

**The Committee's Plan is Not Confirmable and the Disclosure Statement is Not Adequate.**

23. The Committee's Plan cannot be confirmed because the accompanying Disclosure Statement does not contain adequate information under 11 U.S.C. § 1125(a) as set forth in the United States Trustee's Objection to Committee's Plan of Liquidation Objection To Committee's Consolidated Plan Of Liquidation And Disclosure Statement [dkt. #302].

24. In addition, the Plan does not provide for the filing of post-confirmation reports and does not require the liquidating trustee or any professionals retained by the trustee to seek court approval of compensation. The Plan is also silent as to the timing of disbursements, the terms under which the liquidating trustee will be discharged, the events that constitute default, and the remedies should a default occur.

**III.    JURISDICTION**

This Court has jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

///
///
///
///
///
///
///
///

## IV. PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests the Court enter an Order converting the case to Chapter 7, or order the appointment of a trustee if the Court determines the appointment of a chapter 11 trustee to be in the best interests of creditors and the estate, and for other relief as is just and appropriate under the circumstances.

Respectfully submitted,

Dated: February 13, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

 /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379