TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:     JULIE M. GLOSSON
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov
        LYNETTE C. KELLY
        Trial Attorney (#120799)
        Email: lynette.c.kelly@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC,<br><br>Debtor-In Possession<br><br>_____<br><br>Affects HASHFAST LLC,<br><br>Debtor-In Possession.<br>_____ | Lead Case No. 14-30725 DM<br><br>Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE
TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b), OR IN THE ALTERNATIVE,
TO APPOINT A CHAPTER 11 TRUSTEE**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned counsel, files this memorandum of points and authorities in support of her Motion to Convert Case to Chapter 7 Under 11 U.S.C. § 1112(b), Or In the Alternative, To Appoint A Chapter 11 Trustee (the "Motion").

**I.      Introduction**

Cause exists to convert this case to chapter 7 under 11 U.S.C. § 1112(b) on several grounds: First, the estate is administratively insolvent, it continues to sustain losses, and the

Creditors Committee's liquidation plan is not confirmable because the disclosure statement does not provide accurate or adequate information of the true financial condition of the estate. Because the estate is administratively insolvent, further amendments or revisions to the plan will only increase administrative expenses and delay administration, both of which are prejudicial to creditors.

Second, the Debtors' monthly operating reports have not been timely filed, are inaccurate and incomplete, and do not depict the true financial condition of the estate. Every one of Debtors' monthly operating reports has been filed late – several substantially so.

Finally, cause exists to convert this case to chapter 7 because Debtors have failed to fulfill their fiduciary duty to creditors by failing to evaluate and pursue insider transactions notwithstanding that they acknowledge the existence of potential insider claims. Such a breach constitutes gross mismanagement and cause under 11 U.S.C. § 1112(b)(4)(B).

Although the United States Trustee has included the principal facts in the text that follows, she reserves the right to conduct discovery, and, if appropriate under controlling laws and rules, to present further evidence in support of this motion at an evidentiary hearing.

**II.     This is A Core Proceeding.**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**III.    The United States Trustee Has Standing to Seek the Requested Relief**

The United States Trustee is charged with supervising the administration of cases under chapter 11 of title 11, see 28 U.S.C. § 586(a)(3), and may raise and be heard on any issue in any case or proceeding, except that the United States Trustee may not file a chapter 11 plan. See 11 U.S.C. § 307.

The United States Trustee has standing to file a motion to dismiss or convert a case under chapter 11 pursuant to 11 U.S.C. § 1112(b). 28 U.S.C. § 586; 11 U.S.C. § 1112(b)(1). In addition, section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states:

(a) Each United States Trustee . . . shall - (8) in any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

## IV. Points and Authorities

### A. Case Should Be Converted to Chapter 7 Under 11 U.S.C. § 1112(b).

Section 1112(b) of the Bankruptcy Code provides, in pertinent part, that on the request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert the case to chapter 7, dismiss the case, or appoint a chapter 11 trustee or an examiner, whichever is in the best interests of creditors of the estate, if the movant establishes cause.

Section 1112(b)(4) sets forth a list of 16 grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P); see also In re Gateway Access Solutions, Inc., 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4). "Cause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of the those factors set forth in Section 1112(b)(4)." YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC), 505 B.R. 289, 302 (S.D. Cal. 2014) citing In re Prods. Int'l Co., 395 B.R. 101, 107 (Bankr.D.Ariz.2008). See also In re AmeriCERT, Inc., 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive . . . a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); In re Jayo, 2006 WL 2433451, *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in §1112(b).").

#### 1. "Cause" Exists to Convert Case Because there is a Diminution of the Estate and there is No Reasonable Prospect for Rehabilitation Under 1112(b)(4)(A)

The continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation constitutes cause to convert of dismiss a case. 11 U.S.C. §

MPA RE UST'S MOTION TO CONVERT/APPOINT TRUSTEE: 14-30725, 14-30866                            3

1112(b)(4)(A). In re Hassen Imports P'ship, 2013 WL 4428508 (B.A.P. 9th Cir. 2013); In re Mense, 509 B.R. 269, 284 (Bankr. C.D. Cal. 2014). Both prongs of this statutory cause are present in this case:

