**WEILAND GOLDEN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Petitioning Creditor
Koi Systems Ltd.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Lead Case No.: 14-30725 DM |
| HASHFAST TECHNOLOGIES, LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with Case No. 14-30866 |
| Debtor and Debtor-in-Possession. | Chapter 11 |
| ■ Affects HASHFAST LLC, a Delaware limited liability company, | Hearing:<br>Date: March 20, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 22<br>235 Pine Street, 19th Floor<br>San Francisco, CA 94104 |
| Debtor and Debtor-in-Possession. | Judge: Hon. Dennis Montali |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER ALLOWING REIMBURSEMENT OF EXPENSES OF KOI SYSTEMS LTD., PETITIONING CREDITOR AND MEMBER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C. § 503**

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Koi Systems Ltd. ("Koi"), petitioning creditor and member of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of HashFast Technologies, LLC and HashFast LLC (collectively, "HashFast" and/or the "Debtors"), submits this Memorandum of Points and Authorities in Support of Motion for Order Allowing Reimbursement of Expenses of Koi Systems Ltd., Petitioning Creditor and Member of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. § 503 (the "Motion").

## I. INTRODUCTION

Cause exists to allow reimbursement to Koi for $39,230.72 for legal fees and expenses directly related to bringing the involuntary petition and $9,957.91 for travel expenses for the performance of its duties as a member of the Committee. Koi believes the Estates have sufficient funds to pay the expenses requested. Accordingly, Koi respectfully requests that the Bankruptcy Court grant the Motion.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court May Approve Koi's Legal Expenses

Section 503 of the Bankruptcy Code provides in part:

> (a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--...(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by --...(A) a creditor that files a petition under section 303 of this title. . .(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of

> this title…(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

The court in *In re HovdeBray Enterprises*, 499 B.R. 333 (2013), examining the case of *In re Key Auto Liquidation Ctr., Inc.*, 384 B.R. 599, 605-06 ("Bankr.N.D.Fla.2008), found that the *Key Auto* court put it succinctly:

> Petitioning creditors may seek the fees and costs directly related to preparing the involuntary petition and pursuing it to successful conclusion. §§ 503(b)(3)(A) and 503(b)(4); *Hanson Industries*, 90 B.R. at 410; *In re Crazy Eddie, Inc.*, 120 B.R. 273, 277-78 (Bankr.S.D.N.Y.1990). Attorney's fees may be recovered under §§ 503(b)(3)(A) and 503(b)(4) for preparing and filing the involuntary petition, contacting other creditors to join in the petition, legal and factual research regarding the grounds for filing the case, and litigating whether an order for relief should be entered. *In re Westek Georgia, LLC*, 317 B.R. 567, 570 (Bankr.M.D.Ga.2004) (quoting *Collier on Bankruptcy*, ¶ 503.10[2][b] at 503-61 (15th ed. rev.2004)). These amounts are subject to a reasonableness review mirroring that of § 330. *In re Stoecker*, 128 B.R. 205, 209 (Bankr. N.D.Ill.1991). The "cut-off point" for administrative expenses under §§ 503(b)(3)(A) and 503(b)(4) is the entry of an order for relief. *In re Hall*, 373 B.R. 788, 794-95 (Bankr.S.D.Ga.2006) (quoting *Collier on Bankruptcy*, ¶ 503.10[2][b] (15th ed.rev.)).

Applicants have the burden of proving their entitlement to administrative expenses. The expenditures must benefit the bankruptcy estate as a whole rather than just Applicants. *In re Stoecker*, 128 B.R. 205, 208 (Bankr. N.D. Ill. 1991).

Taken together, under Sections 503(b)(3)(A) and 503(b)(4), petitioning creditors are entitled to reasonable attorneys' fees for work directly related to the filing of the involuntary petition. Sections 503(b)(3)(D) and (b)(4) allow for reimbursement of professional payments incurred by entities that have made a substantial contribution in a

case. In *Davis v. Elliot Management Corp.*, (*In re Lehman Brothers Holdings Inc.*),[1] the United States District Court for the Southern District of New York held that committee members may seek reimbursement from a debtor's estate for their professional fees by utilizing Section 503(b)(3)(D) and (b)(4) of the Bankruptcy Code and demonstrating that they have made a "substantial contribution" to the bankruptcy case.

In this case, Koi, a petitioning creditor, conceived of bringing an involuntary chapter 7 petition against HFT and took the lead in convincing other creditors to join in the petition which was filed on May 9, 2014. On June 3, 2014, HFT filed its conditional consent to the order for relief and its motion to convert to chapter 11. The Court entered an order on June 4, 2014, converting the Bankruptcy Case to one under chapter 11.

Koi's legal expenses were necessary to bringing the involuntary petition. All entries not related to bringing the involuntary petition and all entries after the entry of the order for relief have been deleted from the attached itemization. *See* Exhibit "2" and the concurrently filed Edgeworth Declaration.

### B. The Court May Approve the Reimbursement of Committee Travel Expenses

Section 503(b)(3)(F) provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--. . . (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by --. . .(F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee.

In this case, Koi's travel expenses were necessary in order for Koi to participate in Committee meetings, court hearings, management negotiations and examinations of several individuals who have significant knowledge of the Debtors' financial condition and

---

[1] Memorandum and Order, *Davis v. Elliot Management Corp.*, (*In re Lehman Brothers Holdings, Inc.*), Case No. 13-2211 (RJS) (S.D.N.Y. Mar. 31, 2014).

operations. Koi believes the expenses requested are reasonable and that there are sufficient funds available to pay the requested expenses. *See* Edgeworth Declaration.

## III. CONCLUSION

**WHEREFORE**, Koi respectfully requests that the Court enter an order providing for the following relief:

1. Granting the Motion;

2. Authorizing payment of the sum of $39,230.72 to Koi for administrative expenses pursuant to 11 U.S.C. §§ 503(b)(3)(A), 503(b)(3)(D) and 503(b)(4);

3. Authorizing payment of the sum of $9,957.91 to Koi for travel expenses pursuant to 11 U.S.C. § 503(b)(3)(F); and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: February 27, 2015     WEILAND GOLDEN LLP

By:  /s/ BETH E. GASCHEN
     BETH E. GASCHEN
     Attorneys for Koi Systems Ltd.