KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor and Debtor-In-Possession<br>_____<br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-In-Possession | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Lead Case No. 14-30725<br><br>Jointly Administered with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF COMPROMISE WITH HYPERTECHNOLOGIE CIARA, INC.**<br><br>Date: March 27, 2015<br>Time: 10:00 am<br>Place: 235 Pine St., 19th Floor<br>San Francisco, CA 94104<br>Judge: Honorable Dennis Montali. |

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit their Motion for Approval of Compromise Relating to Ciara ("Motion"), pursuant to Federal Rule of Bankruptcy Procedure 9019(a), for approval of a compromise relating to Hypertechnologie Ciara, Inc.'s ("Ciara") claim to charge storage costs (the "Storage Fees") on account of certain goods that have remained in Ciara's possession (the "Storage Inventory"), and in support of this

Motion, respectfully represents:

1. The Debtors respectfully request that the Court enter an order granting the following relief:

(a) authorizing and approving the Debtor to enter into the Settlement Agreement (the "Settlement Agreement"), which is attached as **Exhibit 1** to the Declaration of Peter Kravitz in Support of the Motion (the "Declaration"), with Ciara to resolve and settle their dispute regarding the Storage Fees and Storage Inventory; and

(b) granting such other and further relief as the Court deems just.

2. The economic terms of the Settlement Agreement provide for the payment by the Debtors of $30,000 in exchange for the delivery of the Stored Inventory.

3. The Debtors have determined that the Settlement Agreement is fair and equitable, reasonable and in the best interests of the creditors and the estate.

4. This Motion is based on the information and evidence contained in this Motion, the Declaration, the Memorandum of Points of Authorities, attached hereto as **Exhibit 2**, and the Notice of Hearing filed concurrently herewith.

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested herein.

Dated: February 27, 2015

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By:/s/ Jessica M. Mickelsen
Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

# EXHIBIT 2

KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor and Debtor-In-Possession<br><br>---<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-In-Possession | Lead Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE WITH HYPERTECHNOLOGIE CIARA, INC.**<br><br>Date: March 27, 2015<br>Time: 10:00 am<br>Place: 235 Pine St., 19th Floor<br>      San Francisco, CA 94104<br>Judge: Honorable Dennis Montali. |

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit their Memorandum of Points and Authorities in support of their Motion for Approval of Compromise Relating to Ciara ("Motion"), pursuant to Federal Rule of Bankruptcy Procedure

9019(a), for approval of a compromise relating to Hypertechnologie Ciara, Inc. ("Ciara") and those certain Storage Fees and Storage Inventory (both as subsequently defined), and in support of this Motion, respectfully represents:

## I.

## RELIEF REQUESTED

1. The Debtors respectfully request that the Court enter an order granting the following relief:

    (a) authorizing and approving the Debtor to enter into the Settlement Agreement (the "Settlement Agreement"), which is attached as **Exhibit 1** to the Declaration of Peter Kravitz in Support of the Motion (the "Declaration"), with Ciara to resolve and settle their dispute regarding the Storage Fees and Storage Inventory (both as subsequently defined) to the Debtors; and

    (b) granting such other and further relief as the Court deems just.

## II.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019(a).

## III.

## BACKGROUND

3. On May 9, 2014 (the "Petition Date"), certain petitioning creditors filed a chapter 7 Involuntary Petition against HashFast Technologies LLC under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") [Doc. No. 1]. On June 3, 2014, HashFast Technologies LLC filed its Conditional Consent to an Order for Relief [Doc. No. 36] and its Motion to Convert to Chapter 11 [Doc. No. 35]. This Court entered its order converting HashFast Technologies LLC's case to one under chapter 11 on June 5, 2014 [Doc. No. 40].

4.     On June 6, 2014, HashFast LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     On July 9, 2014, this Court granted the Debtors' motion to jointly administer their cases [Doc. No. 12].

6.     On or about July 23, 2014, the Committee of Unsecured Creditors filed its motion to substantively consolidated the Debtors' bankruptcy estates, which this Court granted on September 28, 2014 [Doc. No. 202].

7.     The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.     The Debtors design, develop, manufacture and sell certain computer chips and equipment, including Application Specific Integrated Circuit, or ASIC, semiconductors, for the sole purpose of auditing transaction data for the Bitcoin networks, also known as "Bitcoin mining."

9.     Prior to the Petition Date, on September 23, 2013, HashFast Technologies LLC and Ciara entered into that certain Supply Agreement (the "Supply Agreement"), pursuant to which Ciara provided certain goods to HashFast Technologies LLC, which goods have remained in Ciara's possession since prior to the Petition Date (the "Stored Inventory").

