Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>   Debtor and Debtor in Possession.<br><br>x  Affects HASHFAST LLC, a Delaware limited liability company,<br><br>   Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>Hearing:<br>Date:    March 13, 2015<br>Time:   11:00 a.m.<br>Place:   Courtroom 22<br>            U.S. Bankruptcy Court<br>            235 Pine Street<br>            San Francisco, CA 94104 |

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b), OR IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned substantively consolidated bankruptcy cases (the "Bankruptcy Case") hereby respectfully submits the within opposition (the "Opposition") to the *United States Trustee's Motion to Convert Case to Chapter 7 Under § 1112(b), or in the Alternative, To Appoint a Chapter 11 Trustee* (the "Motion") [Docket Entry ("D.E.") 306].

# I. INTRODUCTION

Conversion and the appointment of a chapter 11 trustee are mechanisms designed to protect the interests of creditors. The United States Trustee (the "UST") undoubtedly moves with that intention in mind; however, the conversion of the Bankruptcy Case to one under chapter 7 or the appointment of a chapter 11 trustee due to the failure of Hashfast Technologies, LLC and Hashfast, LLC (collectively, the "Debtors") to strictly adhere to certain reporting requirements would likely result in increased administrative expense and harm to the creditors. More precisely, the conversion of the Bankruptcy Case or the appointment of a chapter 11 trustee would disrupt the creditors' efforts to create a cost-effective and transparent means to administer the remaining assets of the estate through a liquidating trust—efforts, which if successful, will result in greater distributions to creditors than in a chapter 7. Accordingly, the Committee respectfully requests that the Court deny the Motion or, in the alternative, continue the hearing on the Motion to the same date and time as the plan confirmation hearing.

# II. DISCUSSION

The UST moves to convert the Bankruptcy Case to one under chapter 7 or appoint a chapter 11 trustee due to the fact that the Debtors have failed to file timely monthly operating reports or prosecute certain avoidance actions against insiders. Additionally, the UST contends that conversion is appropriate because the bankruptcy estates are administratively insolvent. However, neither conversion nor the appointment of a chapter 11 trustee will resolve these issues; rather, such actions at this crucial point in the Bankruptcy Case will only serve to cease *bona fide* efforts of the Committee to create a viable exit strategy and, ironically, increase administrative expenses—exacerbating, rather than alleviating, one of the UST's principal concerns.

### A. Untimely Operating Reports do not Justify the Substantial Prejudice that Would Result from Conversion or Appointment of a Trustee

The UST first avers that cause exists to convert or appoint a chapter 11 trustee under 11 U.S.C. § 1112(b)(4)(F) due to the Debtors' failure to file timely operating reports. The Committee cannot dispute that the operating reports were not filed in a timely manner. The

Debtors, however, have corrected this error[1] and, to the extent any information is inaccurate, can easily redress those inaccuracies. More importantly, the Debtors' failure to file timely operating reports should not result in harm to the creditors, which is precisely what would result from the conversion of the Bankruptcy Case or appointment of a chapter 11 trustee through the ousting of the Committee (which has proposed and is actively prosecuting a plan of liquidation) and, in all likelihood, a precipitous increase in administrative expenses by burdening the estate with the cost of another fiduciary. Accordingly, the Committee respectfully requests that the Court find the Debtors' tardiness harmless and insufficient to establish cause to convert.

**B.  Administrative Expenses do not Justify the Substantial Prejudice that Would Result from Conversion or Appointment of a Trustee**

The UST also contends that cause exists to convert or appoint a chapter 11 trustee under 11 U.S.C. § 1112(b)(4)(A) due to administrative expenses incurred during the Bankruptcy Case. Incurring administrative expenses during a bankruptcy case is unavoidable—especially in a bankruptcy case involving a complex business and divergent views on how best to restructure the business, such as in the instant Bankruptcy Case. However, the conversion of the Bankruptcy Case will not decrease the existing administrative claims against the estate or reduce the administrative expenses that would be incurred in a chapter 7, including, but not limited to, chapter 7 trustee expenses, fees and expenses for the counsel for the chapter 7 trustee (both litigation counsel and general bankruptcy counsel), and, ultimately, chapter 7 trustee fees—expenses which are higher than the administrative costs under the proposed liquidating trust. The result of these additional fees is a corresponding decrease in distributions to unsecured creditors. On the other hand, if the Committee's plan is confirmed, the costs of administration will be substantially less. Such savings would allow for hundreds of thousands of dollars in additional payments to unsecured creditors, payments which would be unavailable in a chapter 7. Additionally, the liquidating trust would allow such payments to commence much sooner than in a chapter 7, which only disburses funds to creditors at the end of the case.

---

[1] As of the filing of this Opposition, the Debtors have yet to file the January 2015 operating report. Based on conversations with Debtors' counsel, the Committee understands that the operating report is nearly complete and should be filed shortly.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

The Committee also submits that the Debtors have an opportunity to rehabilitate. By and through the plan proposed by the Committee, the estate would reform as a new entity—a trust designed to administer the estate assets and prosecute certain causes of action for the benefit of the creditors. Although this is not the same business the Debtors engaged in pre-petition, that is not what rehabilitation requires. Indeed, if that were the case, chapter 11 liquidating trusts could simply not exist, but they do and are effectively utilized in analogous cases to administer complex or large estates.

