CHRISTOPHER D. SULLIVAN (148083)
GREGORY A. ROUGEAU (194437)
DIAMOND McCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Telephone: (415) 692-5200
Facsimile: (415) 263-9200
e-mail: csullivan@diamondmccarthy.com
grougeau@diamondmccarthy.com

Counsel for Creditor
LIQUIDBITS CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>    Debtor and Debtor-In-Possession.<br>_____<br><br>☒Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-In-Possession. | Case No. 14-30725<br><br>(Substantively consolidated with *In re HashFast LLC*, Case No. 14-30866)<br><br>Chapter 11<br><br>**JOINDER OF CREDITOR LIQUIDBITS CORPORATION TO UNITED STATES' TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7**<br><br>Date: March 13, 2015<br>Time: 11:00 a.m.<br>Place: Courtroom 22<br>Judge: Hon. Dennis Montali |

LIQUIDBITS CORPORATION ("Liquidbits") hereby respectfully joins the United States Trustee's Motion To Convert Case To Chapter 7 Under 11 U.S.C. § 1112(b), Or In The Alternative, To Appoint A Chapter 11 Trustee (the "Conversion Motion"). Cause clearly exists to convert this case.

-1-
JOINDER TO CONVERSION MOTION

## INTRODUCTION

At the January 23, 2015 hearing on the interim fee applications field by the attorneys for the Debtors and the Committee, the Court intimated that it considered putting these Chapter 11 cases "out of their misery," but that a conversion motion was not then before the Court. Such a motion is now before the Court, and the United States Trustee has painted a compelling picture for conversion of the cases. In the seven months since the Committee opposed the Debtors' efforts to sell their assets to Liquidbits, these cases have grown increasingly administratively insolvent, to the point that there remains only $290 in the estates. During that time, the Committee's attorneys have spent perhaps hundreds of thousands of dollars formulating a liquidating plan that inures chiefly to their benefit as Chapter 11 administrative claimants, that strips the Court of the oversight over the liquidation process that would occur in Chapter 11, and that is unconfirmable on its face in any event. Liquidbits respectfully requests that the Court put these Chapter 11 cases "out of their misery," as requested by the United States Trustee.

## LEGAL ARGUMENT

As the United States Trustee notes in its Conversion Motion, Section 1112(b) governs requests for conversion or dismissal by anyone other than the debtor. It provides that upon the request of a party-in-interest, "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

Section 1112(b)(4) lists 16 separate grounds as "cause" for conversion. In addition to the other grounds articulated by the United States Trustee in its Conversion Motion, one of those grounds- "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (11 U.S.C. § 1112(b)(4)(A)"- fits this case to a tee.

## I. THE ESTATES HAVE SUFFERED SUBSTANTIAL AND CONTINUING LOSSES WHILE IN CHAPTER 11.

As the Debtors' recently filed operating reports and latest Disclosure Statement make clear, the "controlled liquidation" embarked upon by the Debtors and the Committee in the wake of the Committee's opposition to the July 18, 2014 "Liquidbits Sale Motion" have proven disastrous to the Debtors' estates. As of the end of January 2015, there remains only $290 remaining in the estate. The Debtors' January 2015 operating report (Docket No. 336) reflects no other assets. That the estates are administratively insolvent, and becoming more so with every passing day, cannot be seriously disputed.

## II. THERE IS NO LIKELIHOOD OF REHABILITATION.

Concurrently with this Joinder, Liquidbits has submitted an Objection to the "Consolidated Plan of Liquidation and Disclosure Statement For HashFast Technologies, LLC and HashFast, LLC, Dated February 25, 2015" (the "Disclosure Statement") filed by the Committee. Most of the numerous deficiencies with the Committee's latest Disclosure Statement need not be repeated here.

What must be emphasized for the purposes of this Joinder, though, is that with $290 remaining in the estates, the Disclosure Statement describes a Plan that is simply not confirmable. There are $1,238,726.25 in estimated Chapter 11 administrative expenses, and $29,973.69 in priority claims, that must be paid on the "Effective Date" of the Plan. Due to the disastrous "controlled liquidation" strategy pursued by the Committee in these cases, there are now no funds to pay these claims, and there is no mechanism proposed by the Committee to somehow come up with the funds before the Effective Date. The Plan is simply not feasible.

In its Opposition (Docket No. 332) to the United States Trustee's Conversion Motion, the Committee completely overlooks the justifiable concerns the United States Trustee has articulated concerning the Committee's Plan. Instead, the Committee blithely asserts that creditors would receive more through its proposed liquidating plan than through Chapter 7, due to increased administrative costs associated with Chapter 7. By the Committee's own admission, though, the *only* difference, from a cost perspective, between the Chapter 11 liquidation and the Chapter 7

liquidation is that Michael Kasolas, the proposed Hashfast Creditor Trustee, is willing to take less than would be statutorily awarded to a Chapter 7 trustee, and, according to the Committee, that difference translates to, at most, an increased distribution of 0.5%. When the Court considers that the Committee would have creditors sacrifice the transparency of the Chapter 7 process, and the disinterestedness of a Chapter 7 trustee and its professionals, for that questionable return, conversion seems even more appropriate.

## CONCLUSION

This Chapter 11 case has obviously gone "off the rails." The "controlled liquidation" the Committee has overseen in the months since the Debtors ceased ordinary course operations diminished the estates, so much so that the very Plan the Committee has proposed cannot be confirmed. Liquidbits could not agree more with the United States Trustee that this case should be converted. It respectfully requests that the Court grant the United States Trustee's Conversion Motion.

Dated: March 6, 2015                                         DIAMOND McCARTHY LLP


*/s/ Gregory A. Rougeau*
Gregory A. Rougeau
Attorneys for Creditor
LIQUIDBITS CORPORATION