TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:  JULIE M. GLOSSON
     Trial Attorney (#230709)
     Email: julie.m.glosson@usdoj.gov

     LYNETTE KELLY
     Trial Attorney (#120799)
     Email: lynette.c.kelly@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC,<br><br>　　　　　Debtor-In Possession<br><br>Affects HASHFAST LLC,<br><br>　　　　　Debtor-In Possession. | Lead Case No. 14-30725 DM<br><br>Substantively Consolidated with:<br><br>Case No. 14-30866<br><br>Chapter 11<br><br>Date:　May 27, 2015<br>Time:　1:30 p.m.<br>Ctrm:　Hon. Dennis Montali<br>　　　　235 Pine Street, 22nd Floor<br>　　　　San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**COMMITTEE'S PLAN OF LIQUIDATION**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned counsel, objects to confirmation of the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC and Hashfast, LLC dated March 27, 2015* ("Plan") [dkt. #344] filed by the Official Committee of Unsecured Creditors ("Committee") pursuant to

sections 105, 1128 and 1129 of title 11 of the United States Code. In support, the United States Trustee states:

## I. INTRODUCTION

The United States Trustee objects to confirmation of the Plan because:

- The Plan Proponent has failed to satisfy its burden that there are or that Debtors will have sufficient funds by the Effective Date to make the payments required under 11 U.S.C. § 1129(a)(9);

- The Plan does not satisfy the best interests test under 11 U.S.C. § 1129(a)(7);

- The Plan fails to fully disclose post-petition management and compensation of the Debtors as required under 11 U.S.C. § 1129(a)(5); and

- The Plan impermissibly provides for exculpation and indemnity provisions that are not consistent with the Bankruptcy Code.

In support of this motion, the United States Trustee requests that the Court consider the following documents filed by the United States Trustee:

- United States Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b), Or In The Alternative, To Appoint A Chapter 11 Trustee ("Motion") [dkt. #306];

- Memorandum of Points and Authorities In Support of the United States Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b), Or In The Alternative, To Appoint A Chapter 11 Trustee [dkt. #307];

- Declaration of Patricia A. Martin In Support of the United States Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Or In The Alternative, To Appoint A Chapter 11 Trustee, and Exhibits referenced therein [dkt. #308]; and

- United States Trustee's Supplement to the Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b), Or In The Alternative, To Appoint A Chapter 11 Trustee ("Supplemental Motion"), filed concurrently herewith.

## II. STATEMENT OF FACTS

1.  The United States Trustee incorporates herein by this reference the facts set forth in the Motion [dkt. #307], and in addition, states as follows:

### Effective Date Payments

2. The Committee, as plan proponent, projects Effective Date payments, i.e., those required by section 1129(a)(9), will be $1.256 million. See Plan § VIII(B) and (C).

3. Although the Plan states that certain professionals have agreed to defer payments, those creditors entitled to such payment have not, to date, expressly consented to such treatment.[1] See PACER.

4. The Plan projected cash on hand of $109,874 as of the Effective Date[2], but the April, 2015 operating reports show combined cash on hand of $13,656. See Operating Reports, April, 2015 [dkt. #358 and 359].

5. As of April 30, 2015, Debtors valued inventory at $0 and accounts receivable at $128,000. Id.

### Inadequate Disclosure Regarding Bonus to Kravitz

6. The Plan (combined with the Disclosure Statement) does not fully and completely disclose that CRO Peter Kravitz will receive $100,000 as a bonus upon confirmation of a plan, regardless of whether the Debtors are the proponents and whether Mr. Kravitz contributed to confirmation. See Engagement Letter, ¶ 3 [dkt. 232].

7. This bonus is mentioned only vaguely at footnote 11 by reference to Province's unsecured claim consisting of a "success fee". See Plan, n. 11.

### Post-Confirmation Management Costs Unclear

8. The Plan provides for the creation of a liquidating trust to be managed by a liquidating trustee, identified as Michael G. Kasolas. See Plan, Ex. B - Liquidating Trust Agreement ("LTA") § 3.04.

