TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:     JULIE M. GLOSSON
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov
        LYNETTE C. KELLY
        Trial Attorney (#120799)
        Email: lynette.c.kelly@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Lead Case No. 14-30725 DM |
| HASHFAST TECHNOLOGIES LLC, | Substantively Consolidated with: |
| Debtor-In Possession | Case No. 14-30866 |
| | Chapter 11 |
| Affects HASHFAST LLC, | |
| Debtor-In Possession. | |

**UNITED STATES TRUSTEE'S SUPPLEMENT TO THE MOTION
TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b), OR IN THE
ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned

counsel, files this Supplement to the Motion To Convert Case To Chapter 7 Under 11 U.S.C. §

1112(b), Or In The Alternative, To Appoint A Chapter 11 Trustee (the "Supplemental Motion").

## I.     Introduction

Developments in this case since the United States Trustee filed her Motion only serve to

reinforce the existence of "cause" for conversion under Section 1112(b) and the benefits to

creditors and the public interest of administration of this case in Chapter 7 rather than under the

Case: 14-30725    Doc# 362    Filed: 05/13/15    Entered: 05/13/15 17:19:03    Page 1 of 7

liquidation plan devised by the Official Committee of Unsecured Creditors ("Committee" or "Plan Proponent"). As set forth in the United States Trustee's Objection to Committee's Plan of Liquidation ("Objection") filed contemporaneously with this Supplemental Motion, the Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated March 27, 2015 (the "Plan") (Docket No. 344) fails to satisfy Section 1129(a) in a number of respects, and the Debtors' most recent monthly operating reports, for April 2015, demonstrates not only the Debtors' continuing losses and administrative insolvency but also the Debtors' inability even to make the payments required on the Plan's effective date. These facts support a finding of "cause" under 11 U.S.C. §1112(b)(A) as well as under 11 U.S.C. §1112(b)(J).

Moreover, the best interests of creditors and the estate, as well as the public interest, are better served by administration of this estate in Chapter 7 rather than under the Plan. 11 U.S.C § 1112(b)(1). The Plan purports to create a framework for liquidation of this estate, although such a framework already exists in Chapter 7 of the Bankruptcy Code. The Plan jettisons key safeguards of the Code, such as those relating to professional fees, and eliminates reporting requirements. The result is a liquidation scheme that lacks the transparency of Chapter 7. In addition, a liquidation under the Plan would be less efficient and more costly than administration of the estate in Chapter 7.

For all of these reasons, and as previously stated in the Motion, the case should be converted to Chapter 7, where it can be administered by a neutral trustee under the provisions of the Bankruptcy Code. The United States Trustee requests that the Motion be heard before the hearing on confirmation of the Plan.

## II. Statement of Facts

The United States Trustee incorporates by reference herein the facts set forth in her Motion, Docket No. 306, and in the Objection.

## III. Discussion

Case: 14-30725    Doc# 362    Filed: 05/13/15    Entered: 05/13/15 17:19:03    Page 2 of 7

## A. The Plan Proponent's Failure to Satisfy Requirements of 11 U.S.C. §1129 Supports a Finding of "Cause" Under 1112(b)(4)(A) and (J)

