Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>Hearing:<br>Date: May 27, 2015<br>Time: 1:30 p.m.<br>Place: Courtroom 22<br>U.S. Bankruptcy Court<br>235 Pine Street<br>San Francisco, CA 94104 |

**RESPONSE TO UNITED STATES TRUSTEE'S SUPPLEMENT TO THE MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(B), OR IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee") hereby submits the within response (the "Response") to the *United States Trustee's Supplement to the Motion to Convert Case to Chapter 7 Under 11 U.S.C. § 1112(b), or in the Alternative, to Appoint a Chapter 11 Trustee* (the "Supplement") [Docket Entry ("D.E.") 362]. In support of the Response, the Committee respectfully submits as follows:

///

## I. INTRODUCTION

At its core, bankruptcy serves to protect the interests of debtors and their creditors. In the instant case, Hashfast Technologies, LLC ("HFT") and Hashfast, LLC ("HF" and, collectively with HFT, the "Debtors") will not exist post-confirmation and, thus, the primary concern is protecting the interests of creditors. On or about April 1, 2015, the Court entered an order tentatively approving the adequacy of the disclosures contained in the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated March 27, 2015* (as appropriate, the "Disclosure Statement" or "Plan") proposed by the Committee in order to permit creditors to decide their own fate—liquidation under the Plan or under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

While creditors support liquidation under the Plan,[1] the United States Trustee (the "UST") has moved to convert the above-captioned substantively consolidated bankruptcy cases (collectively, the "Bankruptcy Case") to a case under chapter 7 of the Bankruptcy Code or appoint a chapter 11 trustee (the "Motion"). *See* D.E. 306. In support of this effort, the UST (quite ironically) argues that conversion or appointment of a chapter 11 trustee serves the best interests of the creditors.

Irrespective of the UST's position, the Plan has been submitted to the creditors to determine whether *they* prefer treatment under the Plan or under chapter 7 of the Bankruptcy Code. By the hearing on this Motion, there will be no need to speculate as to the interests or preferences of creditors as the votes will be cast and the creditors' collective mind known. As the creditors have already voted to accept the Plan, if and when the Court determines that the Plan satisfies the technical requirements of the Bankruptcy Code, the Committee respectfully submits that the Court should confirm the Plan as the resolution chosen by the only affected parties—the creditors—regardless of whether the UST disagrees with any particular term. If, on the other hand, the creditors reject the Plan, the creditors' collective voice will be equally clear. Then, and only then, is consideration of the Motion appropriate.

---

[1] As will be summarized in the forthcoming ballot summary, the ballots submitted demonstrate that creditors in classes 1 and 2 support liquidation under the Plan.

- 2 -

## II. DISCUSSION

### A. "Cause" Does Not Exist To Convert Or Appoint A Chapter 11 Trustee

In the Supplement, the UST avers that "cause" exists to convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b)(4)(A) and (J)[2] because the Plan is patently unconfirmable and, thus, there is no reasonable likelihood of rehabilitation. *See* Supplement, at pp. 3-4. These arguments, however, are legally and factually unsubstantiated.

First, there is no "cause" under § 1112(b)(4)(J). Pursuant to § 1112(b)(4)(J), a court may find "cause" to convert or dismiss a chapter 11 bankruptcy case for filing "to file a disclosure statement, or to file or confirm a plan, with the time fixed by this title or by order of this court...." 11 U.S.C. § 1112(b)(4)(J). In the instant case, neither the Bankruptcy Code nor an order of this Court "fixed" a deadline for the filing of a plan or disclosure statement.

In an effort to side-step the plain language of this provision, the UST argues that merely filing a plan is insufficient; rather, the plan must have a reasonable chance of being confirmed. *See* Supplement, at pp. 3-4. The UST avers that the Plan does not have a reasonable chance of being confirmed because the Estate purportedly lacks sufficient funds to pay all claims owing on the effective date (among other unidentified deficiencies).[3] *See Id.* at p. 4. The UST's bald assertion, however, is not support by any evidence. To the contrary, and as the projections filed in support of the Plan make clear, the Estate anticipates having sufficient funds on the effective date of the Plan to pay all non-deferred effective date payments. *See* Plan, D.E. 344. Indeed, based on information recently obtained by the Committee, it appears that the effective date payments may be less than $40,000, which is clearly less than the projected cash on hand on the

