Ashley M. McDow (245114)
Michael T. Delaney (261714)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>Hearing:<br>Date: June 12, 2015<br>Time: 11:00 a.m.<br>Place: 235 Pine St., 19th Floor<br>        San Francisco, CA 94104<br><br>Judge: Honorable Dennis Montali |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE DEBTORS' MOTION FOR APPROVAL OF <u>COMPROMISE WITH LIQUIDBITS CORPORATION</u>**

The Official Committee of Unsecured Creditors (the "Committee") hereby submits the within supplemental brief (the "Supplement") in support of the *Debtors' Motion for Approval of Compromise with Liquidbits Corporation* (the "Motion") [Docket Entry ("D.E.") 373]. In support of the Supplement, the Committee respectfully submits as follows:[1]

---

[1] Capitalized terms not defined herein have the same meaning as in the underlying Motion.

# I. INTRODUCTION

Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Hashfast Technologies, LLC ("HFT") and Hashfast, LLC ("HF" and, collectively with HFT, the "Debtors") seek approval of the Settlement Agreement (the "Settlement Agreement") attached to the Motion as Exhibit 1. By and through the Settlement Agreement, the Debtors and Liquidbits Corporation ("Liquidbits") agreed to resolve any and all claims the bankruptcy estate (the "Estate") may have against Liquidbits for alleged breach of contract and receipt of voidable transfer(s) in exchange for Liquidbits waiving any and all claims against the Estate—including, a non-priority unsecured claim in the amount of $5,364,725[2] and an administrative priority claim in the amount of $88,726.75.[3]

The Committee respectfully submits that the proposed Settlement Agreement serves the best interests of the Estate and its creditors. The Settlement Agreement resolves undoubtedly costly and adversarial litigation regarding the validity and amount of the claims asserted by Liquidbits against the Estate and the Estate's liability for such claims as well as the Estate's potential causes of action against Liquidbits for, *inter alia*, breach of contract and avoidance of certain preferential transfer(s). The Settlement Agreement also provides certainty for the Estate and paves the way for reorganization while simultaneously avoiding the potentially substantial litigation costs associated with litigating the aforementioned disputes. Moreover, the elimination of the Liquidbits non-priority unsecured claim reduces the overall amount of claims and, thus, increases the *pro rata* distributions to non-priority unsecured creditors under the plan of liquidation proposed by the Committee.

Accordingly, the Committee respectfully requests that the Court grant the Motion and approve the Settlement Agreement.

---

[2] The Committee contests the validity and amount of the non-priority unsecured claim. The Committee further contests Liquidbits' entitlement to payment on account of the asserted claim due to its receipt of a preferential transfer it has yet to return. The reference to the Liquidbits non-priority unsecured claim or the alleged amount thereof shall not be deemed a waiver of any objections or an admission to the validity or amount of such claim.

[3] Liquidbits has requested the allowance of the administrative claim by and through the *Application of Liquidbits Corporation for Allowance of Chapter 11 Administrative Expense Under 11 U.S.C. § 503(b)(1)(A)* [D.E. 315]. The Committee disputes the validity of and, as of the filing of this Supplement, the Court has yet to allow the requested administrative claim.

- 2 -

## II. DISCUSSION

Rule 9019 of the Bankruptcy Rules ("Rule 9019") provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Courts traditionally favor compromises to minimize the effects and costs of litigation and expedite administration of the debtor's estate. *In re A&C Properties*, 784 F.2d 1377, 1380 n.4 (9th Cir. 1986). ("[t]he law favors compromise and not litigation for its own sake") (internal citation omitted); *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) ("[t]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"), *quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (Lawrence P. King ed., 15th ed. 1993).

A bankruptcy court should approve a compromise and settlement if it was negotiated in good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[t]his court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable") (citation omitted); *In re Guy F. Atkinson Co. of Cal.*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("[a]t its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate. The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in the best position to negotiate settlements that will best serve the interests of all creditors").

