Ashley M. McDow (245114)
Michael T. Delaney (261714)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>Hearing:<br>Date: June 12, 2015<br>Time: 11:00 a.m.<br>Place: 235 Pine St., 19th Floor<br>        San Francisco, CA 94104<br><br>Judge: Honorable Dennis Montali |

**DECLARATION OF VICTOR DELAGLIO IN SUPPORT OF THE DEBTORS' MOTION FOR APPROVAL OF COMPROMISE WITH LIQUIDBITS CORPORATION**

I, Victor Delaglio, hereby declare:

1. I am more than 18 years of age and of sound mind. I am a Director of Province, Inc. ("Province"), chief restructuring officer for Hashfast Technologies, LLC. I make this declaration in support of the *Debtors' Motion for Approval of Compromise with Liquidbits Corporation* (the "Motion") [Docket Entry ("D.E.") 374]. Capitalized terms not otherwise defined herein shall have the meaning given them in the Motion. Except as otherwise stated, all

facts contained within this declaration are based upon personal knowledge (my own or that gathered from others that work under my supervision), and my review of relevant documents. If called upon to testify, I would testify to the facts set forth herein.

2. Based on my review of the books and records of the Debtors, I am informed and believe that Liquidbits paid nearly six million dollars ($6,000,000.00) under the Purchase Agreement, but the Debtors did not deliver all purchased Sierra units to Liquidbits.

3. Based on my review of the books and records of the Debtors, it does not appear that Liquidbits ever paid any mining revenues to the Debtors pursuant to the terms of the Purchase Agreement or the MOU.

4. Based on my review of the Debtors' books and records I believe that the Purchase Agreement and the MOU, which were appended to the Motion as Exhibits 1 and 2 to Exhibit 2, respectively, are true and correct copies.

5. The books and records of the Debtors indicate that the Debtors shipped 2,000 ASICs to Liquidbits less than 90 days before the petition date; however, there is no indication in the books and records that the Debtors shipped any further ASICs or other mining equipment to Liquidbits under the MOU.

6. Based on my review of the books and records of the Debtors, I am informed and believe that Liquidbits placed several purchase orders with the Debtors to buy mining equipment since the bankruptcy cases have been pending. The Debtors and Liquidbits dispute the basis on which those purchase orders were canceled and what remedies for those cancellations exist. Liquidbits believed that it was entitled to a post-petition refund in the amount of $88,726.75.

7. After extensive settlement discussions between the Debtors and Liquidbits, the parties entered into that certain settlement agreement dated May 29, 2015, a true and correct copy of which was appended to the Motion as Exhibit 1 (the "Settlement Agreement").

8. Were it not for the Settlement Agreement, the Debtors would have filed adversary proceedings and claim objections, which I am confident Liquidbits would have vigorously defended.

9. With respect to the preference claim I believe the Debtors possess against Liquidbits, if necessary, I believe that the Debtors could demonstrate insolvency as of April 2014. However, I also believe that valuing the ASICs at the time they were transferred could be a difficult burden. In addition, I believe that Liquidbits would assert various defenses, including contesting the existence of antecedent debt, contemporaneous new value, and ordinary course of business.

10. With respect to the breach of contract claim that I believe the Debtors possess against Liquidbits, even though the Debtors did not receive any mining revenue pursuant to the terms of the Purchase Agreement or the MOU, I believe that Liquidbits would assert various defenses to the payment of such revenues, including but not limited to the fact that the Purchase Agreement and/or the MOU were breached by the Debtors (which breach excuses Liquidbits performance thereunder) and/or that Liquidbits generated no mining revenue.

11. I believe that the litigation associated with the claims of the Debtors against Liquidbits and Liquidbits against the Debtors would complex, fact-intensive, and highly contested, and that the resolution of that litigation would require significant discovery and expert testimony.

12. In addition to resolving large claims by and against the estate, the proposed settlement eliminates the need for the estate to expend its limited resources prosecuting and defending the disputes. I believe that the proposed settlement provides the most reasonable and cost-effective way of proceeding at this juncture and will save significant expense, inconvenience, and delay associates with continued and protracted litigation. Among other things, it permits the administration of the Debtors' estates to move to the next step, and eliminates claims from the claims pool, thereby increasing the recovery to all other creditors.

