Entered on Docket
June 25, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: June 25, 2015

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge



| | |
|---|---|
| 1 | Ashley M. McDow (245114) |
| 2 | Michael T. Delaney (261714)<br>**BAKER & HOSTETLER LLP**<br>11601 Wilshire Boulevard, Suite 1400 |
| 3 | Los Angeles, CA 90025-0509<br>Telephone: 310.820.8800 |
| 4 | Facsimile: 310.820.8859<br>Email: amcdow@bakerlaw.c |
| 5 | mdelaney@bakerlaw. |
| 6 | Attorneys for the OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Lead Case No.: 14-30725 DM |
| HASHFAST TECHNOLOGIES, LLC, a<br>California limited liability company, | Jointly Administered and Substantively Consolidated with: |
| Debtor and Debtor in Possession. | Case No.: 14-30866 DM |
| | Chapter 11 |
| x  Affects HASHFAST LLC, a Delaware<br>limited liability company, | Confirmation Hearing:<br>Date: June 12, 2015 |
| Debtor and Debtor in Possession. | Time: 11:00 a.m.<br>Place: Courtroom 22<br>U.S. Bankruptcy Court<br>235 Pine Street<br>San Francisco, CA 94104 |

**ORDER APPROVING ON A FINAL BASIS AND CONFIRMING THE CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT FOR HASHFAST TECHNOLOGIES, LLC, AND HASHFAST, LLC, DATED JUNE 4, 2015**

On or about March 27, 2015, the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned, substantively consolidated bankruptcy cases (collectively, the "Bankruptcy Case") of Hashfast Technologies, LLC ("HFT") and Hashfast, LLC ("HF"), filed the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated March 27, 2015* (as applicable, the "Plan" or "Disclosure Statement") [Docket Entry ("D.E.") 344]. On or about April 1, 2015, the above-referenced court (the "Court") entered the *Order Tentatively Approving Disclosures in Combined Plan and*

*Disclosure Statement, Fixing Time for Submitting Ballots and Filing Objections to Confirmation of Plan and/or Disclosure Statement, and Setting Hearing* (the "DS Order") [D.E. 345]. In accordance with the DS Order, the Committee solicited votes on the Plan. Receiving sufficient ballots for confirmation, the Plan came before the Court for hearing on or about May 27, 2015 (the "Initial Confirmation Hearing"), the Honorable Dennis Montali presiding.

After considering the Plan, pleadings and evidence filed in support of and against confirmation thereof, and the arguments of counsel during the Initial Confirmation Hearing, the Court conditionally confirmed the Plan subject to the incorporation of certain revisions and the approval of a compromise (the "Liquidbits Compromise") by and between HFT and HF (collectively, the "Debtors"), on the one hand, and Liquidbits Corporation ("Liquidbits"), on the other hand. The Court continued the hearing on the Plan, as well as other related hearings, to June 12, 2015, at 11:00 a.m. (the "Final Confirmation Hearing").

On or about May 29, 2015, the Debtors filed the Motion for Approval of Compromise with Liquidbits Corporation (the "Liquidbits Compromise Motion") seeking approval of the Liquidbits Compromise in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On or about June 3, 2015, the Committee filed *The Official Committee of Unsecured Creditors' Supplemental Brief in Support of the Debtors' Motion for Approval of Compromise with Liquidbits Corporation* [D.E. 377] and the *Declaration of Victor Delaglio in Support of Debtors' Motion for Approval of Compromise with Liquidbits Corporation* [D.E. 378].

On or about June 4, 2015, the Committee filed the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (as applicable, the "Amended Plan" or "Amended Disclosure Statement") [D.E. 379].[1] A revised version of the Liquidating Trust Agreement (the "HF Trust Agreement") was appended thereto as Exhibit "B". *See* D.E. 379, at pp. 82-97.

