Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Attorneys for Liquidating Trustee for the
Liquidating Trust, MICHAEL G. KASOLAS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725 DM<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR LIQUIDATING TRUSTEE FOR THE LIQUIDATING TRUST**<br><br>[NO HEARING REQUIRED] |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

Michael G. Kasolas, Liquidating Trustee for the Liquidating Trust ("Applicant") respectfully represents and alleges:

1. This case was filed as a Chapter 11 on May 9, 2014. Pursuant to a confirmed plan in this case (the "Plan"), Applicant has been appointed to liquidate certain assets and carry out the provisions of the Plan.

2. Prior to plan confirmation, and before Applicant was appointed, HashFast Technologies LLC, a California limited liability company ("Debtor") commenced litigation

DM3\3530217.1 99998/10002                    1

APPLICATION TO EMPLOY DUANE MORRIS LLP – CASE NO. 14-30725 DM

Case: 14-30725    Doc# 391    Filed: 09/02/15    Entered: 09/02/15 11:47:43    Page 1 of 4

against Marc A. Lowe, an individual, aka Cypherdoc, for avoidance and recovery of preferential transfers, fraudulent transfers and other claims, Adversary Proceeding No. 15-03011 DM (the "Adversary Proceeding").

3. Applicant has reviewed the Adversary Proceeding and docket, and has consulted with attorneys representing the Debtor and the Creditors Committee in this case. Based on this due diligence, Applicant desires to hire Duane Morris LLP as his counsel to substitute in and prosecute the Adversary Proceeding for the benefit of creditors.

4. Applicant desires to employ Duane Morris LLP as his counsel because he knows said attorneys to possess the requisite integrity, skill, intelligence and familiarity with proceedings under the Bankruptcy Code so as to enable them to perform professional services beneficial to Applicant and to creditors of the estate.

5. The professional services which counsel will render to Applicant pursuant to this application are limited to representing Applicant in the Adversary Proceeding. Moreover, because the Chapter 11 estate is administratively insolvent, counsel and Applicant have agreed, subject to approval by this Court, that counsel will be employed on a contingency fee basis.

6. The terms of the engagement are as follows:

(a) Counsel will represent Applicant in the Adversary Proceeding;

(b) Counsel will receive for attorneys' fees for the legal services to be provided as follows:

   i. $33^1/_3$% of the gross recovery of the recovery is obtained before any mediation, settlement conference, or prior to 60 days before trial, whichever occurs first;

  ii. 40% of the gross recovery if recovery is obtained at or after mediation, settlement conference, or 60 days prior to trial, whichever occurs first, but before the filing of Applicant's brief in an appeal from a court judgment; and

  iii. 40% of the gross recovery if the recovery is obtained after the filing of client's brief in an appeal from a court judgment.

 (c) Gross recovery means the total present or fair market value of everything of value preserved for Applicant or recovered, including the value of non-cash items, from any and all defendants, adverse parties, third persons, insurance carriers, or other sources. If the recovery includes a separate provision for attorneys' fees, whether by settlement, verdict, court order or otherwise, then the fee under this agreement shall be the amount of attorneys' fees so provided plus 10% of client's recovery, or the percentage of recovery calculated based on the percentages in the foregoing paragraph, whichever is greater.

 (d) If there is no recovery, counsel receives no attorneys' fees.

 (e) Costs will be advanced by counsel in connection with this representation. Counsel will be reimbursed out of Applicant's portion of any recovery, before any distribution to Applicant. If there is no recovery, counsel will bear the loss.

 (f) Counsel will not settle Applicant's claims without approval of Applicant, and such additional approvals as may be necessary under the Plan.

 (g) Any disputes under the terms of this arrangement shall be adjudicated by this Bankruptcy Court.

7. Applicant has made diligent inquiry and counsel has no connection with parties to the Adversary Proceeding, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8. Applicant is informed and believes, and based thereon alleges, the employment of Duane Morris LLP on these terms would be in the best interest of this estate and its creditors.

**WHEREFORE**, Applicant prays that he be authorized to employ Duane Morris LLP, generally as his attorneys to render services as described herein with compensation to be paid as per the terms described herein, or in such amounts as the Court may hereafter determine and allow.

Dated: September 2, 2015                /s/ Michael G. Kasolas
                                        MICHAEL G. KASOLAS