Ashley M. McDow (245114)
Michael T. Delaney (261714)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: amcdow@bakerlaw.com
mdelaney@bakerlaw.com

Attorneys for MICHAEL G. KASOLAS,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11 |

## POST-CONFIRMATION STATUS REPORT

Michael G. Kasolas (the "Trustee" or "Mr. Kasolas"), the duly appointed, qualified and acting trustee for the Hashfast Liquidating Trust (the "Trust"), hereby submits the within Post-Confirmation Status Report (the "Report") in accordance with section XV.A.3 of the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (the "Plan") [Docket Entry ("D.E.") 379].

**I.    GENERAL BACKGROUNG**

1. On or about June 25, 2015, the Court entered the *Order Approving on a Final Basis and Confirming the Consolidated Plan of Liquidation and Disclosure Statement for*

*Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (the "Confirmation Order") [D.E. 387]—thereby confirming the Plan and approving the creation of the Trust.

2. On or about July 31, 2015, the Official Committee of Unsecured Creditors (the "Committee") filed the *Notice of Effective Date of Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* [D.E. 390]. The Effective Date (as defined in the Plan) of the Plan was July 31, 2015.

3. As of the Effective Date, the Trust came into existence and Mr. Kasolas became the first trustee of the Trust. Mr. Kasolas continues to serve as trustee for the Trust.

## II. TURNOVER OF ESTATE ASSETS

4. Following the Effective Date of the Plan, Province, Inc. ("Province"), former chief restructuring officer for Hashfast Technologies, LLC, and Hashfast, LLC (collectively, the "Debtors"), and the Trustee have worked together to transition control of the Debtors' assets and related records to the Trustee.

## III. RETENTION OF PROFESSIONALS

5. Following the Effective Date, the Trustee has retained several professionals to assist in the administration of the Trust.

6. Shortly after the Effective Date, the Trustee retained Baker & Hostetler LLP ("Baker") as general insolvency counsel to the Trust.[1] As Baker is employed on an hourly basis, prior Court approval of the employment was not required pursuant to XV.A.4 of the Plan. Prior to any payments to Baker on account of post-confirmation services rendered, Baker and/or the Trustee shall file a notice of intent to pay Baker for services rendered in accordance with XV.A.4 of the Plan.

7. On or about September 2, 2015, the Trustee filed the *Application for Order Appointing Special Counsel for Liquidating Trustee for the Liquidating Trust* (the "Special Counsel Application"). *See* D.E. 391. By and through the Special Counsel Application, the Trustee sought an order authorizing the Trustee to employ Duane Morris LLP ("Duane Morris") as special litigation counsel to prosecute certain litigation on a contingency fee basis in

---

[1] Prior to the Effective Date, Baker served as counsel to the Committee.

accordance with XV.A.4 of the Plan. *Ibid.* On or about September 9, 2015, the Court entered the *Order Appointing Special Counsel for the Liquidating Trustee for the Liquidating Trust* [D.E. 393]—thereby approving the Special Counsel Application and employment of Duane Morris.

8. The Trustee has also employed Richard Pierotti, CPA ("Mr. Pierotti") as accountant for the Trust on an hourly basis in accordance with XV.A.4 of the Plan. Prior to any payments to Mr. Pierotti on account of post-confirmation services rendered, Mr. Pierotti and/or the Trustee shall file a notice of intent to pay Mr. Pierotti for services rendered in accordance with XV.A.4 of the Plan.

## IV. ASSET ADMINISTRATION

9. The assets of the Trust consist primarily of certain causes of action. Following the Effective Date, the Trustee has assumed responsibility for the administration and prosecution of these actions from the Debtors. The status of the various pending and potential causes of action are as follows:

a. <u>Preferential Transfers</u>. In September 2015, the Trustee sent demand letters to approximately 30 creditors that received pre-petition payments within the preference period. The Trustee has received responses and further evidence from a few of the creditors. The Trustee is presently evaluating the evidence provided and the proper disposition of these actions in light of the presently available information.

