MICHELE M. DESOER (SBN 119667)
*mdesoer@zuberlaw.com*
ALAN C. CHEN (SBN 224420)
*achen@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for
Claimant Zuber Lawler & Del Duca LLP

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Hashfast Technologies, LLC,<br><br>A California Limited Liability Company<br><br>Debtor(s). | CASE NO. 14-30725<br><br>**ZUBER LAWLER & DEL DUCA LLP'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 322 AND REQUEST FOR HEARING** |

ZUBER LAWLER & DEL DUCA LLP ("Claimant"), an unsecured creditor in the above-entitled Bankruptcy proceeding, hereby submits the following response to the Debtor's Objection to Claim No. 322, and requests that this matter be set for hearing.

We are in receipt of a letter (the "Letter") of September 24, 2015, in which Mr. Delaney, as general counsel for Hashfast Liquidating Trust (the "Trust") in the above referenced consolidated bankruptcy cases, asserts that Zuber Lawler & Del Duca LLP (the "Firm") received preferential distributions from Hashfast prior to the commencement of the Bankruptcy Cases. Specifically, the Letter refers to funds received by the firm from Hashfast of $15,000, received on April 2, 2014 ("Payment

1"); $15,000, received on April 28, 2014 ("Payment 2"); and $7,500, received on May 9, 2014 ("Payment 3").

The Firm has, in connection with the Bankruptcy Cases, filed a claim for $133,651.58 in services rendered to Hashfast. To support the Firm's claim, the Firm provided, *inter alia*, Statement No. 16490 which shows (on page 7), as of March 31, 2014, (prior to Firm's receipt of Payment 1), the Firm had an outstanding bill for services provided up to and including that date of $127,191.91. At that point in time, conscious of the possibility of Hashfast's entering into bankruptcy, Firm required that Hashfast provide retainers to Firm to be applied against fees for Firm's continuing performance of services. Services included continuing litigation matters, as well as attempts to obtain venture debt financing for Hashfast, and to negotiate with some of Hashfast's existing creditors.

It is fundamental to Section 547 of the Bankruptcy Code that only payments in settlement of antecedent debt may be recovered pursuant thereto. Section 547(c)(4) specifically excludes payments for subsequently delivered new value from being voided. In each case, Hashfast's payments to Firm were for value subsequently delivered, and therefore not subject to the Trust's demand for return.

Following Firm's receipt of:

Payment 1, Firm performed additional services (between on April 3 and April 28, 2014) of $19,828.97, invoiced to Hashfast on Statement No. 16742 (page 7).

Payment 2, Firm performed additional services (between on April 29 and May 8, 2014) of $11,901.00, and advanced costs of $452.00, collectively $12,353.00, invoiced to Hashfast, collectively with the $19,828.97 from Statement No. 16742) on Statement No. 16759 (page 7)[1].

---

[1] There appears to be a discrepancy of $105.58 between the total shown on Statement 16759 as "current billing", and the aggregate of the current billings and expenses shown between on Statements 16742 and 16759. We are open to (footnote continued)

Payment 3, Firm performed additional services (between on May 3 and May 31, 2014) of $9,269.56, invoiced to Hashfast on Statement No. 16852 (page 7).

Subsequent to May, 31, Firm performed services and advanced expenses resulting in additional invoice to Hashfast through September 30, 2014 of $18,064.61. In the case of each payment, Firm subsequently provided legal services in excess of the amount of such payment.

Firm does have a pending claim against the bankruptcy estates, for which we are expecting payment in accordance with the adopted plan. We would accordingly like to see the Trust's demand resolved expeditiously.

Should the Court sustain the Trustee's objection, the Firm respectfully requests that it be without prejudice.

Dated: December 15, 2015  By: */s/Michele M. Desoer*
Michele M. Desoer
Alan C. Chen
Attorneys for Claimant
Zuber Lawler & Del Duca LLP

---

discussing this anomaly, but for purposes of our response, we will consider it immaterial.