Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>            Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**RESPONSE OF ALL GALLO CREDITORS TO LIQUIDATING TRUSTEE'S THIRD (DCKT #405), FOURTH (DCKT #406), AND FIFTH (DCKT #407) OMNIBUS OBJECTIONS TO CLAIMS;**<br><br>**REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, hereby respond to the Liquidating Trustee's Third, Fourth, and Fifth Omnibus Objection of Claims (Docket #405, #406, and #407, respectively) as follows and request a hearing. Exhibit A hereto lists the name of each Gallo Creditor and their corresponding Claim Number.

## 1. The Gallo Creditors timely filed Proofs of Claim with supporting documentation

Pursuant to 11 U.S.C. § 501 and F.R.B.P. 3001(c)(1), all 82 Gallo Creditors submitted timely Proofs of Claim and included documentation supporting their claims. Depending on the claim, this documentation included: (1) HashFast printed order confirmations; (2) HashFast emailed order confirmations and receipts; (3) HashFast emails confirming claimants' orders; (4) bank account wire transfer reports; (5) HashFast emails making various delivery, product upgrade, refund, and other promises that the company did not keep and had no intention of keeping (inasmuch as it had no ability to keep them).

In short, the Gallo Creditors submitted a substantial volume of evidence establishing each and every one of their respective claims, not to mention the outright fraud of HashFast in bilking hundreds of its customers of millions of dollars.

## 2. The Proofs of Claim filed by the Gallo Creditors are *prima facie* evidence of their claims

F.R.B.P. 3001(f) states:

A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

## 3. In making an objection to a Proof of Claim, the Trustee must submit evidence to refute the claimant's Claim

Because a Proof of Claim is *prima facie* evidence of the claim, when making an objection to a Proof of Claim, an objector must present sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations in the proofs of claim themselves." *Lundell v. Anchor Constr. Specials, Inc. (In re Lundell),* 223

RESPONSE OF GALLO CREDITORS TO TRUSTEE'S OMNIBUS OBJECTIONS

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

F.3d 1035, 1039 (9th Cir. 2000). The Proof of Claim has "presumptive validity unless the objection is supported by *substantial evidence*" *In re Hemingway Transport, Inc.,* 993 F.2d 915, 925 (1st Cir. 1993) [emphasis in original].

### 4. The Liquidating Trustee's objections include no evidence whatsoever to refute the Gallo Creditors' claims

The Trustee included no evidence, none of any "probative force," none "substantial," indeed none at all, with any of its Third, Fourth, or Fifth Omnibus Objections to Claims. Each Objection to Claim attached to the Trustee's Omnibus Objections contains one or more merely conclusory statements that the Claimant:

(1) "has failed to establish a legal or contractual right to either (a) a refund of Bitcoin equivalent to the initial payment based on the exchange note at the time of the payment or (b) an amount in USD equal value of Bitcoin as of the order for relief" [Third Omnibus Objection];

(2) "failed to provide any evidence demonstrating a payment to or debt owing by the Debtor or Estate" [Fourth Omnibus Objection]; or

(3) "apparently asserts a claim in an amount equal to the value of the additional equipment to which claimant asserts an entitlement under the Miner Protection Program. Claimant, however, has failed to establish a legal or contractual right to the additional equipment or the value of such equipment." [Fifth Omnibus Objection].

A proof of claim filed in accordance with F.R.B.P 3001 is "strong enough to carry over a mere formal objection without more." *Lundell,* 223 F.3d at 1040, citing *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991).

### A. The Objections therefore should be overruled

The Trustee has not overcome the presumption of validity of each of the Gallo Creditors' properly filed Proofs of Claim. The Trustee submitted no evidence refuting

any claim. And the Trustee has overlooked the substantial and probative evidence already submitted by the Gallo Creditors to establish their claims.

## 5.    Conclusion and Request for Fees

The Gallo Creditors properly filed their Proofs of Claim. The Trustee's Objections include no evidence whatsoever refuting these claims. Therefore, the Court should overrule the Trustee's Third, Fourth, and Fifth Omnibus Objections to Claims of the Gallo Creditors.

Further, the Gallo creditors also have been compelled by the Trustee's objections to incur substantial additional attorneys' fees to prepare this and other, more detailed responses to the Trustee's objections, *which appear to arise largely from the Trustee's failure to review the substantial evidence that the Gallo Creditors submitted with their respective claims*, nevermind the substantially greater evidence available to the Trustee from other sources (company records, former employees whose contact information the debtor has, etc.). The Gallo Creditors request an award of reasonable attorneys' fees incurred in responding to the Trustee's objections.

DATED:  February 11, 2016             **RESPECTFULLY SUBMITTED,**

                                                 **GALLO LLP**

By:   */s/ Ray E. Gallo*
                  Ray E. Gallo
                  Attorneys for the Gallo Creditors, and each of them

Page 4

Case: 14-30725    Doc# 439    Filed: 02/11/16    Entered: 02/11/16 13:14:26    Page 4 of 4
RESPONSE OF GALLO CREDITORS TO TRUSTEE'S OMNIBUS OBJECTIONS