Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**RESPONSE OF ALL GALLO CREDITORS TO LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE IN WHOLE OR IN PART OF CLAIMS SEEKING REPAYMENT OF BITCOIN OR BITCOIN EQUIVALENT VALUED AT DATE OF BREACH);**<br><br>**REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, hereby respond to the Liquidating Trustee's Third Omnibus Objection of Claims as follows and request a hearing.

## 1. The Liquidating Trustee's objection

At least 20 Gallo Creditors are identified in the Liquidating Trustee's Third Omnibus Objection to Claims (Docket #405) (collectively the "Bitcoin Claimants"). They are shown with their claim numbers in the table below:

| Claimant | Claim No. | Claimant | Claim No. |
|---|---|---|---|
| Antoine Alary | 230 | Edgar Godoy | 245 |
| Lee Ash | 231 | Luis Guerrero | 235 |
| Max Avroutski | 232 | Harmacolindor Informatikai Kft. | 244 |
| Jason Cameron Bond | 233 | Hamilton Hee | 295 |
| Jeffrey Bradian | 242 | David R Henson | 236 |
| Royce Bui | 251 | Jeremy Ray Jones | 237 |
| Ryan Casey | 234 | Frank Lachmann | 238 |
| Mike Deming | 261 | Andy Lo | 239 |
| Joshua Dorman | 255 | Sebastian Pawel Schmidt | 240 |
| Ryan Gatchalian | 256 | Erik Voorhees | 272 |

These 20 Claimants timely submitted claims arising from their purchases of HashFast mining equipment, their bitcoin payments to HashFast for this equipment, and HashFast's failure to deliver that equipment.

Under their agreement with Hashfast, these creditors paid in bitcoin and were owed refunds in bitcoin *on the date of breach*, when bitcoins were highly valuable.

HashFast failed to pay those bitcoin refunds then. So these creditors are owed the dollar value of those bitcoins as of the date of breach, as set forth in their claims.

The Liquidating Trustee now seeks an Order reducing these twenty Bitcoin Claimants' claims to the U.S. dollar equivalency to bitcoin valued *on the day the order was placed*, arguing there is insufficient evidence to support the claim that the refund was due in bitcoins. (Other arguments raised by the trustee's objection are addressed separately.)

The Trustee is wrong, based on the evidence submitted with the claims and described below.

## 2. The evidence shows that Hashfast promised bitcoin refunds upon a failure to deliver—refunds that were not timely paid

The Bitcoin Claimants each submitted with their individual claims extensive evidence of their contractual right to either bitcoin refunds or the U.S. dollar exchange value for bitcoin as of January 1, 2014. See Exhibit A for copies of all 20 claims submitted.

In an addendum, each of the Bitcoin Claimants submitted the following argument and evidence to support their claims:

> Claimant was an early (Batch-1) customer of HashFast. Claimant paid for his Batch-1 order(s) in Bitcoin. The terms of sale for his Batch-1 order(s) included a "Guaranteed Delivery Date" of December 31, 2013. The terms of sale also provided that, should HashFast fail to meet the guaranteed delivery date, HashFast would return Claimant's "Payment." Claimant's Payment was made in Bitcoin (BTC). HashFast failed to deliver Claimant's promised Batch-1 order(s) and then failed to refund Claimant's Payment.
>
> HashFast took the position that Claimant is not entitled to a refund of his Payment, but only the then-dollar-value of the bitcoins he paid.
>
> This is not what the contract provides for, nor what it was understood to mean. Claimant's claim amount, as recorded in Box 1 of the accompanying Proof of Claim, is calculated using a conversion rate of $770.4357 U.S. Dollars per Bitcoin, which was the average quoted exchange rate as of January 1, 2014 (the day HashFast incurred its refund obligation). See Exhibit 4.

Case: 14-30725 Doc# 440 Filed: 02/13/15 Entered: 02/13/15 10:35:35 Page 3 of 5
RESPONSE TO TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

  Exhibit 1 consists of a schedule explaining how Claimant's Box 1 amount was calculated, using the January 1, 2014 $770.4357 USD/BTC exchange rate for all Batch-1 orders, and Claimant's proof of purchase documentation.

  Exhibit 2 consists of the declaration of Claimant's counsel, Ray E. Gallo, and supporting exhibits. Mr. Gallo's declaration and supporting exhibits establish that HashFast both publicly stated and understood the Batch-1 terms of sale to provide for a refund of Claimant's Payment, ***in Bitcoin***, if HashFast failed to deliver the orders by the December 31, 2013 Guaranteed Delivery Date.

  Exhibit 3 is the declaration of former HashFast employee Carmel Manion. Ms. Manion's declaration, which recounts a conversation she overheard between HashFast principals and then-officers Simon Barber and Eduardo deCastro, evidencing HashFast's understanding that, in the event of a refund, Batch-1 customers were entitled to a refund of the bitcoins they paid (i.e., as of January 1, 2014).

  Exhibit 4 consists of the declaration of Claimant's counsel, Patrick V. Chesney, establishing the average exchange rate of Bitcoin to U.S. Dollars on January 1, 2014, as recorded by the CoinDesk Bitcoin Price Index (an aggregate of the closing rates reported by the major Bitcoin exchanges). As noted on Exhibit 4, January 1, 2014's closing exchange rate was $770.4357 USD/BTC.

An exemplar of this addendum, including the Exhibits referenced by it, as provided in the claim by Lee Ash, Claim #231, is attached as Exhibit B. The claims made and the documentation provided in each of the claims submitted by the Bitcoin Claimants substantiate the rights of these claimants to a refund at the January 1, 2014 exchange rate.

**A. Refunding only the purchase date dollar value of the bitcoins paid would breach the agreement to refund the bitcoins paid, and cheat claimants**

Based on the evidence above, which is not controverted, we assume the trustee's argument is, in essence, that he can provide a bitcoin refund in dollars, using the exchange rate as of the purchase date. But this violates HashFast's promise to pay a refund in bitcoin *because it is equivalent to providing a refund in dollars, i.e., it's the same refund that a customer who had paid in dollars as of the same date would have received*. January 1, 2014 was the date of breach. (Delivery was due 12/31/13, and that delivery date was important because the bitcoin mining capacity of the equipment was

declining rapidly day by day). On that date, HashFast was in breach and claimants were due their bitcoins, but were not paid them. The dollar value of the bitcoins on that date is therefore the appropriate exchange rate.

It is a matter of public record that Bitcoins were rapidly increasing in value when HashFast required payment in bitcoin in the second half of 2013. That's why the Bitcoin refund right was an important part of the bargain. The Trustee should be required to honor HashFast's agreement with its customers.

## 3. Conclusion and Request for Hearing

For the reasons given above (and in the individual claims submitted by each of the Bitcoin Claimants), the Court should reject the Liquidating Trustee's Third Omnibus Objection to the claims submitted by the Bitcoin Claimants. These claimants request a hearing where additional evidence may be submitted.

DATED: February 11, 2016            **RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
      Ray E. Gallo
      Attorneys for the Gallo Creditors