Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**RESPONSE OF ALL GALLO CREDITORS TO LIQUIDATING TRUSTEE'S FIFTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF LEGALLY DEFICIENT CLAIMS);**<br><br>**REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

RESPONSE TO TRUSTEE'S FIFTH OMNIBUS OBJECTION TO CLAIMS

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

The 82 creditors of Hashfast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, hereby respond to the Liquidating Trustee's Fifth Omnibus Objections to Claims as follows and request a hearing.

## 1. The Liquidating Trustee's objection affects certain Gallo Creditors

All the Gallo Creditors purchased and paid for goods (bitcoin mining equipment) from Hashfast. One of these creditors received defective goods. Eleven of these creditors received only partial delivery. The remaining 70 creditors never received any of the products they paid for at all.

At least seven Gallo Creditors are identified in the Liquidating Trustee's Fifth Omnibus Objection to Claims (Docket #407): Joseph Baker (Claim #280), Mattia Baldinger (Claim #258), David Hunt (Claim #262), Kjetil Larsen (Claim #267), Derek Piper (Claim #275), Tudor Vaida (Claim #260), and Joshua Vidana (Claim #263) (collectively, "MPP Claimants"). These seven Claimants submitted timely claims arising under HashFast's Miner Protection Program ("MPP") guarantee. HashFast offered and sold this assurance to each of them and others who purchased one or more "Batch-1" orders.

The Liquidating Trustee now seeks an Order disallowing these creditors' MPP claims in their entirety. Ignoring the evidence these claimants submitted, and that Hashfast wronged every similarly situated creditor in the same way, the trustee claims that each MPP Claimant "has failed to establish a legal or contractual right to the additional equipment or the value of such equipment." The record shows otherwise.

## 2. The Trustee ignores the evidence submitted and the pile of evidence Hashfast itself possesses that show Claimants paid for but HashFast failed to perform on its MPP guarantee

Each Gallo Creditor making a claim based on HashFast's Miner Protection Program promises submitted, with his, her, or its claim, evidence establishing a contractual right to additional equipment or the value of such equipment. Additional evidence can be provided if needed and Hashfast itself is custodian of substantial

additional evidence that can be discovered and offered if required to show that Claimants paid but Hashfast failed to honor its Miner Protection Program promises. See the accompanying Declaration of Marc van Anda in support of this Response to the Liquidating Trustee's Fifth Omnibus Objection and Exhibits A through F, establishing that each of these seven Gallo Creditors purchased and paid for the MPP guarantee.

**A.     The Miner Protection Program Guarantee**

The MPP was a guarantee, provided by HashFast to each of its early "Batch-1" customers, that under normal operating conditions the Batch-1 BabyJets they purchased would earn back the bitcoins they cost within 90 days of delivery. HashFast guaranteed that if the machines failed to mine—within 90 days of delivery—at least as many bitcoins as the customer paid, then HashFast would provide additional hardware, at no additional charge, to provide the additional processing power necessary to mine the difference in bitcoins, *times two*, up to a maximum of 400% of the machine's base processing power. Because each BabyJet had a nominal hashrate of 400 Gh/s, this meant that HashFast promised to provide up to an additional 1600 Gh/s of hardware. *See Exhibit A at p.1, Example 2*.

The purpose of the MPP was to assure Batch-1 customers that, upon a late delivery, their machines would still perform well, notwithstanding the ever-increasing difficulty of Bitcoin mining. HashFast also used the MPP to dissuade customers from demanding a refund after it failed to deliver on time (each Batch-1 order included a "Guaranteed Delivery Date" of no later than December 31, 2013), by promising them that HashFast would upgrade their BabyJets' processing power at no extra cost.

**B.     HashFast's failure to timely deliver and Claimants' resulting rights under the MPP**

HashFast has admitted that it failed to deliver MPP Claimants' orders by the Guaranteed Delivery Date. In reliance upon the MPP, the MPP Claimants did not demand

a full refund at that time. To date, HashFast has failed to provide the extra hardware guaranteed pursuant to the MPP.

By the time the MPP Claimants' orders *were* delivered (and accepted in reliance on HashFast's promises under the MPP), those machines' speed and quality was so much less than that of other, newer machines operated by competing Bitcoin miners that MPP Claimants could recover only a small fraction of the bitcoins each had paid for the hardware. The difference between what was promised and what was received is so great that MPP Claimants are entitled to the maximum 1600 Gh/s in extra processing power, per machine, available under the terms of the MPP. Each of the MPP Claimants submitted with his, her, or its Proof of Claim a calculation of the expected bitcoin mining production per machine they purchased. (See Exhibit B, which contains a copy of each MPP Claimant's production calculation submitted with their respective claims at issue as Exhibit 2.)

The portion of the MPP Claimants' claim amounts pertaining to the MPP is calculated, consistent with express written terms of Hashfast's MPP, based upon the advertised price of additional Yoli Evo boards (which would supply the extra processing power). These were the boards that HashFast promised to its MPP customers. (See Exhibit C, a copy of which was submitted with each claim at issue as Exhibit 3-C.) HashFast valued each board at $1,777.60, and each has a nominal hashrate of 650 Gh/s (see Exhibit D, a copy of which was submitted with each claim at issue as Exhibit 3-D), meaning three boards are required to satisfy each MPP guarantee of 1600 Gh/s.

Each Proof of Claim timely submitted by an MPP Claimant contained (1) a schedule explaining how the claims' Box 1 amounts were calculated, including the value of the additional hardware each MPP Claimant is entitled to pursuant to the MPP, and (2) the Claimant's proof of purchase documentation. (See Exhibit E for copies of the seven Proofs of Claim filed.)

Page 4

Exhibit B consists of calculations showing the number of bitcoins MPP Claimants should have been able to mine within the 90 day period after their respective delivery dates, at the nominal hashrate of 400 Gh/s for each BabyJet, as calculated pursuant to the MPP. As Exhibit B notes, the amount of bitcoins that could be mined during this period comes nowhere near the price any Claimant paid, in Bitcoin.

## C. The Evidence Already Submitted

As noted above, all this was submitted with the claims at issue. Further, Exhibit F consists of the declaration of Marc van Anda and supporting exhibits that were submitted on September 26, 2014 with the claim of Mattia Baldinger, Claim #238. This declaration and supporting exhibits were submitted also with each of the other six MPP Claimants' claims as Exhibit 3. Mr. van Anda's declaration and supporting exhibits establish the terms of the MPP and the method of calculating Claimants' expected Bitcoin mining production, as reflected in Exhibit B.

## 3. Conclusion

For the reasons given above, the Court should reject the Liquidating Trustee's Fifth Omnibus Objection to the claims submitted by the MPP Claimants. Barring that, Claimants request an evidentiary hearing *after* a meaningful opportunity to conduct discovery.

DATED: February 11, 2016      **RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
       Ray E. Gallo
       Attorneys for the Gallo Creditors