Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE IN WHOLE OR IN PART OF CLAIMS SEEKING REPAYMENT OF BITCOIN OR BITCOIN EQUIVALENT VALUE) AS TO JEFFREY BRADIAN'S CLAIM #242 AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby responds to the Liquidating Trustee's Third Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Jeffrey Bradian ("Bradian") is identified in the Liquidating Trustee's Third Omnibus Objection to Claims (Docket #405). Bradian is shown in the table below with his claim number, claim amount, and his Schedule F amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Jeffrey Bradian | 242 | $49,107.47 | $7,465.87 | Docket #179-1, p. 4 |

Bradian submitted the timely claim #242 (See Exhibit A) arising from his two separate purchases of HashFast mining equipment (Orders #595 and #1990), his payments in bitcoin to HashFast for this equipment, and HashFast's failure to deliver that equipment.

The Liquidating Trustee seeks an Order disallowing that portion of Bradian's claim arising from Order #1990 for $1,654.87 based on the his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his Order #1586. See Exhibit B for the Liquidating Trustee's Objection to Bradian's claim #242.

(The Trustee additionally seeks to reduce to $5,600 that portion of Bradian's claim arising from order #595 for a bitcoin refund or the U.S. dollar equivalent at the January 1, 2014 exchange rate. For the Court's convenience Bradian presents his argument to sustain this portion of his claim for $47,452.60 along with 19 other Batch-1 purchasers who are Gallo Creditors in their concurrently filed Response to the Liquidating Trustee's Third Omnibus Objection to Claims.)

## 2. Claimant paid for his orders and, because HashFast did not deliver any product, was due a refund.

Because HashFast's sales were bitcoin transactions, sometimes through third parties, the usual payment records do not always exist or can be difficult to obtain. Bitcoin transactions are by their very nature anonymous. But records maintained of all bitcoin transactions at the website https://blockchain.info/address provide the following data which comprise the "blockchain" of each transaction: transaction number, date of transaction, amount of bitcoin (BTC) transacted, sending address, and receiving address. After placing an order, a HashFast customer received a confirmation with instructions for sending bitcoin payments from the customer's bitcoin transaction address to the designated HashFast address.

Bradian submitted with his claim the confirmation of payment for order #595 in the amount of 61.5919000 BTC. See accompanying Declaration of Jeffrey Bradian ("Bradian Declaration"), ¶1 and Exhibit C thereto for a copy of his payment confirmation receipt.

HashFast instructed Bradian to pay for his second order, #1990, by sending 13.48382629 BTC to its receiving bitcoin address 16rKm6g1NpNGAwUPR7iQUwxjUweYi1oxTL. See Bradian Declaration, ¶2 and Exhibit D thereto for a copy of the September 24, 2013 email from HashFast with this instruction.

On September 24, 2013 Bradian completed the bitcoin transaction c92585cdcd418f41766f3b3879b9e783e63e0fef731cb2e42e3640ad06728e52 by sending 13.48382629 BTC from his addresses 1FQ8xedH1ZTtR4bVoeisK7ixqU5759cgCz and 1BsLSbPZg1G4PzTfTUH5QUc1V2uL81Z3qG to the HashFast address 16rKm6g1NpNGAwUPR7iQUwxjUweYi1oxTL corresponding to the order confirmation email. See Bradian Declaration, ¶3 and Exhibit E thereto for the blockchain record of Bradian's purchase for Order #1990.

The U.S. dollar exchange value for these bitcoins was $1,654.87.

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

On September 24, 2013 HashFast sent Bradian an email confirming receipt of his payment and completion of order 1990. See Bradian Declaration ¶4 and Exhibit F thereto for a copy of this emailed receipt.

The sum of the U.S. dollar equivalent of what Bradian paid in bitcoin for his two orders, #595 and #1990, is $49,107.47, the amount of his claim #242.

Acknowledging the failed delivery of Batch-1 orders and in response to Bradian's request for a refund, HashFast sent Bradian a letter dated January 10, 2014 and enclosed a partial refund of the $49,107.47 Bradian had paid. Enclosed with the letter was check #1116 for $6,101.99. *Bradian did not present this check for payment.* See Bradian Declaration, ¶12 and Exhibit G thereto for a copy of the letter and the check.

### 3. Conclusion

The blockchain evidence, HashFast's own correspondence with Bradian, and Bradian's declaration establish that Bradian paid for his two orders in bitcoin. The Court should overrule the Liquidating Trustee's Third Omnibus Objection to Claim #242 submitted by Jeffrey Bradian.

DATED: February 11, 2016

**RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
Ray E. Gallo
Attorneys for the Gallo Creditors