Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO PETER LUKAS BRADLEY, CLAIM #178, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly those identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Peter Lukas Bradley ("Bradley") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Bradley is shown in the table below with his claim number, claim amount, and his Schedule F amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Peter Lukas Bradley | 178 | $74,400.00 | $74,400.00 | Docket #179-1, p. 22 |

Bradley submitted the timely claim #178 (See Exhibit A) arising from his purchase of HashFast mining equipment on Order #12.14.1, his payments in bitcoin to HashFast for this equipment, and HashFast's failure to deliver that equipment.

The Liquidating Trustee seeks an Order disallowing Bradley's claim of $74,400.00 in its entirety based on his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his Order #12.14.1. See Exhibit B for the Liquidating Trustee's Objection to Bradley's claim #178.

## 2. Claimant paid for his order and, because HashFast did not deliver any product, was due a refund, and his claim is valid.

Because HashFast's sales were bitcoin transactions, sometimes through third parties, the usual payment records do not always exist or can be difficult to obtain. Bitcoin transactions are by their very nature anonymous. But and records maintained of all bitcoin transactions at the website https://blockchain.info/address provide the following data which comprise the "blockchain" of the transaction: transaction number, date of transaction, amount of bitcoin (BTC) transacted, sending address, and receiving address. After placing an order, a HashFast customer received a confirmation with

instructions for sending bitcoin payments from the customer's bitcoin transaction address to the designated HashFast address.

HashFast instructed Bradley to pay for order #12.14.1 by sending 78.897 BTC to its receiving bitcoin address 1NawHvHnYy1VUqwch8GRdGgXhdanjmLpmk. See accompanying Declaration of Peter Lukas Bradley ("Bradley Declaration"), ¶2 and Exhibit C thereto for the emailed order confirmation from HashFast dated January 6, 2014 with this instruction.

On January 8, 2014 Bradley completed the bitcoin transaction 922981f463c1edd100fc45ce5f580ddc03c7e7edd424c461d65b050fb5976c88 by sending 78.897 BTC from his address 1MFVgs9DJd5hy3PaebMFzSD6L9ikj9jHU to the HashFast address 1NawHvHnYy1VUqwch8GRdGgXhdanjmLpmk corresponding to his order confirmation. See Bradley Declaration, ¶3 and ¶4, and Exhibit D thereto for the blockchain record of Bradley's purchase for order #12.14.1.

The U.S. dollar exchange value for these bitcoins then was $74,400.00.

On March 21, 2014 Bradley completed and filed his request for a refund because HashFast had not delivered his order by the promised time. He did not receive a refund of his purchase. See Bradley Declaration, ¶5 and Exhibit E thereto for a copy of the refund request form he completed.

Bradley did not receive his HashFast order #12.14.1 and did not receive a refund of his purchase payment. See Bradley Declaration, ¶5.

**3.  Conclusion**

The blockchain evidence and Bradley's declaration establish that Bradley paid for his HashFast order in bitcoin. The Court should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #178 submitted by Peter Lukas Bradley.

DATED: February 11, 2016  **RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
      Ray E. Gallo
      Attorneys for the Gallo Creditors

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901