# EXHIBIT F

# VOLUNTARY REFUND REQUEST AND RELEASE

Hashfast Technologies LLC ("*Hashfast*")  
100 Bush Street, Suite 650  
San Francisco, California 94104 United States

**DATE:** 21 March 2014

**Order Number(s):**  
12.14.1

**Equipment List:**  
62 Board with Golden Nonce

**("Buyer")**

[Name]    Peter Lukas Bradley

[Company Name]    NarrowBit

[Street Address]    95 Bradley St NE

[City, Street, ZIP Code]    Atlanta

[Country]    GA

[Phone]    678-575-5067

**WIRE INFORMATION**  
*Account names must be the same as the Buyer's name*

Bank Name:    Wells Fargo

Bank Address:    1270 CAROLINE ST NE STE D

Bank Routing Number:    121000248

Account Number:    ███████████

**BITCOIN WALLET INFORMATION**

Wallet Address:

I, the Buyer, have chosen to execute this Voluntary Refund Request and Release Agreement (this "**Agreement**") with Hashfast Technologies LLC (referred to as "**Hashfast**" or "**Company**"). Hashfast will process this request under the terms and conditions that follow.

Please select and check **ONLY ONE** of the following:

☑ I hereby cancel all of my Batch $\underline{4}$ order and request a prompt refund in the amount shown above, paid to me in **United States Dollars (USD)**.

- OR -

☐ I hereby cancel all of my Batch __ orders and request a **USD equivalent refund to be paid in BITCOIN** at the exchange rate quoted by Bitstamp on the day Hashfast provides such Bitcoins. I hereby attest that it is legal for me to receive Bitcoin under the applicable laws of my jurisdiction.

Hashfast will process this request no later than 30 days after the receipt of this refund request, indicated by a returned, Hashfast signed copy to the Buyer.

PLB  
Page 1                                    BUYER INITIALS: _____

Case: 14-30725   Doc# 444-7   Filed: 02/11/16   Entered: 02/11/16 12:02:26   Page 2 of 5

**IN ADDITION.** If you have opted to voluntarily cancel your order and receive a refund, in addition to the refund amount, Hashfast will designate you as a **Batch __ Special Customer** and provide you with a **credit worth 5% of the refunded amount** that you may use if you decide to purchase Hashfast products again. As a Batch __ Special Customer, you will also get **air shipping to anywhere in the world for free** on your next order. If Hashfast is providing the refund by check, we will send the check to you by courier, request overnight or two-day delivery, and pay the delivery fee.

**GENERAL RELEASE**

1. Release. In consideration of the refund, and the separate and additional consideration described in the paragraph with the heading titled "In Addition" that Buyer acknowledges Buyer would not otherwise be entitled to receive, Buyer (on its own behalf and on behalf of Buyer's parent companies, subsidiaries and affiliates, and each of their officers, directors, equity owners, agents, staff, employees, representatives and attorneys, each in their individual and corporate capacities) hereby fully, forever, irrevocably and unconditionally releases, remises and discharges Hashfast Technologies LLC (referred to as "**Hashfast**" or "**Company**"), its parent companies, subsidiaries and affiliates, and each of their officers, directors, equity owners, agents, staff, employees, representatives and attorneys (each in their individual and corporate capacities) (hereinafter, the "*Released Parties*") from any and all actions, claims, charges, complaints, demands, causes of action, suits, rights, debts, sums of money, costs, accounts, reckonings, covenants, contracts, agreements, promises, doings, omissions, damages, executions, obligations, liabilities, damages, injuries, consequences, and expenses (including attorneys' fees and costs), of every kind and nature which Buyer ever had or now has against the Released Parties (the "*Claims*").

2. It is further understood and agreed that the general release referred to in Section 1 above a are a full and final release and shall apply to all unknown and unanticipated Claims, including, without limitation, those resulting from or based upon or in any way connected with the matters referred to herein as well as those now known or disclosed. Buyer hereby agrees that all rights under Section 1542 of the California Civil Code are hereby waived. Such section reads as follows: "A general release does not extend to claims which a creditor does not know of or suspect to exist in his favor at the time of executing the release which if known by him must have materially affected his settlement with the debtor."

