Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO CHRISTOPHER GOES, CLAIM #194, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Christopher Goes ("Goes") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Goes is shown in the table below with his claim number and his claim amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Christopher Goes | 194 | $5,743.10 | | |

Goes submitted the timely claim #194 (See Exhibit A) arising from his purchase of HashFast mining equipment on Order #1767, his payments in bitcoin to HashFast for this equipment, and HashFast's failure to deliver that equipment. [Unlike other Gallo claimants, Lambert does not appear on the HashFast Schedule F. This is not remarkable because HashFast's own chief financial officer has admitted in this proceeding the company's sloppy operations (See Docket #54, Declaration of Monica Hushen)].

The Liquidating Trustee seeks an Order disallowing Burke's claim of $5,743.10 in its entirety based on his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his Order #1767. See Exhibit B for the Liquidating Trustee's Objection to Goes's claim #194.

## 2. Claimant paid for his order and, because HashFast did not deliver any product, was due a refund, and his claim is valid.

Because HashFast's sales were bitcoin transactions, sometimes through third parties, the usual payment records do not always exist or can be difficult to obtain. Bitcoin transactions are by their very nature anonymous. But records maintained of all bitcoin transactions at the website https://blockchain.info/address provide the following

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

data which comprise the "blockchain" of each transaction: transaction number, date of transaction, amount of bitcoin (BTC) transacted, sending address, and receiving address. After placing an order, a HashFast customer received a confirmation with instructions for sending bitcoin payments from the customer's bitcoin transaction address to the designated HashFast address.

HashFast instructed Burke to pay for order #1767 by sending 47.09002952 BTC to its receiving bitcoin address 1N4DLvLLYKGPnMvg4SykFKrNxPWHaxYC3x. See accompanying Declaration of Christopher Goes ("Goes Declaration"), ¶2 and <u>Exhibit C</u> thereto for the emailed order confirmation from HashFast with this instruction.

On September 10, 2013 Goes completed the bitcoin transaction c3e3ce4df053a41710796a26543acdc8d8811cd6c75872c8f6dbe28da863606a by sending 47.09002952 BTC from his addresses 14KguhsP2QRmuRNGpbvzJb429KjbpHNtq1; 1N3QEcfawFZVyUUjUQuZfL96z8XtLPUaUx; 184JjkhbLc1zqL9erTDRRgMRLzUYj72Gdi; and 16yhE5bHoCytwNvB88xwu963EbLgKkkVAx to the HashFast address 1N4DLvLLYKGPnMvg4SykFKrNxPWHaxYC3x. See Goes Declaration, ¶3 and <u>Exhibit D</u> for the blockchain record of Goes' purchase for Order #1767.

The U.S. dollar exchange value for these bitcoins then was $5,743.10.

Goes did not receive his HashFast order #1767. See Goes Declaration, ¶5.

## 3. Conclusion

The blockchain evidence and Goes' declaration establish that Goes paid for his HashFast order in bitcoin. The Court should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #194 submitted by Christopher Goes.

DATED: February 11, 2016        **RESPECTFULLY SUBMITTED,**

                                **GALLO LLP**


                                By: */s/ Ray E. Gallo*
                                    Ray E. Gallo
                                    Attorneys for the Gallo Creditors

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901