Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors
Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO DENNIS LAMBERT, CLAIM #200, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

RESPONSE TO TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS
Case: 14-30725  Doc# 449  Filed: 02/15/16  Entered: 02/15/16 13:16:00  Page 1 of 4

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Dennis Lambert ("Lambert") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Lambert is shown in the table below with his claim number and his claim amount. [Unlike other Gallo claimants, Lambert does not appear on the HashFast Schedule F. This is not remarkable because HashFast's own chief financial officer has admitted in this proceeding the company's sloppy operations (See Docket #54, Declaration of Monica Hushen)].

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Dennis Lambert | 200 | $1,638.62 | | |

Lambert submitted the timely claim #200 (See Exhibit A) arising from his purchase of HashFast mining equipment on Order #1965, his payments in bitcoin to HashFast for this equipment, and HashFast's failure to deliver that equipment.

The Liquidating Trustee seeks an Order disallowing Lambert's claim of $1,638.62 in its entirety based on his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his Order #1965. See Exhibit B for the Liquidating Trustee's Objection to Lambert's claim #200.

## 2. Claimant paid for his order and, because HashFast did not deliver any product, was due a refund, and his claim is valid.

Because HashFast's sales were bitcoin transactions, sometimes through third parties, the usual payment records do not always exist or can be difficult to obtain. Bitcoin transactions are by their very nature anonymous. But records maintained of all bitcoin transactions at the website https://blockchain.info/address provide the following

data which comprise the "blockchain" of each transaction: transaction number, date of transaction, amount of bitcoin (BTC) transacted, sending address, and receiving address. After placing an order, a HashFast customer received a confirmation with instructions for sending bitcoin payments from the customer's bitcoin transaction address to the designated HashFast address.

On September 24, 2013 HashFast instructed Lambert to pay for his order #1965 by sending 13.29724905 BTC to its receiving bitcoin address 1BxtrCDQTBTM9smkiLsrd2jT9T3kiXsGb2. See accompanying Declaration of Dennis Lambert ("Lambert Declaration"), ¶2 and Exhibit C thereto for the emailed order confirmation from HashFast with this instruction.

On September 24, 2013 Lambert completed the bitcoin transaction 377fb15bacabd2bc7d03e01cb7edafa50e5b7cbe88a3c282cf61340f03619386 by sending 13.29724905 BTC from his address 1CX6EtvCH9dWZNLPYPEZMk3cvpBuYmMEdV to the HashFast address 1BxtrCDQTBTM9smkiLsrd2jT9T3kiXsGb2 corresponding to his order confirmation. See Lambert Declaration, ¶3 and Exhibit D for the blockchain record of Lambert's purchase for Order #1965.

The U.S. dollar exchange value for these bitcoins then was $1,638.62, the amount of Lambert's claim #200.

On April 3, 2014 HashFast emailed Lambert an invitation to complete a pre-filled Refund Form for his order #1965 and instructed him sign the form electronically. See Lambert Declaration, ¶5 and Exhibit E thereto for a copy of the emailed invitation.

Lambert did not receive his HashFast order #1965 and did not received a refund of his purchase payment. See Lambert Declaration, ¶6.

### 3. Conclusion

The blockchain evidence, HashFast's own Refund Form, and Lambert's declaration establish that Lambert paid for his HashFast order in bitcoin. The Court

should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #200 submitted by Dennis Lambert.

DATED: February 11, 2016

**RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
Ray E. Gallo
Attorneys for the Gallo Creditors