Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO CHRISTOPHER SHAW, CLAIM #271, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Christopher Shaw ("Shaw") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Shaw is shown in the table below with his claim number, claim amount, and his Schedule F amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Christopher Shaw | 271 | $9,329.00 | $9,329.00 | Docket #179, p. 32 |

Shaw timely submitted claim #271 (See Exhibit A) arising from his two separate purchases of HashFast mining equipment (Orders #4211 and #4243), his payments in bitcoin to HashFast for this equipment, and HashFast's failure to deliver that equipment.

Shaw is listed on Schedule F as "Christopher Shaw c/o Gallo LLP" with a disputed claim of $0.00. (See Docket #179, p. 41). "Aupacom Enterprises Attn: Christopher Shaw" has a separately listed *undisputed* claim for $9,329.00. (See Docket #179, p. 32). Christopher Shaw is the owner of Aupacom Enterprises. See accompanying Declaration of Christopher Shaw ("Shaw Declaration"), ¶1.

The Liquidating Trustee seeks an Order reducing Shaw's claim to only that claim made for Order #4211 for $2,458.99—rejecting his claim based on order # 4243—based on Shaw's purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his Order #4243. See Exhibit B for the Liquidating Trustee's Objection to Shaw's claim #271.

## 2. Claimant paid for his orders and, because HashFast did not deliver any product, was due a refund.

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

1  Because HashFast's sales were bitcoin transactions, sometimes through third

2  parties, the usual payment records do not always exist or can be difficult to obtain.

3  Bitcoin transactions are by their very nature anonymous. But records maintained of all

4  bitcoin transactions at the website https://blockchain.info/address provide the following

5  data which comprise the "blockchain" of each transaction: transaction number, date of

6  transaction, amount of bitcoin (BTC) transacted, sending address, and receiving address.

7  After placing an order, a HashFast customer received a confirmation with instructions for

8  sending bitcoin payments from the customer's bitcoin transaction address to the

9  designated HashFast address.

10  HashFast instructed Shaw to pay for order #4211 by sending 3.51636518 BTC to

11  its receiving bitcoin address lBr4ebfPq6oYVfkahygwVoVxuFN3JTbLx6. See Shaw

12  Declaration, ¶5 and <u>Exhibit C</u> thereto for the text of email from HashFast with this

13  instruction.

14  On December 20, 2013 Shaw completed the bitcoin transaction:

15  c6f1474c2dd8d449a815b6d741a96f652156999ddd833fb0816de3935f365c97 by sending

16  3.5136518 BTC from his address 16V332yg81yU5CYLHDnvCDXBiKVq79hgrt to the

17  HashFast address lBr4ebfPq6oYVfkahygwVoVxuFN3JTbLx6 corresponding to his

18  emailed confirmation. See Shaw Declaration, ¶6 and <u>Exhibit D</u> thereto for the blockchain

19  record of Shaw's purchase for Order #4211.

20  The U.S. dollar exchange value for these bitcoins then was $2,458.99.

21  HashFast instructed Shaw to pay for his second order, #4243, by sending

22  10.94430815 BTC to the HashFast address 1Mv4cSgTciuk9FQazarMXfo8LfZfc3t1bu.

23  Shaw completed transaction

24  c405c6f3668eb44059065297cac942ba2b2313272a2477a56d8da9c4bba5ea41 on

25  December 22, 2013 by sending 10.94430815 BTC from his address

26  1KiwBDydevLw54t1evhZ3WGzJ7P4FGgUAk to the HashFast address

27  1Mv4cSgTciuk9FQazarMXfo8LfZfc3t1bu corresponding to the instruction in the

28

February 13, 2014 email. See Shaw Declaration, ¶8 and Exhibit E thereto for the blockchain record of Shaw's purchase of Order #4243. Shaw's own bitcoin wallet, a collection of addresses from which he sends bitcoins, shows the BTC amount of order #4243 leaving his wallet on December 22, 2013. See Shaw Declaration ¶10 and Exhibit F thereto. *Notably, HashFast took both of these two orders at a time when it knew it was not able to timely deliver, so in truth Shaw's claim sounds in fraud and is worth more than the mere purchase price.*

When Shaw inquired about his two orders on March 25, 2014, because he had not received them, HashFast did not dispute that he had valid orders. Instead it responded on March 28, 2014 in an email from support@HashFast.com by confirming that both of his paid orders, #4211 and #4243, were in their system.

HashFast additionally offered to sell Shaw upgraded equipment—faster processing boards that would fit in the machines he had already paid for but had not received—as a concession for making him waiting so long for delivery. See Shaw Declaration, ¶11 and Exhibit G thereto for the email record of this inquiry and response.

On April 2, 2014 Shaw submitted a refund request for Order #4243, the claim the Trustee now seeks to disallow. HashFast *accepted and signed Shaw's refund request* on the same day. See Shaw Declaration, ¶12 and Exhibit H thereto for a copy of this emailed refund acceptance.

## 3. Conclusion

The blockchain is evidence enough that Shaw fully paid. But the surrounding evidence and Shaw's declaration also show that Shaw fully paid for his two orders in Bitcoin. HashFast's own emails evidence the claim and acknowledge receipt of payment. The Court should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #271 submitted by Christopher Shaw.

DATED: February 11, 2016          **RESPECTFULLY SUBMITTED,**

                                  **GALLO LLP**

                                  By:  */s/ Ray E. Gallo*
                                         Ray E. Gallo
                                         Attorneys for the Gallo Creditors

Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901