Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO EVAN SKREEN, CLAIM #211, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

Page 1

RESPONSE TO TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS

Case: 14-30725    Doc# 453    Filed: 02/13/16    Entered: 02/13/16 13:39:30    Page 1 of 3

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor Evan Skreen ("Skreen") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Skreen is shown in the table below with his claim number, claim amount, and his Schedule F amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| Evan Skreen | 211 | $6,330.21 | $6,330.21 | Docket #179, p. 57 |

Skreen submitted the timely claim #211 (See Exhibit A) arising from his purchase of HashFast mining equipment on order #6338, his payments to HashFast for this equipment, and HashFast's failure to deliver that equipment.

The Liquidating Trustee seeks an Order disallowing Skreen's claim of $6,330.21 in its entirety based on his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his orders #6338. See Exhibit B for the Liquidating Trustee's Objection to Skreen's claim #211.

## 2. Claimant paid for his order and, because HashFast did not deliver any product, was due a refund, and his claim is valid.

On March 4, 2014 HashFast instructed Skreen to pay for order #6338 by sending $6,330.21 by wire transfer to its account at Silicon Valley Bank. See accompanying Declaration of Evan Skreen ("Skreen Declaration"), ¶1 and Exhibit C thereto for the emailed order confirmation from HashFast with this instruction.

On March 4, 2014 Skreen completed the wire transfer from his bank account to the HashFast account at Silicon Valley Bank. See Skreen Declaration, ¶2 and Exhibit D thereto for a copy of the wire transfer document.

Skreen paid for his order by wire transfer and has not received his order or his requested refund. See Skreen Declaration, ¶3.

### 3. Conclusion

The evidence submitted with Skreen's claim #211, the wire transfer document, and Skreen's declaration establish that Skreen paid for his orders. The Court should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #211 submitted by Evan Skreen.

DATED: February 11, 2016

**RESPECTFULLY SUBMITTED,**

**GALLO LLP**

By: */s/ Ray E. Gallo*
Ray E. Gallo
Attorneys for the Gallo Creditors