Ray E. Gallo (State Bar No. 158903)
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
rgallo@gallo-law.com

*Attorneys for Gallo Creditors*
*Hamilton Hee, et al.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725<br><br>Jointly Administered and Substantively Consolidated with *In re HashFast LLC*, Case No. 14-30866<br><br>Chapter 11<br><br>**GALLO CREDITORS'**<br><br>**(1) RESPONSE TO LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CLAIMS FOR LACK OF EVIDENCE) AS TO DAVID SPRINGER, CLAIM #213, AND**<br><br>**(2) REQUEST FOR HEARING**<br><br>Judge: Hon. Dennis Montali |

The 82 creditors of HashFast represented by Gallo LLP (collectively, the "Gallo Creditors"), and each of them, but particularly the one identified below, hereby respond to the Liquidating Trustee's Fourth Omnibus Objection of Claims as follows and request an evidentiary hearing regarding the validity of their claims.

## 1. Identity of the Affected Gallo Creditors

Gallo Creditor David Springer ("Springer") is identified in the Liquidating Trustee's Fourth Omnibus Objection to Claims (Docket #406). Springer is shown in the table below with his claim number, claim amount, and his Schedule F amount.

| Claimant | Claim No. | Claim amount | Schedule F Amount | Schedule F location |
|---|---|---|---|---|
| David Springer | 213 | $32,950.99 | $32,952.00 | Docket #179, p. 49 |

Springer submitted the timely claim #213 (See Exhibit A) arising from his purchase of HashFast mining equipment on four orders (#2796, #2807, #2973, and #2974), his payments to HashFast for this equipment, and HashFast's failure to deliver that equipment.

The Liquidating Trustee seeks an Order disallowing Springer's claim of $32,950.99 in its entirety based on his purported failure "to provide any evidence demonstrating a payment to or debt owing to the Debtor or Estate" for his orders #2796, #2807, #2973, and #2974. See Exhibit B for the Liquidating Trustee's Objection to Springer's claim #213.

## 2. Claimant paid for his order and, because HashFast did not deliver any product, was due a refund, and his claim is valid.

On November 9, 2013 HashFast instructed Springer to pay for order #2796 by sending $6,606.53 by wire transfer to its account at Silicon Valley Bank. See accompanying Declaration of David Springer ("Springer Declaration"), ¶1 and Exhibit C thereto for the emailed order confirmation from HashFast with this instruction.

On November 10, 2013 HashFast instructed Springer to pay for order #2807 by sending $13,213.06 by wire transfer to its account at Silicon Valley Bank. See Springer Declaration, ¶2 and Exhibit D thereto for the emailed order confirmation from HashFast with this instruction.

On November 16, 2013 HashFast instructed Springer to pay for order #2973 by sending $6,565.70 by wire transfer to its account at Silicon Valley Bank. See Springer Declaration, ¶3 and Exhibit E thereto for the emailed order confirmation from HashFast with this instruction.

Also on November 16, 2013 HashFast instructed Springer to pay for order #2974, identical to order #2973, by sending $6,565.70 by wire transfer to its account at Silicon Valley Bank. See Springer Declaration, ¶4 and Exhibit F thereto for the emailed order confirmation from HashFast with this instruction.

After he made his payment and did not receive his order, Springer sent an email on February 7, 2014 to HashFast CEO Eduardo deCastro ("deCastro") demanding a refund totaling $32,950.99, the sum of his four undelivered orders. See Springer Declaration, ¶5 and Exhibit G thereto for a copy of this email.

To his February 7, 2014 email Springer attached his completed HashFast Request Form which HashFast itself had generated and sent to him in acknowledgement of the refund due to Springer. See Springer Declaration, ¶6 and Exhibit H thereto. In particular, the form lists all four of Springer's orders and includes the following statement:

> You, the Buyer, have received this Refund Request and Release Agreement (this '"Agreement") from HashFast Technologies LLC (referred to as "Hashfast" or "Company") because you purchased the equipment described below, but HashFast has not shipped it as of January 31, 2014 and is now offering you a refund under the terms and conditions that follow.

On February 10, 2014 Springer received an email from deCastro apologizing for the non-delivery of his order and offering to refund his purchase: "As far as the refund,

we'd be happy to." See Springer Declaration, ¶7 and <u>Exhibit I</u> thereto for a copy of deCastro's email to Springer.

### 3. Conclusion

The evidence submitted with Springer's claim #213, HashFast's pre-filled Refund Form, HashFast's own emails to Springer, and Springer's declaration establish that Springer paid for all four of his orders. The Court should overrule the Liquidating Trustee's Fourth Omnibus Objection to Claim #213 submitted by David Springer.

DATED: February 11, 2016          **RESPECTFULLY SUBMITTED,**

                                                          **GALLO LLP**

By:   */s/ Ray E. Gallo*
       Ray E. Gallo
       Attorneys for the Gallo Creditors