| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** MICHAEL G. KASOLAS, Trustee of the Hashfast Creditor Trust | **DEFENDANTS** CHRISTOPHER BISHOP |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Ashley M. McDow (245114) BAKER & HOSTETLER LLP 11601 Wilshire Boulevard, Suite 1400 Los Angeles, CA 90025-0509 Telephone:310.820.8800 Email:amcdow@bakerlaw.com | **ATTORNEYS** (If Known) |
|---|---|

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ Creditor
- ☒ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☒ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547(b)];
RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; and
DISALLOWANCE OF ALL EXISTING CLAIMS [11 U.S.C. § 502(d)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property y - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
- ☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 70 01(6) – Dischargeability (continued)**
- ☐ 61 -Dischargeability - §523(a)(5 ), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
- ☐ 71 -Injunctive relief- imposition of stay
- ☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
- ☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
- ☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
- ☐ 01 -Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 6,886.11 |

Other Relief Sought

American LegalNet, Inc. www.FormsWorkFlow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company | BANKRUPTCY CASE NO.<br>14-30725 DM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>San Francisco | NAME OF JUDGE<br>Montali |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ashley M. McDow | | |
| DATE<br>May 9, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ashley M. McDow | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.<br>www.FormsWorkFlow.com

1  Ashley M. McDow (245114)
   Michael T. Delaney (261714)
2  BAKER & HOSTETLER LLP
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90025-0509
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:        amcdow@bakerlaw.com
5                mdelaney@bakerlaw.com

6  Attorneys for MICHAEL G. KASOLAS,
   Liquidating Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| In re | Lead Case No.: 14-30725 DM |
| HASHFAST TECHNOLOGIES, LLC, a California limited liability company, | Jointly Administered and Substantively Consolidated with: |
|     Debtor and Debtor in Possession. | Case No.: 14-30866 DM |
| | Chapter 11 |
| x  Affects HASHFAST LLC, a Delaware limited liability company, | |
|     Debtor and Debtor in Possession. | |
| MICHAEL KASOLAS, TRUSTEE OF THE HASHFAST CREDITOR TRUST, | Adversary Case No. _____ |
|     Plaintiff, | Status Conference:<br>Date: TBD |
|     Vs. | Time: TBD<br>Place: Courtroom 17 |
| CHRISTOPHER BISHOP, |     U.S. Bankruptcy Court<br>    450 Golden Gate Ave |
|     Defendant. |     San Francisco, CA 94102 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT FOR (I) AVOIDANCE OF PREFERENTIAL TRANSFERS;
(II) RECOVERY OF AVOIDED TRANSFERS; AND
(III) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(D)**

Michael Kosalas, in his capacity as trustee of the Hashfast Creditor Trust in the above-captioned, substantively consolidated bankruptcy cases, brings this adversary proceeding against Christopher Bishop ("Defendant") to avoid and recover transfers pursuant to 11 U.S.C. §§ 547 and 550, and to disallow claims against HashFast LLC ("HF") or HashFast Technologies, LLC ("HFT") (collectively, the "Debtors") pursuant to 11 U.S.C. § 502(d), and alleges as follows:

**JURISDICTION AND VENUE**

1.     This adversary proceeding arises out of and is related to the above-captioned, substantively consolidated bankruptcy cases (collectively, the "Bankruptcy Cases") of *In re HashFast Technologies, LLC*, case no. 14-30725-DM (the "HFT Bankruptcy Case"), and *In re HashFast, LLC*, case no. 13-30866-DM (the "HF Bankruptcy Case"), pending before the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court" or "Bankruptcy Court"), and the claims alleged herein arise under title 11 of the United Statutes Code (the "Bankruptcy Code"). Thus, this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F) and (O). To the extent the Court determines that any claim or cause of action alleged herein does not constitute a core proceeding, the Trustee consents to the Bankruptcy Court's entry of a final adjudication of the merits of this Complaint.

3.     Venue in this adversary proceeding is properly in the Northern District of California pursuant to 28 U.S.C. § 1409(a), as, among other things, this is the district in which the Bankruptcy Cases are pending.

