Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Counsel for Liquidating Trustee
MICHAEL G. KASOLAS

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability corporation,<br><br>Debtor. | Case No. 14-30725 DM<br><br>Chapter 11<br><br>(Substantively Consolidated with In re HashFast LLC, Case No. 14-30866 DM)<br><br>**APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE**<br><br>[No Hearing Scheduled] |

Michael G. Kasolas ("Liquidating Trustee"), the trustee for the Hashfast Creditor Trust ("Trust"), respectfully applies for entry of an order authorizing the Liquidating Trustee to enter into a compromise with Marc A. Lowe ("Lowe"), as follows:

1. On May 9, 2014 ("Petition Date"), certain petitioning creditors filed an involuntary chapter 7 petition against HashFast Technologies LLC ("HashFast Technologies") in the captioned bankruptcy court ("Bankruptcy Court").

2. On June 4, 2014, the case was converted to chapter 11, and on June 30, 2014, an order for relief was entered effective as of June 4, 2014.

DM3\3972928.1 R2495/00001

1

**APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE; CASE NO. 14-30725 DM**

Case: 14-30725    Doc# 461    Filed: 05/31/16    Entered: 05/31/16 11:49:39    Page 1 of 5

3. On June 6, 2014, HashFast LLC ("HashFast") filed a voluntary chapter 11 petition in the Bankruptcy Court.

4. On September 29, 2014, the Bankruptcy Court entered an order substantively consolidating the bankruptcy estates of HashFast Technologies and HashFast (together, "Debtors").

5. On February 17, 2015, the Debtors filed a complaint against Lowe in the Bankruptcy Court (as later amended, "Complaint"), commencing A.P. No. 15-3011 ("Adversary Proceeding").

6. By the Complaint, the Debtors sought to avoid and recover 3,000 bitcoin that the Debtors transferred to Lowe in September of 2013 as an alleged constructive fraudulent transfer. The Complaint also sought to avoid and recover $37,800 as an alleged preferential transfer.

7. Lowe filed an answer to the Complaint in which he denied most of the material allegations.

8. On June 4, 2015, the Official Committee of Unsecured Creditors in the Debtors' cases filed a Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC and HashFast, LLC, Dated June 4, 2015 ("Plan").

9. On June 25, 2015, the Bankruptcy Court entered an order confirming the Plan.

10. Under the terms of the Plan, the Trust was created and certain assets of the Debtors' estate, including the Adversary Proceeding, were transferred to the Trust.

11. The Liquidating Trustee is the fiduciary charged with liquidating the Trust's assets and otherwise administering the Trust.

12. Accordingly, following his appointment, the Liquidating Trustee substituted in as party plaintiff in the Adversary Proceeding.

DM3\3972928.1 R2495/00001　　　　　　　　　2

**APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE / CASE NO. 14-30725 DM**

Case: 14-30725　　Doc# 481　　Filed: 05/31/16　　Entered: 05/31/16 11:49:39　　Page 2 of 5

13. Concerning the alleged constructive fraudulent transfer, the Complaint alleges, inter alia, that Lowe provided substantial marketing services to the Debtors in exchange for the 3,000 bitcoin.

14. The crux of the parties' dispute is whether Lowe provided "reasonably equivalent value" to the Debtors in exchange for the bitcoin.

15. A secondary dispute involves what, precisely, the Liquidating Trustee is entitled to recover if he prevails in the Adversary Proceeding: the 3,000 bitcoin that were transferred to Lowe, the value of those bitcoin at the time of the transfers (between $308,00 and $363,000), or their current value.

16. A third dispute involves whether the Debtors were insolvent on the date(s) the 3,000 bitcoin were transferred.

17. Concerning the alleged preferential transfer, the crux of the parties' dispute is whether Lowe was an insider of the Debtors and whether the Debtors were insolvent on the date of the $37,800 payment to Lowe.

18. Lowe and the Liquidating Trustee (together, the "Parties") have engaged in discussions concerning the Adversary Proceeding, and have reached a settlement that is subject to Bankruptcy Court approval.

