Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Counsel for Liquidating Trustee
MICHAEL G. KASOLAS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability corporation,<br><br>Debtor. | Case No. 14-30725 DM<br><br>Chapter 11<br><br>(Substantively Consolidated with In re HashFast LLC, Case No. 14-30866 DM)<br><br>**DECLARATION OF ARON M. OLINER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE**<br><br>[No Hearing Scheduled] |

I, Aron M. Oliner, declare:

1. I am an attorney at law duly licensed to practice before this Court, and am a partner in the law firm of Duane Morris LLP, counsel to Michael G. Kasolas ("Liquidating Trustee"), the trustee for the Hashfast Creditor Trust ("Trust"). The matters stated below are made and based upon my personal knowledge, except for those matters stated upon information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the matters set forth below.

DM3\3972936.1 R2495/00001

1

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE – CASE NO. 14-30725 DM**

Case: 14-30725  Doc# 481-1  Filed: 05/31/16  Entered: 05/31/16 11:49:39  Page 1 of 5

2. I submit this declaration in support of the Application for Entry of Order Authorizing Liquidating Trustee to Enter into Compromise with Michael A. Lowe ("Application"), filed herewith.

3. I am familiar with the compromise described herein and the underlying facts related to the same.

4. On May 9, 2014 ("Petition Date"), certain petitioning creditors filed an involuntary chapter 7 petition against HashFast Technologies LLC ("HashFast Technologies") in the captioned bankruptcy court ("Bankruptcy Court").

5. On June 4, 2014, the case was converted to chapter 11, and on June 30, 2014, an order for relief was entered effective as of June 4, 2014.

6. On June 6, 2014, HashFast LLC ("HashFast") filed a voluntary chapter 11 petition in the Bankruptcy Court.

7. On September 29, 2014, the Bankruptcy Court entered an order substantively consolidating the bankruptcy estates of HashFast Technologies and HashFast (together, "Debtors").

8. On February 17, 2015, the Debtors filed a complaint against Michael A. Lowe ("Lowe") in the Bankruptcy Court (as later amended, "Complaint"), commencing A.P. No. 15-3011 ("Adversary Proceeding").

9. By the Complaint, the Debtors sought to avoid and recover 3,000 bitcoin that the Debtors transferred to Lowe in September of 2013 as an alleged constructive fraudulent transfer. The Complaint also seeks to avoid and recover $37,800 as an alleged preferential transfer.

10. Lowe filed an answer to the Complaint in which he denied certain of the material allegations.

DM3\3972936.1 R2495/00001

2

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARCOS LOWE – CASE NO. 14-30725 DM**

Case: 14-30725  Doc# 481-1  Filed: 05/31/16  Entered: 05/31/16 11:49:39  Page 2 of 5

DUANE MORRIS LLP
SAN FRANCISCO

11. At the time of the transfers, I am informed and believe that the bitcoin were worth between $308,000.00 and $363,000.00, but later increased in value to approximately $1.2 million.

12. On June 4, 2015, the Official Committee of Unsecured Creditors in the Debtors' cases filed a Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC and HashFast, LLC, Dated June 4, 2015 ("Plan").

13. On June 25, 2015, the Bankruptcy Court entered an order confirming the Plan.

14. Under the terms of the Plan, the Trust was created and certain assets of the Debtors' estate, including the Adversary Proceeding, were transferred to the Trust.

15. The Liquidating Trustee is the fiduciary charged with liquidating the Trust's assets and otherwise administering the Trust.

16. Accordingly, following his appointment, the Liquidating Trustee substituted in as party plaintiff in the Adversary Proceeding.

17. Concerning the alleged constructive fraudulent transfer, the Complaint alleges, inter alia, that Lowe provided certain marketing services to the Debtors in exchange for the 3,000 bitcoin.

18. The crux of the parties' dispute is whether Lowe provided "reasonably equivalent value" to the Debtors in exchange for the bitcoin.

19. A secondary dispute involves what, precisely, the Liquidating Trustee is entitled to recover if he prevails in the Adversary Proceeding: the 3,000 bitcoin that were transferred to Lowe, the value of those bitcoin at the time of the transfers (between $308,00 and $363,000), or their current value (approximately $1.3 million).

20. A third dispute involves whether the Debtors were insolvent on the date(s) the 3,000 bitcoin were transferred.

DM3\3972936.1 R2495/00001

3

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARCOS LOWE - CASE NO. 14-30725DM**

DUANE MORRIS LLP
SAN FRANCISCO

Case: 14-30725  Doc# 481-1  Filed: 05/31/16  Entered: 05/31/16 11:49:39  Page 3 of 5

21. Concerning the alleged preferential transfer, the crux of the parties' dispute is whether Lowe was an insider of the Debtors and whether the Debtors were insolvent on the date of the $37,800 payment to Lowe.

22. Lowe and the Liquidating Trustee (together, the "Parties") have engaged in discussions concerning the Adversary Proceeding, and have reached a settlement that is subject to Bankruptcy Court approval.

23. Under the terms of the proposed compromise, Lowe will pay the Liquidating Trustee $350,000, and the Parties will release claims against one another.

24. For reasons set forth in the Application, I believe, as does the Liquidating Trustee, that the proposed compromise with Lowe is in the best interest of creditors.

25. Attached hereto as **Exhibit "A"** is a true and correct copy of the Settlement Agreement entered into between the Parties. The agreement is expressly subject to Bankruptcy Court approval.

26. On May 5, 2016, my office caused a Notice of Liquidating Trustee's Intention to Compromise Controversy with Marc A. Lowe (the "Notice") to be served upon all parties entitled to notice under the Plan (the Debtors' counsel and CRO, as well as counsel to the Official Committee of Unsecured Creditors). See Plan at § XV.E. A true and correct copy of the Notice, together with certificate of service and confirmation of electronic filing, is attached to the hereto as **Exhibit "B**."

27. Pursuant to Bankruptcy Local Rule 9014, the last day for any party to object to the compromise as set forth in the Notice, or request a hearing thereon, was May 26, 2016.

28. As of the date of this declaration, I am informed and believe that my office has not received any objection to the proposed compromise, nor have I been served with any request for hearing.

DM3\3972936.1 R2495/00001

4

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARC A. LOWE - CASE NO. 14-30725 DM**

Case: 14-30725   Doc# 481-1   Filed: 05/31/16   Entered: 05/31/16 11:49:39   Page 4 of 5

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on May 31, 2016, at San Francisco, California.

          /s/ Aron M. Oliner (152373)
          ARON M. OLINER

DM3\3972936.1 R2495/00001

5

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING LIQUIDATING TRUSTEE TO ENTER INTO COMPROMISE WITH MARCOS ROWE - CASE NO. 14-30725 DM**

Case: 14-30725    Doc# 481-1    Filed: 05/31/16    Entered: 05/31/16 11:49:39    Page 5 of 5

DUANE MORRIS LLP
SAN FRANCISCO