# EXHIBIT A

Case: 14-30725   Doc# 481-2   Filed: 05/31/16   Entered: 05/31/16 11:49:39   Page 1 of 22

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made as of this 5th day of May, 2016, by and between Michael G. Kasolas, Liquidating Trustee ("Trustee") of the HashFast Liquidating Trust ("Trust") and Marc A. Lowe (hereinafter "Lowe"). The Trustee and Lowe are sometimes referred to hereinafter as the "Parties" or a "Party."

## RECITALS

A. On May 9, 2014 (the "Petition Date"), certain creditors filed an involuntary chapter 7 petition in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") against HashFast Technologies, Inc. ("HTI"), Case No. 14-30725-DM.

B. On June 3, 2014, HTI filed its Conditional Consent to an Order for Relief and its Motion to Convert to Chapter 11.

C. The Bankruptcy Court entered its order for relief against HTI and converted the case to chapter 11 on June 5, 2014.

D. HashFast, LLC filed a voluntary petition for relief under chapter 11 of title 11 on June 6, 2014, in the Bankruptcy Court, Case No. 14-30866-DM.

E. The HTI bankruptcy case and the HashFast, LLC bankruptcy cases were substantively consolidated by order entered September 28, 2014, and the substantively consolidated case is referred to hereinafter as the "Bankruptcy Estate". HTI and HashFast, LLC are referred to hereinafter collectively as the "Debtor".

F. On February 17, 2015, Debtor filed it *Complaint for: 1. Avoidance of Preferential Transfers; 2. Avoidance of Fraudulent Transfers; 3. Avoidance of Fraudulent Transfers (Constructive Fraud); and Recovery of Avoided Transfers* against Marc A. Lowe, an individual, *aka* Cypherdoc and/or Cipherdoc, Adversary No. 15-03011-DM. Debtor filed its *First Amended Complaint* on April 17, 2015. The Complaint and the First Amended Complaint are collectively referred to hereinafter as the "Action" or the "Complaint".

G. Lowe timely responded to the Complaint. Lowe generally and specifically denies the allegations set forth in the Complaint, and continues to do so.

H. By order entered June 25, 2015, the Bankruptcy Court confirmed the *Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC and HashFast, LLC Dated June 4, 2015* (the "Confirmed Plan"). The Effective Date of the Confirmed Plan was July 31, 2015. Under the Confirmed Plan, all of Debtors' assets (including Debtors' claims against Lowe) were transferred to the HashFast Liquidating Trust and Michael G. Kasolas is the liquidating trustee of the HashFast Liquidating Trust.

I. After undertaking discovery in the Action and good faith settlement negotiations, the Parties have agreed to compromise and settle the Claims (defined below) on the terms and conditions set forth in this Settlement Agreement.

**NOW, THEREFORE,** without any admission of liability whatsoever, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is mutually covenanted and agreed by the Parties as follows, subject to Bankruptcy Court approval:

## AGREEMENT

1.    **Definitions.** For purposes of this Settlement Agreement, all terms not otherwise defined herein are defined as follows:

      a.    **"Claim or "Claims"** means any right to payment, damages, actions, causes of action (whether arising, among other things, by the Action, contract, statute, tort or equity), obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies and liabilities of every nature, at law and in equity, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, whether known or unknown, suspected or unsuspected, in existence as of the date of this Settlement Agreement.

      b.    **"Effective Date"** means the first date on which each of the following has occurred: (i) the Parties have executed this Settlement Agreement where indicated below; and (ii) the Bankruptcy Court has entered a Final Order, which order shall be in form and substance reasonably acceptable to the Parties, approving this Settlement Agreement. If the Effective Date does not occur within six months after the date first set forth above, unless such date is extended by a writing signed by all Parties prior to the expiration of the six month period, then this Settlement Agreement shall become null and void, and the Parties shall be returned to the *status quo ante* as if this Settlement Agreement had never been executed, including the recitals herein.

      c.    **"Final Order"** means an order, decree or judgment of the Bankruptcy Court, the operation or effect of which has not been reversed, stayed, modified or amended, and as to which order, decree or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing has been taken or is pending. A Final Order shall also consist of an order as to which an appeal, notice of appeal, motion to amend or make additional findings of fact, motion to alter or amend judgment, motion for rehearing or motion for new trial has been filed, or the time to do any of the foregoing has not yet expired, but as to which the Parties, in their sole and absolute discretion, elect to proceed with the Effective Date.

      d.    **"Settlement Payment"** means the payment of the sum of USD $350,000.00 by Lowe to the Trustee.

