Ashley M. McDow (245114)
Michael T. Delaney (261714)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:        amcdow@bakerlaw.com
              mdelaney@bakerlaw.com

Attorneys for MICHAEL G. KASOLAS,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11 |
| x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | |

## STATUS REPORT AND REQUEST FOR ORDER ON LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CLAIMS

Michael G. Kasolas (the "Trustee"), the duly appointed, qualified and acting trustee for the Hashfast Liquidating Trust (the "Trust"), by and through his counsel, files this *Status Report and Request for Order on Liquidating Trustee's Omnibus Objections to Claims* ("Status Report") to provide a status update on the Trustee's seven omnibus objections to claims (Doc. Nos. 403, 404, 405, 406, 407, 408, 409) (respectively, the "First Objection", "Second Objection", "Third Objection", "Fourth Objection", "Fifth Objection", "Sixth Objection", and "Seventh Objection") (collectively, the "Objections"), and to request entry of an order determining the Objections as set forth herein.

## BACKGROUND

1. On November 30, 2015, the Trustee filed the Objections. Each Objection sought to disallow, reduce, or re-characterize the priority of the claims identified in the Objection for a specific reason. The reasons for each Objection are as follows:

    A. First Objection – disallowance of duplicate claims;

    B. Second Objection – disallowance of late-filed claims;

    C. Third Objection – disallowance in whole or in part of claims seeking repayment of Bitcoin or Bitcoin equivalent value;

    D. Fourth Objection – disallowance of claims for lack of evidence;

    E. Fifth Objection – disallowance of legally deficient claims;

    F. Sixth Objection – disallowance of claims for lack of evidence of priority; and

    G. Seventh Objection – disallowance of scheduled claims.

2. For ease of reference, the Trustee has attached hereto as **Exhibit A** a chart identifying all claims that were objected to in the Objections (the "Contested Claims"), sorted by Objection number (for example, First Objection, Second Objection), and further sorted within Objection number by the last name of the claimant holding a Contested Claim in alphabetical order (collectively, the "Claimants"). For every Contested Claim identified in Exhibit A, the chart also identifies the claim number objected to, the claim amount objected to, the status of the objection, and the "Trustee's Recommended Action", which is the relief the Trustee is seeking in this Motion with respect to that Contested Claim.

3. Additionally, the Trustee has attached hereto as **Exhibit B** a chart identifying the same information contained in Exhibit A, but sorted by the Claimant's last name in alphabetical order.

4. Attached to each Objection as an exhibit were individualized objections (an "Individualized Objection," and collectively, "Individualized Objections")[1] for each Contested Claim, which identified, among other things, the basis for the Trustee's objection to the claim,

---

[1] The Individualized Objections were prepared based on this Court's form claim objection.

- 2 -

STATUS REPORT AND REQUEST FOR ORDER ON LIQUIDATING TRUSTEE'S OBJECTIONS TO CLAIMS
608821488.5

and the relief that the Trustee intended to seek from the Court. Each Individualized Objection also provided the procedures that a Claimant was required to follow in order to object to the relief requested in the Individualized Objection (the "Response Requirements"). For example, one of the Response Requirements was that a Claimant's objection must be filed with the Court and served on the Trustee.

5. On December 1, 2015, the Objections and the Individualized Objections were served on all the Claimants.

## STATUS UPDATE AND RELIEF REQUESTED

6. Many of the Claimants did not respond to the Objections, either formally, by filing a response as required by the Response Requirements, or informally, by contacting the Trustee's counsel (the "No Response Claimants"). A chart identifying the No Response Claimants and the relief requested in the Trustee's Individualized Objection to each No Response Claimants' claim is attached hereto as **Exhibit C.** As to substantially all of the No Response Claimants identified on Exhibit C, the Trustee requests entry of an order sustaining the Trustee's Objection and granting the relief requested in the applicable Individualized Objection to the extent set forth on Exhibit C.

7. Some of the Claimants holding Contested Claims filed responses with the Court objecting to the Objections, or informally contacted the Trustee's counsel, typically by email, to object to the Trustee's Objection to their Contested Claim. While the informal responses did not satisfy the Response Requirements set forth in the Individualized Objection, the Trustee's counsel made good faith efforts to respond to these Claimants' informal responses, and request additional information to substantiate the Claimants' Contested Claims.

