**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Petitioning Creditor
Koi Systems Ltd.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor-in-Possession.<br><br>■ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor-in-Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with Case No. 14-30866<br><br>Chapter 11<br><br>[No Hearing Scheduled] |

**AMENDED MOTION FOR ORDER ALLOWING REIMBURSEMENT OF EXPENSES OF KOI SYSTEMS LTD., PETITIONING CREDITOR AND MEMBER OF THE OFFICIAL <u>COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C. § 503</u>**

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Koi Systems Ltd. ("Koi"), petitioning creditor and member of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of HashFast Technologies, LLC and HashFast LLC (collectively, "HashFast" and/or the "Debtors"), submits this Amended Motion for Order Allowing Reimbursement of Expenses of Koi Systems Ltd., Petitioning Creditor and Member of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. § 503 (the "Amended Motion").

I.  **INTRODUCTION**

On March 20, 2015, the Court heard Koi's Motion for Order Allowing Reimbursement of Expenses of Koi Systems Ltd., Petitioning Creditor and Member of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. § 503 (the "Motion"). The Court granted the Motion, in part, allowing Koi's travel expenses for the performance of its duties as a member of the Committee in the sum of $9,957.91 pursuant to 11 U.S.C. § 503(b)(3)(F). The balance of the Motion was made subject to further order of the Court.

By this Amended Motion, Koi seeks an order of the Court allowing reimbursement to Koi for (1) Koi's legal fees and expenses that relate directly to the involuntary petition, and (2) Koi's legal fees and expenses that relate to bringing the Motion and this Amended Motion. Koi believes the Estates have sufficient funds to pay the amounts requested. Accordingly, Koi respectfully requests that the Bankruptcy Court grant the Amended Motion.

In support of this Motion, Koi requests that the Court consider the following documents filed concurrently herewith: (1) Memorandum of Points and Authorities in Support of Amended Motion for Order Allowing Reimbursement of Expenses of Koi Systems Ltd., Petitioning Creditor and Member of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. § 503; and (2) Declaration of Robert Edgeworth in

Support of Amended Motion for Order Allowing Reimbursement of Expenses of Koi Systems Ltd., Petitioning Creditor and Member of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. § 503, and Exhibits referenced therein.

## II. BACKGROUND FACTS

The Debtors were engaged in a single enterprise for the design, manufacture and sale of computer chips and systems utilized in Bitcoin mining. HashFast, LLC ("HF") is the parent company of HashFast Technologies, LLC ("HFT") and owner of 100% of the membership interest of HFT.

On or about May 9, 2014, Koi, UBE Enterprises, Timothy Lam, Edward Hammond, and Grant Pederson (collectively, the "Petitioning Creditors") commenced an involuntary bankruptcy under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against HFT.

On June 3, 2014, HFT filed the *Debtors' Conditional Consent to an Order for Relief Regarding Involuntary Petition and Debtors' Motion to Convert to Chapter 11*. On June 4, 2014, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. Thereafter, HFT has acted as debtor-in-possession pursuant to Sections 1107 and 1008 of the Bankruptcy Code.

HF filed a voluntary petition under chapter 11 of the Bankruptcy Code on June 6, 2014.

On or about June 6, 2014, HFT filed the *Debtors' Motion for an Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing the Joint Administration of Their Chapter 11 Cases*, seeking to administratively consolidate the HFT Bankruptcy and the HF Bankruptcy. On or about July 8, 2014, the Court entered an order in the HFT Bankruptcy consolidating the Bankruptcy Case and naming the HFT Bankruptcy the lead bankruptcy case.

On or about June 23, 2014, the Office of the United States Trustee appointed the following creditors of HFT to serve on the Committee: Hamilton Hee; Sistemas

Operativos Sanitarios Ca; Uniquify, Inc.; Antony Vo; Koi Systems Ltd.; Digimex Ltd; and Peter Morici.

The Court granted the Debtors' motion to jointly administer the Debtors' bankruptcy cases on July 8, 2014. Thereafter, the Committee filed its motion for an order substantively consolidating the Bankruptcy Case and the estates (collectively, the "Estates") into a single estate, which motion was granted at the hearing held on September 10, 2014.

On October 6, 2014, Koi filed a proof of claim as an administrative claim in the amount of $62,246.49, which is numbered as Claim 313-1 on the Court's register of claims (the "Proof of Claim"). This Amended Motion amends the Proof of Claim.

On February 27, 2015, Koi filed the Motion [Docket No. 323] and the related pleadings. Hearing on the Motion was held on March 20, 2015, at which time the Court granted the Motion, in part, allowing Koi's travel expenses for the performance of its duties as a member of the Committee in the sum of $9,957.91 pursuant to 11 U.S.C. § 503(b)(3)(F). The balance of the Motion was made subject to further order of the Court. On May 4, 2015, the Court entered the order on the Motion {Docket No. 355].

### III.  ADMINISTRATIVE EXPENSES INCURRED BY KOI

Koi is requesting reimbursement of its necessary expenses as follows:

####   A.  Legal Fees and Expenses Relating to Involuntary Petition

Beginning in April 2014, Koi retained Baker & Hostetler LLP ("Baker")[1] to render legal services in connection with the involuntary bankruptcy petition filed against HFT. From April 9, 2014 through May 23, 2014, Koi incurred $38,715.00 for legal fees and $515.72 for expenses that were directly related to the preparation and filing of the

---

[1] The Committee is authorized to employ Baker as its counsel pursuant to the order entered July 24, 2014.

involuntary petition. A copy of the invoices for legal services is attached as Exhibit "1" to the concurrently filed Edgeworth Declaration.

### B. Legal Fees and Expenses Relating to the Motion and the Amended Motion

Koi has also incurred $9,800.00 in legal fees and expenses ($9,485.00 in fees and $315.00 in expenses) in connection with preparing the Proof of Claim and bringing the Motion and this Amended Motion. A copy of the invoice prepared by Lobel Weiland Golden Friedman LLP (formerly Weiland Golden LLP) for the period October 3, 2014 through January 30, 2017, is attached as Exhibit "2" to the concurrently filed Edgeworth Declaration.

## IV. KOI'S CONTRIBUTION TO THE BANKRUPTCY CASE

Koi, a petitioning creditor, has made a substantial contribution to the bankruptcy case. Koi conceived of bringing an involuntary chapter 7 petition against HFT and took the lead in convincing other creditors to join in the petition which was filed on May 9, 2014. On June 3, 2014, HFT filed its conditional consent to the order for relief and its motion to convert to chapter 11. The Court entered an order on June 4, 2014, converting the Bankruptcy Case to one under chapter 11.

Koi incurred necessary legal expenses in bringing the Motion and this Amended Motion. Koi believes the expenses requested are reasonable and that there are sufficient funds available to pay the requested expenses. *See* Edgeworth Declaration.

## V. CONCLUSION

**WHEREFORE**, Koi respectfully requests that the Court enter an order providing for the following relief:

1. Granting the Amended Motion;

2. Authorizing payment of the sums of $39,230.72 and $9,800.00 to Koi for administrative expenses pursuant to 11 U.S.C. §§ 503(b)(3)(A), 503(b)(3)(D) and 503(b)(4); and

3. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: January 31, 2017    LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /S/ BETH E. GASCHEN
BETH E. GASCHEN
Attorneys for Koi Systems Ltd.