Michael G. Kasolas
P.O. Box 26650
San Francisco, CA 94126
Telephone: (415) 504-1926
Email: trustee@kasolas.net

Trustee of the Hashfast Liquidating Trust

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM |
| x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>Debtor and Debtor in Possession. | Chapter 11<br><br>[No Hearing Required] |

**FIRST NOTICE OF INTENT TO PAY POST-CONFIRMATION PROFESSIONAL FEES AND EXPENSES OF BAKER & HOSTETLER LLP**

**TO ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Michael G. Kasolas (the "Trustee"), the duly appointed, qualified and acting trustee for the Hashfast Creditor Trust (the "Trust") established pursuant to the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (the "Plan") [Docket Entry 379], intends to pay Baker & Hostetler LLP (the "Firm" and/or "Baker"), general insolvency counsel for the Trust, the sum of $303,157.67 on account of fees and expenses incurred by the Firm in the course of its

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 1 of 20

representation of the Trust during the period of July 31, 2015 through and including January 6, 2017 (the "Notice").[1]

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section XV.A.4. of the Plan, any objection and request for a hearing regarding the fees and expenses described below must be filed no later than fourteen (14) days after the filing of this notice. If no objection and request for hearing is filed within the time allotted, the fees and expenses described below shall be deemed approved without further order of the above-referenced court. In the event a timely objection and request for hearing is filed, the Trustee shall set the matter for hearing on no less than fourteen (14) days' notice to any and all objecting parties and the Office of the United States Trustee.

In support of this Notice, the Trustee respectfully submits as follow:

## I. SUMMARY OF FEES AND EXPENSES

The Trustee intends to pay the Firm a total of $ 303,157.67 on account of fees and expenses incurred by the Firm during the period of July 31, 2015 through and including January 6, 2017 (the "Covered Period"). This sum is comprised of $ 274,328.50 in attorneys' fees[2] and $28,829.17 in expenses. The attorneys' fees relate to a total of 723.40 hours of services rendered to the Trust during the Covered Period. True and correct copies of the subject invoices are attached to the Declaration of Ashley M. McDow (the "McDow Decl.") as **Exhibit A** and incorporated herein by reference. The Trustee has reviewed the subject invoices and believes the services rendered by the Firm were necessary and appropriate and furthered the administration of the Trust – thereby benefitting the Trust and its creditors.

The Trustee has not made any prior distributions to the Firm on account of fees and expenses incurred during the Covered Period.

---

[1] The invoices appended hereto as Exhibit A are voluminous. Thus, in order to avoid any unnecessary expense, the Trust shall not serve copies of the invoices on all interested parties. If any interested party wishes to receive a copy of the invoices, they may submit a written request for the invoices to Michael T. Delaney via email addressed to mdelaney@bakerlaw.com and sgaeta@bakerlaw.com. Alternatively, copies of the invoices can be obtained from PACER.

[2] Prior to the submission of this Notice, the Firm voluntarily wrote-off or reduced billing entries for services rendered in the Covered Period in the amount of $14,630.00.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 2 of 20

## II. BACKGROUND

1. On or about May 9, 2014 (the "Petition Date"), certain petitioning creditors filed a chapter 7 Involuntary Petition against Hashfast Technologies LLC ("HFT") under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Docket Entry ("D.E.") 1. On or about June 3, 2014, HFT filed a Conditional Consent to an Order for Relief [D.E. 36] and Motion to Convert to Chapter 11 [D.E. 35]. On or about June 5, 2014, the Court entered an order converting the HFT bankruptcy case to one under chapter 11 of the Bankruptcy Code. D.E. 40.

2. On or about June 6, 2014, Hashfast LLC ("HF" and, together with HFT, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On or about July 9, 2014, the Court granted the Debtors' motion to jointly administer the HFT and HF bankruptcy cases (collectively, the "Bankruptcy Cases"). D.E. 12. On or about July 23, 2014, the Official Committee of Unsecured Creditors (the "Committee") filed a motion to substantively consolidate the Debtors' bankruptcy estates (collectively, the "Estates") [D.E. 148], which the Court granted by order entered on or about September 28, 2014 [D.E. 202].

