Ashley M. McDow (245114)
Fahim Farivar (252153)
**FOLEY & LARDNER LLP**
555 South Flower Street, Ste. 3300
Los Angeles, CA 90071-2411
Telephone:   213.972.4500
Facsimile:    213.486.0065
Email:    amcdow@foley.com
              ffarivar@foley.com

Attorneys for MICHAEL G. KASOLAS, Liquidating Trustee of the Hashfast Creditor Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x  Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>**NOTICE OF LODGING ORDER RELIEVING THE TRUSTEE OF HIS DUTIES, RESPONSIBILITIES AND POWERS PURSUANT TO THE TRUST AND CLOSING THE BANKRUPTCY CASES** |

- 1 -

Michael G. Kasolas (the "Trustee"), the duly appointed, qualified and acting liquidating trustee for the Hashfast Creditor Trust hereby lodges the attached proposed Order on his *Second Amended Second Notice of Intent to Pay Certain Post-Confirmation Professional Fees and Expenses and to Close Case* (Docket Entry 567).

Dated: November 26, 2018

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Ashley M. McDow*
Ashley M. McDow
Fahim Farivar

Attorneys for MICHAEL G. KASOLAS, Liquidating Trustee of the Hashfast Creditor Trust

- 2 -

# EXHIBIT A

Case: 14-30725   Doc# 569   Filed: 11/26/18   Entered: 11/26/18 16:25:58   Page 3 of 6

Ashley M. McDow (245114)
Fahim Farivar (252153)
**FOLEY & LARDNER LLP**
555 South Flower Street, Ste. 3300
Los Angeles, CA 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com
ffarivar@foley.com

Attorneys for Plaintiff MICHAEL G. KASOLAS,
Liquidating Trustee of the Hashfast Creditor Trust

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES, LLC, a California limited liability company,<br><br>    Debtor and Debtor in Possession.<br><br>x Affects HASHFAST LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 14-30725 DM<br><br>Jointly Administered and Substantively Consolidated with:<br><br>Case No.: 14-30866 DM<br><br>Chapter 11<br><br>**ORDER RELIEVING THE TRUSTEE OF HIS DUTIES, RESPONSIBILITIES AND POWERS PURSUANT TO THE TRUST AND CLOSING THE BANKRUPTCY CASES**<br><br>[No Hearing Required] |

Having reviewed the *Second Amended Second Notice of Intent to Pay Certain Post-Confirmation Professional Fees and Expenses and to Close Case* (the "Notice") (Docket Entry 567), filed by Michael G. Kasolas (the "Trustee"), the duly appointed, qualified and acting liquidating trustee for the Hashfast Creditor Trust (the "Trust") established pursuant to the *Consolidated Plan of Liquidation and Disclosure Statement for Hashfast Technologies, LLC, and Hashfast, LLC, Dated June 4, 2015* (the "Plan") [Docket Entry 379], in the above-captioned bankruptcy cases of Hashfast Technologies, LLC, and Hashfast, LLC (collectively, the

- 1 -

"Debtors") (collectively, the "Bankruptcy Cases"), upon consideration of all pleadings related thereto, the entire record of the Bankruptcy Cases and good cause appearing, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Bankruptcy Cases are hereby closed;

2. The Trustee has paid any and all obligations to the United States Trustee in the Bankruptcy Cases;

3. The duties, responsibilities, and obligations of the Trustee, including those identified in the Plan and the Trust, have been fully performed, and grounds exist for the Trust to be terminated;

4. The Trustee has managed, preserved, protected, maintained, sold, and to the extent possible, has liquidated the Trust's assets in a reasonable, prudent, diligent, and efficient manner, and has distributed such assets and/or the funds obtained therefrom in their entirety in accordance with the terms of the Plan and the Trust;

5. The fees and expenses of the Trustee and his professionals as outlined in the Notice (the "Professionals"), were reasonable, necessary, and for the benefit of the Trust and its beneficiaries, the amounts of fees and expenses incurred by the Professionals were reasonable based on the extent, nature, and value of the services rendered, and the cost of comparable services, and the fees and expenses of the Trustee and the Professionals were reasonable and appropriate for customary trusteeship and bankruptcy services, as applicable.

6. The Trustee and the Professionals are hereby released and absolved from any and all claims arising from the performance of their official duties or the administration of the Bankruptcy Cases and/or the Trust, pursuant to the terms of the Plan and the Trust;

7. Except as expressly requested through and identified therein, the payment of the fees and reimbursement of expenses paid to the Trustee and any and all persons and entities engaged or employed by the Trustee, including the prior fees and expenses of the Trustee and the Professionals previously approved by the Bankruptcy Court and/or by the procedures set forth in the Plan, are approved and ratified in their entirety, and such fees and expenses are reasonable and appropriate;

- 2 -

8. The Trustee is hereby discharged of all duties, responsibilities, and obligations in connection with his administration of the Plan and/or the Trust, as applicable;

9. The Trustee and all persons and entities engaged or employed by the Trustee, his agents, employees, independent contractors, attorneys and representatives, shall forever be discharged, released from any and all claims and liabilities arising out of and/or pertaining to the Plan, the Trust, and the Bankruptcy Cases, and relieved of all duties and responsibilities pertaining to the Plan, the Trust, and the Bankruptcy Cases;

10. The Trust is hereby terminated effective as of entry of this order (the "Order"); and

11. The Trustee is authorized to destroy and/or abandon any remaining records of the Debtors and the Trust in the Trustee's possession, unless custody of such records is requested and obtained by any interested party within thirty (30) days after the entry of this Order.

IT IS SO ORDERED.

- 3 -