### i. **Substantial loss or diminution**

"If the debtor is operating with a sustained negative cash flow or diminution in asset value after the commencement of the case, these facts are sufficient to justify a finding of 'substantial or continuing loss to…the estate.'" In re Gateway Access Solutions, Inc., 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007); see In re Schriock Const. Inc., 167 B.R. 569, 575 (Bankr. D.N.D 1994) ("This element can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after the entry of the order for relief.") (internal citation omitted). "A negative cash flow means that the estate's current liabilities are increasing more rapidly than cash is available to pay as due." Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy § 1112.04[6][a] (16th ed. 2009).

Although Debtors' monthly operating reports indicate a cumulative profit of $91,791 as of December 31, 2014, this figure is inaccurate and misleading for three reasons. Martin Decl. ¶16. If properly prepared, Debtors' operating reports would show a cumulative loss and administrative insolvency.

First, Debtors' monthly operating reports fail to disclose and take into account unpaid expenses, including professional fees, which based upon interim fee applications total at least $668,000, as of mid-November. Martin Decl. ¶7, 16.[1] This omission persists on reports filed after November 5, 2014, when the United States Trustee first brought this omission to the attention of the Debtors. Martin Decl., Ex. 4. By omitting the $600,000 in unpaid professional fees, Debtors create the impression that the estate is solvent, when in reality it is not.

Second, although Debtors have liquidated inventory, the operating reports continue to show the value of inventory unchanged at $7,412,819 while the cost of goods sold includes only

---

[1] The Plan states that estimated chapter 11 administrative expenses total $1.2 million. See Plan, Docket No. 293-2, p. 169; Martin Decl. ¶9.

MPA RE UST'S MOTION TO CONVERT/APPOINT TRUSTEE: 14-30725, 14-30866     4

post-petition payments to subcontractors but omits the cost of booked inventory. Martin Decl. ¶16.

Third, Debtors' financial statements are materially deficient in that cumulative profit, cash receipts and disbursements are overstated due to obvious math errors, further rendering the reports unreliable. Martin Decl. ¶¶13-17

Thus, if the monthly operating reports had been properly prepared, they would show that, as of December 31, 2014, the estate was administratively insolvent and operating at a loss. Martin Decl. ¶16. This satisfies the first prong of 11 U.S.C. §1112(b)(4)(A).

### ii. No Likelihood of Rehabilitation

"The standard under section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather whether the debtor's business prospects justify continuance of the reorganization effort." In re Continental Holdings, Inc., 170 B.R. 919, 931 (Bank. N.D. Ohio 1994) (debtor lacked a reasonable likelihood of rehabilitation where debtor lacked reasonably certain source of income). "Rehabilitation is not another word for reorganization. Rehabilitation means to reestablish a business." Sante Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Mem'l Corp.), 386 B.R. 548, 552 (Bankr. D. Del. 2008).

It is undisputed that Debtors will not be rehabilitated in this chapter 11 case. Debtors have acknowledged since October 2014 that reorganization was not likely and that they intended to liquidate through a liquidation trust. See Status Conference Statement ¶¶3-4, Docket No. 214. The Committee's Plan proposes to liquidate, but the Plan is not confirmable because, among other things, the accompanying Disclosure Statement does not contain adequate information under 11 U.S.C. §1125(a) regarding intellectual property, avoidance actions, and administrative fees. See U.S. Trustee's Objection to Disclosure Statement [dkt. #302]; Motion ¶¶24-29; Plan, Docket No. 293. Since the Debtors are not rehabilitating in any event, further revisions of the Plan would only increase the administrative expenses of this already administratively insolvent estate.

In addition, Debtors have effectively ceased operating and do not intend to resume operations going forward, as evidenced by their statements in October, 2014 and the Committee's liquidating plan. This lack of ongoing business and the absence of sufficient number of personnel to operate makes reorganization unlikely. The aforementioned facts satisfy the second prong of 11 U.S.C. §1112(b)(4)(A).