10.    The Debtors bought the Stored Inventory as a part of its Bitcoin mining business, which remains ongoing.

11.    Under the Supply Agreement and applicable local law, Ciara has asserted that it is lawfully entitled to storage costs from the Debtors on account of the Stored Inventory that exceed $200,000 (the "Storage Fees"). The Debtors deny any liability to Ciara in connection with the Stored Inventory and/or the Storage Fees.

12.    After extensive settlement discussions between the Debtors and Ciara, the parties entered into that certain Settlement Agreement (the "Settlement Agreement"), dated November 5, 2014, by which they propose to resolve and settlement their disputes regarding the Stored Inventory and Storage Fees, without resorting to litigation. But for the Settlement Agreement, the Debtors otherwise would have filed an adversary proceeding to obtain the Stored Inventory.

13. The economic terms of the Settlement Agreement generally provide for the payment by the Debtors of $30,000 in exchange for the delivery of the Stored Inventory, at the Debtors' sole cost and liability, to the Debtors

## IV.

## DISCUSSION

14. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The Court has great latitude in approving compromise agreements. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

15. Settlement of time-consuming and burdensome litigation claims, especially in the bankruptcy context, is encouraged. *In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). For a compromise to be approved, the proposed compromise must be fair and equitable. *Id.* In determining the fairness and equity of a compromise, the bankruptcy court must apprise itself of all facts necessary to form an intelligent and objective opinion of the probability of ultimate success should the claims be litigated, and estimate the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Id.*; *see also Martin v. Kane*, 784 F.2d 1377, 1380-84 (9th Cir. 1986). The Court need not, however, conduct an exhaustive investigation into the validity of the claims to be compromised, nor is the Court expected to conduct a mini-trial on the merits. *Walsh Constr., Inc. v. Alaska Nat'l Bank of the North*, 669 F.2d 1325, 1328 (9th Cir. 1982).

16. The purpose of any compromise agreement is to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. *Walsh Constr.*, 669 F.2d at 1328 (citing *Wil-Rud Corp. v. Lynch (In re Cal Assoc. Prod.)*, 183 F.2d 946, 949-50 (9th Cir. 1950)). The law favors compromise and not litigation for its own sake. *Port O' Cail mv. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976). In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, a court should consider: "(1) the probability of success in litigation, (2) the difficulties, if any, to be encountered in the matter of collection, (3)

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

4

the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of the creditors and the proper deference to their reasonable views. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). Consideration of these factors does not require the Court to decide questions of law and fact in the parties' dispute or to determine that the settlement is the best possible resolution; instead the Court need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See Burton v. Ulrich Un re Schmitt*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

17.     The Debtors submit that the Settlement Agreement meets the foregoing requirements. Applying the above standards to the circumstances here, the Motion should be granted and the Settlement Agreement approved. The Settlement Agreement resolves the dispute regarding the Stored Inventory and Storage Fees without resorting to contested litigation through an adversary proceeding that would cost considerable time and expense. Such litigation would have been further complicated by the potential application of Canadian law to this dispute. Quickly resolving this dispute was also paramount, given the Debtors' critical need to obtain the Stored Inventory in order to maximize its value for the benefit of the estates and its creditors. Accordingly, Debtors and Ciara respectfully submit that the Settlement Agreement meets the above-cited standards for judicial approval, comports with the public policy considerations favoring settlements, and is the product of good faith, arms'-length negotiations between them.

18.     As the Settlement Agreement resolves matters concerning the Stored Inventory and Storage Fees, it is in the best interest of the estate and the creditors. The dispute between the Debtors and Ciara would be sharply contested in an adversary proceeding without the Settlement Agreement. The Settlement Agreement is the most reasonable and cost-effective way of proceeding at this juncture and will save significant expense, inconvenience and delay associated with continued and protracted litigation.

## V.

### NOTICE AND NO PRIOR REQUEST

19.     Pursuant to FRBP 2002(a)(3), notice of this Motion will be given to: (a) the Office of the United States Trustee for the Northern District of California; (b) counsel for the Official

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Committee of Unsecured Creditors; and (c) all those parties entitled to notice pursuant to that certain order limited service of notice of certain matters [Doc. 107]. The Debtors submit that, under the circumstances, no other or further notice is required.

20.     No previous motion or other request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested in the Motion.

Dated: February 27, 2015

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui
Jessica M. Mickelsen

By:/s/ Jessica M. Mickelsen
Counsel for Debtor and Debtor-In-Possession
HashFast Technologies LLC and HashFast LLC

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6