The UST also contends that the Committee's plan is unconfirmable. The Motion, however, was filed before the Committee submitted the current version of the plan, which the Committee believes addresses the concerns raised by the UST, the Court and other interested parties. For instance, under the current plan, the Court will have oversight of liquidating trust activities, including the payment of professionals. In sum, the current plan provides a viable means for restructuring the estate and administering its assets for the benefit of creditors through a mechanism purposefully designed to reduce administrative expenses and, thereby, increase distributions to creditors.

### C. The Alleged Breach of Fiduciary Duty does not Justify the Substantial Prejudice that Would Result from Conversion or Appointment of a Trustee

Lastly, the UST contends that cause exists to convert or appoint a chapter 11 trustee under 11 U.S.C. § 1112(b)(4)(B) due to Debtors' failure to prosecute avoidance actions against insiders—a failure the UST contends constitutes a violation of the Debtors' fiduciary duty and gross mismanagement of the bankruptcy estate. The contention, however, is somewhat disingenuous. After multiple discussions regarding the prosecution of these causes of action, the Debtors and the Committee determined it was in the best interests of the estate if the Committee brought the avoidance actions. Accordingly, the Debtors filed a motion seeking to authorize the Committee to prosecute the avoidance actions. *See* D.E. 269. In response, the UST objected to the grant of such authority. *See* D.E. 290. As the Committee was in the process of preparing a plan of liquidation that would transfer the authority to prosecute the avoidance actions (among other causes of action) to the liquidating trust, the Debtors simply withdrew the motion to confer

standing (D.E. 300), commenced an avoidance action seeking to recover 3000 BTC worth approximate $700,000 (*Hashfast Technology, LLC v. Lowe*, Adv. No. 15-03011 DM), and supported the Committee's efforts to create the liquidating trust.

The Committee respectfully submits that these actions evidence that the Debtors, in concert with the Committee, have acted diligently to administer the avoidance actions for the benefit of creditors and ensure that such administration will continue post-confirmation.

### D. Continuance Warranted if Motion is not Denied

In the event the Court is not inclined to deny the Motion at this time, the Committee respectfully requests that the Court continue the hearing on the Motion to the time and date set for the confirmation hearing (assuming the disclosure statement is approved). Such continuance would allow the creditors to determine whether they prefer treatment under the proposed liquidating trust or chapter 7. As the only parties affected by the conversion, the Committee submits that allowing the creditors to voice their opinion through voting on the proposed plan is a sufficiently compelling reason to defer ruling on the Motion until confirmation.

### III. CONCLUSION

The Committee respectfully submits that the alleged deficiencies do not support a finding of cause to convert or appoint a chapter 11 trustee under 11 U.S.C. §§ 1104 or 1112(b) and, therefore, requests that the Court enter an order denying the Motion in its entirety. If the Court is not inclined to deny the Motion at this time, the Committee requests that the Court continue the hearing on the Motion to the time and date set for the hearing on the confirmation of the plan.

Dated: February 27, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
Ashley M. McDow
Michael T. Delaney

Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS

- 5 -

# PROOF OF SERVICE

*In re HASHFAST TECHNOLOGIES, LLC*
U.S. Bankruptcy Court Northern District of California
Case No. 14-30725 DM

    I am over the age of eighteen years and not a party to the within-entitled action. I am employed in the city and county of Los Angeles my business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On February 27, 2015, I served a copy of the within document(s):

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b), OR IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE**

on the party(ies) by placing true and correct copies thereof in sealed envelopes for service addressed as follows:

 by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Presiding Judge:
Honorable Dennis Montali
PO Box 7341
San Francisco, CA 94120-7341

Requested Manual Notice:
Eric W. Benisek
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Requested Manual Notice:
Timothy Lam
6156 Temple City Blvd.
Temple City, CA 91780

Requested Manual Notice:
Ainsley G. Moloney
Morgan Lewis & Bockius LLP
1 Federal St.
Boston, MA 02110

Requested Manual Notice:
Process General
5915 Edmond St. #102
Las Vegas, NV 89118-2860

Requested Manual Notice:
Craig A. Barbarosh
Katten Muchin Rosenman LLP
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626-7122

Requested Manual Notice:
Edward Hammond
3103 Powell Cir.
Austin, TX 78704

Requested Manual Notice:
Kang Lu
5753 Hwy 85 North #2442
Crestview, FL 32536

Requested Manual Notice:
Grant Pederson
12538 Botanical Ln.
Frisco, TX 75035

Requested Manual Notice:
Peter A. Siddiqui
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661-3693

 by transmitting via electronic mail the document(s) above below to the e-mail address(es) set forth below on this date the transmission was reported as complete and without error.

Ray E. Gallo: rgallo@gallo-law.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on February 27, 2015, at Los Angeles, California.

*/s/ Sonia Gaeta*