9. The Liquidating Trustee has the discretion to retain professionals whose compensation, depending on the arrangement, may be subject to court approval and oversight. Only the fees of professionals retained on contingency by the Liquidating Trustee are subject to

---

[1] The United States Trustee recognizes that such consent may still be obtained per the language of the Plan. See Plan, n. 10.

[2] See Plan, Ex. C – Liquidation Test.

UST'S OBJECTION TO CONFIRMATION: 14-30725    3

Case: 14-30725    Doc# 361    Filed: 05/13/15    Entered: 05/13/15 17:11:56    Page 3 of 10

court approval. Id. Professionals retained on an hourly fee basis do not require court approval. Id. The standards for approval are not set forth in the LTA.

10. The Plan does not estimate the post-confirmation professional fees to be incurred by the Liquidating Trust. See Plan, Ex. C – Liquidation Analysis.

**Exculpation and Indemnity Provisions**

11. The LTA contains three sections (§§ 6.03, 6.04, and 6.05) that together effectively limit the Liquidating Trustee's liability in a manner that is not consistent with the Code and prevailing legal authority.

12. LTA Section 6.03, Liability of the Trustee, provides in pertinent part,

> The Trustee shall not be personally liable for any claim asserted against the Trust (or any of its assignees or subsidiaries) or the Trustee, except as set forth below. Notwithstanding anything to the contrary set forth herein, no provision of this Trust Agreement shall be construed to relieve the Trustee from liability for his or her own grossly negligent actions, his or her own grossly negligent failure to act, or his or her own fraud or willful misconduct, except that, without limiting the foregoing exoneration of the Trustee from liability on a personal basis, but in addition thereto:
>
> (i) the Trustee may be liable only for the performance of such duties and obligations as are specifically set forth in this Trust Agreement as being mandatory and part of the Trustee's duties or responsibilities under this Trust Agreement, and
>
> (ii) the Trustee shall not be liable for any error of judgment made in good faith, or with respect to any action taken or omitted to be taken in good faith, unless the Trustee was grossly negligent.

LTA § 6.03.

13. LTA Section 6.04, Extension of Limitations on Personal Liability, provides in part

> Limitations on personal liability as described above may be made applicable, at the Trustee's discretion and in the form and to the extent to be determined by the Trustee, to any professionals, officers, directors, agents, representatives, partners, members, or employees of any subsidiary or affiliate thereof.

LTA § 6.04.

14. LTA Section 6.06, Indemnification, states:

> The Trust shall and hereby does indemnify and hold harmless the Trustee and his or her agents, representatives, Professionals, and employees, and may so indemnify and hold harmless any subsidiary or assignee of the Trust, or any director, officer, member, partner, employee or agent thereof, at the Trustee's discretion, from and against and in respect to any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to, attorneys' fees and costs arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Trust, the implementation or administration of the Plan or otherwise concerning any matters contemplated hereby; provided, however, that no such indemnification will be made to such Persons for such actions or instances of willful misconduct, gross negligence or fraud.

LTA § 6.06.

### III. OBJECTION

#### A. Confirmation Standards

Section 1129 of the Bankruptcy Code contains 16 standards that must be met for the Court to confirm a plan. 11 U.S.C. § 1129. The plan proponent bears the burden of establishing compliance with Section 1129 of the Bankruptcy Code. In re Charter Commc'ns, 419 B.R. 221 (Bankr. S.D.N.Y. 2009) (citing Heartland Fed. Savs. & Loan, Ass'n v. Briscoe Enters. (In re Briscoe Enters.), 994 F.2d 1160, 1165 (5th Cir. 1993) (stating that "[t]he combination of legislative silence, Supreme Court holdings, and the structure of the Code leads this Court to conclude that preponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cramdown")); In re Worldcom, Inc., No. 02-13533 (AJG), 2003 WL 23861928, at *46 (Bankr. S.D.N.Y.Oct. 31, 2003) (citing Briscoe).

Section 1129(a)(1) of the Bankruptcy Code requires that the Court find that the plan "complies with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. §1129(a)(1). Section 1129(a)(2) provides that in order to be confirmable, the proponent of the plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2). Section 1129(a)(3) provides that the plan be proposed in good faith. 11 U.S.C. § 1129(a)(3).