In her Motion, the United States Trustee demonstrated that "cause" exists to convert this case because, among other things, there is a continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(4)(A). Debtors' most recent monthly operating reports, for April 2015, show continuing losses – case-to-date more than $62,000 – and administrative insolvency. Docket Nos. 359-360. This ground for conversion is further supported by the contents of the Plan. Docket No. 344. As set forth in detail in the Objection, the Plan is not confirmable because the Plan Proponent has not satisfied its burdens for confirmation under 11 U.S.C. § 1129(a). Among other deficiencies, the exculpation and indemnity provisions are not consistent with the requirements of 11 U.S.C. § 1129(a)(1) and (3); the Plan Proponent has not sustained its burden under 11 U.S.C. § 1129(a)(9) to demonstrate that Debtors will be able to make necessary payments on the effective date; the Liquidation Analysis appears inaccurate and thus the Plan does not comply with 11 U.S.C. § 1129(a)(1); and the Plan does not satisfy the best interests test of 11 U.S.C. § 1129(a)(7). The Plan Proponent has had ample opportunity to propose a confirmable plan. Indeed, this is the fifth iteration of a plan and disclosure statement proposed by the Committee. See Docket Nos. 285-86, 293, 311, 316 and 345. The failure to propose a confirmable plan after repeated attempts supports a finding of "cause" under 11 U.S.C. § 1112(b)(4)(A). See In re Woodbrook Assocs., 19 F.3d 312, 322 (7th Cir. 1994) ("bankruptcy courts are given a great deal of discretion to say when enough is enough").

These facts also support a finding of cause under the separate ground of 11 U.S.C. § 1112(b)(4)(J), "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed … by order of the court." Here, although the Plan Proponents have filed five plans, the first four plans and disclosure statements have been subject to objections and subsequent amendments, and the fifth plan still does not comply with Section 1129. See Objection. It is not

sufficient that a plan is filed within the time required by the court; the plan must have a reasonable chance of being confirmed. See, e.g., In re Grabaski, 2013 WL 159147 *9 (Bankr. D. N.D. April 12, 2013) ("The Court noted that the plan that was proposed was not even close to confirmable."). In this case, the Plan is patently unconfirmable. For example, the Debtors' most recent monthly operating reports, for April 2015, demonstrate that the Debtors have only $13,000 in cash and $128,000 in receivables as of April 30, 2015, and have no further inventory to liquidate; meanwhile, the Plan provides for $1.2 million in payments on the effective date[1]. See Objection; Docket Nos. 344, 359, 360. The Plan Proponent's repeated filing of deficient plans is grounds for conversion under 11 U.S.C. § 1112(b)(4)(J).

**B. Conversion to Chapter 7 is in the Best Interests of Creditors and the Estate Under 11 U.S.C. § 1112(b)(1)**

As described in the Motion and this Supplemental Motion, cause exists to convert or dismiss this case. Once "cause" is established, the court must then determine whether dismissal or conversion of the case, or appointment of a trustee under 11 U.S.C. § 1104(a) or an examiner, is in the best interests of creditors and the estate, see 11 U.S.C. § 1112(b)(1), unless the court identifies "unusual circumstances" that such relief is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). In re Sullivan, 522 B.R. 604, 612-13 (B.A.P. 9th Cir. (Cal.) 2014); In re Products Intern. Co., 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); In re Nelson, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (section 1112(b) establishes a two-step analysis for dealing of questions of conversion or dismissal.).

In sharp contrast to a liquidation pursuant to the Plan proposed by the Committee, conversion to Chapter 7 is in the best interests of creditors and the estate, safeguards the public interest and ensures the efficient and transparent administration of this estate pursuant to the provisions of the Bankruptcy Code. Further, assuming the liquidation analysis is true and correct,

---

[1] The Plan states that certain administrative claimants, whose claims total nearly $1 million, have agreed to accept payment over time to satisfy Section 1129(a)(9); however, such deferral creates significant risks for the general unsecured creditors, who will receive payment after these deferred administrative claims. This deferral places additional burdens upon the Liquidating Trust that would not be present had the estate had sufficient funds to achieve confirmation without the deferral.

which it is not, creditors are projected to receive under the Plan less than 1% more than if the case converted. See Plan, Ex. C.