---

[2] Unless otherwise stated, all statutory citations refer to the Bankruptcy Code.
[3] It is worth noting that the Motion substantially overstates the amount owing on the effective date—an error the UST attempts correct with a vague footnote. It is also worth noting that the UST's argument regarding the unfairness of allowing administrative creditors to forgo payment on the effective date is specious. *See*, Supplement, at p. 4, n. 1. In short, the UST argues that allowing the administrative claims to be paid from the liquidating trust disadvantages the unsecured creditors by rendering them subordinate to the administrative creditors. This priority scheme, however, would exist in a chapter 7 liquidation. Indeed, unsecured creditors would be subject to greater disadvantage in a chapter 7 liquidation because of chapter 7 administrative expenses (necessarily higher than the liquidation trust administrative expenses due to the reduced commission to the liquidating trustee) and the fact that the partial subordination of professional administrative claims under the Plan would not exist in a chapter 7 liquidation.

- 3 -

effective date ($100,000).[4] Regardless, this is a confirmation issue, not an issue to be determined on a motion to convert while a plan is pending confirmation.

Second, there is no "cause" under § 1112(b)(1)(A). Pursuant to § 1112(b)(1)(A), a court may convert or dismiss a chapter 11 bankruptcy case if there is continuing loss or diminution and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). The UST has failed to satisfy these requirements by a preponderance of the evidence. *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. BAP 2014)("The movant bears the burden of establishing by a preponderance of the evidence that cause exists" under 11 U.S.C. § 1112(b).) Rather, the UST merely provides unsubstantiated opinions and conclusory statements—e.g., "the Plan does not satisfy the best interests test", "the Liquidation analysis appears inaccurate", "the Plan Proponent has not sustained its burden under 11 U.S.C. § 1129(a)(9)", and "the exculpation and indemnity provisions are not consistent" with the Bankruptcy Code. *See* Supplement, at p. 3. Indeed, even if the Court were to consider the UST objection to the Plan [D.E. 361] to flesh-out these bald assertions, there is no competent evidence in support of the objection—only argument. The opinions and arguments of counsel, however, are not evidence. *See Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987).

In sum, the UST has failed to establish "cause" to convert under § 1112(b)(4)(A) or (J). Accordingly, the Committee respectfully submits that the Motion must be denied.

**B.     Conversion Does Not Serve The Interests Of Creditors**

The UST next argues that (assuming "cause" has been established, which it has not) conversion serves the best interests of creditors. *See* Supplement, at pp. 4-7. Again, the UST misses the relevant inquiry. More precisely, instead of weighing conversion versus dismissal or the appointment of a chapter 11 trustee, the UST merely attacks the Plan in an apparent effort to lead readers to conclude that conversion is more beneficial that liquidation under the Plan. The viability or benefit of the Plan, however, is a question distinct from the question of whether

---

[4] More precisely, it appears that the debtors may settle the administrative claim asserted by Liquidbits, which would eliminate a $88,727 administrative claim. Furthermore, the priority claims asserted by the Franchise Tax Board are income tax liability estimates, which, given the losses sustained by the Debtors in 2013 and 2014, are may be substantially overstated.

- 4 -

RESPONSE TO SUPPLEMENT TO MOTION TO CONVERT OR APPOINT CHAPTER 11 TRUSTEE

606401549.3

conversion (over dismissal or the appointment of a chapter 11 trustee) serves the best interests of the creditors, and, quite frankly, a question that the creditors have already answered in favor of liquidating under the Plan. In addition to the irrelevancy of the comparison, the arguments presented are simply incorrect.

The UST first argues that conversion would be more beneficial for creditors than liquidation under the Plan (again, not the relevant inquiry under § 1112(b)) because the liquidating trust agreement does not require the liquidating trustee to make the same periodic disclosures required under chapter 7 or chapter 11, and, thus, the UST concludes that the Plan is patently unconfirmable due to a lack of transparency. See Supplement, at p. 5. While the premise is true, the conclusion is not. A liquidating trust is a simplified means of liquidating assets post-confirmation. As such, competing interests must be balanced—namely, the cost of disclosures versus the increased distributions that come with avoiding these administrative expenses. In the instant case, whether creditors (i.e., *the only affected parties*) favor returns or unsolicited disclosures has already been determined by the votes cast in favor of the Plan.