In the Ninth Circuit, the factors to be considered in determining whether to approve a compromise are "(a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *A&C Properties*, 784 F.2d at 1381 (citation omitted); *see also Anderson*, 390 U.S. at 424-245. "It is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *Pacific Gas and Elec. Co.*, 304 B.R. at 417, *citing In re WCI Cable, Inc.*, 282 B.R. 457, 473-74
BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(Bankr. D. Or. 2002). In reaching its determination, "[t]he court's proper role is to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Pacific Gas and Elec. Co.*, 304 B.R. at 417.

In the instant case, the Settlement Agreement falls well within the range of reasonableness and satisfies each of the *A&C Properties* factors. As such, the Committee respectfully submits that the Settlement Agreement should be approved.

### A. The Complexity and Risk of Litigation Weigh in Favor of Settlement

The potential claims and causes of action between the Debtors and Liquidbits are complex and uncertain. In short, the Debtors agreed to provide Liquidbits certain hardware to establish a Bitcoin mining operation. In exchange, Liquidbits paid Debtors approximately $6,000,000 and agreed to share the profits of the mining operation with the Debtors. Thereafter, the Debtors provided Liquidbits with a substantial amount of hashing power in the form of BabyJet computers and Golden Nonce chips. Liquidbits, however, failed to establish the mining operation and, indeed, contended that the Debtors failed to provide all the promised equipment. Liquidbits contends that the alleged failure to deliver all equipment post-petition resulted in lost income from the mining operation.

While the Committee believes the Estate's claims against Liquidbits are strong and contests the validity of the claims Liquidbits asserted against the Estate, litigation is never certain and the potential disputes are no exception to this rule. Indeed, the potential litigation appears far more complex than an ordinary breach of contract claim. As noted by the Debtors in the Motion, the main issue pertains to damages. As the claims of each parties depends on the potential performance of the proposed mining operation, the potential litigation presents several complex and subjective issues, including, without limitation, the reasonable time needed to establish the mining operation, the potential output of the mine, the theoretical increase in difficulty of mining Bitcoin, the value of Bitcoin, etc. Resolving these complex issues would require expert testimony on a number of issues, including Bitcoin mining, statistical analysis of probabilities governing Bitcoin recovery from the mining operation, financial forecasts for Bitcoin, projections for the

increase in difficulty over time, projections for increases in available hashing power, etc. The damages evaluation would be dizzying.

The Settlement Agreement, on the other hand, provides a concrete result of any and all pending and potential claims between the Debtors and Liquidbits. Additionally, the proposed "walk away" is a reasonable resolution of the proposed claims. The Committee valued the potential claims against Liquidbits in the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LL, Dated March 27, 2015* (the "Plan") [D.E. 344] at $3,500,000 and projected litigation expenses of $500,000. *See* D.E. 344, at p. 81. Liquidbits, on the other hand, has asserted claims against the Estate totaling $5,453,451.75. Accordingly, based on the approximate value of the claims and causes of action (albeit undoubtedly disputed by the opposing parties), the proposed walk-away provides reasonable value to the Estate in exchange for the causes of action the Estate may possess against Liquidbits. The Settlement Agreement also eliminates the risk that the Estate incurs the administrative expenses associated with litigation and recovers little (if anything) on account of the claims while Liquidbits successfully defends its claims—a result that would result in the Liquidbits litigation costing the Estate at least $6,000,000 ($500,000 in anticipated litigation expenses in addition to the Liquidbits claims).

In addition to the complexity and risk associated with the potential litigation, the litigation would undoubtedly be protracted and expensive. Since the outset of the Bankruptcy Case, Liquidbits has taken a prominent role and zealously acted to protect its asserted claims. Thus, it is likely Liquidbits would continue to defend its interests in any subsequent litigation—especially since nearly $5,500,000 is on the line. Protracted and adversarial litigation can prove exceedingly expensive and take years. In this case, the Committee estimates that litigating the potential claims against Liquidbits will cost approximately $500,000—cutting deeply into the anticipated value of the claims ($3,500,000). The Settlement Agreement, on the other hand, provides a low cost and expeditious resolution to the potential litigation.