13. I believe it would be difficult to collect on any judgment that the Debtor(s) were to obtain against Liquidbits for a number of reasons. Not only is Liquidbits a closely-held corporation which is incorporated in Florida, but it is my understanding that many, if not all, of the principals of Liquidbits are located outside of the United States, which presents a host of jurisdictional complications. It is also my understanding that a number of mining equipment

manufacturers who have done business with Liquidbits are likely to pursue actions against Liquidbits in the near future, which would increase the likelihood of Liquidbits seeking bankruptcy protection in order to avoid the enforcement of the various judgments.

14. Based on the foregoing, and for the reasons set forth in the Motion in further detail, I believe the proposed settlement is in the best interest of the estates and should be approved.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June, 2015, at Las Vegas, Nevada.

_____
Victor Delaglio

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF VICTOR DELAGLIO IN SUPPORT OF THE DEBTORS' MOTION FOR APPROVAL OF COMPROMISE WITH LIQUIDBITS CORPORATION** will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: The foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 3, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR EMAIL** (state method for each person or entity served): On (*date*) **June 3, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, addressed and/or by email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via U.S. mail*
Hon. Dennis Montali
U.S. Bankruptcy Court
235 Pine Street, 19th Floor
San Francisco, CA 94104

*Via Email:*
Ray E. Gallo  rgallo@gallo-law.com
Graham Adams  gadams@takelap.com
Servaas Tilkin  servaas.tilkin@gmail.com
Process General c/o Victor Delaglio  NEF@Processgeneral.com
William R. Gougér  bill.gouger@summitcapitalllc.com
Scott Gray  elphenom@yahoo.com

20 LARGEST UNSECURED LIST:
Craig Beech  craigbeech@gmail.com
Michael Gao  Urazexo378@gmail.com
Wy Gost  wygost@yahoo.com

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION** (state method for each person or entity served): On (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), and/or by facsimile transmission as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2015 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - Venkat Balasubramani    venkat@focallaw.com, pete.morici@alumni.purdue.edu
   - Greg P. Campbell    ecfcanb@aldridgepite.com, gc@ecf.inforuptcy.com
   - Patrick Chesney    pchesney@gallo-law.com, mvananda@gallo-law.com
   - Michael Delaney    mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
   - Caroline R. Djang    cdjang@rutan.com
   - Fahim Farivar    ffarivar@bakerlaw.com, sgaeta@bakerlaw.com
   - W. Keith Fendrick    keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com
   - Beth E. Gaschen    bgaschen@wgllp.com
   - Julie M. Glosson    julie.m.glosson@usdoj.gov
   - Elizabeth A. Green    egreen@bakerlaw.com, jdriggers@bakerlaw.com
   - Robert G. Harris    rob@bindermalter.com
   - Ori Katz    okatz@sheppardmullin.com
   - Ashley McDow    amcdow@bakerlaw.com, SGaeta@bakerlaw.com
   - Jessica M. Mickelsen    jessica.mickelsen@kattenlaw.com
   - Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
   - David M. Poitras    dpoitras@jmbm.com
   - Gregory A. Rougeau    grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com
   - Craig Stuppi    craig@stuppilaw.com
   - Sarah M. Stuppi    sarah@stuppilaw.com
   - Christopher D. Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com
   - Nancy Weng    nweng@trinhlawfirm.com, kim@trinhlawfirm.com

2. **SERVED BY UNITED STATES MAIL:**

   **PARTIES REQUESTING SPECIAL NOTICE**

Eric W. Benisek
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Craig A. Barbarosh
Katten Muchin Rosenman LLP
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626-7122

Edward Hammond
3103 Powell Cir.
Austin, TX 78704

Timothy Lam
6156 Temple City Blvd.
Temple City, CA 91780

Kang Lu
5753 Hwy 85 North #2442
Crestview, FL 32536

Ainsley G. Moloney
Morgan Lewis & Bockius LLP
1 Federal St.
Boston, MA 02110

Grant Pederson
12538 Botanical Ln.
Frisco, TX 75035

Peter A. Siddiqui
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661-3693

100 Bush Corporation
100 Bush Street, Suite 218
San Francisco, CA 94104

Robert G. Harris
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

AQS
401 Kato Terrace
Fremont, CA 94539

San Francisco Court Appointed
Special
Advocates
2535 Mission Street
San Francisco, CA 94110

## STATE AND FEDERAL AGENCIES

Chief Tax Collection Section
Employment Development Section
P.O. Box 826203
Sacramento, CA 94230