On June 12, 2015, at 11:00 a.m., the Amended Plan and Liquidbits Compromise Motion came on for hearing before the Court, the Honorable Dennis Montali presiding. During the

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

- 2 -
ORDER APPROVING AND CONFIRMING CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT
606692812.1

hearing, the Court found the Amended Plan satisfied the requirements of sections 1123 and 1129 of title 11 of the United States Code (the "Bankruptcy Code"), and that the revisions to the Plan and the HF Trust Agreement rendered all objections moot. The Court also found that the Liquidbits Compromise satisfied the requirements of Rule 9019(a) of the Bankruptcy Rules.

On or about June 15, 2015, the Court entered the *Order Approving Debtor's Compromise with Liquidbits Corporation* (the "Compromise Order") [D.E. 383] and, thereby, granted the Liquidbits Compromise Motion and approve the Liquidbits Compromise.

NOW, THEREFORE, the Committee having proposed and filed the Amended Plan and the Court having conducted a hearings on May 27, 2015 and June 12, 2015 to consider the adequacy of the Amended Disclosure Statement and the confirmation of the Amended Plan, or the prior versions thereof, having considered and evaluated all evidence submitted in support of the approval of the Amended Disclosure Statement and confirmation of the Amended Plan, having taken judicial notice of all pleadings and other documentation on the docket in the Bankruptcy Case, having found that due and proper notice has been given with respect to the approval of the Amended Disclosure Statement as well as the solicitation of votes, the opposition and objection period, and hearing on the confirmation of the Amended Plan, and, after due deliberation thereon, finding good and sufficient cause therefor,

**IT IS HEREBY FOUND AND CONCLUDED[2]** that:

**JURISDICTION AND VENUE[3]**

1. This Court has jurisdiction over the subject matters pursuant to 28 U.S.C. § 1334;

2. Final approval of the Amended Disclosure Statement and confirmation of the Amended Plan constitute core proceedings pursuant to 28 U.S.C. § 157(b) and, thus, this Court has jurisdiction and the authorities to enter final order(s) with respect thereto;

---

[2] The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Bankruptcy Rules. To the extent any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

[3] The titles contained herein are for the convenience of the Court and the parties and have no bearing on the terms of this Order or the interpretation thereof.

- 3 -
ORDER APPROVING AND CONFIRMING CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT
606692812.1

3. The Debtors are proper debtors under section 109 of the Bankruptcy Code;

4. The Committee was duly appointed pursuant to section 1102 of the Bankruptcy Code;

5. The Committee is a proper proponent of the Amended Plan under section 1121(a) of the Bankruptcy Code;

6. Each of the conditions precedent to the entry of this order (the "Order") has been satisfied;

## JUDICIAL NOTICE

7. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Cases;

## SECTION 1125 APPROVAL STANDARDS

8. The Amended Disclosure Statement contains adequate information, as defined by section 1125(a)(1) of the Bankruptcy Code, such that a hypothetical investor of the relevant classes of creditors could make an informed judgment about the Amended Plan;

## SECTION 1129 CONFIRMATION STANDARDS

9. **Section 1129(a)(1).** The Amended Plan complies with each applicable provision of the Bankruptcy Code, including, without limitation, the requirements of sections 1122, 1123, 1125, and 1126 of the Bankruptcy Code;

10. **Section 1129(a)(2).** The Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code, and, therefore, the Debtor has satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code;

11. **Section 1129(a)(3).** Based on the totality of the circumstances surrounding the Bankruptcy Case and the formulation of the Amended Plan, the Committee has proposed the Amended Plan in good faith, for the valid business purpose of maximizing the value of the Debtors' assets for the benefit of the substantively consolidated bankruptcy estates in the

Bankruptcy Case (collectively, the "Estate"), its creditors and other parties-in-interest, and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code;

12. **Section 1129(a)(4).** Any payment(s) made or to be made by the Debtors, the Committee, and/or the liquidating trust created by and through the Amended Plan and HF Trust Agreement (the "HF Trust") for services or for costs and expenses in or in connection with the Bankruptcy Case, including, without limitation, administrative expense claims under Section 503 of the Bankruptcy Code, or in connection with the Amended Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code;