b. <u>Hashfast Technologies, LLC, et al. v. Lowe</u>. On or about February 17, 2015, the Debtors commenced the adversary proceeding styled *Hashfast Technologies, LLC, et al. v. Lowe*, adv. no. 15-03011 DM (the "Lowe Adversary"). By and through the Lowe Adversary, the Debtors sought to recover 3,000 Bitcoin (or BTC) transferred to Defendant Marc Lowe and certain preferential payments. Following the Effective Date and employment of Duane Morris as special litigation counsel, the Trust assumed the role of plaintiff in the Lowe Adversary. The Trustee is continuing to prosecute the Lowe Adversary and, as present, is in the midst of discovery. The Trustee is also exploring potential settlement options. The next status conference in the Lowe Adversary is scheduled for October 30, 2015, at 1:30 p.m.

c.  Directors and Officers Liability. The Trustee is continuing to evaluate the potential liability of the Debtors' former directors and officers. Although the Trustee is currently interviewing potential counsel, the Trustee has yet to retain counsel to commence litigation.

d.  Other Litigation. The Trustee is currently evaluating the potential contract and tort claims against certain individuals and/or entities, including, without limitation, Liquidbits Corporation and/or Uniquify, Inc. If deemed to be in the best interests of the Trust, the Trustee intends to commence litigation in these matters.

## V. CLAIMS ADMINISTRATION

10. The Trustee is presently analyzing the proofs of claim filed in the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases"). Pursuant to section V.K. of the Plan, the deadline to objection to any claims under the Plan is November 27, 2015 (120 days after the Effective Date of the Plan). To the extent the Trustee deems any objection(s) warranted, the Trustee shall bring such objection(s) on or before November 27, 2015, or will seek an extension of time to bring such objection(s).

11. The Trustee hereby requests that the Court set a bar date for the filing of motions seeking the allowance of any pre-confirmation administrative priority claims (excluding the administrative claims of professionals employed by the bankruptcy estate). The Trustee proposes a deadline approximately 120 days following the filing of this Report. The Trustee is aware that Province, Inc. and Robert Edgeworth (the former chair of the Committee) intend to file motions seeking allowance of administrative claims arising out of the Bankruptcy Cases.

12. Professionals employed by the bankruptcy estate—namely, Baker and Debtors' counsel (Katten Muchin LLP)—may seek approval of fees and expenses in accordance with applicable law. Although the Trustee does not request a deadline for the filing of such applications, the Trustee shall not pay any professional administrative claims unless and until the fees and/or expenses are approved.

## VI. DISTRIBUTIONS

13. The Trust has not made any distributions following the Effective Date.

Dated: October 23, 2015        Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  */S/ Michael T. Delaney*
     Ashley M. McDow
     Michael T. Delaney

Attorneys for MICHAEL G. KASOLAS,
Liquidating Trustee

- 5 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **POST CONFIRMATION STATUS REPORT** will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: The foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 23, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR EMAIL** (state method for each person or entity served): On (*date*) **October 23, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, addressed and/or by email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Julie M. Glosson
Office of the United States Trustee
235 Pine St. #700
San Francisco, CA 94104

Hon. Dennis Montali
U.S. Bankruptcy Court
235 Pine Street, 19th Floor
San Francisco, CA 94104

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION** (state method for each person or entity served): On (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), and/or by facsimile transmission as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 23, 2015 | Laura Hua | /s/Laura Hua |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Venkat Balasubramani    venkat@focallaw.com, pete.morici@alumni.purdue.edu
Greg P. Campbell    ecfcanb@piteduncan.com, gc@ecf.inforuptcy.com
Patrick Chesney    pchesney@gallo-law.com, mvananda@gallo-law.com
Michael Delaney    mdelaney@bakerlaw.com, SGaeta@bakerlaw.com
Caroline R. Djang    cdjang@rutan.com
Fahim Farivar    ffarivar@bakerlaw.com, sgaeta@bakerlaw.com
W. Keith Fendrick    keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com
Julie M. Glosson    julie.m.glosson@usdoj.gov
Elizabeth A. Green    egreen@bakerlaw.com, jdriggers@bakerlaw.com
Robert G. Harris    rob@bindermalter.com
Ori Katz    okatz@sheppardmullin.com
Ashley McDow    amcdow@bakerlaw.com, SGaeta@bakerlaw.com
Jessica M. Mickelsen    jessica.mickelsen@kattenlaw.com
Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
Gregory A. Rougeau    grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com
Craig Stuppi    craig@stuppilaw.com
Sarah M. Stuppi    sarah@stuppilaw.com
Christopher D. Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com
Nancy Weng    nweng@trinhlawfirm.com, kim@trinhlawfirm.com