3. Authority to Enter Agreement. Buyer represents and warrants that it is the buyer of the equipment under the order numbers set forth above. Buyer represents and warrants that it has full authority to enter into this Agreement, grant the release hereunder, and to perform the obligations assumed hereunder, and that this Agreement, when executed by Buyer, represents Buyer's valid and binding obligation, enforceable against it in accordance with its terms, subject to certain general legal enforceability exceptions.

4. Assignment and Transfer. Buyer represents and warrants that Buyer has not heretofore assigned or transferred any Claim released herein. Buyer further agrees to indemnify and hold the Company Releases, and each of them, harmless and defend the Company Releases, and each of them, against any such Claim based on any such transfer or assignment or purported transfer or assignment.

5. No Reliance; No Admissions. Buyer acknowledges and agrees that in making its decision to cancel its order that Buyer is not relying on any representations, assurances, statements or promises made by any of the Released Parties. It is understood and agreed that this is a compromise settlement of disputed claims, and that nothing herein shall be construed as an admission of liability or previous obligation of Company to Buyer.

6. Non-Disparagement. Buyer agrees that Buyer shall disparage, libel, or criticize the Company or publish any statement concerning the other that this is critical. Buyer likewise shall keep confidential the fact of the settlement, the terms of this Agreement, and the fact and amount of the consideration paid or to be paid hereunder and shall not release or disseminate any information concerning such matters or the terms hereof to any third party without the express written consent of the other parties hereto, except (a) to a party's attorney or accountant or where disclosure is required by regularly issued judicial process, (b) to the extent such information is publically known through no fault of Buyer. This obligation of confidentiality shall survive the release hereunder.

7. Attorneys' Fees. In the event that Buyer commences litigation or arbitration based on one or more Claims, Company shall be entitled to recover reasonable attorneys' fees, expenses and court and arbitration costs as it may incur in connection with such litigation.

8. GOVERNING LAW AND ARBITRATION. ANY CLAIM, DISPUTE OR CONTROVERSY (WHETHER IN CONTRACT, TORT OR OTHERWISE, WHETHER PRE-EXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, CONSUMER PROTECTION, COMMON LAW, INTENTIONAL TORT) BETWEEN BUYER AND HASHFAST, its agents, employees, principals, successors, assigns, affiliates, subsidiaries, arising from or relating to the purchase of Hashfast products, this Agreement, its interpretation or the breach, termination or validity thereof, (each, a "*Dispute*") SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION. Any Dispute shall be governed by the laws of the State of California and the Federal Laws of the U.S.A., each without regard to conflicts of law. The parties agree that the UN Convention for the International Sale of Goods will have no force or effect on this Agreement.

    8.1. THE ARBITRATION WILL BE CONDUCTED IN IN SANTA CLARA COUNTY, CALIFORNIA, U.S.A.

    8.2. The arbitrator shall have exclusive authority to resolve any dispute relating to arbitrability or enforceability of this arbitration provision including any unconscionability challenge or any other challenge that the arbitration provision or this Agreement is void, voidable or otherwise invalid. The arbitration shall be administered by the American Arbitration Association (AAA) or JAMS (or a substitute forum if both are unavailable). Arbitration proceedings shall be governed by this provision and the applicable procedures of the selected arbitration administrator, including any applicable procedures for consumer-related disputes, in effect at the time the claim is filed. The arbitrator(s) will not have the jurisdiction or power to award punitive damages, treble damages or any other damages which are not compensatory, even if permitted under the laws of the California or any other applicable law. Unless otherwise directed by the arbitrator(s), the parties will bear their own costs and expenses that are reasonable and necessary to participate in such arbitration, including attorneys' fees.