4.     This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By and through this adversary proceeding, the Trustee seeks to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

avoid and recover, pursuant to Sections 547 and 550 of the Bankruptcy Code, certain preferential transfers that one or both of the Debtors made to or for the benefit of the Defendant, and to disallow all claims held by the Defendant, pursuant to Section 502(d) of the Bankruptcy Code, unless and until the Defendant has paid the value of the transfers and/or turned over any recoverable property.

**PARTIES**

5.    Plaintiff is Michael Kosalas, in his capacity as trustee of the Hashfast Creditor Trust (the "Trustee" or "Plaintiff").

6.    Plaintiff is informed and believes and based thereon alleges that Defendant is an individual whose residence is located at 4701 San Leandro St., Apt. 1G, Oakland, CA 94601.

**BACKGROUND**

A.    **Events Precipitating Bankruptcy.**

7.    Plaintiff is informed and believes and based thereon alleges that HF is a Delaware limited liability company formed on or about May 9, 2013.  Plaintiff is informed and believes and based thereon alleges that HFT is a California limited liability company formed on or about June 10, 2013.    Plaintiff is informed and believes and based thereon alleges that HF is the parent company of HFT and the owner of 100% of the membership interests in HFT.

8.    Plaintiff is informed and believes and based thereon alleges that after their formation, the Debtors were solely engaged in the business of designing, manufacturing and selling application-specific integrated circuit ("ASIC") processors and related systems designed to process and analyze Bitcoin transaction information, an activity commonly referred to as "Bitcoin mining."

9.    Plaintiff is informed and believes and based thereon alleges that HFT was principally responsible for research and development, designing, manufacturing, and selling the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ASIC and fully-assembled computer systems incorporating the HFT ASIC. Plaintiff is informed and believes and based thereon alleges that HF was a holding company that owned the rights and/or licenses for the technology and intellectual property used in the course of HFT's business.

10. Plaintiff is informed and believes and based thereon alleges that in or about June 2013, the Debtors began designing their first generation Golden Nonce ASIC (the "GN1"). Plaintiff is informed and believes and based thereon alleges that following the development of the GN1, the Debtors worked to design and develop subsequent generations of the GN1.

11. Plaintiff is informed and believes and based thereon alleges that in or about July 2013, HFT began advertising a special purpose computer system built around the GN1 (the "BabyJet") for sale and started accepting orders for the "batch one" BabyJets in early August 2013. Plaintiff is informed and believes and based thereon alleges that "Batch one" sales were quickly followed by batches two through four.

12. Plaintiff is informed and believes and based thereon alleges that the BabyJet and GN1 chip sold well from the time they were marketed. Specifically, Plaintiff is informed and believes and based thereon alleges that between July and December 2013, the Debtors received orders for approximately $18,000,000 in computers, chips and accessories (collectively, the "Products").

13. Plaintiff is informed and believes and based thereon alleges that despite a successful pre-sale, the Debtors experienced difficulties and delays in the manufacturing and roll-out of the GN1 that threatened to prevent HFT from timely delivering all of the Products. Plaintiff is informed and believes and based thereon alleges that in response, the Debtors paid to expedite production, and in doing so, incurred additional unforeseen manufacturing costs. Plaintiff is informed and believes and based thereon alleges that, the Debtors utilized pre-sale revenues and funds obtained through the liquidation of Bitcoin holdings to finance the additional

608793459.2

manufacturing expenses. Plaintiff is informed and believes and based thereon alleges that despite expedited manufacturing, the GN1 processors were not completed until in or about November 2013, which prevented the Debtors from timely delivering the BabyJet computers and GN1 processors.

14. Plaintiff is informed and believes and based thereon alleges that as a result of HFT's failure to timely deliver the Products, customers began requesting refunds in or about January 2014. Plaintiff is informed and believes and based thereon alleges that the Debtors lacked the financial ability to pay all refunds.

15. Plaintiff is informed and believes and based thereon alleges that as of February 1, 2014, and at all times thereafter, the Debtors were insolvent, such that the sum of their debts (both individually and collectively) were greater than all of their property (both individually and collectively), at a fair valuation.

16. Plaintiff is informed and believes and based thereon alleges that the Debtors' inability to pay the refunds requested, fulfill orders in a timely manner, and pay other operating expenses ultimately resulted in the commencement of several proceedings against the Debtors, including the HFT Bankruptcy Case.