19. Under the terms of the proposed compromise, Lowe will pay the Liquidating Trustee $350,000, and the Parties will release claims against one another.

20. The Liquidating Trustee believes that this settlement is in the best interest of creditors and should be approved pursuant to Federal Rule of Bankruptcy Procedure 9019. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

DM3\3972928.1 R2495/00001
3
DUANE MORRIS LLP
SAN FRANCISCO
**APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE / CASE NO. 14-30725 DM**

Case: 14-30725    Doc# 481    Filed: 05/31/16    Entered: 05/31/16 11:49:39    Page 3 of 5

attending it; and (4) the paramount interest of creditors.  In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

21. *Probability of Success*.  This factor supports the proposed compromise.  It is highly uncertain whether the Liquidating Trustee would prevail in the Adversary Proceeding.  If this matter were to proceed to trial on the constructive fraudulent transfer claim, the outcome likely would center on the testimony of the parties' expert witnesses concerning the value of Lowe's services, which is not an all or nothing proposition.  It is difficult, if not impossible, to foresee what value the Bankruptcy Court would assign to these services, which involved promoting the Debtors' products on certain online forums and message boards.  If this matter were to proceed to trial on the alleged preferential transfer, the Trustee's ability to prove Lowe is an "insider" within the meaning of the Bankruptcy Code would be contested.  Moreover, even if the Liquidating Trustee did prevail, it is uncertain what form of recovery the Bankruptcy Court would direct, and what value the Trust would receive for the benefit of creditors.

22. *Difficulties in the Matter of Collection*.  This factor also supports the proposed compromise.  If the Liquidating Trustee did prevail in the Adversary Proceeding, it is uncertain whether Lowe would have the means to satisfy a judgment, or whether he would be in possession of the bitcoin.

23. *Expense, Inconvenience and Delay*.  This factor strongly supports the proposed compromise.  To date, the parties have served written discovery on one another and produced and reviewed a large quantity of documents.  The Liquidating Trustee has also briefed and argued a motion for partial summary judgment and deposed Lowe in Los Angeles.  If the litigation continues, the Trustee will have to depose other parties involved in the bitcoin transfers, the alleged preferential transfer, as well as any expert witnesses that Lowe retains (Lowe has identified four expert witnesses).  Taking into account the costs of further discovery,

DM3\3972928.1 R2495/00001

4

**APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE / CASE NO. 14-30725 DM**

Case: 14-30725    Doc# 481    Filed: 05/31/16    Entered: 05/31/16 11:49:39    Page 4 of 5

motion practice, trial preparation, and a trial, it is certain that the Trust would run up significant legal fees which would greatly reduce, if not eliminate, any potential recovery for creditors.

24. <u>Paramount Interest of Creditors</u>. The proposed compromise is in the best interests of creditors. It will bring $350,000 into the Trust for the benefit of creditors while avoiding the delay, expense and uncertainties of continued litigation.

25. For all the foregoing reasons, the Liquidating Trustee believes that the proposed compromise is in the best interest of creditors and the Trust.

26. On May 5, 2016, the Liquidating Trustee caused his Notice of Liquidating Trustee's Intention to Compromise Controversy with Marc A. Lowe ("Notice") to be served upon all parties entitled to notice under the terms of the Plan (the Debtors' counsel and CRO, as well as counsel to the Official Committee of Unsecured Creditors). <u>See</u> Plan at § XV.E. A true and correct copy of the Notice, together with certificate of service and confirmation of electronic filing, is attached to the Declaration of Aron M. Oliner submitted herewith.

27. Pursuant to the terms of the Notice and Bankruptcy Local Rule 9014-1(b), the last date to object and/or request a hearing with respect to the matters contained therein was May 26, 2016.

28. Neither the Liquidating Trustee nor his counsel of record, Duane Morris LLP, have received notice of any objection to the compromise as proposed, or any request for hearing, and more than twenty-one days have elapsed since the Notice was served.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order authorizing the Liquidating Trustee to enter into the compromise described hereinabove.

Dated: May 31, 2016
**DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (152373)
ARON M. OLINER
Attorneys for Liquidating Trustee
MICHAEL G. KASOLAS