2.    **Settlement of the Claims.** In full and final settlement of any and all Claims held by the Trust and/or the Bankruptcy Estate against Lowe, the Trust, the Trustee and the Bankruptcy Estate shall release all Claims against Lowe and shall cause the Action to be dismissed with prejudice, Lowe shall pay the Settlement Payment to the Trustee, and Lowe shall release all Claims against the Bankruptcy Estate, the Trust and the Trustee. Lowe shall deliver $350,000.00 to the Trustee in good funds within seven (7) business days of the Effective Date. The Trustee will provide Lowe with wire instructions on or before the Effective Date.

2

**3.**      **Release of Claims by the Trust Parties.**      Excepting only the rights and obligations arising under this Settlement Agreement (the "Reserved Trust Claims"), on the Effective Date, the Trust and the Bankruptcy Estate, acting on their own behalf and on behalf of each of their past and present predecessors, and successors, and the Trustee (solely in his capacity as Trustee of the Estate) (the "Trust Releasing Parties"), shall and do hereby, release and forever discharge Lowe and, as the case may be, each and all of his present or former agents, successors, heirs, beneficiaries and attorneys (the "Lowe Released Parties"), from any and all Claims that the Trust Releasing Parties, or any of them, has, had, or may have against the Lowe Released Parties, or any of them, excepting only the Reserved Trust Claims (the "Trust Released Claims"). Without in any way limiting the scope of the foregoing release, the Trust Releasing Parties, and each of them, covenant with the Lowe Released Parties that they will forever refrain from instituting, pursuing or in any way asserting or threatening to assert in any jurisdiction, federal, state or local, or foreign or domestic, any Trust Released Claims. This Settlement Agreement shall constitute a full and complete defense by the Lowe Released Parties, or any of them, to any such Trust Released Claim or any other proceeding which may be brought by or on behalf of the Trust Releasing Parties, or any of them, concerning a Trust Released Claim.

**4.**      **Release of Claims by Lowe.**      Excepting only the rights and obligations arising under this Settlement Agreement (the "Lowe Reserved Claims"), on the Effective Date, Lowe and, as the case may be, each and all of his agents, successors, heirs, beneficiaries and attorneys (the "Lowe Releasing Parties"), shall and does hereby, release and forever discharge the Bankruptcy Estate, the Trust and the Trustee and, as the case may be, each and all of their present or former trustees, agents, predecessors, successors, heirs, beneficiaries and attorneys (the "Trust Released Parties"), from any and all Claims that the Lowe Releasing Parties, or any of them, has, had, or may have against the Trust Released Parties (the "Lowe Released Claims"). Without in any way limiting the scope of the foregoing release, the Lowe Releasing Parties, and each of them, covenant with the Trust Released Parties that they will forever refrain from instituting, pursuing or in any way asserting or threatening to assert in any jurisdiction, federal, state or local, or foreign or domestic, any Lowe Released Claims against the Trust Released Parties. This Settlement Agreement shall constitute a full and complete defense to any such Lowe Released Claim or any other proceeding which may be brought by or on behalf of the Lowe Releasing Parties, or any of them, against a Trust Released Party, concerning a Lowe Released Claim.

**5.**      **Waiver of Civil Code §1542.**      The Trust Releasing Parties and the Lowe Releasing Parties are referred to collectively hereinafter as the "Releasing Parties" and the Trust Reserved Claims and the Lowe Reserved Claims are referred to collectively as the "Reserved Claims." By this Settlement Agreement, the Releasing Parties, and each of them expressly waive and relinquish any and all protections provided under Section 1542 of the California Civil Code and any and all similar rights, rules, regulations, and provisions of the laws of other state and federal jurisdictions, as such pertains to the Trust Released Claims and the Lowe Released Claims only. Each of the Releasing Parties represents, acknowledges and agrees that it has been advised by its legal counsel of, and is familiar with, and understands the effect of Section 1542 of the California Civil Code, which provides as follows:

3

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Each of the Releasing Parties is aware that hereafter it may discover claims presently unknown or undisclosed to it, facts in addition to or different from those which it now knows or believes to be true, and/or claims in its favor of which such releasing party currently is unaware. Nevertheless, by this Settlement Agreement, each of the Releasing Parties (i) expressly intends for all of such claims included within the definitions of the Trust Released Claims and the Lowe Released Claims, if any (but no Reserved Claims are released), to be included within the scope of the foregoing releases and such releases constitute a full, complete, voluntary, absolute, and general release of all such claims; and (ii) expressly acknowledges that its waiver and relinquishment of rights under Section 1542 of the California Civil Code and all similar rights, rules, regulations, and provisions is an essential element of the consideration provided to the Released Parties by this Settlement Agreement and that, without such waiver and relinquishment, the Released Parties would not have executed this Settlement Agreement or agreed to its terms.