8. After reviewing the filed responses, the information provided informally by certain Claimants, and/or based on changed circumstances since the filing of the Objections,[2] the Trustee has categorized the Contested Claims remaining after excluding the No Response Claimants'

---

[2] An example of changed circumstances leading to the Trustee withdrawing the Objection are Contested Claims that the Trustee objected to solely under 11 U.S.C. § 502(d) because the Trustee believed that the Trust had certain avoidance actions against the Claimant. Since the time the Objections were filed, the Trustee has determined not to pursue certain potential avoidance actions, and accordingly, disallowance of the claim under 11 U.S.C. § 502(d) is no longer appropriate.

- 3 -
STATUS REPORT AND REQUEST FOR ORDER ON LIQUIDATING TRUSTEE'S OBJECTIONS TO CLAIMS
608821488.5

Case: 14-30725    Doc# 560    Filed: 10/20/16    Entered: 10/20/16 14:22:50    Page 3 of 5

claims (the "Remaining Contested Claims"), into four (4) categories. By this Status Report, requests entry of orders relating to the Remaining Contested Claims as set forth below:

A. **_Withdrawn Objections_**. The Trustee has determined that it is in the best interest of the estate and its creditors to withdraw the Objections to certain Contested Claims. By filing this Status Report, the Trustee hereby withdraws all Objections to the claims identified on the chart attached hereto as **Exhibit D** (the "Withdrawn Objections"). All Withdrawn Objections shall be deemed Allowed Claims under the Debtors' confirmed Chapter 11 Plan, and shall be entitled to receive distributions from the Hashfast Liquidating Trust.[3]

B. **_Informal Response but Insufficient Information Provided_**. Despite the Trustee's efforts to obtain information substantiating the Contested Claims of Claimants who failed to comply with the Response Requirements but instead informally contacted the Trustee's counsel, the Trustee has determined that the Claimants identified on the chart attached hereto as **Exhibit E** failed to provide sufficient information substantiating their Contested Claims. Accordingly, the Trustee seeks entry of an order sustaining the Trustee's Objection and granting the relief requested in the applicable Individualized Objection, to the extent set forth on Exhibit E.

C. **_Claims in Settlement Negotiations for which the Trustee Seeks Additional Time to Negotiate_**. The Trustee intends to communicate further with and/or is in settlement negotiations with the Claimants identified on the chart attached hereto as **Exhibit F**. As to each Contested Claim identified on Exhibit F, the Trustee seeks entry of an order providing that the Trustee may continue to communicate regarding such claims with the Claimant and/or other interested parties, and on or before ninety (90) days after the date of the order granting

---

[3] All capitalized terms used but not defined in this Status Report shall have the meaning ascribed to them in the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (Doc. No. 379) as confirmed by *Order Approving on a Final Basis and Confirming the Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast LLC, Dated June 4, 2015* (Doc. No. 387).

- 4 -

STATUS REPORT AND REQUEST FOR ORDER ON LIQUIDATING TRUSTEE'S OBJECTIONS TO CLAIMS
608821488.5

Case: 14-30725   Doc# 500   Filed: 10/20/16   Entered: 10/20/16 14:22:50   Page 4 of 5

the relief requested in this Status Report, shall file a second status report updating the Court and parties-in-interest regarding the claims.

D. *Agreed Treatment*. The Trustee has reached agreements with certain of the Claimants regarding the treatment of their Contested Claims. A chart identifying those claims and their agreed-upon treatment is attached hereto as **Exhibit G**. As to each claim on Exhibit G, the Trustee seeks entry of an order allowing or disallowing the claim to the extent set forth on Exhibit G, or as to those parties represented by Gallo LLP, no action by the Court pending the filing of a document finalizing the agreement in principal governing all such claims.

9. At this point, there are no contested matters requiring the Court's resolution. To the extent the Trustee is unable to resolve the pending unresolved claims objections within a reasonable time period, the Trustee intends to file a separate response as to each contested Claim Objection, and will request specially-scheduled hearings to address each contested Claim Objection.

10. Attached hereto as **Exhibit H** is a proposed order granting the relief requested in this Status Report.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit H sustaining the Objections in part, as set forth herein, and granting all other relief that is appropriate under the circumstances.

Dated: October 19, 2016

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ Ashley M. McDow
Ashley M. McDow
Michael T. Delaney

Attorneys for MICHAEL G. KASOLAS,
Liquidating Trustee

- 5 -
STATUS REPORT AND REQUEST FOR ORDER ON LIQUIDATING TRUSTEE'S OBJECTIONS TO CLAIMS
608821488.5

Case: 14-30725    Doc# 500    Filed: 10/20/16    Entered: 10/20/16 14:22:50    Page 5 of 5