3. On or about June 25, 2015, the Court entered the *Order Approving on a Final Basis and Confirming the Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015*—thereby confirming the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (the "Plan"). D.E. 387. The Plan became effective on July 31, 2015 (the "Plan Effective Date"). D.E. 390.

4. On the Plan Effective Date, the Trust came into existence under the control of the Trustee and all remaining assets of the Estates were transferred to the Trust. As more fully described in the Plan, the remaining assets of the Estates consisted primarily of potential claims and causes of action. Following the creation of the Trust, the Trustee retained the Firm as general insolvency counsel for the Trust. Thereafter, the Trust retained special counsel to pursue certain claims and causes of action. Special counsel was employed on a contingency fee basis.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 3 of 20

### A. Claim Objections

5. Following the Plan Effective Date, the Trustee and the Firm immediately undertook analyzing the claims against the Estates. This process entailed evaluating more than 300 proofs of claim as well as the basis for each scheduled claim against the Estates. Based on this exhaustive analysis, the Trustee concluded that many of the claims against the Estates suffered from one or more defects. Accordingly, on or about November 30, 2015, the Trustee filed objections to more than 100 claims through seven omnibus claim objections (collectively, the "Claim Objections"). *See* D.E. 403, 404, 405, 406, 407, 408, and 409.

6. Since filing the Claim Objections, the Trustee and the Firm have worked diligently to resolve the Claim Objections. The Firm elicited and evaluated voluminous additional documentation submitted by creditors and has negotiated multiple agreements to amicably resolve many of the Claim Objections. The Trust will likely conclude the adjudication of the Claim Objections in early 2017. In total, the Trust projects that the Claim Objections may reduce the total claims against the Estates by more than $21,000,000.00—thereby substantially increasing the funds available and *pro rata* distributions to holders of allowed claims.

### B. Avoidance Actions

7. Simultaneously with the evaluation of the claims against the Estates, the Trustee and the Firm analyzed potential avoidance actions. This process entailed reviewing voluminous financial and business records maintained by the Debtors relating to the four-year period immediately preceding the Petition Date. Based on this analysis, the Trustee concluded that certain parties received avoidable preferences from the Debtors. Accordingly, the Firm prepared and served demand letters on these parties, which resulted in the prompt resolution of many of these potential actions.

8. The Trustee was unable to amicably resolve several of the potential preferential actions; thus, on or about May 9, 2016, the Trust commenced multiple avoidance actions against the recipients of the preferential transfers (the "Avoidance Actions"). *See* D.E. 466-475, 499. With the assistance of the Firm, the Trustee has amicably resolved each of the Avoidance Actions and potential avoidance actions, with the exception of an action commenced against Sonic

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 4 of 20

Manufacturing (the "Sonic Adversary"), without the need for extensive litigation and, in total, has recovered in excess of $135,000.00 from recipients of preferential transfers.

9. In addition in the Avoidance Actions, prior to the Plan Effective Date, the Debtors commenced an adversary proceeding to recover certain fraudulent transfers to Marc Lowe (the "Lowe Adversary"). Following his appointment, the Trust continued the prosecution of the Low Adversary—initially through the Firm and, thereafter, through special litigation counsel. In the course of the Lowe Adversary, the Firm assisted special litigation counsel with certain aspects of the case, including marshalling potentially responsive documents in the course of discovery. Ultimately, the Trust was able to negotiate an amicable resolution of the Low Adversary that resulted in a recovery of $350,000 for the Trust.