### 2. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) Because Debtors Have Failed to File Timely and Accurate Monthly Operating Reports

11 U.S.C. § 1112(b)(4)(F) provides that for purposes of section 1112 cause includes an unexcused failure to satisfy timely any filing or reporting requirement established by Title 11. 11 U.S.C. § 704(8), made applicable to Chapter 11 cases by 11 U.S.C. § 1107(a) and United States Trustee Guidelines § 4.5, requires the Debtors to file monthly operating reports and bank statements no later than the 21st (twenty-first) day following the end of the calendar month. If the Debtors do not file these reports, then the ability of parties-in-interest and the United States Trustee to monitor the operations of the Debtors is impaired.

The late filing of monthly operating reports does not "cure" a debtor's failure to comply with chapter 11 reporting requirements, especially where, as here, the reports eventually filed are incomplete or inaccurate. In re Whetten, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (dismissing case under 11 U.S.C. §1112(b) where debtor filed reports that were untimely and inaccurate).

> Monthly operating reports and the financial disclosures contained within them "are the life-blood of the Chapter 11 process" …. Without these reports, the UST and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization.

Id. at 383; see also In re Tucker, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009) ("Filing a piece of paper is meaningless if the content is inaccurate, misleading, or wrong, thus the content of these documents is always relevant.").

Each of Debtors' monthly operating reports has been untimely filed; the delinquencies range from one day to more than 30 days. See PACER Docket. Debtors have repeatedly filed reports in bulk. For example, the August and September 2014 monthly operating reports were filed together on October 24, 2014, prior to a hearing on that same date. See PACER Docket

Nos. 217, 218 and Minutes of hearing dated October 24, 2014. Debtors failed to file any reports from that date until January 22, 2015, when they filed reports for October, November and December 2014, again just before a court hearing. See PACER Docket Nos. 279-284 and Minutes of hearing dated January 23, 2015. Moreover, as previously identified and as set forth in detail in the Martin Declaration, Debtors' operating reports are inaccurate and result in a misleading picture of Debtors' financial status. Debtors have failed to correct these omissions, even after requested to do so by the U.S. Trustee. Martin Decl. ¶¶7-12. .

Because the Debtors failed to file the monthly operating reports in a timely manner as required by statute and the United States Trustee Guidelines, and because the reports filed are materially deficient, cause exists to convert or dismiss under 11 U.S.C. § 1112(b)(4)(F).

### 3. Cause Exists to Convert Under 11 U.S.C. § 1112(b)(4)(B) Because Debtors Have Failed to Fulfill Their Fiduciary Duties to Creditors

A debtor in possession's responsibility to manage the estate arises from its fiduciary duty and obligation owed to all of its creditors and parties-in-interest. See, e.g., Wolf v. Weinstein, 372 U.S. 633, 649 (1963) ("[S]o long as the Debtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligations to the creditors as does the trustee for the Debtor out of possession."); Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985) (stating that the willingness to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibility of a trustee). See also In re Domiano, 442 B.R. 97, 105 (Bankr. M.D. Pa. 2010) (the powers of a debtor in possession come with concomitant responsibilities, including a fiduciary duty to creditors).

Courts have found that gross mismanagement for purposes of section 1112(b)(4)(B) may be established by a wide variety of conduct by debtors in possession in breach of their fiduciary duties. For example, courts have found gross mismanagement where a debtor in possession has failed to attempt to recover property that arguably belonged to the estate, In re Lodge at Big Sky, LLC, 2011 WL 2358146 *8 (Bankr. D. Mont. June 8, 2011), or has failed "to justify expenses,

comply with financial reporting requirements, and keep accurate accounting records [leading] to a lack of control over estate cash." In re Visicon Shareholders Trust, 478 B.R. 292, 309 (Bankr. S.D. Ohio 2012).

In this case, Debtors have conceded that potential avoidance actions and other claims exist against insiders, see Standing Motion, Docket No. 269, ¶¶11-12, but Debtors have not pursued these claims, presumably because they do involve insiders of the Debtors. Debtors' recent motion, since withdrawn, to confer standing on the Committee to pursue certain claims highlights the problem. Debtors acknowledge in that document their inability to pursue such claims, while failing to identify with any specificity which claims they have agreed to permit the Committee to pursue.[2] Debtors' conduct with respect to the potential insider actions breaches their fiduciary duty to creditors and constitutes gross mismanagement of the estate, which is grounds to convert or dismiss under 11 U.S.C. §1112(b)(4)(B).