## B. Plan Cannot Be Confirmed Because Proponent Has Not Met Its Burden That The Estate Will Have Sufficient Funds To Pay Effective Date Payments Under 11 U.S.C. § 1129(a)(9).

To be confirmed, the Plan must pay all allowed claims for administration in full on the on or before the effective date unless the holder of such claim consents to alternate treatment. 11 U.S.C. § 1129(a)(9)(A). United States of America v. Villalobos (In re Villalobos), 2014 WL 930495, at *10 (B.A.P. 9th Cir. March 10, 2014). A claimant's consent must be individual and affirmative. In re Digital Impact, Inc., 223 B.R. 1, 7 (Bankr. N.D. Okla. 1998) (Court rejected that acceptance of plan by members of a class was consent under 11 section 1129(a)(9)).

With just over $13,000 in cash, less than $130,000 in accounts receivable, and no more inventory to liquidate, Debtors do not have the ability to generate even a fraction of the estimated $1.2 million in Effective Date payments to administrative claimants. Thus, to achieve confirmation and satisfy section 1129(a)(9), the Committee states that certain creditors holding such claims have agreed to accept payment over time. See Plan, § VIII(B). Those administrative claimants[3] who the Plan identifies as willing to accept payment over time total more than $974,000, using the figures reported in the Plan at § VIII(B). These amounts could be much higher in light of the April, 2015 operating reports showing accrued unpaid professionals fees at more than $1 million. April, 2015 MOR [dkt. #359]. Thus, the only way the Plan can be confirmed is to defer nearly $1 million in administrative claims.

This deferral places additional burdens upon the Liquidating Trust because payment of these deferred claims will likely delay timing of the payments to the general unsecured creditors due to the waterfall proposed under the LTA. LTA at § 4.04. Simply put, to satisfy section 1129(a)(9) jeopardizes the ability of the Trust to pay creditors as projected in the Plan. See LTA § 4.04. Because this risk is not adequately disclosed, the Plan cannot be confirmed under section 1129(a)(1).

---

[3] Baker, Province Capital, Katten, and Koi Systems.

### C. **Plan Cannot Be Confirmed Because It Fails to Satisfy the Best Interest of Creditors Test Under 11 U.S.C. § 1129(a)(7).**

Under the "best interests" test, an impaired creditor must receive under the chapter 11 plan at least as much as it would receive in a chapter 7 liquidation. 11 U.S.C. § 1129(a)(7). See In re Ambanc La Mesa Ltd. P'ship., 115 F.3d 650, 656 (9th Cir., 1997); In re M. Long Arabians, 103 B.R. 211 (B.A.P. 9th Cir. 1989). According to the Liquidation Analysis, the return to creditors under the Plan is marginal with creditors projected to receive approximately 50 basis points, or less than 1%, more if the Plan is confirmed. See Plan, Ex. C [dkt. 344]. However, this analysis presumes the figures and assumptions are accurate, when, in fact, the Liquidation Analysis is misleading in two material respects.

First, the amount of cash on hand ($109,874) is grossly over-estimated because Debtors have just over $13,000 in cash as of April 30, 2015. April, 2015 MOR [dkt. #359]. Moreover, the prospects for generating additional cash between now and confirmation appear to be non-existent.

Second, the Plan does not fully disclose the estimated cost of professional fees to be incurred by the Liquidating Trust. The Liquidation Analysis intentionally omits this information on the flawed premise that the fees incurred under the Trust or under chapter 7 would be identical notwithstanding that professional fees under chapter 7 are subject to court review, and possible reduction, under 11 U.S.C. § 330. Further, the Disclosure Statement and Plan fail to fully disclose that Province and Mr. Kravitz, as the CRO, will receive a $100,000 bonus or success fee upon confirmation. See Engagement Letter, ¶ 3 [dkt. 232]. The Plan refers only vaguely to the "success fee" as being treated as a Class 2 general unsecured claim. Because Section 1125 requires disclosure of adequate information, which the Liquidation Analysis does not provide, the Plan cannot be confirmed under sections 1129(a)(1) and (7).

///

### D. Plan Cannot Be Confirmed Because it Fails to Fully Disclose the Affiliations and Terms of Employment of the Liquidating Trustee as required by 11 U.S.C. § 1129(a)(5).