### 1. Chapter 7 is More Transparent and Efficient Than Liquidation Pursuant to the Plan

The Plan's provisions regarding professional fees and reporting by the Liquidating Trustee have the effect of reducing the transparency and accountability that characterize the resolution of bankruptcy estates under the Code by shifting the burdens normally imposed by the Code away from the fiduciary. First, instead of the Code's provisions requiring notice and Court oversight of professional fees, the Plan provides for the payment of hourly professional fees without Court approval. LTA § 4.01(i). The professionals are not required to demonstrate that their fees are reasonable as they would under Sections 329 and 330, and the Liquidating Trustee has no responsibility to report the payment of such fees. The Plan thus eliminates the involvement of creditors and the Court from this important aspect of the Debtors' liquidation, and relieves both the Liquidating Trustee and the professionals of their responsibilities that would otherwise be present under the Code if the cases were converted to chapter 7. Second, in contrast to the Code's requirements of a trustee's final account and other reporting under 11 U.S.C. § 704, or post-confirmation reporting in Chapter 11, the Plan requires only reporting of taxes and such other reports as are required by law. All other reports are at the trustee's discretion. LTA § 4.05. By these provisions, the Plan makes the process not only less transparent, but also less efficient and more expensive. Instead of requiring a trustee to report to the creditors, the Plan shifts the burden to the approximately 700 creditors to seek out information individually from the trustee. If the creditors do not do so, there is no mechanism under the Plan by which they could obtain information about the liquidation. With the Committee dissolved on the effective date and the lack of required reporting, there is minimal supervision of the Liquidating Trustee and the Trust operations.

Case: 14-30725     Doc# 362     Filed: 05/13/15     Entered: 05/13/15 17:19:03     Page 5 of 7

In addition to this lack of transparency, administering the Debtors' estate under the Plan rather than in Chapter 7 will result in a number of administrative inefficiencies. The Plan attempts to circumvent the clear, comprehensive provisions of the Bankruptcy Code dealing with the liquidation of estates, and to substitute a hodgepodge of vague and incomplete administrative provisions. For example:

- The Plan is unclear as to who is responsible for paying quarterly fees to the United States Trustee, as a result of a conflict with the LTA. Compare Plan § XV(A)(5) with LTA § 9.02(ii).

- The Plan proposes a complex process for appointing successor trustees, which appears to burden Committee members with post-confirmation responsibilities after the Committee has been dissolved and makes no provision for such issues as whether a quorum is necessary. LTA § 6.10.

- The Plan does not address who is responsible for obtaining a final decree.

There is no good reason for the complex and inefficient administrative provisions proposed in the Plan: there are already detailed provisions in Chapter 7 of the Bankruptcy Code to deal with all of these issues. Liquidating the Debtors' estate in Chapter 7 will avoid these inefficiencies and ensure that the estate is administered in a transparent process that is consistent with both the Bankruptcy Code and the public interest.

## 2. Conversion to Chapter 7 Will Result In Substantial Savings To The Estate

Conversion of this case to Chapter 7 will result in an immediate savings to the estate and its creditors of $100,000, because the estate will not be obligated to pay a bonus to the Debtors' CRO. Although this fact is not highlighted in the Plan's disclosure statement, it is especially significant given that the estate is administratively insolvent. See Plan, Docket No. 344; April MOR, Docket Nos. 359, 360.

As discussed above, the liquidation of the estate in Chapter 7 will also eliminate administrative inefficiencies resulting from the Plan's attempt to construct out of whole cloth a framework for administering the estate outside Chapter 7. These inefficiencies would no doubt

add to the costs of administering the estate, and these costs are unnecessary. There is already an established process for liquidating bankrupt estates in Chapter 7 of the Bankruptcy Code, which provides a more cost-effective, transparent and efficient process than that proposed in the Plan.

## IV.     CONCLUSION

WHEREFORE, the United States Trustee requests the Court grant the United States Trustee's Motion, enter an Order converting the case to Chapter 7, and grant such other relief as is just and appropriate under the circumstances.  In the alternative, the Court should order the appointment of a chapter 11 trustee.

Dated: May 13, 2015

TRACY HOPE DAVIS,
UNITED STATES TRUSTEE

 /s/  Lynette C. Kelly_____
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-2745

Case: 14-30725    Doc# 362    Filed: 05/13/15    Entered: 05/13/15 17:19:03    Page 7 of 7