Notwithstanding this balancing of issues, the liquidating trust agreement does not prohibit creditors from obtaining information from the liquidating trustee.[5] Indeed, as the UST concedes, creditors may request information from the liquidating trustee. See Ibid. Additionally, paragraph 4.05(ii) provides that the liquidating trustee shall file any reports "required by any governmental authority or deemed advisable by the Trustee." See Plan, D.E. 344, at p. 89. Thus, contrived "disclosure" concern is simply a red herring.

The UST next argues that conversion would be more beneficial for creditors than liquidation under the Plan (once more, not the pertinent inquiry under § 1112(b)) because administering the liquidating trust is less efficient and more expensive. See Ibid. Once again, the UST fails to provide any support for its position. Rather, the UST merely asserts that limiting reporting requirements under the liquidating trust (a cost-saving measure) will somehow make

---

[5] The UST also obliquely raises some concerns that limited disclosures may shield the liquidating trustee from liability. The proposed liquidating trustee is a panel trustee in the Northern District of California and, thus, has every incentive to ensure a fair and profitable administration of the liquidating trust. Additionally, the liquidating trustee also owes a fiduciary duty to beneficiaries of the trust (i.e., creditors of the Estate); thus, if the trustee engages in untoward conduct, the creditors have an available remedy.

- 5 -

Case: 14-30725   Doc# 364   Filed: 05/20/15   Entered: 05/20/15 20:04:44   Page 5 of 11

administration of the liquidating trust more expensive by requiring creditors to request information from the liquidating trustee on an *ad hoc* basis. See Ibid. In addition to being unsubstantiated, the contention is facially illogical. Limiting the reporting requirements of the liquidating trust limits the administrative expenses associated with preparing periodic reports and allows for a more streamlined administration, which will result in greater disbursements to creditors. Moreover, as previously discussed, such a system does not disadvantage creditors as creditors may request information about the administration from the liquidating trustee and the liquidating trustee may issue any reports he feels warranted. Regardless, if the Court determines periodic disclosures are necessary, the Court can simply require such disclosures in the confirmation order. Accordingly, similar to the others, this allegation is insufficient to warrant conversion or the appointment of a chapter 11 trustee.

The UST also argues that conversion is more beneficial for creditors than liquidation under the Plan (yet again, not the relevant question under § 1112(b)) because of an alleged inconsistency between the Plan and the liquidating trust agreement and because the Plan purportedly proposes a "complex" liquidation. At the outset, the alleged inconsistency is either contrived or easily clarified. Paragraph XV.A.5 of the Plan states that the liquidating trustee shall pay the UST fees post-confirmation. See Plan, D.E. 344, at p. 69. The liquidating trust agreement states that the liquidating trustee is not personally obligated to pay the UST fees. See *Id.* at p. 93. The Committee submits that these two provisions are not inconsistent. Notwithstanding, to the extent there is ambiguity, conversion is not the answer; rather, the Court can quite easily correct the ambiguity in the confirmation order by confirming (as unambiguously stated in the Plan) that the liquidating trustee shall make the post-confirmation quarterly payments to the UST.

Furthermore, the argument that the liquidating trust agreement is so complex that the Court must convert and permit liquidation under the Bankruptcy Code strains credulity. The Colliers annotated version of the Bankruptcy Code is nearly 1200 pages of complex statutory text and annotations discussing various court interpretations of identical statutory provisions. In comparison, the liquidating trust agreement contains simple, straight-forward terms in twelve (12)

- 6 -

RESPONSE TO SUPPLEMENT TO MOTION TO CONVERT OR APPOINT CHAPTER 11 TRUSTEE

606401549.3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

pages (one of which provides the addresses for where to send notices), and is designed to allow creditors (not just bankruptcy attorneys) to understand how the liquidating trust will be administered. This simple comparison makes it abundantly clear that the liquidating trust provides for a fair more user-friendly liquidation than the Bankruptcy Code. Notwithstanding, should a creditor find any provision of the liquidating trust agreement unclear, the creditor may seek clarification from the liquidating trustee or guidance from the Court.[6] Thus, any alleged "complexity" is not a justifiable basis to convert the Bankruptcy Case.