In sum, the Settlement Agreement provides a certain result to complex litigation while eliminating the risks and costs ordinarily associated with litigation. Accordingly, the Committee

- 5 -
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE WITH LIQUIDBITS CORPORATION
Case: 14-30725    Doc# 377    Filed: 06/03/15    Entered: 06/03/15 20:00:46    Page 5 of 12

respectfully submits that the Settlement Agreement satisfies the first and third *A&C Properties* factors.

### B. Potential Collection Issues Weigh in Favor of Approving the Settlement

Based on available information, the Committee believes the collection of any judgment from Liquidbits may prove extremely difficult. The Committee is informed and believes that Liquidbits is presently experiencing liquidity issues—thus, it may lack funds to pay any judgment obtained by the Estate. Furthermore, the Estate may have difficulty enforcing any judgment by ordinary means as Liquidbits is incorporated outside of California and the principals of this closely-held company are located outside the United States. Moreover, it has come to the Committee's attention that Liquidbits may be drawn into one or more lawsuits—lawsuits involving claims similar to the potential breach of contract claims the Debtors possess against Liquidbits. Such lawsuits may reduce available cash due to litigation expenses and may ultimately result in sizable judgments against Liquidbits. Finally, there is also the potential that, given the decline in the Bitcoin market and/or potential litigation, Liquidbits may dissolve or file for bankruptcy, which would likely result in the Estate receiving pennies on the dollar.

The Settlement Agreement, on the other hand, provides a certain resolution that does not depend on the availability of funds and, as such, is immediately enforceable and will remain enforceable even in the event Liquidbits dissolves or later becomes insolvent.

Accordingly, the Committee respectfully submits that the Settlement Agreement satisfies the second *A&C Properties* factor.

### C. The Interests of Creditors Weigh in Favor of Approving the Settlement

The Settlement Agreement serves the interests of creditors by avoiding the costs and delay associated with the potential litigation with Liquidbits and ensuring a collectable "judgment"—i.e., the disallowance of Liquidbits multi-million dollar claims. Indeed, the proposed settlement provides a near-best-case resolution to the parties' disputes. For instance, assuming, *arguendo*, the parties' respective claims are valid and the amounts stated accurate, following litigation, Liquidbits would be entitled to nearly $2,000,000 after any set-off and the Estate would be out $500,000 in litigation expenses—a net negative benefit to the estate of $2,500,000. Under the

Settlement Agreement, on the other hand, Liquidbits has agreed to a "walk away" that, in essences, ensures that the Estate is not at risk of suffering a $2,500,000 loss.

Additionally, the Settlement Agreement benefits creditors by laying the foundation for confirmation of the Plan—the creditors' chosen means of liquidation. More precisely, the Liquidbits administrative claim presents a potential barrier to confirmation of the Plan. Under the Settlement Agreement, this barrier is removed by Liquidbits' agreement to waive and forever release the Estate from any liability for the asserted administrative claim.

Finally, the Settlement Agreement benefits creditors by decreasing administrative expenses and decreasing the overall amount of non-priority unsecured claims, which will result in greater distributions to non-priority unsecured creditors.

Based on the substantial benefit to the Estate and its creditors, the Committee respectfully submits that the Settlement Agreement satisfies the fourth *A&C Properties* factor.

### D. The Settlement Agreement the Result of Arms-Length Transaction

Participation by sophisticated parties and counsel and arms-length bargaining also weigh in favor of approving a settlement. *See Air Line Pilots Ass'n. Int'l v. Nat'l Bank & Trust of Chicago Ionosphere Clubs, Inc.)*, 156 B.R. 414,426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Here, it appears that the Debtors and Liquidbits were represented by competent, experienced, and independent bankruptcy counsel during the negotiation of the Settlement Agreement. The arms-length nature of the Settlement Agreement further weighs in favor of granting the Motion and approving the Settlement Agreement.

///
///
///
///
///
///
///
///

## III. CONCLUSION

WHEREFORE, the Committee joins the Debtors' request for entry of an order granting the Motion and approving the Settlement Agreement in its entirety.