California Employment
Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280

California Franchise Tax Board
Special Procedures Bankruptcy
Unit
P.O. Box 2952
Sacramento, CA 95812-2952

## MEMBERS OF THE UNSECURED CREDITORS COMMITTEE

Hamilton Hee
761 Irwindale Ave.
Las Vegas, NV 89123

Sistemas Operativos Sanitarios ca
Attn: Guido Ochoa
Calle 35 entre Av. 2 y 3 #2-34
Merida, Venezuela 5101

Uniquify Inc.
Attn: Robert Smith
2030 Fortune Drive #200
San Jose, CA 95131

Antony Vo
c/o Steven T. Gubner
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911

Koi Systems Ltd.
Attn: Brian Edgeworth
1191 Center Point Drive, Suite A
Henderson, NV 89074

Peter Morici
1430 Patapsco St.
Baltimore, MD 21230

~~Digimex Ltd.~~
~~Attn: Willem van Rooyen~~
~~Bel Air on the Peak, Phase 4~~
~~Tower 7, Unite 19A~~
~~Pok Fu Lam, Hong Kong~~
(Returned mail 3/31/15)

Digimex, LTD
c/o Caroline R. Djang
RUTAN & TUCKER, LLP
611 Anton Blvd., Ste. 1400
Costa Mesa, CA 92626-1931

## LIST OF 20 LARGEST UNSECURED CREDITORS

Liquidbits Corp.
20201 E. County Club Dr. #1502
Aventura, FL 33180-3282

~~Benjamin Lindner~~
~~9035 Grayland Drive~~
~~Apartment E~~
~~Knoxville, TN 37923-4014~~
(Returned mail 1/8/15)

Ciara Technologies
9300 Transcanada Highway
Saint-Laurent, Quebec H451K5
Canada

Cypher Enterprises, LLC
c/o Robert J. Bogdanwicz III,
Deans& Lyons LLP
325 N. Saint Paul Street, Suite 1500
Dallas, TX 75201-3891

DXCorr Design Inc.
121 West Washington Ave.
Suite 212
Sunnyvale, CA 94086-1101

Davide Cavion
c/o Bryan Reyhani,
Reyhani Nemirovsky LLP
200 Park Avenue, 17th Floor
New York, NY 10166-0004

Elton Seah
761 Irwindale Avenue
Las Vegas, NV 89123-2319

Future Electronics Corp.
3255 Paysphere Circle
Chicago, IL 60674-0032

Graeme Middleton
Middleton Solicitors
135-137 Dale Street
Liverpool L2 2JH UK

| | | |
|---|---|---|
| Guido Ochoa<br>Calle 35<br>Merida, Venezuela 5101 | Koi Systems Ltd<br>1191 Center Point Drive #A<br>Attention: Brian Edgeworth<br>Henderson, NV 89074-7891 | Mark Roy<br>21745 Duck Creek Square<br>Ashburn, VA 20148-4411 |
| Michael Gao<br>c/o Hongqui Yang<br>105 Tamalpais Pt.<br>Chapel Hill, NC 27514-1453 | Perkins Coie<br>131 S. Dearborn St. #1700<br>Chicago, IL 60603-5559 | Sandgate Technologies<br>595 Fellowship Road<br>Chester Springs, PA 19425-3618 |
| Sonic Manufacturing Technologies<br>P.O. Box 225<br>Santa Clara, CA 95052-0225 | Strategic Counsel Corp<br>227 Broadway, Suite 306<br>Santa Monica, CA 90401-3441 | Uniquify, Inc.<br>2030 Fortune Drive #200<br>Attn: Robert Smith<br>San Jose, CA 95131-1835 |
| ~~WY Gost~~<br>~~Building A, Haocheng Tech Park~~<br>~~Yanshan Ave.~~<br>~~Baoan District, Shenzen~~<br>~~China~~<br>(Returned mail 11/17/2014) | World Electronics<br>3000 Kutztown Road<br>Reading, PA 19605-2617 | Zuber Lawler & Del Duca LLP<br>777 S. Figeroa Street<br>37th Floor<br>Los Angeles, CA 90017-5800 |
| Anthony Vo<br>c/o Bryan Reyhani<br>Reyhani Nemirovsky LLP<br>200 Park Avenue, 17th floor<br>New York, NY 10166 | | |