13. **Section 1129(a)(5).** The Committee has complied with Section 1129(a)(5) of the Bankruptcy Code by disclosing the identity and affiliations of all individuals proposed to serve, after confirmation of the Amended Plan, as officers of the HF Trust;

14. **Section 1129(a)(6).** Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the current business of the Debtors and the future operations of the HF Trust are not subject to governmental regulation of rates; thus, the Amended Plan therefore satisfies Section 1129(a)(6) of the Bankruptcy Code;

15. **Section 1129(a)(7).** Each holder of an impaired Claim that has not accepted the Amended Plan will, on account of such Claim, receive or retain property under the Amended Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code;

16. **Section 1129(a)(8).** The Amended Plan has been accepted by all impaired classes of Claims and, thus, has satisfied section 1129(a)(8) of the Bankruptcy Code;

17. **Section 1129(a)(9).** Except to the extent the holder has agreed to alternate treatment, the Amended Plan provides treatment for allowed Administrative Claims and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code;

18. **Section 1129(a)(10).** Classes 1 and 2 of the Amended Plan, which were impaired and did not include any insiders, voted to accept the Amended Plan and, thus, the Amended Plan satisfies section 1129(a)(10) of the Bankruptcy Code;

- 5 -
ORDER APPROVING AND CONFIRMING CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT
606692812.1

Case: 14-30725    Doc# 387    Filed: 06/25/15    Entered: 06/25/15 16:38:35    Page 5 of 10

19. **Section 1129(a)(11).** As the Amended Plan entails the liquidation of the Estate's assets through a liquidating trust (i.e., the HF Trust), section 1129(a)(11) of the Bankruptcy Code is inapplicable;

20. **Section 1129(a)(12).** The Amended Plan provides for the payment of all fees payable under section 1930 of title 28 of the United States Code by the Debtors and/or the HF Trust on the Effective Date (or as soon as practicable thereafter) and, moreover, after the Effective Date and until this Bankruptcy Case is closed, converted, or dismissed, the Amended Plan provides for the payment by the trustee of the HF Trust (the "HF Trustee") of all such fees as they become due and payable—thus, satisfying section 1129(a)(12) of the Bankruptcy Code;

21. Sections 1129(a)(13), 1129(a)(14), and 1129(a)(15) are inapplicable;

22. **Section 1129(c).** The Amended Plan (including previous versions thereof) is the only Amended Plan that has been filed in the Bankruptcy Case and, thus, the requirements of section 1129(c) of the Bankruptcy Code are inapplicable;

23. **Section 1129(d).** No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Amended Plan on grounds that the principal purpose of the Amended Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Amended Plan is not such avoidance—thus, the Amended Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code; and

## SETTLEMENTS AND INJUNCTIONS

24. Pursuant to sections 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions, and other benefits provided under the Amended Plan, the provisions of the Amended Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Amended Plan, unless any Claims have been separately compromised by the Debtors during the pendency of the Bankruptcy Case, in which case, the terms of such compromise shall govern the treatment of the subject Claim(s).

///

- 6 -

ORDER APPROVING AND CONFIRMING CONSOLIDATED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT

606692812.1

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Amended Disclosure Statement is approved on a final basis pursuant to section 1125 of the Bankruptcy Code;

2. The Amended Plan is confirmed on a final basis pursuant to section 1129 of the Bankruptcy Code;

3. By and through the confirmation of the Amended Plan, the Court hereby approves the HF Trust Agreement, the creation of the HF Trust pursuant to the terms of the HF Trust Agreement, and the appointment of Michael G. Kasolas as the HF Trustee, and authorizes the Debtors, the Committee and/or the HF Trustee to take any efforts reasonably necessary to establish or effectuate the Amended Plan;