    8.3. NEITHER BUYER NOR HASHFAST SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS BY OR AGAINST OTHER BUYERS, OR ARBITRATE OR OTHERWISE PARTICIPATE IN ANY CLAIM AS A CLASS REPRESENTATIVE, CLASS MEMBER OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.

    8.4. The arbitrator shall be empowered to grant whatever relief would be available in court under law or in equity. This transaction shall be governed by the Federal Arbitration Act 9 U.S.C. sec. 1-16 (FAA). Any award of the arbitrator(s) shall be final and binding on each of the parties, and may be entered as a judgment in any court of competent jurisdiction.

    8.5. Notwithstanding any other provision in this Section 8 to the contrary, either party will at all times be entitled to seek and obtain injunctive relief in relation to infringement or threatened infringement of its intellectual property rights, in in relation to misappropriation of its trade secrets, in any court having jurisdiction.

9. CHOICE OF FORUM IN LIEU OF ARBITRATION. IF ARBITRATION CANNOT BE COMPELLED UNDER THE TERMS SET FORTH IN SECTION 8, OR IF SECTION 8.3 IS NOT ENFORCEABLE, BUYER AND COMPANY AGREE AND IRREVOCABLY CONSENT TO SUBMIT TO THE EXCLUSIVE JURISDICTION AND VENUE OF THE FEDERAL AND STATE COURTS LOCATED IN THE COUNTY OF SANTA CLARA COUNTY, CALIFORNIA, U.S.A. FOR ALL DISPUTES ARISING OUT OF OR RELATING TO THIS AGREEMENT.

10. Contract Construction. In the event that any provision(s) of this Agreement shall be held invalid or unenforceable by a court of competent jurisdiction or by any future legislative or administrative action, such holding or action shall not negate the validity or enforceability of any other provisions hereof. The word "or" as used in this Agreement has the meaning equivalent to "and/or". The terms 'include', 'includes' and 'including' will be deemed to be immediately followed by the phrase "without limitation." If a party is the subject of a sentence, then the word "will" expresses an obligation, and deemed equivalent to "shall". The parties agree the rules contract interpretation that would otherwise require ambiguities to be construed against the drafting party will not apply to this Agreement. These Terms are in the English language only, which language will be controlling in all respects. Any versions of this Agreement in any other language will be for accommodation only and will not be binding upon either party. All communications and documentation to be furnished under this Agreement will be in the English language.

11. Waiver. The failure on the part of either party to exercise, or any delay in exercising, any right or remedy shall not operate as a waiver thereof unless expressly stated herein.

12. Acknowledgment. Buyer and Company certify and acknowledge that both have carefully read all of the provisions of this Agreement and understand and will fully and faithfully comply with such provisions. Buyer and Company certify

and acknowledge that each has had the opportunity to review this Agreement with legal counsel, has either reviewed this Agreement with legal counsel, or has decided not to seek such counsel.

13. Electronic Signatures. All parties (a) agree that electronic signatures to this Agreement are binding, and (b) agree to the provisions of the U.S. E-SIGN Act (i.e., the Electronic Signatures in Global and National Commerce Act - ESIGN, Pub.L. 106-229, 14 Stat. 464, enacted June 30, 2000, 15 U.S.C. ch.96). Nevertheless, Company may require Buyer to sign this Agreement manually depending on the jurisdiction of Buyer.

IN WITNESS WHEREOF, the parties have entered into this Voluntary Refund and Release Agreement as of the date first written above.

**BUYER:**

Customer Signature    Lukas Bradley              Email

Printed Name    Peter Lukas Bradley              Phone

Title    Partner                                  Fax

Company Name    NarrowBit

*{SIGNATURE PAGE OF HASHFAST TECHNOLOGIES LLC}*

**HASHFAST TECHNOLOGIES LLC:**

Signature:

Name:

Title:

**Signature:** *Lukas Bradley*
Lukas Bradley (Mar 21, 2014)

**Email:** lukas@narrowbit.com