**B.     The Bankruptcy Cases.**

17. Plaintiff is informed and believes and based thereon alleges that on May 9, 2014 (the "Petition Date"), Koi Systems Ltd., UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson filed a Chapter 7 Involuntary Petition against HFT in the Court.

18. Plaintiff is informed and believes and based thereon alleges that on June 3, 2014, HFT filed its Conditional Consent to an Order for Relief (Doc. No. 36) and its Motion to Convert to Chapter 11 (Doc. No. 35). Plaintiff is informed and believes and based thereon alleges that on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

June 5, 2014, the Bankruptcy Court entered an order converting the HFT Bankruptcy Case to one under Chapter 11 of the Bankruptcy Code (Doc. No. 40).

19.     Plaintiff is informed and believes and based thereon alleges that on June 6, 2014, HF filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

20.     Plaintiff is informed and believes and based thereon alleges that on or about June 23, 2014, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in the HFT Bankruptcy Case (the "Committee").

21.     Plaintiff is informed and believes and based thereon alleges that on September 28, 2014, the Bankruptcy Court entered an order substantively consolidating the Debtors' bankruptcy estates.

22.     Plaintiff is informed and believes and based thereon alleges that on June 4, 2015, the Committee filed the *Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC and HashFast, LLC, Dated June 4, 2015* (the "Plan").

23.     Plaintiff is informed and believes and based thereon alleges that on June 25, 2015, the Bankruptcy Court entered its *Order Approving on a Final Basis and Confirming the Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC, and HashFast, LLC, Dated June 4, 2015* (Doc. No. 387) (the "Confirmation Order").

24.     The Plan established the Hashfast Creditor Trust as a liquidating trust pursuant to the Liquidating Trust Agreement ("Trust Agreement") for the sole purpose of liquidating the trust assets, as defined in Section 3.02 of the Trust Agreement (the "Trust Assets"), and with no objective to continue or engage in the conduct of any trade of business.

25.     Section 3.02 of the Trust Agreement defined the Trust Assets to include, among other things, "[a]ll Causes of Action, including any right, claim or cause of action, belonging to the Debtors, the Committee and/or the Estate against any Person, including without limitation,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

any claim to avoid a transfer under Section 544, 547, 548, 549 or 553(b) of the Code and other state and federal causes of action…shall be transferred to the Trust." Pursuant to the Plan and Trust Agreement, the Trustee is the only party with authority to maintain, prosecute, settle, dismiss, abandon or otherwise dispose of avoidance actions.

**C.** **The Trustee's investigation into the Debtors' financial affairs and discovery of the Transfers.**

26. The Trustee and his professionals have conducted an investigation of the Debtors' books and records and related financial documents, for the purposes of determining what claims or causes of action are available to the Hashfast Creditor Trust.

27. The Debtors' books and records reflect in the ninety (90) days leading up to the Petition Date, *i.e.* between February 8, 2014 and May 9, 2014 (the "Preference Period"), one or both Debtors made the following transfers to, or for the benefit of Defendant in the amounts set forth in the chart annexed as **Exhibit "A"**, which is incorporated by reference herein (collectively, the "Transfers" and, each individually, a "Transfer").

28. Copies of the monthly account statements for the Debtors' bank accounts reflecting the Transfers are attached hereto as **Exhibit "B."**

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFERS**
**[11 U.S.C. § 547(b)]**

29. The Trustee repeats and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. During the Preference Period, one or more of the Debtors made the Transfers to, or for the benefit of, Defendant.

31. At the time of each Transfer, Defendant was a creditor of one or more of the Debtors within the meaning of Section 547(b)(1) of the Bankruptcy Code.

32. Each Transfer was a transfer of an interest of one or more of the Debtors in property.

33. The Transfers were made to, or for the benefit of, Defendant because each Transfer either reduced or fully satisfied a debt or debts then owed by one or more of the Debtors to Defendant.

34. The Transfers were made for or on account of antecedent debts owed by one or more of the Debtors.

35. The Transfers were made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

36. As set forth in the Plan, it is estimated that general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors.

37. The Transfers were made on or within 90 days prior to the Petition Date.

38. The Transfers enabled Defendant to receive more than it would receive if (a) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

39. By reason of the foregoing, each Transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
### RECOVERY OF AVOIDED TRANSFERS
[11 U.S.C. § 550]

40. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

42.     The Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

43.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than $6,886.11, plus interest thereon to the date of payment and the costs of this action.