6. **Mutual Representations, Covenants and Warranties.** Each Party represents, warrants and agrees with the other Party as follows:

a. **Independent Advice.** They have received independent legal advice from its attorneys with respect to each of the matters contained herein, including the advisability of making the settlement provided for herein, the advisability of executing this Settlement Agreement and the meaning of California Civil Code § 1542.

b. **Reliance.** Except as expressly stated in this Settlement Agreement, neither he, she or it nor any of their officers, members, managers, agents, partners, employees, representatives, or attorneys has made any statement or representation to any other Party regarding any fact relied upon in entering into this Settlement Agreement, and it is not relying upon any statement, representation or promise of any other Party (or of any officer, agent, employee, representative, or attorney for any other Party) in executing this Settlement Agreement.

c. **Diligence and Investigation.** They have made such investigation of the facts pertaining to this settlement and this Settlement Agreement and of all the matters pertaining thereto as it deems necessary.

d. **Understanding.** They have read this Settlement Agreement and understand the contents hereof.

e. **No Assignment.** There has been no assignment, sale or transfer, by operation of law or otherwise, of any claim, right, cause of action, demand, obligation, liability or interest released by it as provided herein.

4

  **f.**  **Authority.** They have full and complete authority to enter into and execute this Settlement Agreement under the terms set forth herein, and in the case of the Trustee, he shall have such authority upon approval of this Settlement Agreement by the Bankruptcy Court.

  **7.**  **No Adverse Construction or Admission.** This Settlement Agreement does not constitute an admission of any liability of any kind by any Party and the releases and other terms provided for herein are made, executed, given and accepted as part of a compromise and settlement of disputed claims. No provision(s) of this Settlement Agreement, nor any acceptance of the benefits thereof by or on behalf of any of the Parties, shall be construed or deemed to be evidence of an admission of any fact, matter, thing or liability of any kind to any other Party. Each of the Parties deny any liability of any kind to any other Party for any purpose, and this settlement is made solely and entirely as a compromise and for the purpose of fully and finally resolving the disputed matters referred to herein. Neither this Settlement Agreement nor any term(s) thereof shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing on the part of any of the Parties.

  **8.**  **Binding on Successors and Assigns.** This Settlement Agreement shall be binding not only upon the Parties, but, as the case may be, also upon their heirs, assigns, beneficiaries, holders in due course, representatives, trustees, affiliates, principals, agents, shareholders, officers, directors, employees, and all other successors-in-interest. The releases given herein shall survive any termination of this Settlement Agreement after the Effective Date.

  **9.**  **Entire Agreement; Amendment.** The Settlement Agreement, and any attachments or exhibits hereto, sets forth the entire understanding between and among the Parties relating to the subject matter contained herein and supersedes all previous oral or written proposals, negotiations, representations, or understandings concerning the subject matter. The Settlement Agreement may not be modified, amended or discharged except by a subsequent written agreement signed by all of the Parties. Each Party expressly disclaims any right to enforce or claim the effectiveness of any oral modification of the Settlement Agreement based upon a course of dealing, waiver, reliance, estoppel or other similar theory of law.

  **10.**  **Waiver of Costs.** Each Party shall be responsible for its own attorneys' fees and any other costs incurred and/or accrued by it in connection with the matters related hereto and each Party specifically waives any and all claim(s) against any other Party hereto for the recovery of the same.

  **11.**  **Attorneys' Fees.** In the event of any action or proceeding brought by any Party against another Party to enforce or to interpret this Settlement Agreement, the prevailing Party shall be entitled to recover all reasonable costs and expenses including its attorneys' fees and experts' fees and costs in such action or proceeding. The prevailing Party shall be determined by the court or mediator based upon an assessment of which Party's major arguments made or positions taken in the proceedings could fairly be said to have prevailed on major disputed issues in the court's decision. If the Party which shall have commenced or instituted the action, suit or proceeding shall dismiss or discontinue it without the concurrence of such other Party, then such other Party shall be deemed the prevailing Party.

**12.    Bankruptcy Court Jurisdiction and Applicable Law.** Each Party consents to the exclusive jurisdiction of the Bankruptcy Court over any matter, action, or proceeding relating to this Settlement Agreement, including any proceeding brought in connection with this Settlement Agreement, and agrees that the Bankruptcy Court shall be the exclusive forum to hear, determine, and enter appropriate orders and judgments in all such matters, actions, or proceedings, provided, however, that in the event the Bankruptcy Court refuses to exercise jurisdiction over any proceeding related to or concerning this Settlement Agreement, the Parties consent to the jurisdiction of any state or federal court located in Los Angeles, Santa Barbara or San Francisco County, California that may properly exercise jurisdiction over any such proceeding. This Settlement Agreement shall be governed in all respects, including validity, interpretation, and effect, by the Bankruptcy Code and the laws of the State of California, without giving effect to the principles of choice of law or conflicts of law thereof. The Parties hereto irrevocably waive any right to trial by jury in any action, proceeding or counterclaim arising out of or relating to this Settlement Agreement or the transactions contemplated hereby.