### C. <u>Director and Officers Litigation</u>

Additionally, prior to the confirmation of the Plan, the Firm, in its capacity as counsel for the Committee, evaluated potential claims and causes of action against the former directors and officers of the Debtors for mismanagement of the Debtors prior to the commencement of the Bankruptcy Cases (the "D&O Claims"). With the assistance of the Firm, the Trustee continued analyzing the potential D&O Claims following confirmation of the Plan. Ultimately, the Trustee determined that the D&O Claims possessed sufficient merit to pursue. Accordingly, the Trustee retained special counsel to attempt to negotiate a resolution of the D&O Claims with the former directors and officers of the Debtors and their insurance carrier, the Scottsdale Insurance Company. After extensive negotiations, the Firm and special counsel participated in formal mediation with the former directors and officers of the Debtors and their insurance carrier in an effort to reach an amicable resolution of the D&O Claims. As a direct result of these efforts, the Trust was able to negotiate an amicable resolution of the D&O Claims that resulted in a recovery of $650,000 for the Trust.

## III. SUMMARY OF SERVICES RENDERED

Baker categorizes all billing entries for services rendered to the Trust into one of several categories, including, without limitation, the following: (1) Case Administration; (2) Asset Analysis and Recover; (3) Meeting and Communication with Creditors; (4) Fee - Employment

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 5 of 20

Application; (5) Avoidance Action Analysis; (6) Business Operation; (7) Financing – Cash Collections; (8) Claims Administration and Objections; (9) Plan and Disclosure Statement. Baker also utilizes a number of billing categories for litigation-related services, including: (1) Researching Laws; (2) Analysis/Strategy; (3) Experts/Consultants; (4) Pleadings; (5) Written Discovery; (6) Other Discovery; (7) Written Motions and Submissions; and (8) Trial and Hearing Attendance. Inevitably, certain time entries do not fit neatly into any one category, while other entries cross over into more than one category. Baker does its best to place time entries into categories that accurately reflect the work performed.

1. <u>Case Administration (B110)</u>

This category pertains to general services provided to the Trust in the course of the administration of the Trust. The services performed under this category include, without limitation, the following:

- Communications with the Trustee and other professionals regarding the administration of the Trust and its assets;
- Communications with the Trustee regarding the Claim Objections, the preference demand letters, and the avoidance actions, including, but not limited to, the Sonic Adversary and the Lowe Adversary;
- Communications regarding the D&O Claims;
- Reviewing and analyzing the Debtors' voluminous financial records as well as communications with the Trustee regarding the same;
- Analyzing the settlement prospects for the Avoidance Actions, the Claim Objections, and the D&O Claims;
- Communications regarding the initial disclosures and preparation of the discovery requests in the Avoidance Action(s);
- Communications regarding the tax issues relating to the administration of the Trust;
- Negotiating with opposing counsel and parties in an effort to resolve various issues and disputes; and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 6 of 20

- Communications regarding the valuation and disposition of the Trust's assets.

The total time billed to Case Administration (B110) is 14.30 hours for a total of $5,589.50 in fees.

2. Asset Analysis and Recovery (B120)

The services performed in this category generally relate to evaluating the assets and potential assets of the Trust and efforts to recover any assets for the benefit of the Trust and its beneficiaries. The work performed under this category includes, but is not limited to, the following:

- Analyzing the Trust's assets, including, but not limited to, the D&O Claims, the Avoidance Actions, and certain intellectual property rights;
- Communications with the Trustee and other professionals regarding the Trust's assets, including, without limitation, certain intellectual property rights as well as potential and pending litigation relating to, among other things, the D&O Claims;
- Reviewing, analyzing, and addressing various issues regarding the potential fraudulent transfer and avoidance actions;
- Reviewing and analyzing voluminous documents and identifying potential bases for claims and causes of action, including, but not limited to, breach of contract and avoidance actions;
- Reviewing and analyzing voluminous documents relating to the D&O policy and potential claims against the former directors and officers of the Debtors, including the D&O Claims;
- Reviewing and analyzing of the preference payments; and
- Communications with the Debtors and professionals for the Estates regarding the transition of the Debtors' assets to the Trust in accordance with the terms of the Plan and trust agreement.