In addition to the insider claims, Debtors' failure to operate within the confines of the Bankruptcy Code constitutes gross mismanagement. This is evidenced by the unauthorized $4,800 payment to law firm Davis Wright Tremaine LLP. Martin Decl. ¶ 21. This law firm is not employed by the estate and there is no order authorizing this payment. See PACER. Other transfers also do not comport with the known financial condition of the Debtors, including the $120,000 in payments to ADP Payroll when Debtors had only two employees. Martin Decl. ¶ 19.

### C. This Case Should Be Converted

As described above, cause exists to convert or dismiss this case. Once "cause" is established, the court must then determine whether dismissal or conversion of the case, or appointment of a trustee under 11 U.S.C. § 1104(a) or an examiner, is in the best interests of creditors and the estate, see 11 U.S.C. § 1112(b)(1), unless the court identifies "unusual circumstances" that such relief is not in the best interests of creditors and the estate. 11 U.S.C. §

---

[2] Although no longer an issue because the Standing Motion was withdrawn, the Committee because of its prior relationship with Province suffered from the same conflict in evaluating potential insider claims involving Province and Kravitz.

1112(b)(2).  In re Sullivan, 522 B.R. 604, 612-13 (9th Cir. BAP (Cal.)); In re Products Intern. Co., 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); In re Nelson, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (section 1112(b) establishes a two-step analysis for dealing of questions of conversion or dismissal.)  Once "cause" is found, the burden shifts to the debtor to show that there is a reasonable likelihood that a plan will be confirmed within a reasonable time, and, if the cause for conversion or dismissal includes an act or omission of the debtor, "(i) [] there exists a reasonable justification for the act or omission; and (ii) it will be cured within a reasonable time fixed by the court."  11 U.S.C. § 1112(b)(2)(A)-(B).

Conversion of this case to chapter 7 is warranted, as this remedy will permit a neutral, unconflicted chapter 7 trustee to evaluate and pursue, where appropriate, claims against insiders, and will ensure that the estate is administered in accordance with the priorities set forth in the Bankruptcy Code.  In contrast, the Committee's Plan proposes a liquidating trust that operates without the oversight and transparency inherent in a proceeding under chapter 7.  By way of example, trust professionals can be paid without court approval and without the due process and standards required by the Code.  The Plan's suggestion that the proposed cap on the liquidating trustee's fees is a more affordable alternative to chapter 7 is misleading because a chapter 7 trustee's fees are subject to court approval and reduction, where appropriate, are limited by the amount of disbursements under 11 U.S.C. § 326, and are allowed based upon reasonable standards; none of these safeguards are present under the Plan.

If the Court finds that cause exists under section 1112(b) but determines that conversion of the case to chapter 7 or dismissal is not in the best interests of creditors, then the United States Trustee requests the appointment of a chapter 11 trustee under sections 1104(a) and 1112(b)(1).

**D.    There Are No Known Compelling Circumstances to Justify A Continuance**

Section 1112(b)(3) provides that "[t]he court shall commence the hearing" on a motion to convert or dismiss under section 1112(b)(1) "not later than 30 days after filing of the motion" and decide the motion "not later than 15 days after commencement of such hearing unless movant expressly consents to a continuance [] or compelling circumstances prevent the court

MPA RE UST'S MOTION TO CONVERT/APPOINT TRUSTEE: 14-30725, 14-30866      9

from meeting the time limits." 11 U.S.C. § 1112(b)(3). The United States Trustee is not aware of compelling circumstances that justify deviating from the time frames required by section 1112(b)(3).

## V. **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests the Court enter an Order converting the case to Chapter 7, or, in the alternative, appointing a chapter 11 trustee, and for other relief as is just and appropriate under the circumstances.

Dated: February 13, 2015

Respectfully submitted,
TRACY HOPE DAVIS,
UNITED STATES TRUSTEE

/s/ Lynette C. Kelly
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745