Section 1129(a)(5) requires the disclosure of "the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor . . . or a successor to the debtor under the plan." In addition, the appointment of such individual to manage post-confirmation is "consistent with the interests of creditors and equity security holders and with public policy." 11 U.S.C. § 1129(a)(5).

The Plan fails to satisfy section 1129(a)(5) in two material respects. First, although the Plan and LTA identify Michael G. Kasolas as the Liquidating Trustee, neither the Plan or the LTA fully disclose Mr. Kasolas' affiliations or connections with the Debtors, creditors, or other parties in interest. Such disclosure would identify whether Mr. Kasolas has an actual conflict of interest. See In re Beyond.com Corp., 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003). Because the LTA appears to provide, inexplicably, for the automatic waiver of such conflicts at section 9.12, confirmation would permit the Liquidating Trustee, as the fiduciary under the LTA, to serve without the full disclosure ordinarily expected of a disinterested trustee or fiduciary. See 11 U.S.C §§ 101(14), 321, 322, and 704.

Second, the LTA at section 6.1.0 provides that the Committee members "shall propose no less than two individuals to serve as the successor Trustee" but the Plan at section XII(D) provides that the Committee is dissolved upon the Effective Date and that each member of the Committee "shall be discharged from any further activities". In addition, the LTA fails to articulate the standards and requirements under which the Committee members should nominate a successor trustee candidate. See In re Beyond.com Corp., 289 B.R. at 145.

These deficiencies not only make the Plan unconfirmable under 11 U.S.C. § 1129(a)(5), but also illustrate that Chapter 7 is a reasonable and appropriate alternative to the Plan. Many of the provisions recreated under the Plan and LTA already exist under Chapter 7, including the establishment of minimum qualifications for appointment of a trustee and what happens upon the resignation or removal of a trustee.

Case: 14-30725    Doc# 361    Filed: 05/13/15    Entered: 05/13/15 17:11:56    Page 8 of 10

### E. Plan Proponent Has Not Met Its Burden that the Exculpation and Indemnity Provisions Satisfy Sections 1129(a)(1) and (3).

The LTA contains broad indemnification and exculpation provisions. See LTA §§ 6.03, 6.04, and 6.06. Clauses such as these seeking to limit liability are generally disfavored by courts in the Ninth Circuit. In re Metricom, Inc., 275 B.R. 364 (Bankr. N.D. Cal. 2002) (broad indemnification and exculpation clauses disapproved); In re WCI Cable, Inc., 282 B.R. 457, 479 (Bankr. D. Or. 2002).

The LTA provides that the Liquidating Trustee is liable only for acts of willful misconduct, fraud, and gross negligence. See LTA §§ 6.03, 6.04, and 6.06. This is inconsistent with the established standards for personal liability of a trustee. See e.g., U.S. ex rel. Willoughby v. Howard, 302 U.S. 445, 449 – 454 (1938); Mosser v. Darrow, 341 U.S. 267, 274 (1951); Hall v. Perry (In re Cochise College Park, Inc.), 703 F.2d 1339, 1357 (9th Cir. 1983) (a trustee is subject to personal liability for "intentional [and] negligent violations of duties imposed upon him by law . . . ."); U.S. v. Aldrich (In re Rigden), 795 F.2d 727, 730-731 (9th Cir. 1986); Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989); Curry v. Castillo (In re Castillo), 297 F.3d 940 (9th Cir. 2002) (bankruptcy trustee is subject to personal liability for certain types of misconduct, including negligence); In re WCI Cable, Inc., 282 B.R. 457, 479 (Bankr. D. Or. 2002); In re Metricom, Inc., 275 B.R. 364 (Bankr. N.D. Cal. 2002); In re Mortgage & Realty Trust, 123 B.R. 626 (Bankr. C.D. Cal. 1991).

No explanation or justification is provided for broadening the limitation of liability beyond what is recognized in the Ninth Circuit and the Code[4].

///

---

[4] The objectionable provisions contain protections beyond what is otherwise allowed under 11 U.S.C. § 1125(e).

## IV. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court deny confirmation and enter an Order converting the case to Chapter 7, and grant such other relief as is just and appropriate under the circumstances.

Dated: May 13, 2015

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

 /s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379