Lastly, the UST argues that conversion would prove more beneficial for creditors than liquidation under the Plan (once more, not the relevant inquiry under § 1112(b)) because it is less expensive than liquidation under the Plan. *See*, Supplement, at pp. 6-7. In support of this position, the UST notes that conversion will eliminate the $100,000 "bonus" payable to the Debtors' chief restructuring officer (the "CRO").[7] *Ibid.* The UST fails to mention, however, that the "bonus" will have little impact on creditors because it is treated as a class 2 general unsecured claim—adding $100,000 to a class that has more than $21,000,000 in claims.[8] This proverbial drop in the bucket will have a *de minimis* effect on the *pro rata* distributions to class 2 creditors. In comparison, if the Bankruptcy Case is converted, the additional chapter 7 administrative claims and "start-up" expenses (estimated to be approximately $200,000 in light of the volume of filings, discovery and disputes in the Bankruptcy Case) will result in a dollar-for-dollar decrease in funds for junior creditors.[9] Regardless, as with the prior imagined "factors", the comparative distributions under the Plan and chapter 7 liquidation is a plan confirmation issue (particularly because the evidence presented, if any, do not establish "cause"), not a factor considered when determining whether to convert a chapter 11 bankruptcy case to one under chapter 7. As such, the UST's arguments on this point should be disregarded. Furthermore, the amount creditors receive

---

[6] It appears unlikely that creditors find the liquidating trust agreement unclear as not a single one has objected to the Disclosure Statement or Plan on this basis.
[7] It is worth noting that the best interests test does not require creditors to receive more under a chapter 11 plan than in a chapter 7 liquidation; rather, it merely requires that creditors receive equal treatment.
[8] During the preparation of the Plan, the Committee negotiated with Province, Inc. (the CRO) regarding the treatment of the "success" fee. Although Province is arguably entitled to payment of the fee as an administrative claim, Province agreed to the inclusion of the fee in class 2 to provide more beneficial treatment for unsecured creditors.
[9] This is doubly troublesome for priority unsecured claimants that will not receive the benefit of the partial subordination of professional fees proposed under the Plan if the Bankruptcy Case is converted.

- 7 -

RESPONSE TO SUPPLEMENT TO MOTION TO CONVERT OR APPOINT CHAPTER 11 TRUSTEE

606401549.3

is a question best left to the creditors, not a third party, and the fact that not a single creditor (including Liquidbits Corp.) has objected to the Plan clearly establishes the creditors' position.

### III. CONCLUSION

In sum, the only relevant questions are (1) whether the creditors (*as the only affected parties*) prefer liquidation under the Plan or chapter 7 of the Bankruptcy Code and (2) whether *the Court* believes the Plan satisfies the requirements for confirmation under the Bankruptcy Code. Through their ballots, the creditors have clearly answered the first relevant question. The creditors wish to liquidate the Estate pursuant to the Plan.

Accordingly, the only question that remains is whether the Court believes the Plan is confirmable.[10] If the Court confirms the Plan, the UST's arguments will be proven erroneous and, therefore, Motion should be denied. If the Court denies confirmation of the Plan, the Court should only then consider whether the UST has established "cause" to convert or appoint a chapter 11 trustee and which better serves the interests of the creditors.

Dated: May 20, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
Ashley M. McDow
Michael T. Delaney

Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS

---

[10] The UST requests that the Court resolve the Motion before considering confirmation. See Supplement, at p. 2. This order, however, puts the cart before the horse as the UST's entire Motion hinges on whether the Plan is confirmable.

- 8 -

RESPONSE TO SUPPLEMENT TO MOTION TO CONVERT OR APPOINT CHAPTER 11 TRUSTEE

606401549.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE TO UNITED STATES TRUSTEE'S SUPPLEMENT TO THE MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(B), OR IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE** will be served or was served in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: The foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 20, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL OR EMAIL** (state method for each person or entity served): On (*date*) **May 20, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, addressed and/or by email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via U.S. mail*
Hon. Dennis Montali
U.S. Bankruptcy Court
235 Pine Street, 19th Floor
San Francisco, CA 94104

*Via U.S. mail*
Julie M. Glosson
Office of the United States Trustee
235 Pine St. #700
San Francisco, CA 94104