Dated: June 3, 2015

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: _____
Ashley M. McDow
Michael T. Delaney
Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE DEBTORS' MOTION FOR APPROVAL OF COMPROMISE WITH LIQUIDBITS CORPORATION** will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: The foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 3, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR EMAIL (state method for each person or entity served)**: On (*date*) **June 3, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, addressed and/or by email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via U.S. mail*
Hon. Dennis Montali
U.S. Bankruptcy Court
235 Pine Street, 19th Floor
San Francisco, CA 94104

*Via Email:*
Ray E. Gallo  rgallo@gallo-law.com
Graham Adams  gadams@takelap.com
Servaas Tilkin  servaas.tilkin@gmail.com
Process General c/o Victor Delaglio  NEF@Processgeneral.com
William R. Gougér  bill.gouger@summitcapitalllc.com
Scott Gray  elphenom@yahoo.com

20 LARGEST UNSECURED LIST:
Craig Beech  craigbeech@gmail.com
Michael Gao  Urazexo378@gmail.com
Wy Gost  wygost@yahoo.com

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION (state method for each person or entity served)**: On (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), and/or by facsimile transmission as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2015 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - Venkat Balasubramani    venkat@focallaw.com, pete.morici@alumni.purdue.edu
   - Greg P. Campbell    ecfcanb@aldridgepite.com, gc@ecf.inforuptcy.com
   - Patrick Chesney    pchesney@gallo-law.com, mvananda@gallo-law.com
   - Michael Delaney    mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
   - Caroline R. Djang    cdjang@rutan.com
   - Fahim Farivar    ffarivar@bakerlaw.com, sgaeta@bakerlaw.com
   - W. Keith Fendrick    keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com
   - Beth E. Gaschen    bgaschen@wgllp.com
   - Julie M. Glosson    julie.m.glosson@usdoj.gov
   - Elizabeth A. Green    egreen@bakerlaw.com, jdriggers@bakerlaw.com
   - Robert G. Harris    rob@bindermalter.com
   - Ori Katz    okatz@sheppardmullin.com
   - Ashley McDow    amcdow@bakerlaw.com, SGaeta@bakerlaw.com
   - Jessica M. Mickelsen    jessica.mickelsen@kattenlaw.com
   - Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
   - David M. Poitras    dpoitras@jmbm.com
   - Gregory A. Rougeau    grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com
   - Craig Stuppi    craig@stuppilaw.com
   - Sarah M. Stuppi    sarah@stuppilaw.com
   - Christopher D. Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com
   - Nancy Weng    nweng@trinhlawfirm.com, kim@trinhlawfirm.com

2. **SERVED BY UNITED STATES MAIL:**

   **PARTIES REQUESTING SPECIAL NOTICE**

| | | |
|---|---|---|
| Eric W. Benisek<br>Vasquez Benisek and Lindgren LLP<br>3685 Mt. Diablo Blvd., Suite 300<br>Lafayette, CA 94549 | Craig A. Barbarosh<br>Katten Muchin Rosenman LLP<br>650 Town Center Dr. 7th Fl.<br>Costa Mesa, CA 92626-7122 | Edward Hammond<br>3103 Powell Cir.<br>Austin, TX 78704 |
| Timothy Lam<br>6156 Temple City Blvd.<br>Temple City, CA 91780 | Kang Lu<br>5753 Hwy 85 North #2442<br>Crestview, FL 32536 | Ainsley G. Moloney<br>Morgan Lewis & Bockius LLP<br>1 Federal St.<br>Boston, MA 02110 |
| Grant Pederson<br>12538 Botanical Ln.<br>Frisco, TX 75035 | Peter A. Siddiqui<br>Katten Muchin Rosenman LLP<br>525 W. Monroe St.<br>Chicago, IL 60661-3693 | 100 Bush Corporation<br>100 Bush Street, Suite 218<br>San Francisco, CA 94104 |
| Robert G. Harris<br>Binder & Malter LLP<br>2775 Park Avenue<br>Santa Clara, CA 95050 | AQS<br>401 Kato Terrace<br>Fremont, CA 94539 | San Francisco Court Appointed Special Advocates<br>2535 Mission Street<br>San Francisco, CA 94110 |

## STATE AND FEDERAL AGENCIES

Chief Tax Collection Section
Employment Development Section
P.O. Box 826203
Sacramento, CA 94230