4. In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Amended Plan shall be binding upon and inure to the benefit of (i) the Debtors, (ii) the holders of Claims and/or Equity Interests (whether or not they voted to accept the Amended Plan, were impaired under the Amended Plan, and/or filed or is deemed to have filed a proof of claim), (iii) any other individual or entity giving, acquiring, or receiving property under the Amended Plan, (iv) any pay to an executory contract or unexpired lease of HF and/or HFT, and (v) each of the foregoing's respective heirs, successors', assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, and/or guardians, if any;

5. In accordance with section 1141(c) of the Bankruptcy Code and upon the occurrence of the Effective Date, the property dealt with by the Amended Plan shall be free and clear of all claims and interests, if any;

6. On the Effective Date, except as otherwise provided in the Amended Plan, title to all property of the Estate shall vest in and be transferred in accordance with the terms of the Amended Plan to the HF Trust under the control of the HF Trustee;

7. On the Effective Date, except as otherwise provided in the Amended Plan, any and all releases provided for under the Amended Plan shall be effective, valid, and binding upon the (i) the Debtors, (ii) the holders of Claims and/or Equity Interests (whether or not they voted to accept

- 7 -

the Amended Plan, were impaired under the Amended Plan, and/or filed or is deemed to have filed a proof of claim), (iii) any other individual or entity giving, acquiring, or receiving property under the Amended Plan, (iv) any pay to an executory contract or unexpired lease of HF and/or HFT, and (v) each of the foregoing's respective heirs, successors', assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, and/or guardians, if any;

8. Except as provided for in the HF Trust Agreement, the Court shall retain and have exclusive jurisdiction of all matters arising out of the Bankruptcy Case pursuant to and for purposes of section 105(a) and section 1142 of the Bankruptcy Code, including, without limitation, jurisdiction over the matters set forth in the Amended Plan, which is incorporated herein by reference, as if set forth *in extensor*;

9. Notwithstanding anything in the Amended Plan or this Order to the contrary, the amount of any Priority Claim for U.S. federal income taxes, if any, and the rights of the holder of such Claim(s), if any, to payment in respect thereof (a) shall survive the Effective Date and consummation of the Amended Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim(s) and the rights of the holder of such Claim(s) would have been resolved or adjudicated if the Bankruptcy Case had not been commenced, (b) shall not be discharged, impaired or adversely affected by the Amended Plan, and (c) in accordance with section 1124 of the Bankruptcy Code, the confirmation of the Amended Plan shall not alter the legal, equitable and contractual rights of a holder of any such Claim(s);

10. Failure to include or reference specifically any particular section(s) or provision(s) of the Amended Plan or any related agreement(s) in this Order shall not diminish or impair the effectiveness of such section(s), provision(s) or related agreement(s), it being the intent of the Court that such section(s), provision(s) or related agreement(s) be approved in their entirety;

11. In accordance with section 1142 of the Bankruptcy Code, the Debtors, HF Trustee and any other individual or entity designated under the Amended Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Amended

1. Plan and/or the HF Trust Agreement in accordance with their respective terms, and all such individuals and entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by and as set forth in the Amended Plan and/or HF Trust Agreement;

12. Any document related to the Plan that refers to a plan of reorganization of the Debtors, other than the Amended Plan confirmed by this Order, shall be and hereby is deemed to be modified such that the reference to a plan of reorganization of the Debtors in such document shall mean and be interpreted as the Amended Plan confirmed by this Order, as appropriate;

13. In the event of an inconsistency between the Amended Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Amended Plan, on the other hand, the provisions of the Amended Plan shall govern *unless* the subject agreement is the HF Trust Agreement, in which case the HF Trust Agreement shall govern;

14. The provisions of this Order are integrated with each other and are non-severable and mutually dependent;

15. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court, or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Amended Plan prior to receipt of written notice of such order, and notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Amended Plan and all related documents or any amendments or modifications thereto; and

///

///

///

- 9 -

16. The Amended Plan shall be substantially consummated on the Effective Date because the transactions described in the Amended Plan shall have occurred or shall have been provided for.

**IT IS SO ORDERED.**

** END OF ORDER **