### COUNT III
### DISALLOWANCE OF ALL EXISTING CLAIMS
### [11 U.S.C. § 502(d)]

44.     The Trustee repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

46.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

47.     Defendant has not paid the amount of the Transfers, or turned over the relevant property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

48.     Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtors' Chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff all amounts sought in Paragraph 43 above.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendant:

(a)     avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period that discovery may reveal) (the "Avoided Transfers");

(b)     pursuant to 11 U.S.C. § 550(a), directing Defendant to pay Plaintiff an amount to be determined at trial that is not less than $6,886.11, plus interest and costs;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| 1 | (c) disallowing any Claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d) and (j). |
| 2 | |

1    (c)    disallowing any Claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d) and (j).

2

3    (d)    awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return the Transfers to the date of judgment with respect to this Complaint (the "Judgment");

4

5    (e)    awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs; and

6    (f)    granting Plaintiff all other relief that is appropriate under the circumstances.

7

Dated:    May 9, 2016                    Respectfully submitted,

8

9                                         **BAKER & HOSTETLER LLP**

10                                        By:    /s/Ashley M. McDow
                                                 Ashley M. McDow
11                                               California State Bar No. 245114
                                                 **Baker & Hostetler LLP**
12                                               11601 Wilshire Boulevard, Suite 1400
                                                 Los Angeles, CA  90025-0509
13                                               Telephone:    310.820.8800
                                                 Facsimile:    310.820.8859
14                                               Email:    amcdow@bakerlaw.com

15

16                                        Attorneys for MICHAEL G. KASOLAS,
                                          Liquidating Trustee

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT A**

**Exhibit A**

| Number | Company | Trans # | Type | Date | Num | Name | Memo | Account | Credit |
|---|---|---|---|---|---|---|---|---|---|
| 11903 | TECH | 4,539 | Check | 03/04/2014 | | Christopher Bishop | SENDER BNK=SIL VLY BK SCLA; SENDER ID=121140399; SENDER REF=201406308240I; ORG ID=330103241... | 1005 · SVB Operating 2418 | $1,600.00 |
| 12504 | TECH | 4,775 | Check | 03/31/2014 | | Christopher Bishop | SENDER BNK=SIL VLY BK SCLA; SENDER ID=121140399; SENDER REF=201409016654I; ORG ID=330103241... | 1005 · SVB Operating 2418 | $4,320.00 |
| 14582 | TECH | 5,446 | Check | 05/07/2014 | 5005 | Christopher Bishop | S&W through 5/7/2014 | 1009 · New Merchant Acct 8576 | $966.11 |
| TOTAL | | | | | | | | | $6,886.11 |

**EXHIBIT B**



# Silicon Valley Bank

3003 Tasman Drive
Santa Clara, CA 95054

**ADDRESS SERVICE REQUESTED**

>000678 9507106 0001 092196 30Z
HASHFAST TECHNOLOGIES LLC
100 BUSH STREET, SUITE 650
SAN FRANCISCO CA 94014

## Managing Your Accounts

 **Phone:**       (408) 654-4636

 **Toll-Free:**   (800) 774-7390

 **Email:**       clientservice@svb.com

**Online:**      www.svb.com

## Summary of Accounts

With **SVB Mobile Banking** you can manage your account whenever you want, wherever you are.

From approving wires to depositing checks, it's fast and easy—with an intuitive interface that puts everything you need right at your fingertips.

Go to **bit.svb.com/svbmobile** to learn more or download the app.

| Account Type | Account Number | Ending Balance |
|---|---|---|
| Analysis Checking | XXXXXX2418 | ██████ |
| **Total Balance** | | ██████ |

# Analysis Checking - XXXXXX2418

## Account Summary

| Date | Description | |
|---|---|---|
| 03/01/2014 | **Beginning Balance** | ████ |
| 03/31/2014 | **Ending Balance** | ████ |
| | Total debits this period | ████ |
| | Total credits this period | ████ |
| | Service Charge | ███ |

## Account Activity

| Transaction Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| ████ | ████ | | | ████ |
| ████ | ██████ | | ███ | ████ |
| | ███████ | | | |
| ████ | ████ | | ███ | ████ |
| | ███████ | | | |
| ████ | ██████ | | ███ | ████ |
| | ████ | | | |
| | ████ | | | |