**13.    Rules of Construction.** The Parties, including their counsel, have participated in the preparation of this Settlement Agreement, and this Settlement Agreement is the result of the joint efforts of the Parties. This Settlement Agreement has been accepted and approved as to its final form by all Parties and upon the advice of their respective counsel. Accordingly, any uncertainty or ambiguity existing in this Settlement Agreement shall not be interpreted against any Party as a result of the manner of the preparation of this Settlement Agreement. Each Party to this Settlement Agreement agrees that any statute or rule of construction providing that ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Settlement Agreement and are hereby waived.

**14.    No Third Parties Benefitted.** Except for the releases that extend to the Parties, this Settlement Agreement is made for the sole benefit and protection of the Parties hereto and the successors and assigns of each Party, and no other person shall have any right of action or right to rely thereon, and the Parties hereto agree that nothing contained in this Settlement Agreement shall be construed to vest in any other person or entity, any interest in or claim upon the rights and interests of the Parties hereunder or in any proceeds thereof.

**15.    Non-Waiver.** No waiver of any of the provisions of this Settlement Agreement shall be deemed or shall constitute a waiver of other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

**16.    Bankruptcy Court Approval and Time.** This Settlement Agreement is expressly subject to Bankruptcy Court approval. Time is of the essence in this Settlement Agreement and Bankruptcy Court approval shall be sought immediately.

**17.    Headings.** Headings contained in this Settlement Agreement are for reference purposes only and shall be given no weight in the construction of this Settlement Agreement.

**18.    Gender and Number.** All references herein to the masculine gender shall be deemed to apply equally to the feminine and neuter genders and vice versa. All references herein to the singular shall be deemed to apply equally to the plural and vice versa.

6

19.    **Severability.**  Should any non-material term, provision or paragraph of this Settlement Agreement be determined to be illegal or void or of no force and effect, the balance of this Settlement Agreement shall survive.  Should the Parties be unable to agree as to whether any term, provision or paragraph of this Settlement Agreement that may be determined to be illegal or void or of no force and effect is material or not, such dispute shall be resolved in accordance with Section 12 of this Settlement Agreement.

20.    **Counterparts.**  This Settlement Agreement may be executed in counterparts. The Parties further agree that this Settlement Agreement may be executed by facsimile or electronic signature, with such facsimile or electronic signature to have the same force, validity and effect as an original signature.

21.    **Execution.**  This Settlement Agreement shall be a valid and binding agreement only when executed and delivered to the Parties hereto (subject to Bankruptcy Court approval and the occurrence of the Effective Date).  Subject to the foregoing limitation, delivery by facsimile or other electronic transmission shall be sufficient to render the Settlement Agreement valid and binding.

22.    **Further Assurances.**  Each Party shall take such additional reasonable and necessary acts as necessary to accomplish the purposes of this Settlement Agreement.  The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Settlement Agreement.  If this Settlement Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

23.    **Recitals.**  The Recitals contained herein shall be accorded no evidentiary value by any of the Parties or a court of competent jurisdiction, and may be used solely for purposes of interpreting this Settlement Agreement.

Dated: May 15, 2016

_____
MICHAEL G. KASOLAS
Liquidating Trust of the HashFast
Liquidating Trust


Dated: May __, 2016

_____
MARC A. LOWE

DM3\3969743.2
LA 12836786v1

Case: 14-30725    Doc# 481-2    Filed: 05/31/16    Entered: 05/31/16 11:49:39    Page 8
of 22

**19.** **Severability.** Should any non-material term, provision or paragraph of this Settlement Agreement be determined to be illegal or void or of no force and effect, the balance of this Settlement Agreement shall survive. Should the Parties be unable to agree as to whether any term, provision or paragraph of this Settlement Agreement that may be determined to be illegal or void or of no force and effect is material or not, such dispute shall be resolved in accordance with Section 12 of this Settlement Agreement.

**20.** **Counterparts.** This Settlement Agreement may be executed in counterparts. The Parties further agree that this Settlement Agreement may be executed by facsimile or electronic signature, with such facsimile or electronic signature to have the same force, validity and effect as an original signature.

**21.** **Execution.** This Settlement Agreement shall be a valid and binding agreement only when executed and delivered to the Parties hereto (subject to Bankruptcy Court approval and the occurrence of the Effective Date). Subject to the foregoing limitation, delivery by facsimile or other electronic transmission shall be sufficient to render the Settlement Agreement valid and binding.

**22.** **Further Assurances.** Each Party shall take such additional reasonable and necessary acts as necessary to accomplish the purposes of this Settlement Agreement. The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Settlement Agreement. If this Settlement Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

**23.** **Recitals.** The Recitals contained herein shall be accorded no evidentiary value by any of the Parties or a court of competent jurisdiction, and may be used solely for purposes of interpreting this Settlement Agreement.