The total time billed to Asset Analysis and Recovery (B120) is 35.30 hours for a total of $15,732.50 in fees.

3. Meeting and Communication with Creditors (B150)

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 7 of 20

During the Covered Period, the Firm responded to various inquiries from creditors regarding a wide range of issues, including, without limitation, the following:

- Status of the Bankruptcy Cases, the administration of the Trust and various pleadings filed in the Bankruptcy Cases;
- The creation of the Trust, the appointment of the Trustee, and the terms of the Trust agreement;
- Efforts to settle and attempt to resolve various claims and disputes with the creditors of the Trust;
- Status of various proceedings and the results of hearings in the Bankruptcy Cases;
- Status of the potential fraudulent transfer and avoidance actions;
- The retention of professionals for the Trust;
- Potential litigation against the Debtors' directors and/or officers pursuant to D&O policy;
- The Trust's obligations under the Plan;
- Status of payments to creditors under the Plan; and
- The treatment of creditors' claims as well as the fees and expenses related to the administration of the Trust under the Trust agreement and Plan.

The total time billed to Meeting and Communication with Creditors (B150) is 6.20 hours for a total of $2,448.50.00 in fees.

4. Fee-Employment Application (B160)

The services performed in this category generally relate to the employment of professionals for the Trust and payment of the fees and expenses incurred by these professionals. The work performed under these categories further includes, but is not limited to, the following:

- Reviewing and analyzing the issues regarding the employment of Baker as the general insolvency counsel for the Trust;
- Reviewing and preparing the application to employ Baker as the general insolvency counsel for the Trust;
- Analyzing the issues related to the compensation of Davis Wright Tremaine LLP;

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 8 of 20

- Analyzing the issues and communications related to the application to employ Duane Morris LLP as special litigation counsel for the Trust to prosecute the Lowe Adversary;
- Analyzing and addressing issues and concerns related to the Notice;
- Reviewing and analyzing invoices in support of the Notice in order to ensure time entries contained therein are appropriate;
- Drafting the Notice as well as the pleadings and declaration(s) in support of the Notice; and
- Reviewing and analyzing the manner by which to appropriately respond to the concerns regarding the administrative claims of Province, Inc.

The total time billed to Fee-Employment Application (B160) is 29.30 hours for a total of $13,947.50 in fees.

5. Avoidance Action Analysis (B180)/Other Contested Matters (B190)

The services performed in this category generally relate to the analysis and prosecution of the Avoidance Actions. The work performed under these categories includes, but is not limited to, the following:

- Researching and analyzing issues relating to the Avoidance Actions;
- Communications relating to the potential preferential payments and related claims and the prosecution and settlement of the Avoidance Actions ;
- Reviewing and analyzing the Debtors' schedules, statement of financial affairs, and other financial and operational documents in order to identify potential preferential and fraudulent transfers;
- Drafting demand letters and preparing supporting documents in an effort to recover the potential preferential and fraudulent transfers;
- Reviewing and analyzing of the Debtors' financial and operational records in preparation of the preference demand letters;
- Reviewing voluminous documents in preparation of the complaints filed in the Avoidance Actions;

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 9 of 20

- Communications relating to the strategy for prosecuting and the potential for resolving the Avoidance Actions;
- Communications with the Trustee regarding the preference demand letters and the related analyses;
- Reviewing and analyzing the responses to the preference demand letters;
- Reviewing and analyzing the potential and asserted defenses to the preference demand letters and complaints filed in the Avoidance Actions;
- Reviewing and analyzing issues related to discovery in the Avoidance Actions;
- Preparing discovery requests for the Avoidance Actions;
- Reviewing responses to the discovery requests propounded in the Avoidance Actions;
- Analyzing issues related to service of foreign defendants under the Hague convention;
- Analyzing the potential value of the preferential and fraudulent transfer claims, including, without limitation, the Avoidance Actions, the Lowe Adversary, and the Sonic Adversary;
- Communications with special litigation counsel relating to the complaint and the prosecution of the Lowe Adversary; and
- Drafting the complaints and other related documents and pleadings in the course of the Avoidance Actions.