*Via Email:*
Ray E. Gallo  rgallo@gallo-law.com
Graham Adams  gadams@takelap.com
Servaas Tilkin  servaas.tilkin@gmail.com
Process General c/o Victor Delaglio  NEF@Processgeneral.com
William R. Gougér  bill.gouger@summitcapitalllc.com
Craig Beech  craigbeech@gmail.com
Michael Gao  Urazexo378@gmail.com
Scott Gray  elphenom@yahoo.com
Wy Gost  wygost@yahoo.com

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION** (state method for each person or entity served): On (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), and/or by facsimile transmission as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 20, 2015 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

606401549.3

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Venkat Balasubramani   venkat@focallaw.com, pete.morici@alumni.purdue.edu
Greg P. Campbell   ecfcanb@piteduncan.com, gc@ecf.inforuptcy.com
Patrick Chesney   pchesney@gallo-law.com, mvananda@gallo-law.com
Michael Delaney   mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
Caroline R. Djang   cdjang@rutan.com
Fahim Farivar   ffarivar@bakerlaw.com, sgaeta@bakerlaw.com
W. Keith Fendrick   keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com
Beth E. Gaschen   bgaschen@wgllp.com
Julie M. Glosson   julie.m.glosson@usdoj.gov
Elizabeth A. Green   egreen@bakerlaw.com, jdriggers@bakerlaw.com
Robert G. Harris   rob@bindermalter.com
Ori Katz   okatz@sheppardmullin.com
Ashley McDow   amcdow@bakerlaw.com, SGaeta@bakerlaw.com
Jessica M. Mickelsen   jessica.mickelsen@kattenlaw.com
Office of the U.S. Trustee / SF   USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
David M. Poitras   dpoitras@jmbm.com
Gregory A. Rougeau   grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com
Craig Stuppi   craig@stuppilaw.com
Sarah M. Stuppi   sarah@stuppilaw.com
Christopher D. Sullivan   csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com
Nancy Weng   nweng@trinhlawfirm.com, kim@trinhlawfirm.com

2. **SERVED BY UNITED STATES MAIL:**

### PARTIES REQUESTING SPECIAL NOTICE

| | | |
|---|---|---|
| Eric W. Benisek<br>Vasquez Benisek and Lindgren LLP<br>3685 Mt. Diablo Blvd., Suite 300<br>Lafayette, CA 94549 | Craig A. Barbarosh<br>Katten Muchin Rosenman LLP<br>650 Town Center Dr. 7th Fl.<br>Costa Mesa, CA 92626-7122 | Edward Hammond<br>3103 Powell Cir.<br>Austin, TX 78704 |
| Timothy Lam<br>6156 Temple City Blvd.<br>Temple City, CA 91780 | Kang Lu<br>5753 Hwy 85 North #2442<br>Crestview, FL 32536 | Ainsley G. Moloney<br>Morgan Lewis & Bockius LLP<br>1 Federal St.<br>Boston, MA 02110 |
| Grant Pederson<br>12538 Botanical Ln.<br>Frisco, TX 75035 | Peter A. Siddiqui<br>Katten Muchin Rosenman LLP<br>525 W. Monroe St.<br>Chicago, IL 60661-3693 | |

### MEMBERS OF THE UNSECURED CREDITORS COMMITTEE

| | | |
|---|---|---|
| Hamilton Hee<br>761 Irwindale Ave.<br>Las Vegas, NV 89123 | Sistemas Operativos Sanitarios ca<br>Attn: Guido Ochoa<br>Calle 35 entre Av. 2 y 3 #2-34<br>Merida, Venezuela 5101 | Uniquify Inc.<br>Attn: Robert Smith<br>2030 Fortune Drive #200<br>San Jose, CA 95131 |

606401549.3

Antony Vo
c/o Steven T. Gubner
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911

Peter Morici
1430 Patapsco St.
Baltimore, MD 21230

Koi Systems Ltd.
Attn: Brian Edgeworth
1191 Center Point Drive, Suite A
Henderson, NV 89074

Digimex, LTD
c/o Caroline R. Djang
RUTAN & TUCKER, LLP
611 Anton Blvd., Ste. 1400
Costa Mesa, CA 92626-1931

~~Digimex Ltd.~~
~~Attn: Willem van Rooyen~~
~~Bel Air on the Peak, Phase 4~~
~~Tower 7, Unite 19A~~
~~Pok Fu Lam, Hong Kong~~
(Returned mail 3/31/15)