California Employment
Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280

California Franchise Tax Board
Special Procedures Bankruptcy
Unit
P.O. Box 2952
Sacramento, CA 95812-2952

## MEMBERS OF THE UNSECURED CREDITORS COMMITTEE

Hamilton Hee
761 Irwindale Ave.
Las Vegas, NV 89123

Sistemas Operativos Sanitarios ca
Attn: Guido Ochoa
Calle 35 entre Av. 2 y 3 #2-34
Merida, Venezuela 5101

Uniquify Inc.
Attn: Robert Smith
2030 Fortune Drive #200
San Jose, CA 95131

Antony Vo
c/o Steven T. Gubner
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911

Koi Systems Ltd.
Attn: Brian Edgeworth
1191 Center Point Drive, Suite A
Henderson, NV 89074

Peter Morici
1430 Patapsco St.
Baltimore, MD 21230

~~Digimex Ltd.~~
~~Attn: Willem van Rooyen~~
~~Bel Air on the Peak, Phase 4~~
~~Tower 7, Unite 19A~~
~~Pok Fu Lam, Hong Kong~~
(Returned mail 3/31/15)

Digimex, LTD
c/o Caroline R. Djang
RUTAN & TUCKER, LLP
611 Anton Blvd., Ste. 1400
Costa Mesa, CA 92626-1931

## LIST OF 20 LARGEST UNSECURED CREDITORS

Liquidbits Corp.
20201 E. County Club Dr. #1502
Aventura, FL 33180-3282

~~Benjamin Lindner~~
~~9035 Grayland Drive~~
~~Apartment E~~
~~Knoxville, TN 37923-4014~~
(Returned mail 1/8/15)

Ciara Technologies
9300 Transcanada Highway
Saint-Laurent, Quebec H4S1K5
Canada

Cypher Enterprises, LLC
c/o Robert J. Bogdanwicz III,
Deans& Lyons LLP
325 N. Saint Paul Street, Suite 1500
Dallas, TX 75201-3891

DXCorr Design Inc.
121 West Washington Ave.
Suite 212
Sunnyvale, CA 94086-1101

Davide Cavion
c/o Bryan Reyhani,
Reyhani Nemirovsky LLP
200 Park Avenue, 17th Floor
New York, NY 10166-0004

Elton Seah
761 Irwindale Avenue
Las Vegas, NV 89123-2319

Future Electronics Corp.
3255 Paysphere Circle
Chicago, IL 60674-0032

Graeme Middleton
Middleton Solicitors
135-137 Dale Street
Liverpool L2 2JH UK

Guido Ochoa
Calle 35
Merida, Venezuela 5101

Michael Gao
c/o Hongqui Yang
105 Tamalpais Pt.
Chapel Hill, NC 27514-1453

Sonic Manufacturing
Technologies
P.O. Box 225
Santa Clara, CA 95052-0225

~~WY Gost~~
~~Building A, Haocheng Tech Park~~
~~Yanshan Ave.~~
~~Baoan District, Shenzen~~
~~China~~
(Returned mail 11/17/2014)

Anthony Vo
c/o Bryan Reyhani
Reyhani Nemirovsky LLP
200 Park Avenue, 17th floor
New York, NY 10166

Koi Systems Ltd
1191 Center Point Drive #A
Attention: Brian Edgeworth
Henderson, NV 89074-7891

Perkins Coie
131 S. Dearborn St. #1700
Chicago, IL 60603-5559

Strategic Counsel Corp
227 Broadway, Suite 306
Santa Monica, CA 90401-3441

World Electronics
3000 Kutztown Road
Reading, PA 19605-2617

Mark Roy
21745 Duck Creek Square
Ashburn, VA 20148-4411

Sandgate Technologies
595 Fellowship Road
Chester Springs, PA 19425-3618

Uniquify, Inc.
2030 Fortune Drive #200
Attn: Robert Smith
San Jose, CA 95131-1835

Zuber Lawler & Del Duca LLP
777 S. Figeroa Street
37th Floor
Los Angeles, CA 90017-5800