 Member **FDIC**

ALL SVB AUDIT CONFIRMATION REQUESTS SHOULD BE
SUBMITTED TO CAPITAL CONFIRMATION WWW.CONFIRMATION.COM

Case: 14-30725   Doc# 469   Filed: 05/09/16   Entered: 05/09/16 22:02:42   Page 16 of 21



## Analysis Checking - XXXXXX2418 (continued)

### Account Activity (continued)

| Transaction Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| 03/04/2014 | WIRE OUT 40304L1B77D1C000724{ 201406303824;BNF CHRISTOPHER B ISHOP;OBI FOR HOURS 02/17-02/2 | -$1,600.00 | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |

Case: 14-30725    Doc# 469    Filed: 05/09/16    Entered: 05/09/16 22:02:42    Page 17 of 21



# Analysis Checking - XXXXXX2418 (continued)

## Account Activity (continued)

| Transaction Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | ▮▮▮ | | ▮▮▮ |
| 03/31/2014 | WIRE OUT 40331L1B77D1C004886{ 201409016654;BNF CHRISTOPHER B ISHOP;OBI ON ACCOUNT | -$4,320.00 | | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | | ▮▮ | ▮▮▮ |
| ▮▮▮▮ | ▮▮▮▮▮ | | | ▮▮▮ |

**svb ›**

## Silicon Valley Bank

3003 Tasman Drive
Santa Clara, CA 95054

**ADDRESS SERVICE REQUESTED**

>000382 4219140 0001 092196 10Z
HASHFAST TECHNOLOGIES LLC
100 BUSH STREET, SUITE 650
SAN FRANCISCO CA 94014

## Managing Your Accounts

| | | |
|---|---|---|
|  **Phone:** | (408) 654-4636 | |
| **Toll-Free:** | (800) 774-7390 | |
|  **Email:** | clientservice@svb.com | |
|  **Online:** | www.svb.com | |

## Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| Analysis Checking | XXXXXX8576 | ███████ |
| **Total Balance** | | ███████ |

## Analysis Checking - XXXXXX8576

### Account Summary

| Date | Description | |
|---|---|---|
| 05/01/2014 | **Beginning Balance** | ████ |
| 05/31/2014 | **Ending Balance** | ████ |
| | Total debits this period | █████ |
| | Total credits this period | █████ |
| | Service Charge | ████ |



### Account Activity

| Transaction Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| ██████ | █████████ | | | ████ |
| ██████ | ████████ | ████ | | ███ |
| | ████████ | | | |
| ██████ | ███████ | | ████ | |
| | █████ | | ████ | ████ |
| | ████████ | | | |
| ██████ | ███████ | ████ | | ████ |
| | █████ | | | |
| ██████ | ██████ | ████ | | ████ |
| ██████ | ██████ | ████ | | ████ |
| ██████ | ██████ | ████ | | ████ |
| ██████ | ██████ | ████ | | ████ |

**Member FDIC**

EQUAL HOUSING LENDER

ALL SVB AUDIT CONFIRMATION REQUESTS SHOULD BE
SUBMITTED TO CAPITAL CONFIRMATION WWW.CONFIRMATION.COM



## Analysis Checking - XXXXXX8576 (continued)

### Account Activity (continued)

| Transaction Date | Description | | Debits | Credits | Balance |
|---|---|---|---|---|---|
| ███████ | ████████ | ━━━ | ██████ | | ██████ |
| 05/09/2014 | CHECK #5005 | | -$966.11 | | ██████ |
| ███████ | ████████ | | ██████ | | ██████ |
| ███████ | ████████ | | ████ | | ██████ |
| ███████ | ████████ | | | | ██████ |

### Checks Cleared

| Check Date | Check Number | Check Amount | Check Date | Check Number | Check Amount |
|---|---|---|---|---|---|
| 05/09/2014 | 5005 | $966.11 | ████ | ███ | ████ |
| ████ | ███ | ████ | ████ | ███ | ████ |
| ████ | ███ | ████ | ████ | ███ | ████ |
| ████ | ███ | ████ | | | |

\* Indicates skipped check number







#5005          20140509          $966.11