Dated: May __, 2016

 

MICHAEL G. KASOLAS
Liquidating Trust of the HashFast
Liquidating Trust

Dated: May _10_, 2016

MARC A. LOWE

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re

HASHFAST TECHNOLOGIES LLC, a
California limited liability corporation,

        Debtor.

Case No. 14-30725 DM

Chapter 11

(Substantively Consolidated with In re
HashFast LLC, Case No. 14-30866 DM)

**NOTICE OF LIQUIDATING
TRUSTEE'S INTENTION TO
COMPROMISE CONTROVERSY WITH
MARC A. LOWE**

[NO HEARING SCHEDULED]

      **PLEASE TAKE NOTICE** that Michael G. Kasolas ("Liquidating Trustee"), the trustee for the Hashfast Creditor Trust ("Trust"), intends to compromise the controversy between the Trust and Marc A. Lowe ("Lowe") as described below. This notice summarizes the dispute, the terms of the proposed compromise, and the procedure for objection, if any.

      On May 9, 2014 ("Petition Date"), certain petitioning creditors filed an involuntary chapter 7 petition against HashFast Technologies LLC ("HashFast Technologies") in the captioned bankruptcy court ("Bankruptcy Court"). On June 4, 2014, the case was converted to chapter 11, and on June 30, 2014, an order for relief was entered effective as of June 4, 2014. On June 6, 2014, HashFast LLC ("HashFast") filed a voluntary chapter 11 petition in the Bankruptcy Court.

      On September 29, 2014, the Bankruptcy Court entered an order substantively consolidating the bankruptcy estates of HashFast Technologies and HashFast (together, "Debtors"). On February 17, 2015, the Debtors filed a complaint against Lowe in the Bankruptcy Court (as later amended, "Complaint"), commencing A.P. No. 15-3011 ("Adversary Proceeding"). By the Complaint, the Debtors sought to avoid and recover 3,000 bitcoin that the Debtors transferred to Lowe in September of 2013 as an alleged constructive fraudulent transfer. The Complaint also seeks to avoid and recover $37,800 as an alleged preferential transfer. Lowe filed an answer to the Complaint in which he denied certain of the material allegations. At the time of the transfers, the bitcoin were worth between $308,000.00 and $363,000.00, but later increased in value to approximately $1.3 million.

      On June 4, 2015, the Official Committee of Unsecured Creditors in the Debtors' cases filed a Consolidated Plan of Liquidation and Disclosure Statement for HashFast Technologies, LLC and HashFast, LLC, Dated June 4, 2015 ("Plan"). On June 25, 2015, the Bankruptcy Court entered an order confirming the Plan. Under the terms of the Plan, the Trust was created and certain assets of the Debtors' estate, including the Adversary Proceeding, were transferred to the Trust. The Liquidating Trustee is the fiduciary charged with liquidating the Trust's assets and

DUANE MORRIS LLP
SAN FRANCISCO

otherwise administering the Trust. Accordingly, following his appointment, the Liquidating Trustee substituted in as party plaintiff in the Adversary Proceeding.

Concerning the alleged constructive fraudulent transfer, the Complaint alleges, inter alia, that Lowe provided certain marketing services to the Debtors in exchange for the 3,000 bitcoin. The crux of the parties' dispute is whether Lowe provided "reasonably equivalent value" to the Debtors in exchange for the bitcoin. A secondary dispute involves what, precisely, the Liquidating Trustee is entitled to recover if he prevails in the Adversary Proceeding: the 3,000 bitcoin that were transferred to Lowe, the value of those bitcoin at the time of the transfers (approximately $363,000), or their current value (approximately $1.3 million). A third dispute involves whether the Debtors were insolvent on the date(s) the 3,000 bitcoin were transferred.

Concerning the alleged preferential transfer, the crux of the parties' dispute is whether Lowe was an insider of the Debtors and whether the Debtors were insolvent on the date of the $37,800 payment to Lowe.

Lowe and the Liquidating Trustee (together, the "Parties") have engaged in discussions concerning the Adversary Proceeding, and have reached a settlement that is subject to Bankruptcy Court approval. Under the terms of the proposed compromise, Lowe will pay the Liquidating Trustee $350,000, and the Parties will release claims against one another.

The Liquidating Trustee believes that this settlement is in the best interest of creditors and should be approved pursuant to Federal Rule of Bankruptcy Procedure 9019. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

Probability of Success. This factor supports the proposed compromise. It is highly uncertain whether the Liquidating Trustee would prevail in the Adversary Proceeding. If this matter were to proceed to trial on the constructive fraudulent transfer claim, the outcome likely would center on the testimony of the parties' expert witnesses concerning the value of Lowe's services, which is not an all or nothing proposition. It is difficult, if not impossible, to foresee what value the Bankruptcy Court would assign to these services, which involved promoting the Debtors' products on certain online forums and message boards. If this matter were to proceed to trial on the alleged preferential transfer, the Trustee's ability to prove Lowe is an "insider" within the meaning of the Bankruptcy Code would be contested. Moreover, even if the Liquidating Trustee did prevail, it is uncertain what form of recovery the Bankruptcy Court would direct, and what value the Trust would receive for the benefit of creditors.