The total time billed to Avoidance Action Analysis (B180) is 142.50 hours for a total of $50,452.00 in fees. The total time billed to Other Contested Matters (B190) is 23.00 hours for a total of $8,607.00 in fees.

6. Business Operation (B210)

The services performed in this category generally relate to the general operations of the Trust. The work performed under this category includes, but is not limited to, the following:

- Analyzing issues relating to the transition of the Debtors' assets to the Trust;
- Communications with the Trustee regarding the assets of the Trust and resolution

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 10 of 20

of multiple issues relating to the administration of the Trust;

- Developing strategies for resolving the Claim Objections, the Avoidance Actions, and the D&O Claims;
- Communications related to post-confirmation operations of the Trust;
- Communications and negotiations with Guido Ochoa regarding the amendment to his pre-petition purchase agreement and payment under the amended purchase agreement; and
- Communications pertaining to tax related issues arising from the administration of the Trust.

The total time billed to Business Operations (B210) is 14.90 hours for a total of $6,600.00 in fees.

7. Claims Administration and Objections (B310)

The services performed in this category generally relate to the Claim Objections and efforts to resolve the Claim Objections and other issues pertaining to the treatment and payment of creditors. The work performed under this category includes, but is not limited to, the following:

- Reviewing and analyzing of proofs of claims and preparing detailed summaries regarding the proofs of claim and the issues relating to the same, including any defects forming the bases for objecting to claims;
- Communications with creditors regarding the Claim Objections, the bases for the Claim Objections, and the manner in which to resolve the same;
- Drafting hundreds of Claim Objections;
- Drafting the Omnibus Motions in support of the Claim Objections;
- Communications with the Trustee and other professionals relating to the Claim Objections;
- Reviewing and analyzing responses to the Claim Objections;
- Drafting stipulations and orders thereon relating to the prosecution and resolution of the Claim Objections;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 11 of 20

- Reviewing and analyzing evidence filed in support of the responses to the Claim Objections;
- Preparing of a detailed analyses of the Claim Objections, the responses thereto, and the evidence proffered in support of the same;
- Communications with the Trustee and other professionals regarding the potential resolution of the Claim Objections;
- Drafting status reports and proposed orders relating to the Claim Objections;
- Reviewing and analyzing the administrative claims against the Estates and the Trust;
- Communications relating to the administrative claims against the Estates and Trust and the resolution of disputes pertaining to the same;
- Drafting the settlement agreements and related pleadings pertaining to the Claim Objections;
- Reviewing and analyzing the validity of priority claims asserted under to 11 U.S.C. 507(a)(7);
- Communications with creditors regarding the payment of their claim(s); and
- Reviewing and analyzing potential tax claims against the Trust.

The total time billed to Claims Administration and Objections (B310) is 255.00 hours for a total of $86,694.00 in fees.

8. <u>Researching Laws (C200)/ Analysis / Strategy (L120)/ Expert/Consultants (L130)</u>

The services performed in this category generally relate to research of legal and factual issues arising from the administration of the Trust and the development of strategies for the administration of the Trust. The work performed under these categories includes, but is not limited to, the following:

- Reviewing and analyzing the Trust's assets and advising the Trustee on the issues implicated in the administration of the Trust;
- Analyzing various issues relating to the Claim Objections, the D&O Claims, and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 12 of 20

the Avoidance Actions, and advising the Trustee regarding the same;

- Researching and developing strategies regarding the prosecution and potential resolution of the Claim Objections, the D&O Claims, and the Avoidance Actions;
- Researching the procedure for commencing and prosecuting avoidance actions against foreign entities, including, without limitation, service under the Hague Convention;
- Researching various issues relating to the D&O Claims, including the bases for director and officer liability under California law;
- Reviewing and analyzing various issues relating to the potential fraudulent and preferential transfers, including numerous issues implicated in the Avoidance Actions;
- Communications relating to the D&O policy and demand letter relating to the D&O policy; and
- Communications relating to the status of the avoidance actions and the demand letters for the recovery of preferential payments.