Difficulties in the Matter of Collection. This factor also supports the proposed compromise. If the Liquidating Trustee did prevail in the Adversary Proceeding, it is uncertain whether Lowe would have the means to satisfy a judgment, or whether he would be in possession of the bitcoin.

Expense, Inconvenience and Delay. This factor strongly supports the proposed compromise. To date, the parties have served written discovery on one another and produced and reviewed a large quantity of documents. The Liquidating Trustee has also briefed and

argued a motion for partial summary judgment and deposed Lowe in Los Angeles. If the litigation continues, the Trustee will have to depose other parties involved in the bitcoin transfers, the alleged preferential transfer, as well as any expert witnesses that Lowe retains (Lowe has identified four expert witnesses). Taking into account the costs of further discovery, motion practice, trial preparation, and a trial, it is certain that the Trust would run up significant legal fees which would greatly reduce, if not eliminate, any potential recovery for creditors.

     <u>Paramount Interest of Creditors</u>. The proposed compromise is in the best interests of creditors. It will bring $350,000 into the Trust for the benefit of creditors while avoiding the delay, expense and uncertainties of continued litigation.

     For all the foregoing reasons, the Liquidating Trustee believes that the proposed compromise is in the best interest of creditors and the Trust.

     **PLEASE TAKE FURTHER NOTICE** that the Liquidating Trustee intends to apply to the above-entitled Court for an order approving this compromise. Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the compromise as proposed. To that end:

     **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

     **Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

     **If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

     **In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

     Any objections or requests for hearing should be filed with the United States Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. A copy of the objection should be served on the Office of the United States Trustee and counsel for the Liquidating Trustee at the address shown below. The Office of the United States Trustee is located at 235 Pine Street, Suite 700, San Francisco, California 94104. For further information regarding the foregoing, please contact counsel for the Liquidating Trustee at the address shown below.

DUANE MORRIS LLP
SAN FRANCISCO

3

NOTICE OF LIQUIDATING TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH MARC A. LOWE

Dated:  May 5, 2016                    **DUANE MORRIS** LLP

By: /s/ Geoffrey A. Heaton (#206990)
    Geoffrey A. Heaton
    **DUANE MORRIS** LLP
    One Market Plaza
    Spear Street Tower, Suite 2200
    San Francisco, California 94105-1127
    Telephone:  (415) 957-3000
    Facsimile:  (415) 957-3001
    Email:  gheaton@duanemorris.com
    Attorneys for Liquidating Trustee
    MICHAEL G. KASOLAS

1  Aron M. Oliner (SBN: 152373)
   Geoffrey A. Heaton (SBN: 206990)
2  **DUANE MORRIS LLP**
   One Market Plaza
3  Spear Street Tower, Suite 2200
   San Francisco, California 94105-1127
4  Telephone: (415) 957-3000
   Facsimile: (415) 957-3001
5  Email: gheaton@duanemorris.com

6  Attorneys for Liquidating Trustee
   MICHAEL G. KASOLAS

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11

12 | In re | Case No. 14-30725 DM |

13 | HASHFAST TECHNOLOGIES LLC, a | Chapter 11 |
   | California limited liability company, | |

14 | | (Substantively Consolidated with In re |
   | Debtor. | HashFast LLC, Case No. 14-30866) |

15

16 | | **CERTIFICATE OF SERVICE** |

17

18      I am a citizen of the United States, over the age of 18 years, and not a party to or

19 interested in the within entitled cause. I am an employee of Duane Morris LLP and my business

20 address is One Market Plaza, Spear Street Tower, Suite 2200, San Francisco, California 94105-

21 1127. I am readily familiar with the business practice for collection and processing of

22 correspondence for mailing and for transmitting documents by U.S. Mail, FedEx, fax, email,

23 courier and other modes. On May 5, 2016, I served the following documents: **NOTICE OF**

24 **LIQUIDATING TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH**

25 **MARC A. LOWE**,

26

27

28

DM3\3966191.1 R2495/00001                    1

DUANE MORRIS LLP
SAN FRANCISCO

**COS / NOTICE OF LIQUIDATING TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY**
**WITH MARC A. LOWE – CASE NO. 14-30725 DM**

1

2  **X**  BY MAIL:  by placing (☐ the original) (☒ a true copy) thereof enclosed in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing following my firm's ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, with postage fully prepaid.