The total time billed to Researching Laws (C200) is 11.80 hours for a total of $3,513.00 in fees. The total time billed to Analysis/Strategy (L120) is 6.90 hours for a total of $2,355.00 in fees. The total time billed to Experts/ Consultants (L130) is 5.70 hours for a total of $2,668.50 in fees.

9. Settlement/Nonbinding ADR (L160)

The services performed in this category generally relate to efforts to settle disputes involving the Trust through settlement negotiations and/or mediation. The work performed under these categories includes, but is not limited to, the following:

- Analyzing the proofs of claims filed against the Estates in preparation for settlement discussions and the negotiation of settlement agreements;
- Reviewing, analyzing, and addressing various issues relating to the resolution of the Claim Objections, the Avoidance Actions, and the D&O Claims;
- Analyzing various issues and preparing for settlement negotiations with Simon

Barber, Marc Lowe, Guido Ochoa, and other creditors;

- Performing various tasks in an effort to resolve the disputes with Simon Barber, Marc Lowe, Guido Ochoa, and other creditors of the Estates;
- Communications related to the settlement agreement with Simon Barber;
- Communications related to the settlement agreement with Marc Lowe;
- Investigating and analyzing the various issues surrounding settlements with Hypertechnologies Ciara, Inc. ("Ciara"), Hessenflow, Uniquify, Scottsdale Insurance and Digikey;
- Investigating and analyzing the various issues surrounding the D&O Claims;
- Communications related to the various issues surrounding the D&O Claims, and the manner in which to proceed in the course of settlement discussions in light of the same;
- Communications related to mediation of the D&O Claims;
- Preparing and analyzing various salient issues in preparation for the mediation of the D&O Claims and communications with the Trustee relating to the same;
- Drafting the agreements for the settlements with Digikey, Ciera, Uniquify, Hessenflow, Scottsdale Insurance and UPS;
- Drafting pleadings seeking Court approval of multiple settlement agreements;
- Drafting the settlement agreement for the D&O Claims and related motion to approve the same;
- Researching and developing strategies to resolve the disputes with Simon Barber and Marc Lowe; and
- Preparing various pleadings, status reports, and stipulations relating to the administration of the Trust and prosecution of the adversary proceedings in light of the ongoing settlement discussions.

The total time billed to Settlement/Nonbinding ADR (L160) is 108.10 hours for a total of $48,805.00 in fees.

10. <u>Pleadings (L210)/ Dispositive Motions (L240)/Written Motions and</u>

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 14 of 20

Submissions (L430)

The services performed in this category generally relate to the preparation of pleadings filed in the Bankruptcy Cases and documents and declarations filed in support thereof. The work performed under these categories includes, but is not limited to, the following:

- Drafting the compromise motion(s) for the D&O Claims and various other settlement agreements and the related pleadings;
- Drafting various adversary complaints;
- Identifying potential claims and causes of actions to be included in the adversary complaints;
- Preparing post-confirmation status reports;
- Drafting status reports in various adversary proceedings, including the Avoidance Actions;
- Drafting the motion to set administrative claim bar date;
- Reviewing and analyzing responsive pleadings to the adversary complaints; and
- Drafting various stipulations and orders related to the administration of the Trust and prosecution of the adversary proceedings.

The total time billed to Pleadings (L210) is 53.90 hours for a total of $20,133.00 in fees. The total time billed to Dispositive Motions (L240) is 2.10 hours for a total of $999.00 in fees. The total time billed to Written Motions and Submissions (L430) is 0.90 hours for a total of $487.00 in fees.