3

4

5  United States Trustee, Region 17                  Peter Kravitz, CRO

6  United States Department of Justice               Hashfast, LLC and Hashfast Technologies, LLC
   235 Pine Street, Suite 700                        29209 Canwood Street, Suite 210
7  San Francisco, CA 94104-2736                      Agoura Hills, CA 91301

8  Peter Siddiqui                                    Ashley McDow
   Katten Muchin Rosenman, LLP                       Baker & Hostetler LLP
9  525 West Monroe Street                            11601 Wilshire Boulevard, 14th floor
   Chicago, IL 60661-3693                            Los Angeles, CA 90025-0509

10

11     I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct and that this declaration was executed on May 5, 2016, in San

13  Francisco, California.

14                                                     /s/ Aristela Wise (xxx-xx-2624)
                                                         ARISTELA WISE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUANE MORRIS LLP
SAN FRANCISCO

**COS / NOTICE OF LIQUIDATING TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH MARCUS LOWE T/CASE NO. 14-30725 DM**

## File a Notice:

14-30725 Hashfast Technologies LLC **Converted** 06/04/2014

| | | |
|---|---|---|
| Type: bk | Chapter: 11 i | Office: 3 (San Francisco) |
| Assets: y | Judge: DM | Case Flag: CONVERTED, JNTADMN, CONS |

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Geoffrey A. Heaton entered on 5/5/2016 at 2:14 PM PDT and filed on 5/5/2016

**Case Name:**      Hashfast Technologies LLC
**Case Number:**      14-30725
**Document Number:** 465

**Docket Text:**
Notice Regarding *[Notice of Liquidating Trustees Intention to Compromise Controversy with March A. Lowe]* Filed by Interested Party Michael G. Kasolas (Attachments: # (1) Certificate of Service) (Heaton, Geoffrey)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**H:\HashFast\Notice of Liquidating Trustees Intention to Compromise Controversy with March A. Lowe.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=5/5/2016] [FileNumber=31188443-0
] [08211cffc8a04590b531ea5eb7e0c97b6787f82088ad00559ffd324f8c3b05204d7
0497174e91f7964f4a698d2b922dab9134289d192902e8723e6bb88720102]]
**Document description:**Certificate of Service
**Original filename:**H:\HashFast\Certificate of Service.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=5/5/2016] [FileNumber=31188443-1
] [364a3fcb7d2c6407ef75eaab9f9ded77f55e8311c111f8dddf480a9d6b4669bee5d
8f6070320dfbdc63e39066b9f9e25900cade57760dd6ad822ec1205a19e8e]]

**14-30725 Notice will be electronically mailed to:**

Venkat Balasubramani on behalf of Interested Party Pete Morici
venkat@focallaw.com, pete.morici@alumni.purdue.edu

Thomas R. Burns on behalf of Creditor Duane Laun
tom@tburnslaw.com

Greg P. Campbell on behalf of Creditor Nationstar Mortgage LLC

ecfcanb@aldridgepite.com, gc@ecf.inforuptcy.com

Patrick Chesney on behalf of Interested Party Gallo LLP
pchesney@gallo-law.com, mvananda@gallo-law.com

Michael Delaney on behalf of Creditor Committee Official Committee Of Unsecured Creditors
mdelaney@bakerlaw.com, SGaeta@bakerlaw.com

Michael Delaney on behalf of Interested Party Michael G. Kasolas
mdelaney@bakerlaw.com, SGaeta@bakerlaw.com

Michael Delaney on behalf of Petitioning Creditor Koi Systems
mdelaney@bakerlaw.com, SGaeta@bakerlaw.com

Michele M. Desoer on behalf of Creditor Zuber Lawler & Del Duca LLP
mdesoer@zuberlaw.com, dellis@zuberlaw.com

Caroline R. Djang on behalf of Creditor DigiMex Ltd
cdjang@rutan.com

Fahim Farivar on behalf of Creditor Committee Official Committee Of Unsecured Creditors
ffarivar@bakerlaw.com, sgaeta@bakerlaw.com

W. Keith Fendrick on behalf of Creditor Sistemas Operativos Sanitarios C.A.
keith.fendrick@hklaw.com, Andrea.Olson@hklaw.com

Beth E. Gaschen on behalf of Petitioning Creditor Koi Systems
bgaschen@wgllp.com

Julie M. Glosson on behalf of U.S. Trustee Office of the U.S. Trustee / SF
julie.m.glosson@usdoj.gov

Elizabeth A. Green on behalf of Creditor Committee Official Committee Of Unsecured Creditors
egreen@bakerlaw.com, jdriggers@bakerlaw.com

Elizabeth A. Green on behalf of Debtor HashFast LLC
egreen@bakerlaw.com, jdriggers@bakerlaw.com

Robert G. Harris on behalf of Creditor Uniquify, Inc.
rob@bindermalter.com

Robert G. Harris on behalf of Defendant Uniquify, Inc.
rob@bindermalter.com

Geoffrey A. Heaton on behalf of Interested Party Michael G. Kasolas
gheaton@duanemorris.com

Geoffrey A. Heaton on behalf of Plaintiff Michael G. Kasolas
gheaton@duanemorris.com