11. Written Discovery (L310)/ Document Production (L320)/ Deposition (L330)

The services performed in this category generally relate to discovery in the adversary proceedings and contested matters arising out of the Bankruptcy Cases and administration of the Trust. The work performed under these categories includes, but is not limited to, the following:

- Communications with the Trustee and professionals in order to develop strategies for the discovery;
- Drafting discovery requests for multiple adversary proceedings;

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 15 of 20

- Communications with opposing counsel and/or the defendants in the adversary proceedings regarding discovery-related issues and discovery requests;
- Reviewing, preparing, and analyzing documents obtained from the defendants in the course of discovery in the Avoidance Actions;
- Reviewing, preparing, and analyzing issues related to the examinations of the defendants in the adversary proceedings;
- Reviewing, summarizing and analyzing the documents and information obtained in response to the discovery requests; and
- Drafting various stipulations relating to discovery and outstanding discovery disputes, including stipulations continuing dates and deadline(s) to produce the discovery responses.

The total time billed to Written Discovery (L310) is 2.70 hours for a total of $1,029.50 in fees. The total time billed to Document Production (L320) is 4.90 hours for a total of $2,008.00 in fees. The total time billed to Deposition (L330) is 0.10 hours for a total of $55.00 in fees.

12. Trial and Hearing Attendance (L450)

The work performed under this category includes, but is not limited to, preparation for, travel to and attending hearings and status conferences in the Bankruptcy Cases and the related adversary proceedings.

The total time billed to Trial and Hearing Attendance (L450) is 6.80 hours for a total of $2,913.50 in fees.

**B. Detailed Listing of Expenses by Category**

A true and correct copy of a listing of all expenses incurred by Baker during the Covered Period is attached to the McDow Decl. as **Exhibit A** and incorporated herein by reference.[3] These expenses include costs Baker incurred for photocopying, online research, delivery services and mailing, travel, court fees, trial transcripts, and services of other professionals.

Baker generally handles regular and routine photocopying in-house, for which Baker charges clients $0.10 per page. Whenever feasible, Baker sends large copying projects to outside

[3] The expense report is included at the end of the invoice.

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 16 of 20

copy services that charge bulk rates for photocopying. In such instances, Baker charges clients the same amount that it pays the outside service.

All expenses for outside services, such as photocopying services, messenger and express mail services, postage and research services (Lexis and/or Westlaw), for which Baker requests reimbursement are the actual expenses or less than the actual expenses incurred by Baker for such services. Baker does not seek any additional amounts or profits with respect thereto.

## IV. PROFESSIONALS AND PARAPROFESSIONALS

Baker is comprised, in part, of attorneys who specialize and practice in (among other areas) bankruptcy law, corporate and securities law, tax law, and business litigation, and is well qualified to represent the Trustee as a general insolvency counsel for the Trust. A list of all the attorneys and paraprofessionals that rendered service on behalf of the Trust and the Trustee, along with the applicable billing rate(s) and the amount of time spent by the attorneys and paraprofessionals during the Covered Period, is detailed in the attached invoice. A summary sheet for the invoices, including the aggregate time billed at specified rate for each professional and paraprofessional who provided compensable services during the Covered Period, is attached to the McDow Decl. as **Exhibit B** and incorporated herein by reference.

## V. AVAILABLE FUNDS

As of January 3, 2017, the Liquidating Trustee had $401,423.53 in cash on hand. In addition, the Trustee calculates that the Trust will receive approximately $ 430,000.00 (net of attorney's fees and costs to special counsel) as a result of the recent settlement of the D&O Claims. The payment related to the settlement of the D&O Claims is due on or before February 17, 2017.

Dated: February 7, 2017

Respectfully submitted,

By: [signature]
Michael G. Kasolas, Trustee of the Hashfast Liquidating Trust

## DECLARATION OF ASHLEY M. MCDOW

I, Ashley M. McDow, hereby declare:

1. I am a partner with the law firm of Baker & Hostetler, LLP, counsel for Michael G. Kasolas (the "Trustee"), the duly appointed, qualified and acting trustee for the Hashfast Creditor Trust (the "Trust") established pursuant to the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015*. I make this declaration in support of the *First Notice of Intent to Pay Post-Confirmation Professional Fees and Expenses of Baker & Hostetler LLP* (the "Notice"). Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Notice.

2. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

3. I am the attorney with the Firm primarily responsible for the representation of the Trust. In this capacity, I carefully reviewed each of the monthly bills and carefully evaluated each and every billing entry. True and correct copies of the invoices for the Covered Period are attached hereto as **Exhibit A**. In the course of reviewing the invoices, I reduced the fees sought for services rendered to the Trust during the Covered Period by approximately $14,630.00.

4. As a partner with Baker, I am familiar with the manner in which billing entries are entered by attorneys and paraprofessionals. I am also familiar with the manner in which such records are maintained. The invoices attached hereto as **Exhibit A** were created and maintained in the ordinary course of Baker' business.

5. The Firm is seeking payment of $303,157.67 on account of fees and expenses incurred by the Firm during the Covered Period. This sum is comprised of $ 274,328.50 in attorneys' fees and $ 28,829.17 in expenses. The attorneys' fees relate to a total of 723.40 hours of services rendered to the Trust during the Covered Period.

6. I have personally read and reviewed the information contained in the Notice, and believe its contents to be true and correct to the best of my knowledge, information and belief.

7. Baker has not been paid or promised any compensation from any other source for the services rendered on behalf of the Trust and/or the Trustee.

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 18 of 20

8. Save and except for the profit sharing provisions of the Baker partnership agreement, Baker has not entered into any agreement or understanding to share any of the compensation received or to be received for services rendered and/or to be rendered on behalf of the Trust and/or the Trustee with any individual or entity.

9. The Firm has not entered into any agreement, written or oral, express or implied, with any other party-in-interest or any attorney for any party-in-interest in the Bankruptcy Cases for the purpose of fixing the amount of any fee or compensation to be paid from the assets of the Estates.

10. The Firm shall not divide or distribute any compensation or reimbursement received pursuant to this Notice in a manner that violates the Bankruptcy Code or Trust agreement.

11. The compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by Baker to non-bankruptcy clients of Baker and generally accepted by such clients. I believe Baker's rates comport with generally accepted market rates for law firms of similar size and expertise charge clients for their services.

12. The Trustee has not made any prior distributions to the Firm on account of fees and expenses incurred during the Covered Period.

13. Baker has not received a retainer on this matter.

14. Baker generally handles regular and routine photocopying in-house, for which Baker charges clients $0.10 per page. Whenever feasible, Baker sends large copying projects to outside copy services that charge bulk rates for photocopying. In such instances, Baker charges clients the same amount that it pays the outside service. All expenses for outside services, such as photocopying services, messenger and express mail services, postage and research services (Lexis and/or Westlaw), for which Baker requests reimbursement are the actual expenses or less than the actual expenses incurred by Baker for such services. Baker does not seek any additional amounts or profits with respect thereto.

15. All expenses that Baker advanced on behalf of the Committee were necessary and are properly charged as administrative expenses of the estate.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 19 of 20

16. Baker is comprised of attorneys who specialize and practice in, among other areas, bankruptcy law, corporate and securities law, tax law, and business litigation, and is well qualified to represent the Trust as counsel. The invoices contain a list of all the attorneys and paraprofessionals that rendered service in relation to the Bankruptcy Cases, along with their respective billing rates and the amount of time billed by each during the Covered Period. A summary sheet for the invoices, including the aggregate time billed at specified rate for each professional and paraprofessional who provided compensable services during the Covered Period, is attached to the McDow Decl. as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___ day of February 2017, at Los Angeles, California.

Ashley M. McDow

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 14-30725 Doc# 533 Filed: 02/07/17 Entered: 02/07/17 17:26:45 Page 20 of 20