Reginald R. Hindley on behalf of Interested Party Hindley & Henderson

hindleylaw@gmail.com

David Holtzman on behalf of Creditor Sistemas Operativos Sanitarios C.A.
david.holtzman@hklaw.com, angela.ius@hklaw.com

Ori Katz on behalf of Interested Party Simon Barber
okatz@sheppardmullin.com, smccabe@sheppardmullin.com

Ashley McDow on behalf of Creditor Committee Official Committee Of Unsecured Creditors
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Interested Party Official Committee Of Unsecured Creditors
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Interested Party Official Committee of Unsecured Creditors
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Interested Party Michael G. Kasolas
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Petitioning Creditor Koi Systems
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Ashley McDow on behalf of Petitioning Creditor UBE Enterprises
amcdow@bakerlaw.com, SGaeta@bakerlaw.com

Jessica M. Mickelsen on behalf of Debtor HashFast LLC
jessica.mickelsen@kattenlaw.com

Jessica M. Mickelsen on behalf of Debtor Hashfast Technologies LLC
jessica.mickelsen@kattenlaw.com

Jessica M. Mickelsen on behalf of Plaintiff HashFast LLC
jessica.mickelsen@kattenlaw.com

Jessica M. Mickelsen on behalf of Plaintiff HashFast Technologies LLC
jessica.mickelsen@kattenlaw.com

Office of the U.S. Trustee / SF
USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com

Aron M. Oliner on behalf of Interested Party Michael G. Kasolas
roliner@duanemorris.com

Aron M. Oliner on behalf of Plaintiff Michael G. Kasolas
roliner@duanemorris.com

Douglas R. Pahl on behalf of Creditor Perkins Coie LLP
dpahl@perkinscoie.com, etherrien@perkinscoie.com

David M. Poitras on behalf of Defendant Marc A. Lowe

dpoitras@jmbm.com

Gregory A. Rougeau on behalf of Creditor Liquidbits Corp.
grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com

Craig Stuppi on behalf of Interested Party Eduardo DeCastro
craig@stuppilaw.com

Sarah M. Stuppi on behalf of Interested Party Eduardo DeCastro
sarah@stuppilaw.com

Christopher D. Sullivan on behalf of Interested Party Diamond McCarthy
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com

Nancy Weng on behalf of Creditor Looksmart Ltd.
nweng@trinhlawfirm.com, kim@trinhlawfirm.com

Nancy Weng on behalf of Creditor Davide Cavion
nweng@trinhlawfirm.com, kim@trinhlawfirm.com

**14-30725 Notice will not be electronically mailed to:**

Craig A. Barbarosh on behalf of Debtor Hashfast Technologies LLC
Katten Muchin Rosenman LLP
650 Town Center Dr. 7th Fl.
Costa Mesa, CA 92626-7122

Eric W. Benisek on behalf of Interested Party Timefire, Inc
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Eric W. Benisek on behalf of Interested Party Satish Ambarti
Vasquez Benisek and Lindgren LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549

Oleksandr V Buzko
5824 Oak Bend Lane #101
Oak Park, CA 91377

Avram S. Cheaney
1305 Laguna Street, #4
San Francisco, CA 94115

Luke Dashjr
17318 Sweetwater Rd.
Dade City, FL 33523

Paul M. Dolak
P.O. Box 590276

San Francisco, CA 94159

Duane Morris,LLP
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127

Mohammad Zahid Faruqi
Ruthnergasse 42/Tuer 9
1210-Wien, Austria
,

Ray E. Gallo on behalf of Interested Party Gallo LLP
Gallo LLP
1299 Fourth St., Suite 505
San Rafael, CA 94901

Edward Hammond
3103 Powell Cir.
Austin, TX 78704

John E. Hlavaty
35 Swanson Court, #16D
Boxborough, MA 01719

Brian E. Klein on behalf of Defendant Marc A. Lowe
Baker Marquart, LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

Peter S. Kravitz
,

Timothy Lam
6156 Temple City Blvd.
Temple City, CA 91780

Kang Lu
5753 Hwy 85 North #2442
Crestview, FL 32536

Ainsley G. Moloney on behalf of Creditor Liquidbits Corp.
Morgan Lewis & Bockius LLP
1 Federal St.
Boston, MA 02110

Grant Pederson
12538 Botanical Ln.
Frisco, TX 75035

Process General

5915 Edmond St. #102
Las Vegas, NV 89118-2860

James J Ries
450 Sunlight Ct, #2
Powell, WY 82435

Peter A. Siddiqui on behalf of Debtor Hashfast Technologies LLC
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661-3693

Strategic Counsel Corp
c/o Adam T. Ettinger
Sheppard Mullin Richter & Hampton LLP
1901 Ave of the Stars, #1600
Los Angeles, CA 90067-6017